# UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: GOOGLE INC. COOKIE PLACEMENT
CONSUMER PRIVACY LITIGATION                                   MDL No. 2358

## TRANSFER ORDER

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, common defendant Google Inc. (Google) moves to centralize this litigation in the Northern District of California. This litigation currently consists of eight actions pending in eight districts, as listed on Schedule A.[1]

No party opposes centralization. Plaintiff in the Northern District of California *Villegas* action and defendant in that action, PointRoll, Inc. (PointRoll), support Google's motion in its entirety, and the remaining responding plaintiffs in various actions or potential tag-along actions suggest selection of one of the following districts to serve as the transferee forum: the District of Delaware, the Southern District of Florida, the Northern District of Illinois.

On the basis of the papers filed and hearing session held, we find that these eight actions involve common questions of fact, and that centralization in the District of Delaware will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions are putative nationwide class actions against Google that center around Google's allegedly improper placement of cookies on web browsers. Specifically, the actions share factual allegations that Google (and, in the Northern District of California action, defendant PointRoll) surreptitiously circumvented the privacy settings on the Safari or Internet Explorer browsers of plaintiffs to place tracking cookies on the users' computing devices. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

We are persuaded that the District of Delaware is an appropriate transferee district for this litigation. Several plaintiffs support centralization in this district. Common defendant Google is a Delaware corporation, and defendant PointRoll is headquartered in King of Prussia, Pennsylvania. The other two companies reportedly implicated in this controversy – Vibrant Media and Media Innovation Group – are both based in New York City and numerous other parties or witnesses may be found near this district. By assigning this litigation to Judge Sue L. Robinson, we are selecting

---

[*] Judge Kathryn H. Vratil did not participate in the decision of this matter.

[1] The Panel has been notified of twelve potentially related actions filed in various districts. These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

-2-

a jurist experienced in complex multidistrict litigation to steer this matter on a prudent course.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Delaware are transferred to the District of Delaware and, with the consent of that court, assigned to the Honorable Sue L. Robinson for coordinated or consolidated pretrial proceedings with the action pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

W. Royal Furgeson, Jr.          Barbara S. Jones
Paul J. Barbadoro               Marjorie O. Rendell
Charles R. Breyer

IN RE: GOOGLE INC. COOKIE PLACEMENT
CONSUMER PRIVACY LITIGATION  MDL No. 2358

## SCHEDULE A

<u>Northern District of California</u>

Lourdes Villegas v. Google, Inc., et al., C.A. No. 5:12-00915

<u>District of Delaware</u>

Matthew Soble v. Google, Inc., C.A. No. 1:12-00200

<u>Southern District of Florida</u>

Keile Allen v. Google, Inc., C.A. No. 1:12-20842

<u>Northern District of Illinois</u>

Karin Kreisman v. Google, Inc., C.A. No. 1:12-01470

<u>District of Kansas</u>

James Henry Rischar v. Google, Inc., et al., C.A. No. 2:12-02100

<u>Northern District of Mississippi</u>

Alex Movitz v. Google, Inc., C.A. No. 3:12-00023

<u>Western District of Missouri</u>

Brian R. Martorana v. Google, Inc., C.A. No. 2:12-00222

<u>District of New Jersey</u>

Ana Yngelmo v. Google, Inc., C.A. No. 2:12-00983