## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE GOOGLE INC. COOKIE PLACEMENT CONSUMER PRIVACY LITIGATION<br><br>This Document Relates To:<br>**All Actions** | C.A. No. 12-MD-02358 (SLR) |
| NOBLES v. GOOGLE INC. and POINTROLL, INC. | C.A. No. 12-CV-01000 (SLR) |
| DOGGA and BERMUDEZ v. GOOGLE INC. | C.A. No. 12-CV-01003 (SLR) |

### [PROPOSED] ORDER GRANTING CONSOLIDATION PURSUANT TO FED. R. CIV. P. 42(a) AND APPOINTMENT OF INTERIM CLASS COUNSEL PURSUANT TO FED. R. CIV. P. 23(g)

**WHEREAS**, on June 12, 2012, the United States Judicial Panel on Multidistrict Litigation ("JPML") issued an order pursuant to 28 U.S.C. § 1401 transferring *In re Google Inc. Cookie Placement Consumer Privacy Litig.* (hereinafter the "MDL") and associated actions to this Court, finding that these actions involve common questions of fact and that centralization in this Court will eliminate duplicative discovery, prevent inconsistent pretrial rulings, including with respect to class certification, and conserve the resources of the parties, their counsel, and the judiciary; and

**WHEREAS**, on July 27, 2012, pursuant to a stipulation among counsel, this Court consolidated 22 of the associated actions with the MDL for all pretrial purposes, *see* MDL D.I. 22; and

**WHEREAS**, two additional actions were transferred to this Court by the JPML and were not included in the July 27, 2012 stipulation, *see Dogga and Bermudez v. Google Inc.*, C.A. No.

3:12-cv-01046 (D. Conn.) (MDL D.I. 20) and *Nobles v. Google, Inc. and Pointroll, Inc.*, C.A. No. 12-cv-03589 (N.D. Cal.) (MDL D.I. 23); and

**WHEREAS**, in the July 27, 2012 stipulation, Plaintiffs in the 22 associated actions represented that they anticipated filing a joint proposal for the Court's appointment of Lead Counsel, but in the event Plaintiffs' counsel could not reach agreement on an organizational structure, Plaintiffs would file motions and other papers as appropriate, *see* MDL D.I. 22, ¶ 12; and

**WHEREAS**, on August 28, 2012, plaintiffs in 17 of the associated actions (the "Moving Plaintiffs") moved for the appointment of Interim Co-Lead Counsel and Interim Liaison Counsel and for the consolidation of *Dogga* and *Nobles* with the MDL for all pretrial purposes pursuant to Fed. R. Civ. P. 42(a) and consistent with paragraph 11 the stipulation of July 27, 2012; and

**WHEREAS**, the appointment of Interim Co-Lead Counsel and Liaison Counsel is appropriate and consistent with Fed. R. Civ. P. 23(g) and the *Manual for Complex Litigation* (4th ed. 2008);

 **IT IS NOW HEREBY ORDERED THAT:**

1. The Motion of Moving Plaintiffs is GRANTED.

2. *Dogga and Bermudez v. Google Inc.,* C.A. No. 12-cv-01000 (SLR) and *Nobles v. Google, Inc. and Pointroll, Inc.*, C.A. No. 12-cv-01003 (SLR) are hereby consolidated with the MDL for all pretrial purposes.

3. The Court appoints Interim Co-Lead Counsel as follows:

    (a) An Executive Committee consisting of:

        (i) Keefe Bartels, LLC;

        (ii) Bartimus, Frickleton, Robertson & Gorny, P.C.; and

    (iii)  Strange & Carpenter.

  (b)  A Plaintiffs' Steering Committee consisting of:

    (i)  David Straite, of the firm Stewarts Law US LLP;

    (ii)  Jonathan Shub, of the firm Seeger Weiss LLP;

    (iii)  Barry Eichen, of the firm Eichen, Crutchlow, Zaslow & McElroy, LLP;

    (iv)  William "Billy" Murphy, of the firm Murphy, P.A.;

    (v)  Mark Bryant, of the firm The Bryant Law Center, PSC;

    (vi)  Jay Barnes, of the firm Barnes & Associates.

5.  The Court also appoints Stewarts Law US LLP, through its Wilmington, Delaware office, as Interim Liaison Counsel for the Class.

6.  Interim Co-Lead Counsel shall be charged with the duties outlined in paragraphs 13-17 of the July 27, 2012 Stipulation. *See* MDL D.I. 22.

7.  Interim Liaison Counsel shall be charged with "communications between the Court and other counsel (including receiving and distributing notices, orders, motions, and briefs on behalf of the group), conveying meetings of counsel, advising parties of developments, and otherwise assisting in the coordination of activities and positions." *Manual for Complex Litigation* (Fourth) § 10.221 (2005).

8.  Not later than two days prior to the In-Person Status and Scheduling Conference (currently scheduled for Wednesday, October 24, 2012), Interim Co-Lead Counsel shall ECF-file a consolidated class action complaint, which shall be the operative complaint and shall supersede all other complaints filed in any of the actions consolidated in the MDL. The parties' Rule 26(f) duty to meet and confer and to submit a discovery schedule pursuant to paragraph 3 of this

Court's Order of July 3, 2012 [D.I. 10] shall include a briefing schedule in the event Defendants wish to move for dismissal of the consolidated complaint.

9. All early disclosure requirements under Fed. R. Civ. P. 26(a) and paragraph 2 of this Court's Order of July 3, 2012 [D.I. 10] are hereby suspended until Lead Counsel serves the consolidated class action complaint and the parties thereafter meet and confer pursuant to Rule 26(f).

Dated: _____, 2012
Wilmington, Delaware

_____
HON. SUE L. ROBINSON
UNITED STATES DISTRICT JUDGE