# EXHIBIT C

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                  CIVIL ACTION NO. 06-5774-SRC-MAS


INTERNATIONAL BROTHERHOOD              MOTIONS
OF TEAMSTERS LOCAL NO. 331
HEALTH & WELFARE TRUST FUND,
Individually and on behalf
of those similarly situated,


           Plaintiffs,

     vs.

SCHERING PLOUGH CORPORATION,

           Defendants.
_____
                              October 9, 2008
                              Newark, New Jersey



 B E F O R E:   HONORABLE STANLEY R. CHESLER, USDJ



Pursuant to Section 753 Title 28 United States Code, the
following transcript is certified to be an accurate record
as taken stenographically in the above-entitled
proceedings.


_____
JACQUELINE KASHMER
Official Court Reporter



                    JACQUELINE KASHMER, C.S.R.
                       OFFICIAL COURT REPORTER
                            P. O. Box 12
                        Pittstown, NJ 08867
                          (908) 229-6496
```

1  there was this over promotion, they were damaged.  What
2  they're saying is there was a misrepresentation.
3       Now, your Honor's -- and that's what our case is.
4  There were misrepresentations.  Now, your Honor says, wait.
5  As I understand your Honor, what you're saying is it's
6  off-label promotion, that's not a misrepresentation.
7       Well, your Honor, for two reasons I believe it is,
8  specifically in the confines of our case.  Number one, it
9  is a fraud because the defendants are not supposed to be
10 doing it, and to quote a 1933 case, I believe it was
11 Frank," The ingenuity of man in creating different
12 contrivances for fraud is unlimited."
13      So, by driving these drugs into a much wider span of
14 patients, a much bigger patient pool, they jump up the
15 number of prescriptions and we end up paying for a lot of
16 prescriptions we would not otherwise have paid for.  But
17 more directly, in a way that takes care of any of the
18 Court's problems through the hypothetical is that they
19 marketed these drugs, as we allege specifically, for
20 purposes where other drugs were cheaper and more
21 efficacious, and they knew it.  Their own marketing
22 documents say that, we know this but market it anyway
23 because we're going to take a drug that if legitimately
24 prescribed, Temodar or Intron I should say, would be $25
25 million in revenue a year, because there's only two- to

1    3,000 legitimate patients for it and we're going to drive
2    that to $318 million.  Now, your Honor, they don't get
3    there by accident.
4         THE COURT:  Okay.  Now I will tell you, you're very
5    good but mixing theory A with theory B is not going to get
6    you there.  Theory B is that they have, in fact, engaged in
7    misrepresentations.  That the misrepresentations were done
8    in connection with off-label promotion doesn't change the
9    fact that you are charging misrepresentations.
10        So, let me move on to the next question which I have
11   for you, which is, are you asserting that the conduct of
12   the defendants in this case, whether through
13   misrepresentation, through bribery or offering
14   blandishments to doctors to prescribe particular drugs,
15   through failing to disclose that their product is no more
16   efficacious than approved products, drove the market price
17   for those products higher than it otherwise would have been
18   and that, therefore, you are entitled to recover the
19   difference between the price which you paid for those
20   products and the price which those products would have sold
21   for if they had not been promoted by fraudulent means?
22        MR. GRYGIEL:  Yes, your Honor.
23        THE COURT:  Okay.  So, you are asserting a
24   fraud-on-the-market theory.  Correct?
25        MR. GRYGIEL:  With respect, your Honor, I disagree.