# UNITED STATES DISTRICT COURT

# DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In Re Google Inc. Cookie Placement** | ) | |
| **Consumer Privacy Litigation** | ) | **Civ. No. 12-MD-2358-SLR** |
| | ) | |
| **This Document Relates To:** | ) | |
| **All Actions** | ) | |

## Memorandum of the Kreisman Plaintiffs in Support
## of their Rule 23(g) Motion for Appointment of Interim Co-Lead Class Counsel

Ben Barnow[1]
Barnow and Associates, P.C.
One North LaSalle Street, Suite 4600
Chicago, IL 60602
Telephone: (312) 621-2000
Email: b.barnow@barnowlaw.com

*Counsel for Plaintiff Karin Kreisman*

Lance A. Harke, P.A.
Harke Clasby & Bushman, LLP
9699 NE Second Avenue
Miami Shores, FL 33138
Telephone: (305) 536-8220
Email: lharke@harkeclasby.com

*Counsel for Plaintiff Keile Allen*

Richard L. Coffman
Coffman Law Firm
505 Orleans, Suite 505
Beaumont, TX 77701
Telephone : (409) 833-7700
Email: rcoffman@coffmanlawfirm.com

*Counsel for Plaintiff Joseph F. Clark*

(*Proposed Interim Co-Lead Class Counsel*)

(*Additional Supporting Plaintiffs' Counsel
listed on the signature pages*)

---

[1] Ben Barnow is registered for electronic filing and noticing in this MDL.

TABLE OF CONTENTS

I.      INTRODUCTION .................................................................................................1

II.     PROPOSED INTERIM CO-LEAD CLASS COUNSEL...................................3

        A.  Ben Barnow, Barnow and Associates, P.C. .............................................3

        B.  Lance A. Harke, Harke, Clasby & Bushman LLP ..................................8

        C.  Richard L. Coffman, Coffman Law Firm ..............................................10

        D.  Liaison Counsel  ....................................................................................12

III.    A BRIEF COMPARISON OF RULE 23(g) APPLICANTS TO THE
        GRYGIEL GROUP ...........................................................................................13

IV.     CONCLUSION ..................................................................................................16

TABLE OF AUTHORITIES

Fed. R. Civ. P. 23(g) ............................................................................... *passim*

*Manual on Complex Litig.,* § 21.271 (4th ed.)...............................................................2

i

Plaintiffs Karin Kreisman, Keile Allen, Joseph F. Clark, Nicholas Todd Heinrich, Kevin Jacobsen, Michael Musgrove, Jason Oldenburg, and James Treis ("Kreisman Plaintiffs"), by and through their undersigned counsel, hereby move this Honorable Court, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, for the appointment of Ben Barnow of Barnow and Associates, P.C., Lance A. Harke of Harke, Clasby & Bushman LLP, and Richard L. Coffman of Coffman Law Firm (collectively, "Rule 23(g) Applicants") as Interim Co-Lead Class Counsel.

## I.    INTRODUCTION

On June 12, 2012, the United States Judicial Panel on Multidistrict Litigation transferred eight (8) actions pending in eight different districts to this Court. Other actions identified as tag-along actions have also been transferred to the Court. Twenty-one (21) actions have been consolidated into this action for all pretrial purposes. *See* MDL D.I. 22 (Stipulation and Order Consolidating Cases for All Purposes).

On August 28, 2012, certain plaintiffs (self-styled as the "Moving Plaintiffs"), by and through their counsel, filed a Motion for Consolidation Pursuant to Fed. R. Civ. P. 42(a) and Appointment of Interim Class Counsel Pursuant to Fed. R. Civ. P. 23(g), which seeks appointment of some of their counsel to an Executive Committee and others as members of a Plaintiffs' Steering Committee (hereinafter, the "Grygiel Group"). *See* MDL D.I. 27. Rule 23(g) Applicants regret that a more inclusive if not universal agreement amongst counsel was not developed and presented to the Court, but such is not an infrequent occurrence when there is not a meeting or other serious review by counsel to deliberate and consider the experience, interest, and capabilities of available attorneys. A court's review and scrutiny under Rule 23(g) protects against the failure of any attorney-determined grouping to meet the purposes of Rule 23(g).

The 2003 Advisory Committee Notes on Rule 23(g) state that: "Subdivision (g) . . . responds to the reality that the selection and activity of class counsel are often critically important to successful handling of a class action. . . . This subdivision recognizes the importance of class counsel, states the obligation to represent the interest of the class, and provides a framework for selection of class counsel." While self-determined groupings of attorneys can be considered, ultimately the choice is that of the Court. *See, e.g., Manual for Complex Litig.* (the "*Manual*") § 21.271 (4th ed.) ("If there are multiple applicants, the court's task is to select the applicant best able to represent the interests of the class.").

