# EXHIBIT I



## DONALDSON & GUIN, LLC
### www.dglawfirm.com

Donaldson & Guin, LLC's attorneys have been helping individuals and businesses resolve complex legal problems for over thirty years. The primary focus of our litigation practice is in the areas of financial and accounting fraud, securities litigation, antitrust, business litigation and partnership disputes. We represent both plaintiffs and defendants, in state and federal court, in class actions, individual litigation and in arbitration proceedings.

Our expertise in complex financial litigation has been recognized by courts across the nation. At the conclusion of a difficult medical device case, a federal court in Ohio had the following to say regarding Mr. Guin and the other Class Counsel:

> [T]he professional skill and standing of all counsel involved on behalf of the class was highly commendable. This case represents hard-fought litigation, and, in the beginning, a settlement appeared almost inconceivable. Class Counsel demonstrated their professionalism and skill by, after receiving the findings of the summary jury trial and being made aware of the strengths and weaknesses of their case, constructing a settlement from the remaining assets of TPLC.... Recognizing the extensive amount of time, services, and skill Class Counsel expended in this case, the Court concludes that the reputations of Class Counsel are well earned.

Order approving settlement, dated March 5, 1999, at 66-67. *See also id.,* at 45 ("We find that these attorneys [specifically naming Mr. Guin], serving with others as Class Counsel, are extremely well qualified and experienced in medical class action litigation. Certainly, Class Counsel's recommendation to approve the settlement is well-informed. The Court heeds the recommendation of such experienced counsel.").

Most recently, Judge Karon Bowdre, U.S. District Judge for the Northern District of Alabama, said the following about Guin and his co-counsel after obtaining a $445 million settlement on behalf of the Retirement Systems of Alabama and other investors in HealthSouth securities:

1

www.donaldsonguin.com
505 20th Street North | Suite 1000
Birmingham, Alabama 35203
Phone: (205) 226-2282 | Fax: (205) 226-2357

300 South Wacker Drive | Suite 1700
Chicago, Illinois 60606
Phone: (312) 878-8391 | Fax: (312) 663-0303



Bondholder Plaintiffs' counsel are also qualified, experienced and able to vigorously conduct the proposed litigation. Bondholder Plaintiffs' counsel have extensive experience in securities and class action litigation and have successfully prosecuted numerous complex actions on behalf of injured investors across the country.

Donaldson & Guin's expertise in securities and similarly complex litigation has also been recognized by national financial media, including The New York Times, The Wall Street Journal, BusinessWeek, The Bond Buyer, Bloomberg Financial News, Barron's, Forbes, Money, and SmartMoney, all of whom have sought and quoted our input on such topics as the intricacies and risks of derivative securities, legislation affecting securities markets, class action procedures, and liabilities of banks and professionals involved in municipal bond issues. Mr. Donaldson and Mr. Guin were the subject of a feature-length article in The Birmingham News, "City Law Firm Scoring Wins in Big Stakes Securities Cases," (August 23, 1993).

Our lawyers have been involved in more than fifty reported decisions handed down by federal and state courts across the nation all the way to the United States Supreme Court (twice). We have testified twice before the U.S. Senate Banking Committee and have been invited to speak at seminars across the country. Our attorneys have exceptional academic backgrounds. Most were members of the editorial board of a Law Review or similar legal periodical during law school. Each has taught continuing legal education courses for other lawyers or guest-lectured at a law school. Two of our lawyers clerked for federal district court judges, another clerked for an Alabama Supreme Court justice, and another served as a clerk/extern with the California Court of Appeals. Our firm has received an AV-rating from Martindale-Hubbell and we are listed in the Bar Register of Preeminent Lawyers: The Definitive Guide to the Most Distinguished Law Firms in America, under the heading "Civil Trial Practice." We also are a member of the "International Network of Boutique Law Firms" (www.inblf.com), an organization of highly credentialed boutique law firms, each of which has been identified as outstanding in the firm's field.



## BIOGRAPHICAL INFORMATION

### DAVID R. DONALDSON

During his 31 years of law practice, Mr. Donaldson has had extensive experience in business litigation, securities litigation, and class actions. Mr. Donaldson has an "AV Preeminent" rating from Martindale-Hubbell. He was selected for inclusion on the 2010 and 2011 "Alabama Super Lawyers" lists and he was selected for inclusion in the 2012 edition of The Best Lawyers in America. Mr. Donaldson has been counsel of record in thirty-four federal and state appellate decisions. He frequently lectures on topics related to business litigation, partnership and shareholder disputes, prosecution and defense of class actions, and other complex litigation topics.

At the invitation of Senator Paul S. Sarbanes, Mr. Donaldson testified in 2002 before the Senate Banking Committee's hearing on Predatory Mortgage Lending.

Mr. Donaldson graduated in 1975 from the University of Alabama at Birmingham with a BA degree in History and Philosophy. He received a Dean's Scholarship to Cumberland School of Law where he was an associate editor of the Cumberland Law Review. He graduated *cum laude* from Cumberland in 1980.

Mr. Donaldson authored or co-authored the following law review articles: "Privity, Scienter and The Securities Act of Alabama," 20 Cumb. L. Rev. 325 (1991); "Securities Litigation in Alabama: Open Shirts, Gold Chains and Pinkie Rings: A Guide For Widows and Orphans," 20 Cumb. L. Rev. 481 (1989-1990); "The Insider Trading and Securities Fraud Enforcement Act: Has Congress Supplied A Limitations Period Appropriate For Use In Private 10b-5 Actions?" 47 Wash. and Lee L. Rev. 541 (1990); "Extra-Territorial Jurisdiction in Domestic Relations Cases," 7 Amer. J. of Trial Advocacy 469 (1984); "Alabama's Products Liability Statute of Repose," 11 Cum. L. Rev. 163 (1980); "Civil RightsBState's Eleventh Amendment Immunity Under 42 U.S.C. § 1983," 10 Cum. L. Rev. 223 (1979).



