# EXHIBIT J

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Bovay et al, Plaintiffs

v.

Sears Roebuck & Co., Defendant

No. 01 CH 18096 Consolidated
02 CH 4693
03 CH 7605

### ORDER

This matter coming before the Court for ruling on Plaintiffs' Motion for Entry of an Order Certifying the Class, Appointing Class Representatives and Co-Lead Class Counsel, due notice given and the Court apprised in the premises;

entered by Court forthwith; the parties are directed to appear for status on May 6, 2008 at 10:00AM without further notice, the Court having granted plaintiffs' motion as modified in the order being entered forthwith, and which ruling is incorporated herein.

ENTERED:
JUDGE RICHARD BILLIK, JR. - 1585
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

Atty. No.: 34944
Name: Lasky & Rifkind Ltd
Atty. for: Plaintiff
Address: 350 N LaSalle St 1320
City/State/Zip: Chicago, IL 60610
Telephone: 312-634-0057

Dated: _____

Judge _____ Judge's No.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| ARIN A. BOVAY, NANCY WOODS and ELIZABETH TURNER, individually and on behalf of all others similarly situated, | ) ) ) ) | 01 CH 18096 |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| SEARS, ROEBUCK AND CO., | ) ) | |
| Defendant. | ) | Consolidated with |
| MARK TRIEZENBERG and MARY E. RAWSON, | ) ) ） | |
| Plaintiffs, | ) ) | 02 CH 04693 |
| v. | ) ) | |
| SEARS, ROEBUCK AND CO., | ) ) | |
| Defendant. | ) | |
| PATRICIA CLARK, et al., individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | 03 CH 07605 |
| v. | ) ) | |
| SEARS, ROEBUCK AND CO., | ) ) | |
| Defendant. | ) | |

## RULING

This matter coming before this court on a motion for entry of an order certifying the class, appointing class representatives and appointing co-lead class counsel; a response having

-1-

been presented by Sears, Roebuck & Co. ("Sears"), and the court, having heard from both sides and being further advised in the premises, states as follows:

Plaintiffs, Nancy Woods, Elizabeth Turner, Patricia Clark, Richard Terrell Gore, Mary Rodriguez, Mark Triezenberg and Mary E. Rawson (collectively "plaintiffs"), filed a consolidated motion for class certification that this court ruled on after the parties briefed the matter and a hearing was held. (See order of February 19, 2008 ("Ruling")). Plaintiffs' motion for class certification was granted in part and denied in part without prejudice for plaintiffs to submit for consideration a revised class definition. (See Ruling at 20). As a result of said ruling and the court appearances on March 5 and March 11, 2008, plaintiffs have presented the instant motion containing a proposed class definition for consideration. As indicated in the motion, plaintiffs have, for all practical purposes, adopted the class definition contained in the order entered in the "twin" California litigation of Utility Consumers' Action Network, et al. v. Sears, Roebuck & Co., et al., Case No. 306232, (Sup. Ct. Cal., County of San Francisco) and which is referred to in the parties' submissions in connection with plaintiffs' previously filed consolidated motion for class certification. (See plaintiffs' motion at para. 3).

This court found that the statutory elements to certify a class of Sears' credit card holders has been established regarding the actionable disclosures to third-parties alleged in plaintiffs' pleadings. (See Ruling at 20). This court restates and so finds with respect to the class certified herein that plaintiffs have demonstrated that (1) the class is so numerous that joinder of all members is impracticable; (2) common questions of fact or law predominate over individual questions; (3) the representative parties will fairly and adequately represent the interests of the

class; and (4) a class action is an appropriate method for fairly and effectively resolving the controversy. (See 735 ILCS 5/2-801).

To the extent necessary, this court incorporates herein the references to the applicable law and specific matters found from the record as stated in the Ruling. After taking into consideration the response filed by Sears to plaintiffs' instant motion and the further arguments made by both sides, this court has accepted the definition proposed by plaintiffs, with a certain modification, that is consistent with the Ruling. The class definition should specify the four third-party vendors identified in the plaintiffs' pleadings and also not reference scrambled social security numbers.

The entry of this order does preclude consideration, if necessary and appropriate, of a sub-classification or amendment to the class definition depending upon further progress of this litigation.

IT IS HEREBY ORDERED based upon plaintiffs' motion, the prior Ruling, the parties' arguments that:

plaintiffs' motion for entry of an order certifying the class appointing class representatives and appointing co-lead class counsel is granted as follows:

1. The certification of the class as follows:

> All persons and entities in the United States, excluding members of the California class in Utility Consumers' Action Network, et al. v. Sears Roebuck & Co., et al., Case No. 306232, in the Superior Court of the State of California, County of San Francisco, who, between September 9, 1995 and June 22, 2001: (1) was a Sears credit card customer; and (2) had certain information (name, address, telephone number and scrambled or unscrambled credit card number disclosed by Sears to a third-party vendor, Memberworks, Cendent, Encore Marketing and/or Allstate Motor Club, with whom Sears has or had a contract, agreement or understanding to disclose certain information and pursuant to which Sears was entitled to receive money, directly or indirectly, as a result of any sales of goods, programs or

services by the third-party vendor to Sears credit card holders or through an administrative, service or transaction fee (the "Class"). Excluded from the Class is any parent, subsidiary or affiliate of Sears (cumulatively "Sears"), and all Sears' officers and directors.

2. The following individuals are appointed as Class Representatives: Patricia Clark, Richard Terrell Gore, Mary E. Rawson, Mary Rodriguez, Mark Triezenberg, Elizabeth Turner, and Nancy Woods.

3. Ben Barrow, Barnow and Associates, P.C., William J. Harte, William J. Harte, Ltd., Bonny E. Sweeney, Coughlin Stoia Geller Rudman & Robbins LLP, and Norman Rifkind, Lasky & Rifkind, Ltd., are hereby appointed as Co-Lead Class Counsel.

DATED: April 7, 2008            ENTERED:

_____
Richard J. Billik, Jr., Judge

-4-