# EXHIBIT N

**Ben Barnow**

| | |
|---|---|
| **From:** | Weibell, Anthony <aweibell@wsgr.com> |
| **Sent:** | Friday, August 31, 2012 5:54 PM |
| **To:** | Blake A. Strautins |
| **Cc:** | b.barnow@barnowlaw.com; 'John Wylie'; Glaw123@aol.com; 'Sharon Harris'; 'Brian Strange'; emcnicholas@sidley.com; cthompson@sidley.com; Cunningham, Leo; Rubin, Michael; rcoffman@coffmanlawfirm.com; 'Lance Harke'; 'Howard'; 'Shpetim Ademi'; 'David Syrios'; 'Hassan Zavareei'; 'Jeffrey Kaliel' |
| **Subject:** | RE: In re: Google Inc. Cookie Placement Consumer Privacy Litigation |

Hi Blake,

Google's position remains as stated in my earlier email. Because the parties previously agreed to table the issue of initial disclosures until at least after class counsel has been appointed, we do not have plans to file anything with the court prior to that time other than a possible response to the recent motion to appoint class counsel.

Tony

---

**From:** Blake A. Strautins [mailto:b.strautins@barnowlaw.com]
**Sent:** Thursday, August 30, 2012 1:55 PM
**To:** Weibell, Anthony
**Cc:** b.barnow@barnowlaw.com; 'John Wylie'; Glaw123@aol.com; 'Sharon Harris'; 'Brian Strange'; emcnicholas@sidley.com; cthompson@sidley.com; Cunningham, Leo; Rubin, Michael; rcoffman@coffmanlawfirm.com; 'Lance Harke'; 'Howard'; 'Shpetim Ademi'; 'David Syrios'; 'Hassan Zavareei'; 'Jeffrey Kaliel'
**Subject:** RE: In re: Google Inc. Cookie Placement Consumer Privacy Litigation

Tony,

I have not heard back from you. Please provide me with answers to the matters set forth in my email below—which I sent to you on August 23, 2012—by the close of business tomorrow. Thank you.

Blake

---

**From:** Blake A. Strautins [mailto:b.strautins@barnowlaw.com]
**Sent:** Thursday, August 23, 2012 5:22 PM
**To:** 'Weibell, Anthony'
**Cc:** 'b.barnow@barnowlaw.com'; 'John Wylie'; 'Glaw123@aol.com'; 'Sharon Harris'; 'Brian Strange'; 'emcnicholas@sidley.com'; 'cthompson@sidley.com'; 'Cunningham, Leo'; 'Rubin, Michael'; 'rcoffman@coffmanlawfirm.com'; 'Lance Harke'; 'Howard'; 'Shpetim Ademi'; 'David Syrios'; 'Hassan Zavareei'; 'Jeffrey Kaliel'
**Subject:** RE: In re: Google Inc. Cookie Placement Consumer Privacy Litigation

Tony,

Thank you for your email. I do not agree with your view of what was "agreed to" between the parties on the call with all counsel on July 20, 2012, in which I participated.

1

During that call, Brian Strange and Steve Grygiel spoke on behalf of plaintiffs strictly for purposes of that call. On the issue of initial disclosures (which, pursuant to the Court's Order of July 3, 2012, were ordered to be immediately exchanged by the parties), while counsel for defendants wanted to put off exchanging initial disclosures, it was made clear that plaintiffs could not agree to that, particularly in light of the Judge's Order. The parties agreed to table the issue of exchanging initial disclosures for the moment, as Brian and Steve had stated that they thought that counsel were close to coming to an agreement on the organization of plaintiffs' counsel. No such agreement was reached, and in compliance with the Court's order, I forwarded the required initial disclosures to you on behalf of various plaintiffs in this matter; I have received no such disclosures from Google.

I do not see that the stipulated order supersedes the Court's Order of July 3, 2012, regarding the exchange of initial disclosures. In fact, the stipulated order does not mention or address the outstanding requirement that said disclosures be exchanged, and the stipulated order was agreed to between the parties with full knowledge by defendants that plaintiffs were prepared to proceed with the exchange of initial disclosures as ordered by the Court.

