## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE GOOGLE INC. COOKIE PLACEMENT CONSUMER PRIVACY LITIGATION<br><br>This Document Relates To:<br>**All Actions** | C.A. No. 12-MD-02358 (SLR) |

### RESPONSE IN OPPOSITION TO THE KREISMAN PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL PURSUANT TO FED. R. CIV. P. 23(g)

**KEEFE BARTELS, LLC**
Stephen G. Grygiel (Del. Bar No. 4944)
John E. Keefe, Jr.
Jennifer L. Harwood
170 Monmouth St.
Red Bank, NJ 07701
732-224-9400
*sgrygiel@keefebartels.com*

*Counsel for Plaintiff Ana Yngelmo, Plaintiff Larry Sossin and Proposed Executive Committee Member*

**BARTIMUS, FRICKLETON, ROBERTSON & GORNY, P.C.**
James P. Frickleton
Mary D. Winter
Stephen M. Gorny
Edward D. Robertson, Jr.
11150 Overbrook Road, Suite 200
Leawood, KS 66211
913-266-2300
*jimf@bflawfirm.com*

*Counsel for Plaintiff James Henry Rischar and Proposed Executive Committee Member*

**STRANGE & CARPENTER**
Brian Russell Strange
Keith Butler
David Holop
12100 Wilshire Boulevard, Suite 1900
Los Angeles, CA 90025
310-207-5055
*lacounsel@earthlink.net*

*Counsel for Plaintiff Lourdes Villegas and Proposed Executive Committee Member*

**STEWARTS LAW US LLP**
David A. Straite (Del. Bar No. 5428)
Ralph N. Sianni (Del. Bar No. 4151)
Michele S. Carino (Del. Bar No. 5576)
Lydia E. York (Del. Bar No. 5584)
1201 North Orange Street
Wilmington, DE 19801
302-298-1200
*dstraite@stewartslaw.com*

*Counsel for Plaintiffs Matthew Soble and Bert Glaser, Proposed Steering Committee Member and Proposed Liaison Counsel*

DATED: SEPTEMBER 14, 2012

i

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

I.   INTRODUCTION ........................................................................................................ 1

II.  MOVING PLAINTIFFS' COUNSEL ARE MORE EXPERIENCED IN  PRECISELY THIS  KIND OF ELECTRONIC PRIVACY CASE ............................................................... 1

III. MOVING PLAINTIFFS STROVE TO DEVELOP FULL AGREEMENT ON LEADERSHIP STRUCTURE ........................................................................................ 4

IV.  MOVING PLAINTIFFS' COUNSEL HAVE SHOWN REQUIRED RESOURCES ........... 7

V.   CONCLUSION ............................................................................................................ 8

## TABLE OF AUTHORITIES

**Cases**

*Chin v. RCN Corp.*, 2010 WL 1257586 (S.D.N.Y. Mar. 12, 2010) .............................................. 3

*DeAngelis v. Corzine*, 2012 WL 1948847 (S.D.N.Y. May 21, 2012) ....................................... 5, 6

*DeLaventura v. Columbia Acorn Trust*, 417 F. Supp. 2d 147 (D. Mass. 2006) ............................ 8

*In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56 (E.D.N.Y. 2006) ........................ 7

*In re New Motor Vehicles Canadian Export Antitrust Litig.*, 270 F.R.D. 30 (D. Me. 2010) ......... 2

*In re Vioxx Products Liability Litig.*, 760 F. Supp. 2d 640 (E.D. La. 2010) .................................. 5

*Outten v. Wilmington Trust Co.*, 281 F.R.D. 193 (D. Del. 2012) ...................................... 1, 2, 7, 9

**Statutes**

California Constitution, Art. I, § 1 ................................................................................................. 2

Consumers Legal Remedies Act, Cal. Civ. Code, § 1750 *et seq.* .................................................. 2

Unfair Competition Law, Cal. Bus. and Prof. Code, § 17200 *et seq.* ............................................ 2

**Other Authorities**

3 *Newberg on Class Actions* § 9.31 (4th ed. 2002) ........................................................................ 7

Charles Silver and Geoffrey Miller, *The Quasi-Class Action Method of Managing Multi-District Litigations: Problems and a Proposal*, 63 VAND. L. REV. 107 (2010) ...................................... 7

Charles Silver, *The Responsibilities of Lead Lawyers and Judges in Multidistrict Litigation*, 79 FORDHAM L. REV. 1985, 2000 (2011) ................................................................................. 4, 8

