## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE GOOGLE INC. COOKIE PLACEMENT CONSUMER PRIVACY LITIGATION | C.A. No. 12-MD-02358 (SLR) |
| This Document Relates To: **All Actions** | |
| NOBLES v. GOOGLE INC. and POINTROLL, INC. | C.A. No. 12-CV-01000 (SLR) |
| DOGGA and BERMUDEZ v. GOOGLE INC. | C.A. No. 12-CV-01003 (SLR) |

### REPLY MEMORANDUM OF LAW TO DEFENDANT POINTROLL, INC.'S COMBINED OPPOSITION FOR APPOINTMENT OF INTERIM CLASS COUNSEL PURSUANT TO FED. R. CIV. P. 23(G) AND CONSOLIDATION PURSUANT TO FED. R. CIV. P. 42(a)

**KEEFE BARTELS, LLC**
Stephen G. Grygiel (Del. Bar No. 4944)
John E. Keefe, Jr.
Jennifer L. Harwood
170 Monmouth St.
Red Bank, NJ 07701
732-224-9400
*sgrygiel@keefebartels.com*

*Counsel for Plaintiff Ana Yngelmo, Plaintiff Larry Sossin and Proposed Executive Committee Member*

**BARTIMUS, FRICKLETON, ROBERTSON & GORNY, P.C.**
James P. Frickleton
Mary D. Winter
Stephen M. Gorny
Edward D. Robertson, Jr.
11150 Overbrook Road, Suite 200
Leawood, KS 66211
913-266-2300
*jimf@bflawfirm.com*

*Counsel for Plaintiff James Henry Rischar and Proposed Executive Committee Member*

DATED: SEPTEMBER 21, 2012

**STRANGE & CARPENTER**
Brian Russell Strange
Keith Butler
David Holop
12100 Wilshire Boulevard, Suite 1900
Los Angeles, CA 90025
310-207-5055
*lacounsel@earthlink.net*

*Counsel for Plaintiff Lourdes Villegas and Proposed Executive Committee Member*

**STEWARTS LAW US LLP**
David A. Straite (Del. Bar No. 5428)
Ralph N. Sianni (Del. Bar No. 4151)
Michele S. Carino (Del. Bar No. 5576)
Lydia E. York (Del. Bar No. 5584)
1201 North Orange Street
Wilmington, DE 19801
302-298-1200
*dstraite@stewartslaw.com*

*Counsel for Plaintiffs Matthew Soble and Bert Glaser, Proposed Steering Committee Member and Proposed Liaison Counsel*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................ ii

I.   INTRODUCTION........................................................................................................1

II.  POINTROLL'S REQUEST TO MULTIPLY THESE ALREADY CONSOLIDATED
     PROCEEDINGS VIOLATES THE MDL'S TOUCHSTONE EFFICIENCY
     PRINCIPLES................................................................................................................2

III. POINTROLL SHOULD BE ESTOPPED FROM CHANGING ITS POSITION
     CONCERNING CONSOLIDATION. .........................................................................4

IV.  POINTROLL'S PROFESSED CONCERNS ARE PREMATURE AND CAN BE
     DEALT WITH AT THE APPROPRIATE JUNCTURE, SUCH AS THROUGH SUB-
     CLASSING. ..................................................................................................................4

V.   POINTROLL'S CLAIMS OF POTENTIAL PREJUDICE HAVE NO MERIT....................5

VI.  CONCLUSION .............................................................................................................6

# TABLE OF AUTHORITIES

## Cases

*In re Celotex Corp. "Technifoam" Prods. Liab. Litig.*, 424 F. Supp. 1077 (J.P.M.L. 1977)..........4

*Matter of New York City Mun. Securities Litig.*, 572 F.2d 49 (2d Cir. 1978) ...............................1

*United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966) .................................................2

## Statutes

28 U.S.C. § 1407 .........................................................................................................................1

## Other Authorities

H.R. Rep. No. 1130, 90th Cong., 2d Sess., reprinted in 2 U.S. Code Cong. & Admin. News,
   p. 1898 (1968) ........................................................................................................................1

## Rules

Fed. R. Civ. P. 12 .......................................................................................................................5

Fed. R. Civ. P. 42(a) ...................................................................................................................1

Fed. R. Civ. P. 42(b) ...................................................................................................................5

Fed. R. Civ. P. 49(a) ...................................................................................................................5

Fed. R. Civ. P. 56 .......................................................................................................................5

Fed. R. Evid. 403 ........................................................................................................................5

Fed. R. Evid. 404 ........................................................................................................................5

