# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In Re Google Inc. Cookie Placement ) | |
| Consumer Privacy Litigation ) | Civ. No. 12-MD-2358-SLR |
| ) | |
| This Document Relates To: ) | |
| All Actions ) | |

## Reply Brief of Kreisman Plaintiffs in Support of their Rule 23(g) Motion for Appointment of Interim Co-Lead Class Counsel

Ben Barnow
Barnow and Associates, P.C.
One North LaSalle Street, Suite 4600
Chicago, IL 60602
Telephone: (312) 621-2000
Email: b.barnow@barnowlaw.com

*Counsel for Plaintiff Karin Kreisman*

Lance A. Harke, P.A.
Harke Clasby & Bushman, LLP
9699 NE Second Avenue
Miami Shores, FL 33138
Telephone: (305) 536-8220
Email: lharke@harkeclasby.com

*Counsel for Plaintiff Keile Allen*

Richard L. Coffman
Coffman Law Firm
505 Orleans, Suite 505
Beaumont, TX 77701
Telephone : (409) 833-7700
Email: rcoffman@coffmanlawfirm.com

*Counsel for Plaintiff Joseph F. Clark*

(*Proposed Interim Co-Lead Class Counsel*)[1]

(*Additional Supporting Plaintiffs' Counsel listed on the signature pages*)

Dated: September 21, 2012

---

[1] Ben Barnow, Lance A. Harke, and Richard L. Coffman are registered for electronic filing and noticing in this MDL.

TABLE OF CONTENTS

I.    Rule 23(g) Applicants Have the Requisite Knowledge, Skill, and Experience
      to Lead this Litigation ...................................................................................................1

II.   Rule 23(g) Applicants' Proposed Leadership Structure is Efficient and
      Appropriate ....................................................................................................................4

III.  Rule 23(g) Applicants Have Sufficient Resources to Effectively Prosecute this
      Litigation .......................................................................................................................6

IV.   Defendant PointRoll Has Already Stipulated to a Single Consolidated
      Amended Complaint, and Should Not Now be Allowed to Take a
      Contrary Position ...........................................................................................................6

V.    Conclusion .....................................................................................................................7

# TABLE OF AUTHORITIES

Cases

*In re Facebook Internet Tracking Litig.*,
No. 5:12-md-02314 (N.D. Cal.)......................................................................................2, 3

*In re Hulu Privacy Litig.*,
No. C11-03764-LB (N.D. Cal.) .......................................................................................2, 3

*In re Photochromic Lens Antitrust Litigation*,
No. 8:10-MD-2173-JDW-EAJ (M.D. Fla.) ........................................................................6

*In re: Sony Gaming Networks and Customer Data Security Breach Litig.*,
No. 3:11-md-02258-AJB-MDD (S.D. Cal.) .......................................................................2

*Robin Singh Educational Svcs., Inc., d.b.a. Testmasters v.
Blueprint Test Preparation LLC*,
No. BC 330098 (Sup. Ct. Cal., Cnty. of Los Angeles)......................................................2

*Ruiz v. Gap, Inc.*,
380 Fed. App'x 689 (9th Cir. 2010) ..................................................................................2

*Santamarina, et al. v. Sears Roebuck & Co.*,
No. BC326946 (Superior Ct. Cal., Cnty. of Los Angeles) ................................................2

Statutes and Rules

18 U.S.C. § 2710................................................................................................................3

Fed. R. Civ. P. 26(f)...........................................................................................................4

Plaintiffs Karin Kreisman, Keile Allen, Joseph F. Clark, Nicholas Todd Heinrich, Kevin Jacobsen, Michael Musgrove, Jason Oldenburg, and James Treis ("Kreisman Plaintiffs"), by and through their undersigned counsel, Ben Barnow of Barnow and Associates, P.C., Lance A. Harke of Harke, Clasby & Bushman LLP, and Richard L. Coffman of Coffman Law Firm (collectively, "Rule 23(g) Applicants"), along with Hassan A. Zavareei, Tycko & Zavareei LLP; Shpetim Ademi, Ademi & O'Reilly, LLP; Aron D. Robinson, Law Office of Aron D. Robinson; John S. Steward, Steward Law Firm, LLC; Stephen F. Meyerkord, Meyerkord & Meyerkord, LLC; and John R. Wylie, Donaldson & Guin, LLC ("Supporting Plaintiffs' Counsel"), hereby submit the following reply brief in support of their Rule 23(g) Motion for Appointment of Interim Co-Lead Class Counsel.

