UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE GOOGLE INC. COOKIE PLACEMENT CONSUMER PRIVACY LITIGATION | C.A. 12-MD-2358 (SLR) |
| This Document Relates to: **All Actions** | |

### DEFENDANT GOOGLE'S PARTIAL OPPOSITION AND PARTIAL NON-OPPOSITION TO KREISMAN PLAINTIFFS' RULE 23(G) MOTION FOR APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL

Defendant Google Inc. ("Google") submits this statement of partial opposition and partial non-opposition to the Kreisman Plaintiffs' Rule 23(g) Motion for Appointment of Interim Co-Lead Class Counsel ("the Kreisman Motion"). While Google takes no position with respect to the request to appoint any particular attorney or law firm as Interim Lead Counsel, Google opposes the Kreisman Motion to the extent it asks the Court to appoint *multiple* "Co-Lead Counsel" in this complex MDL. Such a complicated leadership structure would undermine the primary goal of judicial efficiency for which these cases were consolidated and is contrary to the July 27, 2012 consolidation order previously agreed to by the parties and entered by the Court.

In considering the appointment of a putative class action counsel leadership structure, "[t]he most important [factor] is achieving efficiency and economy without jeopardizing fairness to the parties." Manual for Complex Litig., Fourth § 10.221 (2004). The appointment of multiple firms as co-lead counsel will defeat the goal of achieving efficiency and fairness because it "may precipitate friction and a lack of coordination among counsel." *In re Milestone Scientific Sec. Litig.*, 187 F.R.D. 165, 178 (D.N.J. 1999). Accordingly, courts have avoided appointing co-lead counsel to prevent the great inefficiency and risk of having multiple

decisionmakers.  *See, e.g.*, *id.* at 181 (denying motion to appoint multiple lead counsel because "benefits derived from appointing several lead counsel [did not] outweigh the complications and increased costs and expenses associated with the litigation by committee approach"); *Deborah G. Mallow Ira Sep Inv. Plan v. McClendon*, No. 12-436-M, 2012 WL 2886677, at *4+ (W.D. Okla. Jul. 13, 2012) (appointing one firm as lead counsel because the appointment of multiple "co-lead counsel is ripe for wasteful, duplicative work-product, excessive billing, and internal conflicts"); *Friedman v. Rayovac*, 219 F.R.D. 603, 605-6 (W.D. Wis. 2002) (denying motion to appoint multiple co-lead counsel); *Richard MNI Bell v. Ascendant Solutions, Inc.*, No. 01-0166, 2002 WL 638571 (N.D. Tex. Apr. 17, 2002) (rejecting multiple lead counsel because lead plaintiff had failed to show that three law firms were required to manage case); *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1072 (C.D. Cal. 1999) ("the Court will only permit one law firm to serve as lead counsel in this case on the basis that class interests are better served by a central law firm").

Here, the various counsel vying for appointment as lead counsel have already demonstrated "friction and a lack of coordination," as well as an inability to compromise.  To appoint more than one of these firms as "co-lead counsel" would be unfair to Google (as well as the other defendants and absent putative class members) who would be forced to negotiate and resolve disputes with multiple decision-makers.  As in *Milestone*, here, the Kreisman Motion fails to identify any "benefits derived from appointing several lead counsel" or explain how such benefits "outweigh the complications and increased costs and expenses associated with the litigation by committee approach."

The request to appoint multiple co-lead counsel is also contrary to the July 27, 2012 consolidation order entered by the Court and agreed to and signed by counsel for all plaintiffs, as well as all defendants.  That order instructs that all of the pending claims against defendants Google and PointRoll would be consolidated into a single action with "a single Consolidated Amended Complaint."  ECF No. 22 ¶¶ 1-2, 17.  The parties also stipulated that the Court will appoint "Lead Counsel," not *co*-lead counsel, "to facilitate the orderly and efficient prosecution

of this litigation and to avoid duplicative or unproductive effort," and that Lead Counsel would then have sole "authority to speak for *all* plaintiffs." *Id.* ¶¶ 13-14 (emphasis added). If the Court were to appoint multiple co-lead counsel, the purposes of the consolidation order would be frustrated because the various co-lead counsel would not have authority to speak for all plaintiffs.

The request to appoint multiple co-lead counsel should, therefore, be denied. [1]

Respectfully submitted,

Dated:  September 24, 2012          WILSON SONSINI GOODRICH & ROSATI
                                    Professional Corporation

                                    By:  /s/ Michael H. Rubin
                                    Leo P. Cunningham
                                    Michael H. Rubin
                                    Anthony J Weibell
                                    Wilson Sonsini Goodrich & Rosati
                                    650 Page Mill Road
                                    Palo Alto, CA 94304-1050
                                    650-493-9300
                                    Email: lcunningham@wsgr.com; mrubin@wsgr.com;
                                    aweibell@wsgr.com

                                    *Attorneys for Defendant*
                                    GOOGLE INC.

---

[1] Defendant PointRoll has responded to the Kreisman Motion by asking "that the Court require a separate counsel and complaint for PointRoll." ECF No. 35 at 2. Like the Kreisman Motion's request for multiple co-counsel, PointRoll's request for multiple complaints and multiple lead counsel is contrary to the underlying purpose of the Consolidation Order previously agreed to by all parties and entered by the Court. PointRoll's request (which should have been raised in a separate, noticed motion to sever) should be denied because it will only further complicate and delay these proceedings, and it will lead to extensive frustration in trying to coordinate and resolve the already difficult scheduling and discovery issues that will arise in this litigation.