# Exhibit C

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE GOOGLE INC. COOKIE PLACEMENT CONSUMER PRIVACY LITIGATION | C.A. 12-MD-2358 (SLR) |
| This Document Relates to ALL ACTIONS | |

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SAN FRANCISCO

| | |
|---|---|
| MARK CARANDANG,<br><br>    Plaintiff,<br><br>        v.<br><br>GOOGLE INC.,<br><br>    Defendant. | CASE NO.: CGC-12-518415 |

**JOINT COORDINATION ORDER**

    1.    **Scope.** This Joint Coordination Order will govern the coordination of all discovery and pretrial proceedings in the multi-district litigation captioned *In re Google Inc. Cookie Placement Consumer Privacy Litigation*, No. 12-MD-2358 (SLR), pending in the United States District Court for the District of Delaware (hereinafter "the MDL"); the California state court litigation captioned *Mark Carandang v. Google Inc.*, No. CGC-12-518415, pending in the Superior Court of the State of California for the County of San Francisco (hereinafter "a Coordinated Action"); and any other litigation or proceeding that becomes a Coordinated Action bound by this Joint Coordination Order by order of its assigned presiding judge, justice, magistrate, commissioner, arbiter, or other adjudicator.

1

2.      **The MDL.** The MDL consists of dozens of separate actions transferred to the District of Delaware by the Judicial Panel on Multidistrict Litigation ("JPML") pursuant to 28 U.S.C. § 1407 for coordinated pretrial proceedings because these actions involve common questions of fact and because centralization would eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel, and the judiciary. *See* MDL ECF No. 22 at 1. On July 27, 2012, an order was entered in the MDL consolidating each of its member actions for all pretrial purposes because they "arise out of the same transactions and occurrences and involve the same or substantially similar issues of law and fact." *Id.* at 2. The MDL consolidation order further provided that a "Lead Counsel" will be appointed in the MDL who will "have authority to speak for all plaintiffs in the consolidated actions in matters regarding pretrial and trial procedure and settlement negotiations, and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort." *Id.* at 4.

3.      **The Coordinated Actions.** The Coordinated Actions include any litigation or legal proceeding not consolidated with the MDL that involve common questions of fact with the MDL and that becomes a Coordinated Action bound by this Joint Coordination Order by order of its respective presiding judge, justice, magistrate, commissioner, arbiter, or other adjudicator.

4.      **Coordination.** Because they involve common questions of fact, coordination of discovery and pretrial proceedings between the MDL and the Coordinated Actions will help to prevent duplication of effort, wasted judicial resources, undue burden, and unnecessary expense. Accordingly, the undersigned do hereby enter this Joint Coordination Order for their respective cases and their respective jurisdictions.

5.      **MDL as Lead Case.** All discovery and discovery-related pretrial scheduling in the Coordinated Actions will be coordinated with the discovery and discovery-related pretrial scheduling in the MDL. The MDL shall be used as the lead case for discovery and discovery-related pretrial scheduling in the Coordinated Actions.  The MDL court shall determine all

discovery obligations, set all applicable discovery periods and discovery deadlines, and resolve all discovery-related disputes.

6. **Master Protective Order.** Lead counsel for all parties in the MDL and the Coordinated Actions shall meet and confer regarding the adoption of a single order in the MDL and in each of the Coordinated Actions governing the confidentiality of information and any protocols for the production of electronically stored information (the "Master Protective Order"). A joint proposal for the Master Protective Order, or a joint submission containing all competing proposals if the parties are unable to come to an agreement, shall be submitted to the MDL court, and the Master Protective Order thereafter issued by the MDL court shall govern discovery in the MDL and in all Coordinated Actions.

7. **Governing Discovery Rules.** All discovery will be conducted in accordance with the federal law, the Federal Rules of Civil Procedure, and the Local Rules and Orders of the MDL court, all as interpreted by the MDL court, including any applicable limits on the scope and volume of discovery requests as set forth in the Federal Rules of Civil Procedure and the Local Rules and Orders of the MDL court.

