UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE GOOGLE INC. COOKIE PLACEMENT CONSUMER PRIVACY LITIGATION | C.A. 12-MD-2358 (SLR) |
| This Document Relates to:<br>**All Actions** | |

**[PROPOSED] JOINT CASE SCHEDULING ORDER**

At Wilmington, this 24th day of October 2012, the Court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16;

**Plaintiffs' Opening Position.** Plaintiffs have all agreed on the Plaintiffs' positions set forth in the Sections below.

**Defendants' Opening Position.** Pursuant to the stipulated Consolidation Order entered by this Court on July 27, 2012, a lead counsel for Plaintiffs is to be appointed to speak for all plaintiffs in negotiations with Defendants' counsel and to file a consolidated amended complaint. Because lead counsel has not yet been appointed and no consolidated amended complaint has been filed, Defendants are unable to meet and confer with Plaintiffs regarding a discovery plan and schedule for this action. ECF No. 22 ¶ 13 ("Lead Counsel shall have authority to speak for all plaintiffs in the consolidated actions in matters"); *id.* ¶ 14 ("No motion, request for discovery or other pretrial proceedings shall be initiated or filed by any plaintiff except through Lead Counsel").

Indeed, as Plaintiffs have already correctly explained to the Court, "litigants can make relatively little meaningful progress in a case like this until a leadership structure is in place, an Amended Consolidated Complaint is filed, and the parties have met and conferred to develop proper

motion and discovery plans and schedules based on the legal claims and factual issues in the operative Complaint." ECF No. 33 at 5. Plaintiffs further correctly recognized that "[p]iecemeal initial disclosures, uncoordinated discovery requests, strained requests for preliminary relief – the familiar panoply that amounts to little more than theater – are inefficient and often meaningless until the parties and the Court know exactly what the operative claims are and all the Defendants are identified." *Id.* Accordingly, because the parties are unable to effectively meet and confer to develop a proper discovery plan, the proposals below represent the parties' initial, un-negotiated positions on the topics identified in the Court's standard form of scheduling order for complex actions. Following the appointment of Lead Counsel for Plaintiffs, the parties can meet and confer to attempt to reach an agreement on their differences expressed below, but provide these positions for the convenience of the Court.

Having considered these views and the arguments of counsel,

IT IS ORDERED that:

1. **Pre-Discovery Disclosures.**

    a. **Plaintiffs' Position.** Plaintiffs' position is that all Parties who have not already done so should be ordered to exchange their initial disclosures within 14 days of the entry of this Order.

    b. **Defendants' Position.** The parties will exchange the information required by Fed. R. Civ. P. 26(a)(1) with respect to the claims and defenses addressed in any complaint and corresponding answer within 35 days after the filing of the answer (not including motions filed under Fed. R. Civ. P. 12).

2. **Pleadings.**

      a.    **Plaintiffs' Position.**  On or before thirty (30) days after the Court appoints Interim Co-Lead Class Counsel, Plaintiffs shall file a Consolidated Amended Complaint ("CAC"). Thereafter, Defendants shall have thirty (30) days to file their Answers or otherwise respond to the CAC.  Should any Defendant file a motion to dismiss, Plaintiffs shall have thirty (30) days to file their response brief and the moving Defendant shall have fifteen (15) days to file its reply brief.  No surreply briefs will be allowed without leave of Court.

      b.    **Defendants' Position.**  Plaintiffs shall file their Amended Consolidated Complaint within 35 days from the date of an order by the Court appointing Lead Counsel. Defendant PointRoll has requested that the claims against it be contained in an Amended Consolidated Complaint that is separate from the Amended Consolidated Complaint against Defendant Google, with the two complaints each proceeding along the same schedule herein.  This request has been opposed by all other parties.  Defendants' responses to the Amended Consolidated Complaint(s) shall be filed within 42 days after the filing of the Amended Consolidated Complaint(s).  Oppositions to any motions under Fed. R. Civ. P. 12 shall be filed within 49 days from the filing of the motions, and any replies thereto shall be filed within 35 days.

