IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE GOOGLE INC. COOKIE PLACEMENT CONSUMER PRIVACY LITIGATION | ) MDL CIV. NO. 12-2358-SLR<br>) |

**MEMORANDUM ORDER**

At Wilmington this 16th day of November, 2012, having reviewed the competing motions for appointment of interim class counsel pursuant to Fed. R. Civ. P. 23(g)(3) in connection with the above captioned multidistrict litigation;

IT IS ORDERED that the motion of plaintiffs represented by Keefe Bartels, LLC and others ("the Sossin group")[1] (D.I. 27) is granted, and the motion of plaintiffs represented by Barnow and Associates, P.C. and others ("the Kreisman group")[2] (D.I. 30) is denied, for the reasons that follow:

1. **Background.** On June 12, 2012, the United States Judicial Panel on Multidistrict Litigation issued an order pursuant to 28 U.S.C. § 1401 transferring 24 related actions to this court. (D.I. 10) The actions are filed on behalf of similarly situated plaintiffs based on similar factual allegations, that is, that defendant Google Inc. purposefully circumvented the privacy settings of Apple's Safari browser, thus permitting Google to track users' behavior on non-Google sites without the users'

---

[1] Various law firms representing plaintiffs Sossin, Yngelmo, Rischar, Villegas, Soble, Glaser, Gourley, Movitz, Krause, Martorana, Heretick, Franchise Dynamics LLC, Burdick, Dogga, Bermudez, Landrum, and Nobles. (D.I. 28)

[2] Various law firms representing plaintiffs Kreisman, Allen, Clark, Musgrove, Jacobsen, Oldenburg, Treis and Heinrich. (D.I. 31)

consent.[3] On July 27, 2012, the court entered a consolidation order agreed to and signed by counsel for all plaintiffs and defendants. (D.I. 22) That order instructed that all of the pending claims against defendants Google and PointRoll, Inc. would be consolidated into a single action with a "single Consolidated Amended Complaint."[4] (*Id.* at ¶ 1) The parties also stipulated that the court would appoint lead counsel "to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort," and that lead counsel would then have sole "authority to speak for all plaintiffs." (*Id.* at § 13)

2. **Standard.** Attorneys appointed to serve as class counsel[5] "must fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4). The following factors should be considered when appointing class counsel: (a) the work counsel has done in identifying or investigating potential claims in the action; (b) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (c) counsel's knowledge of the applicable law; and (d) the

---

[3]Several of these actions also include PointRoll, Inc. as a defendant. PointRoll has filed a motion to require plaintiffs to file a separate consolidated complaint against it, as well as to have the court appoint separate lead counsel for that action. (D.I. 35) As the court indicated at the October 24, 2012 conference, it is premature to rule on this motion without further development of the record. (D.I. 43 at 38) Therefore, said motion is denied without prejudice to renew.

[4]Consistent with the July 27, 2012 order of the court, *Nobles v. Google,* Civ. No. 12-1000-SLR, and *Dogga, et al. v. Google,* Civ. No. 12-1003-SLR, have been consolidated with the above captioned action.

[5]Although Rule 23 does not explicitly state what standards apply when appointing interim class counsel under Rule 23(g)(3), courts have embraced the factors identified in Rule 23(g)(1)(A) as the appropriate standard. *See Outten v. Wilmington Trust Corp.,* 281 F.R.D. 193, 197 (D. Del. 2012).

resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A); see also *Outten v. Wilmington Trust Corp.*, 281 F.R.D. 193, 197 (D. Del. 2012); *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, Civ. No. 11-MD-2262, 2011 U.S. Dist. LEXIS 137242 (S.D.N.Y. Nov. 29, 2011). No single factor is determinative; all factors should be considered. Fed. R. Civ. P. 23, advisory committee notes (2003 amendments). The court recognizes that the appointment of co-lead counsel may be appropriate where the magnitude of the class action justifies the pooling of resources and experience. See *In re Exford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 46 (S.D.N.Y. 1998); see also *Outten,* 281 F.R.D. at 199; *In re DRAM Antitrust Litig.*, 2006 U.S. Dist. LEXIS 39841, at *53 (N.D. Cal., June 5, 2006). As noted in the *Manual for Complex Litig.*, § 21.271 (4th ed.), "[i]f there are multiple applicants [for lead counsel], the court's task is to select the applicant best able to represent the interests of the class."

3. **Analysis.** With respect to Rule 23(g)(1)(A)(ii) and (iii), both of the competing attorney groups have experience in large class actions and with substantial privacy rights litigation. Indeed, both of the competing attorney groups have impressive credentials and the underlying qualifications to serve as lead counsel. Nevertheless, the court finds that the Sossin group, which represents 16 of the 24 cases, has made a stronger showing under Rule 23(g)(1)(A)(i) and (iv). In this regard, the papers filed by the Sossin group, as well as the presentation made at the October 24, 2012 hearing, specifically addressed their understanding of the legal issues and their work to identify or investigate potential claims, as well as their proposed leadership structure and the

resources they will bring to bear on behalf of the putative class. (D.I. 28 at 15-19; D.I. 43 at 15-26) While the court appreciates brevity,[6] the opposing papers and presentation did not adequately address the Rule 23(g) factors, at least not in a helpful way. (D.I. 31 at 13; D.I. 43 at 26-27) In complex litigation, like that at bar, lead counsel must not only be organized, efficient, and knowledgeable, they have an obligation to clearly and concisely present their arguments to the court. The Sossin group did so, thus demonstrating its understanding of how best to represent the interests of the class.

United States District Judge

---

[6] Sossin group, take note.