UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE GOOGLE INC. COOKIE PLACEMENT CONSUMER PRIVACY LITIGATION | C.A. 12-MD-2358 (SLR) |
| This Document Relates to:<br>**All Actions** | |

**DEFENDANT GOOGLE INC.'S
REQUEST FOR JUDICIAL NOTICE AND FOR
CONSIDERATION OF DOCUMENTS REFERENCED AND RELIED UPON
IN THE CONSOLIDATED AMENDED COMPLAINT**

MICHAEL H. RUBIN, CA Bar No. 214636
ANTHONY J WEIBELL, CA Bar No. 238850
C. SCOTT ANDREWS, CA Bar No. 243690
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
E-mail: mrubin@wsgr.com; aweibell@wsgr.com; sandrews@wsgr.com

*Attorneys for Defendant*
GOOGLE INC.

In connection with its Motion to Dismiss the Consolidated Amended Complaint filed herewith, Defendant Google Inc. ("Google") respectfully submits this Request for Judicial Notice and for Consideration of Documents Referenced in the Consolidated Amended Complaint ("RJN").

## I. Legal Standard

In deciding a motion to dismiss under Rule 12, the Court may consider "any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (*citing* 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d ed. 2004)); *see also Ruddy v. U.S. Postal Serv.*, 455 F. App'x 279, 283 (3d Cir. 2011) ("District Court properly relied on" document because it was "referenced in" plaintiff's complaint and "integral to his claim"); *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (court may consider "matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents."); *R.C. Beeson, Inc. v. Coca Cola Co.*, 337 F. App'x 241, 242 n.2 (3d Cir. 2009) (court would consider the allegations in the complaint "and documents referred to therein"); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (court may consider "a document integral to or explicitly relied upon in the complaint" if "the claims in the complaint are 'based' on [the] extrinsic document").

For documents not referenced in or relied upon by the complaint, the Court may take judicial notice of matters that are "generally known within the trial court's territorial jurisdiction" or that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *Ieradi v. Mylan Labs., Inc.*, 230 F.3d 594, 600 n.3 (3d Cir. 2000). Accordingly, courts will take judicial notice of the content of publicly available articles. *Ieradi*, 230 F.3d at 598 n.2; *Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 401 n.15 (3d Cir. 2006); *Peters v. Del. River Port Auth.*, 16 F.3d 1346, 1356-57 (3d Cir. 1994). Courts will likewise take judicial

notice of the content of websites and other documents publicly available on the Internet, including a website's terms of use, privacy policy, and other content. *See, e.g.*, *Yusupov v. Att'y Gen. of U.S.*, 650 F.3d 968, 985 n.23 (3d Cir. 2011) (taking judicial notice of website's self-description of its nature and content); *In re Google Inc. Privacy Policy Litig.*, No. 12-01382, 2012 WL 6738343, at *3-4 (N.D. Cal. Dec. 28, 2012) (considering Google's prior terms of service, privacy policies, and press releases); *Huong Hoang v. Amazon.com, Inc.*, No. 11-1709, 2012 WL 1088165, at *2 (W.D. Wash. Mar. 30, 2012) (considering defendant's privacy policy); *Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 983-985 (N.D. Cal. 2010) (taking judicial notice of content of websites and terms of use available online); *Coremetrics, Inc. v. Atomic Park.com, LLC*, 370 F. Supp. 2d 1013, 1021 (N.D. Cal. 2005) (taking judicial notice of contents of defendant's website); *Hendrickson v. eBay, Inc.*, 165 F. Supp. 2d 1082, 1084 n.2 (C.D. Cal. 2001) ("the Court takes judicial notice of www.eBay.com and the information contained therein"); *Pollstar v. Gigmania, Ltd.*, 170 F. Supp. 2d 974, 978 (E.D. Cal. 2000) (taking judicial notice of printout of website as it appeared at earlier date where some of the contents of the website were alleged in complaint).

## II.    The Materials Google Seeks to Have the Court Consider

In connection with Google's Motion to Dismiss the Consolidated Amended Complaint, Google respectfully requests that the Court consider the news articles and other publicly available documents listed in the chart below and attached hereto because they are expressly relied upon by the Consolidated Amended Complaint ("CAC") and their publicly-available contents are subject to judicial notice. The individual actions that make up this multidistrict litigation were filed in response to the publication of the news articles and reports attached hereto. And Plaintiffs not only repeatedly and expressly quote from these documents, they also rely upon the conclusions made in them as the basis for their claims. The last column of the chart identifies the locations within the CAC where each document is cited and relied upon.

**Documents for Judicial Notice**

| Ex. | Title | Description | Basis for Consideration |
|---|---|---|---|
| 1 | Google Privacy Policy, (last modified Oct. 3, 2010, archived version), available at http://www.google.com/policies/privacy/archive/20101003/ | Published Privacy Policy | Cited and relied upon in the CAC and subject to judicial notice. CAC nn. 66-67. |
| 2 | Kristen Lovin, *Safarigate: Benign Behavior or Malignant Breach*, COLUM. SCI. & TECH. L. REV. (Feb. 22, 2012), available at http://www.stlr.org/2012/02/safarigate-benign | Law review article | Cited and relied upon in the CAC and subject to judicial notice. CAC n. 81. |
| 3 | Jonathan Mayer, *Safari Trackers*, Web Policy Blog, (Feb. 17, 2012), available at http://webpolicy.org/2012/02/17/safari-trackers/ | Published report | Cited and relied upon in the CAC and subject to judicial notice. CAC nn. 54, 74, 87, 89, 91, 93, 97. |
| 4 | Julia Angwin & Jennifer Valentino-Devries, *Google's iPhone Tracking: Web Giant, Others Bypassed Apple Browser Settings for Guarding Privacy*, WALL ST. J. (Feb. 17, 2012) available, at http://online.wsj.com/article/SB10001424052970204880404577225380456599176.html | News article | Cited and relied upon in the CAC and subject to judicial notice. CAC nn.13, 46, 53, 72, 92. |
| 5 | Donald Melanson, *Microsoft Finds Google Bypassed Internet Explorer's Privacy Settings Too, But It's Not Alone (Update: Google Responds)*, Engadget (Feb. 20, 2012), available at http://www.engadget.com/2012/02/20/microsoft-finds-google-bypassed-internet-explorers-privacy-sett/ | News article | Cited and relied upon in the CAC and subject to judicial notice. CAC n. 109. |

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  January 22, 2013 | WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br><br>By:  /s/ Michael H. Rubin<br>Michael H. Rubin, CA Bar No. 214636<br>Anthony J Weibell, CA Bar No. 238850<br>C. Scott Andrews, CA Bar No. 243690<br>Wilson Sonsini Goodrich & Rosati, P.C.<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050<br>650-493-9300<br>Email: mrubin@wsgr.com; aweibell@wsgr.com; sandrews@wsgr.com<br><br>*Attorneys for Defendant*<br>GOOGLE INC. |