# EXHIBIT D



ROPES & GRAY LLP
1211 AVENUE OF THE AMERICAS
NEW YORK, NY 10036-8704
WWW.ROPESGRAY.COM

July 31, 2012

Douglas H. Meal
T +1 617-951-7517
F +1 617-235-0232
douglas.meal@ropesgray.com

**VIA ECF**

The Honorable Nicholas G. Garaufis
United States District Court
Eastern District of New York
235 Cadman Plaza East
Brooklyn, NY 11201

The Honorable William F. Kuntz
United States District Court
Eastern District of New York
235 Cadman Plaza East
Brooklyn, NY 11201

Re: Notice of Potential Related Case Status Pursuant to Local Rules 1.6 and 50.3.1
*Mazzone v. Vibrant Media*, 12-CV-2672
*Frohberg v. Media Innovation Group, LLC*, 12-CV-2674

Honorable Sirs:

My firm represents Media Innovation Group, LLC ("MIG") and WPP plc ("WPP"), defendants in the above-captioned action *Frohberg v. Media Innovation Group*, 12-CV-2674, a matter pending before Judge Kuntz. Pursuant to Local Civil Rules 1.6 and 50.3.1, we submit this letter to notify the Court that this case is potentially related to *Mazzone v. Vibrant Media*, 12-CV-2672, a matter currently pending before Judge Garaufis. The complaints in the two actions are submitted herewith.

*Frohberg* and *Mazzone* are putative class actions alleging violations of New York and California laws by three companies that allegedly deliver advertising content on the internet (MIG and WPP in *Frohberg* and Vibrant Media in *Mazzone*). None of the parties in the *Frohberg* case is also a party in the *Mazzone* case. However, in both cases, the named plaintiffs are represented by the same counsel, and both cases were filed in this Court at 4:39 p.m. on May 25, 2012. Both cases allege that the defendant(s) circumvented settings on the plaintiffs' Safari internet browsers on their computers and mobile devices by installing files called "cookies" on those devices, thereby obtaining certain information about the plaintiffs' internet activities that defendants would not have obtained but for the installation of these cookies. Specifically, the plaintiffs contend that the Safari browser, developed by Apple Inc., has a setting (the "Browser Setting") which, according to

ROPES & GRAY LLP

- 2 -                                                                                                    July 31, 2012

representations that Apple made to Safari users, would allow domains visited by a user by means of the Safari browser to place cookies on the user's device, but would operate to prevent domains that the user has not directly visited via Safari from placing cookies on the user's device. The defendants in both cases allegedly used domains the respective plaintiffs had not directly visited via their Safari browsers to place cookies on their devices, even though plaintiffs' Safari browsers had been configured to employ the Browser Setting. There is no allegation that the defendants in the two cases acted in concert with one another.[1]

    I.    Parties and Claims in *Frohberg* and *Mazzone*

*Frohberg* is a class action filed against MIG, a Delaware limited liability company operating in New York that the plaintiffs describe as an advertising technology provider, and WPP plc, a company that the plaintiffs describe as owning MIG. The plaintiffs accuse MIG and WPP of using domains the plaintiffs had not directly visited via their Safari browsers to place two separate cookies on their devices via the Safari browsers installed on their devices, and of thereby obtaining information about the plaintiffs' internet activities, even though plaintiffs' Safari browsers had been configured to employ the Browser Setting. Plaintiffs raise eight claims under (i) New York General Business Law Section 349, (ii) the California Comprehensive Computer Data Access and Fraud Act, (iii) the California Constitution, (iv) the California Invasion of Privacy Act, (v) New York trespass to chattels, (vi) California common-law invasion of privacy, and intentional misrepresentation against MIG in (vii) New York and (viii) California. This action was filed in the Eastern District of New York on May 25, 2012 at 4:39 p.m. and assigned to Judge William Kuntz and Magistrate Judge James Orenstein.

*Mazzone* is a class action filed against Vibrant Media, a Delaware corporation operating in New York which the plaintiffs describe as a provider of third party advertising content. The plaintiffs accuse Vibrant Media of using domains the plaintiffs had not directly visited via their Safari browsers to place a cookie on their devices via the Safari browsers installed on their devices, and of thereby obtaining information about the plaintiffs' internet activities, even though plaintiffs' Safari browsers had been configured to employ the Browser Setting. Plaintiffs raise six claims under (i) New York General Business Law Section 349, (ii) the California Comprehensive Computer Data Access and Fraud Act, (iii) the California Constitution, (iv) the California Invasion of Privacy Act, (v) New York trespass to chattels, and (vi) California common-law invasion of privacy. This action was filed in the Eastern District on May 25, 2012, at the exact same time as *Frohberg*, by the same counsel who filed *Frohberg*, and was assigned to Judge Nicholas Garaufis and Magistrate Judge Orenstein.

---

[1] This paragraph is intended merely to summarize the allegations in the Complaint in the *Frohberg* matter and should not be read as an admission by either WPP or MIG to any of the allegations in this paragraph or in the Complaint itself.

ROPES & GRAY LLP

- 3 -                                                                        July 31, 2012

II.     Potential Relatedness of *Frohberg* and *Mazzone* Under Local Rule 50.3.1

While *Frohberg* and *Mazzone* involve different plaintiffs and defendants, they were filed by the same plaintiffs' counsel and are based on the same factual allegation that the defendant(s) allegedly used domains the plaintiffs had not directly visited via their Safari browsers to place cookies on plaintiffs' devices by means of the Safari browser installed on those devices, even though plaintiffs' Safari browsers had been configured to employ the Browser Setting. In both complaints the plaintiffs allege the same theories of harm, based on alleged degradation in the value of their devices, emotional distress, and deprivation of the ability to sell their personal information to the defendants. Both complaints also present virtually identical theories of liability, the only difference being that *Mazzone* omits the New York and California intentional misrepresentation claims that appear in *Frohberg*.

We make this submission to the Court to satisfy the duty imposed by Local Rule 1.6, which requires each attorney "to bring promptly to the attention of the Court all facts which said attorney believes are relevant to a determination that said case and one or more pending civil or criminal cases should be heard by the same Judge, in order to avoid unnecessary duplication of judicial effort."

III.    Discussions Between the Parties Pursuant to Local Rule 50.3.1(d)

As required by Local Rule 50.3.1(d), the undersigned has conferred in good faith with counsel for plaintiffs in both actions and with counsel for defendant Vibrant in the *Mazzone* action to reach an agreement as to whether the two above-referenced cases are related. Counsel for Vibrant has expressed the view that these cases do not meet the relatedness standard under the Local Rules. We understand that counsel for the plaintiffs in *Frohberg* and *Mazzone* will submit a letter to the court stating their view that the cases are not related.

Respectfully submitted,

Douglas H. Meal

cc:     Kim E. Richman
        Sanford P. Dumain
        Edward P. Boyle