# EXHIBIT E

# VENABLE® LLP

ROCKEFELLER CENTER
1270 AVENUE OF THE AMERICAS   TWENTY-FIFTH FLOOR
NEW YORK, NY 10020
**T** 212.307.5500   **F** 212.307.5598   www.Venable.com

Edward P. Boyle
T 212-808-5675
F 212- 307-5598
epboyle@venable.com

August 7, 2012

**BY ECF**

The Honorable Nicholas G. Garaufis
United States District Court
for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

The Honorable William F. Kuntz
United States District Court
Eastern District of New York
235 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Mazzone v. Vibrant Media Inc.*, Case No. CV 12-2672 (NGG),
      *Frohberg v. Media Innovation Group, LLC*, 12-CV-2674 (WFK) --
      Response to Local Rule 1.6 Letter from Media Innovation Group, LLC and
      WPP plc

Honorable Sirs:

      This firm represents Vibrant Media Inc. ("Vibrant"), defendant in the *Mazzone* action referenced above, which is pending before Judge Garaufis. Pursuant to Local Civil Rule 1.6 and Rule 50.3.1 of the Guidelines for the Division of Business Among District Judges, we submit this letter in response to the letter dated July 31, 2012 from Douglas H. Meal, counsel for defendants Media Innovation Group, LLC ("MIG") and WPP plc ("WPP") in the *Frohberg* action referenced above, which is pending before Judge Kuntz.

      Vibrant and its counsel share the Court's interest in conserving judicial resources by transferring truly related cases to one District Judge. However, we do not believe the *Mazzone* and *Frohberg* cases meet the relatedness test set forth in the applicable Rules. Rule 50.3.1 provides that two cases are not related unless they share a "similarity of facts *and* legal issues" or the cases arise "from the *same* transactions or events," *and* these similarities would lead to a "*substantial* saving of judicial resources. *See* Rule 50.3.1 (a) (emphasis added). *Mazzone* and *Frohberg* do not meet these standards.

# VENABLE® LLP

The Honorable Nicholas G. Garaufis
The Honorable William F. Kuntz
August 7, 2012
Page 2

The parties in *Mazzone* and *Frohberg* have no relationship to each other. None of the parties in the *Mazzone* action is a party in the *Frohberg* action. While both *Mazzone* and *Frohberg* are putative class actions, there is no suggestion that any individual would meet the class descriptions in both cases.

The claims in *Mazzone* and *Frohberg* are based on unrelated events and transactions. There is no allegation that the plaintiffs in *Mazzone* have any relationship or dealings with any of the parties in *Frohberg*, and similarly, there is no allegation that the plaintiffs in *Frohberg* have had any relationship or dealings with any of the parties in *Mazzone*. While there are generalized allegations in both cases that each of the defendants placed "cookies" on individuals' computers, the complaints allege that the cookies and supporting platforms used by MIG and WPP were different from those allegedly used by Vibrant. *Compare Frohberg* Complaint ¶¶ 22-23 *with Mazzone* Complaint ¶ 22.

As pointed out in Mr. Meal's letter, the *Mazzone* and *Frohberg* cases do have two things in common: (a) the plaintiffs in both actions are represented by the same two law firms, and (b) those law firms commenced both actions within a few minutes of each other by filing essentially cookie-cutter complaints. Even so, the complaints are not identical: There are two causes of action for intentional misrepresentation against Media Innovation in *Frohberg*; there are no such claims against Vibrant in *Mazzone*.

Because the same generalized allegations in the *Mazzone* complaint are found in the *Frohberg* complaint, we expect that the analysis of whether to dismiss these actions under F.R.C.P. Rule 12(b) should be similar. To that end, a pre-motion conference on Vibrant's planned motion to dismiss has been scheduled in the *Mazzone* case for September 7. In deciding these motions, a primary issue will be whether the conclusory, boilerplate allegations of injury meet the *Twombly/Iqbal* pleading standards – especially in the absence of any allegation that the "cookies" obtained personally identifiable or sensitive information about any of the plaintiffs.

While motions to dismiss in both cases may be decided on identical legal grounds, this is not enough to make the cases related under the applicable rules. As Rule 50.3.1(b) makes clear, "[a] civil case shall not be deemed 'related' to another civil case merely because the civil case: (A) involves identical legal issues …". Given the lack of *factual* overlap between *Mazzone* and *Frohberg*, we do not think these cases approach the applicable standards in Rule 50.3.1(a). Indeed, in the unlikely event that *Mazzone* and *Frohberg* survive Rule 12(b) motions to dismiss, the factual records developed in the two cases will be entirely distinct. The key issues on the merits and for class certification purposes will turn on particulars such as each defendants' own conduct, each plaintiffs' own conduct, and the actual impact that the "cookies" had on each individual plaintiff.

# VENABLE® LLP

The Honorable Nicholas G. Garaufis
The Honorable William F. Kuntz
August 7, 2012
Page 3

      For the foregoing reasons, we respectfully submit that there would be no substantial saving of judicial resources resulting from having both the *Mazzone* and *Frohberg* cases assigned to the same District Judge.

      Respectfully,

      */s/ Edward P. Boyle*
      Edward P. Boyle
      Karl A. Racine
      (*admitted pro hac vice*)

cc:    Kim E. Richman (by ECF and email)
        Sanford P. Dumain (by ECF and email)
        Peter Seidman (by ECF and email)
        Douglas H. Meal (by ECF and email)