# EXHIBIT F

# REESE RICHMAN LLP

August 7, 2012

**VIA ECF**

The Honorable Nicholas G. Garaufis
United States District Court
Eastern District of New York
235 Cadman Plaza East
Brooklyn, New York 11201

The Honorable William F. Kuntz
United States District Court
Eastern District of New York
235 Cadman Plaza East
Brooklyn, New York 11201

          Re:      **Response to Defendants' Notification of Potential Relatedness**
                    *Mazzone v. Vibrant Media Inc.*, Case 1:12-cv-02672-MGG-JO
                    *Frohberg v. Media Innovation Group, LLC*, Case 1:12-cv-02674-WFK-JO

Honorable Sirs:

      My firm and Milberg LLP represent Daniel Mazzone and Michelle Kuswanto, plaintiffs in the above-captioned action *Mazzone v. Vibrant Media Inc.*, Case 1:12-cv-02672-MGG-JO (filed May 25, 2012), pending before Judge Garaufis. We also represent Michael Frohberg and Andy Wu, plaintiffs in the above-captioned action *Frohberg v. Media Innovation Group, LLC*, Case 1:12-cv-02674-WFK-JO (filed May 25, 2012), pending before Judge Kuntz. We write in response to counsel for Media Innovation Group, LLC ("MIG") and WPP plc's ("WPP") letter dated July 31, 2012, written pursuant to Local Rule 1.6, notifying the Court of its view that the two actions are potentially "related" as that term is defined by Rule 50.3.1 of the Guidelines for the Division of Business Among District Judges. While we agree that the actions are facially similar, they do not meet the Rule 50.3.1 definition of relatedness. We have conferred with counsel for Vibrant Media Inc., who expressed the view that these cases do not meet the relatedness standard under the Rule.

      Rule 50.3.1(a) provides that "[a] civil case is 'related' to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1(b) sheds light on Rule 50.3.1(a), providing that "[a] civil case shall not be deemed 'related' to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties."

      As counsel for MIG and WPP acknowledges, *Frohberg* and *Mazzone* involve different

875 Avenue of the Americas  •  Eighteenth Floor  •  New York, NY 10001
www.ReeseRichman.com  •  Phone: 212.687.8291  •  Fax: 212.687.8292

# REESE RICHMAN LLP

plaintiffs and defendants, and the defendants in the two cases are not alleged to have acted in concert with one other. Defendants in the two cases are alleged to have hacked different computers and/or different mobile devices belonging to different plaintiffs and class members by means of different online advertisements containing different computer programming language that originated from different websites at different times.[1] As a result, there will be no overlap in the discovery process between the cases; plaintiffs, for example, will depose different witnesses based in different locations and will take discovery regarding different decisions made and different actions taken by different defendants.

The only issues that are very similar, if not identical, are legal issues.[2] Under the plain language of Rule 50.3.1(b)(A), these civil cases are not "related" merely because they involve identical legal issues.

Respectfully submitted,

Kim Richman

cc: Counsel of record (via ECF)

---

[1] While the plaintiffs' complaints do not allege that the advertisements used in each case to accomplish the hacking (the "Hacking Ads") were delivered to the same sets of websites, *see* *Mazzone* Complaint ¶ 26; *Frohberg* Complaint ¶ 26, the discovery process may reveal more websites to which the defendants delivered the Hacking Ads, and may reveal some overlap between websites. Even if the defendants in both cases delivered Hacking Ads to, for example, http://answers.com, the individual ad deliveries would not be the same, as they originate from different sources (*i.e.*, different defendants' websites) and may have occurred at different times.

[2] *Frohberg* also alleges causes of action for intentional misrepresentation not alleged in *Mazzone*.