**UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE GOOGLE INC. COOKIE PLACEMENT CONSUMER PRIVACY LITIGATION | Case No. 12-MD-2358 (SLR) |
| | **NOTICE OF MOTION AND MOTION BY DANIEL MAZZONE AND MICHELLE KUSWANTO FOR INTERVENTION AS PLAINTIFFS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| This Document Relates to: **All Actions** | |
| | **[Proposed Order Lodged Herewith]** |

**NOTICE OF MOTION AND MOTION**
**BY DANIEL MAZZONE AND MICHELLE KUSWANTO**
**TO INTERVENE AS PLAINTIFFS**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 24(a)(2) OR 24(b)(1)(B)**

PLEASE TAKE NOTICE that on January 30, 2013, at 4:30 p.m. E.S.T., or as soon thereafter as the matter may be heard, in Courtroom 4B, J. Caleb Boggs Federal Building, 844 North King Street, Unit 18, Wilmington, Delaware 19801-3570, before the Honorable Sue L. Robinson, applicants Daniel Mazzone and Michelle Kuswanto (together, "Applicants"),[1] on behalf of themselves and all others similarly situated, will, and hereby do, move the Court for an Order granting Applicants' intervention as of right as plaintiffs under Federal Rule of Civil Procedure 24(a)(2)—or, alternatively, permissive intervention as plaintiffs under Federal Rule of Civil Procedure 24(b)(1)(B)—in the action entitled *In re Google Inc. Cookie Placement Consumer Privacy Litigation*, Case No. 12-MD-2358 (SLR), currently pending before this Court.

This Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, the pleadings and files in the above-captioned actions, and such other matters as may be presented at or before the hearing.

### ISSUES TO BE DECIDED

(1)    May Applicants Daniel Mazzone and Michelle Kuswanto intervene as of right as plaintiffs in *In re Google Inc. Cookie Placement Consumer Privacy Litigation*, Case No. 12-MD-2358 (SLR) (the "*Google* Consolidated Action"), under Federal Rule of Civil Procedure 24(a)(2), so that they may protect their interests, as well

---

[1] Applicants are plaintiffs in *Mazzone v. Vibrant Media Inc.*, No. 1:12-cv-02672-NGG-JO (E.D.N.Y. filed May 25, 2012). Plaintiffs in *Frohberg v. Media Innovation Group, LLC*, No. 1:12-cv-02674-WFK-JO (E.D.N.Y. filed May 25, 2012), also represented by Applicants' counsel, are simultaneously filing an independent motion to intervene. Please note Applicants' counsel represent plaintiff in *Carandang v. Google Inc.*, No. CGC-12-518415 (Cal. Super. Ct. filed Feb. 21, 2012).

as the interests of the nationwide class they seek to represent, that are the subject of the *Google* Consolidated Action?

(2)    Alternatively, may Applicants Daniel Mazzone and Michelle Kuswanto intervene as plaintiffs in the *Google* Consolidated Action under Federal Rule of Civil Procedure 24(b)(1)(B) because they have a claim or defense that shares common questions of law or fact with the main action?

## TABLE OF CONTENTS

I.    INTRODUCTION.................................................................................................1

II.   STATEMENT OF RELEVANT FACTS.......................................................3

      A.    PROCEDURAL HISTORY.............................................................3

      B.    *MAZZONE* IS SIGNIFICANTLY ADVANCED BEYOND
            THE *GOOGLE* CONSOLIDATED ACTION.....................................6

III.  ARGUMENT.....................................................................................................7

      A.    INTERVENTION AS OF RIGHT.................................................8

            1.    The Application to Intervene Is Timely.................................8

            2.    Applicants Mazzone and Kuswanto Have a "Significantly
                  Protectable Interest" in the *Google* Consolidated Action............9

            3.    The *Google* Consolidated Action May as a Practical Matter
                  Impair or Impede Applicants Mazzone and Kuswanto's
                  Ability to Protect Their Interests.................................................10

            4.    The MDL Plaintiffs Do Not Adequately Represent Applicants
                  Mazzone and Kuswanto's Interests...........................................13

      B.    PERMISSIVE INTERVENTION.....................................................15

IV.   CONCLUSION...............................................................................................16

# TABLE OF AUTHORITIES

**CASES**                                                                                                          Page

*Advanta Corp. v. Visa U.S.A., Inc.*, No. CIV.A. 96-7940, 1997 WL 88906
 (E.D. Pa. Feb. 19, 1997) ................................................................................................... 12

*Allen v. Google Inc.*, No. 1:12-cv-20842 (S.D. Fla. filed Feb. 29, 2012)...................................... 4

*Bose v. Interclick, Inc.*, No. 10 CIV. 9183 DAB, 2011 WL 4343517
 (S.D.N.Y. Aug. 17, 2011) ................................................................................................. 14

*Brody By & Through Sugzdinis v. Spang*, 957 F.2d 1108 (3d Cir. 1992)........................ 10, 11, 12

*Coal. of Arizona/New Mexico Counties for Stable Econ. Growth v. Dep't of Interior*,
 100 F.3d 837 (10th Cir. 1996) ......................................................................................... 11

*Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925 (3d Cir. 1941)..................................................... 12

*Crowley v. CyberSource Corp.*, 166 F. Supp. 2d 1263 (N.D. Cal. 2001) .................................... 14

*Donaldson v. United States*, 400 U.S. 517, 531, 91 S. Ct. 534, 27 L. Ed. 2d 580 (1971) ............. 9

