# EXHIBIT B

**BEFORE THE JUDICIAL PANEL ON**
**MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE GOOGLE INC. COOKIE PLACEMENT CONSUMER PRIVACY LITIGATION | MDL No. 2358 |

*Frohberg, et al. v. Media Innovation Group, LLC, et al.*
No. 1:12-cv-02674-WFK-VMS (E.D.N.Y. filed May 25, 2012)

*Mazzone, et al. v. Vibrant Media Inc.*
No. 1:12-cv-02672-NGG-JO (E.D.N.Y. filed May 25, 2012)

**NOTICE OF OPPOSITION TO CTO –5**

My firm, Reese Richman LLP, and Milberg LLP represent plaintiffs Michael Frohberg and Andy Wu, on behalf of themselves and all others similarly situated (the "*Frohberg* Plaintiffs"), in the above-referenced action, *Frohberg, et al. v. Media Innovation Group, LLC, et al.*, No. 1:12-cv-02674-WFK-VMS (E.D.N.Y. filed May 25, 2012). Reese Richman LLP and Milberg LLP also represent plaintiffs Daniel Mazzone and Michelle Kuswanto, on behalf of themselves and all others similarly situated (the "*Mazzone* Plaintiffs"), in the above-referenced action, *Mazzone, et al. v. Vibrant Media Inc.*, No. 1:12-cv-02672-NGG-JO (E.D.N.Y. filed May 25, 2012).

On January 23, 2013, the United States Judicial Panel on Multidistrict Litigation ("JPML") issued Conditional Transfer Order (CTO –5) in *In re: Google Inc. Cookie Placement Consumer Privacy Litigation*, MDL No. 2358 (the "*Google* MDL"). *Google* MDL Dkt. No. 81.

Pursuant to Rule 7.1(c) of the Rules of Procedure of the JPML, the *Frohberg* Plaintiffs and the *Mazzone* Plaintiffs hereby give notice to the Clerk of the JPML of their opposition to Conditional Transfer Order (CTO –5), which, if filed in the United States District Court for the

District of Delaware, would transfer *Frohberg* and *Mazzone* to be consolidated with the *Google* MDL.

The *Frohberg* Plaintiffs brought the above-referenced action against Media Innovation Group, LLC ("MIG"), and WPP plc ("WPP") in the United States District Court for the Eastern District of New York ("E.D.N.Y.") on May 25, 2012. On the same day, the *Mazzone* Plaintiffs brought the above-referenced action against Vibrant Media Inc. ("Vibrant") in the E.D.N.Y. Subsequently, on June 12, 2012, the JPML centralized and transferred a number of actions other than *Frohberg* and *Mazzone* to the United States District Court for the District of Delaware, in which the only named defendants were Google Inc. ("Google") and PointRoll, Inc. ("PointRoll"). *In re: Google Inc. Cookie Placement Consumer Privacy Litig.*, 867 F. Supp. 2d 1356 (J.P.M.L. 2012).

On December 19, 2012, plaintiffs in the *Google* MDL (the "*Google* MDL Plaintiffs") filed a consolidated complaint against Google and PointRoll, and, additionally, appended a handful of claims against Vibrant, MIG, and WPP.

The *Google* MDL Plaintiffs' claims against MIG and WPP have **no factual connection whatsoever** to their claims against Google, Vibrant, and PointRoll. Similarly, the *Google* MDL Plaintiffs' claims against Vibrant are entirely factually distinct from their claims against Google, MIG, WPP, and PointRoll. However, the *Google* MDL Plaintiffs' claims against MIG and WPP are **factually identical** to Messrs. Frohberg and Wu's claims against MIG and WPP; similarly, the *Google* MDL Plaintiffs' claims against Vibrant are factually identical to the *Mazzone* Plaintiffs' claims against Vibrant.

Consequently, the *Frohberg* Plaintiffs have moved to intervene in the *Google* MDL for the purpose of severing the *Google* MDL Plaintiffs' claims against MIG and WPP from the

action under Federal Rule of Civil Procedure ("Rule") 21.  Ultimately, the *Frohberg* Plaintiffs aim to stay or dismiss the resulting action under the first-to-file rule or, alternatively, to transfer the resulting action to the E.D.N.Y. pursuant to 28 U.S.C. § 1404(a) to be joined with *Frohberg*.  The Notice of Motion and Motion by Michael Frohberg and Andy Wu for Intervention as Plaintiffs and Memorandum of Points and Authorities in Support Thereof filed in the *Google* MDL on January 17, 2013, is attached hereto as Exhibit 1.  The Declaration of Kim Richman in support thereof is attached hereto as Exhibit 2.

Similarly, the *Mazzone* Plaintiffs have moved to intervene in the *Google* MDL for the purpose of severing the *Google* MDL Plaintiffs' claims against Vibrant from the action under Rule 21.  The *Mazzone* Plaintiffs aim to move to stay or dismiss the resulting case, or, alternatively, to transfer that case to the E.D.N.Y. to be joined with *Mazzone* pursuant to 28 U.S.C. § 1404(a).  The Notice of Motion and Motion by Daniel Mazzone and Michelle Kuswanto for Intervention as Plaintiffs and Memorandum of Points and Authorities in Support Thereof filed in the *Google* MDL on January 17, 2013, is attached hereto as Exhibit 3.  The Declaration of Kim Richman in support thereof is attached hereto as Exhibit 4.

Furthermore, the *Mazzone* Plaintiffs have requested a pre-motion conference in the E.D.N.Y. for the purpose of discussing an upcoming Motion for the Appointment of Interim Class Counsel.  The *Mazzone* Plaintiffs' letter to the Honorable Nicholas G. Garaufis of January 25, 2013, is attached hereto as Exhibit 5, along with all accompanying enclosures.[1]

---

[1] The *Frohberg* Plaintiffs also requested a pre-motion conference in the E.D.N.Y. for the purpose of discussing a Motion for Appointment of Interim Class Counsel.  On January 29, 2013, the Court denied the *Frohberg* Plaintiffs' request without prejudice, in light of CTO –5 pending before the JPML.

DATED: January 29, 2013  **REESE RICHMAN LLP**

_____
Kim E. Richman
krichman@reeserichman.com
Michael R. Reese
mreese@reeserichman.com
875 Avenue of the Americas, 18th Floor
New York, New York 10001
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

-and-

**MILBERG LLP**
Sanford P. Dumain
sdumain@milberg.com
One Penn Plaza
New York, New York 10119
Telephone: (212) 594-5300
Facsimile: (212) 868-1229

*Attorneys for Plaintiffs Michael Frohberg and Andy Wu and the Proposed Class*

*and for Plaintiffs Daniel Mazzone and Michelle Kuswanto and the Proposed Class*