# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE GOOGLE INC. COOKIE PLACEMENT CONSUMER PRIVACY LITIGATION<br><br>This Document Relates to:<br>**All Actions** | )<br>)<br>) C.A. No. 12-MD-2358 (SLR)<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT POINTROLL, INC'S STATEMENT OF NON-OPPOSITION TO THE MOTIONS TO INTERVENE OF MICHAEL FROHBERG AND ANDY WU AND DANIEL MAZZONE AND MICHELLE KUSWANTO

Defendant PointRoll, Inc. (PointRoll) does not oppose the January 17, 2013 Motions to Intervene filed by Michael Frohberg and Andy Wu, and Daniel Mazzone and Michelle Kuswanto ("Intervenors") pursuant to Fed. R. Civ. P. 24(a)(2) or 24(b)(1)(B). MDL D.I. 62, 64. In those motions, intervenors, who are plaintiffs in the pending actions *Frohberg v. Media Innovation Group, LLC*, No. 1:12-cv-02674-WFK-JO (E.D.N.Y. filed May 25, 2012) and *Mazzone v. Vibrant Media Inc.,* No. 1:12-cv-02672-NGG-JO (E.D.N.Y. filed May 25, 2012), move to intervene as Plaintiffs in the above captioned action

PointRoll is not named as a defendant in either of these actions. Intervenors' motions, however, underscore the weakness of the three federal statutory claims asserted against PointRoll, Vibrant Media Inc., and the Media Innovation Group, LLC in the Consolidated Class Action Complaint filed December 19, 2012. (MDL DI 46). (Six non-federal claims were also asserted against Google.)

Notably, despite the similarity of the allegations against Vibrant Media, Inc. and Media Innovation Group, LLC to the allegations against PointRoll in the Consolidated Class Action Complaint, proposed Intervenors *do not* assert the federal statutory causes in their pending actions.  Indeed, the Intervenors admit that the federal statutory causes of action are *inapplicable* to the present facts, which they demonstrate by showing how the Stored Communications Act does not apply to setting cookies on computers.  *See e.g.* MDL D.I. 62 at pp. 14-15 ("the MDL Plaintiffs have asserted causes of action against MIG and WPP that are inapplicable.  For instance, the SCA, which is construed narrowly, does not apply to MIG and WPP's alleged conduct. In brief, this is because computers and mobile devices are not 'facilities' under the SCA and because, even if those devices were 'facilities,' the MDL Plaintiffs cannot allege that MIG and WPP obtained access to a communication that was in 'electronic storage' as defined by the SCA") (citation footnotes omitted);  MDL D.I. 64, at pp. 14-15 ("computers and mobile devices are not 'facilities' under the SCA and . . ., even if those devices were 'facilities,' the MDL Plaintiffs cannot allege that Vibrant obtained access to a communication that was in 'electronic storage' as defined by the SCA.") (citation footnotes omitted).

        Respectfully submitted,

Dated:  January 29, 2013        By:  /s/ *Susan M. Coletti*

Alan Charles Raul
Edward R. McNicholas
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C.  20005
Telephone:  (202) 736-8000
Facsimile:  (202) 736-8711
araul@sidley.com
emcnicho@sidley.com

*Attorneys for Defendant*
*PointRoll, Inc.*

Susan M. Coletti (#4690)
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE 19899-1114
Telephone: (302) 652-5070
coletti@fr.com

*Attorneys for Defendant*
*PointRoll, Inc.*