# stewartslaw

**Stewarts Law US LLP**
I.M. Pei Building, 1105 North Market Street, Suite 2000, Wilmington, DE 19801
**Telephone** +1 (302) 298 1200 **Fax** +1 (302) 298 1222

www.stewartslaw.com

David A. Straite                                                                  February 6, 2013
Direct: +1 (302) 298-1212
dstraite@stewartslaw.com

Hon. Sue L. Robinson
Federal District Court, District of Delaware
J. Caleb Boggs Federal Building
844 N. King St.
Room 4124, Unit 31
Wilmington, DE 19801-3568

**RE:** *In re Google Inc. Cookie Placement Consumer Privacy Litig.*, **C.A. 12-MD-2358 (SLR)**

Dear Judge Robinson,

     This letter brief from Interim Lead Class Counsel ("Class Counsel") addresses the oral request to stay this MDL made by Kim Richman at the January 30, 2013 status conference. Mr. Richman is counsel for plaintiffs in the *Mazzone, et al. v. Vibrant Media, Inc.* and *Frohberg, et al. v. Media Innovation Group, LLC and WPP, plc*, cases in the Eastern District of New York (collectively "EDNY Actions"). Not part of the MDL Class Counsel this Court appointed November 16, 2012, Mr. Richman purports to represent a competing class in the EDNY Actions.[1] This letter's necessity demonstrates the result: the inefficiency, delay, and waste of time, money, and resources that MDLs aim fundamentally to avoid.

     Class Counsel's broad authority to represent a national class of Safari users was first established in the Stipulation and Order Consolidating Cases for All Purposes (Dkt. No. 22) ("July 27 Order"): "Lead Counsel shall have authority to speak for all plaintiffs in the consolidated actions in matters regarding pretrial and trial procedure and settlement negotiations," and "shall be responsible for coordination of all activities and appearances on behalf of all plaintiffs… No motion, request for discovery or other pretrial proceedings shall be initiated or filed by any plaintiff except through Lead Counsel." Most importantly: "After the Court has appointed Lead Counsel, Lead Counsel shall file and serve a single Consolidated Amended Complaint that will supersede all existing complaints filed in the consolidated actions and any action subsequently consolidated with this action. Defendants need only respond to the Consolidated Amended Complaint and any amendments thereto and need not respond to any other complaint filed in any action consolidated by this Order."

     Class Counsel timely filed the Consolidated Amended Complaint ("CAC") against defendants Google, Inc. ("Google"), PointRoll, Inc. ("PointRoll"), Vibrant Media, Inc. ("Vibrant"), Media Innovation Group, LLC ("MIG") and WPP plc ("WPP") on December 19, 2012. The CAC alleges

---

[1] Mr. Richman admitted at the status conference that "I know it's confusing because I'm plaintiffs' counsel, Mr. Strange is plaintiff's counsel. Nonetheless, we have conflicting interests here." (Tr. 16:18-20).

Stewarts Law US LLP is a limited liability partnership established in the State of Delaware with file no. 5117984
and with offices at I.M. Pei Building, 1105 North Market Street, Suite 2000, Wilmington, DE 19801 and 535 Fifth Avenue, 4th Floor, New York, NY 10017.

Stewarts Law US LLP is affiliated with Stewarts Law LLP which is a practice of solicitors authorised and regulated by the Solicitors Regulation Authority in England.
Stewarts Law US LLP is not regulated or authorised by the Solicitors Regulation Authority.

Honorable Sue L. Robinson
6 February 2013                                                                                                      Page 2

federal statutory claims against all Defendants including Vibrant, MIG and WPP. Defendants Vibrant, MIG and WPP all subsequently filed notice of tag-along actions with the JPML. The JPML conditionally transferred the cases to this Court pending further briefing.[2]

Mr. Richman, striving from the outset to keep the EDNY Actions out of any MDL Court, alleged *only* state law claims and included a putative New York subclass, as follows:

**MDL (Delaware) (24 consolidated cases, 25 plaintiffs, 32 law firms)**

| Defs. | Claims |
|---|---|
| Vibrant | Federal Statutory Claims Only |
| Media | Federal Statutory Claims Only |
| WPP | Federal Statutory Claims Only |
| PointRoll | Federal Statutory Claims Only |
| Google | Federal & State Claims |

*Mazzone* and *Frohberg* (E.D.N.Y.) (2 cases, 4 plaintiffs, 2 law firms)

| Defs. | Claims |
|---|---|
| Vibrant | State Claims Only (NY & CA) |
| Media | State Claims Only (NY & CA) |
| WPP | State Claims Only (NY & CA) |

Mr. Richman asks this Court to let him re-write the CAC and break up this MDL by letting him intervene into the MDL and then letting him either dismiss the federal claims against defendants Vibrant, Media and WPP without briefing or argument on their merits even though the EDNY Actions do not assert those claims, or "stay" the different MDL claims, or transfer part of the MDL case involving the same defendants to his chosen Court.

