# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Rodger D. Smith II
302 351 9205
302 498 6209 Fax
rsmith@mnat.com

February 6, 2013

The Honorable Sue L. Robinson                                           *VIA ELECTRONIC FILING*
United States District Court
J. Caleb Boggs Federal Building
844 N. King Street, Room 4124, Unit 31
Wilmington, DE 19801-3568

Re:   *In re Google Inc. Cookie Placement Consumer Privacy Litigation,*
      C.A. No. 12-MD-2358

Dear Judge Robinson:

We represent Defendants Media Innovation Group, LLC ("MIG") and WPP plc ("WPP"). Pursuant to Your Honor's direction at the status conference held on January 30, 2013 (the "Conference"), MIG and WPP respectfully submit this letter in support of the Court's leaving in place its January 30, 2013 stay of the proceedings in the above-captioned case (the "MDL Action") pending a decision by the United States Judicial Panel on Multidistrict Litigation (the "Panel") regarding the transfer to this Court of two actions currently pending in the United States District Court for the Eastern District of New York (the "Eastern District"), *Frohberg et al. v. Media Innovation Group, LLC et al.*, 12-CV-2674 (E.D.N.Y.) ("*Frohberg*"), and *Mazzone et al. v. Vibrant Media Inc.*, 12-CV-2672 (E.D.N.Y.) ("*Mazzone*" and, together with *Frohberg*, the "Eastern District Actions"). Counsel for Defendant Vibrant Media Inc. ("Vibrant"), which is also the defendant in the *Mazzone* action, joins this letter in all respects (MIG, WPP and Vibrant together, the "Eastern District Defendants"). Counsel for PointRoll, Inc. ("PointRoll"), a defendant in the MDL Action but not the Eastern District Actions, also joins this letter in all respects.

The Eastern District Defendants respectfully request that the Court leave in place its ruling of January 30, 2013 staying all proceedings in this action—including all further briefing on the various motions to dismiss that have been made or are expected to be made (the "Dismissal Motions") and the motions to intervene (the "Intervention Motions") made by the plaintiffs in the Eastern District Actions (the "Eastern District Plaintiffs")—pending the Panel's decision on transfer of the Eastern District Actions to this Court, which decision the parties anticipate will be issued by the end of April. Continuation of the current stay is necessary to allow all parties to this MDL Action to be heard simultaneously on common dispositive legal issues, while saving the Eastern District Defendants from potentially needless litigation costs associated with briefing motions that may never be heard.

The Honorable Sue L. Robinson
February 6, 2013
Page 2

### A. Factual Background

The factual allegations against the Eastern District Defendants in both the Eastern District Actions and the MDL Action are based upon certain internet blog posts and news articles published in February 2012 detailing alleged similar practices by four advertising companies of setting cookies on the Safari internet browser (the "Cookie Allegations"). *See* MDL Action Consolidated Amended Complaint ("CAC") ¶¶ 2-3, 74-78; *Frohberg* Compl. ¶¶ 1-2, 24-25 (attached as Ex. A); *Mazzone* Compl. ¶¶ 1-2, 23-26 (attached as Ex. B).

#### 1. *The Eastern District Actions*

On May 25, 2012, the Eastern District Plaintiffs filed a complaint against MIG and WPP and a separate, nearly identical, complaint in the same court against Vibrant (the "Eastern District Complaints"). Both complaints are based upon the Cookie Allegations, and both complaints assert claims under New York and California state law (the "State Law Claims"). *See* Exs. A and B. Fully briefed motions to dismiss each of the Eastern District Complaints are currently pending.

#### 2. *The MDL Action*

In or around February 2012, various putative class actions were filed in federal district courts around the country against Google, Inc. ("Google") and, in two instances, PointRoll based on the Cookie Allegations (the "Underlying Actions"). The Eastern District Defendants were not named in any of the Underlying Actions. On June 12, 2012, the Panel transferred the existing Underlying Actions to this Court to be handled as a multi-district litigation. Other Underlying Actions were subsequently transferred to this Court on various dates through August 1, 2012.

Pursuant to this Court's order dated July 27, 2012, Plaintiffs in the MDL Action (the "MDL Plaintiffs") filed the CAC on December 19, 2012, in which they (for the first time) named the Eastern District Defendants as parties in the MDL Action, including them as defendants in the CAC's federal claims. All named defendants indicated an intention to file Dismissal Motions, and this Court has entered briefing schedules for all those motions. Under those (now stayed) briefing schedules: (i) Google and PointRoll have filed opening briefs, and briefing is scheduled to conclude on March 19, 2013; and (ii) the Eastern District Defendants' opening briefs are due on February 22, 2013 and briefing is scheduled to conclude on April 19, 2013.

