# RIGRODSKY & LONG, P.A.

*Attorneys at Law*                                                                www.rigrodskylong.com

Seth D. Rigrodsky
Admitted in DE, NY

Brian D. Long
Admitted in DE, PA

Timothy J. MacFall
Admitted in NY

Marc A. Rigrodsky
Admitted in CT, DC

Olga A. Pettigrew
Admitted in NY

Gina M. Serra
Admitted in DE, NJ, PA

February 6, 2013

**Via CM/ECF**
The Honorable Sue L. Robinson
United States District Court for the District of Delaware
844 North King Street, Unit 31
Wilmington, Delaware 19801-3568

    **Re:**    *In re: Google Inc. Cookie Placement Consumer Privacy Litigation*,
                Case No. 1:12-md-02358-SLR (D. Del.)
            *Mazzone v. Vibrant Media Inc.*, Case No 1:12-cv-02672-NGG-JO (E.D.N.Y.)
            *Frohberg v. Media Innovation Group, LLC*, Case No. 1:12-cv-02674-WFK-VMS (E.D.N.Y.)

Dear Judge Robinson:

        Per Your Honor's request at the January 30, 2013 status conference, I write on behalf of plaintiffs Daniel Mazzone and Michelle Kuswanto, who filed a class action complaint against Vibrant Media Inc. ("Vibrant") in the United States District Court for the Eastern District of New York ("EDNY"), No 1:12-cv-02672-NGG-JO, on May 25, 2012, and plaintiffs Michael Frohberg and Andy Wu, who filed a class action complaint against Media Innovation Group, LLC ("MIG") and WPP plc. ("WPP") in the EDNY, No. 1:12-cv-02674-WFK-VMS, that same day (collectively, the "EDNY Cases").[1] On January 17, 2013, after defendants Vibrant, MIG, and WPP were added as defendants to this action (the "Delaware Case") despite already being named as defendants related to the same set of facts in the EDNY Cases, plaintiffs in the EDNY Cases filed motions to intervene in this action. Dkt Nos. 62-65.

## INTRODUCTION

        The EDNY Plaintiffs respectfully submit that the motions to intervene and all motions to dismiss should be stayed pending the JPML's decision or, alternatively, the motions to intervene should be heard now. Once the JPML issues a decision, which the parties hope will occur by May, this Court will have a better idea of which entities will remain parties to this action. The EDNY Plaintiffs believe that it will be a more efficient use of judicial and client resources to wait until this time before further briefing on the merits. If the Court instead permits motion to dismiss briefing to move forward before hearing the motions to intervene, the parties run the risk of: 1) wasting judicial and client resources by briefing motions to dismiss for parties who may not remain defendants in this action, and 2) a prejudice to the EDNY Plaintiffs and the putative

---

[1] EDNY Plaintiffs' counsel also represent plaintiffs in *Carandang v. Google* in California Superior Court, No. CGC-12-518415 (the "Google State Case"). That case was filed on February 21, 2012. Although the EDNY Plaintiffs' counsel happen to be the same counsel as that in the Google State Case, there is no connection between the EDNY Cases and either the Google State Case or the Google and PointRoll defendants in this action.

2 Righter Parkway, Suite 120
Wilmington, Delaware 19803
T 302.295.5310



825 East Gate Boulevard, Suite 300
Garden City, New York 11530
T 516.683.3516

The Hon. Sue L. Robinson  RIGRODSKY&LONG, P.A.
February 6, 2013
Page 2

classes who already have ongoing litigations against Vibrant, MIG, and WPP.  (Because the motions to intervene may be impacted by the JPML decision—in that the decision will determine whether the EDNY Plaintiffs will remain in EDNY and have only certain interests implicated by the Delaware Case, or come before the Delaware court completely—the EDNY Plaintiffs do not object to staying the motion to intervene as well, and believe it is most efficient to stay everything.)

**BACKGROUND**

Timeline of Relevant Events



### The First-Filed *Vibrant* and *MIG* Cases

At the time the EDNY Cases against Vibrant, MIG, and WPP were filed on May 25, 2012, several unrelated cases against Google and PointRoll were pending before the JPML. None of these actions named Vibrant, MIG, or WPP as a party.  The JPML hearing regarding consolidation of the cases against Google and PointRoll was held on May 31, 2012.  MDL Dkt. No. 43, 66.  No party to that hearing mentioned the then-pending EDNY Cases.  *See* MDL Dkt. No. 66 (official hearing transcript).  The JPML issued an order on June 12, 2012, consolidating the various cases against Google and PointRoll in Delaware, as the above-captioned action.

