IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE GOOGLE INC. COOKIE PLACEMENT CONSUMER PRIVACY LITIGATION | C.A. 12-MD-2358 (SLR) |
| This Document Relates to: **All Actions** | |

**OPENING BRIEF IN SUPPORT OF MOTION TO CONTINUE STAY
OF BRIEFING OF DEFENDANTS MEDIA INNOVATION GROUP LLC,
WPP PLC, AND VIBRANT MEDIA INC.'S MOTIONS TO DISMISS
THE CONSOLIDATED CLASS ACTION COMPLAINT**

OF COUNSEL:

Douglas H. Meal
Lisa M. Coyle
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, MA  02199-3600
(617) 951-7000
douglas.meal@ropesgray.com
lisa.coyle@ropesgray.com


OF COUNSEL:

Edward P. Boyle
David Cinotti
VENABLE LLP
1270 Avenue of the Americas, 24th Floor
New York, NY  10020
(212) 808-5675
epboyle@venable.com
dncinotti@venable.com


April 9, 2013

MORRIS, NICHOLS, ARSHT &TUNNELL LLP
Rodger D. Smith II (#3778)
Regina S.E. Murphy (#5648)
1201 North Market Street, 18th Floor
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
rsmith@mnat.com
rmurphy@mnat.com

*Counsel for Defendants Media
InnovationGroup, LLC and WPP plc*

RICHARDS, LAYTON & FINGER P.A.
Rudolf Koch (#4947)
920 North King Street
Wilmington, DE  19801
(302) 651-7721
koch@rlf.com

Counsel for Defendant Vibrant Media Inc.

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ......................................................................................................................3

STATEMENT OF FACTS ........................................................................................................4

ARGUMENT .............................................................................................................................7

     I.     Briefing On The EDNY Defendants' Anticipated Dismissal Motions
Should Be Stayed Until The EDNY Defendants' Status As Parties To The
MDL Is Resolved ........................................................................................................5

     II.    Briefing On All Dismissal Motions Should Be Completed Before Any
Dismissal Motions Are Decided ................................................................................6

CONCLUSION ..........................................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Frohberg et al. v. Media Innovation Group LLC, et al.*,
    12-CV-2674 (E.D.N.Y.)...........................................................................................2

*Mazzone et al. v. Vibrant Media Inc.*,
    12-CV-2672 (E.D.N.Y.)...........................................................................................2

OTHER AUTHORITIES

28 U.S.C. § 1407.........................................................................................................4, 5

United States Judicial Panel on Multidistrict Litigation Rule 10.1(b)...........................................4

Defendants Media Innovation Group, LLC ("MIG"), WPP plc ("WPP"), and Vibrant Media Inc. ("Vibrant" and, together with MIG and WPP, the "EDNY Defendants") have moved for an order continuing the Court's February 27, 2013 partial stay of proceedings (D.I. 78) with respect to the Consolidated Class Action Complaint filed in this multi-district litigation (the "MDL") on December 19, 2012 (the "CAC"). This is the EDNY Defendants' Opening Brief in Support of that Motion.

## INTRODUCTION

Although the MDL involves complicated and unusual procedural issues, which are discussed in more detail below, the grounds for the EDNY Defendants' present motion are quite simple. The recent decision by the Judicial Panel on Multidistrict Litigation (the "Panel") demonstrates that the EDNY Defendants' status as parties to the MDL remains uncertain, and will not be definitively resolved until the pending motions to intervene, and the requests therein that this Court dismiss, stay or transfer the claims stated against the EDNY Defendants in the CAC (the "Intervention Motions") are decided. Accordingly, the stay of briefing on the motions to dismiss that the EDNY Defendants expect to file *if but only if* they remain parties to the MDL should be continued pending resolution of the Intervention Motions in order to promote efficiency and save the EDNY Defendants from potentially needless litigation costs associated with briefing motions that may never be heard.

The EDNY Defendants also respectfully request that the Court refrain from deciding the motions to dismiss currently being briefed by Defendants Google, Inc. ("Google") and PointRoll, Inc. ("PointRoll") until either the EDNY Defendants' anticipated dismissal motions are fully briefed or the EDNY Defendants cease to be parties to the MDL so that, as this Court stated, all parties "who will ultimately be a party to this litigation ha[ve] a fair opportunity to have a say on

3

dispositive matters at the same time."   Transcript ("Tr.") of January 30, 2013 Status Conference at 24:13-17 (emphasis added).

## STATEMENT OF FACTS[1]

The EDNY Defendants were sued in the United States District Court for the Eastern District of New York on May 25, 2012 (the "EDNY Actions").[2]  The factual allegations in the EDNY Actions were – like the factual allegations in the MDL – based on certain internet blog posts and news articles published in February 2012 detailing similar alleged practices by four advertising companies of setting cookies on the Safari internet browser.[3]  The complaints in the EDNY Actions asserted claims against the EDNY Defendants only under New York and California state law.

