# EXHIBIT C

§ 1030. Fraud and related activity in connection with computers, 18 U.S.C.A. § 1030

18 U.S.C.A. § 1030
UNITED STATES CODE ANNOTATED
TITLE 18. CRIMES AND CRIMINAL PROCEDURE
**PART I—CRIMES**
**CHAPTER 47—FRAUD AND FALSE STATEMENTS**

§ 1030. Fraud and related activity in connection with computers

**(a)** Whoever—
**(1)** having knowingly accessed a computer without authorization or exceeding authorized access, and by means of such conduct having obtained information that has been determined by the United States Government pursuant to an Executive order or statute to require protection against unauthorized disclosure for reasons of national defense or foreign relations, or any restricted data, as defined in paragraph y of section 11 of the Atomic Energy Act of 1954, with reason to believe that such information so obtained could be used to the injury of the United States, or to the advantage of any foreign nation willfully communicates, delivers, transmits, or causes to be communicated, delivered, or transmitted, or attempts to communicate, deliver, transmit or cause to be communicated, delivered, or transmitted the same to any person not entitled to receive it, or willfully retains the same and fails to deliver it to the officer or employee of the United States entitled to receive it;
**(2)** intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains—
**(A)** information contained in a financial record of a financial institution, or of a card issuer as defined in section 1602(n) of title 15, or contained in a file of a consumer reporting agency on a consumer, as such terms are defined in the Fair Credit Reporting Act (15 U.S.C. 1681 et seq.);
**(B)** information from any department or agency of the United States; or
**(C)** information from any protected computer if the conduct involved an interstate or foreign communication;
**(3)** intentionally, without authorization to access any nonpublic computer of a department or agency of the United States, accesses such a computer of that department or agency that is exclusively for the use of the Government of the United States or, in the case of a computer not exclusively for such use, is used by or for the Government of the United States and such conduct affects that use by or for the Government of the United States;
**(4)** knowingly and with intent to defraud, accesses a protected computer without authorization, or exceeds authorized access, and by means of such conduct furthers the intended fraud and obtains anything of value, unless the object of the fraud and the thing obtained consists only of the use of the computer and the value of such use is not more than $5,000 in any 1-year period;
**(5)(A)(i)** knowingly causes the transmission of a program, information, code, or command, and as a result of such conduct, intentionally causes damage without authorization, to a protected computer;
**(ii)** intentionally accesses a protected computer without authorization, and as a result of such conduct, recklessly causes damage; or
**(iii)** intentionally accesses a protected computer without authorization, and as a result of such conduct, causes damage; and
**(B)** by conduct described in clause (i), (ii), or (iii) of subparagraph (A), caused (or, in the case of an attempted offense, would, if completed, have caused)—
**(i)** loss to 1 or more persons during any 1-year period (and, for purposes of an investigation, prosecution, or other proceeding brought by the United States only, loss resulting from a related course of conduct affecting 1 or more other protected computers) aggregating at least $5,000 in value;
**(ii)** the modification or impairment, or potential modification or impairment, of the medical examination, diagnosis, treatment, or care of 1 or more individuals;
**(iii)** physical injury to any person;
**(iv)** a threat to public health or safety; or
**(v)** damage affecting a computer system used by or for a government entity in furtherance of the administration of justice, national defense, or national security;
**(6)** knowingly and with intent to defraud traffics (as defined in section 1029) in any password or similar information through which a computer may be accessed without authorization, if—
**(A)** such trafficking affects interstate or foreign commerce; or

§ 1030. Fraud and related activity in connection with computers, 18 U.S.C.A. § 1030

(B) such computer is used by or for the Government of the United States; [FN1]

(7) with intent to extort from any person any money or other thing of value, transmits in interstate or foreign commerce any communication containing any threat to cause damage to a protected computer;

shall be punished as provided in subsection (c) of this section.

(b) Whoever attempts to commit an offense under subsection (a) of this section shall be punished as provided in subsection (c) of this section.

(c) The punishment for an offense under subsection (a) or (b) of this section is—

(1)(A) a fine under this title or imprisonment for not more than ten years, or both, in the case of an offense under subsection (a)(1) of this section which does not occur after a conviction for another offense under this section, or an attempt to commit an offense punishable under this subparagraph; and

(B) a fine under this title or imprisonment for not more than twenty years, or both, in the case of an offense under subsection (a)(1) of this section which occurs after a conviction for another offense under this section, or an attempt to commit an offense punishable under this subparagraph;

(2)(A) except as provided in subparagraph (B), a fine under this title or imprisonment for not more than one year, or both, in the case of an offense under subsection (a)(2), (a)(3), (a)(5)(A)(iii), or (a)(6) of this section which does not occur after a conviction for another offense under this section, or an attempt to commit an offense punishable under this subparagraph;

(B) a fine under this title or imprisonment for not more than 5 years, or both, in the case of an offense under subsection (a)(2), or an attempt to commit an offense punishable under this subparagraph, if—

(i) the offense was committed for purposes of commercial advantage or private financial gain;

(ii) the offense was committed in furtherance of any criminal or tortious act in violation of the Constitution or laws of the United States or of any State; or

(iii) the value of the information obtained exceeds $5,000; [FN2]

(C) a fine under this title or imprisonment for not more than ten years, or both, in the case of an offense under subsection (a)(2), (a)(3) or (a)(6) of this section which occurs after a conviction for another offense under this section, or an attempt to commit an offense punishable under this subparagraph;

