# EXHIBIT D

# UNITED STATES CODE

## 1982 EDITION

## SUPPLEMENT V

CONTAINING THE GENERAL AND PERMANENT LAWS OF
THE UNITED STATES, ENACTED DURING THE
98TH AND 99TH CONGRESSES AND
100TH CONGRESS, FIRST SESSION

Prepared and published under authority of Title 2, U.S. Code, Section 285b,
by the Office of the Law Revision Counsel of the House of Representatives



JANUARY 15, 1983, TO FEBRUARY 5, 1988

VOLUME TWO

TITLE 11—BANKRUPTCY

TO

TITLE 18—CRIMES AND CRIMINAL PROCEDURE

UNITED STATES
GOVERNMENT PRINTING OFFICE
WASHINGTON : 1988

87-702 O - 89 - 1 Vol. 2

tion which does not occur after a conviction for another offense under either such subsection, or an attempt to commit an offense punishable under this paragraph; and

(3) a fine of not more than the greater of $100,000 or twice the value obtained by the offense or imprisonment for not more than twenty years, or both, in the case of an offense under subsection (a) of this section which occurs after a conviction for another offense under such subsection, or an attempt to commit an offense punishable under this paragraph.

(d) The United States Secret Service shall, in addition to any other agency having such authority, have the authority to investigate offenses under this section. Such authority of the United States Secret Service shall be exercised in accordance with an agreement which shall be entered into by the Secretary of the Treasury and the Attorney General.

(e) As used in this section—

(1) the term "access device" means any card, plate, code, account number, or other means of account access that can be used, alone or in conjunction with another access device, to obtain money, goods, services, or any other thing of value, or that can be used to initiate a transfer of funds (other than a transfer originated solely by paper instrument);

(2) the term "counterfeit access device" means any access device that is counterfeit, fictitious, altered, or forged, or an identifiable component of an access device or a counterfeit access device;

(3) the term "unauthorized access device" means any access device that is lost, stolen, expired, revoked, canceled, or obtained with intent to defraud;

(4) the term "produce" includes design, alter, authenticate, duplicate, or assemble;

(5) the term "traffic" means transfer, or otherwise dispose of, to another, or obtain control of with intent to transfer or dispose of; and

(6) the term "device-making equipment" means any equipment, mechanism, or impression designed or primarily used for making an access device or a counterfeit access device.

(f) This section does not prohibit any lawfully authorized investigative, protective, or intelligence activity of a law enforcement agency of the United States, a State, or a political subdivision of a State, or of an intelligence agency of the United States, or any activity authorized under chapter 224 of this title.

(Added Pub. L. 98-473, title II, § 1602(a), Oct. 12, 1984, 98 Stat. 2183, and amended Pub. L. 99-646, § 44(b), Nov. 10, 1986, 100 Stat. 3601.)

AMENDMENTS

1986—Subsec. (f). Pub. L. 99-646 which directed that subsec. (f) be amended by substituting "chapter 224 of this title" for "title V of the Organized Crime Control Act of 1970 (18 U.S.C. note prec. 3481)" was executed by making the substitution for "title V of the Organized Crime Control Act of 1970) 18 U.S.C. note prec. 3481)" to reflect the probable intent of Congress.

REPORT TO CONGRESS

Section 1603 of chapter XVI (§§ 1601-1603) of title II of Pub. L. 98-473 provided that: "The Attorney General shall report to the Congress annually, during the first three years following the date of the enactment of this joint resolution [Oct. 12, 1984], concerning prosecutions under the section of title 18 of the United States Code added by this chapter [this section]."

SECTION REFERRED TO IN OTHER SECTIONS

This section is referred to in sections 1030, 2516 of this title.

