UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE GOOGLE INC. COOKIE PLACEMENT CONSUMER PRIVACY LITIGATION<br><br>This Document Relates to:<br>**All Actions** | C.A. 12-MD-2358 (SLR) |

### DEFENDANTS' JOINT OPPOSITION
### TO PLAINTIFFS' MOTION FOR ORDER REGARDING POWERS AND
### RESPONSIBILITIES OF PLAINTIFFS' APPOINTED COUNSEL

All Defendants in this consolidated multidistrict litigation jointly oppose Plaintiffs' Motion for Order Regarding Powers and Responsibilities of Plaintiffs' Appointed Counsel, which unilaterally seeks to undo a core principle of this Court's existing July 27, 2012 Consolidation Order by stripping Defendants (and the Court) of the right to have Plaintiffs' Lead Counsel vested with sole authority to speak for and bind all plaintiffs. Plaintiffs seek this material change without so much as mentioning that Order's existence or providing any rationale or basis for such a material change to the management of this case. Plaintiffs' Motion and the relief it seeks offends principles of judicial economy and contradicts the Court's existing stipulated Consolidation Order because it would grant to countless individual plaintiffs' attorneys in this MDL the right to submit separate individual briefs, separate individual oral arguments, conduct separate discovery, and disavow any stipulation made by Plaintiffs' Lead Counsel, and would thereby undo the Court's existing appointment of Lead Counsel with authority to "speak for all plaintiffs" and enter into agreements that are "binding on all Plaintiffs." This would wreak havoc and be severely prejudicial to Defendants.

Although Defendants submit that Plaintiffs' motion can and should be denied for the reasons set forth below, in the event that the Court is inclined to entertain Plaintiffs' motion,

1


Defendants request that the Court hold a telephonic conference at which issues raised by Plaintiffs' motion can be addressed.

### *The Existing Consolidation Order Promotes Judicial Economy and Efficiency*

1. The stipulated Consolidation Order that has governed this case since it was entered on July 27, 2012 required the appointment of "Lead Counsel" for Plaintiffs with "authority to speak for all plaintiffs in the consolidated actions in matters regarding pretrial and trial procedure and settlement negotiations." ECF No. 22 ¶ 13.

2. The Consolidation Order also required that "[n]o motion, request for discovery or other pretrial proceedings shall be initiated or filed by any plaintiff except through Lead Counsel." *Id.* ¶ 14.

3. The Order further permitted "Defendants' counsel [to] rely upon all agreements made with Lead Counsel," which agreements must be "binding on all plaintiffs." *Id.* ¶ 16.

4. Following entry of the Consolidation Order, a sharp dispute arose among Plaintiffs' counsel over who should be appointed Lead Counsel. Different factions of Plaintiffs' counsel filed competing motions to be appointed Lead Counsel, each faction criticizing the tactics and qualifications of the other. *See* ECF Nos. 28, 31, 33, 38.

5. In responding to these motions to appoint lead counsel, no defendant endorsed any particular set of counsel, but opposition was made to the appointment of multiple co-Lead Counsel because of the challenges that structure would present to case administration. *See* ECF No. 39. That opposition also noted that "courts have avoided appointing co-lead counsel to prevent the great inefficiency and risk of having multiple decisionmakers." *See id.* (citing cases). Indeed, even at that early juncture in the litigation, Plaintiffs' counsel had already demonstrated their inability to cooperate and resolve differences of opinion. *See, e.g.*, ECF No. 31 at 1, 15-16; ECF No. 33 at 4-5.

6. Ultimately, the Court decided not to appoint multiple co-Lead Counsel from each faction of Plaintiffs' counsel, but instead selected the leadership structure proposed by just one group of counsel that had demonstrated some degree of unity. *See* ECF No. 44

("Appointment Order"). Pursuant to the proposed order submitted by the prevailing group of Plaintiffs' Counsel, the appointed Lead Counsel was "charged with the duties outlined in paragraphs 13-17 of the July 27, 2012 [stipulated Consolidation Order]." ECF No. 27-1 ¶ 6.

7. The delay and litigation that resulted from the dispute between different factions of Plaintiffs' counsel during the appointment of Lead Counsel process demonstrate the necessity of the Court's stipulated Consolidation Order in appointing a small unified panel of Lead Counsel with authority to "speak for all plaintiffs" and to stipulate to agreements that are "binding on all plaintiffs" in this MDL. This case could not reasonably proceed if each individual plaintiff's counsel were to have the right to be heard individually on every point of disagreement with Lead Counsel—in Court, in briefs, and in depositions.[1]

***Plaintiffs' New Proposal Directly Conflicts with the Consolidation Order, Offends Judicial Economy, and Would Severely Prejudice Defendants***

8. Now, more than a year after the Court entered the stipulated Consolidation Order, Plaintiffs unilaterally filed the present motion and proposed order that directly contradict both the Court's existing Consolidation Order and Appointment Order. ECF Nos. 113-114 ("the Motion"). The Motion essentially requests reconsideration of the Court's prior orders but fails to present any facts showing good cause why the prior orders should be reconsidered.

9. In addition to violating the Local Rules,[2] Plaintiffs' Motion provides no basis for the significant modification they seek, and it fails to advise the Court that entry of their

---

[1] The Court will recall the substantial confusion and delay caused in January 2013 by a single dispute between the appointed Lead Counsel and the individual counsel representing plaintiffs in two tag-along actions that were transferred to and consolidated with this MDL, which dispute delayed all progress in this action for several months. *See* ECF Nos. 64, 70, 78, 87. One can only imagine how that confusion and delay would have been multiplied had *all* plaintiffs' counsel been participating, instead of having Lead Counsel authorized to speak for and bind all existing plaintiffs in the MDL.

