UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE GOOGLE INC. COOKIE PLACEMENT CONSUMER PRIVACY LITIGATION )))))) | Case No. 12-MD-2358 (SLR) |
| This Document Relates to: ALL ACTIONS )))) | |

**[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

| | |
|---|---|
| **KEEFE BARTELS, LLC** | **STRANGE & CARPENTER** |
| Stephen G. Grygiel (DE Bar ID # 4944) | Brian Russell Strange |
| John E. Keefe, Jr. | Keith Butler |
| Jennifer L. Harwood | David Holop |
| 170 Monmouth St. | 12100 Wilshire Boulevard, Suite 1900 |
| Red Bank, NJ 07701 | Los Angeles, CA 90025 |
| Tel: 732-224-9400 | Tel: 310-207-5055 |
| *sgrygiel@keefbartels.com* | *lacounsel@earthlink.net* |
| *Executive Committee Member* | *Executive Committee Member* |
| **BARTIMUS, FRICKLETON, ROBERTSON & GORNY, P.C.** | **FINGER & SLANINA, LLC** |
| James P. Frickleton | Charles Slanina (DE Bar ID #2011) |
| Mary D. Winter | David L. Finger (DE Bar ID #2556) |
| Stephen M. Gorny | One Commerce Center |
| Edward D. Robertston, Jr. | 1201 N. Orange St., 7th Fl. |
| 11150 Overbrook Road, Suite 200 | Wilmington, DE 19801 |
| Leawood, KS 66211 | (302) 573-2525 |
| Tel: 913-266-2300 | *dfinger@delawgroup.com* |
| *jimf@bflawfirm.com* | |
| *Executive Committee Member* | *Liaison Counsel* |

*Additional Counsel on Signature Page*

WHEREAS, this matter has come before the Court pursuant to Plaintiffs' Motion for Preliminary Approval of Class Action Settlement with Defendant Point Roll, Inc. (the "Motion");

WHEREAS, the Court finds that it has jurisdiction over this action and each of the Parties for purposes of settlement; and

WHEREAS, this Court has considered all of the submissions related to the Motion, and is otherwise fully advised in the premises;

IT IS HEREBY ORDERED THAT:

## I. PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT

1. The terms of the Settlement Agreement between Plaintiffs and Defendant Point Roll, Inc. ("Defendant" or "PointRoll"), dated July 19, 2013 (the "Agreement"), attached as Exhibit A to the Declaration of Brian R. Strange filed in support of the Motion, are hereby preliminarily approved, subject to further consideration thereof at the Final Approval Hearing provided for below.  This Order incorporates herein, and makes a part hereof, the Agreement. Unless otherwise provided herein, the terms defined in the Agreement shall have the same meanings herein.  The Agreement was entered into only after extensive arm's-length negotiation by experienced counsel.  The Court finds that the class settlement embodied in the Agreement (the "Class Settlement") is fair, adequate and reasonable so that Notice of the Class Settlement should be given as provided in Paragraph 7 of this Order.  In making this determination, the Court has considered the current posture of this litigation and the risks and benefits to the Parties involved in both settlement of these claims and continuation of the litigation.

## II. THE CLASS, REPRESENTATIVES, AND CLASS COUNSEL

2. The Settlement Class is defined as follows:

all persons in the United States of America who used the Safari Browser with the Safari Browser cookie setting set, by default or by choice, either to accept cookies from "visited" sites or to block cookies from "third parties and advertisers," and who visited a website containing an advertisement served by PointRoll and, as a result of which, PointRoll set cookies, and includes all persons described in Paragraphs 191 and 192 of the Consolidated Complaint filed December 19, 2012.[1]

3. The Court preliminarily finds that the proposed nationwide Settlement Class meets all the applicable requirements of Federal Rules of Civil Procedure, Rule 23(a) and (b)(2), and hereby certifies the Settlement Class for settlement purposes only. The Court hereby preliminarily finds, in the specific context of the Class Settlement, that

a. <u>Numerosity</u>

The Settlement Class consists of millions of members located throughout the United States, and satisfies the numerosity requirement of Fed. R. Civ. P. 23(a). Joinder of these widely dispersed, numerous Settlement Class Members into one suit would be impracticable.

b. <u>Commonality</u>

Common questions of law and fact, with regard to the alleged activities of PointRoll, exist for each of the Settlement Class Members. These issues are central to this case and are sufficient to establish commonality.

