UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE GOOGLE INC. COOKIE PLACEMENT CONSUMER PRIVACY LITIGATION ) ) ) ) ) ) This Document Relates to: ) ALL ACTIONS ) ) | Case No. 12-MD-2358 (SLR) |

**[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT GRANTING AND APPROVING CLASS ACTION SETTLEMENT**

WHEREAS, this matter has come before the Court pursuant to Plaintiffs' Motion for Final Approval of Class Action Settlement with Defendant PointRoll, Inc. (the "Motion");

WHEREAS, the Court finds that it has jurisdiction over this action and each of the Parties for purposes of settlement; and

WHEREAS, the Court has held a Final Fairness Hearing on January 3, 2014; and

WHEREAS, this Court has considered all of the submissions related to the Motion, and is otherwise fully advised in the premises;

IT IS HEREBY ORDERED THAT:

I.   **FINAL APPROVAL OF SETTLEMENT AGREEMENT**

1.   The terms of the Settlement Agreement between Plaintiffs and Defendant PointRoll, Inc. ("Defendant" or "PointRoll"), dated July 19, 2013 (the "Agreement"), attached as Exhibit A to the Declaration of Brian R. Strange filed in support of the Motion for Preliminary Approval, are hereby finally approved. This Order incorporates herein, and makes a part hereof, the Agreement. Unless otherwise provided herein, the terms defined in the Agreement shall have the same meanings herein. The Agreement was entered into only after extensive arm's-length negotiation by experienced counsel. The Court finds that effective Notice of the Proposed

Agreement was given to the class and that the class settlement embodied in the Agreement (the "Class Settlement") is fair, reasonable and adequate.  In making this determination, the Court has considered the current posture of this litigation and the risks and benefits to the Parties involved in both settlement of these claims and continuation of the litigation.

## II.   THE CLASS, REPRESENTATIVES, AND CLASS COUNSEL

2. The Settlement Class is defined as follows:

> All persons in the United States of America who used the Safari Browser with the Safari Browser cookie setting set, by default or by choice, either to accept cookies from "visited" sites or to block cookies from "third parties and advertisers," and who visited a website containing an advertisement served by PointRoll and, as a result of which, PointRoll set cookies, and includes all persons described in Paragraphs 191 and 192 of the Consolidated Complaint filed December 19, 2012.[1]

3. The Court finally finds that the nationwide Settlement Class meets all the applicable requirements of Federal Rules of Civil Procedure, Rule 23(a) and (b)(2), and hereby certifies the Settlement Class.  The Court hereby finds, in the specific context of the Class Settlement, that

   a. <u>Numerosity</u>

---

[1]Paragraphs 191 and 192 read as follows:

   191.     This is a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of a Class of all persons in the United States of America who used the Apple Safari or Microsoft Internet Explorer web browsers and who visited a website from which doubleclick.net (Google's advertising serving service), PointRoll, Vibrant Media, Media Innovation Group, or WPP cookies were deployed as part of a scheme to circumvent the users' browsers' settings to block such cookies and which were thereby used to enable tracking of the class members Internet communications without consent.  The Class Period runs from the date Defendants began implementing these circumvention practices until the present (the "Class Period").

   192.     Excluded from the Class are Google, PointRoll, Vibrant, Media, WPP, and their officers, directors, employees, affiliates, legal representatives, predecessors, successors and assigns, and any entity in which any of them have a controlling interest, as well as all judicial officers assigned to this case and their immediate families.

>The Settlement Class consists of millions of members located throughout the United States, and satisfies the numerosity requirement of Fed. R. Civ. P. 23(a). Joinder of these widely dispersed, numerous Settlement Class Members into one suit would be impracticable.
>
>b. Commonality
>
>Common questions of law and fact, with regard to the alleged activities of PointRoll, exist for each of the Settlement Class Members. These issues are central to this case and are sufficient to establish commonality.
>
>c. Typicality
>
>Plaintiffs' claims in this litigation are typical of the claims of the Settlement Class Members. Therefore, in the context of this settlement, the element of typicality is satisfied.
>
>d. Adequate Representation
>
>Plaintiffs' interests do not conflict with, and are co-extensive with, those of absent Settlement Class Members. Additionally, this Court recognizes the experience of Class Counsel, Strange & Carpenter, Stephen G. Grygiel, and Bartimus, Frickleton, Robertson & Gorny, P.C., and finds under Fed. R. Civ. P. 23(g), that the requirement of adequate representation of the Settlement Class Members has been fully met.
>
>e. Rule 23(b)(2)
>
>As to the injunctive relief provided by the Settlement Agreement, PointRoll has acted on grounds that apply generally to the Settlement Class, so that final injunctive relief is appropriate respecting the Settlement Class as a whole.

4. The Class Representatives are William Gourley, Jose M. ("Josh") Bermudez, Nicholas Todd Heinrich, and Lynne Krause. Based upon the Court's familiarity with the claims and parties, the Court finally finds that these designated representatives are appropriate representatives for settlement purposes and finally appoints them as class representatives.

5. The Court further finds that the following firms fairly and

adequately represent the interests of the Settlement Class and hereby confirms them as Settlement Class Counsel pursuant to Fed. R. Civ. P. 23(g); Strange & Carpenter, Stephen C. Grygiel, and Bartimus, Frickleton, Robertson & Gorny, P.C.

### III. NOTICE TO SETTLEMENT CLASS MEMBERS

6. The Court has considered the notices to Class Members that were made consistent with the Settlement Agreement and the Court's order Preliminarily Approving the settlement, and finds that the forms, content, and manner of notice meet the requirements of due process and Fed. R. Civ. P. 23(c) and (e), constitute reasonable, sufficient, and appropriate notice under the circumstances, and satisfy the Constitutional requirements of notice.

### IV. NO EXCLUSIONS FROM THE CLASS

7. Because this is an injunctive relief Settlement Class certified under Fed. R. Civ. P. 23(a) and (b)(2), Settlement Class Members do not have the right to be excluded from the Settlement Class. All Settlement Class Members are be automatically included in the Settlement Class and are bound by all the terms and provisions of the Agreement, the Class Settlement, and this Final Approval Order and Judgment, whether or not such Settlement Class Member received actual notice or shall have objected to the Class Settlement.

### IT IS SO ORDERED

Date: _____   _____
                                                                        Hon. Sue L. Robinson
                                                                        United States District Judge