UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE GOOGLE INC. COOKIE PLACEMENT CONSUMER PRIVACY LITIGATION<br><br>This Document Relates to:<br>ALL ACTIONS | Case No. 12-MD-2358 (SLR) |

**DECLARATION OF JAMES P. FRICKLETON IN SUPPORT OF CLASS COUNSEL'S APPLICATION FOR ATTORNEYS' FEES, EXPENSES AND AWARD TO THE CLASS REPRESENTATIVES**

I, James P. Frickleton, declare:

**1.** I am an attorney licensed to practice in California and am an officer, director and the managing partner of Bartimus, Frickleton, Robertson & Gorny, P.C..I am one of three court-appointed Executive Committee Members in this case, all of which were also appointed as Settlement Class Counsel on October 2, 2013. Imake this declaration in support of Class Counsel's Application for Attorneys' Fees, Expenses and Award to the Class Representatives ("Fee Petition") and together with the Declarations of Brian Strange and Stephen G.Throughout the negotiations of the settlement with Defendant PointRoll, Inc. ("PointRoll"), the three Executive Committee members shared in the decision-making to ensure the best possible settlement outcome for all Class Members. I am familiar with the facts stated in this declaration based upon my participation in all aspects of the settlement negotiations and discussions. I make this declaration of my own personal knowledge, and if called to testify, I could and would competently testify hereto under oath.

**Cohesive Efforts of Counsel**

**2.** The Declaration of Brian Strange, filed contemporaneously with this Declaration, sets forth in paragraphs 2-7 a detailed explanation of the cohesive efforts of counsel in this case.

1

I have reviewed those statements, completely concur with them and therefore will not repeat them here.

**Settlement Negotiations**

3. The terms of the settlement and substantial benefits to the Settlement Class were agreed upon and finalized before discussion of any amount of attorneys' fees. Brian Strange was the primary communicator with defense counsel but Steve Grygiel and I were also involved in many of those communications. In addition, the members of the Executive Committee were in continuous detailed communication regarding the settlement and also reviewed and helped edit all settlement documents. In paragraphs 8-10 of his declaration, Mr. Strange sets out the detail regarding these negotiations and I concur with those statements.

**Bartimus, Frickleton, Robertson &Gorny's Lodestar**

4. My firm has spent considerable efforts to investigate and prosecute the claims against PointRoll, including 109.2hours of partner and associate time. The attorney hourly rates requested, ranging from $425.00 to $750.00, are entirely reasonable given the skill and experience of the attorneys involved, and the risk and complexity of this litigation.

5. My firm keeps their time on a contemporaneously basis of the work performed. The total number of attorney hours spent by my firm is 109.2 and our total lodestar is $76,072.50. The lodestar figure is based on the ordinary professional billing rate that my law office charges in all cases. Expenses are accounted for and billed separately and are not duplicated in our professional billing rate. Time expended in preparing this Declaration was not included in this request. This time breaks down as follows:

| Task Category | Hours Attributed to PointRoll | Lodestar Attributed to PointRoll |
|---|---|---|
| Case Management/Legal Strategy | 38.8 | $27,037.00 |
| Class Certification | 0 | $0.00 |
| Court Appearances | 17.4 | $11,862.50 |
| Discovery | .2 | $150.00 |
| Investigation | 4.8 | $2,465.50 |
| Pleadings/Legal Research | 39.1 | $27,901.25 |
| Settlement | 8.9 | $6,656.25 |
| **TOTAL:** | **109.2** | **$76,072.50** |

| Name | Hourly Rate | Hours Attributed to PointRoll | Lodestar Attributed to PointRoll |
|---|---|---|---|
| James P. Frickleton | 750.00 | 73.7 | $55,275.00 |
| Edward "Chip" Robertson, Jr. | 750.00 | 9.3 | $6,975.00 |
| Steve Gorny | 650.00 | 1.5 | $975.00 |
| Mary Winter | 550.00 | 18.8 | $10,340.00 |
| Kip Robertson | 425.00 | 5.9 | $2,507.50 |
| **TOTAL:** | | **109.2** | **$76,072.50** |

**Bartimus, Frickleton, Robertson &Gorny's Out-of-Pocket Expenses**

6.     My firm has incurred unreimbursed out-of-pocket expenses in the amount of $4,395.84. These expenses were necessary and reasonably incurred in the prosecution against PointRoll. The actual expenses incurred in the prosecution of this litigation are reflected on the computerized accounting records of my firm. These accounting records are prepared from and based on receipts, check records and other source materials and represent an accurate recordation of the expenses incurred.

| Itemized Expense | Amount |
|---|---|
| Contribution/Assessment | $2,500.00 |
| Photocopies/Scans | $39.18 |
| Court Fees, Filing Fees | $201.25 |
| Computer Research (Legal, Online, etc.) | $530.75 |
| Telephone/Conference Call Charges | $0.00 |
| Postage | $7.67 |

| | |
|---|---|
| Facsimiles | $0.00 |
| Service of Process Fees | $8.75 |
| Travel Non-Local | $1,070.07 |
| Parking | $22.34 |
| Meals | $15.38 |
| **TOTAL:** | **$4,395.84** |

**Lodestar of Plaintiff's Steering Committee**

7.     After the court appointed me and Messrs. Strange and Grygiel as lead counsel, a policy was implemented requiring us and members of the Plaintiff's Steering Committee to report time and expenses on a regular basis.  As a result of that reporting, in addition to the lodestar being reported by lead counsel, the Plaintiff's Steering Committee has spent 348 hours prosecuting the case against Point Roll for a lodestar of $200,193.

**Experienced Class Counsel**

**7.**     I and my firm have handled and taken leadership roles in many large and complex cases including Multi-District Litigation cases.  Our background and experience was previously set forth for the court in my declaration filed with the court in support of our Rule 23(g) Motion for Appointment of counsel.  I incorporate those statements herein.

**8.**     Bartimus, Frickleton, Robertson & Gorny worked diligently on behalf of the Settlement Class Members on acontingency fee basis, and at substantial risk of never being compensated for the hundreds of hours they devoted to this litigation or their out-of-pocket expenses. I believe this settlement is fair and reasonable and in the best interest of the Settlement Class Members.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.Executed this 2$^{nd}$day of December, 2013, at Leawood, Kansas.

/s/ *James P. Frickleton*  
James P. Frickleton  
Bartimus, Frickleton, Robertson & Gorny, P.C.  
11150 Overbrook Rd. Suite 200  
Leawood, KS 66211  
Tel: 913-266-2300  
jimf@bflawfirm.com  

*Executive Committee Member*

5