UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE GOOGLE INC. COOKIE PLACEMENT CONSUMER PRIVACY LITIGATION )))))) | Case No. 12-MD-2358 (SLR) |
| This Document Relates to:<br>ALL ACTIONS )))) | |

**DECLARATION OF BRIAN R. STRANGE IN SUPPORT OF CLASS COUNSEL'S APPLICATION FOR ATTORNEYS' FEES, EXPENSES AND AWARD TO THE CLASS REPRESENTATIVES**

**STEPHEN G. GRYGIEL**
Stephen G. Grygiel (DE Bar ID #4944)
88 East Bergen Place
Red Bank, NJ 07701
Tel:  407-505-9463
sggrygiel@yahoo.com

*Executive Committee Member*

**BARTIMUS, FRICKLETON,
ROBERTSON & GORNY, P.C.**
James P. Frickleton
Mary D. Winter
Stephen M. Gorny
Edward D. Robertston, Jr.
11150 Overbrook Road, Suite 200
Leawood, KS 66211
Tel: 913-266-2300
*jimf@bflawfirm.com*

*Executive Committee Member*

**STRANGE & CARPENTER**
Brian Russell Strange
David Holop
12100 Wilshire Boulevard, Suite 1900
Los Angeles, CA 90025
Tel: 310-207-5055
*lacounsel@earthlink.net*

*Executive Committee Member*

**FINGER & SLANINA, LLC**
Charles Slanina (DE Bar ID #2011)
David L. Finger (DE Bar ID #2556)
One Commerce Center
1201 N. Orange Street, 7th Floor
Wilmington, DE 19801
Tel: 302-573-2525
*dfinger@delawgroup.com*

*Liaison Counsel*

*Additional Counsel on Signature Page*

1

I, Brian R. Strange, declare:

1. I am an attorney licensed to practice in California and am the founding partner of Strange & Carpenter. I am one of three court-appointed Executive Committee Members (including Keefe Bartels, LLC and Bartimus, Frickleton, Robertson & Gorny, P.C.), all of which were also appointed as Settlement Class Counsel on October 2, 2013. I make this declaration in support of Class Counsel's Application for Attorneys' Fees, Expenses and Award to the Class Representatives ("Fee Petition") and together with the Declarations of Stephen G. Grygiel and James P. Frickleton of Bartimus, Frickleton, Robertson & Gorny, P.C. Throughout the negotiations of the settlement with Defendant PointRoll, Inc. ("PointRoll"), Messrs. Grygiel and Frickleton shared in the decision-making to ensure the best possible settlement outcome for all Class Members. The declarations of Messrs. Grygiel and Frickleton more fully discuss the work of their firms related to the settlement with PointRoll. I am familiar with the facts stated in this declaration based upon my participation in all aspects of the settlement negotiations and discussions. I make this declaration of my own personal knowledge, and if called to testify, I could and would competently testify hereto under oath.

**Cohesive Efforts of Counsel**

2. From the beginning of this action, my firm along with the other Members of the Executive Committee, took immediate action to coordinate with other counsel to compose a leadership structure to ensure the efficient and orderly prosecution of this MDL action and provide the best possible strategy and representation for the Plaintiffs and Settlement Class Members. We took the initiative in preparing a proposed application for interim lead counsel, preparing a proposed ESI protocol order and proposed stipulated protective order. We

2

demonstrated the willingness and ability to commit to the MDL action, to efficiently and expeditiously organize and advance the MDL action and coordinate numerous law firms – all of which are essential functions in leading and managing this MDL action.

3. The Executive Committee Members have jointly litigated the MDL action and shared in the decision-making and work performed. Throughout the MDL action, we ensured that the tasks necessary were allocated among the Executive and Plaintiffs' Steering Committees appropriately and were conducted efficiently, without undue duplication of effort, and at minimal expense. We worked and continue to work very efficiently together and complement each other's work and skill-set. Not being paid by the hour, we had and continue to have an incentive to conduct our efforts efficiently. So too, being responsible not to expend funds unnecessarily. My firm's representation was performed purely on a contingency fee basis without any assurance that there would be any recovery of attorneys' fees or expenses.

