UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

IN RE GOOGLE INC. COOKIE PLACEMENT
CONSUMER PRIVACY LITIGATION
This Document Relates To: All Actions

C.A. No. 12-MD-02358 (SLR)

**OBJECTING PLAINTIFF'S OPPOSITION TO CLASS PLAINTIFFS' MOTION FOR APPROVAL OF PROPOSED CLASS SETTLEMENT and DEMAND TO OPT OUT**

Prescott Lovern, Sr. (Lovern) <u>temporarily</u> subjects himself to this Court's jurisdiction to determine if in fact this Court has jurisdiction over him in conjunction with the proposed and temporarily approved class settlement against Defendant PointRoll, Inc. (PointRoll). Lovern, timely filed a Notice of Appearance to object to the proposed settlement by class counsel. This motion is Lovern's timely filed opposition to class counsel's motion for final approval of the settlement. Lovern did not receive Notice by any court approved means.

**ARGUMENT**

**I. APPLICABLE STANDARDS**

Preliminary approval cannot be granted if the proposal has "obvious deficiencies, improperly grant[s] preferential treatment to class representatives or segments of the class, or does not fall within the range of possible approval. On preliminary approval, the Court maintains "its duty to make an independent and rigorous analysis of the settlement terms." ("Rule 23 must be rigorously applied even at this 'preliminary' stage."). As the Supreme Court observed, class actions poised for settlement "demand undiluted, even heightened, attention" and the "safeguards

provided by the Rule 23(a) and (b) class-qualifying criteria . . . serve to inhibit appraisals of the chancellor's foot kind – class certifications dependent upon the court's gestalt judgment or overarching impression of the settlement's fairness." *Amchem Prods. v. Windsor*, 521 U.S. 591, 620, 621 (1997). This is all the more critical where the proposed settlement class is mandatory. *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 849 (1999). Here, the proposed settlement suffers from "obvious deficiencies."

## II. THE RELEASE VIOLATES THE DUE PROCESS RIGHTS OF THE PUTATIVE CLASS

Class counsel filed this case as a Rule 23a / (b)(3) case. [Document 46 Filed 12/19/12 Page 55 of 79, Page ID #: 719, Amended Complaint]. Rule 23 has an essential due process Component on behalf of the absent class members. The breathtaking scope of the release considerably magnifies the due process rights of the (b)(3) class in this case. The familiar elements of Rule 23 of the Federal Rules of Civil Procedure—that a plaintiff must satisfy the preliminary requirements of Rule 23(a) (numerosity, commonality, typicality, and adequacy) and then one or more of the requirements. The Rule 23(a) requirements of adequate representation, commonality, and typicality 1 also are rooted in due process concerns.2

Because class actions can bind class members to judgments in actions in which they did not participate, and about which they may not even have been aware, [this case] due process mandates that courts carefully scrutinize proposed class counsel and class representatives

---

1. *See* Chapter 3.B, "Numerosity, Commonality, and Typicality," and 3.C, "Adequacy Requirements."
2. *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 182 n.27 (3d Cir. 2001) (explaining that these Rule 23(a) requirements "constitute a multipart attempt to safeguard the due process rights of absentees").

seeking to act on behalf of the absent class members. 3 Class representatives have a strict fiduciary duty to represent and protect the interests of absent class members.4

If the plaintiff seeks certification of a class action under Rule 23(b)(3), that plaintiff must establish "that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, <u>and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.</u>"5 The Advisory Committee included these requirements to address its concerns about fairness and due process, and several courts have held that due process requires these rights when money damages are involved. 6 This settlement is not superior to a Private Attorney General (PAG) action filed in the correct jurisdiction [not California], whereby no certification of class is required, no proof of damage requirement, and, no proof any class member was misled; and, carries statutory fines payable to the victims in the thousands of dollars. Lovern can make not only PointRoll, but all original defendants pay each victim several thousand dollars in damages with one simple PAG action.

---

3. See, e.g., *Hansberry v. Lee*, 311 U.S. 32, 43 (1940); *Kincade v. Gen. Tire & Rubber Co.*, 635 F.2d 501, 506–08 (5th Cir. 1981); *Susman v. Lincoln Am. Corp.*, 561 F.2d 86, 90 (7th Cir. 1977); *Dosier v. Miami Valley Broad. Corp.*, 656 F.2d 1295, 1299 (9th Cir. 1981); see also *Daly v. Harris*, 209 F.R.D. 180, 189 (D. Haw. 2002) (explaining that Rule 23(a)(4)'s adequacy requirement is of paramount importance in all class actions because it "serves to protect the due process rights of absent class members who will be bound by the judgment").
4. *Hansberry*, 311 U.S. at 35.
5. FED. R. CIV. P. 23(b)(3).
6. Many lower courts have held that opt-out rights are required by due process. *Lindsay v. Gov't Employees Ins. Co.*, 448 F.3d 416, 420 (D.C. Cir. 2006); *In re Telectronics Pacing Sys., Inc.*, 221 F.3d 870, 881 (6th Cir. 2000) ("[C]onstitutional considerations of due process and the right to a jury trial all lead to the conclusion that in an action for money damages class members are entitled to personal notice and an opportunity to opt out."); *In re Prudential Ins. Co.*, 148 F.3d 283, 306 (3d Cir. 1998) ("The combination of reasonable notice, the opportunity to be heard and the opportunity to withdraw from the class satisfy the due process requirements of the Fifth Amendment.").

