UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE GOOGLE INC. COOKIE PLACEMENT CONSUMER PRIVACY LITIGATION | Case No. 12-MD-2358 (SLR) |
| This Document Relates to: ALL ACTIONS | |

## [PROPOSED] FINAL ORDER GRANTING ATTORNEYS FEES AND EXPENSES AND APPROVING CLASS REPRESENTATIVE INCENTIVE AWARDS

*(handwritten: SLR; "PROPOSED" struck through)*

Class Counsel, on behalf of the attorneys who collectively were appointed by the Court to represent the Class, have filed a motion for approval of attorneys' fees, and expenses, and for approval of incentive awards for Class Representatives. The Court grants Class Counsel's motion for approval of attorneys' fees and expenses. It grants Class Counsel's motion for incentive awards in the amount of $500 for each Class Representative. This order accompanies the Court's Order and Judgment approving the Settlement Agreement.

**STANDARDS APPLICABLE TO CLASS ACTION FEE AWARDS**

Well established precedent sets the standards courts apply in evaluating proposed attorney fees in class action cases. "[A] thorough judicial review of fee applications is required in all class action settlements." *In re General Motors Corp. Pick–Up Truck Fuel Tank Products Liability Litigation, (G.M. Trucks)* 55 F.3d 768, 819 (3d Cir.1995). "In awarding attorneys' fees, the district court has considerable discretion." *In re Prudential Insurance Company America Sales Practice Litigation Agent Actions, (Prudential)* 148 F.3d 283, 342 (3d Cir. 1998). "What is important is that the district court evaluate what the class counsel actually did and how it benefitted the class." *Id.* at 342. In evaluating and creating a record on fee award proceedings in

1

class action cases, it is important for the court to be transparent in its process. *In re Diet DrugsProduct Liability Litigation,* 582 F.3d 524, 538 (3d Cir. 2009). Despite the "deferential standard of review, it is incumbent upon a district court to make its reasoning and application of the fee-awards jurisprudence clear, so that we, as a reviewing court, have a sufficient basis to review for abuse of discretion." *Gunter v. Ridgewood Energy Corporation, et al.,* 223 F3d 190, 196 (3d Cir. 2000).

"There are two basic methods for calculating attorneys' fees—the percentage-of-recovery method and the lodestar method." *Prudential* at 333. In circumstances "where the nature of the recovery does not allow the determination of the settlement's value necessary for application of the percentage-of-recovery method." *G.M. Trucks,* 55 F.3d at 820.

It is just these circumstances that apply in this case. The recovery for the class involves both the dismantlement of the acts complained of by the plaintiffs in the Consolidated Complaint but also injunctive relief going forward in the future. Although the class members are not receiving any monetary payment, they are receiving substantial benefits including being put back in the position they were in before Point Roll began the conduct of bypassing the web browsers used by plaintiffs. The settlement also provides that Point Roll refrain from such conduct in the future. And significantly, Point Roll has agreed to allow counsel to interview key employees regarding the web browser bypass project. These important settlement provisions provide for a settlement which does not allow and easy determination of monetary value. Consequently, the lodestar method is the appropriate one to use in this case.

**ATTORNEY FEE PROVISIONS IN THE SETTLEMENT AGREEMENT**

In addition to the benefits to the class described above, Section 3.2 of the Settlement

Agreement provides that Point Roll will pay a total of $115,000.00 for attorney fees if approved by the Court:

> 3.2 Attorneys' Fees and Costs.
> (a) The Parties agree that attorney's fees and expenses of $115,000.00 represents a fair and reasonable to compensate Class Counsel for their representation of the Named Plaintiffs and asserted Class Members in preparing, filing and litigating this case against PointRoll, and arriving at this settlement on behalf of Plaintiffs. The Parties further agree to jointly support these fees and costs, and jointly request that the Court approve and award such fees and costs in that amount.

The negotiations which led to the agreement that was reached between the parties regarding the amount that represents reasonable fees and expenses, and that the parties would jointly support a request that the court approve such award, were only begun after the other terms of the settlement were agreed to. Thus, there is no concern like that found in some settlements that the manner in which attorney fees are negotiated might create a conflict of interest on the part of class counsel. *Declaration of Brian Strange*, ¶ 8.

**LODESTAR EVALUATION**

Counsel have provided to the court summaries of time records detailing the work spent on this case. Counsel have presented by Declaration the total lodestar for the case against Point Roll, including both work prior to as well as after the start of settlement negotiations. *See* Strange Declaration, ¶¶ 11-14; Frickleton Declaration ¶¶ 4-7; Grygiel Declaration ¶¶ 19-24. The total lodestar presented by counsel is 918.33 hours and $559,019.20. In addition, counsel has presented litigation expenses and costs totaling $12,920.14. *See* Strange Declaration, ¶¶ 11-14; Frickleton Declaration ¶¶ 4-7; Grygiel Declaration ¶¶ 19-24.

In their motion and consistent with the Settlement Agreement, counsel seek a total of $115,000 for fees and expenses. That amount is far less that the portion of the lodestar and expenses that counsel represents was spent on the Point Roll case. The Court finds that the

requested combined attorney fee and litigation costs award is fair and reasonable and should be approved. Consistent with the parties Settlement Agreement, the Court orders that Point Roll shall pay to Class counsel the total sum of $115,000.00 for attorney fees and expenses.

**INCENTIVE AWARDS**

Incentive awards are "fairly typical" in class actions. *Rodriguez v. West Publ'gCorp.*, 563 F.3d 948, 958 (9th Cir.2009). *See*, *Spicer v. Chicago Bd. Options Exch., Inc.*, 844 F. Supp. 1226, 1267-68 (N.D. Ill. 1993)(collecting cases) and *Varacallo v. Massachusetts Mutual Life Insurance Company*, et al., 226 F.R.D. 207, 257-58 (D. New Jersey 2005)(collecting cases). Such awards are discretionary and serve to compensate named plaintiffs for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and to recognize a willingness to act as a private attorney general. *Id.* In deciding whether to grant an incentive award to a named plaintiff, a court should consider the actions the plaintiff has taken to protect the class's interests, the degree to which the class has benefitted from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation. *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir.1998).

Here, each Class Representative stood ready and was committed to go through discovery as necessary and to be a part of any trial that would follow. The willingness to serve as representative, not only to compensate for time actually spent, but for the willingness to come forward on behalf of others, is deserving of the modest incentive award of $500.00 requested here. Therefore, consistent with the parties Settlement Agreement, the Court orders that Point Roll shall pay to the four class representatives $500 each as an incentive award.

Date: __4/1/14__                                          _____
                                                          Hon. Sue L. Robinson
                                                          United States District Judge