UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE GOOGLE INC. COOKIE PLACEMENT CONSUMER PRIVACY LITIGATION | C.A. 12-MD-2358 (SLR) |
| This Document Relates to: **All Actions** | |

## [PROPOSED] JOINT CASE SCHEDULING ORDER

At Wilmington, this _____ day of February 2016, the parties having satisfied their

obligations under Fed. R. Civ. P. 26(f); the Court having conducted a pretrial scheduling

conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.1(a) and (b); and the Court having

considered the joint and separate proposals of the parties set forth below;

IT IS ORDERED that:

1.      **Pleadings.** Defendant will file its Answer to the Consolidated Amended Complaint

within 2 weeks (14 days) after the entry of this scheduling order.

2.      **Pre-Discovery Disclosures.** The parties will exchange the information required by

Fed. R. Civ. P. 26(a)(1) within 2 weeks (14 days) after the filing of Defendant's Answer.

3.      **ADR and Settlement Conference.** The parties have agreed to participate in private

mediation. Therefore, this matter will not be referred to a Magistrate Judge for the purposes of

exploring ADR at this time. The parties have agreed on a mediator and reserved the earliest date

available for the mediation, May 9, 2016.

4. **Discovery.**

    a.     **Scope of Fact Discovery.**

        i.     ***Plaintiffs' Proposal.*** Plaintiffs assert that discovery will be needed on at least the following subjects:

    1.    The facts and circumstances surrounding Defendant's creation and implementation of an HTML code to circumvent Safari users' default blocking settings;

    2.    All documents produced to any state attorney(s) general regarding the HTML code and the fine(s) paid by Google to such states and/or state attorneys general;

    3.    All information that Defendant contends reflects user consent to the Defendant-generated HTML form and subsequent third-party cookie placement on the users' computers;

    4.    Communications with, to, and between Defendant and users related to the complained-of conduct, including, but not limited to, Defendant's use of HTML form that permitted avoidance of the Safari browser default blocking of third-party cookies;

    5.    All facts and circumstances relevant to class certification of Plaintiffs' claims and causes of action as asserted in the Complaint; and

    6.    Google's position that its complained-of conduct did not violate the FTC consent decree into which it entered with the FTC.

        ii.     ***Defendant's Proposal.*** Defendant will need discovery on the following topics:

    1.    Plaintiffs' understanding and expectations regarding the placement of Google cookies on their browsers during the relevant time period;

2.     Whether Plaintiffs ever personally viewed the alleged misrepresentation described in CAC ¶ 79;

3.     The existence and methods of placement of DoubleClick ID Cookies and Intermediary Cookies on Plaintiffs' Safari browsers during the relevant time period, including inspection of the devices on which Plaintiffs allege Google placed cookies;

4.     The operation and programming of the Safari browser during the relevant time period;

5.     The offensiveness of the alleged invasion of privacy;

6.     Any damages flowing from the alleged invasion of privacy; and

7.     Plaintiffs' adequacy to serve as putative class representatives and potential conflicts between Plaintiffs and the alleged putative class.

b.     **Timing of Discovery.** The parties may commence fact discovery two weeks after Defendant answers the Complaint. Any objections to discovery requests must be served within the time set by the Federal Rules. Other than objections, no party is required to respond substantively to discovery requests (e.g., respond to written discovery or produce documents) prior to 4 weeks (28 days) after the completion of the parties' private mediation. All fact discovery shall be commenced in time to be completed by 31 weeks (217 days) after the completion of the parties' private mediation.

c.     **Interrogatories.** No party shall be required to respond to more than 25 intgerrogatories. Plaintiffs may jointly serve a maximum of 25 interrogatories on Defendant. Defendant may serve a maximum of 25 interrogatories to be answered separately by each Plaintiff.

d.      **Contention Interrogatories.**  In the absence of agreement among the Parties, contention interrogatories, if filed, shall first be addressed by the Party with the burden of proof no later than the date established for the completion of document production, with responsive answers due within thirty (30) days thereof.  The adequacy of all such interrogatory answers shall be judged by the level of detail each Party provides; i.e., the more detail a Party provides, the more detail a party shall receive.

e.      **Requests for Admission.** No party shall be required to respond to more than 25 requests for admission. Plaintiffs may jointly serve a maximum of 25 requests for admission on Defendant. Defendant may serve a maximum of 25 requests for admission to be answered separately by each Plaintiff.

f.      **Document Requests.** Discovery of paper and electronic documents (hereafter, "e-discovery") shall be completed 17 weeks (119 days) prior to the close of fact discovery.

g.      **Protective Order.** Unless and until the parties otherwise submit a jointly proposed protective order, the Court's "Default Standard for Discovery, Including Discovery of Electronically Stored Information ('ESI')" shall govern.

h.      **Fact Depositions.** Each side may conduct up to 10 fact depositions. A  party may request additional fact depositions for good cause. Unless otherwise agreed to between the parties, each deposition shall be limited to a maximum of 1 day of 7 hours. In the absence of agreement among the parties or by order of the Court, no deposition of any party (including those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production. No deponent may be deposed more than once.

i.   **Expert Discovery.**

i.      **Timing.** Expert discovery shall be commenced in time to be completed within 10 weeks (70 days) following the close of fact discovery.

ii.      **Expert Reports.** Expert reports on issues for which the parties have the burden of proof are due no later than 8 weeks (56 days) before the close of expert discovery. Rebuttal expert reports are due no later than 4 weeks (28 days) before the close of expert discovery.