Rule 23(g) Applicants suggest that the Court consider the appointment of attorneys to leadership positions who are experienced in this particular type of litigation, who are well-equipped to handle such cases, who have demonstrated leadership capabilities in MDL actions, and who propose a leadership structure compatible with proceeding in an orderly and efficient manner. These attorneys include the following: Ben Barnow of Barnow and Associates, P.C.; Lance A. Harke of Harke, Clasby & Bushman LLP; and Richard L. Coffman of Coffman Law Firm. The resumes of each are attached hereto as Exhibits A, B and C, respectively. Plaintiffs' counsel supporting this proposed leadership structure include Hassan A. Zavareei, Tycko & Zavareei LLP; Shpetim Ademi, Ademi & O'Reilly, LLP; Aron D. Robinson, Law Office of Aron D. Robinson; John S. Steward, Steward Law Firm, LLC; Stephen F. Meyerkord, Meyerkord & Meyerkord, LLC; and John R. Wylie, Donaldson & Guin, LLC ("Supporting Plaintiffs' Counsel"). The resumes of each are attached hereto as Exhibits D through I, respectively. These attorneys individually and collectively have broad class action leadership experience, including, *inter alia*, privacy litigation and data breach litigation. While Rule 23(g) Applicants and the Supporting Plaintiffs' Counsel believe that the approach they offer is more efficient and better

than the structure proposed by the Grygiel Group (or "Moving Plaintiffs"), they respectfully acknowledge that appointment rests with the Court. It is suggested that leadership appointments are best served by a court reviewing the experience of each attorney, and Rule 23(g) Applicants welcome such individualized scrutiny.

In summary, Rule 23(g) Applicants propose a structure whereby three (3) attorneys from their group—Ben Barnow of Barnow and Associates, P.C., Lance A. Harke of Harke, Clasby & Bushman LLP, and Richard L. Coffman of Coffman Law Firm—be appointed Interim Co-Lead Class Counsel. Supporting Plaintiffs' Counsel, as well as other interested plaintiffs' counsel, will be given appropriate assignments by Interim Co-Lead Class Counsel as proper and necessary for the efficient advancement of the litigation.

Alternatively, and in recognition of the many fine attorneys who have applied for appointment in this matter, albeit with different degrees of experience and knowledge in this area, it is suggested that the Court could select one or two attorneys from each moving group to serve as Interim Co-Lead Class Counsel. The Interim Co-Lead Class Counsel so selected would be authorized to efficiently manage the litigation and utilize the availability and skills of other plaintiffs' counsel as the needs of the litigation require. The credentials of Rule 23(g) Applicants are set forth below.

## II.    PROPOSED INTERIM CO-LEAD CLASS COUNSEL

### A.  Ben Barnow, Barnow and Associates, P.C.

Ben Barnow of Barnow and Associates, P.C., specializes in the prosecution of complex class actions, including those related to privacy, data breach, consumer and antitrust claims. Over a period of many years, Mr. Barnow has taken a leading role in many federal and state consumer fraud class actions throughout the United States. He has significant experience in serving as Lead

3

Class Counsel or Co-Lead Class Counsel in complex consumer class actions and multidistrict litigation proceedings. Mr. Barnow has obtained the certification of litigated classes in a number of cases, including privacy breach cases consisting of approximately 40 million and 70 million class members each: *Bovay et al. v. Sears, Roebuck & Co.*, No. 01-CH-18096 (Cir. Ct. Cook Cnty. Ill.); *Busse et al. v. Motorola, Inc. et al.*, No. 95-CH-10332 (Cir. Ct. Cook Cnty. Ill.). *See* Class Certification Orders, Exhibits J and K, respectively. His efforts also include what is believed to be the largest number of successfully completed consumer data breach class actions:

- ***In re TJX Cos. Retail Security Breach Litigation (Consumer Track).*** This MDL was a data breach case involving the theft of approximately 45,000,000 credit and debit card numbers used at TJX stores and the personal information of over 450,000 TJX customers. As one of Co-Lead Settlement Class Counsel, Mr. Barnow took the lead in negotiating a settlement with TJX. The Honorable Judge Young granted final approval to the settlement, which he referred to as "excellent" and as containing "innovative" and "groundbreaking" elements.[2] Mr. Barnow initiated the settlement discussions in this matter, developed a co-leadership structure, and along with his two co-lead counsel, successfully concluded a historic settlement for data breach cases.