## DAVID J. GUIN

Named by Birmingham Magazine as one of Birmingham's top business litigators, David Guin's law practice emphasizes complex financial litigation on a national scale, often including securities and antitrust class actions. Although most securities class actions involve straightforward allegations of fraud in the wake of a sudden stock drop, Guin's securities cases more often address particularly unique situations that require creative litigation approaches. His securities cases, for example, have involved premature or improper redemptions of corporate bonds, highly complex mortgage derivatives, fraudulently obtained credit ratings, claims under the Investment Company Act of 1940 or state "Blue Sky" laws, credit default swaps, municipal bond yield arbitrage programs, "inverse floaters," municipal bond defaults, and non-standard securities, such as exotic derivative securities, collateralized debt obligations (CDOs), limited partnerships, oil & gas field working interests or creative lease arrangements. Accordingly, he has been at the forefront in the development of the law concerning the "fraud creates the market" doctrine, the application of Securities Act claims to purportedly exempt securities and transactions, and mutual fund disclosure requirements. His antitrust and racketeering (RICO) cases have involved construction products, oil and gas leases, chemical and herbicide pricing, and the misuse of patent litigation to eliminate competition in the generic pharmaceutical market.

Mr. Guin has received an "AV" peer-review rating from Martindale-Hubbell, the highest rating given by attorneys to their peers. He serves on the Editorial Board of Class Action Reports, a bi-monthly Thomson/West publication reporting on all aspects of class action litigation. Guin served from 1993-96 on the Executive Committee of the Board of Directors of NASCAT (National Association of Shareholder and Consumer Attorneys). Guin has taken an active role in developing and commenting upon legislation that affects securities and class action litigation. For example, he testified along with representatives of the Securities and Exchange Commission and the National Association of State Securities Administrators before the Senate Banking Committee and submitted extensive written comments regarding the Private Securities Litigation Reform Act (PSLRA), and he and his clients in *South Carolina National Bank v. Stone* provided comments and testimony that aided in the crafting of Section 27A of the Securities Exchange Act, which revived claims that had been time-barred by *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350 (1991). For these and other of his efforts on behalf of investors, Guin has been honored by the United Shareholders Association, and organization founded by T. Boone Pickens, for his contributions to corporate governance in America.



Mr. Guin recently authored "Old Habits Die Hard: Some Courts Continue to Apply Bad Law When Addressing the Article III Standing of Class Representatives," Vol. 27 Class Action Reports No. 4, at 355 (July-August 2006). He also authored "Encouraging Signs for Plaintiff Lawyers in the Eleventh Circuit's *Klay v. Humana*," which was published in Class Action Reports (Vol. 25, No. 6) and reprinted in the RICO Law Reporter (Vol. 41, No. 2, Feb. 2005). Guin and his partner, David Donaldson, co-authored an article on Rule 10b-5 securities fraud litigation published in Volume 47, Issue 3 of the Washington & Lee Law Review entitled "The Insider Trading and Securities Fraud Enforcement Act: Has Congress Supplied a Limitations Period Appropriate for Use in Private Rule 10b-5 Actions?" Mr. Guin also authored an article regarding certain amendments to ERISA, entitled "The Retirement Equity Act of 1984: One Step Forward, Two Steps Back," 37 Ala. L. Rev. 163 (1985).

Guin attended David Lipscomb College (now, Lipscomb University) on a National Merit Scholarship and graduated in 1982 (*cum laude*) with a B.S. degree in Applied Economics. Guin graduated from the University of Alabama School of Law where he served as a Senior Editor of the Alabama Law Review. During law school, Mr. Guin was a member of the Bench and Bar Legal Honor Society and was the recipient of the Hugo Black Scholar award. He received several American Jurisprudence "book" awards and also received memorial scholarship awards. After graduation from law school, Mr. Guin served for one year as law clerk to United States District Judge Truman Hobbs, Chief Judge of the Middle District of Alabama.

Mr. Guin comes from a family of lawyers and judges. His grandfather (J. Foy Guin, Sr.) practiced as a country lawyer, representing both plaintiffs and defendants, in Russellville, Alabama for over 50 years. His father (Hon. J. Foy Guin, Jr.) is a sitting United States District Judge serving in the Northern District of Alabama (Birmingham), and his brother (Jay Guin) practices tax, municipal bond, and ERISA law in Tuscaloosa, Alabama. Mr. Guin regularly attends the Eleventh Circuit Judicial Conference by invitation of the judges. He also is active in community and charitable causes. He has served in many leadership roles at Brookwood Baptist Church (Deacon; Chair of Finance Committee; Adult Sunday School Teacher; Church Coordinating Council; Building Community Task Force; Parking Committee; Chair of Building Finance Committee), serves as the President of the Board of Cahaba Riverkeeper, and is actively involved with numerous other charitable organizations, such as Make Way Partners (focused on eliminating child trafficking in Darfur, Sudan), 1040 Connections, and Habitat for Humanity.



**TAMMY MCCLENDON STOKES**

Since joining the firm in 1998, Tammy Stokes has exercised lead roles in many of the firm's highest profile cases, including *In re HealthSouth Bondholder Litigation*, *Davis v. Kentucky* (which she took all the way to the U.S. Supreme Court), *In re OSB Antitrust Litigation*, and *Culpepper v. Irwin Mortgage Co.* Ms. Stokes' practice is focused upon the prosecution and defense of class actions, especially in the areas of securities, antitrust, ERISA, tax and mortgage litigation. She graduated *cum laude* from the Cumberland School of Law in 1998. While at Cumberland, Ms. Stokes served as an Associate Editor of the Cumberland Law Review and as a member of the Cumberland National Moot Court Team. Ms. Stokes obtained her B.S. degree in International Business from Samford University in 1995, graduating *magna cum laude*.