The Court's Order of July 3, 2012 provides that initial disclosures are to be exchanged immediately. We have complied with the Court's order. We ask that your client also complies with the Court's order. If not, will you be filing a motion with the Court requesting an extension of the deadline to exchange initial disclosures? Please advise at your earliest convenience so that we can resolve this matter as expeditiously as possible. If there are other facts that you think that we are unaware of and are important to the requested compliance, we welcome hearing from you. Thank you.

Best,
Blake

---

**From:** Weibell, Anthony [mailto:aweibell@wsgr.com]
**Sent:** Thursday, August 23, 2012 8:35 AM
**To:** Blake A. Strautins
**Cc:** b.barnow@barnowlaw.com; 'John Wylie'; Glaw123@aol.com; 'Sharon Harris'; Brian Strange; emcnicholas@sidley.com; cthompson@sidley.com; Cunningham, Leo; Rubin, Michael
**Subject:** RE: In re: Google Inc. Cookie Placement Consumer Privacy Litigation

Blake,

Thank you for providing these initial disclosures. As the parties agreed during their telephone conference on July 20, 2012, any discussion of the appropriateness of initial disclosures in this action will be deferred until after the plaintiffs' counsel leadership structure has been approved. The parties also agreed that no party will take the position that initial disclosures are due prior to that future discussion to be had with the appointed interim class counsel.

Further, as you are aware, following entry of the Court's July 3, 2012 order, the Court signed the parties' stipulated proposed order regarding consolidation of these cases. Pursuant to that order, the individual cases in this MDL are no longer independent and plaintiffs are to file an amended consolidated complaint. Without a consolidated complaint on file, Google cannot provide initial disclosures because it is unknown what claims and defenses, as well as evidence and witnesses, the consolidated complaint will put in issue.

Lastly, depending on the content of the consolidated complaint and other factors affecting this complex litigation, it might not be appropriate to exchange initial disclosures. Google will seek to resolve any such issues with the appointed interim class counsel.

Tony

---

**From:** Blake A. Strautins [mailto:b.strautins@barnowlaw.com]
**Sent:** Monday, August 06, 2012 10:45 AM
**To:** Rubin, Michael; Weibell, Anthony; Cunningham, Leo; emcnicholas@sidley.com; cthompson@sidley.com
**Cc:** b.barnow@barnowlaw.com; 'John Wylie'; Glaw123@aol.com; 'Sharon Harris'
**Subject:** RE: In re: Google Inc. Cookie Placement Consumer Privacy Litigation

Counsel,

Pursuant to and in compliance with the Court's Order of July 3, 2012, attached please find the Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1) for Plaintiffs Heinrich and Treis.

Please advise as to when we can expect to receive Defendants' initial disclosures pursuant to the Court's Order of July 3, 2012. Thank you.

Blake Strautins

---

**From:** Blake A. Strautins [mailto:b.strautins@barnowlaw.com]
**Sent:** Thursday, August 02, 2012 4:11 PM
**To:** 'Rubin, Michael'; 'Weibell, Anthony'; 'lcunningham@wsgr.com'; 'emcnicholas@sidley.com'; 'cthompson@sidley.com'
**Cc:** '<b.barnow@barnowlaw.com>'; 'Lance Harke'; 'Howard Bushman'; 'Richard Coffman'; 'Shpetim Ademi'; 'David Syrios'; '<s.harris@barnowlaw.com>'; 'Jeffrey Kaliel'; 'Hassan Zavareei'
**Subject:** In re: Google Inc. Cookie Placement Consumer Privacy Litigation

Counsel,

Pursuant to and in compliance with the Court's Order of July 3, 2012, attached please find the Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1) for Plaintiffs Allen, Clark, Jacobsen, Kreisman, Musgrove, and Oldenburg.

Blake A. Strautins
Barnow and Associates, P.C.
One North LaSalle, Suite 4600
Chicago, IL 60602
Phone: (312) 621-2000
Fax: (312) 641-5504
b.strautins@barnowlaw.com

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

No virus found in this message.
Checked by AVG - www.avg.com
Version: 2012.0.2197 / Virus Database: 2437/5219 - Release Date: 08/23/12