Mark Lebovitch, Jerry Silk, Jeremy Freidman, *Making Order Out of Chaos: A Proposal to Improve Organization and Coordination in Multi-Jurisdictional Merger-Related Litigation* (2011) .................................................................................................................................. 3, 4, 8

## I. INTRODUCTION

Plaintiffs in 16 of 24 cases related to the above-captioned MDL (styled as the "Moving Plaintiffs") filed a motion for consolidation and for the appointment of interim co-lead counsel on August 28, 2012, *see* MDL D.I. 27. Defendant Google Inc. filed a two-page response on September 6, 2012, *see* MDL D.I. 29, in which it (1) took no position on, and reserved all rights concerning, appointment of Interim Class Counsel; (2) reserved all rights to dispute the factual and legal contentions in MDL D.I. 27; (3) supported consolidation of the *Dogga* and *Nobles* cases; (4) agreed with the Moving Plaintiffs' request for establishment of a briefing schedule for a motion to dismiss the anticipated Consolidated Complaint; and (5) agreed with the Moving Plaintiffs' request for suspension of the Rule 26(f) early disclosure requirements until the Consolidated Complaint has been filed and the parties have met and conferred. On September 7, 2012, a group of plaintiffs styled as the "Kreisman Plaintiffs" filed a competing motion for the appointment of interim co-lead counsel (the "Kreisman Motion"). *See* MDL D.I. 31. This brief responds to the Kreisman Motion and respectfully requests that the motion be denied.

## II. MOVING PLAINTIFFS' COUNSEL ARE MORE EXPERIENCED IN PRECISELY THIS KIND OF ELECTRONIC PRIVACY CASE

Ultimately, as this Court has ruled, "[e]xperience and knowledge of the law is of the utmost importance" in selecting lead counsel. *Outten v. Wilmington Trust Co.*, 281 F.R.D. 193, 200 (D. Del. 2012). Detailing its first-hand leadership and substantive experience in precisely this sort of electronic privacy rights case in a number of recent and pending cases – *Hulu, Kissmetrics, Facebook* – the Moving Plaintiffs demonstrated, by discussing cases, statutes, and internet privacy rights issues, what the Kreisman Plaintiffs counsel have not: substantive knowledge of the pleadings law, substantive privacy rights, and class action cases and principles that will largely shape this case. *See* MDL D.I. 27 at 8, 10 n.11, 11-12, 16-17, 18 n.18, 19.

Because California substantive law might apply in this case, a leadership candidate should also demonstrate, as the Moving Plaintiffs have – in particular through Mr. Strange's California privacy rights expertise – knowledge of the fundamental privacy rights established in the California Constitution, Art. I, § 1, the Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.*, the Unfair Competition Law, Cal. Bus. and Prof. Code, § 17200 *et seq.* (including its three disjunctive prongs: "unfair," "unlawful" and "fraudulent; its varying "consumer" and "competitor" tests for violations; and its cause in fact and economic loss provisions), and in California common law claims, for example, intrusion upon seclusion. Rule 23(g) requires *showing*, not just *telling*.[1] *See, e.g., Outten*, 281 F.R.D. at 198-201 (evaluation of proffered qualifications and knowledge of applicable law); *In re New Motor Vehicles Canadian Export Antitrust Litig.*, 270 F.R.D. 30, 35 (D. Me. 2010) (describing counsel's work in case, "extensive experience," conversance with "laws pertaining to antitrust actions" and "counsels' filings," to conclude "[g]iven this showing, I find that class counsel will satisfy the requirements of Rule 23(g)…."); *Chin v. RCN Corp.*, No. 08 Civ. 7349 (RJS) (KNF), 2010 WL 1257586, at * 2 (S.D.N.Y. Mar. 12, 2010) ("the Court finds the law firm . . . has demonstrated its adequacy to be appointed class counsel" for settlement class). Stopping with telling, the Kreisman Plaintiffs do not make the required showing.

Saying the Moving Plaintiffs have "nowhere…provide[d] a reasoned basis for the alleged complexity of what [the Kreisman Plaintiffs] assert is a relatively straightforward case," *see*

---

[1] Similarly, the Kreisman Plaintiffs say "the approach they offer is more efficient and better than the structure proposed by the Moving Plaintiffs…." MDL D.I. 31 at 2-3. They nowhere show *why* that might be so. Nor do they provide any basis for arguing the Moving Plaintiffs will be inefficient or ineffective in preparing and taking effective discovery, arguing motions, and readying the case for trial. Unlike the Kreisman Plaintiffs, the Moving Plaintiffs includes a firm, Stewarts Law, with an office just a few blocks from the Court. It is a rare case that does not benefit from having counsel physically close to the courthouse for hearings, conferences or emergency filings requiring courtesy copies to chambers and the like.