## I.    INTRODUCTION

Plaintiffs in 16 of the 24 related cases ("Moving Plaintiffs") reply to Defendant PointRoll, Inc.'s ("PointRoll") partial opposition filed September 14, 2012. (MDL D.I. 35.) Moving Plaintiffs oppose PointRoll's request that the Court appoint separate counsel and require a separate complaint be filed against only PointRoll. The central point of consolidated MDL proceedings is for unified, coordinated, more efficient litigation. Contradictorily, and also contradicting PointRoll's initial position supporting consolidation of these actions, PointRoll's requests for the appointment of separate counsel and the filing of a separate complaint would double the burden on the Court and all other litigants. PointRoll's proposed two litigations, with two different sets of litigants, two sets of counsel, two uncoordinated discovery processes, and two different briefing schedules, would spawn the very multiplicity and duplication of effort, inefficiency, and waste of judicial and litigant resources that MDLs exist to prevent. *See, e.g., Matter of New York City Mun. Securities Litig.*, 572 F.2d 49, 51 (2d Cir. 1978) ("(t)he objective of the legislation is to provide centralized management under court supervision of pretrial proceedings of multidistrict litigation to assure the 'just and efficient conduct' of such actions" (quoting H.R. Rep. No. 1130, 90th Cong., 2d Sess., reprinted in 2 U.S. Code Cong. & Admin. News, p. 1898 (1968))); *see also* Fed. R. Civ. P. 42(a) (allowing for consolidation if "actions before the court involve a common question of law or fact").

The Judicial Panel on Multidistrict Litigation ("JPML") has already determined that these cases satisfy the consolidation standard for all pretrial proceedings under 28 U.S.C. § 1407.  That decision should weigh heavily against PointRoll's requests. Several additional reasons also support denial of PointRoll's attempt to separate the claims against it at this early point in the proceedings.

## II. POINTROLL'S REQUEST TO MULTIPLY THESE ALREADY CONSOLIDATED PROCEEDINGS VIOLATES THE MDL'S TOUCHSTONE EFFICIENCY PRINCIPLES.

With PointRoll's support, the 24 different cases have been consolidated, including the actions that name and make substantive allegations against PointRoll. For its own tactical reasons, PointRoll now asks the Court to appoint separate counsel to liaise with PointRoll and to require a separate complaint to be filed against PointRoll. PointRoll's request to multiply the litigation would lessen, rather than promote, the judicial economy PointRoll previously argued, and the JPML agreed, consolidation would achieve. Separating out defendants and creating multiple tracks of litigation will only require more time and expense of the parties and this Court, defeating the efficiency gains of consolidation.

Rather than accept PointRoll's premature argument at this early stage of the proceedings that plaintiffs be required to have separate counsel and file a separate complaint against PointRoll, plaintiffs, through their appointed lead counsel, should be given the opportunity to choose the proper defendants in their consolidated complaint that they will soon file, including all defendants in one complaint. The liberal joinder rules of the Federal Rules of Civil Procedure allow for, indeed encourage, the current party alignment. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966) ("Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged," noting Rules 2, 18-20, 42).

If the facts and legal claims actually alleged in a consolidated complaint provide a legitimate basis for PointRoll to move to sever itself, PointRoll can make such a motion then. In fact, PointRoll will then have an opportunity to file whatever motions it desires under the Federal Rules of Civil Procedure. But PointRoll's request now for separate counsel, separate complaints

and separate cases, before an amended complaint has even been filed and the lay of the legal and factual land remains necessarily somewhat indeterminate, is improper and inefficient.

PointRoll's proposal requires two complaints, two discovery plans, two briefing schedules, coordination with two sets of plaintiffs' counsel, and so on. On the other hand, under the currently structured proceedings, plaintiffs will file their consolidated complaint, initial discovery – which will not be overly burdensome – will occur, and responsive motions can be filed by each defendant. PointRoll can easily respond in the consolidated complaint context just at it could if a separate complaint were filed against it. No good reason exists for the requested separation. PointRoll's partial opposition and the necessity of this Reply exemplify just such misbegotten use of resources.

Regardless of the nature of the relationship between PointRoll and Google – a factual question on which plaintiffs do not concede PointRoll's representations are accurate – PointRoll's contentions on this point before any discovery has taken place have no legitimate bearing on whether a separate complaint should be filed and PointRoll shunted onto a different case track at this early stage. As the JPML stated in its Transfer Order:

> [the] actions share factual allegations that Google (and, in the Northern District of California action [*Villegas*], defendant PointRoll) surreptitiously circumvented the privacy settings on the Safari or Internet Explorer browsers of plaintiffs to place tracking cookies on the users' computing devices. Centralization will eliminate duplicate discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary. Transfer Order, at 1.