I. **Rule 23(g) Applicants Have the Requisite Knowledge, Skill, and Experience to Lead this Litigation**

Rule 23(g) Applicants, as illustrated in their opening memorandum and as further set forth herein, have vast experience in leading large and complex MDL and privacy rights litigation, and providing class representation of the highest caliber. *See generally* D.I. 31. While the Grygiel Group recognizes that Rule 23(g) Applicants have "some experience in data breach cases," they champion their own experience as superior. This challenge, however, is meritless, as illustrated by the record here and the cases the Grygiel Group cites in support of their appointment application.

The facts show that Rule 23(g) Applicants' and Supporting Plaintiffs' Counsel's experience with MDL and privacy rights litigation far outweighs that of the Grygiel Group. In addition to the privacy litigation set forth in their opening memorandum, Rule 23(g)

1

Applicants' and Supporting Plaintiffs' Counsel possess the requisite experience that the Grygiel Group argues is lacking. *See* D.I. 33 at p. 2.

Contrary to the Grygiel Group's suggestions, Rule 23(g) Applicants and Supporting Plaintiffs' Counsel are no strangers to California law. They have litigated and are currently litigating privacy actions in California. Mr. Barnow is admitted to the Circuit Court of Appeals for the Ninth Circuit and has litigated and is litigating class actions in California state and Federal courts. *See, e.g., In re: Sony Gaming Networks and Customer Data Security Breach Litig.*, No. 3:11-md-02258-AJB-MDD (S.D. Cal.); *Santamarina, et al. v. Sears Roebuck & Co.*, No. BC326946 (Superior Ct. Cal., Cnty. of Los Angeles); *see also Ruiz v. Gap, Inc.*, 380 Fed. App'x 689 (9th Cir. 2010) (Mr. Barnow was one of counsel litigating a privacy case where, while plaintiff's claims were ultimately dismissed via summary judgment, the Ninth Circuit held that plaintiff had standing to pursue his claims). And, additionally, Hassan Zavareei, one of Supporting Plaintiffs' Counsel, is admitted to the California bar, the United States District Courts for the Central and Northern Districts of California, and the Circuit Court of Appeals for the Ninth Circuit, and has litigated a number of cases in California State and Federal Courts. *See, e.g., Robin Singh Educational Svcs., Inc., d.b.a. Testmasters v. Blueprint Test Preparation LLC*, No. BC 330098 (Sup. Ct. Cal., Cnty. of Los Angeles) (Mr. Zavareei is lead counsel plaintiff in an unfair competition and false advertising case where a four-month jury trial resulted in verdict in favor of plaintiff; currently on appeal in the California Court of Appeals, Second District, Division Seven (Case No. B218775)).

As support for its expertise, the Grygiel Group relies heavily upon two nascent cases—*In re Facebook Internet Tracking Litig.*, No. 5:12-md-02314 (N.D. Cal.), and *In re Hulu Privacy Litig.*, No. C11-03764-LB (N.D. Cal.). But the Grygiel Group's appointment in these cases does

not trump Rule 23(g) Applicants' experience (including their performance in MDL actions). In the *Facebook* litigation, the appointed leadership structure was agreed to by counsel, not contested, and involves a nearly identical group of lawyers as that of the proposed Grygiel Group, including the Bartimus, Frickleton firm and Messrs. Grygiel, Straite, Eichen, Murphy, and Barnes. *See* Order Granting Plaintiffs' Motion to Consolidate and Appoint Interim Class Counsel (Davila, J., Apr. 3, 2012), attached hereto as Exhibit 1; *see also* D.I. 28 at pp. 13–15. Moreover, that court has under advisement the defendants' fully-briefed motion to dismiss. *See generally In re Facebook Internet Tracking Litig.*, No. 5:12-md-02314 (N.D. Cal.). To date, of course, no relief has been obtained for members of the putative class in that litigation.