8. **Reciprocal Discovery.** Any discovery request or deposition notice propounded in the MDL or any Coordinated Action shall be deemed to have been propounded in all actions. Lead counsel for a party in the MDL or any Coordinated Action shall be entitled to receive all discovery obtained in any of these actions, provided that such discovery shall be used or disseminated in accordance with the terms of the Master Protective Order. Responses to written discovery and answers to deposition questions will be deemed to be made in all actions and may be used in all actions subject to and in accordance with the terms of the Master Protective Order.

9. **Prerequisite to Discovery.** Before any party may propound written discovery, the party must first confer with lead counsel for all other non-adverse parties in the MDL and Coordinated Actions, taking such steps as may be necessary to serve joint discovery, and to prevent duplicative discovery demands.

10. **Depositions.**

   a. All depositions shall be jointly scheduled, noticed, and conducted so that no one witness is deposed more than once or for more than a single day of seven hours unless otherwise stipulated by the parties or ordered by the MDL court upon a showing of substantial need for additional time for the deposition. All parties seeking to depose a witness shall coordinate with one another prior to noticing and taking the deposition to ensure that the deposition is jointly scheduled, noticed and conducted.

   b. Plaintiffs seeking to depose the witness shall appoint a single lead questioner to question the witness on behalf of all plaintiffs in the MDL and Coordinated Actions, and defendants seeking to depose the witness shall appoint a single lead questioner to question the witness on behalf of all defendants in the MDL and Coordinated Actions.

   c. Each party joining in a deposition shall be entitled to have one attorney present at the deposition who may assert non-duplicative objections during questioning in accordance with the Federal Rules of Civil Procedure, the Local Rules of the MDL court and the Orders of the MDL court entered in the MDL. Any objection to the form of a question made by any counsel present at the deposition shall be deemed to have been made on behalf of any party who later seeks to rely on the objection.

   d. A lead questioning attorney shall reserve a reasonable amount of time prior to the conclusion of the deposition to confer with any interested counsel regarding additional questions that the non-questioning counsel desire to be asked of the deponent. If the lead questioning attorney declines to ask a question presented by interested counsel, the lead questioning attorney shall provide that counsel with a reasonable amount of time to ask the question of the deponent before the expiration of the time allowed for the deposition.

11. **Service.**

   a. All documents pertaining to discovery or pretrial scheduling that are required to be served on any party in the MDL or any Coordinated Action shall be served on all parties in the MDL and all Coordinated Actions. Whenever any order, transcript, correspondence, or other document pertaining to discovery or pretrial scheduling is filed by a court, a clerk, a reporter, or other nonparty, lead counsel for the plaintiff(s) in the proceeding in which the document was filed shall serve the document on all other parties in the MDL and in all Coordinated Actions if the parties have not otherwise been served.

   b. Documents shall be served by email only, except for those documents deemed served on an MDL party by filing the document with the MDL Court's ECF filing system. Each party shall designate a single email address to receive service of documents. Lead Counsel for plaintiffs in the MDL shall designate a single email address for service on all plaintiffs in the MDL. The subject line of an email for service shall bear the words "Google Cookie Placement Litigation."

12. **Dispute Resolution.** In the event that the parties are unable to resolve any disputes that may arise in the coordinated activities, including disputes as to privilege issues or the interpretation of the Master Protective Order, such disputes shall be decided by the MDL court pursuant to federal law and the federal rules applicable to the MDL court. A dispute may be submitted to the MDL court by any party to the MDL or the Coordinated Actions only by raising the issue at an in-person discovery status conference to be held by MDL court. No motions to compel or for protective order shall be filed absent prior approval of the MDL court.

13. **Additional Coordinated Actions.** Any court wishing to grant the parties before it access to coordinated discovery may do so by joining this Order and appointing one Plaintiffs' Lead Counsel to facilitate coordination of discovery in the Coordinated Action and discovery in the MDL.

14. **Retention of Jurisdiction.** Each court that joining this Order shall retain jurisdiction to modify, rescind and/or enforce the terms of this Order as it affects proceedings before that particular court.

**IT IS SO ORDERED.**


DATED:_____          _____
                                       HONORABLE SUE L. ROBINSON
                                       UNITED STATES DISTRICT JUDGE



DATED:_____          _____
                                       HONORABLE RICHARD A. KRAMER
                                       CALIFORNIA SUPERIOR COURT JUDGE