3.    **Discovery.**

      a.    Discovery will be needed on the following subjects:

          i.    **Plaintiffs' Position.**  Plaintiffs assert that discovery will be needed on, inter alia, the following subjects:

            1.  Google's reasons for and methods of development, planning, study, evaluations, testing and implementation of the Google +1 button, by which Google users could express a preference for, or show they liked, certain items;

2. Google's plans for implementation, modeling and business case scenarios for the Google +1 button as competition for the Facebook "Like" button;

3. PointRoll's plans for implementation, modeling and business case scenarios for its practices to circumvent the Safari web browser's functioning and blocking of third-party cookies;

4. Defendants' analyses, studies, testing, reviews and evaluations of the Safari web browser's functioning and blocking of third-party cookies;

5. Defendants' planning for, evaluation of, development and testing of methodologies by which Defendants could overcome Safari's default blocking of third-party cookies;

6. Google's analyses, studies, testing, reviews, and evaluations of potential plans to resolve the problem that Google + and Google Ads were on separate domains, and that a third-party cookie—which Safari's browser blocked by default—was needed to create a functioning interface between those domains;

7. Defendants' analyses, studies, testing, reviews, and evaluations of the Safari browser's allowance of third-party cookies when a user submits an HTML (hypertext markup language) form;

8. Google's analyses, studies, testing, reviews, evaluations, development and implementation of a "form," invisible to computer users, that Google submitted when users clicked the Google +1 button.

9. Google's analyses, studies, testing, reviews, evaluations, and measurement of the success of the HTML form—generated when users clicked the Google +1 button—to avoid the Safari browser's default blocking of third-party cookies;

10. PointRoll's analyses, studies, testing, reviews, evaluations, and measurement of the success of its efforts to avoid the Safari browser's default blocking of third-party cookies;

11. Google's internal information showing how the Google-generated HTML form both enabled the "+1" functionality but also set up the general Google Ads tracking cookie that monitors users' browsing behavior;

12. Defendants' internal information reflecting or describing Defendants' efforts to remove the tracking cookie that resulted from the Defendant-generated HTML form;

13. Defendants' internal information reflecting the time period during which Defendants obtained information from users through the use of the HTML form to bypass the Safari browser's default blocking of third-party cookies;

14. Defendants' internal information reflecting the nature, contents, and volume of information Defendants received from and about users through use of the Defendant-generated HTML form to bypass the Safari default browser;

15. Defendants' information reflecting Defendants' revenues and profits associated with Defendants' use of the Defendant-generated HTML form to bypass the Safari default browser;

16. Information concerning the reasons for any changes in Defendants' terms of service or privacy policies, including Google's March 1, 2012 changes in its Privacy Policy;

17. Information concerning whether information Defendants obtained about users through the HTML form and related functions was anonymized or aggregated;

18. Information demonstrating the uses to which Defendants put information it learned about or from users from the HTML form that permitted avoidance of the Safari browser default blocking of third-party cookies;

19. Defendants' understanding and application of the term "User consent" to disclosure of User Information;

20. The nature, volume and contents of user information that Defendants disclose for purposes of "External Processing," and any revenues Defendants generate in connection with such user information;

21. Defendants' Database Schema, including the identifying features, nature, volume, contents, uses and function of all databases comprising that Database Schema.

22. Defendants' information identifying or describing any tables in each of the Databases, including all documents identifying or describing user information in the Tables.

23. Information showing the data Defendants collect from users when visiting websites that place Defendants' tracking cookies;

24. Defendants' Log File architecture, including the identifying features, nature, volume, contents, uses and function of all Log Files;

25. All documents identifying or describing the contents of information collected in or stored, whether for milliseconds or some longer period, in each of the Log Files;

26. All documents identifying or describing any review, analysis or use Defendants made of the information collected in or stored, whether for milliseconds or some longer period, in each of the Log Files;

27. Defendants' contractual and other undertakings with third parties to whom Defendants sell, transfer, or otherwise provide user data;

28. Defendants' contractual or other dealings with each other, and with WPP and Vibrant Media, concerning the HTML form and subsequent cookie placements despite the Safari default blocking of third-party cookies;

29. Any information that Defendants contend reflects user consent to the Defendant-generated HTML form and subsequent third-party cookie placement on the users' computers;

30. Defendants' analyses, studies, testing, reviews, evaluations or other information about the value, including economic or monetary value, of information Defendants obtain from users, including Personally Identifiable Information ("PII").

31. Information showing whether, and if so, how, Defendants link PII that Defendants obtains from users to particular users or particular users' computers.