*E.E.O.C. v. Univ. of Pennsylvania*, 850 F.2d 969 (3d Cir. 1988) *aff'd*, 493 U.S. 182,
 110 S. Ct. 577, 107 L. Ed. 2d 571 (1990)......................................................................... 12

*Francis v. Chamber of Commerce of U. S.*, 481 F.2d 192 (4th Cir. 1973).................................... 11

*Frohberg v. Media Innovation Group, LLC*, No. 1:12-cv-02674-WFK-JO
 (E.D.N.Y. filed May 25, 2012) ........................................................................................... 1

*Harris v. Pernsley*, 820 F.2d 592 (3d Cir. 1987) ..................................................................... 10, 11

*In re Cmty. Bank of N. Virginia*, 418 F.3d 277 (3d Cir. 2005) ............................................... 8, 10

*In re DoubleClick Inc. Privacy Litig.*, 154 F. Supp. 2d 497 (S.D.N.Y. 2001)............................. 15

*In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1057 (N.D. Cal. 2012).................... 14, 15

*In re Toys R Us, Inc., Privacy Litig.*, No. 00-CV-2746, 2001 WL 34517252
 (N.D. Cal. Oct. 9, 2001)..................................................................................................... 15

*In re Wellbutrin XL*, 268 F.R.D. 539 (E.D. Pa. 2010) ................................................................ 10

*In re:  Google Inc. Cookie Placement Consumer Privacy Litig.*, 867 F. Supp. 2d 1356
 (J.P.M.L. 2012).................................................................................................................... 5

v

*Intel Corp. v. Hamidi*, 30 Cal. 4th 1342, 71 P.3d 296 (2003)........................................................ 14

*Jones v. Koons Auto., Inc.*, 752 F. Supp. 2d 670 (D. Md. 2010) ................................................. 13

*Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 189 F.2d 31, 34 (3d Cir. 1951)
    *aff'd*, 342 U.S. 180, 72 S. Ct. 219, 96 L. Ed. 200 (1952)......................................... 12

*Kleissler v. U.S. Forest Serv.*, 157 F.3d 964 (3d Cir. 1998) ........................................................ 9

*Kreisman v. Google Inc.*, No. 1:12-cv-01470 (N.D. Ill. filed Mar. 1, 2012).................................. 4

*Low v. LinkedIn Corp.*, No. 11-CV-01468-LHK, 2012 WL 2873847
    (N.D. Cal. July 12, 2012)....................................................................................... 14

*Martorana v. Google Inc.*, No. 2:12-cv-00222 (W.D. Mo. filed Feb. 17, 2012).......................... 4

*Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361
    (3d Cir. 1995)................................................................................................. 8, 9, 13

*Movitz v. Google Inc.*, No. 3:12-cv-00023 (N.D. Miss. filed Feb. 27, 2012).............................. 4

*Rischar v. Google Inc.*, No. 2:12-cv-02100 (D. Kan. filed Feb. 20, 2012) ................................ 4

*Soble v. Google Inc.*, No. 1:12-cv-00200............................................................................ 4

*Spring Const. Co., Inc. v. Harris*, 614 F.2d 374 (4th Cir. 1980) ............................................ 11

*Time Warner Cable, Inc. v. USA Video Tech. Corp.*, 520 F. Supp. 2d 579 (D. Del. 2007) ......... 12

*Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 92 S. Ct. 630,
    30 L. Ed. 2d 686 (1972)........................................................................................ 13

*U.S. ex rel. McGough v. Covington Technologies Co.*, 967 F.2d 1391 (9th Cir. 1992) ............... 8

*U.S. v. Aerojet General Corp.*, 606 F.3d 1142 (9th Cir. 2010).............................................. 15

*United States v. Alcan Aluminum, Inc.*, 25 F.3d 1174 (3d Cir.1994) ..................................... 8

*Villegas v. Google Inc.*, No. 5:12-cv-00915 (N.D. Cal. filed Feb. 23, 2012)............................ 4

*Woolen v. Surtran Taxicabs, Inc.*, 684 F.2d 324 (5th Cir. 1982)........................................... 10

*Yngelmo v. Google Inc.*, No. 2:12-cv-00983 (D.N.J. filed Feb. 17, 2012) ............................... 4

**STATUTES**

28 U.S.C. § 1404 .................................................................................................... 2, 7, 16

28 U.S.C. § 1407 .......................................................................................................... 4

California Business and Professions Code § 17200 *et seq.* ......................................... 5

California Civil Code § 1750 *et seq.* ........................................................................... 6

California Constitution, Article I, Section 1 ............................................................ 3, 13

California Penal Code § 502 ................................................................................... 3, 5, 14

California Penal Code § 630 *et seq.* ....................................................................... 3, 5, 14

Computer Fraud and Abuse Act, 18 U.S.C. § 1030 ................................................... 4, 5

Electronic Communication Privacy Act, 18 U.S.C. § 2510 *et seq.* ........................... 4, 5

New York General Business Law § 349 ....................................................................... 3

Stored Electronic Communications Act, 18 U.S.C. § 2701 *et seq.* ................... 4, 5, 14, 15

**OTHER AUTHORITIES**

Newberg on Class Actions § 16:7 (4th ed. 2010) ......................................................... 10

Orin S. Kerr, A User's Guide to the Stored Communications Act,
    and a Legislator's Guide to Amending It, 72 GEO. WASH. L. REV. 1208, 1214 (2004) ...... 14

**RULES**

Federal Rule of Civil Procedure 21 ........................................................................... 7, 15

Federal Rule of Civil Procedure 24 ........................................................................... passim

Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation ..................... 5

**CONSTITUTIONAL PROVISIONS**

United States Constitution, Article III ...................................................................... 2, 12

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

## I.    INTRODUCTION

Applicants Daniel Mazzone and Michelle Kuswanto (together, "Applicants") bring this Motion to Intervene ("Motion") in *In re Google Inc. Cookie Placement Consumer Privacy Litigation*, Case No. 12-MD-2358 (SLR) (the "*Google* Consolidated Action" or "*Google*"), currently pending in this Court, for the purpose of moving to sever the claims brought by the *Google* plaintiffs ("MDL Plaintiffs") against Vibrant Media Inc. ("Vibrant") in their recently filed complaint.  If the Court permits Applicants to intervene and to sever the MDL Plaintiffs' claims against Vibrant, Applicants will file a motion to dismiss, stay, or transfer the resulting case.

Applicants filed an action against Vibrant in the United States District Court for the Eastern District of New York ("E.D.N.Y.")[2] nearly seven months before the MDL Plaintiffs appended a handful of claims against Vibrant onto the *Google* Consolidated Action, which until then consisted primarily of actions naming Google Inc. ("Google") as the only defendant.[3] Significantly, while the facts underlying the MDL Plaintiffs' claims against <u>Vibrant</u> are ***entirely distinct*** from the facts underlying their claims against <u>Google</u>,[4][5] the facts supporting Applicants'

---

[2] *Mazzone v. Vibrant Media Inc.*, No. 1:12-cv-02672-NGG-JO (E.D.N.Y. filed May 25, 2012) (the "*Mazzone* Action" or "*Mazzone*").

[3] One case, *Villegas v. Google Inc.*, No. 5:12-cv-00915 (N.D. Cal. filed Feb. 23, 2012), did name PointRoll, Inc. ("PointRoll") as an additional defendant.

[4] There is also not even the slightest ***factual*** nexus between the MDL Plaintiffs' claims against Media Innovation Group, LLC ("MIG") (and MIG's parent WPP plc ("WPP")) and their claims against Google.  Similarly, the facts supporting the MDL Plaintiffs' claims against Vibrant are completely different from the facts supporting their claims against MIG and WPP.  The plaintiffs in *Frohberg v. Media Innovation Group, LLC*, No. 1:12-cv-02674-WFK-JO (E.D.N.Y. filed May 25, 2012) ("*Frohberg*") have filed a motion to intervene in *Google* as well, for the purpose of severing the claims against MIG and WPP from the case.

claims against <u>Vibrant</u> are ***identical*** to the facts supporting the MDL Plaintiffs' claims against <u>Vibrant</u>.

To put it plainly, the MDL Plaintiffs' claims against Vibrant do not belong in the *Google* Consolidated Action—where they have ***no factual connection whatsoever*** to the claims against Google or any other defendant—and Applicants brought the *Mazzone* Action nearly seven months ago to address ***the exact wrongdoing by Vibrant*** that the MDL Plaintiffs now seek to address. Moreover, Vibrant has already filed a motion to dismiss the *Mazzone* complaint, which has been fully briefed and is awaiting a decision. In the interest of efficiency, preserving judicial resources, avoiding conflicting pre-trial rulings, and preventing duplicative litigation, the MDL Plaintiffs' claims against Vibrant should be severed from the *Google* Consolidated Action and either stayed or dismissed under the first-filed rule or, alternatively, transferred under 28 U.S.C. § 1404(a) to the E.D.N.Y. to be joined with *Mazzone*. With that goal in mind, Applicants bring this Motion to Intervene pursuant to Federal Rule of Civil Procedure 24.

Applicants have an established interest in litigating the subject-matter of the *Mazzone* Action that may be impaired by any decision of this Court relating to that subject-matter, since Applicants are members of the proposed *Google* class. If this Court holds, for example, that the MDL Plaintiffs lack Article III standing to bring their claims against Vibrant, that ruling could have significant *stare decisis* effects on *Mazzone*, or it could conflict with a conclusion already reached in *Mazzone* by the E.D.N.Y. Furthermore, the MDL Plaintiffs inadequately represent Applicants' interests in *Google* because they have failed to allege all of the causes of action alleged in *Mazzone*.

---

[5] Further underlining the complete lack of overlap between the Vibrant-related facts and the Google-related facts is this Court's recent granting of an extension of time for Vibrant to file its response to the *Google* Consolidated Complaint, so that the MDL Plaintiffs' claims against Vibrant are currently moving on their own separate pre-trial litigation track.

To protect the significant interests they have at stake in *Mazzone* that are threatened by *Google*, Applicants have filed this Motion almost immediately after the MDL Plaintiffs filed the *Google* Consolidated Complaint. The MDL Plaintiffs thus have not been prejudiced by any sort of delay in the bringing of this Motion.

For the reasons articulated above, Applicants' Motion to Intervene must be granted.

## II.    STATEMENT OF RELEVANT FACTS

### A.    PROCEDURAL HISTORY

On February 17, 2012, The Wall Street Journal reported, based on the findings of Stanford researcher Jonathan Mayer, that Google, Vibrant, MIG (and parent company WPP), and PointRoll had been circumventing the privacy settings of Apple Inc.'s Safari web browser ("Safari") on Internet users' computers and mobile devices. Declaration of Kim Richman ("Richman Decl."), Ex. A.