Defense counsels' echoing at the hearing of Mr. Richman's requests appeared nowhere in their immediately preceding stipulated briefing schedules or in the jointly drafted hearing Agenda. Mr. Richman's self-interest in keeping the EDNY Actions out of this MDL has aligned him with the Defendants against the interests of the class he seeks to represent.[3]

**Summary of Relevant Background**

1.   June 12, 2012: JPML Orders Consolidation and Transfer to Delaware.

2.   July 27, 2012: Your Honor enters the Stipulation and Order Consolidating Cases for All Purposes. Contemplating later tag-alongs, ¶ 2 provides, in pertinent part: "All actions that have been or will be transferred to this Court by the JPML as tag-along actions to MDL No. 2358 shall be consolidated into this action for all pretrial purposes."

---

[2] The MDL Order noted this was a possibility all along; "The other two companies reportedly implicated in this controversy – Vibrant Media and Media Innovation Group – are both based in New York City and numerous other parties or witnesses may be found near this district." *See* Transfer Order, Dkt. No. 62, MDL No. 2358 (J.P.M.L. June 12, 2012).

[3] As this Court aptly noted; "I do think it's really interesting that I have plaintiffs at odds and plaintiffs kind of agreeing with defendants. That's really interesting. I don't see that every day." TR 24:21-23. No wonder defendants want to defend Mr. Richman's cases and not Class Counsel's CAC, which would give the Defendants a free pass on the CAC's federal statutory claims.

3.      October 24, 2012: After briefing, Your Honor holds oral argument on Rule 23(g) leadership issue. Mr. Richman is present but tells neither the Court nor Class Counsel about the EDNY Actions, although he had informed the Court about the *Carandang* state court case.

4.      October 25, 2012: Court sets December 19, 2012 date for Plaintiffs to file amended complaint and January 22, 2013 date for Defendants to respond. Contrary to Mr. Richman's comments at the January 24th status conference, this date was the earliest any complaint naming MIG, WPP and Vibrant could be filed. The statement by counsel for Defendants MIG and WPP that "month after month went by without us being brought in by these counsel" (TR 25: 21-25) ignores that an amended consolidated complaint could not be filed until this Court selected leadership and set the December 19, 2012 CAC due date.

5.      *After* the October 24, 2012 23(g) hearing, Mr. Richman discloses the EDNY Actions to Class Counsel, asking that Class Counsel "work with him."

6.      December 19, 2012: MDL Plaintiffs timely filed their CAC. Naming Google and PointRoll as Defendants, the CAC, unlike the EDNY Actions, also alleges federal statutory claims against Defendants Vibrant, MIG and WPP. Contrary to Mr. Richman's statement at the Status Conference, under JPML Rule 7.1(a), Plaintiffs could not file any notice of tag-along before this date because Plaintiffs had not named these Defendants.

7.      In the meantime, Class Counsel decline request to join or otherwise work with Mr. Richman in EDNY Actions, concerned, among other things, about potential claim-splitting arguments, an end-run around the JPML process defeating JPML efficiency and consistency goals, possible preclusion of certain class claims, and their MDL duty to bring all viable claims against all proper defendants on behalf of a national class.

8.      January 17, 2013: Because Class Counsel declined Mr. Richman's request, Mr. Richman filed Motions to Intervene in this MDL. If intervention is granted, Mr. Richman will seek to sever, then stay or dismiss the CAC's claims against Vibrant, MIG and WPP. Those claims are *not* alleged in the EDNY Actions.

9.      January 18, 2013: Vibrant files JPML tag-along notice re: *Mazzone*, and WPP and MIG file tag-along notice re: *Frohberg*.

10.     January 23, 2013: JPML enters CTO-5, conditionally transferring the EDNY Actions to Delaware for consolidation with the MDL proceeding.

11.     January 29, 2013: Mr. Richman files Objection to CTO-5, seeking to stop the transfer of EDNY Actions to the Delaware MDL. The same day, Class Counsel responds in MDL Court to Mr. Richman's Motions to Intervene. That response notes that the JPML process should and likely will entirely moot the EDNY Actions plaintiffs' motions to intervene. If, as the tag-along notices and CTO-

Honorable Sue L. Robinson
6 February 2013                                                                                                         Page 4

5 suggest, the EDNY Actions are properly tag-alongs meriting consolidation with the Delaware MDL, Mr. Richman can object to such consolidation in the MDL Delaware court under Paragraph 2 the July 27 Order.