#### 3. *Transfer And Intervention*

Because the Eastern District Actions share common questions of fact with the Underlying Actions, the Eastern District Defendants filed notices with the Panel identifying the Eastern District Actions as potential tag-along actions on January 18, 2013, pursuant to Rules 1.1(h) and 7.1(a) of the Panel's Rules of Procedure. On January 23, 2013, the Panel issued a Conditional Transfer Order ("CTO") conditionally transferring the Eastern District Actions to this Court. On January 29, 2013, the Eastern District Plaintiffs filed a Notice of Opposition to the CTO (the "Transfer Objection"). The Panel has set a briefing schedule and the Eastern District Defendants expect that the Transfer Objection will be heard at the Panel's next scheduled session on March

The Honorable Sue L. Robinson
February 6, 2013
Page 3

21, 2013 (the "Transfer Hearing"). The Eastern District Defendants expect that the Panel will issue its decision within approximately thirty days of the Transfer Hearing.

On January 16, 2013, the Eastern District Plaintiffs filed the Intervention Motions in the MDL Action. According to the Intervention Motions, the Eastern District Plaintiffs seek to intervene so they can then file a motion in the MDL Action to (i) sever the claims being asserted against the Eastern District Defendants in the MDL Action (the "Federal Law Claims"), and (ii) either (a) stay or dismiss the Federal Law Claims in favor of the Eastern District Actions, or (b) transfer the Federal Law Claims to the Eastern District pursuant to 28 U.S.C. § 1404(a) (the "Motions to Sever and Dismiss, Stay, or Transfer").

At the Conference, after hearing from counsel for all parties in the MDL Action as well as counsel for the Eastern District Plaintiffs, Your Honor stayed all proceedings in this action pending the Panel's decision on the Transfer Objection (the "January 30 Stay"). At the request of the MDL Plaintiffs, Your Honor also permitted all counsel to submit letters, by no later than February 6, 2013, addressing whether the January 30 Stay should be left in place.

  B. The January 30 Stay Should Remain In Place Pending The Panel's Decision On The Transfer Objection

    1. *The Eastern District Defendants' Status As Parties To The MDL Action Is Unsettled*

The Intervention Motions have cast into doubt the Eastern District Defendants' status as parties to the MDL Action. If the Intervention Motions and the ensuing Motions to Sever and Dismiss, Stay, or Transfer are granted, the Eastern District Defendants would no longer be parties to the MDL Action, and thus any briefing of motions to dismiss the MDL Action that occurred in the meantime would have been for naught.

Moreover, the MDL Plaintiffs and the Eastern District Plaintiffs dispute whether the Eastern District Actions should be transferred to the MDL Action. See Transcript of January 30, 2013 Hearing ("Tr.") at 17:3-10; id. at 20:14-17. As Your Honor observed at the Conference, determination of the Transfer Objection lies properly before the Panel. Tr. 13:11-16. If the Panel were to deny transfer, the Eastern District Plaintiffs would rely on that holding in support of the Intervention Motions and the Motions to Sever and Dismiss, Stay, or Transfer. Tr. 13:24-14:6. Conversely, if the Panel were to overrule the Transfer Objection, the MDL Plaintiffs would surely rely on that holding to oppose the Intervention Motions and the Motions to Sever and Dismiss, Stay, or Transfer. It thus is only prudent for the Court to hold off adjudicating the Intervention Motions and the Motions to Dismiss, Stay, or Transfer until the Panel hands down its decision on the Transfer Objection.