### Delaware Lead Counsel Files Consolidated Complaint that Overlaps with the EDNY Cases

On December 19, 2012, plaintiffs' counsel in the Delaware Case filed a consolidated complaint naming Vibrant, MIG, and WPP (the "New Defendants") as defendants for the first time.  Dkt. No. 46.[2]  By this time, a motion to dismiss had already been fully-briefed in the

---

[2] The Delaware case asserts violations of the Computer Fraud and Abuse Act, Electronic Communications Privacy Act, and Stored Communications Act against Vibrant, MIG, and WPP. The EDNY Cases assert various state claims against those same defendants.  In a somewhat transparent attempt to distinguish their case from the already-existing EDNY Cases, the Delaware case asserts some of the same state claims as those alleged in the EDNY (*e.g.*, invasion of privacy and violation of California Penal Code Section 631), but names only Google for those claims, leaving out the New Defendants.  However, the fact that the defendants and the

The Hon. Sue L. Robinson  RIGRODSKY&LONG, P.A.
February 6, 2013
Page 3

EDNY action against Vibrant and motion to dismiss and opposition briefs had already been completed in the EDNY action against MIG and WPP.[3] Delaware Lead Counsel were aware of the pending litigations in the EDNY and the advanced stage of briefing, and there was no connection between the New Defendants and the defendants in the Delaware Case prior to the filing of the consolidated complaint (*i.e.*, Google and PointRoll).

### The EDNY Plaintiffs Move to Intervene

Upon discovering that the New Defendants had been named in the Delaware Case, the EDNY Plaintiffs filed motions to intervene. Dkt. Nos. 62-65. The EDNY Plaintiffs' goals were to: 1) inform this Court of the pending first-filed litigation already well underway in the EDNY, 2) protect the rights of the plaintiffs and putative classes in the EDNY action, whose interests were implicated when the Delaware Case consolidated complaint was filed asserting claims on behalf of a putative class of plaintiffs that overlaps the preexisting putative classes in the EDNY, and 3) eliminate the risk of wasted judicial resources and conflicting decisions by severing and then transferring, staying, or dismissing the Delaware Action claims against the New Defendants in favor of the already-underway EDNY actions, via severance under Federal Rule of Civil Procedure 21 followed by transfer under 28 U.S.C. § 1404(a) or stay/dismissal under the first-to-file rule.

### The JPML Issues a Conditional Transfer Order

On January 18, 2013, before the motions to intervene could be fully-briefed or heard by this Court, defendants' counsel in the Delaware action filed a notice of potential tag-along action, informing the JPML that the EDNY Cases may be related to the Delaware Case. MDL 2358, Dkt. Nos. 79, 80. On January 23, 2013, the JPML issued a conditional transfer order ("CTO") transferring the EDNY cases to this Court. *Id.* at Dkt. No. 81.

### The EDNY Plaintiffs Oppose the Conditional Transfer Order

The original MDL proceedings before the JPML considered cases that had *only* named Google and PointRoll as defendants. By adding the New Defendants in the Delaware Action, even though those defendants were already subject to ongoing federal litigations in EDNY, the Delaware plaintiffs created the false implication that the EDNY Cases are connected to the Delaware Case. In fact, there is no connection between the EDNY Cases (against Vibrant, MIG, and WPP) and the originally-consolidated proceedings (which involved only unrelated parties, Google and PointRoll).

---

underlying facts are identical, even though the causes of action may be different, renders the claims against Vibrant, MIG, and WPP in the Delaware Case duplicative of the EDNY Cases.

[3] In *Vibrant*, the fully briefed motion to dismiss was filed November 28, 2012, and a surreply was filed December 14, 2012. In *Media Innovation Group*, opening motions had been completed by October 29, 2012, and the fully-briefed motion to dismiss was to be filed on January 21, 2013.

The Hon. Sue L. Robinson  RIGRODSKY&LONG, P.A.
February 6, 2013
Page 4

Delaware Lead Counsel's addition of the New Defendants to their consolidated complaint does not mean that the addition was appropriate or proper, or that other cases naming those defendants should be transferred to, or consolidated before, this Court.[4]  Indeed, Delaware Lead Counsels' attempt to gain control over the well-underway EDNY Cases by adding the New Defendants should be undone by Federal Rule 21, which allows for severance of claims when permissive joinder under Rule 20(a)(2) is not appropriate, as is the case here, where there is no common transaction or occurrence among the defendants.  *See* Fed. R. Civ. P. 20(a)(2), 21; *Norwood Co. v. RLI Ins. Co.*, No. CIV.A. 01-6153, 2002 WL 523946, at *2 (E.D. Pa. Apr. 4, 2002) ("While Rule 21 is silent as to the actual grounds for misjoinder, it is generally accepted that parties are deemed misjoined when they fail to satisfy the preconditions for permissive joinder as set forth in Rule 20(a) … Thus, [plaintiff] must show that its claims arise out of the same series of transactions or occurrences *and* that a question of law or fact common to all joined parties will arise." (citations omitted) (emphasis added); *Sony Electronics, Inc. v. Orion IP, LLC*, C.A. 05-255 (GMS), 2006 WL 680657 (D. Del. Mar. 14, 2006) ("Civil Procedure Rule 21 permits any claim against a party to be severed and proceeded with separately." (citing *Triangle Conduit & Cable Co. v. Nat'l Elec. Prods. Corp.*, 125 F.2d 1008, 1009 (3d Cir. 1942)).