The EDNY Defendants were not named in any of the putative class actions against Google and PointRoll underlying the MDL.  Accordingly, the EDNY Defendants first became parties to the MDL on December 19, 2012, when they were named as defendants in the CAC. The CAC does not assert any of the state law claims asserted against the EDNY Defendants in the EDNY Actions.  Instead, the CAC asserts claims against the EDNY Defendants only under federal law.  *See* CAC ¶¶ 198-227.

On January 16, 2013, in response to the EDNY Defendants being named as defendants in the CAC, the plaintiffs in the EDNY Actions (the "EDNY Plaintiffs") filed the Intervention

---

[1]  A more fulsome description of the procedural background is contained in the EDNY Defendants' letter to the Court, dated February 6, 2013 (the "February 6 Letter").  12-MD-2358 (D. Del.), D.I. 76.

[2]  One complaint was filed against MIG and WPP and a separate complaint was filed against Vibrant.

[3]  *See* CAC  ¶¶ 2-3, 74-78, 12-MD-2358 (D. Del.), D.I. 46; *Frohberg et al. v. Media Innovation Group LLC, et al.*, 12-CV-2674 (E.D.N.Y.), Compl. ¶¶ 1-2, 24-25 (attached as Exhibit A to the February 6 Letter, 12-MD-2358 (D. Del.), D.I. 76); *Mazzone et al. v. Vibrant Media Inc.*, 12-CV-2672 (E.D.N.Y.), Compl. ¶¶ 1-2, 23-26 (attached as Exhibit B to the February 6 Letter, 12-MD-2358 (D. Del.), D.I. 76).

4

Motions, in which they argued that the claims asserted against the EDNY Defendants in the CAC are "inapplicable . . . to [the EDNY Defendants'] alleged conduct." 12-MD-2358 (D. Del.), D.I. 62 at 14-15; D.I. 64 at 15. According to the Intervention Motions, the EDNY Plaintiffs "have no interest in wasting time and resources arguing [that the EDNY Defendants] are liable for violation of inapplicable law," and therefore seek to intervene in this action "with the aim of staying, dismissing, or transferring [the claims asserted against the EDNY Defendants in the CAC]" as having been improperly brought in view of the prior pendency of the EDNY Actions. 12-MD-2358 (D. Del.), D.I. 62 at 16-17; D.I. 64 at 16.

At about the same time as the EDNY Plaintiffs sought to intervene in the MDL, the EDNY Defendants filed a notice with the Panel identifying the EDNY Actions as potential tag-along actions to the MDL, and the Panel issued a Conditional Transfer Order ("CTO") on January 23, 2013, conditionally transferring the EDNY Actions to this Court. MDL No. 2358 (J.P.M.L.), D.I. 81. The EDNY Plaintiffs objected to transfer and filed a motion to vacate the CTO on February 12, 2013 (the "Motion to Vacate"). MDL No. 2358 (J.P.M.L.), D.I. 89. In the Motion to Vacate, the EDNY Plaintiffs argued, in identical fashion to the argument they presented to this Court in the Intervention Motions, that by reason of the prior pendency of the EDNY Actions, the EDNY Defendants had been "improperly joined" in the CAC and "the claims against [them] should not be allowed to progress in connection with [the MDL]." *Id.* at 2.

At a January 30, 2013 status conference (the "Status Conference"), this Court stayed all proceedings – including briefing on the Intervention Motions and all pending and anticipated motions to dismiss – pending the Panel's issuance of a decision on the Motion to Vacate (the "Transfer Decision"). Tr. at 42:1. On February 27, 2013, this Court issued a written order (the "Partial Stay Order") confirming that briefing on the Intervention Motions and the EDNY

5

Defendants' anticipated dismissal motions was stayed pending the issuance of the Transfer Decision.  12-MD-2358 (D. Del.), D.I. 78.  The Partial Stay Order further provided that briefing on Google and PointRoll's dismissal motions, which had already begun, would proceed, but indicated that those motions would not be resolved prior to the issuance of the Transfer Decision. *Id.*  Briefing on Google and PointRoll's dismissal motions is currently scheduled to conclude on April 26, 2013.  12-MD-2358 (D. Del.), D.I. 79 at 2.