(3)(A) a fine under this title or imprisonment for not more than five years, or both, in the case of an offense under subsection (a)(4) or (a)(7) of this section which does not occur after a conviction for another offense under this section, or an attempt to commit an offense punishable under this subparagraph; and

(B) a fine under this title or imprisonment for not more than ten years, or both, in the case of an offense under subsection (a)(4), (a)(5)(A)(iii), or (a)(7) of this section which occurs after a conviction for another offense under this section, or an attempt to commit an offense punishable under this subparagraph; and

(4)(A) a fine under this title, imprisonment for not more than 10 years, or both, in the case of an offense under subsection (a)(5)(A)(i), or an attempt to commit an offense punishable under that subsection;

(B) a fine under this title, imprisonment for not more than 5 years, or both, in the case of an offense under subsection (a)(5)(A)(ii), or an attempt to commit an offense punishable under that subsection;

(C) a fine under this title, imprisonment for not more than 20 years, or both, in the case of an offense under subsection (a)(5)(A)(i) or (a)(5)(A)(ii), or an attempt to commit an offense punishable under either subsection, that occurs after a conviction for another offense under this section.

(d)(1) The United States Secret Service shall, in addition to any other agency having such authority, have the authority to investigate offenses under this section.

(2) The Federal Bureau of Investigation shall have primary authority to investigate offenses under subsection (a)(1) for any cases involving espionage, foreign counterintelligence, information protected against unauthorized disclosure for reasons of national defense or foreign relations, or Restricted Data (as that term is defined in section 11y of the Atomic Energy Act of 1954 (42 U.S.C. 2014(y)), except for offenses affecting the duties of the United States Secret Service pursuant to section 3056(a) of this title.

(3) Such authority shall be exercised in accordance with an agreement which shall be entered into by the Secretary of the Treasury and the Attorney General.

(e) As used in this section—

(1) the term "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator, or other similar device;

(2) the term "protected computer" means a computer—

(A) exclusively for the use of a financial institution or the United States Government, or, in the case of a computer not

§ 1030. Fraud and related activity in connection with computers, 18 U.S.C.A. § 1030

exclusively for such use, used by or for a financial institution or the United States Government and the conduct constituting the offense affects that use by or for the financial institution or the Government; or

(B) which is used in interstate or foreign commerce or communication, including a computer located outside the United States that is used in a manner that affects interstate or foreign commerce or communication of the United States;

(3) the term "State" includes the District of Columbia, the Commonwealth of Puerto Rico, and any other commonwealth, possession or territory of the United States;

(4) the term "financial institution" means—

(A) an institution with deposits insured by the Federal Deposit Insurance Corporation;

(B) the Federal Reserve or a member of the Federal Reserve including any Federal Reserve Bank;

(C) a credit union with accounts insured by the National Credit Union Administration;

(D) a member of the Federal home loan bank system and any home loan bank;

(E) any institution of the Farm Credit System under the Farm Credit Act of 1971;

(F) a broker-dealer registered with the Securities and Exchange Commission pursuant to section 15 of the Securities Exchange Act of 1934;

(G) the Securities Investor Protection Corporation;

(H) a branch or agency of a foreign bank (as such terms are defined in paragraphs (1) and (3) of section 1(b) of the International Banking Act of 1978); and

(I) an organization operating under section 25 or section 25(a) of the Federal Reserve Act. [FN3]

(5) the term "financial record" means information derived from any record held by a financial institution pertaining to a customer's relationship with the financial institution;

(6) the term "exceeds authorized access" means to access a computer with authorization and to use such access to obtain or alter information in the computer that the accesser is not entitled so to obtain or alter;

(7) the term "department of the United States" means the legislative or judicial branch of the Government or one of the executive departments enumerated in section 101 of title 5;

(8) the term "damage" means any impairment to the integrity or availability of data, a program, a system, or information;

(9) the term "government entity" includes the Government of the United States, any State or political subdivision of the United States, any foreign country, and any state, province, municipality, or other political subdivision of a foreign country;

(10) the term "conviction" shall include a conviction under the law of any State for a crime punishable by imprisonment for more than 1 year, an element of which is unauthorized access, or exceeding authorized access, to a computer;

(11) the term "loss" means any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service; and

(12) the term "person" means any individual, firm, corporation, educational institution, financial institution, governmental entity, or legal or other entity.

(f) This section does not prohibit any lawfully authorized investigative, protective, or intelligence activity of a law enforcement agency of the United States, a State, or a political subdivision of a State, or of an intelligence agency of the United States.

(g) Any person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief. A civil action for a violation of this section may be brought only if the conduct involves 1 of the factors set forth in clause (i), (ii), (iii), (iv), or (v) of subsection (a)(5)(B). Damages for a violation involving only conduct described in subsection (a)(5)(B)(i) are limited to economic damages. No action may be brought under this subsection unless such action is begun within 2 years of the date of the act complained of or the date of the discovery of the damage. No action may be brought under this subsection for the negligent design or manufacture of computer hardware, computer software, or firmware.

(h) The Attorney General and the Secretary of the Treasury shall report to the Congress annually, during the first 3 years following the date of the enactment of this subsection, concerning investigations and prosecutions under subsection (a)(5).