§ 1030. Fraud and related activity in connection with computers

(a) Whoever—

(1) knowingly accesses a computer without authorization or exceeds authorized access, and by means of such conduct obtains information that has been determined by the United States Government pursuant to an Executive order or statute to require protection against unauthorized disclosure for reasons of national defense or foreign relations, or any restricted data, as defined in paragraph r.[1] of section 11 of the Atomic Energy Act of 1954, with the intent or reason to believe that such information so obtained is to be used to the injury of the United States, or to the advantage of any foreign nation;

(2) intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains information contained in a financial record of a financial institution or of a card issuer as defined in section 1602(n) of title 15,,[2] or contained in a file of a consumer reporting agency on a consumer, as such terms are defined in the Fair Credit Reporting Act (15 U.S.C. 1681 et seq.);

(3) intentionally, without authorization to access any computer of a department or agency of the United States, accesses such a computer of that department or agency that is exclusively for the use of the Government of the United States or, in the case of a computer not exclusively for such use, is used by or for the Government of the United States and such conduct affects the use of the Government's operation of such computer;

(4) knowingly and with intent to defraud, accesses a Federal interest computer without authorization, or exceeds authorized access, and by means of such conduct furthers the intended fraud and obtains anything of value, unless the object of the fraud and the thing obtained consists only of the use of the computer;

(5) intentionally accesses a Federal interest computer without authorization, and by means of one or more instances of such conduct alters, damages, or destroys information in any such Federal interest computer, or prevents authorized use of any such computer or information, and thereby—

---

[1] So in original. Probably should be "paragraph y.".
[2] So in original.

(A) causes loss to one or more others of a value aggregating $1,000 or more during any one year period; or

(B) modifies or impairs, or potentially modifies or impairs, the medical examination, medical diagnosis, medical treatment, or medical care of one or more individuals; or

(6) knowingly and with intent to defraud traffics (as defined in section 1029) in any password or similar information through which a computer may be accessed without authorization, if—

(A) such trafficking affects interstate or foreign commerce; or

(B) such computer is used by or for the Government of the United States;

shall be punished as provided in subsection (c) of this section.

(b) Whoever attempts to commit an offense under subsection (a) of this section shall be punished as provided in subsection (c) of this section.

(c) The punishment for an offense under subsection (a) or (b) of this section is—

(1)(A) a fine under this title or imprisonment for not more than ten years, or both, in the case of an offense under subsection (a)(1) of this section which does not occur after a conviction for another offense under such subsection, or an attempt to commit an offense punishable under this subparagraph; and

(B) a fine under this title or imprisonment for not more than twenty years, or both, in the case of an offense under subsection (a)(1) of this section which occurs after a conviction for another offense under such subsection, or an attempt to commit an offense punishable under this subparagraph; and

(2)(A) a fine under this title or imprisonment for not more than one year, or both, in the case of an offense under subsection (a)(2), (a)(3) or (a)(6) of this section which does not occur after a conviction for another offense under such subsection, or an attempt to commit an offense punishable under this subparagraph; and

(B) a fine under this title or imprisonment for not more than ten years, or both, in the case of an offense under subsection (a)(2), (a)(3) or (a)(6) of this section which occurs after a conviction for another offense under such subsection, or an attempt to commit an offense punishable under this subparagraph; and

(3)(A) a fine under this title or imprisonment for not more than five years, or both, in the case of an offense under subsection (a)(4) or (a)(5) of this section which does not occur after a conviction for another offense under such subsection, or an attempt to commit an offense punishable under this subparagraph; and

(B) a fine under this title or imprisonment for not more than ten years, or both, in the case of an offense under subsection (a)(4) or (a)(5) of this section which occurs after a conviction for another offense under such subsection, or an attempt to commit an offense punishable under this subparagraph.

(d) The United States Secret Service shall, in addition to any other agency having such authority, have the authority to investigate offenses under this section. Such authority of the United States Secret Service shall be exercised in accordance with an agreement which shall be entered into by the Secretary of the Treasury and the Attorney General.