[2] Plaintiffs' Motion may also be properly dismissed under Civil Local Rule 7.1.1 because the motion is not accompanied "by an averment of counsel for the moving party that a reasonable effort has been made to reach agreement with the opposing party on the matters set forth in the motion." Civil L.R. 7.1.1 ("failure to so aver may result in dismissal of the motion"). Indeed, Plaintiffs made no attempt to confer with Defendants prior to filing the Motion; nor did Plaintiffs give Defendants any advance notice of the Motion.

proposed order would undermine the efficient administration of this MDL by modifying the existing Consolidation Order in material ways.  Plaintiffs do not inform the Court that the order they submit directly contradicts the Consolidation Order in proposing that:

- Counsel for plaintiffs who disagree with lead counsel (or those acting on behalf of lead counsel) or who have individual or divergent positions may present written and oral arguments, conduct examinations of deponents, and otherwise act separately on behalf of their clients as appropriate, provided that in doing so they do not repeat arguments, questions, or actions of lead counsel.

- [Lead Counsel may] conduct settlement negotiations on behalf of plaintiffs, but not enter binding agreements except to the extent expressly authorized.

Plaintiffs' Proposed Order ¶¶ 1(c), 1(i).[3]

10. Plaintiffs' Motion not only contradicts the Court's existing Consolidation Order and undermines the principles of judicial economy on which that Order was based, but it would also be acutely prejudicial to Defendants by allowing each individual Plaintiffs' counsel to inundate Defendants (and the Court) with their own separate arguments, conduct their own separate depositions, or to "otherwise act separately" from Plaintiffs' Lead Counsel anytime these individual counsel purportedly "disagree with lead counsel."  This would make the case unmanageable, and relieve Lead Counsel of their obligation to "speak for all plaintiffs" and be the sole initiator of any "motion, request for discovery or other pretrial proceedings." Plaintiffs' proposal would further permit any individual plaintiff to "hijack" a potential settlement by stripping Defendants of the right to rely on agreements entered into with Lead Counsel.

11. Because Plaintiffs' Motion (i) directly contradicts the Court's existing Consolidation Order that was previously negotiated and stipulated to by all Plaintiffs and entered by the Court, (ii) offends principles of judicial economy, and (iii) is acutely prejudicial to Defendants, the proposal should be rejected and the motion denied.

---

[3] Because these terms directly contradict those found in the governing Consolidation Order negotiated by the parties and entered by the Court over a year ago, it is irrelevant that some may be found in the Manual for Complex Litigation ("MCL").  Indeed, the MCL's form order is itself irrelevant here, as it was designed for the appointment of lead counsel where parties had divergent interests, not the appointment of interim class counsel in a putative class of plaintiffs with identical interests, such as those here.  *See* Manual for Complex Litigation, Fourth, at 246-247, 727, 741-742.

Dated: August 29, 2013          Respectfully submitted,

| | |
|---|---|
| WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br><br>By: /s/ *Michael H. Rubin*<br><br>Colleen Bal, CA Bar No. 167637<br>Michael H. Rubin, CA Bar No. 214636<br>Anthony J Weibell, CA Bar No. 238850<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050<br>Telephone: (650) 493-9300<br>E-mail: cbal@wsgr.com; mrubin@wsgr.com; aweibell@wsgr.com<br><br>*Attorneys for Defendant*<br>GOOGLE INC. | FISH & RICHARDSON P.C.<br><br>By: /s/ *Susan M. Coletti*<br><br>Susan M. Coletti (#4690)<br>222 Delaware Avenue, 17th Floor<br>P.O. Box 1114<br>Wilmington, DE 19899-1114<br>Telephone: (302) 652-5070<br>E-mail: coletti@fr.com<br><br>Alan Charles Raul<br>Edward R. McNicholas<br>SIDLEY AUSTIN LLP<br>1501 K Street, N.W.<br>Washington, D.C. 20005<br>Telephone: (202) 736-8000<br>E-mail: araul@sidley.com; emcnicho@sidley.com<br><br>*Attorneys for Defendant*<br>POINTROLL, INC. |
| RICHARDS, LAYTON & FINGER<br><br>By: /s/ *Rudolf Koch*<br><br>Kelly E. Farnan (#4395)<br>Rudolf Koch (#4947)<br>Travis S. Hunter (#5350)<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br>Telephone: (302) 651-7500<br>farnan@rlf.com; koch@rlf.com; hunter@rlf.com<br><br>Edward P. Boyle<br>David N. Cinotti<br>Joeann E. Walker<br>VENABLE LLP<br>Rockefeller Center<br>1270 Avenue of the Americas<br>New York, NY 10020<br>Telephone: (212) 307-5500<br>E-mail: epboyle@venable.com; dncinotti@venable.com; jewalker@venable.com<br><br>*Attorneys for Defendant*<br>VIBRANT MEDIA INC. | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>By: /s/ *Regina S.E. Murphy*<br><br>Rodger D. Smith II (#3778)<br>Regina S.E. Murphy (#5648)<br>1201 North Market Street, 18th Floor<br>P.O. Box 1347<br>Wilmington, Delaware 19899-1347<br>Telephone: (302) 658-9200<br>E-mail: rsmith@mnat.com; rmurphy@mnat.com<br><br>Douglas H. Meal<br>Lisa M. Coyle<br>ROPES & GRAY LLP<br>Prudential Tower<br>800 Boylston Street<br>Boston, MA 02199-3600<br>Telephone: (617) 951-7000<br>E-mail: douglas.meal@ropesgray.com; Lisa.Coyle@ropesgray.com<br><br>*Attorneys for Defendants*<br>MEDIA INNOVATION GROUP, LLC<br>and WPP PLC |