---

[1] Paragraphs 191 and 192 read as follows:

    191. This is a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of a Class of all persons in the United States of America who used the Apple Safari or Microsoft Internet Explorer web browsers and who visited a website from which doubleclick.net (Google's advertising serving service), PointRoll, Vibrant Media, Media Innovation Group, or WPP cookies were deployed as part of a scheme to circumvent the users' browsers' settings to block such cookies and which were thereby used to enable tracking of the class members Internet communications without consent. The Class Period runs from the date Defendants began implementing these circumvention practices until the present (the "Class Period").

    192. Excluded from the Class are Google, PointRoll, Vibrant, Media, WPP, and their officers, directors, employees, affiliates, legal representatives, predecessors, successors and assigns, and any entity in which any of them have a controlling interest, as well as all judicial officers assigned to this case and their immediate families.

c.  Typicality

Plaintiffs' claims in this litigation are typical of the claims of the Settlement Class Members. Therefore, in the context of this settlement, the element of typicality is satisfied.

d.  Adequate Representation

Plaintiffs' interests do not conflict with, and are co-extensive with, those of absent Settlement Class Members. Additionally, this Court recognizes the experience of Class Counsel, Strange & Carpenter, Keefe Bartels, LLC, and Bartimus, Frickleton, Robertson & Gorny, P.C., and finds under Fed. R. Civ. P. 23(g), that the requirement of adequate representation of the Settlement Class Members has been fully met.

e.  Rule 23(b)(2)

As to the injunctive relief provided by the Settlement Agreement, PointRoll has acted on grounds that apply generally to the Settlement Class, so that final injunctive relief is appropriate respecting the Settlement Class as a whole.

4.  The Class Representatives are William Gourley, Jose M. ("Josh") Bermudez, Nicholas Todd Heinrich, and Lynne Krause. Based upon the Court's familiarity with the claims and parties, the Court preliminarily finds that these designated representatives are appropriate representatives for settlement purposes.

5.  The Court further preliminarily finds that the following firms fairly and adequately represent the interests of the Settlement Class and hereby confirms them as Settlement Class Counsel pursuant to Fed. R. Civ. P. 23(g):

Counsel for the Class

**KEEFE BARTELS, LLC**
Stephen G. Grygiel
170 Monmouth St.
Red Bank, NJ 07701
Tel: 732-224-9400
*sgrygiel@keefbartels.com*

**STRANGE & CARPENTER**
Brian Russell Strange
12100 Wilshire Boulevard, Suite 1900
Los Angeles, CA 90025
Tel: 310-207-5055
*lacounsel@earthlink.net*

4

**BARTIMUS, FRICKLETON,
ROBERTSON & GORNY, P.C.**
James P. Frickleton
11150 Overbrook Road, Suite 200
Leawood, KS 66211
Tel: 913-266-2300
*jimf@bflawfirm.com*

6. If the Agreement is not terminated or is not consummated for any reason whatsoever, the certification of the Settlement Class shall be void, and Plaintiffs and PointRoll shall be deemed to have reserved all of their rights as set forth in the Agreement, including but not limited to the issues related to all claims, defenses, and issues under Fed. R. Civ. P. 23.

### III.    NOTICE TO SETTLEMENT CLASS MEMBERS

7. The Court has considered the proposed notices attached to the Declaration of Brian R. Strange in support of the Motion, and finds that the forms, content, and manner of notice proposed by the Parties and approved herein meet the requirements of due process and Fed. R. Civ. P. 23(c) and (e), constitute reasonable, sufficient, and appropriate notice under the circumstances, and satisfy the Constitutional requirements of notice. The Court approves the notices in all respects and orders that notice be given in substantial conformity therewith. The costs of disseminating the notice shall be paid by PointRoll in accordance with the Agreement.

### IV.    NO EXCLUSIONS FROM THE CLASS

8. Because this is an injunctive relief Settlement Class certified under Fed. R. Civ. P. 23(a) and (b)(2), Settlement Class Members shall not have the right to be excluded from the Settlement Class. If this Settlement is finally approved, all Settlement Class Members shall be automatically included in the Settlement Class and shall be bound by all the terms and provisions of the Agreement, the Class Settlement, and the Final Approval Order and Judgment, whether or

not such Settlement Class Member received actual notice or shall have objected to the Class Settlement.

V. **FINAL APPROVAL HEARING**

9. A hearing on final settlement approval (the "Final Approval Hearing") will be held on _____, at _____ before this Court, at the United States District Court for the District of Delaware, 844 North King Street, Wilmington, Delaware 19801, to consider, *inter alia*, the following: (a) the adequacy of the Class Representatives and whether the Settlement Class should be finally certified; (b) the fairness, reasonableness, and adequacy of the Class Settlement; (c) the dismissal with prejudice of the Action as to PointRoll; (d) whether Class Counsel's application for attorneys' fees, expenses, and compensation for the Class Representatives (the "Fee Petition") should be granted; and (e) whether to finally approve the Agreement.