4. My firm, along with the other Executive Committee Members, and other Plaintiffs' Steering Committee members, performed numerous tasks in litigating the MDL action that benefited all Settlement Class Members covered under the PointRoll settlement. As an Executive Committee Member, I participated in conference calls with the Executive and Plaintiffs' Steering Committees; participated in investigations; analyzed claims and damages; participated in every aspect of the litigation;attended court appearances and participated heavily in the discussions and negotiations that lead to the settlement with PointRoll.

5. As an Executive Committee Member, we coordinated the work of the other lawyers as well as scheduling and participating in conference calls and meetings when necessary. It wasimperative to delegate assignments for each given task to avoid duplicate efforts and to

3

ensure all aspects of the litigation were well covered. It was essential that the firms work closely and efficiently together to achieve success in the litigation and settlement.

6. Through coordinated efforts and participating in assignments effectively, the Executive and Plaintiffs' Steering Committees: responded to PointRoll's combined opposition for appointment of interim class counsel; prepared a consolidated class action complaint; and opposed PointRoll's motion to dismiss. The Committees prepared other documents that related to the litigation and other defendants as a whole, such as a joint proposed agenda for in-person status conference and proposed joint case scheduling order.

7. My firm performed many tasks in prosecuting the claims against PointRoll, including: conducting factual investigations; conducting legal research; researching and analyzing potential claims; performing legal research regarding similar class actions filed; performing an analysis of coordinating numerous cases; reviewing articles; conducting research on PointRoll; and reviewing local rules, among other items. While formal discovery has not yet commenced in this case, the Executive Committee Members have performed a thorough investigation of the technical and factual issues in the case, including engaging and consulting with experts, analyzing the legal claims and defenses in light of the tricky permutations of cyberspace "transit" and "storage," and learning not just the contours but the substance of the rapidly evolving law of the Wiretap Act and Stored Communications Act.

**Settlement Negotiations**

8. The terms of the settlement and substantial benefits to the Settlement Class were agreed upon and finalized before discussion of any amount of attorneys' fees. I was involved in the settlement discussions for approximately 8 months with many back and forth negotiations and discussions. The settlement was reached following extensive good faith arms'-length

negotiations.My firm was abundantly involved in the settlement process including: preparing numerous settlement letters to PointRoll's counsel; numerous discussions, telephone calls and e-mails negotiating the terms of the settlement; reviewing and analyzing PointRoll's settlement offers and proposals; preparing and analyzing Plaintiffs' positions and counter offers; telephone calls with an expert discussing settlement notice; researching potential claim administration firms to handle notice program; reviewing and revising the settlement agreement and supporting settlement documents; reviewing and revising preliminary approval of settlement documents; among other items.

9. The Settlement confers substantial benefits upon the Settlement Class, particularly in light of the costs, uncertainties, delays, and other risks associated with continued litigation, trial, and/or appeal. The Settlement Agreement resulted from, and is the product of, extensive meetings, negotiations, and analysis by knowledgeable and experienced Class Counsel.

10. The Executive Committee Members have responded and continue respond to e-mails and letters fromSettlement Class Members. Class Counsel have received an overwhelmingly positive response to the settlement. Even after the final approval hearing on this settlement, Class Counsel willcontinue to respond to Class Members.

**Strange & Carpenter's Lodestar**

11. My firm has spent considerable efforts to investigate and prosecute the claims against PointRoll, including 296.43 hours of partner, associate and paralegal time. The attorney hourly rates requested, ranging from $325.00 to $797.00, are entirely reasonable given the skill and experience of the attorneys involved, and the risk and complexity of this litigation.