Lovern, and all alleged class members, have a constitutional right to petition the courts on any and all legal claims the way they choose, not by default. This "equal protection" right is protected under the Liberty provision of the 5th Amendment to the U.S. Constitution, most recently upheld by the U.S. Supreme Court in *U.S. V. Windsor,* 570 U.S. ___ (2013) (Docket No. 12-307). To take this way by default in the PointRoll settlement rises to a federal felony, 18 U.S.C. § 241.

### III. THE SETTLEMENT CLASS SHOULD NOT BE APPROVED DUE TO INADEQUATE REPRESENTATION

No class action settlement should be approved when there is inadequacy of representation. As an initial matter, by advocating a settlement that clearly compromises the interests of Lovern and non-represented class members, especially non-resident, which includes Lovern, the class representatives have put themselves in conflict with the best interest of the overwhelming class majority. [See *In re GM Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.,* 55 F.3d 768, 801 (3d Cir. 1995) (vacating settlement approval where certain class members (vehicle fleet owners) would not benefit from some settlement terms and class representatives (all individual owners) "could skew the terms of the settlement to their own benefit")]. [Also see *Amchem,* 521 U.S. at 623 (Rule 23(e) "protects unnamed class members 'from unjust or unfair settlements . . . when the representatives become fainthearted before the action is adjudicated or are able to secure satisfaction of their individual claims by a compromise, [abandoning the claims of the absent class members.'") (quoting 7B Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1797 (brackets in source))]. Class counsels' claims against all other defendants were dismissed so now they just want to cut and run, as to PointRoll when they failed

4

to file the correct lawsuit in the beginning. A PAG lawsuit can be filed based on non-disclosure, part and parcel to personal information, that requires no proof of economic injury, protected by statutory rights that create a right of action, AND, it's extraterritorial. The conclusion that class representatives and their counsel are woefully out of touch with the interests of the putative class is unavoidable.

## IV. THE PROPOSED NOTICE IS INSUFFICIENT

Lovern did not receive Notice of the proposed settlement in this case. He found out from a family member. Class counsel refused to provide Lovern numbers on how many alleged class members received Notice of the proposed settlement. The proposed settlement, as it relates to actual notice, adds more due process problems onto a long list. See *Amchem*, 521 U.S. at 628 (notice must be "sufficient under the Constitution and Rule 23"). This Court should look at the actual numbers of how many people received Notice.

Due to what will become fact, that being the overwhelming majority of alleged class membership who will turn out to not know about this proposed settlement, this Court should limit its settlement approval to named Plaintiffs only that make-up the multidistrict litigation.

## CONCLUSION

The Court's previous decisions on motions to dismiss do not prevent lawsuits being filed on different theories and different remedies, especially a proper PAG lawsuit that can bring relief to all victims without class certification because the statutes are extraterritorial [federal citation omitted]. In addition to a PAG action, and as the high court stated in *SPRINT COMMUNICATIONS CO., L. P., et al., Petitioners, v. APCC SERVICES, INC., et al.* - No. 07-552, 128 S. Ct. 2531 (2008) at 2545 - "class actions constitute <u>but one</u> of several methods for

bringing about aggregation of claims, i.e., they are but one of several methods by which multiple similarly situated parties get similar claims resolved at one time and in one federal forum."

For all the reasons above, Lovern respectfully requests that this Court allow him to opt-out of this proposed class settlement; and, the Court should consider the federally protected rights of all alleged class members, especially those who have no knowledge of how their rights are being trampled by class counsel.

Dated: December 20, 2013

/s/ *Prescott Lovern, Sr.*
Prescott Lovern, Sr.
C/O Kathleen Nixon
East Coast Administrator
R&L Associates Law, East Region
15 E. Churchville Rd
STE 150
Bel Air, MD 21014
(307)-275-1017
knixon@rlassociateslaw.com
prescottl@rlassociateslaw.com

## CERTIFICATE OF SERVICE

  This Motion in Opposition to Plaintiffs' Class Counsels' proposed settlement in the above captioned case has been served on the following Parties by email on December 19, 2013. The Court's attached Supplemental Order, Lovern Exhibit A filed in his Notice of Appearance, outlining procedures to file this Motion, repeatedly refers to paragraph 12, as to who must be served; however, there is no paragraph 12. Therefore the following people have been served:

coletti@fr.com
emcnicholas@sidley.com
araul@sidley.com
cthompson@sidley.com

**PointRoll Counsel / Pacer**

lacounsel@earthlink.net
sggrygiel@yahoo.com (Obtained from Legal Notice, address appears to ne longer good)
jimf@bflawfirm.com
raul@sidley.com

**Class Counsel / Legal Notice**

**December 20, 2013**

*/s/ Prescott Lovern, Sr.*
Prescott Lovern, Sr.