iii.      **Expert Depositions.**  Expert depositions shall be limited to a maximum of 7 hours unless extended by agreement of the parties.  Unless otherwise stipulated between the parties, rebuttal expert witnesses will only be deposed after opening expert witnesses have been deposed.

j.      ***Daubert* Motions.** Any *Daubert* motions shall be filed on or before the due date for summary judgment motions and shall be briefed and heard on the same schedule for summary judgment motions.

k.      **Rule 26(e) Supplementations.** Supplementations under Rule 26(e) are due 1 week (7 days) after the close of expert discovery.

l.      **Discovery Disputes.** The court shall conduct an in-person discovery status conference from 12:00 p.m. to 1:00 p.m. 3 weeks (21 days) prior to the close of fact discovery (or as soon thereafter as the court is available), the time to be allotted equally among the parties. **No motions to compel or for protective order shall be filed absent prior approval of the Court.** The Court shall be available to resolve by telephone conference disputes that arise during the course of a deposition.

m.      **Fact Witnesses to be called at Trial.** Within 4 weeks (28 days) following the close of expert discovery, each Party shall serve on the other Parties a list of each fact witness

(including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within 4 weeks (28 days) of receiving the fact witness lists, each Party shall serve a list of the rebuttal fact witnesses that it intends to call at trial.  A party shall have the right to depose any such fact witnesses listed by an opposing party who have not previously been deposed in this case.  Such depositions shall be held within 4 weeks (28 days) after service of the lists of rebuttal fact witnesses and be limited to 7 hours per witness unless extended by agreement of the Parties or upon order of the Court upon good cause shown.

5.    **Joinder of other Parties and Amendment of Pleadings.** All motions to join other parties and amend the pleadings shall be filed no later than 5 weeks (35 days) after the filing of an answer.

6.    **Class Certification.** Plaintiffs' motion for class certification shall be filed no later than 5 weeks (35 days) after the close of expert discovery. The response thereto shall be filed within 5 weeks (35 days) after the motion is filed, and any reply shall be filed within 2 weeks (14 days) after the response is filed. The hearing on the motion will be held at 10:00 a.m. 3 weeks (21 days) after the deadline for the reply (or as soon thereafter as the court is available).

7.    **Summary Judgment Motions.**  All summary judgment motions shall be served and filed no later than 5 weeks (35 days) following the Court's decision on class certification.  No summary judgment motion may be filed more than ten (10) days from the above date without leave of the Court.  Plaintiffs shall file any opening brief at the time their motion for summary judgment is filed.  Defendant shall file any answering brief (or combined opening and answering brief) within 7 weeks (49 days) after a motion is filed.  Plaintiffs shall file any reply brief (or combined answering and reply brief) within 7 weeks (49 days) after Defendant's first brief is filed.  Defendant shall file any reply brief within 5 weeks (35 days) after Plaintiffs' answering brief is filed.  The hearing on the

motion(s) for summary judgment will be heard at 10:00 a.m. 3 weeks (21 days) after the deadline to file the last brief (or as soon thereafter as the court is available).

8.      **Applications by Motion.**  Any application to the Court shall be by written motion filed with the Clerk. **The Court will not consider applications and requests submitted by letter or in a form other than a motion**, absent express approval by the Court.

   a.      Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.

   b.      No telephone calls shall be made to chambers.

   c.      Any party with an **emergency** matter requiring the assistance of the Court shall e-mail chambers utilizing the "Email Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Judge Robinson's website and email the completed forms to slr_civil@ded.uscourts.gov. The email shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said emails.

9.      **Motions in Limine.** No motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

10.      **Pretrial Conference.** A pretrial conference will be held on April 27, 2018 at 9:30 a.m. in courtroom 4B, fourth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

11.      **Trial.** This matter is scheduled for a one-week jury trial commencing on July 9, 2018 in courtroom 4B, fourth floor Federal Building, 844 King Street, Wilmington, Delaware.

For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

12.    **Calculation of Time.** If a deadline falls on a Saturday, Sunday, or legal holiday, the effective date of the deadline rolls forward to the first official court business day following such Saturday, Sunday, or legal holiday.  All pre-trial deadlines not specifically addressed by this Joint Case Scheduling Order shall be governed by the Federal Rules of Civil Procedure and the Local Rules.

13.    **Modification.**  The Parties agree to work in good faith to accommodate any necessary proposed modification to this schedule.

IT IS SO STIPULATED.

Dated: _____

/s/ Stephen G. Grygiel
Stephen G. Grygiel (Del. Bar. No. 4944)
Keefe Bartels, LLC
Jennifer L. Harwood
170 Monmouth St.
Red Bank, NJ
Telephone: (732) 224-9400
sgrygiel@keefebartels.com

/s/ Brian Russell Strange
Brian Russell Strange
Strange & Butler
12100 Wilshire Boulevard, Suite 1900
Los Angeles, CA 90025
Telephone: (310) 207-5055
bstrange@strangeandbutler.com

/s/ James P. Frickleton
James P. Frickleton
Bartimus, Frickleton, Robertson & Gorny, P.C.
11150 Overbrook Road, Suite 200
Leawood, KS 66211
Telephone: (913) 266-2300
jimf@bflawfirm.com

*Lead Counsel for Plaintiffs*

/s/ Michael H. Rubin
Michael H. Rubin
Anthony J Weibell
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
650-493-9300
Email: mrubin@wsgr.com;
aweibell@wsgr.com

*Counsel for Defendant Google Inc.*

**SO ORDERED** on this _____ day of February, 2016.

_____

Hon. Sue L. Robinson