- ***In re Countrywide Financial Corp. Customer Data Security Breach Litigation.*** This MDL proceeding was a forty-case data breach matter involving claims relating to a former Countrywide employee's theft and sale of millions of

---

[2]*See* Judgment *In re TJX Cos. Retail Sec. Breach Litig.*, No. 07-10162-WGY, MDL No. 1838 (D. Mass. Sept. 2, 2007) (granting final approval of settlement); Transcript of Proceedings at 6, *In re TJX Cos. Retail Sec. Breach Litig.*, No. 07-10162-WGY, MDL No. 1838 (D. Mass. Sept. 27, 2007); Transcript of Fairness Hearing at 8-9, 18, *In re TJX Cos. Retail Sec. Breach Litig.*, No. 07-10162- WGY, MDL No. 1838 (D. Mass. July 15, 2008).

4

Countrywide customers' private and confidential information. As one of Co-Lead Settlement Class Counsel, Mr. Barnow negotiated a settlement that made substantial benefits available to approximately 17 million Settlement Class Members. The settlement has been granted final approval by the Court. *See In re Countrywide Fin. Corp. Customer Data Sec. Breach Litig.*, No. 3:08-MD-01998, MDL No. 1998, 2010 WL 3342100 (W.D. Ky. Aug. 23, 2010). In granting final approval to the settlement, the Honorable Chief Judge Russell noted that "Co-Lead Settlement Counsel are nationally recognized in the field of class actions, particularly those involving security breaches," and stated that "the Court was impressed with Co-Lead Counsel and Countrywide counsels' knowledge and skill, as represented in the various motions and hearings that took place throughout this settlement process." *Id.* at *11. Mr. Barnow's role was pervasive in the case, where he presented all court motions, including the motions for preliminary approval and final approval.

- ***Lockwood v. Certegy Check Services, Inc.*** This proceeding related to the theft of approximately 37 million individuals' private and confidential information from Certegy Check Services, Inc.'s computer databases. As one of Co-Lead Settlement Class Counsel, Mr. Barnow organized all counsel and pending cases without the benefit of an MDL and negotiated a settlement that was granted final approval. *See* Judgment *Lockwood v. Certegy Check Servs.*, No. 8:07-cv-1657-T-23TGW (M.D. Fla. Sept. 8, 2008). At the final fairness hearing, the Honorable Judge Merryday described the settlement as a "good deal," providing "a real benefit to a large class of persons" as "the result of the focused attention of skilled

counsel for a protracted time." Transcript of Final Fairness Hearing at 20, *Lockwood v. Certegy Check Servs.*, Inc., No. 8:07-cv-1657-T-23TGW (M.D. Fla. Aug. 22, 2008). Here, Mr. Barnow and his two co-lead counsel organized all pending cases and secured a favorable settlement without the necessity of an MDL proceeding.

- ***Rowe v. Unicare Life and Health Ins. Co.*** Mr. Barnow was Lead Counsel in this data breach case relating to the defendants' alleged failure to secure the private health information of certain individuals enrolled in the defendants' health insurance plans, which resulted in the information being accessible to the public via the Internet. Mr. Barnow negotiated a settlement that was granted final approval by the Court. At the preliminary approval hearing, the late Honorable Judge Hibbler referred to the efforts of the parties as "exemplary." Transcript of Oral Argument at 9, *Rowe v. Unicare Life & Health Ins. Co.*, No. 09-CV-2286 (N.D. Ill. May 19, 2011).

- ***In re Heartland Payment Systems, Inc. Customer Data Security Breach Litigation.*** This MDL data breach case involved the theft of more than 120 million credit and debit card numbers and is believed to be the largest data breach to date. As one of Co-Lead Settlement Class Counsel for the Consumer Track, Mr. Barnow initiated settlement discussions in this matter, developed a co-leadership structure, and along with his two co-lead counsel, successfully secured a settlement for the Consumer Track class. *In re Heartland Payment Sys., Inc. Customer Data Security Breach Litig.*, No. 4:09-md-02046 (S.D. Tex.).