Ms. Stokes became a member of the Alabama Bar in 1998, and has been admitted to the U.S. District Courts for the Northern and Middle Districts of Alabama, the U.S. Court of Appeals for the Eleventh Circuit, and the United States Supreme Court. She is a member of the American Bar Association and the Birmingham Bar Association.

**DAWN STITH EVANS**

Listed by Birmingham Magazine as one of the "Rising Stars" among Birmingham attorneys, Ms. Evans' practice focuses on general business and commercial litigation, employment law and FINRA securities arbitrations. Recent arbitrations have involved unsuitable investments in municipal yield-arbitrage programs, collateralized mortgage obligations and reverse convertible securities.

Ms. Evans represents businesses in litigation and advises them concerning compliance with the requirements of Title VII, § 1981, § 1983, Americans with Disabilities Act, Age Discrimination in Employment Act and the Alabama Age Discrimination Act. Ms. Evans also offers experience in reviewing and preparing employment policies and procedures, employee handbooks, and employment contracts, including non-compete agreements and trade secret agreements.



**JOHN R. WYLIE**

Having practiced law for 25 years, John Wylie became Of Counsel to Donaldson Guin, LLC in 2009, opening the firm's Chicago office. He is a former name partner in the Chicago firms Futterman Howard Watkins Wylie & Ashley, Chtd., and Susman Watkins & Wylie. Mr. Wylie's practice has emphasized complex class litigation, in such areas as ERISA, antitrust, securities and shareholder rights, consumer fraud, and constitutional claims, in state and federal courts throughout the country.

Mr. Wylie has acted as lead or co-lead counsel, or in other leadership roles, in more than 30 reported cases, including 14 appeals, as well as in numerous unreported cases.

Mr. Wylie graduated *cum laude* from Lawrence University, Appleton, Wisconsin, in 1977, with a Bachelor of Arts degree, and from the UCLA School of Law with a Juris Doctor degree in 1984. He is a member of bars of Illinois and California (currently on inactive status). During law school, he was a member of the Federal Communications Law Review, and served as a law clerk/extern with the Honorable Joan Dempsey Klein, Presiding Justice of the California Court of Appeals, Second District, in Los Angeles.

Mr. Wylie has been recognized by his peers in the Illinois Bar as a Leading Lawyer in the categories of Class Action/Mass Tort Plaintiff's Law and Investor Protection/Securities Class Action Litigation, a distinction earned by fewer than 5% of all Illinois lawyers.

Mr. Wylie has been active in civic and bar-related activities throughout his legal career. Currently, he is a member of the Legal Advisory Committee of Access Living, a Chicago-based not-for-profit disability rights advocacy organization, a member of the Board of Directors of the Prairie Crossing Charter School in his home town of Grayslake, Illinois, and a member of the Chicago Bar Association's Class Action Committee. He formerly served as a member of the Chicago Bar Association's Judicial Evaluation Committee, and was a member of the editorial board of the Police Misconduct and Civil Rights Law Report, a publication of the Clark-Boardman Company.

### REX W. SLATE

Mr. Slate graduated from the University of Alabama School of Law in 1996. While in school, Rex was elected Student Bar Association President, joined the law school's national trial advocacy competition team, received the George Peach Taylor award in trial advocacy, received the Stancil R. Starnes scholarship for trial advocacy, and served as Dean Charles Gamble's research assistant and project manager.

Prior to attending law school, Slate graduated from the University of Alabama in 1982 with a BFA in Theatre. He then studied acting at the University of California, Irvine, receiving his MFA in Drama in 1986. He then moved to New York City to pursue an acting career for the next four years before homesickness set in and he moved back to Alabama to pursue a career in law. For almost fourteen years, Slate has represented plaintiffs in a wide variety of cases, including products liability, crashworthiness, medical malpractice, nursing home abuse, Dram Shop litigation, commercial motor vehicle accidents, and class actions.

### STAR MISHKEL TYNER

Ms. Tyner graduated from the University of Southern California School of Law in 2006. While in law school, she was the Senior Editor of the Southern California Review of Law and Social Justice, which also published her law review note. Ms. Tyner obtained her Bachelor of Arts degree from the University of Chicago in 2002, graduating with distinctions including highest Academic Honors in the Humanities and the Dean's List for her four years in college. In addition to being a member of the State Bar of California, Ms. Tyner became a member of the Alabama State Bar in 2008. She joined the firm as an Associate in June 2010.

## CHARLES R. WATKINS

Mr. Watkins entered private practice in 1980 following a clerkship in the United States District Court for the Eastern District of Michigan. He has represented plaintiffs (and defendants) in complex and class action lawsuits throughout the United States continuously since then. He is admitted to practice before the Supreme Court, six United States Courts of Appeals and many District Courts, and is a member of the trial Bar of the Northern District of Illinois. In recent years, he has devoted much of his practice to representing participant plaintiffs in ERISA pension and benefits cases.