2

MDL D.I. 31, the Kreisman Plaintiffs, with some experience in data breach cases, seem to misapprehend this internet privacy rights case's very different issues and underestimate the Defendants' lawyers. A developed understanding of the newly emerging internet privacy rights law, and a careful reading of the statutes and exemplar cases cited in the Moving Plaintiffs' opening brief, shows that whatever descriptions the various privacy statutes might be given, "relatively straightforward" is not one of them. *See, e.g.,* MDL D.I. 27 at 8 n.9.

As support for the claim that this case is "relatively straightforward," *see* MDL D.I. 31 at 13, the Kreisman Plaintiffs cite to Google's most recent troubles with the FTC – in which Google controversially was allowed to settle related claims for a record fine without admitting any wrongdoing – which understates this case's legal issues and technological realities. Among other things, Google's settlement with the FTC removes another front on which Plaintiffs would have preferred Google remained forced to fight. Rather than portending smooth sailing for Plaintiffs here, Google's settlement with the FTC frees Google resources to fight with Plaintiffs. That is why the Moving Plaintiffs' group contains no "pilgrims," *i.e.* "early and easy settlers,"[2] but lawyers with proven ability and great desire to prepare and try large cases.[3] *See generally* Charles Silver, *The Responsibilities of Lead Lawyers and Judges in Multidistrict Litigation*, 79 FORDHAM L. REV. 1985, 2000 (2011) ("MDL statute anticipates . . . that what plaintiffs need

---

[2] *See* Mark Lebovitch, Jerry Silk, Jeremy Freidman, *Making Order Out of Chaos: A Proposal to Improve Organization and Coordination in Multi-Jurisdictional Merger-Related Litigation* at 2 (2011) ("repeat player defense counsel are acutely aware which plaintiffs' counsel are 'pilgrims' (*i.e.*, early and easy settlers)") (hereinafter "Making Order Out of Chaos" and attached as **Exhibit A**).

[3] Experienced and highly competent trial lawyers, such as those in the Moving Plaintiffs, tend to take highly effective depositions, argue motions successfully and negotiate advantageously. It's not simply a matter of "as to how many of those attorneys will be needed to try the case." MDL D.I. 31 at 14.

3

most is a team of aggressive lawyers who will get their cases ready for trial in the shortest possible time").

### III. COUNSEL FOR MOVING PLAINTIFFS STROVE TO DEVELOP FULL AGREEMENT ON LEADERSHIP STRUCTURE

Demonstrated ability to work cooperatively is an important qualification for MDL leadership. *See In re Vioxx Products Liability Litig.*, 760 F. Supp. 2d 640, 643 n. 4 (E.D. La. 2010) (favoring selection of lead counsel "best suited to handle the matter in a cooperative endeavor which is crucial for MDL proceedings;" "efficient and successful resolution of an MDL is dependent on coordination and cooperation of lead counsel on all sides" and describing "diplomatic skills" necessary for leadership lawyers); *see also DeAngelis v. Corzine*, No. 11 Civ. 7866 (VM), 2012 WL 1948847, at * 4 (S.D.N.Y. May 21, 2012) (approving proposed leadership structure that "evinces both an appreciation for the complexity of the Commodities Action and an ability to work cooperatively to create a decision-making framework among plaintiffs' counsel. Those qualities will likely prove indispensible…."). Suggesting that counsel for the Moving Plaintiffs lack that ability, counsel for the Kreisman Plaintiffs "regret that a more inclusive if not universal agreement amongst counsel was not developed and presented to the Court." MDL D.I. 31 at 1. They blame that failing on someone else's supposed failure to hold "a meeting" or do some "other serious review" to develop such agreement.[4] *See* MDL D.I. 31 at 1.

However, the Moving Plaintiffs' opening brief describes their counsel's early, numerous and substantive efforts to develop just such a universal agreement, establish a leadership structure and get this case moving. *See, e.g.,* MDL D.I. 28 at 3-4, n.6. As Google's Sept. 6,

---

[4]  Probably any lawyer who does not agree with the results of a privately ordered leadership structure would be tempted to criticize the process that produced that structure. That alone does not validate the criticism.