PointRoll's request ignores this crucial finding in the JPML's Transfer Order, and would lead to duplicative discovery, potentially inconsistent pretrial rulings, and waste the resources of the parties, their counsel, and this Court. PointRoll's professed anticipatory worries about being forced into discovery irrelevant to its posture provide no basis for separation now. The parties

3

can direct discovery at each defendant, and "the individual parties need not participate in discovery on issues in which they are not involved." *In re Celotex Corp. "Technifoam" Prods. Liab. Litig.*, 424 F. Supp. 1077, 1079 (J.P.M.L. 1977).

## III.   POINTROLL SHOULD BE ESTOPPED FROM CHANGING ITS POSITION CONCERNING CONSOLIDATION.

PointRoll has up to this point supported consolidation of the cases for pre-trial purposes, stating, for example, that "judicial economy is fostered by the consolidation of the similar allegations against Google." *See* MDL No. 2358 D.I. 29, at 1-2. Moreover, the JPML relied on the King of Prussia, Pennsylvania location of PointRoll's headquarters as part of the JPML's decision to choose the District of Delaware as the appropriate transferee district. *See* MDL No. 2358 D.I. 62 ("Transfer Order"), at 1. PointRoll should be estopped  from now arguing, in contradiction to its previous position, for separation from this consolidation.

## IV.   POINTROLL'S PROFESSED CONCERNS ARE PREMATURE AND CAN BE DEALT WITH AT THE APPROPRIATE JUNCTURE, SUCH AS THROUGH SUB-CLASSING.

At the very least, PointRoll's request to separate itself out is premature.  For example, it may be that further down the line creating a sub-class for PointRoll becomes warranted, but that issue can be handled during the class certification stage. At this early stage of the pleadings and discovery, coordination among all plaintiffs and defendants will be the most cost efficient method (by avoiding duplication, as the JPML noted) and will reduce wasteful efforts that would be necessitated by PointRoll's request.

The Court might ultimately find that Google and PointRoll stand in sufficiently different positions to merit separation at some point. But now is not that time, especially since the factual allegations in the currently operative complaints contain substantial overlap regarding Google and PointRoll. Plaintiffs will be able to clarify the allegations against each entity in a

consolidated complaint that includes all proper defendants, and if plaintiffs do not properly do so, any defendant will have the opportunity to file motions challenging the pleadings.

## V.    POINTROLL'S CLAIMS OF POTENTIAL PREJUDICE HAVE NO MERIT.

PointRoll claims it will suffer some prejudice from inclusion in the same complaint and proceedings with Google. PointRoll suffers no more prejudice than many defendants in numerous cases who think, rightly or wrongly, that another defendant is the "primary defendant." The Federal Rules of Civil Procedure, including Rules 12 (motions to dismiss, motions for judgment on pleadings); 42(b) (separate trials); 49(a) (special verdicts); 56 (summary judgment); motions *in limine*; and the Federal Rules of Evidence (e.g., Fed. R. Evid. 403, 404) offer abundant protections against unfair prejudice to PointRoll.

PointRoll's premature factual assertions require no debate here. Suffice for present purposes to say Moving Plaintiffs' reserve all rights to contest them in the proper course. That is, after a leadership group is appointed, a consolidated complaint is filed, initial disclosures are exchanged, and a briefing schedule set on the promised motions to dismiss.

## VI.    CONCLUSION

The Moving Plaintiffs respectfully request the Court deny PointRoll's request for a

separate appointment of counsel and the filing of a separate complaint.

Dated: September 21, 2012                                        Respectfully submitted,

**KEEFE BARTELS, LLC**                              **STRANGE  &  CARPENTER**

   */s/ Stephen  G. Grygiel*                              */s/ Brian Russell  Strange*
Stephen G. Grygiel (Del. Bar. No. 4944)          Brian Russell Strange
John E. Keefe, Jr.                              Gretchen Carpenter
Jennifer L. Harwood                             Keith Butler
170 Monmouth St.                                12100 Wilshire Boulevard, Suite 1900
Red Bank, NJ 07701                              Los Angeles, CA 90025
732-224-9400                                    310-207-5055
*sgrygiel@keefebartels.com*                     *lacounsel@earthlink.net*
*Counsel for Plaintiff Ana Yngelmo, Plaintiff*
*Larry Sossin and Proposed Executive*           *Counsel for Plaintiff Lourdes Villegas and*
*Committee Member*                              *Proposed Executive Committee Member*

**BARTIMUS, FRICKLETON,**                       **STEWARTS LAW US LLP**
**ROBERTSON & GORNY, P.C.**

   */s/  James P. Frickleton*                        */s/ David A. Straite*
James P. Frickleton                             David A. Straite (Del. Bar. No. 5428)
Mary D. Winter                                  Ralph N. Sianni (Del. Bar. No. 4151)
Stephen M. Gorny                                Michele S. Carino (Del. Bar. No. 5576)
Edward D. Robertson, Jr.                        Lydia E. York (Del. Bar No. 5584)
11150 Overbrook Road, Suite 200                 1201 North Orange Street
Leawood, KS 66211                               Wilmington, DE 19801
913-266-2300                                    302-298-1200
*jimf@bflawfirm.com*                            *dstraite@stewartslaw.com*