Their other primary reference point for leadership and experience is *In re Hulu Privacy Litig.*, No. C11-03764-LB (N.D. Cal.). That case is not an MDL, but is instead a consolidated action in which Mr. Strange is one of the attorneys.[2] *See* Order Dismissing Claims Two Through Seven, Ordering Further Briefing on Standing Only, and Setting Further Hearing (Beeler, Mag. J., June 11, 2012), attached hereto as Exhibit 2; Order Denying Defendants' Motion to Dismiss Plaintiffs' First Amended Consolidated Class Action Complaint (Beeler, Mag. J., Aug. 10, 2012), attached hereto as Exhibit 3. In summary, the court there dismissed all of the plaintiffs' claims except for a lone claim under the Video Privacy Protection Act, 18 U.S.C. § 2710. As in the *Facebook* litigation they reference, to date, no relief has been obtained for members of the putative class in the *Hulu* litigation.

It is disappointing to hear fellow plaintiffs' counsel disparage the possibility of early resolution. The Grygiel Group's reference to "pilgrims" and "early and easy settlers" is negative

---

[2] The Grygiel Group refers to a "*Kissmetrics*" case, but does not provide a case number for same. Based on a review of the *Hulu* docket, it appears that Kissmetrics was a defendant originally named in the *Hulu* litigation, but was voluntarily dismissed from the case.

3

and limiting, and does nothing to advance their claim of superiority. D.I. 33 at p.3. Surely, they cannot be criticizing early resolution of a matter, which can often deliver benefits to consumers in an expeditious fashion and without undue delay—an approach that is one of the tenets of Fed. R. Civ. P. 26(f)(2). Thoroughly examining early resolution is a duty and a responsibility of all parties to a case: "(2) Conference Content; Parties' Responsibilities. In conferring, the parties must consider the nature and basis of their claims and defenses *and the possibilities for promptly settling or resolving the case*; . . . ." Fed. R. Civ. P. 26(f)(2) (emphasis added). Exploration of early resolution of a matter, big or small, can benefit all parties, counsel, and the judicial system, and is an approach that should neither be ridiculed nor dismissed. It is suggested that negative thoughts toward such resolutions do not bode well for the efficient management of litigation, complex or otherwise.

## II. Rule 23(g) Applicants' Proposed Leadership Structure is Efficient and Appropriate

The Grygiel Group does not appear to agree with Rule 23(g) Applicants' suggested approach to the leadership and proposed handling of this litigation. The proposed structure of three (3) attorneys—Ben Barnow of Barnow and Associates, P.C., Lance A. Harke of Harke, Clasby & Bushman LLP, and Richard L. Coffman of Coffman Law Firm—being appointed Interim Co-Lead Class Counsel, with Supporting Plaintiffs' Counsel and other interested plaintiffs' counsel being given appropriate assignments as proper and necessary for the efficient advancement of the litigation, speaks for itself. This approach, whereby additional attorneys are utilized as needed, inures to the benefit of the putative class by avoiding over-staffing and unnecessary duplication, and by performing work on the case when and as appropriate. In contrast, efficiency in this case is unlikely with nine attorneys at the helm (who point mainly to their trial experience), as the Grygiel Group proposes, along with roughly 191 more attorneys

4

waiting for work. And while the Grygiel Group attempts to shore up their earlier position as to the purported complexity of this litigation, such an assertion is strange in light of the facts in this matter. Even if one were to consider this litigation as complex as the Grygiel Group suggests, it is no daunting task for Rule 23(g) Applicants, as shown by their substantial litigation history against defendants such as Microsoft, America Online, McDonald's, Ingersoll-Rand, Chrysler, Gillette, and Bank of America, and many other well-established mega-corporations.