32. Information about the length of the time periods during which electronic communications between Defendants and users or third parties reside in registers in central processing units of any of the computers or servers involved in transmitting such electronic communications;

33. Information about the duration of the periods during which electronic communications between Defendants and users or third parties reside in the random access memory of any of the computers or servers involved in transmitting such electronic communications;

34. Information about the length of time periods during which electronic communications between Defendants and users or third parties reside in the hard drives of any of the computers or servers involved in transmitting such electronic communications;

35. The amount of bandwidth used by Defendants' activities;

36. Defendants' policies and procedures regarding P3P, including how Defendants use these policies for their own purposes;

37. Information about the benefits received by any Defendant as a result of the use, sale, retention and/or marketing of the information gathered through the complained-of tracking;

38. Information about the advertising market share, revenues and profits resulting from Defendants' use of the HTML code and subsequent cookie placement;

39. Google's development of its Screenwise program, under which consumers are paid $5 per month (up to $25) for allowing Google to track their web surfing activity, the number of consumers that have participated in the Screenwise program, and all documentation in the possession of any Defendant regarding the Screenwise program; and

40. Google's position that its complained-of conduct did not violate the FTC consent decree into which it entered with the FTC.

    ii.  **Defendants' Position.**  Defendants are at this time unable to identify the subjects on which discovery will need to be taken because there is no operative consolidated amended complaint on file.  Defendant PointRoll does not consider it appropriate for any discovery to be directed to it which relates to the conduct of Defendant Google only.

  b.  **Fact Discovery.**

    i.  **Plaintiffs' Position.**  All fact discovery shall be commenced in time to be completed by December 1, 2013.

    ii.  **Defendants' Position.**  Substantial questions exists as to whether the Court has subject matter jurisdiction over this litigation and whether plaintiffs can state any viable cause of action, given the absence of any actionable injury or damages to any plaintiff.  *See, e.g., Reilly v. Ceridian Corp.*, 664 F.3d 38, 43 (3d. Cir. 2011) (plaintiffs lacked standing for lack of injury even where private personally identifiable information was stolen – unlike here where no personally identifiable information was obtained) (citing *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990) (plaintiffs must show "distinct and palpable" injury that is actual or imminent, not merely "conjectural or hypothetical")). Accordingly, Defendants would view any disclosures or discovery as inappropriate until the Court has ruled on dispositive motions under Rule 12. The parties shall hold their required Rule 26(f) conference within 14 days after Defendants file an answer (not including motions filed under Fed. R. Civ. P. 12) to the operative complaint.  Consistent with Fed. R. Civ. P. 26(d), no duty to respond to discovery shall arise until after Lead Counsel has been appointed, the Amended Consolidated Complaint(s) have been filed, and the operative complaint has been answered following a denial of a motion to dismiss or otherwise, and the

parties have conducted the Rule 26(f) conference referenced above. All fact discovery shall be commenced in time to be completed within 280 days after Defendants file an answer (not including motions filed under Fed. R. Civ. P. 12) to the operative complaint.

1. **Interrogatories.**

    a. **Plaintiffs' Position.** Maximum of 75 interrogatories by each Party to any other Party.

    b. **Defendants' Position.** All interrogatories shall be served jointly on behalf of all plaintiffs. Plaintiffs shall collectively be entitled to serve a total maximum of 25 interrogatories on each defendant, including all discrete subparts. Defendants shall each be entitled to serve a maximum of 25 interrogatories on each named plaintiff, including all discrete subparts.

2. **Contention Interrogatories.** In the absence of agreement among the Parties, contention interrogatories, if filed, shall first be addressed by the Party with the burden of proof no later than the date established for the completion of document production, with responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each Party provides; i.e., the more detail a Party provides, the more detail a party shall receive.

3. **Requests for Admission.**

    a. **Plaintiffs' Position.** Maximum of 75 requests for admission by each Party to any other Party.

    b. **Defendants' Position.** All requests for admission shall be served jointly on behalf of all plaintiffs. Plaintiffs shall collectively be entitled to serve a total maximum of 25 requests on each defendant, including all discrete subparts.

Defendants shall each be entitled to serve a maximum of 25 requests on each named plaintiff, including all discrete subparts.