On May 25, 2012, Applicants Daniel Mazzone and Michelle Kuswanto filed a proposed nationwide class action in the E.D.N.Y. on behalf of a nationwide class of Safari users alleging that Vibrant hacked Safari's privacy controls and invaded the users' online privacy, in violation of New York General Business Law § 349; California Penal Code § 502; the California Constitution, Article I, Section 1; and California Penal Code § 630 *et seq.* *See* Richman Decl., Ex. B (*Mazzone* complaint), at ¶¶ 1–3.[6][7] In response to Applicants' complaint, and pursuant to

_____

[6] On the same day, Michael Frohberg and Andy Wu filed a proposed nationwide class action in the United States District Court for the Eastern District of New York against MIG and WPP, alleging claims virtually identical (*i.e.*, virtually legally identical but not at all factually related) to the claims in *Mazzone*, based on MIG and WPP's hacking of Safari's privacy controls and invasion of Internet users' privacy. *See* Richman Decl., Ex. C (*Frohberg* complaint)) at ¶¶ 1–3.

[7] On July 31, 2012, MIG and WPP submitted a letter to the *Frohberg* and *Mazzone* judges notifying them, pursuant to local rules and guidelines, of their position that *Frohberg* may potentially be related to *Mazzone*. Richman Decl., Ex. D. On August 7, 2012, Vibrant submitted a letter opposing relating the cases, arguing that "[g]iven the lack of *factual* overlap

3

the Individual Rules of Judge Nicholas G. Garaufis, Vibrant submitted a consolidated filing including its motion to dismiss Applicants' complaint, Applicants' opposition, Vibrant's reply, and all supporting papers on November 28, 2012. *Mazzone* Dkt. 16. After obtaining permission of the court, Applicants filed a surreply on December 14, 2012. *Mazzone* Dkt. 19, 20.

On February 17, 2012, Matthew Soble filed a proposed nationwide class action in this Court against Google on behalf of himself and similarly situated individuals whose Safari privacy settings were knowingly circumvented by Google and whose privacy was thereby violated, alleging violation of the Electronic Communication Privacy Act, 18 U.S.C. § 2510 *et seq.* (the "Wiretap Act"); the Stored Electronic Communications Act, 18 U.S.C. § 2701 *et seq.* (the "SCA"); and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 (the "CFAA"). *See* Richman Decl., Ex. G (Complaint in *Soble v. Google Inc.*, No. 1:12-cv-00200), at ¶¶ 1–3. Numerous actions followed in federal courts throughout the country. *See, e.g.*, *Martorana v. Google Inc.*, No. 2:12-cv-00222 (W.D. Mo. filed Feb. 17, 2012); *Yngelmo v. Google Inc.*, No. 2:12-cv-00983 (D.N.J. filed Feb. 17, 2012); *Rischar v. Google Inc.*, No. 2:12-cv-02100 (D. Kan. filed Feb. 20, 2012); *Villegas v. Google Inc.*, No. 5:12-cv-00915 (N.D. Cal. filed Feb. 23, 2012) (naming PointRoll as an additional defendant); *Movitz v. Google Inc.*, No. 3:12-cv-00023 (N.D. Miss. filed Feb. 27, 2012); *Allen v. Google Inc.*, No. 1:12-cv-20842 (S.D. Fla. filed Feb. 29, 2012); *Kreisman v. Google Inc.*, No. 1:12-cv-01470 (N.D. Ill. filed Mar. 1, 2012).

On June 12, 2012, the United States Judicial Panel on Multidistrict Litigation ("JPML") issued a Transfer Order pursuant to 28 U.S.C. § 1407 consolidating the actions against Google (the "*Google* Consolidated Action") and transferring the Consolidated Action to this Court. *In*

---

between *Mazzone* and *Frohberg*, we do not think these cases approach the applicable standards in [the local rules]" and that "**the factual records developed in the two cases will be entirely distinct**." *Id.*, Ex. E (emphasis added). On the same day, Applicants also submitted a response opposing relating the cases. *Id.*, Ex. F.

*re: Google Inc. Cookie Placement Consumer Privacy Litig.*, 867 F. Supp. 2d 1356 (J.P.M.L. 2012). No party opposed centralization. *Id.*, 867 F. Supp. 2d at 1356. The JPML based its Order on a finding that "these eight actions involve common questions of fact"—specifically, that "[a]ll actions are putative nationwide class actions ***against Google*** that center around Google's allegedly improper placement of cookies on web browsers." *Id.* (emphasis added). While, at the time it issued the Transfer Order, the JPML was aware that Vibrant might be "implicated in the [*Google*] controversy," *see id.*, 867 F. Supp. 2d at 1357, the JPML took no steps toward consolidating *Mazzone* with *Google*.[8]

On December 19, 2012, plaintiffs William Gourley, Jose M. Bermudez, Nicholas Todd Heinrich, and Lynne Krause (collectively, the "MDL Plaintiffs") filed a consolidated complaint (the "*Google* Consolidated Complaint") in this Court on behalf of themselves and similarly situated individuals domiciled in the United States who used Safari or Microsoft Corporation's Internet Explorer web browser and visited a website that deployed third-party tracking cookies from Google, PointRoll, Vibrant, MIG, or WPP (collectively, the "MDL Defendants") that circumvented the browsers' settings. Dkt. 46, at ¶¶ 1, 10–13. The MDL Plaintiffs alleged violation of the Wiretap Act, the SCA, and the CFAA against all Defendants. *Id.*, at ¶¶ 198–212, 213–19, 220–27. The MDL Plaintiffs also brought causes of action against Google alone for invasion of privacy; intrusion upon seclusion; and violation of the California Unfair Competition Law, California Business and Professions Code § 17200 *et seq.* (the "UCL"); California Penal Code § 502; California Penal Code § 630 *et seq.*; and the California Consumers Legal Remedies

---

[8] It should be noted that, prior to the issuance of the Transfer Order, Applicants did not have the opportunity to present arguments to the JMPL concerning whether *Mazzone* should be a part of the *Google* Consolidated Action. In the six months since the Transfer Order, no party or counsel in *Google* has notified the JPML pursuant to Rule 7.1 of the JPML Rules of Procedure of a position that *Mazzone* may be a potential tag-along action to *Google*. Applicants will file a notice of opposition to any such notification under Rule 7.1(c) of the JPML Rules of Procedure.