12.     February 12, 2013: Deadline for any motion in JPML about transferring the EDNY Actions.  Responses are due on or before March 5, 2013.  March 21, 2013 is the likely date for JPML oral argument on transferring EDNY Actions.  The JPML's ruling on that transfer issue will likely come within 30 days of the oral argument.

### No Basis Exists for any Stay as to Google and PointRoll

Neither Google nor PointRoll is a defendant in the EDNY Actions. Google and PointRoll are defendants in this MDL no matter what happens with the EDNY Actions.  Neither Google nor PointRoll are implicated in the JPML or intervention issues.  Despite knowing about the EDNY Action issues, no party mentioned a stay to Class Counsel, suggested a stay be an item on the jointly filed Status Conference Agenda, or asked to modify the stipulated-to deadline and page limit schedules for Motion to Dismiss briefing that this Court had entered. The Google and PointRoll MTD briefing is scheduled for completion March 19, 2013, ahead of the stipulated-to and Court-approved April 19, 2013 completion of briefing on the Vibrant, MIG, and WPP Motions to Dismiss.  Staying the court-approved briefing schedule for Google and PointRoll will only delay this case and prejudice the Plaintiffs.

### No Basis Exists for any Stay as to Vibrant, MIG and WPP

Vibrant's counsel, Mr. Meal's, supposed "efficiency" argument for a stay (Tr. 11-16),  first raised at the Status Conference, opportunistically resulted from Mr. Richman's efforts to keep his EDNY Actions out of the MDL.  Mr. Meal carefully re-framed what he believed Mr. Richman was saying (Tr. 11:23-12:3) to give Vibrant, MIG and WPP a break for which they had not even asked.  Anyway, the "efficiency" arguments for a stay are baseless.  Vibrant, MIG and WPP have already briefed their Motions to Dismiss in the EDNY Actions.  Those briefs address entirely different claims from those the CAC alleges.  Only two highly unlikely scenarios exist in which these three Defendants would draft briefs "for no reason."

**Scenario One.**   (1) The JPML – which has already issued CTO-5 finding the EDNY Actions belong in the MDL after MIG, Vibrant and WPP filed tag along notices acknowledging the EDNY Actions belong in the MDL – changes its mind and (2) orders that the EDNY Actions not be transferred to this MDL Court; (3) the EDNY Actions remain pending in the EDNY; (4) the EDNY stay of those cases is lifted; (5) this Court, despite the JPML's finding that the EDNY Actions are not sufficiently related to this MDL for transfer, *nonetheless* finds those cases are sufficiently related to this MDL for intervention; (6) this Court then permits the EDNY plaintiffs' tail to wag the MDL dog, and to sever the strong federal statutory claims brought by this Court's appointed Class Counsel on behalf of a national class, and, then, further, (7) to *stay* or *dismiss* those claims without briefing or argument on their merits, *injuring* the Class's interests; and (8) such intervention, severing and

dismissal occurs after the February 22, 2013 agreed-to deadline for the Vibrant, MIG and WPP motions to dismiss.

**Scenario Two.**  The second scenario begins with the highly probable transfer of the EDNY Actions to this MDL.  From there, a set of imaginings as fantastic as those in Scenario One are required for the belated "efficiency" argument to have any real-world credibility: (1) Upon transfer of the EDNY Actions to this MDL Court, the Court effectively rejects the JPML's finding of relatedness and *ignores* the express provision in Paragraph 2 of this Court's July 27 Order: "…All actions that have been or will be transferred to this Court by the JPML as tag-along actions to MDL No. 2358 *shall be consolidated* into this action for all pretrial purposes; (2) this Court *grants* Mr. Richman's objection "to such consolidation" under that Paragraph 2; (3) despite finding the EDNY Actions insufficiently related to this MDL for consolidation, this Court nonetheless finds those cases sufficiently related to grant Mr. Richman's Motions to Intervene; and the same steps (6), (7) and (8) in Scenario One occur.

**Reality.**  As the tag-along notices that Vibrant, MIG and WPP filed, and CTO-5 show, the JPML will almost certainly transfer the EDNY Actions to this MDL Court.  Tag-alongs are routinely brought into MDLs after the initial transfer and consolidation of certain cases.  *See, e.g.,* Conditional Order Finalized (CTO-4), *In re: Automotive Wire Harness Sys. Antitrust Litig.*, MDL No. 2311, Dkt. No. 195 (J.P.M.L. April 10, 2012).  The overarching goal of MDL practice is efficiency and consistency. *See In re Plumbing Fixture Cases*, 298 F. Supp. 484 (J.P.M.L. 1968).