    2. *The Dismissal Motions Should Be Decided Simultaneously*

That different causes of action are asserted against the Eastern District Defendants in the MDL Action and the Eastern District Actions does not, as the MDL Plaintiffs argue, weigh in

The Honorable Sue L. Robinson
February 6, 2013
Page 4

favor of this Court's moving forward with the Federal Law Claims prior to the Panel's decision on the Transfer Objection. Because the Federal Law Claims could have been brought in the Eastern District Action and the State Law Claims could have been brought in the MDL Action, whichever action reaches final judgment first will have res judicata effect on the claims being asserted against the Eastern District Defendants in the other action, even though the claims are different in the two actions. *See, e.g., Allen et al. v. McCurry*, 449 U.S. 90, 94 (1980) ("Under *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were *or could have been* raised in that action.") (emphasis added). That being the case, there is no reason for the State Law Claims and the Federal Law Claims to be pursued against the Eastern District Defendants simultaneously in two separate courts. Instead, the only reasonable course is for both the State Law Claims and the Federal Law Claims to be stayed until the Panel resolves the Transfer Objection and, presumably, offers guidance as to whether the Eastern District Actions or the MDL Action should take priority in regard to the Eastern District Defendants. As noted at the Conference, such a stay has already been entered in one of the Eastern District Actions. Tr. 40: 22-25. For similar reasons, this Court should leave the January 30 stay in place.

Nor is the solution to stay only the Eastern District Defendants' Dismissal Motions while allowing Google and PointRoll's Dismissal Motions to proceed. First, this course of action would result in waste of judicial resources by requiring this Court to re-adjudicate issues with respect to the Eastern District Defendants that it already would have decided with respect to Google and PointRoll. Moreover, as Your Honor observed at the Conference, it would be improper "to be making a decision [on dismissal] without hearing from everyone on common legal issues," Tr. 29:16-18, and the "primary responsibility" is "to make sure that anyone who will ultimately be a party to this litigation has a fair opportunity to have a say on dispositive matters *at the same time* so that [the Court is issuing] one decision *with everyone participating*...." *Id.* at 24:13-17 (emphasis added). These interests are best served by a stay of all remaining briefing on the Dismissal Motions until it is clear who is participating in this litigation.

> 3. *No Prejudice Will Result From Awaiting The Panel's Decision On The Transfer Objection*

The MDL Plaintiffs will suffer no prejudice from leaving the January 30 Stay in place. Moreover, any delay caused by doing so is ultimately attributable to the MDL Plaintiffs' own choices and actions. The MDL Plaintiffs were aware of their intention to add the Eastern District Defendants as defendants in the MDL Action as long ago as March 22, 2012, when they argued before the Panel for transfer of the Underlying Actions to the District of Delaware: "Employees at [MIG and Vibrant] are sure to be witnesses in the MDL, and *indeed both companies may soon be defendants in their own right*." Response of Plaintiff Matthew Soble in Opposition to Google Inc.'s Motion for Transfer of Actions to the Northern District of California and in Support of Transfer to the District of Delaware, MDL No. 2358, D. I. 23, at 7 (attached as Ex. C) (emphasis added). But the MDL Plaintiffs chose to wait *nine months* before adding the Eastern District

The Honorable Sue L. Robinson
February 6, 2013
Page 5

Defendants to the MDL Action.[1] Moreover, the MDL Plaintiffs chose not to inform the Court of their intention to add the Eastern District Defendants when briefing schedules on the Dismissal Motions were being set. As Your Honor observed, if the MDL Plaintiffs had so advised the Court, Your Honor "may not have set the briefing schedule." *Id.* at 35:18-19. In short, any delay caused by staying the MDL Action while the Panel rules on the Transfer Objection was created by the MDL Plaintiffs' delay in joining the Eastern District Defendants to this action and advising the Court that they planned to do so. Therefore, the consequences of that delay should not be visited upon the Eastern District Defendants by forcing them to submit briefing on Dismissal Motions that this Court may never decide, and to participate in litigation while their status as parties therein is unresolved.

    C.    Conclusion

For the foregoing reasons, as well as those discussed at the Conference, this Court should stay briefing on all pending motions in the MDL Action—including the Dismissal Motions and the Intervention Motions—until the Panel rules on whether the Eastern District Actions will be transferred to this Court.

Respectfully,

/s/ *Rodger D. Smith II*

Rodger D. Smith II (#3778)

Enclosures
6989597.1
cc: Douglas H. Meal and Lisa M. Coyle (counsel for MIG and WPP) (via e-mail)
       Edward P. Boyle (counsel for Vibrant) (via e-mail)
       Alan Charles Raul and Edward McNicholas (counsel for PointRoll) (via-email)
       All Counsel of Record (via ECF)

---

[1] The MDL Plaintiffs' suggestion that they had to wait until filing the CAC to add the Eastern District Defendants, *see* Tr. 28:8-17, is misplaced; they could have easily added the Eastern District Defendants to one or more of the Underlying Actions either by a Rule 15 amendment as of right or by means of a Rule 21 motion.