Accordingly, the EDNY Plaintiffs filed a notice of opposition to the CTO.  MDL Dkt. No. 83.  EDNY Plaintiffs' motion to vacate the CTO is due February 12, 2013, and responses are due by March 5, 2013.

## ISSUES PENDING BEFORE THIS COURT

### The Motion to Dismiss Briefing Should Be Stayed Pending a Decision from the JPML

If the motion to dismiss briefing goes forward prior to a decision from the JPML, the parties and the Court run the risk of wasted resources, as the New Defendants may not remain parties to the Delaware action.  The JPML will likely make one of two decisions:

(1)  If the JPML transfers the EDNY Cases to Delaware, a number of procedural hurdles may arise that necessitate postponing briefing of the motion to dismiss.  It will likely be appropriate for a new consolidated, amended complaint to be filed to incorporate the claims against the New Defendants from the EDNY Cases.  Additionally, the EDNY Plaintiffs may oppose post-transfer consolidation in this Court, and/or seek to have their counsel appointed to a leadership counsel position to protect their interests and to have the opportunity to participate in the motion to dismiss briefing and remainder of the litigation.  Accordingly, motion to dismiss briefing will likely need to be postponed, at least with regard to the new claims (from the EDNY action) and New Defendants.

---

[4] In fact, there remains a question as to whether Google and PointRoll should remain parties to the same action.  PointRoll requested via motion that the Court appoint separate lead counsel for that action and require plaintiffs to file a separate consolidated complaint.  Dkt. 35.  The Court denied that motion as premature without prejudice to renew after further development of the record.  Dkt. 44. n.3.  Furthermore, PointRoll attached a set of contracts to its motion to dismiss that it argues reveals that there is no factual overlap between the claims against Google and the claims against PointRoll, calling the purported connection "contrived."  Dkt. 53; Dkt. 54.

The Hon. Sue L. Robinson  RIGRODSKY&LONG, P.A.
February 6, 2013
Page 5

(2) If the JPML does not transfer the EDNY Cases to Delaware, the EDNY Plaintiffs will continue with their motion to intervene as interested parties in the Delaware Case, with the goal of having the claims against the New Defendants severed from the Delaware Case and the resulting, substantially-similar actions stayed/dismissed under the first-filed rule or, alternatively, transferred to the EDNY.

**Alternatively, the Motions to Intervene Should Be Heard Now**

Any motion to dismiss briefing by the New Defendants before a decision on the EDNY Plaintiffs' motions to intervene could be a waste of resources. If the EDNY Plaintiffs are permitted to intervene, they will file motions to sever the claims against the New Defendants. If the EDNY Plaintiffs are successful, any motion to dismiss by the New Defendants would be wasted, as they would no longer be parties to this action.[5]

Allowing motion to dismiss briefing without considering the motions to intervene will prejudice the EDNY Plaintiffs and the EDNY putative classes, which overlap with the classes here. The EDNY Plaintiffs—although members of the classes as newly-defined in the Delaware Case's consolidated complaint—are not adequately represented here. Lead Counsel was appointed in this action pursuant to a court-ordered stipulation that provided that lead counsel would "facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort." Dkt. No. 22. Nevertheless, Lead Counsel filed duplicative actions against the New Defendants, based on factual predicates that are completely distinct from the factual predicate for the claims against Google and PointRoll. The stipulation also provided that Lead Counsel would have sole "authority to speak for all plaintiffs," Dkt. No. 22, but at the time, no plaintiffs were asserting claims against the New Defendants (those plaintiffs were already represented in the EDNY Cases). Neither the Google State Case nor the EDNY Cases were incorporated into or mentioned in this consolidation or stipulation.

**CONCLUSION**

In sum, the EDNY Plaintiffs request that the motion to dismiss briefing be postponed until a decision is issued from the JPML to avoid a waste of resources that may occur in briefing motions to dismiss for parties that may later be removed from this action. Alternatively, the EDNY Plaintiffs request that their motion to intervene be heard now to prevent the case from progressing without allowing them the ability to protect the interests of the putative classes they represent in the EDNY.

---

[5] Plaintiffs do not oppose waiting for a decision by the JPML because, regardless of whether the JPML transfers the EDNY Cases to Delaware, the EDNY Plaintiffs will still be implicated in the Delaware Case and will still seek the relief outlined above (*i.e.*, severance of claims followed by stay/dismissal or transfer). However, if the Court severed the claims against the New Defendants in the Delaware Case and then dismissed, transferred, or stayed the resulting actions *before* a decision by the JPML, the CTO and upcoming motion practice before the JPML would become moot, because the notice of tag-along actions would no longer apply (*i.e.*, the New Defendants would no longer be parties to the Delaware action).

The Hon. Sue L. Robinson					R IGRODSKY & L ONG , P.A.
February 6, 2013
Page 6

                                            Respectfully,

                                            */s/ Brian D. Long*

                                            Brian D. Long (#4347)

cc:	All Counsel of Record (via CM/ECF)