On April 5, 2013, the Panel denied the Motion to Vacate and the EDNY Actions were transferred to this Court.  MDL No. 2358 (J.P.M.L.), D.I. 106.  Upon transfer, the EDNY Actions were automatically consolidated with the MDL pursuant to this Court's consolidation order of July 27, 2012.  12-CV-2358 (D. Del.), D.I. 22 at ¶ 2.  Regarding the EDNY Plaintiffs' argument that the EDNY Defendants had been improperly named as defendants in the CAC in view of the prior pendency of the EDNY Actions, the Panel stated that "the transferee judge is best positioned to determine, after considering all arguments of the parties, whether and how the claims against [the EDNY Defendants] should progress in the MDL proceedings."  MDL No. 2358 (J.P.M.L.), D.I. 106, at 1.  The Panel reasoned that it "need not opine about whether the MDL plaintiffs have properly alleged their new claims against the [EDNY D]efendants [because] that is an issue that rests soundly within the discretion of the transferee judge," and observed that "if the transferee judge ultimately decides that the scope of the MDL should not include actions or claims against [the EDNY Defendants] then she can suggest Section 1407 remand of such actions or claims" pursuant to Panel Rule 10.1(b).  *Id.* at 2.

Under the Partial Stay Order, both the Opening Briefs in support of the EDNY Defendants' anticipated dismissal motions and the supplemental briefs on the Intervention Motions are currently due on April 19, 2013.  12-MD-2358 (D. Del.), D.I. 78 at 1-2.  Thus, as

matters now stand, the EDNY Defendants will be required to incur the effort and expense of briefing the EDNY Defendants' anticipated dismissal motions before this Court has ruled on whether the EDNY Defendants were improperly joined in the CAC and the claims stated in the CAC accordingly must be dismissed as to the EDNY Defendants by reason of the prior pendency of the EDNY Actions.

## **ARGUMENT**

### I.    **Briefing On The EDNY Defendants' Anticipated Dismissal Motions Should Be Stayed Until The EDNY Defendants' Status As Parties To The MDL Is Resolved**

As this Court observed at the Status Conference, "it does not make sense for me to make any decisions about any of these motions to dismiss until such time as I know who our players are." Tr. at 36:13-15. At the time of the Status Conference both this Court and counsel for the EDNY Defendants anticipated that the Panel's ruling on the Motion to Vacate would likely resolve whether the EDNY Defendants would remain "players" in the MDL. As events turned out, however, the Panel left it up to this Court to "determine . . . whether and how the claims against [the EDNY Defendants] should progress in [this action]." Thus, even after the Panel's decision on the Motion to Vacate, it is still not clear "who our players are" and, in particular, whether the EDNY Defendants will be part of the MDL. If in ruling on the Intervention Motions this Court "ultimately decides that the scope of [the MDL] should not include [the] claims against [the EDNY Defendants]" and "suggest[s] Section 1407 remand of such . . . claims," any briefing of the EDNY Defendants' anticipated dismissal motions by the EDNY Defendants will have been for naught, and the attorneys' fees incurred by the EDNY Defendants in connection with such briefing will have been wasteful and unnecessary. Accordingly, briefing of the EDNY Defendants' anticipated dismissal motions should not commence until this Court has resolved: (i) the Intervention Motions; and (ii) the EDNY Plaintiffs' request therein that this Court dismiss,

7

stay or transfer the claims asserted against the EDNY Defendants in the CAC as having been improperly filed as a result of the prior pending EDNY Actions.

## II. Briefing On All Dismissal Motions Should Be Completed Before Any Dismissal Motions Are Decided

The EDNY Defendants also respectfully request that, in the event this Court's ruling on the Intervention Motions leaves the EDNY Defendants as parties to the MDL, Google and PointRoll's dismissal motions will not be decided until the EDNY Defendants' anticipated dismissal motions are fully briefed.  The Partial Stay Order states that the Court does "not intend to resolve [Google and PointRoll's dismissal motions] before the [Transfer Decision]," but leaves open the possibility that Google and PointRoll's dismissal motions could be decided after the issuance of the Transfer Decision but before the completion of briefing on the EDNY Defendants' anticipated dismissal motions (in the event the EDNY Defendants remain parties to the MDL and thus file and brief dismissal motions).  12-MD-2358 (D. Del.), D.I. 78, at 2.  As the Court noted at the Status Conference, however, it does not make sense "to be making a decision [on dismissal] without hearing from everyone on common legal issues," Tr. at 29:16-18, and the Court intends "to make sure that anyone who will ultimately be a party to this litigation has a fair opportunity to have a say on dispositive matters *at the same time* so that [the Court is issuing] one decision with everyone participating . . . ."  *Id.* at 24:13-17 (emphasis added).  Accordingly, the EDNY Defendants respectfully request that Google and PointRoll's dismissal motions not be decided until either (i) this Court dismisses, stays or transfers the claims stated against the EDNY Defendants in the CAC as having been improperly asserted in the MDL, as requested by the Intervention Motions, or (ii) the EDNY Defendants' anticipated dismissal motions are fully briefed.