CREDIT(S)

2000 Main Volume

(Added Pub.L. 98-473, Title II, § 2102(a), Oct. 12, 1984, 98 Stat. 2190, and amended Pub.L. 99-474, § 2, Oct. 16, 1986, 100 Stat. 1213; Pub.L. 100-690, Title VII, § 7065, Nov. 18, 1988, 102 Stat. 4404; Pub.L. 101-73, Title IX, § 962(a)(5), Aug. 9, 1989, 103 Stat. 502; Pub.L. 101-647, Title XII, § 1205(e), Title XXV, § 2597(j), Title XXXV, § 3533, Nov. 29, 1990, 104

§ 1030. Fraud and related activity in connection with computers, 18 U.S.C.A. § 1030

Stat. 4831, 4910, 4925; Pub.L. 103-322, Title XXIX, § 290001(b) to (f), Sept. 13, 1994, 108 Stat. 2097-2099; Pub.L. 104-294, Title II, § 201, Title VI, § 604(b)(36), Oct. 11, 1996, 110 Stat. 3491, 3508.)

2001 Pocket Part

(As amended Pub.L. 107-56, Title V, § 506(a), Title VIII, § 814, Oct. 26, 2001, 115 Stat. 366, 382.)

[FN1] So in original. Probably should be followed by "or".

[FN2] So in original. Probably should be followed by "and".

[FN3] So in original. The period probably should be a semicolon.

HISTORICAL AND STATUTORY NOTES

1984 Acts. House Report No. 98-1030 and House Conference Report No. 98-1159, see 1984 U.S. Code Cong. and Adm. News, p. 3182.

1986 Acts. House Report No. 99-797, see 1986 U.S. Code Cong. and Adm. News, p. 6138.

1989 Acts. House Report No. 101-54(Parts I-VII) and House Conference Report No. 101-222, see 1989 Code Cong. and Adm. News, p. 86.

1990 Acts. House Report Nos. 101-681(Parts I and II) and 101-736, Senate Report No. 101-460, and Statement by President, see 1990 U.S. Code Cong. and Adm. News, p. 6472.

1994 Acts. House Report Nos. 103-324 and 103-489, and House Conference Report No. 103-711, see 1994 U.S. Code Cong. and Adm. News, p. 1801.

1996 Acts. House Report No. 104-788, see 1996 U.S. Code Cong. and Adm. News, p. 4021.

Reference to "paragraph y of section 11 of the Atomic Energy Act of 1954", referred to in subsec. (a)(1) is classified to section 2014(y) of Title 42, Public Health and Welfare.

The Fair Credit Reporting Act, referred to in subsec. (a)(2)(A), is Title VI of Pub.L. 90-321 as added by Pub.L. 91-508, Title VI, Oct. 26, 1970, 84 Stat. 1127, which is classified to subchapter III (section 1681 et seq.) of chapter 41 of Title 15, Commerce and Trade.

Section 11y of the Atomic Energy Act of 1954, referred to in subsec. (d)(2), is Aug. 1, 1946, c. 724, Title I, § 11(y), as added Aug. 30, 1954, c. 1073, § 1, 68 Stat. 922, as amended, which is classified to 42 U.S.C.A. § 2014(y).

The Farm Credit Act of 1971, referred to in subsec. (e)(4)(E), is Pub.L. 92-181, Dec. 10, 1971, 85 Stat. 585, as amended, which is classified generally to chapter 23 (section 2001 et seq.) of Title 12, Banks and Banking. For complete classification of this Act to the Code, see Short Title note set out under section 2001 of Title 12 and Tables.

Section 15 of the Securities Exchange Act of 1934, referred to in subsec. (e)(4)(F), is classified to section 78o of Title 15, Commerce and Trade.

Section 1(b) of the International Banking Act of 1978, referred to in subsec. (e)(4)(H), is classified to section 3101 of Title 12, Banks and Banking.

The Federal Reserve Act, referred to in text, is Act Dec. 23, 1913, c. 6, 38 Stat. 251, as amended, which is classified principally to chapter 3 of Title 12, 12 U.S.C.A. § 221 et seq. Section 25 of the Federal Reserve Act, referred to in subsec. (e)(4)(I), is classified to subchapter I of chapter 6 of Title 12, 12 U.S.C.A. § 601 et seq. Section 25(a) of the Federal Reserve Act, which is classified to subchapter II of chapter 6 of Title 12, 12 U.S.C.A. § 611 et seq., was renumbered section 25A by Pub.L. 102-242, Title I, § 142(e)(2), Dec. 10, 1991, 105 Stat. 2281. See Tables and 12 U.S.C.A. § 226 for complete classification.

The date of the enactment of this subsection, referred to in subsec. (h), means the date of the enactment of Pub.L. 103-322, 108 Stat. 1796, which enacted subsec. (h) and was approved Sept. 13, 1994.

2001 Amendments. Subsec. (a)(5). Pub.L. 107-56, § 814(a), inserted "(i)" after "(A)"; redesignated former subpars. (B) and (C) as clauses (ii) and (iii), respectively; added "and" at the end of clause (iii), as so redesignated; and added par. (B)(i) to (v).

Subsec. (a)(7). Pub.L. 107-56, § 814(b), struck out ", firm, association, educational institution, financial institution, government entity, or other legal entity," after "from any person".

Subsec. (c)(2)(A). Pub.L. 107-56, § 814(c)(1)(A), inserted "except as provided in subparagraph (B)," before "a fine"; substituted "(a)(5)(A)(iii)" for "(a)(5)(C)"; and struck out "and" at the end.