(e) As used in this section—

(1) the term "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator, or other similar device;

(2) the term "Federal interest computer" means a computer—

(A) exclusively for the use of a financial institution or the United States Government, or, in the case of a computer not exclusively for such use, used by or for a financial institution or the United States Government and the conduct constituting the offense affects the use of the financial institution's operation or the Government's operation of such computer; or

(B) which is one of two or more computers used in committing the offense, not all of which are located in the same State;

(3) the term "State" includes the District of Columbia, the Commonwealth of Puerto Rico, and any other possession or territory of the United States;

(4) the term "financial institution" means—

(A) a bank with deposits insured by the Federal Deposit Insurance Corporation;

(B) the Federal Reserve or a member of the Federal Reserve including any Federal Reserve Bank;

(C) an institution with accounts insured by the Federal Savings and Loan Insurance Corporation;

(D) a credit union with accounts insured by the National Credit Union Administration;

(E) a member of the Federal home loan bank system and any home loan bank;

(F) any institution of the Farm Credit System under the Farm Credit Act of 1971;

(G) a broker-dealer registered with the Securities and Exchange Commission pursuant to section 15 of the Securities Exchange Act of 1934; and

(H) the Securities Investor Protection Corporation;

(5) the term "financial record" means information derived from any record held by a financial institution pertaining to a customer's relationship with the financial institution;

(6) the term "exceeds authorized access" means to access a computer with authorization and to use such access to obtain or alter information in the computer that the accesser is not entitled so to obtain or alter; and

(7) the term "department of the United States" means the legislative or judicial branch of the Government or one of the executive departments enumerated in section 101 of title 5.

(f) This section does not prohibit any lawfully authorized investigative, protective, or intelligence activity of a law enforcement agency of the United States, a State, or a political subdivision of a State, or of an intelligence agency of the United States.

(Added Pub. L. 98-473, title II, § 2102(a), Oct. 12, 1984, 98 Stat. 2190, and amended Pub. L. 99-474, § 2, Oct. 16, 1986, 100 Stat. 1213.)

REFERENCES IN TEXT

Section 11 of the Atomic Energy Act of 1954, referred to in subsec. (a)(1), is classified to section 2014 of Title 42, The Public Health and Welfare.

The Fair Credit Reporting Act, referred to in subsec. (a)(2), is title VI of Pub. L. 90-321, as added by Pub. L. 91-508, title VI, § 601, Oct. 26, 1970, 84 Stat. 1127, as amended, which is classified generally to subchapter III (§ 1681 et seq.) of chapter 41 of Title 15, Commerce and Trade. For complete classification of this Act to the Code, see Short Title of 1970 Amendment note set out under section 1601 of Title 15 and Tables.

The Farm Credit Act of 1971, referred to in subsec. (e)(4)(F), is Pub. L. 92-181, Dec. 10, 1971, 85 Stat. 583, as amended, which is classified generally to chapter 23 (§ 2001 et seq.) of Title 12, Banks and Banking. For complete classification of this Act to the Code, see Short Title note set out under section 2001 of Title 12 and Tables.

Section 15 of the Securities Exchange Act of 1934, referred to in subsec. (e)(4)(G), is classified to section 78o of Title 15, Commerce and Trade.

AMENDMENTS

1986—Subsec. (a). Pub. L. 99-474, § 2(b)(2), struck out last sentence which read as follows: "It is not an offense under paragraph (2) or (3) of this subsection in the case of a person having accessed a computer with authorization and using the opportunity such access provides for purposes to which such access does not extend, if the using of such opportunity consists only of the use of the computer."

Subsec. (a)(1). Pub. L. 99-474, § 2(c), substituted "or exceeds authorized access" for ", or having accessed a computer with authorization, uses the opportunity such access provides for purposes to which such authorization does not extend".

Subsec. (a)(2). Pub. L. 99-474, § 2(a), (c), substituted "intentionally" for "knowingly", substituted "or exceeds authorized access" for ", or having accessed a computer with authorization, uses the opportunity such access provides for purposes to which such authorization does not extend", struck out "as such terms are defined in the Right to Financial Privacy Act of 1978 (12 U.S.C. 3401 et seq.)," after "financial institution,", inserted "or of a card issuer as defined in section 1602(n) of title 15," and struck out "or" appearing at end.