10. On or before _____, Class Counsel shall file with the Court: (i) any memoranda or other materials in support of final approval of the Agreement and Class Settlement; and (ii) any Fee Petition.

11. Any Settlement Class Member may appear at the Final Approval Hearing in person or by counsel and may be heard, to the extent allowed by the Court, either in support of or in opposition to the fairness, reasonableness and adequacy of the Class Settlement, the dismissal with prejudice of PointRoll, the entry of final judgment as to PointRoll, and/or the Fee Petition; provided, however, that no person shall be heard in opposition to the Class Settlement, dismissal and/or entry of final judgment or the Fee Petition, and no papers or briefs submitted by or on behalf of any such person shall be accepted or considered by the Court, unless filed with the Court and served upon counsel listed below in Paragraph 12 on or before _____.

Such person must (a) file with the Clerk of Court a notice of such person's intention to appear as well as a statement that indicates the basis for such person's opposition and any documentation in support of such opposition on or before _____, and (b) serve copies of such notice, statement, and documentation, as well as any other papers or briefs that such person files with the Court, either in person or by mail, upon all counsel listed below in Paragraph 12 on or before _____. Settlement Class Members who object in the manner and by the dates provided herein shall be subject to the jurisdiction of this Court. Settlement Class Members who fail to object in the manner and by the dates provided herein shall be deemed to have waived and shall forever be foreclosed from raising any such objections.

12. Any Settlement Class Member may hire an attorney at his or her or its own expense to appear in the action. Such attorney shall serve a Notice of Appearance on the Counsel listed in Paragraph 12 above by _____, and file it with the Court on or before _____.

13. Counsel for the Parties who must be served with all documentation described above in Paragraph 11 are as follows:

Counsel for the Class:

**KEEFE BARTELS, LLC**
Stephen G. Grygiel
170 Monmouth St.
Red Bank, NJ 07701
Tel: 732-224-9400
*sgrygiel@keefbartels.com*

**BARTIMUS, FRICKLETON, ROBERTSON & GORNY, P.C.**
James P. Frickleton
11150 Overbrook Road, Suite 200
Leawood, KS 66211
Tel: 913-266-2300
*jimf@bflawfirm.com*

**STRANGE & CARPENTER**
Brian Russell Strange
12100 Wilshire Boulevard, Suite 1900
Los Angeles, CA 90025
Tel: 310-207-5055
*lacounsel@earthlink.net*

Counsel for PointRoll:

**SIDLEY AUSTIN LLP**
Alan Charles Raul
Edward R. McNicholas
1501 K Street, NW
Washington, D.C. 20005
Tel: 202-736-8477
*araul@sidley.com*

14. The date and time of the Final Approval Hearing shall be set forth in the Notice, but shall be subject to adjournment by the Court without further notice to the Settlement Class Members other than that which may be posted at the Court, on the Court's website, and/or the website to be established pursuant to the Agreement.

15. All proceedings in this Action with respect to PointRoll are hereby stayed and suspended, pending the Final Approval of the Class Settlement ("Final Approval"), except such proceedings as are provided for in the Agreement, or which may be necessary to implement the terms of the Agreement, the Class Settlement, or this Order.

16. Pending Final Approval, PointRoll may seek an injunction that no Settlement Class Member, either directly, representatively, or in any other capacity, shall commence, continue or prosecute against any Released Party any action or proceeding in any court or tribunal asserting any of the matters, claims, or causes of action that are to be released upon Final Approval pursuant to the Agreement, and Class Counsel and Class Representatives are directed to cooperate, but are not required participate, in PointRoll's efforts to obtain said injunction or injunctions. Upon Final Approval, all Settlement Class Members shall be forever enjoined and barred from asserting any of the matters, claims, or causes of action released pursuant to the Agreement and any such Settlement Class Member shall be deemed to have forever released any

and all such matters, claims, and causes of action as provided for in the Agreement.

## VI. OTHER PROVISIONS

17. In the event the Class Settlement is terminated in accordance with the provisions of the Agreement, the Class Settlement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided in the Agreement, and without prejudice to the status quo ante rights of Plaintiffs and PointRoll.

18. Neither this Order nor the Agreement, nor any documents or statements related thereto, shall constitute any evidence or admission of liability by PointRoll or any Released Party, nor shall any such document or statement be offered in evidence in this or any other proceeding except to consummate or enforce the Agreement or the terms of this Order.

Date: _____                    _____
                                                  Hon. Sue L. Robinson
                                                  United States District Judge