12. My firm keeps their time on a contemporaneously basis of the work performed. The total number of attorney hours spent by my firm is 262.34 and the total number of paralegal

hours is 34.09 and our total lodestar is $169,198.70. The lodestar figure is based on the ordinary professional billing rate that my law office charges in all cases. Expenses are accounted for and billed separately and are not duplicated in our professional billing rate. Time expended in preparing this Declaration was not included in this request. This time breaks down as follows:

| Task Category | Hours Attributed to PointRoll | Lodestar Attributed to PointRoll |
|---|---|---|
| Case Management/Legal Strategy | 73.88 | $43,697.56 |
| Class Certification | .18 | $139.48 |
| Court Appearances | 4.83 | $3,845.53 |
| Discovery | 17.53 | $9,831.03 |
| Investigation | .35 | $194.15 |
| Pleadings/Legal Research | 161.13 | $87,921.00 |
| Settlement | 38.53 | $23,569.95 |
| **TOTAL:** | **296.43** | **$169,198.70** |

| Title | Hours | Total Lodestar |
|---|---|---|
| Partners | 135.45 | $106,992.45 |
| Associates | 126.89 | $53,248.75 |
| Paralegals | 34.09 | $8,957.50 |
| **TOTAL:** | **296.43** | **$169,198.70** |

| Name | Hourly Rate | Hours Attributed to PointRoll | Lodestar Attributed to PointRoll |
|---|---|---|---|
| Brian R. Strange (P) | $797 | 122.10 | $97,313.70 |
| Gretchen Carpenter (P) | $725 | 13.35 | $9,678.75 |
| David Holop (A) | $425 | 116.93 | $49,695.25 |
| John Ceglia (A) | $375 | 5.88 | $2,205.00 |
| John Kristensen (A) | $550 | .05 | $27.50 |
| Keith Butler (A) | $550 | .05 | $27.50 |
| Adrian Bacon (A) | $325 | 3.98 | $1,293.50 |
| Jill Hood (PL) | $280 | 21.03 | $5,888.40 |
| Carlo Aguilar (PL) | $235 | 8.78 | $2,063.30 |
| Greg Tatum (PL) | $235 | 4.28 | $1,005.80 |
| **TOTAL:** | | **296.43** | **$169,198.70** |

**Strange & Carpenter's Out-of-Pocket Expenses**

13. My firm has incurred unreimbursed out-of-pocket expenses in the amount of $5,275.59. These expenses were necessary and reasonably incurred in the prosecution against PointRoll. The actual expenses incurred in the prosecution of this litigation are reflected on the computerized accounting records of my firm. These accounting records are prepared from and based on receipts, check records and other source materials and represent an accurate recordation of the expenses incurred.

| Itemized Expense | Amount |
|---|---:|
| Contribution/Assessment | $2,500 |
| Photocopies/Scans | 60.19 |
| Court Fees, Filing Fees | 87.50 |
| Computer Research (Legal, Online, etc.) | 273.99 |
| Telephone/Conference Call Charges | 181.95 |
| Postage | 77.19 |
| Facsimiles | 4.25 |
| Service of Process Fees | 138.74 |
| Travel Non-Local | 1,657.47 |
| Parking | 22.58 |
| Meals | 271.73 |
| **TOTAL:** | **$5,275.59** |

**Cost Litigation Fund Expenses**

14. My firm, along with the Executive Committee Members and certain Plaintiffs' Steering Committee Members, contributed to a separate Cost Litigation Fund to pay for certain expenses, such as consultants and experts. My firm has spent time handling this separate Cost Litigation Fund, reviewing invoices for professional services related to PointRoll and processing payments.

| Itemized Expense | Amount |
|---|---:|
| Payment to expert/consultant for evaluation of consolidated class action complaint | $843.75 |
| Payment to expert/consultant for evaluation of consolidated class complaint and motion to dismiss | $2,093.75 |
| Payment to expert/consultant to evaluate settlement | $1,950.00 |
| **TOTAL:** | **$4,887.50** |