In addition to this substantial experience in leading the successful prosecution of consumer data breach cases, Mr. Barnow has also been appointed to leadership positions in a number of other complex consumer class actions and multidistrict litigation proceedings, where he has served as lead and co-lead counsel with many firms across the country.[3] For example, Mr. Barnow was one of Co-Lead Settlement Class Counsel in *Schulte v. Fifth Third Bank*, where he and his co-lead counsel achieved a settlement providing for a $9.5 million settlement fund and substantial injunctive relief valued at more than $50 million. *Schulte v. Fifth Third Bank*, No. 06-cv-06655, 2011 WL 3269340 (N.D. Ill. July 29, 2011). Mr. Barnow also served as one of Co-Lead Class Counsel in the Arkansas, Kansas, South Dakota and Wisconsin Microsoft civil antitrust cases, each of which settled and was granted final approval by the respective courts. In the Wisconsin Microsoft case, prior to reaching a settlement that has been valued at approximately $224 million and granted final approval, Mr. Barnow and his co-counsel successfully petitioned the Wisconsin Supreme Court to recognize the right of indirect purchasers to recover under Wisconsin's antitrust laws. *See Olstad v. Microsoft Corp.*, 700 N.W.2d 139 (Wis. 2005).[4] In yet another indirect purchaser antitrust case, he was appointed as a

---

[3] For instance, Mr. Barnow was one of Co-Lead Counsel and developed, advanced and gained final approval of settlements in the America Online Access Litigation, *Schwab v. America Online, Inc.*, No. 96 CH 13732 (Cir. Ct. Cook Cnty., Ill.) and the McDonald's Sweepstakes Litigation, *Boland v. McDonald's Corp.*, No. 01 CH 13803 (Cir. Ct. Cook Cnty., Ill.). The McDonald's Sweepstakes settlement included numerous countries. Along with his Co-Lead Counsel, he also led more than thirty (30) firms and developed and gained final approval of a settlement in *In re M3Power Mktg. & Sales Practices Litig.*, No. 05-11177, MDL No. 1704 (D. Mass.).

[4] Mr. Barnow was also appointed to the nine-member Plaintiffs' Lead Counsel Committee in the Microsoft civil antitrust MDL proceeding before the Honorable Frederick Motz in the U.S. District Court for the District of Maryland. He was also lead counsel in six individual states. In the six state cases where he was a lead counsel, litigated classes were certified in three of those and four of the cases were successfully settled.

7

Co-Lead Class Counsel in *In re: Photochromic Lens Antitrust Litigation*, No. 8:10-MD-2173-JDW-EAJ (M.D. Fla).

Recently, Mr. Barnow was appointed to the Plaintiffs' Steering Committee by the Honorable Anthony J. Battaglia in *In re: Sony Gaming Networks and Customer Data Security Breach Litigation*, No. 3:11-md-02258-AJB-MDD (S.D. Cal.) [D.I. 60]. Mr. Barnow's appointment came after a hotly contested appointment process, in which more than fifteen (15) qualified attorneys and their respective law firms sought appointment amidst a sea of more than sixty (60) filed cases.

### B. Lance A. Harke, Harke, Clasby & Bushman LLP

Mr. Harke has served as Lead Class Counsel or as a member of the Plaintiffs' Steering Committee in numerous class actions and has obtained over $225 million for consumers in both mass tort and class action litigation. Most recently, Mr. Harke was appointed by the Honorable Robert N. Scola, Jr., as co-lead counsel for a certified class of Florida consumers who were overcharged by their mortgage lender for force-placed insurance coverage. *Williams v. Wells Fargo Bank, N.A.,* No. 11-21233-CV-SCOLA/BANDTSRA (S.D. Fla.). The *Williams* case remains pending and is set for trial on July 29, 2013. In addition, Mr. Harke served as Lead Counsel in *Kenneth F. Hackett & Associates, Inc. v. GE Capital Information Technology Solutions, Inc.,* No.: 10-20715-CIV-ALTONAGA/BROWN (S.D. Fla.). This action resulted in a multi-million dollar settlement on behalf of a nationwide class of copier lessees whom were overcharged for their monthly payments.

In *Marguerite Miles, et al. v. America Online, Inc.,* Case No. 8:00cv273-T-24C, (M.D. Fla. 2000), Mr. Harke acted as primary counsel for consumers against America Online, Inc. for

violations of the Computer Fraud and Abuse Act ("CFAA"), where he obtained favorable rulings on issues of first impression under the CFAA and ultimately successfully settled the matter.

Mr. Harke was one of three Co-Lead Settlement Class Counsel, along with Mr. Barnow, in *Lockwood et al. v. Certegy Check Servs., Inc*., No. 07-cv-1434 (M.D. Fla.), appointed by the Honorable Steven D. Merryday. This action resulted in a multi-million dollar recovery for the class of affected consumers whose personal information was stolen by a computer hacker.  Mr. Harke also served as Co-Lead Counsel along with Mr. Barnow in *In Re: Heartland Payment Systems, Inc. Customer Data Security Breach Litigation*, No. H-09-MD-2046 (S.D. Tex.).  This action was the largest data breach multidistrict litigation in history, consisting of over one hundred million class members, and resulted in an excellent settlement on behalf of the Consumer Track Plaintiffs.