Mr. Watkins was Co-Lead Counsel in *In re Xerox Corporation ERISA Litigation,* Civ. No. 3:02-cv-01138 *(D. Conn.),* a "company stock" case which settled in 2009 for $51 million after seven years of litigation. Almost a dozen other ERISA cases in which Mr. Watkins played a leadership role have resulted in recoveries of more than $100 million for tens of thousands of retirement and benefit plan participants. *See Kiefer v. Ceridian Corp.*, 976 F. Supp. 829 (D. Minn. 1997) ($51 million settlement in an ERISA benefit error class action reached three weeks before trial.); *Carter v. Ret. Plan of Texaco, Inc.*, No. 99-0114 (S.D.N.Y.) ($10 million settlement of ERISA class action on behalf of 10,000 plan participants.); *Nelson v. Brinson Partners Inc.*, No. 03 C 6446, 2004 WL 178180 (N.D. Ill.) ($7 million settlement of claims involving retirement plan investment in Enron notes); *Steiner v. Control Data Sys., Inc.*, No. 98-1489 (D. Minn.) (Represented plaintiffs in a $4.25 million ERISA class action settlement affecting some 700 plan members.); *Babcock v. Computer Assocs. Int'l*, No. 00-1648 (E.D.N.Y.) (represented 770 participants in employee stock ownership plan; case settled after eight years of litigation for more than $2 million in 2008.); *Shrader v. BP Corp.*, 02-8668 (N.D. Ill. 2002) ($2.3 million benefit error settlement.); *Scott v. Washington Nat'l Ins. Co.*, No. 96-3828 (N.D. Ill.). Mr. Watkins was Lead Counsel in ERISA welfare benefits class action settled by employer's agreement to provide back benefits and lifetime retiree health care.); *Watkins v. York International*, No. 4:04-cv-40377 (E.D. Mich.) (under-seal settlement of benefits error class action.); *In re Household Int'l, Inc., ERISA Litig.*, No. 02-7921 (N.D. Ill.); ( Liaison Counsel in case alleging plan fiduciaries engaged in imprudent investment of plan assets; settled for $45 million.); *In re Sears Retiree Group Life Ins. Litig.*, No. 97-7453 (N.D. Ill.) (class action on behalf of 80,000 Sears retirees; settlement conferring between $30 million and $200 million in benefits.). In his first major ERISA case, Mr. Watkins argued *Gluck v. Unisys Corp.*, 960 F.2d 1168 (3d Cir. 1992), which resulted in reversal of the District Court's dismissal and established a widely-cited precedent on the statute of limitations under ERISA. Recently, Mr. Watkins was lead counsel in an ERISA welfare benefits case involving calculation of coinsurance which settled on favorable terms before

9



Judge Hart, of the United States District for the Northern District of Illinois. *Sintich v. Health Care Service Corp.,* No 1:08-cv-4360 (N. D. Ill.)

Mr. Watkins has also prosecuted a variety of other significant cases, including most notably securities class actions. *In re Bank One Secs. Litig.,* No. 00 CV 00767 (N.D. Ill.), an action under Sections 11 and 12 of the Securities Act of 1933 and Section 14 of the Securities Exchange Act of 1934, resulted in a settlement of $120 million for shareholders, at the time the second-largest securities settlement ever in the Seventh Circuit.

Mr. Watkins has played a leadership role in consumer class actions, including *Foster v. ABTCo., Inc.,* No. 9 CV-95-151 M (Choctaw County, Ala.), where he is Co-lead counsel in a nationwide class action settlement involving allegedly defective hardboard siding. To date, class member homeowners from all fifty states have received benefits under the settlement totaling more than $50 million.

He has represented plaintiffs in false claim or qui tam suits, including *U.S. ex rel. Reppine v. University of Chicago,* 96-8273 (N.D. Ill.) ($10 million settlement involving hospital "upcoding" and alleged overbilling of Medicaid), as well as antitrust matters. *See Alexander v. Phoenix Bond & Indem. Co.,* 149 F. Supp. 2d 989, 1010 (N.D. Ill. 2001) (Real estate tax auction price fixing case under Section 1 of the Sherman Antitrust Act on behalf of 28,000 Cook County property owners settled in 2002 for approximately $2 million). Mr. Watkins' practice has included many corporate governance and breach of corporate fiduciary duty cases, including *O'Malley v. Boris,* 742 A.2d 845 (Del. Supr. 1999) ( Class action involving breach of investment broker's fiduciary duties to 269,000 clients. Case settled on day of trial following Delaware Supreme Court's reversal of Chancery Court's dismissal of suit.) *See* 2002 WL 453928 (Del. Ch.) (granting summary judgment); 2001 WL 50204 (Del. Ch.) (granting class certification), and  *Mayfield v. WWC License Holding,* No. 18743 (Del. Ch. 2002); *Mayfield v. Western Wireless Corp.,* No. 18717 (Del. Ch. 2002) ( Class actions on behalf of shareholders of cellular telephone license holders alleging unfair squeeze-out mergers. Cases settled for $2 million), *Ravenswood v. Peerless Weighing & Vending Mach. Co.,* No. 95-5885 (Cir. Ct. Cook County, Ch. Div.) ( Lead counsel in novel class and derivative settlement totaling $3 million) and *Malone v. Brincat,* 722 A.2d 5 (Del. Supr. 1998) (resulted in landmark decision allowing non-purchaser stockholders of Mercury Finance Company to bring action for breach of fiduciary duty of disclosure; $12 million partial settlement achieved in related bankruptcy proceedings)