2012 filing demonstrates, litigants can make relatively little meaningful progress in a case like this until a leadership structure is in place, an Amended Consolidated Complaint is filed, and the parties have met and conferred to develop proper motion and discovery plans and schedules based on the legal claims and factual issues in the operative Complaint.  Piecemeal initial disclosures, uncoordinated discovery requests, strained requests for preliminary relief – the familiar panoply that amounts to little more than theater – are  inefficient and often meaningless until the parties and the Court know exactly what the operative claims are and all the Defendants are identified.

Reflecting the ability to cooperatively forge consensus, the diverse Moving Plaintiffs group – eighteen firms with sixteen cases supporting an efficient structure with only three firms on the Executive Committee – resulted from many discussions, negotiations and cooperative compromises about who should be charged with leadership roles.  Underscoring the substantially disparate interests that required identification and reconciliation, Mr. Grygiel argued at the JPML hearing for Delaware jurisdiction while Mr. Yanchunis argued for Florida and Mr. Strange for California.  Suggesting that Mr. Strange's firm, and the Seeger Weiss firm, were simply "added later" (MDL D.I. 31 at 13) to a monolithic "Moving Plaintiffs" group is inaccurate.  Mr. Strange and Mr. Shub initially disagreed with the Moving Plaintiffs' views.  Only after a number of discussions and reviews of their respective candidates' qualifications, did their firms join the group that had advocated for Delaware jurisdiction.

Similarly, counsel for the Moving Plaintiffs discussed the case with, and ultimately obtained support from, counsel for plaintiff Franchise Dynamics LLC, who had filed in Illinois, and counsel for plaintiff Mr. Dogga, who had filed in Connecticut.  Such efforts to reach consensus deserves significant weight: "'That a large number[ ] of experienced counsel are

5

satisfied to be represented by [proposed co-lead counsel] . . . is some measure of the respect they command and the confidence of their peers that they will serve well in that role.'" *DeAngelis*, 2012 WL 1948847, at * 4 (quoting *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 58 (E.D.N.Y. 2006)).

In addition to the successful efforts to achieve consensus among eighteen different law firms, Mr. Grygiel and Mr. Strange took the initiative and expended considerable effort to achieve unanimity. They spoke separately with Kreisman Group member Mr. Harke at length. Mr. Grygiel exchanged messages with Mr. Coffman. Mr. Grygiel and Mr. Strange spoke in detail with Mr. Barnow, including discussion of a role for Mr. Barnow on the Steering Committee. At Mr. Barnow's request, Mr. Grygiel faxed to him immediately afterward the resumes of proposed leadership lawyers. Mr. Strange spoke again separately with Mr. Barnow. Mr. Grygiel called, emailed and ultimately spoke at some length with Mr. Zaveeri. They discussed, among other things, the undeniable value in developing the "universal agreement" the Moving Plaintiffs were striving to develop and the Kreisman Plaintiffs now say they wanted. *See Outten*, 281 F.R.D. at 197, n.8 ("Generally, however, courts prefer that parties themselves agree on lead counsel and only look to the court to make the decision in 'extraordinary circumstances.'") (quoting 3 *Newberg on Class Actions* § 9.31 (4th ed. 2002)). Mr. Zaveeri conferred with Mr. Barnow to see if such agreement was possible. Mr. Grygiel had understood Mr. Zaveeri would get back to him.

Counsel for the Moving Plaintiffs worked hard for weeks to develop full consensus. But that process must at some point end so the case can truly begin.[5] Delay typically favors

---

[5] Commentators have lamented the inherently difficult business of developing, implementing and monitoring lead counsel structures in MDL cases. *See, e.g.,* Charles Silver and Geoffrey Miller, *The Quasi-Class Action Method of Managing Multi-District Litigations: Problems and a Proposal*, 63 VAND. L. REV. 107, 119 (2010) (Manual for Complex Litigation's criteria for lead

defendants and is already inherent in MDL practice. *See, e.g., DeLaventura v. Columbia Acorn Trust*, 417 F. Supp. 2d 147, 150, 155 (D. Mass. 2006) ("Commentators generally agree that MDL practice favors the defense" in part because "MDL practice is slow, very slow.").