*Counsel for Plaintiff James Henry Rischar and*  *Counsel for Plaintiffs Matthew Soble and Bert*
*Proposed Executive Committee Member*           *Glaser, Proposed Steering Committee Member*
                                                *and Proposed Interim Liaison Counsel*

**EICHEN, CRUTCHLOW, ZASLOW & MCELROY LLP**

_____/s/ Barry Eichen_____
Barry R. Eichen
40 Ethel Road
Edison, NJ 08817
732-777-0100
_beichen@njadvocates.com_

_Counsel for Plaintiffs Ana Yngelmo and Larry Sossin and Proposed Steering Committee Member_

**MURPHY P.A.**

_____/s/ William H. Murphy, Jr._____
William H. Murphy, Jr.
One South Street, Suite 2300
Baltimore, MD 21202
410-539-6500
_billy.murphy@murphypa.com_

_Counsel for Plaintiff Bert Glaser and Proposed Steering Committee Member_

**BRYANT LAW CENTER, PSC**

_____/s/ Mark Bryant_____
Mark Bryant
601 Washington Street
P.O. Box 1876
Paducah, KY 42002-1876
270-442-1422
_mark.bryant@bryantpsc.com_

_Counsel for Plaintiff William G. Gourley and Proposed Steering Committee Member_

**DAVID SHELTON PLLC**

_____/s/ David Shelton_____
P.O. Box 2541
Oxford, MS 38655
662-281-1212
_david@davidsheltonpllc.com_

_Counsel for Plaintiff Alex Movitz_

**SEEGER WEISS LLP**

_____/s/ Jonathan Shub_____
Jonathan Shub
1515 Market Street, Suite 1380
Philadelphia, PA 19102
215-564-2300
_jshub@seegerweiss.com_

_Counsel for Plaintiff Lynne Krause and Proposed Steering Committee Member_

**BARNES & ASSOCIATES**

_____/s/ Jay Barnes_____
Jay Barnes
219 East Dunklin Street
Jefferson City, MO 65101
573-634-8884
_Jaybarnes5@gmail.com_

_Counsel for Plaintiff Brian Martorana and Proposed Steering Committee Member_

**BERGMANIS LAW FIRM, LLC**

_____/s/ Andrew Lyskowski_____
Andrew Lyskowski
380 W Hwy 54, Suite 201
P.O. Box 229
Camdenton, MO 65020
573-346-2111
_alyskowski@ozarklawcenter.com_

_Counsel for Plaintiff Brian Martorana_

**MORGAN & MORGAN**

_____/s/ John Allen Yanchunis, Sr._____
John Allen Yanchunis, Sr.
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
813-223-5505
_jyanchunis@forthepeople.com_

_Counsel for Plaintiff Kenneth W. Heretick_

**KRISLOV & ASSOCIATES, LTD.**

  /s/ Clinton A. Krislov
Clinton A. Krislov
20 North Wacker Dr., Suite 1350
Chicago, IL 60606
312-606-0500
clint@krislovlaw.com

*Counsel for Plaintiff Franchise Dynamics LLC*

**MEYER & LEONARD PLLC**

  /s/ Henry A. Meyer, III
Henry A. Meyer, III
116 E. Sheridan, Suite 207
Oklahoma City, OK 73104
405-702-9900
hameyer@mac.com

*Counsel for Plaintiff Jacqueline Burdick*

**COHEN LAW GROUP, P.C.**

  /s/ Brian Scott Cohen
2 Greenwich Office Park Suite 300
Greenwich, CT 06831
203-485-7525
brian@cohenlg.com

*Counsel for Plaintiffs Robert Dogga and Jose Bermudez*

**R. CHAMP CROCKER LLC**

  /s/ R. Champ Crocker
R. Champ Crocker
PO Box 2700
Cullman, AL 35056-2130
256-739-5005
champ@champcrocker.com

*Counsel for Plaintiff Stephen D. Landrum*

**THE TERRELL LAW GROUP**

  /s/ Reginald Von Terrell
Reginald Von Terrell
223 25th Street
Richmond, CA 94804
510-237-9700
reggiet2@aol.com

*Counsel for Plaintiff Zetha Nobles*

**LAW OFFICES OF MARK J. BAIOCCHI**

  /s/ Mark J. Baiocchi
1755 S. Naperville Road
Suite 100
Wheaton, IL 60187
630-983-4200
mbaiocchi@baiocounsel.com

*Counsel for Plaintiff Franchise Dynamics LLC*