With respect to organizational efforts, despite the Grygiel Group's claims to the contrary, Rule 23(g) Applicants made multiple attempts to contact Mr. Strange and others before Messrs. Grygiel and Strange began efforts to recruit a sole attorney to add to their self-appointed steering committee. Further, while a July 31, 2012 meeting was tentatively set for all counsel to discuss and determine a proposed leadership structure, the meeting did not occur; the Grygiel Group, after agreeing to participate in such a meeting, unilaterally decided that it was no longer needed.

In the interests of resolving this matter amicably between the competing groups, and before filing this reply brief, Mr. Barnow called and spoke with Mr. Grygiel in an attempt to reach common ground and an agreed-upon structure. Mr. Barnow suggested that two attorneys (or even three, if it was so desired) from each group could serve as Interim Co-Lead Class Counsel. Mr. Grygiel reported back that the Grygiel Group would not accept either proposal or any other.

Rule 23(g) Applicants remain of the view that if the Court believes that the appointment of Liaison Counsel is appropriate, any selection the Court so chooses is, of course, acceptable and welcome. Rule 23(g) Applicants further note that Hassan Zavareei of Tycko & Zavareei LLP (one of Supporting Plaintiffs' Counsel) is located within driving distance of Wilmington, and is ready and willing to serve as Liaison Counsel in this matter.

**III.    Rule 23(g) Applicants Have Sufficient Resources to Effectively Prosecute this Litigation**

The number of attorneys on Defendants' side has no bearing here on the choice of Interim Co-Lead Counsel. Rule 23(g) Applicants have successfully litigated and settled a multitude of complex class actions and MDL litigation matters with defendants that were represented by some of the most accomplished and largest law firms in the country. Rule 23(g) Applicants have done so without hesitation, and without fear of how many attorneys may be at any given defense counsel's disposal; these defense firms have represented large corporate defendants similar to Google, including those corporations mentioned above. No matter the size or quality of a defense counsel firm, Rule 23(g) Applicants have shown time and time again that such a factor has not stopped them from vigorously and successfully prosecuting the interests of consumers across the nation.[3] In fact, Messrs. Barnow and Harke are currently court-appointed co-lead counsel in *In re Photochromic Lens Antitrust Litigation*, No. 8:10-MD-2173-JDW-EAJ (M.D. Fla.), an MDL proceeding where defense counsel is Wilson Sonsini Goodrich & Rosati. Although it is hoped that the Grygiel Group, upon review, will recognize that they have "overstated" the situation, the fact that defense counsel has over 500 attorneys matters not in the appointment analysis, unless, of course, the Grygiel Group is truly worried about it.

**VI.    Defendant PointRoll Has Already Stipulated to a Single Consolidated Amended Complaint, and Should Not Now be Allowed to Take a Contrary Position**

Defendant PointRoll already stipulated to a Consolidated Amended Complaint in the Stipulation and Order Consolidating Cases for All Purposes that was entered by the Court on

---

[3] Rule 23(g) Applicants note that Barnow and Associates, P.C., has four full-time attorneys who specialize in and focus solely on class action litigation—not eight, as suggested by the "guesstimate" of the Grygiel Group. Each of them has been hands-on in litigating some of the most hotly contested, large, and well-known class actions in the country.

July 27, 2012. D.I. 22 at ¶17 ("After the Court has appointed Lead Counsel, Lead Counsel shall file and serve a single Consolidated Amended Complaint . . . ."). PointRoll agreed to the entry of the order, made no objection to the filing of a single Consolidated Amended Complaint at that time, and it should not be allowed to reverse course at this juncture. Its argument in this regard should therefore be dismissed. In any event, PointRoll's prior agreement or not, the consolidation is for pre-trial purposes only, provides for efficiency, and is in accordance with acceptable MDL practice.

**IV.   Conclusion**

Wherefore, the Kreisman Plaintiffs respectfully request that Rule 23(g) Applicants—Ben Barnow, Barnow and Associates, P.C., Lance A. Harke, Harke, Clasby & Bushman LLP, and Richard L. Coffman, Coffman Law Firm—be appointed Interim Co-Lead Class Counsel or, in the alternative, that the Court select one or two attorneys from each moving group to be appointed Interim Co-Lead Class Counsel.