4. **Document Requests.**

   a. **Plaintiffs' Position.** Discovery of paper and electronic documents (hereafter, "ediscovery") shall be completed on or before August 1, 2013. In the absence of agreement among the Parties or by order of the Court, the Court's "Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI")" shall govern.

   b. **Defendants' Position.** Discovery of paper and electronic documents (hereafter, "ediscovery") shall be completed 70 days prior to the close of fact discovery. In the absence of agreement among the parties or by order of the court, the court's "Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI")" shall govern.

5. **Fact Depositions.**

   a. **Plaintiffs' Position.** Maximum of 24 fact depositions by Plaintiffs and 24 by Defendants. Each fact deposition shall be limited to a maximum of 7 hours unless extended by agreement of the Parties. In the absence of agreement among the Parties or by order of the Court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

   b. **Defendants' Position.** Plaintiffs shall collectively be entitled to a maximum of 10 fact depositions, including nonparty depositions; and Defendants shall be entitled to depose each named plaintiff and shall each be entitled to 5

11

additional fact depositions apiece. Unless otherwise agreed to between the parties, each deposition shall be limited to a maximum of 1 day of 7 hours, including recesses requested by the questioning counsel but not including recesses requested by the deponent. No deponent may be deposed more than once in the action. In the absence of agreement among the parties or by order of the court, no deposition of any party (including those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

    c.    **Expert Discovery.**

        i.    **Plaintiffs' Position.** Expert discovery shall be commenced in time to be completed by May 15, 2014.

        ii.    **Defendants' Position.** Expert discovery on merits issues unrelated to class certification shall be commenced in time to be completed within 84 days following the close of fact discovery.

        1.    **Expert Reports.**

        a.    **Plaintiffs' Position.** Expert reports on issues for which the parties have the burden of proof due February 1, 2014. Rebuttal expert reports due March 15, 2014. Supplemental reports due April 15, 2014.

        b.    **Defendants' Position.** Expert reports on issues for which the parties have the burden of proof are due no later than 70 days before the close of expert discovery. Rebuttal expert reports are due no later than 35 days before the close of expert discovery.

        2.    **Expert Depositions.**

      a.    **Plaintiffs' Position.** Expert depositions shall be limited to a maximum of 7 hours unless extended by agreement of the Parties.

      b.    **Defendants' Position.** Expert depositions to be limited to a maximum of 14 hours unless extended by agreement of the parties. Unless otherwise stipulated between the parties, rebuttal expert witnesses will only be deposed after opening expert witnesses have been deposed.

    3. *Daubert* **Motions.**

      a.    **Plaintiffs' Position.** All Daubert motions shall be filed on or before June 15, 2014.

      b.    **Defendants' Position.** Any Daubert motions shall be filed on or before the due date for summary judgment motions and shall be briefed and heard on the same schedule for summary judgment motions.

**d.**    **Rule 26(e) Supplementations.**

    i.    **Plaintiffs' Position.** Rule 26(e) supplementations shall be made by June 30, 2014.

    ii.    **Defendants' Position.** Supplementations under Rule 26(e) are due 7 days after the close of expert discovery.

**e.**    **Discovery Disputes.**

    1.    **Status Conference.**

      a.    **Plaintiffs' Position.** The Court shall conduct an in-person discovery status conference on _____, from 10:00 a.m. to 11:00 a.m., the time to be allotted equally among the Parties. No motions to compel or for protective order shall be filed absent prior approval of the Court.

      b.  **Defendants' Position.**  The court shall conduct an in-person discovery status conference from 10:00 a.m. to 11:00 a.m. 21 days prior to the close of fact discovery (or as soon thereafter as the court is available), the time to be allotted equally among the parties. No motions to compel or for protective order shall be filed absent prior approval of the Court.

     2.  The Court shall be available to resolve by telephone conference disputes that arise during the course of a deposition.

  **f.**  **Fact Witnesses to be called at Trial.**

    i.  **Plaintiffs' Position.**  Within one (1) month following the close of expert discovery, each Party shall serve on the other Parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receiving the fact witness lists, each Party shall serve a list of the rebuttal fact witnesses that it intends to call at trial.  The Parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case.  Such depositions shall be held within one (1) month after service of the lists of rebuttal fact witnesses and be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the Parties or upon order of the Court upon good cause shown.

    ii.  **Defendants' Position.**  Within 35 days following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within 35 days of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends

14

to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within 35 days after service of the list of rebuttal fact witnesses and shall be limited to 21 hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

4. **Joinder of other Parties and Amendment of Pleadings.**

 a. **Plaintiffs' Position.** All motions to join other parties and/or amend the pleadings after Plaintiffs file the initial Consolidated Amended Complaint shall be filed on or before March 1, 2013.

 b. **Defendants' Position.** All motions to join other parties and amend the pleadings shall be filed no later than 35 days after the filing of an answer (not including motions filed under Fed. R. Civ. P. 12).