5

Act, California Civil Code § 1750 *et seq.* (the "CLRA"). *Id.*, at ¶¶ 228–33, 234–37, 238–50, 251–64, 265–74, 275–83.

Pursuant to this Court's Order of October 25, 2012, the MDL Defendants' response to the *Google* Consolidated Complaint is due January 22, 2013. Dkt. 42. On January 11, 2013, the MDL Plaintiffs, Vibrant, MIG, and WPP signed a stipulation and proposed order requesting the Court to delay the deadline for Vibrant, MIG, and WPP's responses until February 22, 2013, a month after Google's response is due. Dkt. 51. This Court endorsed the stipulation and proposed order on January 15, 2013.

### B. *MAZZONE* IS SIGNIFICANTLY ADVANCED BEYOND THE *GOOGLE* CONSOLIDATED ACTION

With respect to newly-added MDL Defendant Vibrant, both the *Google* Consolidated Action and *Mazzone* bring substantially the same claims against the same defendant based on the same facts—*i.e.*, Vibrant's hacking of the Safari web browser and invasion of Internet users' privacy.[9] *See* Dkt. 46, at ¶ 1; Richman Decl., Ex. B, at ¶¶ 1–3. Both cases raise nearly identical legal and factual issues and implicate nearly identical possible defenses.

The first-filed *Mazzone* complaint, however, was filed nearly seven months before the *Google* Consolidated Complaint. Since then, the *Mazzone* Action has advanced significantly. Vibrant's motion to dismiss the *Mazzone* complaint is now fully briefed, while it has yet to file a response to the *Google* Consolidated Complaint and will not do so until a month after Google files its own response. *See* Section II.A, *supra*.

Furthermore, a few significant differences exist between the claims against Vibrant alleged in the *Google* Consolidated Action and the claims alleged in *Mazzone*. The MDL

---

[9] To be clear, the facts supporting the claims against Google in the *Google* Consolidated Action are ***completely different*** from the facts supporting the claims against Vibrant in both *Mazzone* and the *Google* Consolidated Action.

Plaintiffs have only asserted causes of action for violation of the Wiretap Act, the SCA, and the CFAA against Vibrant, while Applicants allege Vibrant violated New York and California statutory and common law.

## III.    ARGUMENT

Under Federal Rule of Civil Procedure 24(a)(2), this Court "must permit" Applicants to intervene in the *Google* Consolidated Action because they have a "significant protectable interest" at stake in the *Google* Consolidated Action; disposition of the *Google* Consolidated Action may impair or impede that interest; the MDL Plaintiffs do not adequately protect Applicants' interest or the interests of the class Applicants seek to represent; and Applicants' request is timely.  Moreover, the Court may permit Applicants to intervene because there are common questions of fact between the *Google* Consolidated Action and *Mazzone* with respect to Vibrant, and intervention will not unduly delay or prejudice adjudication of the MDL Plaintiffs' rights.

In particular, Applicants move to intervene in the *Google* Consolidated Action so they may move to sever the MDL Plaintiffs' claims against Vibrant pursuant to Federal Rule of Civil Procedure 21 (creating the "Resulting Action").  The facts relating to Vibrant are completely distinct from the facts relating to Google.  More specifically, Vibrant and Google are alleged to have hacked different computers and/or mobile devices belonging to different plaintiffs and putative class members by means of different online advertisements (and/or other mechanisms) containing different computer programming language that originated from different websites at different times.  Ultimately, Applicants aim to move to stay or dismiss the Resulting Action under the first-to-file rule or, alternatively, to transfer the Resulting Action to the E.D.N.Y. pursuant to 28 U.S.C. § 1404(a).

### A.    INTERVENTION AS OF RIGHT

Federal Rule of Civil Procedure 24 ("Rule 24") provides

**(a) Intervention of Right.**  On timely motion, the court must permit anyone to intervene who … **(2)** claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2).

To intervene as of right pursuant to Rule 24(a)(2), a non-party must meet each of the following requirements: "(1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation." *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995) (citation omitted).  "Generally, Rule 24(a)(2) is construed broadly in favor of proposed intervenors." *U.S. ex rel. McGough v. Covington Technologies Co.*, 967 F.2d 1391, 1394 (9th Cir. 1992) (reversing denial of motion to intervene).

### 1.    The Application to Intervene Is Timely

Timeliness of an intervention request "is determined by the totality of the circumstances." *In re Cmty. Bank of N. Virginia*, 418 F.3d 277, 314 (3d Cir. 2005) (citing and quoting *United States v. Alcan Aluminum, Inc.*, 25 F.3d 1174, 1181 (3d Cir.1994)).  Among the factors to be considered are: (1) the stage of the proceeding; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay.  *Id.* (citing *Mountain Top Condo. Ass'n*, 72 F.3d at 369).  All three factors support the timeliness of Applicants' Motion.