JPML transfer to this MDL Court will moot the EDNY plaintiffs' intervention motions.  They can then object to consolidation with the MDL cases, under Paragraph 2 of the July 27 Order.  Unless this Court agrees to dismiss the federal statutory claims without briefing and argument on their merits, the currently scheduled briefing has to occur.

That the EDNY Actions named defendants different from those named in the initially transferred and consolidated cases demonstrates only that Class Counsel are fulfilling their duty to the Court and Class by pursuing all available claims against all culpable defendants.

Concerning this Court's comments about knowing which Defendants are in play (Tr. 29:6-18), under the current schedule all the Defendants will get the chance to brief the issues and have the benefit of the others' presence.  If the defendants were later to change, they will not be harmed but helped by all the defendants having briefed similar issues.

 Any stay here undermines the JPML's goals of efficiency and consistency, and condones Mr. Richman's effort at an end run around the JPML and collateral attack on this Court's appointed leadership.  Class Counsel asks the Court to deny any stays and to schedule a Status Conference at the Court's earliest date to discuss discovery, any *Carandang* state court case coordination issues, and further scheduling.

Honorable Sue L. Robinson
6 February 2013                                                                                                Page 6

                                          Respectfully submitted,

| | |
|---|---|
| **KEEFE BARTELS, LLC** | **STRANGE & CARPENTER** |
| | |
| */s/ Stephen G. Grygiel* | */s/ Brian Russell Strange* |
| Stephen G. Grygiel (Del Br No. 4944) | Brian Russell Strange |
| John E. Keefe, Jr. | Keith Butler |
| Jennifer L. Harwood | David Holop |
| 170 Monmouth St. | 12100 Wilshire Boulevard, Suite 1900 |
| Red Bank, NJ 07701 | Los Angeles, CA 90025 |
| Tel: 732-224-9400 | Tel: 310-207-5055 |
| *sgrygiel@keefbartels.com* | *lacounsel@earthlink.net* |
| | |
| *Executive Committee Member* | *Executive Committee Member* |
| | |
| **BARTIMUS, FRICKLETON, ROBERTSON & GORNY, P.C.** | **STEWARTS LAW US LLP** |
| | |
| */s/ James P. Frickleton* | */s/ David A. Straite* |
| James P. Frickleton | David A. Straite (Del Bar No. 5428) |
| Mary D. Winter | Ralph N. Sianni (Del Bar No. 4151) |
| Stephen M. Gorny | Michele S. Carino (Del Bar. No. 5576) |
| Edward D. Robertston, Jr. | Lydia E. York (Del Bar No. 5584) |
| 11150 Overbrook Road, Suite 200 | 1105 North Market Street |
| Leawood, KS 66211 | Wilmington, DE 19801 |
| Tel: 913-266-2300 | Tel: 302-298-1200 |
| *jimf@bflawfirm.com* | *dstraite@stewartslaw.com* |
| | |
| *Executive Committee Member* | *Plaintiffs' Steering Committee Member and Liaison Counsel* |

Honorable Sue L. Robinson
6 February 2013                                                                                                    Page 7

| | |
|---|---|
| **EICHEN, CRUTCHLOW, ZASLOW & MCELROY LLP** | **SEEGER WEISS LLP** |

*/s/ Barry Eichen*                                   */s/ Jonathan Shub*
Barry R. Eichen                                       Jonathan Shub
40 Ethel Road                                         1515 Market Street, Suite 1380
Edison, NJ 08817                                      Philadelphia, PA 19102
Tel: 732-777-0100                                     Tel: 215-564-2300
*beichen@njadvocates.com*                             *jshub@seegerweiss.com*

*Plaintiffs' Steering Committee Member*               *Counsel for Plaintiff Lynne Krause and Plaintiffs' Steering Committee Member*

**MURPHY P.A.**                                       **BARNES & ASSOCIATES**

*/s/ William H. Murphy, Jr.*                          */s/ Jay Barnes*
William H. Murphy, Jr.                                Jay Barnes
One South Street, Suite 2300                          219 East Dunklin Street
Baltimore, MD 21202                                   Jefferson City, MO 65101
Tel: 410-539-6500                                     Tel: 573-634-8884
*billy.murphy@murphypa.com*                           *Jaybarnes5@gmail.com*

*Plaintiffs' Steering Committee Member*               *Plaintiffs' Steering Committee Member*

**BRYANT LAW CENTER, PSC**

*/s/ Mark Bryant*
Mark Bryant
601 Washington Street
P.O. Box 1876
Paducah, KY 42002-1876
Tel: 270-442-1422
*mark.bryant@bryantpsc.com*

*Counsel for Plaintiff William G. Gourley and Plaintiffs' Steering Committee Member*