## CONCLUSION

For the foregoing reasons, the EDNY Defendants respectfully request that the Court (i) continue the Partial Stay until the EDNY Defendants' status as parties to the MDL is finally determined, and (ii) allow for completion of briefing on all motions to dismiss before any such motions are decided.

MORRIS, NICHOLS, ARSHT &TUNNELL LLP

*/s/ Regina S.E. Murphy*

_____

Rodger D. Smith II (#3778)
Regina S.E. Murphy (#5648)
1201 North Market Street, 18th Floor
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
rsmith@mnat.com
rmurphy@mnat.com

*Counsel for Defendants Media InnovationGroup, LLC and WPP plc*

OF COUNSEL:

Douglas H. Meal
Lisa M. Coyle
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, MA  02199-3600
(617) 951-7000
douglas.meal@ropesgray.com
lisa.coyle@ropesgray.com

RICHARDS, LAYTON & FINGER P.A.

*/s/ Rudolf Koch*

_____

Rudolf Koch (#4947)
920 North King Street
Wilmington, DE  19801
(302) 651-7721
koch@rlf.com

*Counsel for Defendant Vibrant Media Inc.*

OF COUNSEL:

Edward P. Boyle
David Cinotti
VENABLE LLP
1270 Avenue of the Americas, 24th Floor
New York, NY  10020
(212) 808-5675
epboyle@venable.com
dncinotti@venable.com

April 9, 2013

9

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2013, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on April 9, 2013, upon the following in the manner indicated:

Stephen G. Grygiel, Esquire          *VIA ELECTRONIC MAIL*
KEEFE BARTELS
170 Monmouth Street
Red Bank, NJ  07701
*Interim Lead Counsel for the Putative Plaintiff*
*Class*

Brian Russell Strange, Esquire          *VIA ELECTRONIC MAIL*
STRANGE & CARPENTER
12100 Wilshire Boulevard, Suite 1900
Los Angeles, CA  90025
*Interim Lead Counsel for the Putative Plaintiff*
*Class*

James Frickleton, Esquire          *VIA ELECTRONIC MAIL*
BARTIMUS, FRICKLETON, ROBERTSON
& GORNY-LEAWOOD
11150 Overbrook Road, Suite 200
Leawood, KS  66211
*Interim Lead Counsel for the Putative Plaintiff*
*Class*

Brian D. Long, Esquire          *VIA ELECTRONIC MAIL*
Gina M. Serra, Esquire
RIGRODSKY & LONG, P.A.
2 Righter Parkway, Suite 120
Wilmington, DE  19801
*Council for Proposed Intervening Plaintiffs*
*Daniel Mazzone, Michelle Kuswanto, Michael*
*Frohberg and Andy Wu*

10

Kim Richman, Esquire                                    *VIA ELECTRONIC MAIL*
George Granade, Esquire
REED RICHMAN LLP
875 Avenue of the Americas, 18th Floor
New York, NY  10001
*Council for Proposed Intervening Plaintiffs*
*Daniel Mazzone, Michelle Kuswanto, Michael*
*Frohberg and Andy Wu*

Melissa Clark, Esquire                                  *VIA ELECTRONIC MAIL*
MILBERG LLP
One Penn Plaza
New York, NY  10119
*Council for Proposed Intervening Plaintiffs*
*Daniel Mazzone, Michelle Kuswanto, Michael*
*Frohberg and Andy Wu*

Kelly E. Farnan, Esquire                                *VIA ELECTRONIC MAIL*
Rudolf Koch, Esquire
Travis S. Hunter, Esquire
RICHARDS, LAYTON & FINGER P.A.
920 North King Street
Wilmington, Delaware 19801
*Attorneys for Defendant Vibrant Media Inc.*

Edward P. Boyle, Esquire                                *VIA ELECTRONIC MAIL*
David N. Cinotti, Esquire
Joeann E. Walker, Esquire
VENABLE LLP
1270 Avenue of the Americas, 24th Floor
New York, NY 10020
*Attorneys for Defendant Vibrant Media Inc.*

Anthony J. Weibell, Esquire                             *VIA ELECTRONIC MAIL*
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA  94304-1050
*Attorneys for Defendant Google Inc.*

11

Carol Lynn Thompson, Esquire                                    *VIA ELECTRONIC MAIL*
SIDLEY AUSTIN LLP
555 California Street, 20th Floor
San Francisco, CA  94104
*Attorneys for Defendant Pointroll Inc.*


*/s/ Regina S.E. Murphy*
_____
Regina S.E. Murphy (#5648)