Subsec. (c)(2)(B). Pub.L. 107-56, § 814(c)(1)(B), inserted "or an attempt to commit an offense punishable under this subparagraph," after "subsection (a)(2)," in the matter preceding clause (i).

§ 1030. Fraud and related activity in connection with computers, 18 U.S.C.A. § 1030

Subsec. (c)(2)(C). Pub.L. 107-56, § 814(c)(1)(C), struck out "and" at the end.

Subsec. (c)(3)(A). Pub.L. 107-56, § 814(c)(2)(A), substituted "(a)(4) or (a)(7)" for "(a)(4), (a)(5)(A), (a)(5)(B), or (a)(7)".

Subsec. (c)(3)(B). Pub.L. 107-56, § 814(c)(2)(B), substituted "(a)(4), (a)(5)(A)(iii), or (a)(7)" for "(a)(4), (a)(5)(A), (a)(5)(B), (a)(5)(C), or (a)(7)".

Subsec. (c)(4). Pub.L. 107-56, § 814(c)(3), inserted par. (4).

Subsec. (d). Pub.L. 106-56, § 506(a), rewrote subsec. (d), which formerly read:

"The United States Secret Service shall, in addition to any other agency having such authority, have the authority to investigate offenses under subsections (a)(2)(A), (a)(2)(B), (a)(3), (a)(4), (a)(5), and (a)(6) of this section. Such authority of the United States Secret Service shall be exercised in accordance with an agreement which shall be entered into by the Secretary of the Treasury and the Attorney General."

Subsec. (e)(2)(B). Pub.L. 107-56, § 814(d)(1), inserted ", including a computer located outside the United States that is used in a manner that affects interstate or foreign commerce or communication of the United States" after "foreign commerce or communication".

Subsec. (e)(7). Pub.L. 107-56, § 814(d)(2), struck out "and" at the end.

Subsec. (e)(8). Pub.L. 107-56, § 814(d)(3), rewrote par. (8), which formerly read:

"**(8)** the term 'damage' means any impairment to the integrity or availability of data, a program, a system, or information, that—

"**(A)** causes loss aggregating at least $5,000 in value during any 1-year period to one or more individuals;

"**(B)** modifies or impairs, or potentially modifies or impairs, the medical examination, diagnosis, treatment, or care of one or more individuals;

"**(C)** causes physical injury to any person; or

"**(D)** threatens public health or safety; and"

Subsec. (e)(9). Pub.L. 107-56, § 814(d)(4), substituted a semicolon for the period.

§ 1030. Fraud and related activity in connection with computers, 18 U.S.C.A. § 1030

Subsec. (e)(10) to (12). Pub.L. 107-56, § 814(d)(5), inserted pars. (10) to (12).

Subsec. (g). Pub.L. 107-56, § 814(e), substituted "A civil action for a violation of this section may be brought only if the conduct involves 1 of the factors set forth in clause (i), (ii), (iii), (iv), or (v) of subsection (a)(5)(B). Damages for a violation involving only conduct described in subsection (a)(5)(B)(i) are limited to economic damages." for "Damages for violations involving damage as defined in subsection (e)(8)(A) are limited to economic damages." and inserted "No action may be brought under this subsection for the negligent design or manufacture of computer hardware, computer software, or firmware."

1996 Amendments. Subsec. (a)(1). Pub.L. 104-294, § 201(1)(A), amended par. (1) generally. Prior to amendment, par. (1) read as follows: "(1) knowingly accesses a computer without authorization or exceeds authorized access, and by means of such conduct obtains information that has been determined by the United States Government pursuant to an Executive order or statute to require protection against unauthorized disclosure for reasons of national defense or foreign relations, or any restricted data, as defined in paragraph y of section 11 of the Atomic Energy Act of 1954, with the intent or reason to believe that such information so obtained is to be used to the injury of the United States, or to the advantage of any foreign nation;".

Subsec. (a)(2)(A) to (C). Pub.L. 104-294, § 201(1)(B), added subpars. (B) and (C), and designated existing provisions relating to obtaining information contained in financial institution records, or of a card issuer, or contained in a file of a consumer reporting agency on a consumer, as subpar. (A).

Subsec. (a)(3). Pub.L. 104-294, § 201(1)(C), substituted "any nonpublic computer of a department or agency" for "any computer of a department or agency" and "such conduct affects that use by or for the Government of the United States" for "such conduct adversely affects the use of the Government's operation of such computer".

Subsec. (a)(4). Pub.L. 104-294, § 201(1)(D), substituted "accesses a protected computer" for "accesses a Federal interest computer" and inserted, before the semicolon, "and the value of such use is not more than $5,000 in any 1-year period".

Subsec. (a)(5). Pub.L. 104-294, § 201(1)(E), amended par. (5) generally, substituting provisions relating to one who knowingly causes the transmission of a program, information, code, or command, and intentionally causes damage without authorization to a protected computer, or intentionally accesses a protected computer without authorization and recklessly or otherwise causes damage, for provisions relating to one who through means of a computer used in interstate commerce or communications, knowingly causes the transmission of a program, information, code, or command to such computer or systems with the intent to cause damage to or deny usage of such computer or systems, or knowingly and with reckless disregard of a substantial an unjustifiable risk that such transmission will cause damage to or deny usage of such computer or systems, and does cause such damage or denial of usage and such transmission occurs without authorization and causes loss of more than $1,000 to, or impairs medical care of, one or more individuals.