Subsec. (a)(3). Pub. L. 99-474, § 2(b)(1), amended par. (3) generally. Prior to amendment, par. (3) read as follows: "knowingly accesses a computer without authorization, or having accessed a computer with authorization, uses the opportunity such access provides for purposes to which such authorization does not extend, and by means of such conduct knowingly uses, modifies, destroys, or discloses information in, or prevents authorized use of, such computer, if such computer is operated for or on behalf of the Government of the United States and such conduct affects such operation;".

Subsec. (a)(4) to (6). Pub. L. 99-474, § 2(d), added pars. (4) to (6).

Subsec. (b). Pub. L. 99-474, § 2(e), struck out par. (1) designation and par. (2) which provided a penalty for persons conspiring to commit an offense under subsec. (a).

Subsec. (c). Pub. L. 99-474, § 2(f)(9), substituted "(b)" for "(b)(1)" in introductory text.

Subsec. (c)(1)(A). Pub. L. 99-474, § 2(f)(1), substituted "under this title" for "of not more than the greater of $10,000 or twice the value obtained by the offense".

Subsec. (c)(1)(B). Pub. L. 99-474, § 2(f)(2), substituted "under this title" for "of not more than the greater of $100,000 or twice the value obtained by the offense".

Subsec. (c)(2)(A). Pub. L. 99-474, § 2(f)(3), (4), substituted "under this title" for "of not more than the greater of $5,000 or twice the value obtained or loss created by the offense" and inserted reference to subsec. (a)(6).

Subsec. (c)(2)(B). Pub. L. 99-474, § 2(f)(3), (5)-(7), substituted "under this title" for "of not more than the greater of $10,000 or twice the value obtained or loss created by the offense", "not more than" for "not than", inserted reference to subsec. (a)(6), and substituted "; and" for the period at end of subpar. (B).

Subsec. (c)(3). Pub. L. 99-474, § 2(f)(8), added par. (3).

Subsec. (e). Pub. L. 99-474, § 2(g), substituted a dash for the comma after "As used in this section", realigned remaining portion of subsection, inserted "(1)" before "the term", substituted a semicolon for the period at the end, and added pars. (2) to (7).

Subsec. (f). Pub. L. 99-474, § 2(h), added subsec. (f).

REPORTS TO CONGRESS

Section 2103 of chapter XXI (§§ 2101-2103) of title II of Pub. L. 98-473 provided that: "The Attorney General shall report to the Congress annually, during the first three years following the date of the enactment of this joint resolution [Oct. 12, 1984], concerning prosecutions under the sections [section 1030] of title 18 of the United States Code added by this chapter."

## CHAPTER 51—HOMICIDE

§ 1111. Murder

(a) Murder is the unlawful killing of a human being with malice aforethought. Every murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing; or committed in the perpetration of, or attempt to perpetrate, any arson [1] escape, murder, kidnapping, treason, espionage, sabotage, aggravated sexual abuse or sexual abuse, burglary, or robbery; or perpetrated from a premeditated design unlawfully and maliciously to effect the death of any human being other than him who is killed, is murder in the first degree.

Any other murder is murder in the second degree.

*[See main edition for text of (b)]*

(As amended Oct. 12, 1984, Pub. L. 98-473, title II, § 1004, 98 Stat. 2138; Nov. 10, 1986, Pub. L. 99-646, § 87(c)(4), 100 Stat. 3623; Nov. 14, 1986, Pub. L. 99-654, § 3(a)(4), 100 Stat. 3663.)

AMENDMENTS

1986—Subsec. (a). Pub. L. 99-646 and Pub. L. 99-654 amended subsec. (a) identically, substituting "aggravated sexual abuse or sexual abuse" for ", rape".

---

[1] So in original. Probably should be followed by a comma.