**Experienced Class Counsel**

15. I have taken a leadership role in numerous large and complex multidistrict litigations and class actions, and have achieved extraordinary results for clients and class members. For example, my trial victories include a $160 million judgment against the principals of an investment scam in a case tried in Los Angeles Superior Court in 1991; a $21 million punitive damage verdict against First State Insurance Company, reportedly one of the largest punitive damage verdicts in California in 1993; and the first punitive damage verdict in 17 years in a courtroom in Santa Barbara on behalf of a homeless family in 1993. Over the past 30 years participating in complex cases, I have been involved in noted mass disaster cases, such as the MGM Grand Hotel fire litigation; the "Crandall" gem case; the San Juan Dupont Plaza Hotel fire litigation in Puerto Rico; litigation arising out of the Iran-Contra scandal; and numerous national class actions. Since 2000, I have acted as lead counsel in several class action cases with settlements obtained in excess of $500 million, including settlements with the nation's largest corporations, and has successfully concluded settlements for class members in excess of $100 million in the last few years. I have been involved in cases at the forefront of Internet law in the last few years and has been lead counsel in numerous class actions related to credit cards and online issues, including against the nation's largest banks, telephone companies, and pharmaceutical companies. I was designated as a Southern California Super Lawyer in 2010, 2011, 2012, 2013, and 2014. Strange & Carpenter has been named for Class Action Practice by U.S. News – Best Lawyers® "Best Law Firms" in 2014.

Representative Matters

- *In re Sony Gaming Networks & Customer Data Security Breach Litigation*, MDL No. 2258. I was appointed to the Plaintiffs' Steering Committee by the Honorable Anthony J.

Battaglia. The case is pending in the Southern District of California.

- <u>In re Polyurethane Foam Antitrust Litigation</u>, MDL No. 2196. I was approved by the Honorable Jack Zouhary to serve on the Plaintiffs' Executive Committee in a multidistrict antitrust litigation involving allegations of price fixing in the sale of polyurethane foam. The case is pending in the Northern District of Ohio and is considered one of the nation's largest antitrust cases in the last decade.

- *In re Payment Card Interchange Fee & Merchant Discount Antitrust Litigation*, MDL No. 1720. I represent and advise clients seeking non-class recoveries from payment card networks and their member banks based on allegations of anticompetitive conduct in the payment card industry.

- *Kickflip v. Facebook*. I represent a virtual-currency service provider in a case involving allegations of monopolization and tying against Facebook.

- *Toyota Motor Cases*, J.C.C.P. 4621. I was appointed Co-Lead Class Counsel by Los Angeles Superior Court Judge Anthony Mohr in this California state coordinated proceeding involving allegations of unintended acceleration in Toyota vehicles.

- *Hall, et al. v. AT&T Mobility LLC f/k/a Cingular Wireless LLC, et al.*, Case No. 07-05325. I served as lead Class Counsel in a nationwide settlement against AT&T Mobility LLC regarding flat-rate early termination fees for mobile phones. The case was venued in the District of New Jersey.

- *Simonet, et al. v. GlaxoSmithKline, et al.,* Case No. 06-1230. I served as lead counsel in this case involving the anti-depressant drug Paxil. The case was venued in the District of Puerto Rico.

Representative Publications

• Privacy: Is it Legal "Tracking" or an Illegal Wiretap? (Advocate, July 2012)

• Into the Breach—Plaintiffs have been Increasingly Successful in Gaining Injunctive Relief for Online Security Breaches (Los Angeles Lawyer, February 2012)

• Competition Law Damage Recovery Actions: A Status Report on Europe and the United Kingdom (American Bar Association, November 2012)

• Municipalities: Welcome to the Antitrust Restraints of the Free Market (Century City Bar Journal, Spring 1982)

Representative Speaking Engagements

I have lectured on class actions before various organizations, including the California State Bar, the Practicing Law Institute, and various consumer attorney organizations. In March 2012, I was a speaker at the International Seminar on Consumer Litigation in Japan, the United States, and China, in Tokyo. That seminar was held jointly by the Japan Federation of Bar Associations and the American Bar Association and involved legal experts from these three countries focusing on recent trends and issues in class-action consumer lawsuits and cross-border consumer litigation in their respective countries.

16. Strange & Carpenter worked diligently on behalf of the Settlement Class Members on acontingency fee basis for approximately 8 months, and at substantial risk of never being compensated for the hundreds of hours they devoted to this litigation or their out-of-pocket expenses. I believe this settlement is fair and reasonable and in the best interest of the Settlement Class Members.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 2nd day of December, 2013, at Los Angeles, California.

       /s/  Brian R. Strange
Brian R. Strange
**STRANGE & CARPENTER**
12100 Wilshire Blvd., Suite 1900
Los Angeles, CA 90025
Tel: 310-207-5055
*lacounsel@earthlink.net*

*Executive Committee Member*