Mr. Harke was appointed along with Mr. Barnow as Co-Lead Class Counsel in *In re: Photochromic Lens Antitrust Litigation*, No. 8:10-MD-2173-JDW-EAJ (M.D. Fla), representing indirect purchaser plaintiffs in an antitrust class action involving Transitions Optical, Inc.'s photochromic lenses.  Further, in *Francis v. Serono Laboratories, Inc., et al.* ("Serostim"), No. 06-10613 PBS (D. Mass.), as Co-Class Counsel, Mr. Harke obtained a $24 million cash settlement in a nationwide class action litigation regarding the deceptive and illegal marketing, sales and promotional activities for the AIDS wasting prescription drug Serostim. In *Perez v. Asurion Corp.*, No. 06-20734-CIV-SEITZ/MCALILEY (S.D. Fla.), the Honorable Patricia Seitz commented that "Class Counsel Harke & Clasby also has experience in class action litigation, particularly in consumer class actions, having represented plaintiffs in nationwide class actions including consumer product and deceptive marketing class actions and other complex, large-scale litigations throughout the United States in both state and federal courts." *See* Order

Granting Class Counsel's Motion in Support of Request for Attorneys' Fees and Costs and Incentive Awards to Named Plaintiffs, *Perez v. Asurion Corp.,* No. 06-20734-CIV-SEITZ/MCALILEY (S.D. Fla. Aug. 8, 2007).

In December 2008, The South Florida Daily Business Review named Harke Clasby & Bushman, LLP as one of South Florida's Top Litigation Shops of 2008. Mr. Harke was also selected as one of South Florida's Most Effective Litigators for 2008 by The South Florida Daily Business Review. Further, Mr. Harke has been named a Super Lawyer by Florida Super Lawyers Magazine multiple times.

Mr. Harke is currently serving as President for the Legal Services of Greater Miami, as well as Vice-President and Trustee for the Greater Miami Shores Chamber of Commerce. He is also a Trustee of Temple Israel of Greater Miami and an officer in the Miami Shores Bar Association. Mr. Harke was recently named 2011 Citizen of Year for Miami Shores Village.

### C.  Richard L. Coffman, Coffman Law Firm

Richard L. Coffman has significant national and regional class action and mass action leadership and logistic experience in courtrooms across the United States. On the data breach front, Mr. Coffman was recently appointed to be one of two Interim Lead Counsel in *In Re: Science Applications International Corporation (SAIC) Backup Tape Data Theft Litigation*, MDL 2360 (D.D.C.) [D.I. 14]. Mr. Coffman also is one of three Interim Co-Lead Class Counsel appointed by the court to represent the Financial Institution Track plaintiffs in *In re Heartland Payment Systems, Inc. Customer Data Security Breach Litigation*, MDL No. 2046 (S.D. Tex.), a data breach case involving the theft of over 120 million credit and debit card numbers. Mr. Coffman also worked with Mr. Barnow on the *TJX*, *Certegy* and *Countrywide* data breach cases

and, as part of drafting the *Countrywide* settlement agreement, researched and developed a provision regarding enhanced accessibility of the settlement website.

In non-data breach cases, Mr. Coffman currently is counsel for the Nevada indirect purchaser class representative in *In re TFT-LCD (Flat Panel) Antitrust Litigation*, MDL No 1827 (N.D. Cal.), which recently settled for approximately $1.1 billion. Mr. Coffman also represents one of the lead direct purchaser class representatives in *In re Aftermarket Filters Antitrust Litig.,* MDL No. 1957 (N.D. Ill.) (price fixing). Mr. Coffman also is co-counsel for the plaintiffs in *Quebedeaux v. United States*; No. 1:11-cv-00389-FMA (Ct. Fed. Cl.), an unconstitutional takings class action on behalf of business and property owners in a 4600 square mile area of the Atchafalaya River basin in south central Louisiana whose property and businesses were damaged and/or destroyed by floodwaters when the Government opened the Morganza Spillway on the Mississippi River in May 2011.