Other cases in which Mr. Watkins has played a substantial role include: *Harris v. R.B. Asset Inc.*, Index No. 02/602944 (N.Y. Super. Ct.): Lead Counsel in class action over payment of liquidation dividend; recovery of $3.5 million; *In re Nat'l Auto Credit Inc. Sec. Litig.*, 98-0264 (N.D. Ohio): Executive Committee member in $6 million settlement of class action securities claims; *In re W.R. Grace Sec. Litig.*, No. 95-9003 (S.D.N.Y.): $28 million settlement of securities class action; *In re Phar-Mor, Inc., Sec. Litig.*, No. MDL 959 (W.D. Pa.): Represented institutional investors in multi-district case involving federal and state claims arising out of massive accounting fraud. Settlement under seal; *In re NationsMart Corp. Sec. Litig.*, No. 94-2182 (E.D. Mo.): Co-lead Counsel in securities class action settled for $2.4 million; *Peregrine Options, Inc. v. Farley, Inc.*, No. 90-0285 (N.D. Ill. 1995): securities class action settled for $10 million; *In re Gould Inc. Secs. Litig.*, No. 86-3598 (N.D. Ill.):$10,300,000 recovery; *In re Int'l Tech. Secs. Litig.* (C.D. Cal.):$12 million settlement; *In re Flight Transp. Secs. Litig.*, MDL 517 (D. Minn.) (recovery of approximately $55 million); *In re GM THM 200 Transmission Litig.*, No. 80-215 (N.D. Ill.) (recovery of approximately $20 million for nearly four million car owners).

Mr. Watkins writes and speaks on issues related to class actions in general and securities and ERISA class actions in particular and has often been quoted in publications such as the New York Times and The Chicago Tribune. He is the author of the Illinois Institute of Continuing Education chapter on *Settlement and Discretionary Notices Under Fed.R.Civ. P. 23(c)-23(e)* (2010) and spoke on the effects of the Private Securities Litigation Reform Act of 1995 at the Chicago Bar Association Securities Law Institute (2004 & 2005). In December 2008, Mr. Watkins presented a Continuing Legal Education course to the Chicago Bar Association's Class Action Committee entitled ERISA Class Action Litigation: Perspectives and Developments, focusing on fee litigation issues. He served on the Editorial Board of Class Action Reports for many years.



## REPRESENTATIVE CASES

### Regions Morgan Keegan Subprime Mutual Funds
David Guin was honored to be appointed as a Deputy Attorney General of the State of Alabama to represent the Alabama Securities Commission who, along with 13 other states, the SEC and FINRA, pursued restitution actions against Regions Morgan Keegan related to its misleading sales of "bond" mutual funds that were overloaded with exotic subprime mortgage securities. The actions resulted in a $200+ million settlement, plus fines, penalties and a permanent industry bar against the funds' manager.

### In re HealthSouth Securities Litigation
David Guin is Liaison Counsel for the Retirement Systems of Alabama and a class of investors in HealthSouth corporate bonds. Settlements to date exceeding $445 million have been obtained from the Company, certain of its former officers and directors, and via derivative claims against the company's investment bankers. The case is continuing against UBS investment bank and accounting firm Ernst & Young, LLP.

### Bear Stearns Collapse
David Guin represented a large foundation that had invested in Bear Stearns hedge funds that had collapsed due to their heavy investment in mortgage derivative securities.

### In re OSB Antitrust Litigation
David Guin and Tammy Stokes were Class Counsel in this case alleging price-fixing by the manufacturers of "oriented strand board," a plywood substitute. Settlements totaled $125 million.

### Davis v. Dept. of Revenue of the Commonwealth of Kentucky
David Guin, John Wylie and Tammy Stokes were Lead Counsel in this Dormant Commerce Clause challenge to Kentucky's taxation of interest earned on out-of-state municipal bonds while exempting interest earned on in-state bonds. We pursued the case all the way to the U.S. Supreme Court, which recognized a potential Commerce Clause issue regarding discriminatory taxation on "private activity" or industrial development bonds.



*In re Colonial ERISA Litigation*
David Guin and Tammy Stokes are Class Counsel in this pending litigation on behalf of Colonial Bank employees who invested in the bank through their 401(k).

*In re AIG Bond Litigation*
David Guin represents investors in certain of AIG's outstanding bond issues who lost their investment due to AIG's exposure to credit default swaps.

*In re Citibank Bond Litigation*
David Guin represents investors in certain of Citibank's many outstanding bond issues in the comprehensive Citibank securities litigation regarding, among other things, Citi's exposure to subprime and other CMO and CDO risks.

*MNP Holdings v. Jefferson County*
David Donaldson and Tammy Stokes were Lead Class Counsel in this case for Jefferson County, Ala. taxpayers whose properties had been sold at tax sales for overbids and who have redeemed and are owed refunds of interest. A full recovery was obtained for the taxpayers.

*In re PNB Holding Co. Shareholders Litigation,* No. Civ. A 28-N, 2006 WL 2403999 (Del. Ch. Aug. 18, 2006)
John Wylie acted as one the Lead Counsel in this case, which involved the squeeze out of minority shareholders in an S-Corporation conversion. As such, he was directly involved in the development of the claims, the drafting of the pleadings, and discovery matters and issues, and worked directly with the expert regarding the fair value of the minority shareholders' investments. After trial, the Delaware Chancery Court awarded $1.22 million to the Plaintiffs as a result of the conflict of interest and the court's determination of fair value of the minority shareholders' stock.

*In re Xerox Corporation ERISA Litigation,* Civ. No. 3:02 cv 01138, 2008 WL 918539 (D. Conn. March 31, 2008); 483 F. Supp. 2d 2006 (D. Conn. 2007)
Mr. Watkins, as one of two Court-appointed Co-Lead Counsel, represented the participants in two of Xerox's retirement plans, who alleged that the plans' fiduciaries had breached their duties to the plans by mismanaging the plans' assets. Mr. Watkins and Mr. Wylie were involved in all aspects of this case, from drafting the complaint and briefing several motions to dismiss to discovery, taking numerous depositions, including that of Xerox's former CEO. Mr. Watkins and Mr. Wylie were part of the team of plaintiffs' lawyers engaged in the nearly yearlong mediation that ultimately



resulted in a settlement of $51 million in 2008.