## IV.   MOVING PLAINTIFFS' COUNSEL HAVE SHOWN REQUIRED RESOURCES

Google is a large corporation, represented by Wilson Sonsini Goodrich & Rosati, one of the 100 largest firms in America with over 550 lawyers. Wilson Sonsini advertises itself as "the premier legal advisor to technology….enterprises worldwide." *See* **Exhibit B**. The Kreisman Motion, however, while proposing a leadership structure including three accomplished and credentialed lawyers, fails to provide any facts sufficient to demonstrate that the Kriesman group could match Google's resources; indeed, the Motion only identifies one lawyer in each of the three firms comprising the leadership structure. Even if we go beyond the pleading and review the firms' websites to give the Kreisman group the benefit of the doubt, the entire proposed leadership structure lacks sufficient resources: five lawyers at the Harke Clasby firm, two at the Coffman firm, and at least one at the Barnow firm.[6] In contrast, the firms comprising the leadership team proposed by the Moving Plaintiffs collectively have almost 200 lawyers. Small firms and even solo practitioners often have much to contribute to leadership teams in complex

---

MDL counsel are problematically "vague," but noting "judges usually appoint well-qualified lawyers to lead positions); Charles Silver, *The Responsibilities of Lead Lawyers and Judges in Multi-District Litigations*, 79 FORDHAM L. REV. 1985 (2011); Making Order Out of Chaos at 4 ("[W]here only one or two complaints challenge a deal, the lawyers will organize themselves. When seven or eight complaints challenge the same deal, chaos ensues."). Creating disincentives to unwarranted intransigence might well be a proper part of any system. Of course, one lawyer's unwarranted intransigence is another's refusal to accept an unreasonable proposal.

[6] The Barnow firm does not appear to have a website. Moving Plaintiffs believe the Barnow firm has eight lawyers, but the Kriesman Motion provides no such information.

class actions, but in this particular action, the structure in the aggregate should have greater resources than those proffered by the Kriesman group if the class is to be sufficiently protected.[7]

## V.   CONCLUSION

The Moving Plaintiffs welcome the Court's review of the qualifications and resources of their proposed interim co-lead counsel because they "will best serve the interests of the plaintiffs." *Outten*, 281 F.R.D. 197 (citations omitted).  The Kreisman Plaintiffs have not shown why, through facts and reasoning applied to those facts, their proposal would better represent the prospective class.  Nor have they shown greater relevant experience.  Nor have they demonstrated superior satisfaction of the criterion of "utmost importance" for the appointment they seek: knowledge of the law that will shape this case.  *Outten*, 281 F.R.D. at 200.

The Moving Plaintiffs respectfully request that this Court deny the Kreisman Plaintiffs' Rule 23(g) Motion.

---

[7] In addition, the Kreisman leadership team consists of counsel only from Florida, Louisiana and Illinois, without any local counsel.  The leadership team proposed by Moving Plaintiffs, in contrast, has several firms with at least one office within driving distance of this Court (Keefe Bartels and Eichen Crutchlow in New Jersey; Murphy P.A. in Baltimore; Seeger Weiss in Philadelphia; and Stewarts Law in Wilmington).  MDL leadership teams can certainly consist of counsel exclusively from far-flung locales, but in such situations the Moving Plaintiffs respectfully submit that the class would be better protected if proposed lead counsel at least arranges for local counsel.

Dated: September 14, 2012  Respectfully submitted,

**KEEFE BARTELS, LLC**

*/s/ Stephen G. Grygiel*
Stephen G. Grygiel (Del. Bar. No. 4944)
John E. Keefe, Jr.
Jennifer L. Harwood
170 Monmouth St.
Red Bank, NJ 07701
732-224-9400
*sgrygiel@keefebartels.com*

*Counsel for Plaintiffs Ana Yngelmo and Larry Sossin and Proposed Executive Committee Member*

**BARTIMUS, FRICKLETON, ROBERTSON & GORNY, P.C.**

*/s/ James P. Frickleton*
James P. Frickleton
Mary D. Winter
Stephen M. Gorny
Edward D. Robertson, Jr.
11150 Overbrook Road, Suite 200
Leawood, KS 66211
913-266-2300
*jimf@bflawfirm.com*

*Counsel for Plaintiff James Henry Rischar and Proposed Executive Committee Member*

**EICHEN, CRUTCHLOW, ZASLOW & MCELROY LLP**

*/s/ Barry Eichen*
Barry R. Eichen
40 Ethel Road
Edison, NJ 08817
732-777-0100
*beichen@njadvocates.com*

*Counsel for Plaintiffs Ana Yngelmo and Larry Sossin and Proposed Steering Committee Member*

**STRANGE & CARPENTER**

*/s/ Brian Russell Strange*
Brian Russell Strange
Gretchen Carpenter
Keith Butler
12100 Wilshire Boulevard, Suite 1900
Los Angeles, CA 90025
310-207-5055
*lacounsel@earthlink.net*