Dated: September 21, 2012          Respectfully submitted,

By: /s/ Ben Barnow

Ben Barnow
Barnow and Associates, P.C.
One North LaSalle St., Suite 4600
Chicago, IL 60602
Telephone: (312) 621-2000

*Counsel for Plaintiff Karin Kreisman*

/s/ Richard L. Coffman

Richard L. Coffman
Coffman Law Firm
505 Orleans, Suite 505
Beaumont, TX 77701
Telephone: (409) 833-7700

*Counsel for Plaintiff Joseph F. Clark*

/s/ Lance A. Harke
Lance A. Harke
Harke Clasby & Bushman LLP
9699 NE Second Avenue
Miami, FL 33138
Telephone: (305) 536-8220

*Counsel for Plaintiff Keile Allen*

***Proposed Interim Co-Lead Counsel***

/s/ Hassan A. Zavareei

Jonathan K. Tycko
Hassan A. Zavareei
Tycko & Zavareei LLP
2000 L Street, NW, Suite 808
Washington, D.C. 20036
Telephone: (202) 973-0900

*Counsel for Plaintiffs Michael Musgrove and Kevin Jacobsen*

/s/ Shpetim Ademi

Guri Ademi
Shpetim Ademi
David J Syrios
Ademi & O'Reilly, LLP
3620 East Layton Avenue
Cudahy, WI 53110
Telephone: (414) 482-8000

*Counsel for Plaintiff Jason Oldenburg*

/s/ Aron D. Robinson

Aron D. Robinson
Law Office of Aron D. Robinson
19 S. LaSalle, Suite 1200
Chicago, IL 60603
Telephone: (312) 857-9050

*Counsel for Plaintiff Karin Kreisman*
/s/ John S. Steward

John S. Steward
Steward Law Firm, LLC
1717 Park Avenue
St. Louis, MO 63109
Telephone: (314) 571-7134

*Counsel for Plaintiff James Treis*


/s/ Stephen F. Meyerkord

Stephen F. Meyerkord
Geoffrey S. Meyerkord
Meyerkord & Meyerkord, LLC
1717 Park Avenue
St. Louis, MO 63104-2941
Telephone: (314) 436-9958

*Counsel for Plaintiff James Treis*

9

/s/ John R. Wylie

John R. Wylie
Donaldson Guin LLC
300 South Wacker Drive
Suite 1700A
Chicago, Illinois 60606
Telephone: (312) 878-8391

*Counsel for Plaintiff Nicholas Todd Heinrich*

# LIST OF EXHIBITS

*In re Facebook Internet Tracking Litig.*, No. 5:12-md-02314 (N.D. Cal.),
Order Granting Plaintiffs' Motion to Consolidate and Appoint Interim
Class Counsel (Davila, J., Apr. 3, 2012)     Exhibit 1

*In re Hulu Privacy Litig.*, No. C11-03764-LB (N.D. Cal.),
Order Dismissing Claims Two Through Seven, Ordering Further
Briefing on Standing Only, and Setting Further Hearing
(Beeler, Mag. J., June 11, 2012)     Exhibit 2

*In re Hulu Privacy Litig.*, No. C11-03764-LB (N.D. Cal.),
Order Denying Defendants' Motion to Dismiss Plaintiffs' First
Amended Consolidated Class Action Complaint
(Beeler, Mag. J., Aug. 10, 2012)     Exhibit 3

**CERTIFICATE OF SERVICE**

       I hereby certify that on September 21, 2012, I electronically filed the foregoing with the Clerk of Court for the United States District Court for the District of Delaware by using the CM/ECF system. I certify that for all participants in the case that are registered CM/ECF users, service will be accomplished via the CM/ECF system, and for non-CM/ECF participants, service will be accomplished via U.S. Mail.

       /s/ Ben Barnow

Ben Barnow
Barnow and Associates, P.C.
One North LaSalle St., Suite 4600
Chicago, IL 60602
Telephone: (312) 621-2000
b.barnow@barnowlaw.com