5. **Settlement Conference.**

 a. **Plaintiffs' Position.** Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge for the purposes of exploring ADR.

 b. **Defendants' Position.** The parties shall inform their clients of potential ADR options. This matter will not be referred to a Magistrate Judge for the purposes of exploring ADR.

6. **Class Certification.**

 a. **Plaintiffs' Position.** Plaintiffs shall file their motion for class certification by January 31, 2014. Concurrent with filing their class certification motion, Plaintiffs shall produce any supporting expert witness reports and/or disclose all expert witnesses they intend to call at the class certification hearing. Defendants shall have forty-five (45) days from said filing to file their

response briefs, during which time Plaintiffs shall make their expert witnesses available for deposition at Defendants' request.  Concurrent with filing their response brief, Defendants shall produce any supporting expert witness reports and/or disclose all expert witnesses they intend to call at the class certification hearing.  Plaintiffs shall have forty-five (45) days from said filing to file their reply brief, during which time Defendants shall make their expert witnesses available for deposition at Plaintiffs' request.   No surreply briefs will be allowed without leave of Court.  The hearing on Plaintiffs' motion for class certification shall be heard at a date to be determined by the Court.

    b. **Defendants' Position.**  Plaintiffs' motion for class certification shall be filed on or before the due date for summary judgment motions and shall be briefed and heard on the same schedule for summary judgment motions.

  7. **Summary Judgment Motions.**

    a. **Plaintiffs' Position.**  All summary judgment motions shall be served and filed on or before July 31, 2014.  No summary judgment motion may be filed more than ten (10) days from this date without leave of the Court. Opening briefs in support of the summary judgment motions shall be served and filed by the Party having the burden of proof on the ultimate issue on or before July 31, 2014. Opening response briefs shall be served and filed on or before August 15, 2014. Where cross-motions are not presented, response and reply briefs shall be due as calculated from the filing of any opening brief as per LR 7.1.2. Where cross-motions are presented, surreply briefs will be permitted, to be filed 7 days from the filing of the reply briefs. The hearing on the motion(s) for summary judgment will be heard at a date to be determined by the Court.

    b. **Defendants' Position.**  All summary judgment motions shall be served and filed no later than 105 days following the close of expert discovery. Plaintiffs shall file any opening

brief at the time their motion for summary judgment is filed. Defendants shall file any answering brief (or combined opening and answering brief) within 49 days after a motion is filed. Plaintiffs shall file any reply brief (or combined answering and reply brief) within 49 days after Defendants' first brief is filed. Defendants shall file any reply brief within 35 days after Plaintiffs' answering brief is filed. The hearing on the motion(s) for summary judgment will be heard at 10:00 a.m. 21 days after the deadline to file the last brief (or as soon thereafter as the court is available).

8. **Applications by Motion.** Any application to the Court shall be by written motion filed with the Clerk. The Court will not consider applications and requests submitted by letter or in a form other than a motion, absent express approval by the Court.

    a. Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.

    b. No telephone calls shall be made to chambers.

    c. Any party with an emergency matter requiring the assistance of the Court shall e-mail chambers utilizing the "Email Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Judge Robinson's website and email the completed forms to slr_civil@ded.uscourts.gov. The email shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said emails.

9. **Motions in Limine.** No motions in limine shall be filed; instead the Parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

10. **Pretrial Conference.** A pretrial conference will be held on a date to be determined by the Court in courtroom 4B, fourth floor Federal Building, 844 King Street,

Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference. All motions to sever or for a separate trial for each of the Defendants shall be filed 60 days before the date set for the pretrial conference.

11. **Trial.** This matter is scheduled for a two-week jury trial commencing on a date to be determined by the Court in courtroom 4B, fourth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the Parties should plan on being allocated a total number of hours in which to present their respective cases.