***First***, the *Google* Consolidated Action is still in the early pleading stages.  As referenced above in Section II.A, Vibrant's response to the *Google* Consolidated Complaint is due February

8

22, 2013.  Dkt. 51 (endorsed by this Court on January 15, 2013).  Since no dispositive motions have been filed and no discovery has been undertaken in the *Google* Consolidated Action, this factor weighs in favor of Applicants.  *See Mountain Top Condo. Ass'n*, 72 F.3d at 370 (motion to intervene filed several years after complaint was timely because case was not at an advanced stage, no dispositive motions had been filed, no depositions had been taken, and only some written discovery and settlement negotiations had occurred).

**Second**, factors (2) and (3) above militate in favor of Applicants.  Applicants have not delayed in bringing this Motion, filing it soon after the MDL Plaintiffs named Vibrant as an additional defendant in the *Google* Consolidated Action on December 19, 2012.  The MDL Plaintiffs have not been prejudiced on account of the 28-day delay between the filing of their Consolidated Complaint and the filing of this Motion.

### 2.    Applicants Mazzone and Kuswanto Have a "Significantly Protectable" Interest in the *Google* Consolidated Action

"To justify intervention as of right, the applicant must have an interest 'relating to the property or transaction which is the subject of the action' that is 'significantly protectable.' " *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 969 (3d Cir. 1998) (citing and quoting *Donaldson v. United States*, 400 U.S. 517, 531, 91 S. Ct. 534, 27 L. Ed. 2d 580 (1971)).  The claimed interest in the litigation must be one that "is specific [to the proposed intervenors], is capable of definition, and will be directly affected in a substantially concrete fashion by the relief sought." *Id.*, at 972.  "[T]he polestar for evaluating a claim for intervention is always whether the proposed intervenor's interest is direct or remote." *Id.*

Here, Applicants have a cognizable interest in the application of the first-to-file rule that may be impaired by the disposition of the claims against Vibrant in the *Google* Consolidated Action.  Connected to Applicants' interest in the application of the first-to-file rule are their

interests in avoiding inconsistent rulings that might prejudice *Mazzone* and in avoiding delay, expense, and waste from litigating duplicative actions.

Moreover, when, as here, a putative class member moves to intervene, federal courts have held as a matter of law that the putative class member has sufficient interests in the litigation that may be affected or impaired. *See In re Wellbutrin XL*, 268 F.R.D. 539, 546 (E.D. Pa. 2010) ("Aetna has a sufficient interest in this litigation [for purposes of Rule 24(a)(2)] through its status as a putative class member."). As the United States Court of Appeals for the Third Circuit explained, "[i]n the class action context, the second and third prongs of the Rule 24(a)(2) inquiry are satisfied by the very nature of Rule 23 representative litigation." *In re Cmty. Bank of N. Virginia*, 418 F.3d at 314 (reversing and remanding denial of motion to intervene); *see also* Newberg on Class Actions § 16:7 (4th ed. 2010) ("Under Rule 24(a), members of a class have a right to intervene if their interests are not adequately represented by existing parties."); Fed. R. Civ. P. 24, Advisory Committee Notes to the 1966 Amendment (so long as the first and fourth requirements are met, a "class member … should, as a general rule, be entitled to intervene in the action."); *Woolen v. Surtran Taxicabs, Inc.*, 684 F.2d 324, 332 (5th Cir. 1982) ("From this statement it is clear that the Committee contemplated that one who was already a class member could intervene in a lawsuit.").

### 3.    The *Google* Consolidated Action May as a Practical Matter Impair or Impede Applicants Mazzone and Kuswanto's Ability to Protect Their Interests

To satisfy Rule 24's impairment requirement, "[i]t is not sufficient that the claim be incidentally affected; rather, there must be 'a tangible threat' to the applicant's legal interest." *Brody By & Through Sugzdinis v. Spang*, 957 F.2d 1108, 1123 (3d Cir. 1992) (citing and quoting *Harris v. Pernsley*, 820 F.2d 592, 601 (3d Cir. 1987)). The requirement "may be satisfied if, for

example, a determination of the action in the applicants' absence will have a significant *stare decisis* effect on their claims, or if the applicants' rights may be affected by a proposed remedy." *Id.* (citing *Harris*, 820 F.2d at 601); *see also Coal. of Arizona/New Mexico Counties for Stable Econ. Growth v. Dep't of Interior*, 100 F.3d 837, 844 (10th Cir. 1996); *Spring Const. Co., Inc. v. Harris*, 614 F.2d 374, 377 (4th Cir. 1980) ("The 1966 amendments liberalized Rule 24(a); now, in order to intervene of right, a party need not prove that he would be bound in a res judicata sense by any judgment in the case."); *Francis v. Chamber of Commerce of U. S.*, 481 F.2d 192, 195 n.8 (4th Cir. 1973) ("Thus, in a proper case, *stare decisis* by itself may furnish the practical disadvantage required under 24(a).").

Rule 24 does not require Applicants to wait until their interests are damaged before intervening; under the Rule, Applicants may intervene if their interests might be impeded. By its terms, Rule 24(a)(2) requires courts to permit intervention when "disposing of the action ***may*** as a practical matter impair or impede" the applicant's interests. Fed. R. Civ. P. 24(a)(2) (emphasis added); *see also* Fed. R. Civ. P. 24, Advisory Committee Notes to the 1966 Amendment ("[a] class member … should not be put to the risk of having a judgment entered in the action…. Rather he should, as a general rule, be entitled to intervene in the action.").