Subsec. (a)(5)(B)(ii)(II)(bb). Pub.L. 104-294, § 604(b)(36)(A), inserted "or" at the end thereof.

§ 1030. Fraud and related activity in connection with computers, 18 U.S.C.A. § 1030

Subsec. (a)(7). Pub.L. 104-294, § 201(1)(G), added par. (7).

Subsec. (c)(1). Pub.L. 104-294, § 201(2)(A), substituted "this section" for "such subsection" wherever appearing.

Subsec. (c)(1)(B). Pub.L. 104-294, § 604(b)(36)(B), struck out "and" which followed the semicolon at the end thereof.

Subsec. (c)(2)(A). Pub.L. 104-294, § 201(2)(B)(i), inserted ", (a)(5)(C)," following "(a)(3)" and substituted "this section" for "such subsection".

Subsec. (c)(2)(B). Pub.L. 104-294, § 201(2)(B)(iii), added subpar. (B). Former subpar. (B) redesignated (C).

Subsec. (c)(2)(C). Pub.L. 104-294, § 201(2)(B)(ii), (iv), redesignated former subpar. (B) as (C), substituted "this section" for "such subsection", and inserted "and" at the end thereof.

Subsec. (c)(3)(A). Pub.L. 104-294, § 201(2)(C)(i), substituted "(a)(4), (a)(5)(A), (a)(5)(B), or (a)(7)" for "(a)(4) or (a)(5)(A)" and "this section" for "such subsection".

Subsec. (c)(3)(B). Pub.L. 104-294, § 201(2)(C)(ii), substituted "(a)(4), (a)(5)(A), (a)(5)(B), (a)(5)(C), or (a)(7)" for "(a)(4) or (a)(5)(A)" and "this section" for "such subsection".

Subsec. (c)(4). Pub.L. 104-294, § 201(2)(D), struck out par. (4) which read as follows: "(4) a fine under this title or imprisonment for not more than 1 year, or both, in the case of an offense under subsection (a)(5)(B)."

Subsec. (d). Pub.L. 104-294, § 201(3), inserted "subsections (a)(2)(A), (a)(2)(B), (a)(3), (a)(4), (a)(5), and (a)(6) of" preceding "this section.".

Subsec. (e)(2). Pub.L. 104-294, § 201(4)(A)(i), substituted "protected computer" for "Federal interest computer".

Subsec. (e)(2)(A). Pub.L. 104-294, § 201(4)(B)(ii), substituted "that use by or for the financial institution or the Government" for "the use of the financial institution's operation or the Government's operation of such computer".

Subsec. (e)(2)(B). Pub.L. 104-294, § 201(4)(A)(iii), amended subpar. (b) generally. Prior to amendment subpar. (B) read as follows: "(B) which is one of two or more computers used in committing the offense, not all of which are located in the same State;".

§ 1030. Fraud and related activity in connection with computers, 18 U.S.C.A. § 1030

Subsec. (e)(8), (9). Pub.L. 104-294, § 201(4)(B) to (D), added pars. (8) and (9).

Subsec. (g). Pub.L. 104-294, § 604(b)(36)(C), substituted "this section" for "the section".

Pub.L. 104-294, § 201(5), deleted ", other than a violation of subsection (a)(5)(B)," which followed "by reason of a violation of the section" and substituted "involving damage as defined in subsection (e)(8)(A)" for "of any subsection other than subsection (a)(5)(A)(ii)(II)(bb) or (a)(5)(B)(ii)(II)(bb)".

Subsec. (h). Pub.L. 104-294, § 604(b)(36)(D), substituted "subsection (a)(5)" for "section 1030(a)(5) of title 18, United States Code".

1994 Amendments. Subsec. (a)(3). Pub.L. 103-322, § 290001(f), substituted "adversely affects" for "affects".

Subsec. (a)(5). Pub.L. 103-322, § 290001(b), completely revised par. (5). Prior to revision par. (5) related only to a person who "intentionally accesses a Federal interest computer without authorization, and by means of one or more of such conduct alters, damages, or destroys any information in any such Federal interest computer, or prevents authorized use of any such computer or information, and thereby causes loss to one or more others of a value aggregating $1,000 or more during any one year period, or modifies or impairs, or potentially modifies or impairs, the medical examination, medical diagnosis, medical treatment, or medical care of one or more individuals".

Subsec. (c)(3)(A). Pub.L. 103-322, § 290001(c)(2), substituted "(a)(5)(A) of this section" for "(a)(5) of this section".

Subsec. (c)(4). Pub.L. 103-322, § 290001(c)(1), (3), (4), added par. (4).

Subsec. (g). Pub.L. 103-322, § 290001(d), added subsec. (g).

Subsec. (h). Pub.L. 103-322, § 290001(e), added subsec. (h).

1990 Amendments. Subsec. (a)(1). Pub.L. 101-647, § 3533, substituted "paragraph y of section 11" for "paragraph r of section 11".

Subsec. (e)(3). Pub.L. 101-647 inserted "commonwealth," before "possession or territory of the United States".

WestlawNext © 2013 Thomson Reuters. No claim to original U.S. Government Works.    6

§ 1030. Fraud and related activity in connection with computers, 18 U.S.C.A. § 1030

Subsec. (e)(4)(H), (I). Pub.L. 101-647, § 2597(j), added subpars. (H) and (I).