In the recent past, Mr. Coffman was appointed to serve as interim co-lead class counsel in *In re: Nissan North America, Inc. Odometer Litigation*, MDL No. 1921 (M.D. Tenn.) (defective odometers) and co-lead class counsel in *Wilson v. Texas Windstorm Insurance Association,* No. 09-CV-0421 (56th Jud. Dist. Ct. of Galveston Cnty., Tex.).  The *Wilson* case was a class action and mass action on behalf of over 2000 property owners on Bolivar Peninsula in Galveston County, Texas, whose homes were completely destroyed by Hurricane Ike. Mr. Coffman and his co-counsel secured approximately $175 million of additional insurance benefits for the *Wilson* property owners.  Mr. Coffman also represented, as counsel of record or of counsel, nine of the court appointed state indirect purchaser class representatives in *In re Static Random Access Memory (SRAM) Antitrust Litigation*, MDL No. 1819 (N.D. Cal.), which settled for over $41 million.

11

In the past, Mr. Coffman also served as lead counsel or co-lead counsel in other national class actions, including *In re Citigroup, Inc., Capital Accumulation Plan* (CAP) *Litig.*, MDL No. 1354 (D. Mass.) (forfeiture of earned compensation accumulated by securities brokers in an employee benefit plan); *Robert Castro, Jr. v. PaineWebber, Inc.,* No. 1:94CV65 (E.D. Tex.) (securities fraud involving a limited partnership investment); *Ronald E. Choinacki v. American Home Products Corporation*, No. 2:98CV3573 (D.N.J.) (underpaid lump sum pension benefits) and *Belinda Myers-Garrison v. Johnson & Johnson*, No. 9:97CV0087 (E.D. Tex.) (underpaid lump sum pension benefits).

On the mass action front, Mr. Coffman currently represents over 900 Texas, Louisiana and Arkansas rice producers against Bayer CropScience for contaminating the U.S. long grain rice seed stock with genetically engineered rice in *In re Genetically Modified Rice Litigation*, MDL No. 1811 (E.D. Mo.). This litigation recently settled for $750 million. Mr. Coffman also represents (i) a group of pharmacies, dentists, churches and other medium sized to large businesses in connection with their BP oil spill claims, and (ii) a group of chain grocery stores and grocery wholesalers asserting individual price fixing claims against the major chocolate manufacturers in *In re Chocolate Confectionary Antitrust Litigation*, MDL No. 1935 (M.D. Pa.). In the past, Mr. Coffman was co-lead counsel for a group of 200 chain drug stores and chain grocery stores with over 1100 retail locations that opted-out of *In re Brand- Name Prescription Drug Antitrust Litigation*, MDL No. 997 (N.D. Ill.).

### D.    Liaison Counsel

The role of liaison counsel has arguably been reduced in view of emails and the electronic filing system ("ECF"). However, if the Court believes the appointment of Liaison Counsel to be appropriate, any selection the Court so chooses is, of course, acceptable.

### III.    A BRIEF COMPARISON OF RULE 23(g) APPLICANTS TO THE GRYGIEL GROUP

Once the initial and often-occurring "posturing" of attorneys involved in MDL appointments subsides, collegiality generally rises above the previous perceived reasons for dissension or disagreement. That said, on the path being traveled here, the Grygiel Group has made a number of comparative representations and claims of preparatory activity that are likely intended to be relied upon by the Court in assessing counsel for appointment to leadership positions. In that regard, some clarifications are warranted.

The Grygiel Group sets forth the resumes and credentials of a number of attorneys in their group. What they have presented is basically the original group with which they advanced their various filings in the case. Two other firms, Strange & Carpenter, a proposed member of an Executive Committee, and Seeger Weiss LLP, a proposed member of Plaintiffs' Steering Committee, were added later. They also point out that they have already hired experts, and assert that their proposed structure with a large number of attorneys is necessitated by the alleged complexity of the litigation. Nowhere do they provide a reasoned basis for the alleged complexity of what Rule 23(g) Applicants assert is a relatively straightforward case. Indeed, a settlement with the FTC has already occurred. Regarding the accuracy of their grouping, the Grygiel Group lists a firm and its attorneys as part of their group, but they were not and are not. The inclusion of Donaldson & Guin, LLC, in the Grygiel Group's Motion was erroneous. Donaldson & Guinn, LLC, did not join in or consent to the Grygiel's Group's Motion, but rather, supports Rule 23(g) Applicants' Motion. *See* Exhibit L, email from John R. Wylie. In fairness to Mr. Grygiel, he acknowledged the erroneous inclusion and has agreed to correct it. *See* Exhibit M, email from Mr. Grygiel.