***In re Bank One Securities Litigation, First Chicago Shareholders Claims,*** 209 F.R.D. 418 (N.D. Ill. 2002)
Mr. Watkins' and Mr. Wylie's former firm acted as Lead Counsel in this securities fraud action brought on behalf of former shareholders of First Chicago NBD Bank challenging Bank One Corporation's 1998 acquisition of First Chicago NBD under Sections 11 and 12 of the Securities Act of 1933 and Section 14 of the Securities Exchange Act of 1934. After defeating the defendants' motion to dismiss, obtaining class certification, and intensive discovery, the defendants agreed to settle the case in 2005 for $120 million, at the time the second-largest securities settlement ever in the Seventh Circuit.

***Hankins v Jefferson County.***
Dawn Evans and Tammy Stokes are Lead Counsel in this class action challenging the constitutionality of certain sewer impact fees.

***Morris v Telecheck***
Tammy Stokes was Lead Class Counsel in this FCRA class action.

***In re Farmer's Insurance Litigation Multi-District Litigation.***
David Donaldson and Tammy Stokes are Class Counsel in this certified FCRA class action alleging the failure to send Adverse Action notices.

***Sears Roebuck Bond Redemption***
David Guin represented a major insurance company with a substantial investment in Sears Roebuck bonds that were wrongfully and prematurely redeemed.

***Brown v. Trilegiant***
David Guin and Tammy Stokes were Plaintiff's Co-Lead Class Counsel in this case brought pursuant to the Credit Repair Organizations Act.

***David L. Cochran v. Mitsubishi Motors Credit of America, Inc.,***
Tammy Stokes was Plaintiffs' Class Counsel in this case under the Fair Credit Reporting Act.

14



***In re Vesta Securities Litigation***
Vesta's Principal Accounting Officer retained Donaldson & Guin to advise her regarding her responsibilities under the securities laws prior to disclosure of certain accounting treatments. We guided her through the disclosure process, and when lawsuits were filed, we were able to obtain her dismissal from the litigation by demonstrating that she had acted appropriately at all times.

***In re "Just For Feet" Securities Litigation***
David Donaldson and Tammy Stokes successfully represented a large shareholder who had sold a chain of shoe stores to Just-For-Feet in exchange for stock in the company.

***In re MedPartners Securities Litigation***
David Guin served as Liaison Counsel in this securities fraud litigation for a class of purchasers of MedPartners' Threshold Appreciation Price Securities.

***Culpepper v. Inland Mortgage Corp.***
Donaldson & Guin, LLC represented the plaintiffs in this class action regarding the defendant's improper use of "yield spread premiums". Donaldson also has testified before the U.S. Senate Banking Committee concerning the use of such fees in the mortgage industry. As a result of the *Culpepper* litigation, HUD created new rules designed to save consumers $3.75 billion per year. *See Culpepper v. Inland Mortg. Corp.*, 132 F.3d 692 (11th Cir.), *rehearing denied*, 144 F.3d 717 (11th Cir. 1998); *Culpepper v. Irwin Mortg. Corp.*, 253 F.3d 1324 (11th Cir. 2001), *cert. denied*, 122 S.Ct. 930 (2002).

***Blue Cross and Blue Shield of Alabama, et al v. BASF Corporation (Synthroid® Marketing Litigation).***
Our firm was appointed Co-Lead Counsel for Blue Cross/Blue Shield of Alabama and a class of third-party payors ("TPPs"), including health insurers, managed care organizations, and self-funded health benefit plans, that alleged that the defendants' illegal marketing practices violated the Racketeer Influenced and Corrupt Organizations Act (RICO), causing the TPPs to be overcharged for Synthroid®, a thyroid medication. We also represented the States of Alabama and Louisiana in related litigation, whereby we obtained refunds of amounts those states had been overcharged with respect to Medicaid reimbursements.



***United Wisconsin Services, Inc., et al. v. Mylan Laboratories, Inc., et al. (Lorazepam Marketing Litigation).***
Our firm served as counsel for a class of third-party payors ("TPPs"), including health insurers, managed care organizations, and self-funded health benefit plans, that alleged that the defendants conspired to establish and maintain an illegal monopoly in violation of federal antitrust laws in the markets for lorazepam (generic form of Ativan®) and clorazepate dipotassium (generic form of Tranxene®), two anti-anxiety drugs.

***Sebago v. Beazer East, Inc. (f/k/a Koppers), Johns Manville Corp. and Schuller International.***
Guin served as Class Counsel in this class action against the manufacturers of a commercial roof insulation product—"phenolic foam" or "PFRI"—that leaches acids that can corrode metal roof decks. The plaintiffs' RICO claims withstood the defendants' motions to dismiss (*see* 18 F.Supp.2d 70 (D. Mass. 1998)), and after an additional two years of litigation, the case settled for approximately $200 million.

***Charter Communications Late Fee Litigation.***
Donaldson & Guin, LLC was Co-Lead Counsel in a nationwide class action against Charter Communications.

***Hosea v. The Managers Fund, L.P. et al.***
David Guin served as Lead Counsel in this securities class action brought under the Securities Act of 1933, the Securities Exchange Act of 1934 and the Investment Company Act, against a mutual fund and its advisors regarding the fund's investments in high-risk mortgage derivatives. The mutual funds at issue in that case held themselves out as safe and stable government bond funds when, in fact, they were so overloaded with exotic derivative securities that the funds collapsed when interest rates changed only slightly. The funds were managed by Worth Bruntjen, who also managed the Piper Jaffray government bond funds that similarly collapsed.