*Counsel for Plaintiff Lourdes Villegas and Proposed Executive Committee Member*

**STEWARTS LAW US LLP**

*/s/ David A. Straite*
David A. Straite (Del. Bar. No. 5428)
Ralph N. Sianni (Del. Bar. No. 4151)
Michele S. Carino (Del. Bar. No. 5576)
Lydia E. York (Del. Bar No. 5584)
1201 North Orange Street
Wilmington, DE 19801
302-298-1200
*dstraite@stewartslaw.com*

*Counsel for Plaintiffs Matthew Soble and Bert Glaser, Proposed Steering Committee Member and Proposed Interim Liaison Counsel*

**SEEGER WEISS LLP**

*/s/ Jonathan Shub*
Jonathan Shub
1515 Market Street, Suite 1380
Philadelphia, PA 19102
215-564-2300
*jshub@seegerweiss.com*

*Counsel for Plaintiff Lynne Krause and Proposed Steering Committee Member*

9

**MURPHY P.A.**

 /s/ William H. Murphy, Jr. 
William H. Murphy, Jr.
One South Street, Suite 2300
Baltimore, MD 21202
410-539-6500
*billy.murphy@murphypa.com*

*Counsel for Plaintiff Bert Glaser and Proposed Steering Committee Member*

**BRYANT LAW CENTER, PSC**

 /s/ Mark Bryant 
Mark Bryant
601 Washington Street
P.O. Box 1876
Paducah, KY 42002-1876
270-442-1422
*mark.bryant@bryantpsc.com*

*Counsel for Plaintiff William G. Gourley and Proposed Steering Committee Member*

**DAVID SHELTON PLLC**

 /s/ David Shelton 
P.O. Box 2541
Oxford, MS 38655
662-281-1212
*david@davidsheltonpllc.com*

*Counsel for Plaintiff Alex Movitz*

**KRISLOV & ASSOCIATES, LTD.**

 /s/ Clinton A. Krislov 
Clinton A. Krislov
20 North Wacker Dr., Suite 1350
Chicago, IL 60606
312-606-0500
*clint@krislovlaw.com*

*Counsel for Plaintiff Franchise Dynamics LLC*

**BARNES & ASSOCIATES**

 /s/ Jay Barnes 
Jay Barnes
219 East Dunklin Street
Jefferson City, MO 65101
573-634-8884
*Jaybarnes5@gmail.com*

*Counsel for Plaintiff Brian Martorana and Proposed Steering Committee Member*

**BERGMANIS LAW FIRM, LLC**

 /s/ Andrew Lyskowski 
Andrew Lyskowski
380 W Hwy 54, Suite 201
P.O. Box 229
Camdenton, MO 65020
573-346-2111
*alyskowski@ozarklawcenter.com*

*Counsel for Plaintiff Brian Martorana*

**MORGAN & MORGAN**

 /s/ John Allen Yanchunis, Sr. 
John Allen Yanchunis, Sr.
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
813-223-5505
*jyanchunis@forthepeople.com*

*Counsel for Plaintiff Kenneth W. Heretick*

**R. CHAMP CROCKER LLC**

 /s/ R. Champ Crocker 
R. Champ Crocker
PO Box 2700
Cullman, AL 35056-2130
256-739-5005
*champ@champcrocker.com*

*Counsel for Plaintiff Stephen D. Landrum*

**MEYER & LEONARD PLLC**

  /s/ Henry A. Meyer, III
Henry A. Meyer, III
116 E. Sheridan, Suite 207
Oklahoma City, OK 73104
405-702-9900
*hameyer@mac.com*

*Counsel for Plaintiff Jacqueline Burdick*

**COHEN LAW GROUP, P.C.**

   /s/ Brian Scott Cohen
2 Greenwich Office Park Suite 300
Greenwich, CT 06831
203-485-7525
*brian@cohenlg.com*

*Counsel for Plaintiffs Robert Dogga and Jose Bermudez*

**THE TERRELL LAW GROUP**

   /s/ Reginald Von Terrell
Reginald Von Terrell
223 25th Street
Richmond, CA 94804
510-237-9700
*reggiet2@aol.com*

*Counsel for Plaintiff Zetha Nobles*

**LAW OFFICES OF MARK J. BAIOCCHI**

   /s/ Mark J. Baiocchi
1755 S. Naperville Road
Suite 100
Wheaton, IL 60187
630-983-4200
*mbaiocchi@baiocounsel.com*

*Counsel for Plaintiff Franchise Dynamics LLC*

11