12. If a deadline falls on a Saturday, Sunday or legal holiday, the effective date of the deadline rolls forward to the first official court business day following such Saturday, Sunday or legal holiday. The Court encourages counsel for the Parties to scan and email documents and information whenever possible and scanned and emailed documents and information shall be considered proper service of same on the date such documents and information are emailed.

13. All pre-trial deadlines not specifically addressed by this Joint Case Scheduling Order shall be governed by the Federal Rules of Civil Procedure and the Local Rules.

14. **Miscellaneous.**

    a. **Plaintiffs' Position.** The parties shall meet and confer beginning not later than fourteen (14) days after the Court's Order appointing Interim Lead Class Counsel to begin negotiating and drafting a protocol for Electronically Stored Information and to begin negotiating a Protective and Confidentiality Agreement to be entered as Orders of the Court.

    b. **Defendants' Position.** Following the parties' Rule 26(f) conference to be held within 14 days after Defendants file an answer (not including motions filed under Fed. R. Civ. P. 12) to the operative complaint, the parties shall submit a jointly proposed Master Protective Order

or a joint submission containing competing proposals if the parties are unable to reach an agreement.

       IT IS SO STIPULATED.

Dated: October 23, 2012

/s/ Ben Barnow
Ben Barnow
Barnow and Associates, P.C.
One North LaSalle St., Suite 4600
Chicago, IL 60602
Telephone: (312) 621-2000
b.barnow@barnowlaw.com
*Counsel for Plaintiff Karin Kreisman*

/s/ Richard L. Coffman
Richard L. Coffman
Coffman Law Firm
505 Orleans, Suite 505
Beaumont, TX 77701
Telephone: (409) 833-7700
rcoffman@coffmanlawfirm.com
*Counsel for Plaintiff Joseph F. Clark*

/s/ Lance A. Harke
Lance A. Harke
Harke Clasby & Bushman LLP
9699 NE Second Avenue
Miami, FL 33138
Telephone: (305) 536-8220
lharke@harkeclasby.com
*Counsel for Plaintiff Keile Allen*

**Kreisman Plaintiffs'**
**Proposed Interim Co-Lead Counsel**

/s/ Stephen G. Grygiel
Stephen G. Grygiel (Del. Bar. No. 4944)
Keefe Bartels, LLC
Jennifer L. Harwood
170 Monmouth St.
Red Bank, NJ
Telephone: (732) 224-9400
sgrygiel@keefebartels.com
*Counsel for Plaintiffs Ana Yngelmo and Larry Sossin*

/s/ Brian Russell Strange
Brian Russell Strange
Strange & Carpenter
12100 Wilshire Boulevard, Suite 1900
Los Angeles, CA 90025
Telephone: (310) 207-5055
LACounsel@earthlink.net
*Counsel for Plaintiff Lourdes Villegas*

/s/ James P. Frickleton
James P. Frickleton
Bartimus, Frickleton, Robertson & Gorny, P.C.
11150 Overbrook Road, Suite 200
Leawood, KS 66211
Telephone: (913) 266-2300
jimf@bflawfirm.com
*Counsel for Plaintiff James Henry Rischar*

| | |
|---|---|
| /s/ Michael H. Rubin<br>Leo P. Cunningham<br>Michael H. Rubin<br>Anthony J Weibell<br>Wilson Sonsini Goodrich & Rosati<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050<br>650-493-9300<br>Email: lcunningham@wsgr.com;<br>mrubin@wsgr.com; aweibell@wsgr.com<br><br>*Counsel for Defendant Google Inc.* | /s/ Susan Morrison Coletti<br>Susan Morrison Coletti (#4690)<br>Fish & Richardson, P.C.<br>222 Delaware Avenue, 17th Floor<br>P.O. Box 1114<br>Wilmington, DE 19899-1114<br>(302) 778-8434<br>Email: coletti@fr.com<br><br>Alan Charles Raul<br>Edward R. McNicholas<br>Sidley Austin LLP<br>1501 K Street, N.W.<br>Washington, D.C. 20005<br>202-736-8010<br>Email: emcnicholas@sidley.com;<br>araul@sidley.com<br><br>*Counsel for Defendant PointRoll Inc.* |

**SO ORDERED** on this \_\_\_\_\_ day of _____, 2012.

_____

Hon. Sue L. Robinson