The *Google* Consolidated Action may impair Applicants in a myriad of ways. Allowing the MDL Plaintiffs to proceed against Vibrant will engender the harms to Applicants and the proposed class members in *Mazzone* that the first-to-file rule exists to prevent—*e.g.*, needless duplication of effort and expense by multiple attorneys and a lack of consistent direction and leadership in prosecuting the class's claims from pre-certification through trial. As both members and representatives of the putative class in *Mazzone*, Applicants have a real, practical interest in severing the claims against Vibrant from *Google* so as to apply the first-filed rule.

11

The courts have recognized the first to file rule applies in circumstances similar to those at bar. *See E.E.O.C. v. Univ. of Pennsylvania*, 850 F.2d 969, 971 (3d Cir. 1988) *aff'd*, 493 U.S. 182, 110 S. Ct. 577, 107 L. Ed. 2d 571 (1990) ("'In all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it.'") (citing and quoting *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 929 (3d Cir. 1941)); *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 189 F.2d 31, 34 (3d Cir. 1951) *aff'd*, 342 U.S. 180, 72 S. Ct. 219, 96 L. Ed. 200 (1952) ("The [first-filed] suit when adjudicated will bind all the parties in both cases. Why, under the circumstances, should there be two litigations where one will suffice? We can find no adequate reason."); *Time Warner Cable, Inc. v. USA Video Tech. Corp.*, 520 F. Supp. 2d 579, 585 (D. Del. 2007) (dismissing second-filed action "in accordance with the first-filed rule to prevent duplicative lawsuits by different federal courts"; ***the "Third Circuit applies the first-filed rule to litigation that involves the same subject matter, not necessarily the same parties"*** (emphasis added)); *Advanta Corp. v. Visa U.S.A., Inc.*, No. CIV.A. 96-7940, 1997 WL 88906, at *2 (E.D. Pa. Feb. 19, 1997) ("[T]he first-filed rule is not limited in application to litigation involving only the same claims and the same parties.").

Further, if Vibrant succeeds in this Court on a question of law, such as the issue of whether the MDL Plaintiffs have standing under Article III of the United States Constitution, this Court's judgment "will have a significant *stare decisis* effect on [Applicants'] claims" in the *Mazzone* Action. *See Brody By & Through Sugzdinis*, 957 F.2d at 1123. Determinations made by this Court may also have res judicata and/or collateral estoppel effects on *Mazzone*. Applicants are also members of the proposed class in the *Google* Consolidated Action. As such, resolution of the *Google* Consolidated Action on a class-wide basis will impair Applicants' ability to present their claims against Vibrant.

As additional examples of how the *Google* Consolidated Action may impair Applicants, Vibrant might stipulate to an entry of an injunction that would impede Applicants' ability to obtain an injunction on different terms, with different requirements or alternative deadlines. As both the MDL Plaintiffs and Applicants sue Vibrant for punitive damages, *see* Dkt. 46, ¶¶ 212, 219, 264; Richman Decl., Ex. A, ¶ 87, Applicants' ability to collect punitive damages will be made more difficult if the MDL Plaintiffs are permitted to collect punitive damages first. *See Jones v. Koons Auto., Inc.*, 752 F. Supp. 2d 670, 691 (D. Md. 2010) ("Prestige claims an interest in the trade-in car transaction, and its ability to collect its share would be made more difficult if Jones is permitted to collect the entire sum. This obstacle to collection is a sufficient impairment to justify intervention as of right.").

### 4.    The MDL Plaintiffs Do Not Adequately Represent Applicants Mazzone and Kuswanto's Interests

Applicants need not show that the MDL Plaintiffs' representation has actually been detrimental to their interests. Instead, the fourth and final prong of Rule 24(a)(2) analysis "is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538, 92 S. Ct. 630, 636, 30 L. Ed. 2d 686 (1972) (holding there was sufficient doubt about adequacy of representation by Secretary of Labor in suit to set aside election of union officials to warrant union member's intervention as of right); *Mountain Top Condo. Ass'n*, 72 F.3d at 368. Applicants easily satisfy the requirements of the fourth prong of Rule 24(a)(2).

*First*, the MDL Plaintiffs do not assert all of Applicants' claims. In the *Google* Consolidated Complaint, the MDL Plaintiffs failed to assert claims against Vibrant for intrusion upon seclusion and violation of the California Constitution, Article I, Section 1; California Penal

13

Code § 502; and California Penal Code § 630 *et seq.*, *see* Dkt. 46, at ¶¶ 228–33, 234–37, 251–64,

265–74—claims that Applicants *do* assert in the *Mazzone* complaint, *see* Richman Decl., Ex. B,

¶¶ 63–92, 93–102, 103–11, 122–30.  Further, the *Google* Consolidated Complaint fails to assert a

claim for trespass to chattels against any MDL Defendant (a claim Applicants *do* allege against

Vibrant, *see* Richman Decl., Ex. B, at ¶¶ 112–21), even though such a claim has been upheld

under New York law under similar circumstances and might be upheld under the common law of

other states.  *See Bose v. Interclick, Inc.*, No. 10 CIV. 9183 DAB, 2011 WL 4343517, at *9–10

(S.D.N.Y. Aug. 17, 2011); *but see Intel Corp. v. Hamidi*, 30 Cal. 4th 1342, 1360, 71 P.3d 296,

308 (2003) (declining to extend California common law trespass to chattels tort to cover

physically harmless electronic communications).