1989 Amendments. Subsec. (e)(4)(A). Pub.L. 101-73, § 962(a)(5)(A), substituted "an institution" for "a bank".

Subsec. (e)(4)(C) to (H). Pub.L. 101-73, § 962(a)(5)(B), (C), redesignated former subpars. (D) to (H) as (C) to (G), respectively, and struck out former subpar. (C), which had included within the definition of the term "financial institution" institutions with accounts insured by the Federal Savings and Loan Insurance Corporation.

1988 Amendments. Subsec. (a)(2). Pub.L. 100-690 inserted a comma after "financial institution" and substituted "title 15," for "title 15,,".

1986 Amendments. Subsec. (a)(1). Pub.L. 99-474, § 2(c), substituted "or exceeds authorized access" for "or having accessed a computer with authorization, uses the opportunity such access provides for purposes to which such authorization does not extend".

Subsec. (a)(2). Pub.L. 99-474, § 2(a)(1)-(4), substituted "intentionally" for "knowingly"; struck out "as such terms are defined in the Right to Financial Privacy Act of 1978 (12 U.S.C. 3401 et seq.)," following "financial institution,"; struck out "or" appearing at end of par. (2); and added following "financial institution" the phrase "or of a card issuer as defined in section 1602(n) of title 15,".

Pub.L. 99-474, § 2(c), substituted "or exceeds authorized access" for "or having accessed a computer with authorization, uses the opportunity such access provides for purposes to which such authorization does not extend".

Subsec. (a)(3). Pub.L. 99-474, § 2(b)(1), added par. (3) and struck out former par. (3) provision which read [Whoever—] "knowingly access a computer without authorization, or having accessed a computer with authorization, uses the opportunity such access provides for purposes to which such authorization does not extend, and by means of such conduct knowingly uses, modifies, destroys, or discloses information in, or prevents authorized use of, such computer, if such computer is operated for or on behalf of the Government of the United States and such conduct affects such operation; ", now covered in par. (5).

Subsec. (a)(3) end text. Pub.L. 99-474, § 2(b)(2), struck out following par. (3) sentence reading "It is not an offense under paragraph (2) or (3) of this subsection in the case of a person having accessed a computer with authorization and using the opportunity such access provides for purposes to which such access does not extend, if the using of such opportunity consists only of the use of the computer.", now covered in subsec. (a)(4).

Subsec. (a)(4)-(6). Pub.L. 99-474, § 2(d), added pars. (4) to (6).

§ 1030. Fraud and related activity in connection with computers, 18 U.S.C.A. § 1030

Subsec. (b). Pub.L. 99-474, § 2(e)(1), (2), struck out par. (1) designation and par. (2) provision respecting specific conspiracy offense and prescribing as a fine an amount not greater than the amount provided as the maximum fine for such offense under subsec. (c) or imprisoned not longer than one-half the period provided as the maximum imprisonment for such offense under subsec. (c), or both.

Subsec. (c). Pub.L. 99-474, § 2(f)(9), substituted in opening phrase subsec. "(b)" for "(b)(1)".

Subsec. (c)(1)(A). Pub.L. 99-474, § 2(f)(1), substituted "under this title" for "of not more than the greater of $10,000 or twice the value obtained by the offense".

Subsec. (c)(1)(B). Pub.L. 99-474, § 2(f)(2), substituted "under this title" for "of not more than the greater of $100,000 or twice the value obtained by the offense".

Subsec. (c)(2)(A). Pub.L. 99-474, § 2(f)(3), (4), inserted reference to subsec. (a)(6) and substituted "under this title" for "of not more than the greater of $5,000 or twice the value obtained or loss created by the offense".

Subsec. (c)(2)(B). Pub.L. 99-474, § 2(f)(3), (5)-(7), inserted reference to subsec. (a)(6) and substituted "under this title" for "of not more than the greater of $10,000 or twice the value obtained or loss created by the offense", "not more than" for "not than", and "; and" for the period at end of subpar. (B), respectively.

Subsec. (c)(3). Pub.L. 99-474, § 2(f)(8), added par. (3).

Subsec. (e). Pub.L. 99-474, § 2(g)(1), substituted at end of introductory phrase a one-em dash for the comma.

Subsec. (e)(1). Pub.L. 99-474, § 2(g)(2), (3), aligned so much of the subsec. so that it be cut in two ems and begin as an indented and designated par. (1), and substituted a semicolon for the period at end thereof.

Subsec. (e)(2)-(7). Pub.L. 99-474, § 2(g)(4), added pars. (2) to (7).

Subsec. (f). Pub.L. 99-474, § 2(h), added subsec. (f).

1996 Acts. Amendment by section 604 of Pub.L. 104-294 effective Sept. 13, 1994, see section 604(d) of Pub.L. 104-294, set out as a note under section 13 of this title.

§ 1030. Fraud and related activity in connection with computers, 18 U.S.C.A. § 1030

If any provision of Pub.L. 101-73 or the application thereof to any person or circumstance is held invalid, the remainder of Pub.L. 101-73 and the application of the provision to other persons not similarly situated or to other circumstances not to be affected thereby, see section 1221 of Pub.L. 101-73, set out as a note under section 1811 of Title 12, Banks and Banking.