Furthermore, the Grygiel Group indicates that a number of their attorneys are competent trial attorneys. That proposition is not doubted, but it does not answer the question as to how many of those attorneys will be needed to try the case. They also emphasize that they were involved in preparing the Stipulation and Proposed Order Consolidating Cases for All Purposes, but, in fact, their involvement was offered up as an initial procedural effort where no one would use such involvement as a means to advance themselves with regard to the leadership issue. The very same gambit was employed by Strange & Carpenter in *In Re Carrier IQ, Inc., Consumer Privacy Litigation*, Case No. C-12-md-2330 (N.D. Calif.). Nevertheless, Judge Edward M. Chen selected a competing team of attorneys to serve as Interim Co-Lead Counsel. *See id.* at D.I. #100. Simply put, a procedural effort, largely form in content, put together with the understanding that it would not be touted for individual gain, should remain just that and not countenanced as a reason for appointment to a leadership position.

The Grygiel Group also makes what appears to be an attempted preemptive strike on "Ben Barnow & Associates."[5] *See* Grygiel Group Memorandum at n. 18. In actuality, the reference lacks accuracy. As Mr. Barnow's resume and this motion for appointment indicate, any "argument" he would present as to why he should be in a "bigger leadership role" would not be limited to his data breach cases. The size and perceived inefficiency of the Grygiel Group's proposed organization was expressly discussed. Also, it was discussed that there were other plaintiffs' attorneys who felt that they should play a meaningful role in the advancement of the litigation and had the experience to justify such a role. It was expressly discussed as to how many great trial lawyers the case needed and the fact that, among others, no one in their group seemed to have as much experience as some of the other attorneys that were excluded.

---

[5] The firm name is misstated by the Grygiel Group. The name of the firm is Barnow and Associates, P.C.

It was also specifically stated, understood, and agreed that the discussions were to remain between counsel and not culled and manipulated for use in leadership filings. In confirming that commitment, Mr. Grygiel used the word "absolutely" and Mr. Strange, also on the call, agreed. And, it is not just that the conversation is referenced, but rather, that it is referenced inaccurately in order to secure an advantage. Nonetheless, if it is viewed at all, it is perhaps viewed as a slip and is not suggested to be a disqualifier of any member of the Grygiel Group. It does perhaps, however, indicate an exclusivity and abandonment of the principles of Rule 23(g) that should be considered in any appointment in terms of approving counsel or a self-determined structure *en masse*.

It is noteworthy that Mr. Harke's firm was tasked, without the objection of any plaintiffs' counsel, with drafting the initial Order Regarding the Agreed Protocol for Discovery of Electronically Stored Information and a letter to Defendant regarding same. The task was completed. Yet, as it was offered without condition and in the unified interest of protecting the putative class' interests, no separate advantage is sought from that volunteered task.

Further, pursuant to the Court's July 3, 2012 Order instructing counsel to immediately exchange certain information pursuant to Rule 26(a)(1), Rule 23(g) Applicants have served the initial disclosures of the Kreisman Plaintiffs on defense counsel. *See* MDL D.I. #12. However, based upon an alleged agreement made during a call on which members of the Grygiel Group (namely, Steve Grygiel and Brian Strange) spoke on behalf of plaintiffs for purposes of that call only, defense counsel has taken the position that initial disclosures should be delayed until after interim class counsel is appointed. *See* Exhibit N, emails between Blake A. Strautins and Anthony Weibell. Brian Strange of the Grygiel Group was copied on these emails and did not indicate any disagreement with Defendant's position. It is, therefore, believed that the Grygiel

15

Group has not yet served their plaintiffs' initial disclosures upon counsel for Defendant. Rule 23(g) Applicants fought to obtain compliance with the Court's July 3, 2012 Order, and did comply. It is likely the insistence of Rule 23(g) Applicants that Defendant also comply with the Court's Order that finally brought about Defendant's request for a modification of said Order. *See* MDL D.I. 29 (Defendant seeking to "suspend early disclosure requirements under Fed. R. Civ. P. 26(a) . . ."). It is axiomatic that court orders are to be followed and not set aside without further order of court because lawyers feel an order does not fit their view of the situation. That principal is ingrained in each of the Rule 23(g) Applicants and will continue to be diligently followed throughout this litigation.

Rule 23(g) Applicants also sought dialogue and discussion so that the best group of available attorneys could be put forth for the Court's consideration with a full consensus. A July 31, 2012 meeting date was tentatively established, but the meeting as discussed did not occur, as the Grygiel Group chose to not go forward in that manner.