***The Retirement Systems of Alabama, et al. v. The May Dept. Stores Co.***
David Guin was one of the plaintiffs' counsel in this action on behalf of group of institutional holders of over $240 million of debentures (including the Retirement Systems of Alabama, CalPERS, the New York State Common Retirement Fund, and similar funds of the States of Washington and Montana, as well as insurance companies, mutual funds and other investors) for wrongful redemption; *See* "Corporate Issuers Use Bluff-and-Threat Call Gambit," *The Wall Street Journal*, Nov. 2, 1992; "May Stores Named in Suit on Bond Calls," *The Wall Street Journal*, Dec. 15, 1992;

"STACked Deck: Bondholders Get Tough Over Tender Deal," by Ben Stein, *Barron's*, June 21, 1993, at 14-15; "STACking the Deck on Bondholders," *Corporate Finance,* June 1993, at 26-29; and a number of other articles pertaining to refunding of "nonrefundable" bonds.

### In re Comptronix Securities Litigation
David Guin was Lead Counsel in this well-known securities class action that is often used as an example of financial fraud in auditing textbooks. *See* "Behind a Small Alabama Company's Sudden Fall," *The New York Times*, December 4, 1992, "Comptronix Can Do No Wrong, Can It? Guntersville Asks," *The Wall Street Journal*, December 4, 1992; and numerous other newspaper articles. *See also In re Comptronix Securities Litigation*, 831 F.Supp. 1563 (N.D. Ala. 1993).

### Hynes v. The Enstar Group, Inc., et al.
David Donaldson was Lead Class Counsel in this securities fraud class action alleging that Enstar's stock price was artificially inflated as a result of defendants' failure to disclose kickbacks paid by Drexel Burnham Lambert, Inc. and Michael Milken to officers of the company to induce them to purchase Enstar junk bonds underwritten by Drexel, which would create the appearance of a market for such bonds and permit Milken and Drexel to manipulate the price of their junk bonds; *See* "City Law Firm Scoring Wins In Big-Stakes Securities Cases," *The Birmingham News*, August 23, 1993).

### Presidential Life Insurance Co. v. Milken
This case arose out of bankruptcy claims against Michael Milken related to our Enstar litigation. Our firm was co-counsel for a class of claimants who obtained a $4.1 million award in 1997.

### United Municipal High Income Bond Fund v. Patriots Point Development Authority, et al.
David Guin was Lead Class Counsel representing a mutual fund and others in this action filed on behalf of defrauded bond investors. See 772 F. Supp. 1565 (D. S.C. 1991).

### Bettner v. Georgia-Pacific
Mr. Guin was Lead Counsel in this national class action alleging that G-P's hardboard siding prematurely rots.



***Coleman v. GAF Building Products Corp.***
David Guin was Class Counsel in this national class action alleging that GAF's roofing shingles prematurely fail.

***In re Telectronics Atrial "J" Lead Products Liability Litigation***, 953 F. Supp. 909 (S.D Ohio 1997); 172 F.R.D. 271; 168 F.R.D. 203 (1996); 164 F.R.D. 222 (1995). Mr. Guin was a member of the Plaintiffs' Steering Committee in this nationally-certified MDL class action alleging that defective pacemaker lead wires are prone to fracture, subjecting patients to the risk of heart muscle tears and lacerations. In the Order approving the settlement, Judge Spiegel stated the following regarding Mr. Guin and the other Class Counsel:

> [T]he professional skill and standing of all counsel involved on behalf of the class was highly commendable. This case represents hard-fought litigation, and, in the beginning, a settlement appeared almost inconceivable. Class Counsel demonstrated their professionalism and skill by, after receiving the findings of the summary jury trial and being made aware of the strengths and weaknesses of their case, constructing a settlement from the remaining assets of TPLC.... Recognizing the extensive amount of time, services, and skill Class Counsel expended in this case, the Court concludes that the reputations of Class Counsel are well earned.

Order approving settlement, dated March 5, 1999, at 66-67. See also id., at 45 ("We find that these attorneys (specifically naming Mr. Guin), serving with others as Class Counsel, are extremely well qualified and experienced in medical class action litigation. Certainly, Class Counsel's recommendation to approve the settlement is well-informed. The Court heeds the recommendation of such experienced counsel.")

***In re Copley Pharmaceutical "Albuterol" Product Liability Litigation***, 158 F.R.D. 485 (W.D. Wy. 1994); 161 F.R.D. 485 (1995).
Mr. Guin was appointed by the Court to the Plaintiffs' Steering Committee in this national MDL class action against the manufacturer of a bronchodilator medication that had been contaminated with dangerous bacteria. The case settled for $150 million after 42 days of trial.

18



***Sandpiper Cove Condominium v. Louisiana Pacific Corp.***
Mr. Guin was Class Counsel in this national class action alleging that L-P's Inner Seal "oriented strand board" siding prematurely rots. The case settled in 1996 for what is now estimated to be a minimum payout of $750 million. Guin served on the negotiating team that structured this settlement, which has been modeled in many other consumer cases.

***Woodward v. NOR-AM Chemical Co.***
The Court appointed Mr. Donaldson to the three-member Plaintiffs' Executive Committee in this nationwide class action on behalf of workers exposed to an insecticide that was withdrawn from the market when studies indicated that it might cause an increased risk of bladder cancer.

***Mashburn, et al v. National Healthcare, Inc., et al.***, 684 F. Supp. 679 (M.D. Ala. 1988).
David Guin represented a class of stock and bond investors in this securities fraud case for the fraudulent initial registered offerings. Judge Joel Dubina, who now serves on the Eleventh Circuit Court of Appeals, said the following about plaintiffs' counsel in his opinion approving a classwide settlement:

> Each attorney is experienced to handle cases of this complexity. They all have excellent reputations in the legal community and possess the level of competence, perseverance and commitment to litigate such complex cases to successful conclusions, as demonstrated by the results achieved in this case.