    *Second*, the MDL Plaintiffs have asserted causes of action against Vibrant that are

inapplicable.  For instance, the SCA, which is construed narrowly,[10] does not apply to Vibrant's

alleged conduct.  In brief, this is because computers and mobile devices are not "facilities" under

the SCA[11] and because, even if those devices were "facilities," the MDL Plaintiffs cannot allege

that Vibrant obtained access to a communication that was in "electronic storage" as defined by

---

[10] *See Low v. LinkedIn Corp.*, No. 11-CV-01468-LHK, 2012 WL 2873847, at *6 (N.D. Cal. July 12, 2012) (explaining that "the SCA has a narrow scope: '*[t]he SCA is not a catch-all statute designed to protect the privacy of stored Internet communications*;' instead 'there are many problems of Internet privacy that the SCA does not address'"(emphasis added)) (citing Orin S. Kerr, A User's Guide to the Stored Communications Act, and a Legislator's Guide to Amending It, 72 GEO. WASH. L. REV. 1208, 1214 (2004)).

[11] *See In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1057, 1058 (N.D. Cal. 2012) (explaining that "the computer systems of an email provider, a bulletin board system, or an ISP are uncontroversial examples of facilities that provide electronic communications services to multiple users" under the SCA; declining to find that personal computers and mobile devices are such "facilities" because "the courts that have taken a closer analytical look have consistently concluded that an individual's personal computer does not 'provide [ ] an electronic communication service' simply by virtue of enabling use of electronic communication services") (citing *Crowley v. CyberSource Corp.*, 166 F. Supp. 2d 1263, 1270–71 (N.D. Cal. 2001)).

the SCA.[12]  Applicants have no interest in wasting time and resources arguing Vibrant is liable for violation of inapplicable law.

*Finally*, Applicants seek to sever the MDL Plaintiffs' claims against Vibrant under Federal Rule of Civil Procedure 21, with the aim of staying, dismissing, or transferring the resulting action.  As the MDL Plaintiffs confirmed in a recent communication with Applicants' counsel, the MDL Plaintiffs are not willing to consent to transfer their claims against Vibrant to join the *Mazzone* Action.  *See U.S. v. Aerojet General Corp.*, 606 F.3d 1142, 1153 (9th Cir. 2010) (in determining whether intervenors' interests may be inadequately represented, court may consider whether the existing party is "capable and willing" to make all arguments intervenor would make).

### B.   PERMISSION INTERVENTION

A court may also permit intervention for anyone who "has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B).  Here, there can be no doubt that Applicants' claims share common questions of fact with the claims that the MDL Plaintiffs have appended to the *Google* Consolidated Complaint against Vibrant. The claims in the two suits are substantially similar and arise from identical conduct—*i.e.*, Vibrant's hacking of the Safari browser's privacy controls and invasion of Safari users' privacy.

---

[12] *See In re iPhone Application Litig.*, 844 F. Supp. 2d at 1059 (data at issue resided on plaintiffs' mobile phones "for up to a one-year period, which is not merely a 'temporary, intermediate storage … incidental to the electronic transmission' of an electronic communication"); *In re DoubleClick Inc. Privacy Litig.*, 154 F. Supp. 2d 497, 512–13 (S.D.N.Y. 2001) (holding that "the cookies and their identification numbers [at issue] *are never in 'electronic storage'" under the SCA* because the cookies remain "indefinitely" and because the "cookie's residence on plaintiffs' hard drives *is certainly not an 'intermediate' step in their transmission to another addressee*" (emphasis added)); *In re Toys R Us, Inc., Privacy Litig.*, No. 00-CV-2746, 2001 WL 34517252, at *3–4 (N.D. Cal. Oct. 9, 2001) (cookies at issue were not in "electronic storage" for purposes of the SCA because "plaintiffs allege that [defendant's] access [to the cookie] occurs at the time that the cookie resides on the hard drive, a permanent storage medium").

Moreover, allowing Applicants to intervene will not unduly delay or prejudice the parties in the *Google* Consolidated Action.  To the contrary, Applicants seek to intervene to ensure that the rights and remedies of the proposed class members are efficiently litigated and not adversely affected by Vibrant's upcoming motion to dismiss the *Google* Consolidated Complaint or the MDL Plaintiffs' failure to assert all of Applicants' and the proposed class members' viable claims.  *See* Section III.A.4, *supra*.

## IV.   CONCLUSION

Applicants Mazzone and Kuswanto respectfully request this Court grant their Motion to Intervene and endorse the attached Proposed Order so they may protect their claims and interests in *Mazzone v. Vibrant Media Inc.*, Case No. 1:12-cv-02672-NGG-JO (E.D.N.Y. filed May 25, 2012) by moving to sever the MDL Plaintiffs' claims against Vibrant from the *Google* Consolidated Action, with a view to moving to stay or dismiss those claims under the first-filed rule or, alternatively, transferring the claims to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1404(a).


Dated: January 16, 2013                    Respectfully submitted,

                                           **REESE RICHMAN LLP**
                                           /s/ Kim E. Richman
                                           Kim E. Richman
                                           Michael R. Reese
                                           875 Avenue of the Americas, 18th Floor
                                           New York, New York 10001
                                           Telephone:    (212) 643-0500
                                           Facsimile:    (212) 253-4272
                                           Email:        krichman@reeserichman.com
                                                         mreese@reeserichman.com

                                           -and-


16

**MILBERG LLP**
Sanford P. Dumain
Adam Bobkin
One Penn Plaza
New York, New York 10119
Telephone:      (212) 594-5300
Facsimile:      (212) 868-1229
Email:          sdumain@milberg.com
                abobkin@milberg.com

*Counsel for Applicants Mazzone and Kuswanto*

17