Section 2103 of Pub.L. 98-473 provided that: "The Attorney General shall report to the Congress annually, during the first three years following the date of the enactment of this joint resolution [Oct. 12, 1984], concerning prosecutions under the sections of title 18 of the United States Code added by this chapter [this section]."

### CROSS REFERENCES

Optional venue for espionage and related offenses on the high seas, see 18 USCA § 3239.

### AMERICAN LAW REPORTS

What constitutes a public record or document within statute making falsification, forgery, mutilation, removal, or other misuse thereof an offense. 75 ALR4th 1067.

### LIBRARY REFERENCES

American Digest System

    Copyrights and Intellectual Property 109.

Encyclopedias

    Copyrights and Intellectual Property, see C.J.S. §§ 104, 108.

Law Review and Journal Commentaries

    Computer crime. Scott Charney & Kent Alexander, 45 Emory L.J. 931 (1996).
    Computer Fraud and Abuse Act of 1986: A measured response to a growing problem. Note, 43 Vand.L.Rev. 453 (1990).
    Computer Fraud and Abuse Act of 1986: The saga continues. John A. Potter, 10 Corp., Finance & Bus.L. Section J. 243 (1987).
    Computer-related crimes. Adam G. Ciongoli, Jennifer A. DeMarrais, and James Wehner, 31 Am.Crim.L.Rev. 425 (1994).
    Embedded alert software: Weapon against piracy or computer abuse? Robert C. Scheinfeld, 216 N.Y.L.J. 1 (Aug. 13, 1996).
    Hacking through the Computer Fraud and Abuse Act. 31 U.C. Davis L.Rev. 283 (1997).
    Regulating internet advertising. Richard Raysman and Peter Brown, 215 N.Y.L.J. 3 (May 14, 1996).
    The 1984 Federal Computer Crime Statute: A partial answer to a pervasive problem. Joseph B. Tompkins, Jr. and Linda A. Mar, 6 Computer/L.J. 459 (1986).
    What victims of computer crime should know and do. Stephen Fishbein, 210 N.Y.L.J. 1 (Nov. 12, 1993).

### NOTES OF DECISIONS

Constitutionality [1]
Intent [3]
Loss or damage [4]
Thing of value [5]

§ 1030. Fraud and related activity in connection with computers, 18 U.S.C.A. § 1030

Unauthorized access or use [2]

[1]. Constitutionality

Fact that computer fraud statute does not have mens rea requirement for damages element of offense does not render such statute unconstitutional. U.S. v. Sablan, C.A.9 (Guam) 1996, 92 F.3d 865.

Exercise of personal jurisdiction over non-resident customers of computer consultant in consultant's suit for breach of contract and violations of computer fraud statute, Racketeer Influenced and Corrupt Organizations Act (RICO) and Georgia Trade Secrets Act comported with fair play and substantial justice; burden on customers in defending suit in another state was minimal in light of modern transit, consultant was resident of forum state and had strong interest in obtaining convenient and effective relief, and forum state had strong interest in protecting residents from misappropriation of computer data, technology and trade secrets. Peridyne Technology Solutions, LLC v. Matheson Fast Freight, Inc., N.D.Ga.2000, 117 F.Supp.2d 1366.

[2]. Unauthorized access or use

Competitor's use of "scraper" computer software program to systematically and rapidly glean prices from tour company's website, in order to allow systematic undercutting of those prices, "exceeded authorized access" within meaning of Computer Fraud and Abuse Act (CFAA), as required to support company's civil enforcement action against competitor and its executives, assuming program's speed and efficiency depended on competitor's executive's breach of broad confidentiality agreement with company, his former employer; executive allegedly used his knowledge of company's proprietary codes to facilitate program's creation, contrary to agreement's prohibition against "use [of] such... information for employee's own benefit or for the benefit of any other person or business entity." EF Cultural Travel BV v. Explorica, Inc., C.A.1 (Mass.) 2001, 274 F.3d 577.

Defendant's transmission of computer "worm" constituted accessing federal interest computer without authorization under statute punishing anyone who intentionally accesses without authorization federal interest computers and damages or prevents authorized use of information in those computers causing loss of $1,000 or more; defendant used computer program that transfers and receives electronic mail and program that permits person to obtain limited information about users of another computer to release "worm" into group of national networks that connected university, governmental, and military computers around the country and use of those features was not in any way related to their intended function. U.S. v. Morris, C.A.2 (N.Y.) 1991, 928 F.2d 504, certiorari denied 112 S.Ct. 72, 502 U.S. 817, 116 L.Ed.2d 46.

Individual who, while residing in Russia, gained root access to business's computers in Connecticut obtained access to business's intangible property, for purposes of Computer Fraud and Abuse Act (CFAA), in Connecticut, even if data was moved from Connecticut computer to computer located in Russia, and thus federal court in Connecticut had subject matter jurisdiction over individual's prosecution. U.S. v. Ivanov, D.Conn.2001, 175 F.Supp.2d 367.

Advertiser violated Computer Fraud and Abuse Act (CFAA) when e-mailers acting as its agent sent unsolicited bulk e-mail (UBE) to customers of internet services provider (ISP); access was not authorized, information was obtained from protected computers, and ISP sustained damages in excess of $5,000 in single year. America Online, Inc. v. National Health Care Discount, Inc., N.D.Iowa 2001, 174 F.Supp.2d 890.