Rule 23(g) Applicants seek to advance the interests of the plaintiffs and the putative Class with the experience, commitment, and efficiency that their histories show and efforts to date exhibit. Whether appointed as a three-way lead or as part of a group appointed by the Court, Rule 23(g) Applicants will comply with the requirements of Rule 23(g) and the orders of the Court with dedication and professionalism.

## IV.    CONCLUSION

Wherefore, the Kreisman Plaintiffs respectfully request that Ben Barnow of Barnow and Associates, P.C., Lance A. Harke of Harke, Clasby & Bushman LLP, and Richard L. Coffman of the Coffman Law Firm (collectively, "Rule 23(g) Applicants") be appointed Interim Co-Lead

Class Counsel or, in the alternative, that the Court select one or two attorneys from each moving group to be appointed Interim Co-Lead Class Counsel.

Dated: September 7, 2012                    Respectfully submitted,


By: /s/ Ben Barnow

Ben Barnow
Barnow and Associates, P.C.
One North LaSalle St., Suite 4600
Chicago, IL 60602
Telephone: (312) 621-2000

*Counsel for Plaintiff Karin Kreisman*

/s/ Richard L. Coffman

Richard L. Coffman
Coffman Law Firm
505 Orleans, Suite 505
Beaumont, TX 77701
Telephone: (409) 833-7700

*Counsel for Plaintiff Joseph F. Clark*

/s/ Lance A. Harke
Lance A. Harke
Harke Clasby & Bushman LLP
9699 NE Second Avenue
Miami, FL 33138
Telephone: (305) 536-8220

*Counsel for Plaintiff Keile Allen*

*Proposed Interim Co-Lead Counsel*

17

/s/ Hassan A. Zavareei

Jonathan K. Tycko
Hassan A. Zavareei
Tycko & Zavareei LLP
2000 L Street, NW, Suite 808
Washington, D.C. 20036
Telephone: (202) 973-0900

*Counsel for Plaintiffs Michael Musgrove and Kevin Jacobsen*

/s/ Shpetim Ademi

Guri Ademi
Shpetim Ademi
David J Syrios
Ademi & O'Reilly, LLP
3620 East Layton Avenue
Cudahy, WI 53110
Telephone: (414) 482-8000

*Counsel for Plaintiff Jason Oldenburg*

/s/ Aron D. Robinson

Aron D. Robinson
Law Office of Aron D. Robinson
19 S. LaSalle, Suite 1200
Chicago, IL 60603
Telephone: (312) 857-9050

*Counsel for Plaintiff Karin Kreisman*

/s/ John S. Steward

John S. Steward
Steward Law Firm, LLC
1717 Park Avenue
St. Louis, MO 63109
Telephone: (314) 571-7134

*Counsel for Plaintiff James Treis*

18

/s/ Stephen F. Meyerkord

Stephen F. Meyerkord
Geoffrey S. Meyerkord
Meyerkord & Meyerkord, LLC
1717 Park Avenue
St. Louis, MO 63104-2941
Telephone: (314) 436-9958

*Counsel for Plaintiff James Treis*

/s/ John R. Wylie

John R. Wylie
Donaldson Guin LLC
300 South Wacker Drive
Suite 1700A
Chicago, Illinois 60606
Telephone: (312) 878-8391

*Counsel for Plaintiff Nicholas Todd Heinrich*

## LIST OF EXHIBITS

| | |
|---|---|
| Barnow Resume | Exhibit A |
| Harke Resume | Exhibit B |
| Coffman Resume | Exhibit C |
| Tycko & Zavareei Resume | Exhibit D |
| Ademi & O'Reilly Resume | Exhibit E |
| Robinson Resume | Exhibit F |
| Steward Resume | Exhibit G |
| Meyerkord Resume | Exhibit H |
| Wylie Resume | Exhibit I |
| *Bovay v. Sears* class certification order | Exhibit J |
| *Busse v. Motorola* class certification order | Exhibit K |
| Email from John Wylie | Exhibit L |
| Email from Mr. Grygiel | Exhibit M |
| Emails between Blake Strautins and Anthony Weibell | Exhibit N |

## CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2012, I electronically filed the foregoing with the Clerk of Court for the United States District Court for the District of Delaware by using the CM/ECF system. I certify that for all participants in the case that are registered CM/ECF users, service will be accomplished via the CM/ECF system, and for non-CM/ECF participants, service will be accomplished via U.S. Mail.


    /s/ Ben Barnow

Ben Barnow
Barnow and Associates, P.C.
One North LaSalle St., Suite 4600
Chicago, IL 60602
Telephone: (312) 621-2000
b.barnow@barnowlaw.com

21