*Id.* at 699. *See* additional published opinion at 684 F. Supp. 660 and related article at *The Wall Street Journal*, p. 2, col. 1, Sept. 4, 1987.

***In re Kenbee Securities Litigation***
Donaldson was a member of the Plaintiffs' Steering Committee in this class action on behalf of investors in 114 limited partnerships that financed the construction of Wal-Mart facilities.

***The South Carolina National Bank v. Stone*** (Skylyn Hall Retirement Center municipal bonds), 139 F.R.D. 325 (D. S.C. 1991); 139 F.R.D. 335 (D. S.C. 1991); 749 F. Supp. 1419 (D. S.C. 1990); see related article at "An Expensive Free Lunch,"

*Forbes* (Jan. 25, 1988). David Donaldson and David Guin were Class Counsel in this case involving defaulted municipal bonds.

***Ayers v. Sutliffe***, and ***Randolph County Fed. Sav. & Loan v. Sutliffe***, (S.D. Ohio) (First Humanics municipal bond litigation), [Transfer Binder] Fed. Sec. L. Rep. ¶ 96,552 (S.D. Ohio 1992).

David Guin and David Donaldson were class counsel in this RICO and securities fraud class action brought on behalf of purchasers of 21 separate municipal bond issues over a 32 year period to finance the acquisition of nursing homes, and which operated as a massive Ponzi scheme; jury verdict against Deloitte & Touche accounting firm and other defendants after a seven week trial for twelve counts each of securities fraud, RICO and common law fraud; one of the first cases to use novel "paperless trial" techniques to display all documentary exhibits, transcripts and videotaped testimony on computers throughout the courtroom. *See* "Reach for the Sky," *Forbes* (Aug. 17, 1992). [Although we have not been back to this courtroom, we have been told that there is now a historical plaque memorializing this first paperless trial.]

***Pearson v. Keller***, (W.D. Ark.).

Messrs. Donaldson and Guin were Lead Trial Counsel; class action judgment for securities fraud in connection with two stock offerings was obtained after a full trial on the merits; see class certification opinions condensed in 12 Class Action Reports 30-31 (Jan./Feb. 1989)

***Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson***, 501 U.S. 350, 111 S. Ct. 2773, 115 L. Ed. 2d 321, 59 USLW 4688, Fed. Sec. L. Rep. P 96,034 (1991).

David Guin filed an Amicus Brief for the National Bondholders' Association in this case determining the limitations period appropriate for claims brought pursuant to Rule 10b-5 and Section 10(b) of the Securities Exchange Act.

***Freeman v. Laventhol & Horwath***, 34 F.3d 333, 63 USLW 2132, Blue Sky L. Rep. P 74,059, Fed. Sec. L. Rep. ¶ 98,326, 1994 Fed. App. 258P (6th Cir. 1994).

David Guin was class counsel in this municipal bond fraud class action.

***In re "2 Connect" Securities Litigation*** (Circuit Court of Jefferson County, Alabama). Donaldson served as Co-Lead Counsel in this settled securities class action.



***In re Ross Cosmetics Sec. Litig.*** (D.S.C.)
David Guin served as Class Counsel in this securities class action involving a scheme to artificially inflate the trading price of Ross Cosmetics securities.

***In re T² Securities Litigation*** (N.D. Ga.)
David Guin was Class Counsel in this securities class action involving fraudulently inflated prices of common stock.

***In re OPTI, Inc. Securities Litigation*** (N.D. Cal.)
David Guin was one of Class Counsel in this fraud-on-the-market common stock case.

***O'Malley v. Boris***, 2002 WL 453928 (Del. Ch.) and 2001 WL 50204 (Del Ch.)
Messrs. Watkins and Wylie acted as Trial Counsel for a plaintiff class consisting of 269,000 clients of an investment brokerage firm in this class action which alleged the firm breached its fiduciary duties of loyalty and disclosure in engineering a swap of its clients' investments to a third party's mutual funds in exchange for an equity interest in an advisory firm to those funds. The case was settled on the day of trial, following the Delaware Supreme Court's reversal of the Chancery Court's dismissal of the suit, and the Chancery Court's subsequent class certification and grant of summary judgment on liability in favor of the plaintiff class.

***Canel v. Lincoln Nat'l Bank***, 1998 WL 1760544 (N.D. Ill. 1998)
John Wylie acted as Co-Lead Counsel in a breach of fiduciary duty class action involving a squeeze out of minority shareholders in a bank acquisition.

***Schelly v. Mfrs. Nat'l Corp.***, No. 99-00820 (Cir. Ct. Cook County, Ill., Chancery Div.)
John Wylie again acted as Co-Lead Counsel in this case, which involved the breach of fiduciary duty owed by a majority shareholder to the minority shareholders of a local bank.

***In re NationsMart Corp. Sec. Litig.***, No. 94-2182 (E.D. Mo.)
Messrs.' Watkins' and Wylie's former firm acted as Lead Counsel in this securities class action brought under Section 11 of the Securities Act of 1933. After extensive discovery, including the review of thousands of pages of documents and numerous depositions, and the Eighth Circuit's reversal of the trial court's dismissal, the case settled in November 1998 for $2.4 million.



***In re HealthSouth ERISA Litigation***, No. 03-1700 (N.D. Ala.)
John Wylie served as a member of the Steering Committee in this case, which alleged that fiduciaries of the employee stock ownership plan breached their duties by maintaining imprudent investments in company stock and failing to monitor the activities of other fiduciaries engaged in accounting fraud. The case settled for $28.85 million in 2006.