Internet dating service was entitled to temporary restraining order (TRO) prohibiting a former programmer from "hacking" the dating service's website and diverting its clients and users to a porn site; dating service had a likelihood of success on the merits of its claim that former programmer was responsible for alleged violations of the Computer Fraud and Abuse Act, and showed irreparable harm in the damage to the goodwill of its services, while programmer and operator of porn site would suffer no legitimate harm from issuance of TRO nor would the public. YourNetDating, Inc. v. Mitchell, N.D.Ill.2000, 88 F.Supp.2d 870.

Internet site operators' maintenance of membership with Internet service provider in order to use that membership to harvest e-mail addresses of provider's customers and send bulk e-mails to those customers, in violation of provider's terms of service, violated Computer Fraud and Abuse Act, which prohibits individuals from exceeding authorized access. America Online, Inc. v. LCGM, Inc., E.D.Va.1998, 46 F.Supp.2d 444.

§ 1030. Fraud and related activity in connection with computers, 18 U.S.C.A. § 1030

Agency had reasonable cause to believe that employee, who had altered computer contracts, had committed crime, so as to invoke crime provision, even though employee claimed that alterations were not to defraud government, but only to show lack of security safeguards; relevant criminal statute only required proof of use of computer system for any unauthorized purpose. Sawyer v. Department of Air Force, M.S.P.B.1986, 31 M.S.P.R. 193.

3. Intent

Computer fraud statute did not require government to prove that defendant intentionally damaged computer files, but only that defendant intentionally accessed computer without authorization. U.S. v. Sablan, C.A.9 (Guam) 1996, 92 F.3d 865.

Allegation that web site operator intentionally placed "cookies" on visiting users' computers for purpose of monitoring their web activity was sufficient to satisfy scienter element of claim that operator violated statute proscribing intentional computer access without authorization and knowing transmission of program without authorization. In re Intuit Privacy Litigation, C.D.Cal.2001, 138 F.Supp.2d 1272.

4. Loss or damage

Term "individual," as used in statute that prohibits any person from knowingly causing damage, without authorization, to protected computer, and that defines "damage" as any impairment which causes loss aggregating at least $5,000 to one or more individuals, is broad enough to include corporations as well as natural persons; statute criminalizes computer crime that damages natural persons and corporations alike. U.S. v. Middleton, C.A.9 (Cal.) 2000, 231 F.3d 1207.

Statute which punishes anyone who intentionally accesses without authorization federal interest computers and damages or prevents authorized use of information in those computers causing loss of $1,000 or more does not require Government to demonstrate that defendant intentionally prevented authorized use and thereby caused loss. U.S. v. Morris, C.A.2 (N.Y.) 1991, 928 F.2d 504, certiorari denied 112 S.Ct. 72, 502 U.S. 817, 116 L.Ed.2d 46.

Losses suffered by unnamed members of proposed class made up of buyers of allegedly defective computers could not be used to satisfy threshold money damages requirement in Computer Fraud and Abuse Act (CFAA) civil action. Thurmond v. Compaq Computer Corp., E.D.Tex.2001, 171 F.Supp.2d 667.

Each time Internet advertising company placed "cookie" on visiting user's computers for purpose of monitoring his or her web activity constituted separate "act" under Computer Fraud and Abuse Act (CFAA) provision setting $5,000 threshold of damage for individual act in order to state valid cause of action. Chance v. Avenue A, Inc., W.D.Wash.2001, 165 F.Supp.2d 1153.

Employer engaged in self-storage business stated claim against competitor, for alleged damage to its computers arising from competitor's alleged receipt from former employees of trade secret information obtained in violation of Computer Fraud and Abuse Act (CFAA), despite claim that no damage occurred since information remained intact within computers; employer suffered loss in form of expenses incurred in modifying computers to preclude further data transfer. Shurgard Storage Centers, Inc. v. Safeguard Self Storage, Inc., W.D.Wash.2000, 119 F.Supp.2d 1121.

Designer of allegedly defective microcode used in computer floppy-diskette controllers could be held liable, under Computer Fraud and Abuse Act provision prohibiting transmission of code which intentionally causes damage to protected computers, for third party's sales of computers incorporating controllers which contained defective code; designer could have reasonably anticipated such sales. Shaw v. Toshiba America Information Systems, Inc., E.D.Tex.1999, 91 F.Supp.2d 926.

Statute making it an offense to cause damage to a protected computer, by knowingly causing the transmission of a program, information, code, or command, resulting in a specified loss to one or more "individuals," encompasses damage sustained by a business entity as well as by a natural person. U.S. v. Middleton, N.D.Cal.1999, 35 F.Supp.2d 1189.

5. Thing of value

Defendant could not be convicted of computer fraud in connection with his browsing of confidential taxpayer files, even

§ 1030. Fraud and related activity in connection with computers, 18 U.S.C.A. § 1030

though he exceeded authorized access to a federal interest computer, as he did not obtain "anything of value." U.S. v. Czubinski, C.A.1 (Mass.) 1997, 106 F.3d 1069.

Internet service provider (ISP) was provided with something "of value," under Computer Fraud and Abuse Act (CFAA) provision prohibiting receipt of anything "of value" after gaining of access to computer or exceeding authority in furtherance of fraud, when ISP allegedly deprived competitor of subscribers' custom and trade by distributing software program that prohibited or discouraged subscribers' use of competitor's software. In re America Online, Inc., S.D.Fla.2001, 168 F.Supp.2d 1359.

End of Document

© 2013 Thomson Reuters. No claim to original U.S. Government Works.