# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE GOOGLE INC. COOKIE PLACEMENT CONSUMER PRIVACY LITIGATION<br><br>This Document Relates to:<br>ALL ACTIONS | Case No. 12-MD-2358 (SLR) |

## [PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

**SILVERMAN THOMPSON SLUTKIN WHITE**
Stephen G. Grygiel (DE Bar ID 4944)
201 N. Charles Street, 26th Floor
Baltimore, MD 21201
Tel: 443-909-7516
*sgrygiel@mdattorney.com*

*Executive Committee Member*

**BARTIMUS, FRICKLETON, and ROBERTSON, P.C.**
James P. Frickleton
Mary D. Winter
Edward D. Robertston, Jr.
11150 Overbrook Road, Suite 200
Leawood, KS 66211
Tel: 913-266-2300
*jimf@bflawfirm.com*

*Executive Committee Member*

**STRANGE & BUTLER LLP**
Brian Russell Strange
12100 Wilshire Blvd., Suite 1900
Los Angeles, CA 90025
Tel: 310-207-5055
*bstrange@strangeandbutler.com*

*Executive Committee Member*

WHEREAS, this matter has come before the Court pursuant to Plaintiffs' Motion for Preliminary Approval of Class Action Settlement with Defendant Google Inc. (the "Motion");

WHEREAS, the Court finds that it has jurisdiction over this action and each of the parties for purposes of settlement; and

WHEREAS, this Court has considered all of the submissions related to the Motion, and is otherwise fully advised;

IT IS HEREBY ORDERED THAT:

## I. PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT

1. The terms of the Settlement Agreement (the "Agreement") between Plaintiffs and Defendant Google Inc. ("Defendant" or "Google"), attached as Exhibit A to the Declaration of Brian R. Strange filed in support of the Motion, are hereby preliminarily approved, subject to further consideration thereof at the Final Approval Hearing provided for below. This Order incorporates herein, and makes a part hereof, the Agreement. Unless otherwise provided herein, the terms defined in the Agreement shall have the same meanings herein. The Agreement was entered into only after extensive arm's length negotiations by experienced counsel. The Court finds that the class settlement embodied in the Agreement is fair, adequate, and reasonable so that Notice of the Proposed Class Action Settlement should be given as provided in Paragraph 7 of this Order. In making this determination, the Court has considered the current posture of this litigation and the risks and benefits to the parties involved in both settlement of these claims and continuation of the litigation.

## II. THE CLASS, REPRESENTATIVES, AND CLASS COUNSEL

2. The Settlement Class is defined as follows:

> All persons in the United States of America who used the Apple Safari or Microsoft Internet Explorer web browsers and who visited a website from

which Doubleclick.net (Google's advertising serving service) cookies were placed by the means alleged in the Complaint.

3. The Court preliminarily finds that the proposed nationwide Settlement Class meets all the applicable requirements of Federal Rules of Civil Procedure Rule 23(a) and (b)(2), and hereby certifies the Settlement Class for settlement purposes only. The Court hereby preliminarily finds, in the specific context of the Class Settlement, that

   a. Numerosity

   The Settlement Class consists of millions of individuals located throughout the United States, and satisfies the numerosity requirement of Fed. R. Civ. P. 23(a). Joinder of these widely dispersed, numerous Settlement Class Members into one suit would be impracticable.

   b. Commonality

   Common questions of law and fact, with regard to the alleged activities of Google, exist for each of the Settlement Class Members. These issues are central to this case and are sufficient to establish commonality.

   c. Typicality

   Plaintiffs' claims in this litigation are typical of the claims of the Settlement Class Members. Therefore, in the context of this settlement, the element of typicality is satisfied.

   d. Adequate Representation

   Plaintiffs' interests do not conflict with, and are co-extensive with, those of absent Settlement Class Members. Additionally, this Court recognizes the experience of Class Counsel (Strange & Butler LLP; Bartimus, Frickleton, and Robertson, P.C.; and Silverman Thompson Slutkin White), and finds under Fed. R. Civ. P. 23(g) that the requirement of adequate representation of the Settlement Class Members has been fully met.

   e. Rule 23(b)(2)

   As to the injunctive relief provided by the Settlement Agreement, Google has acted on grounds that apply generally to the Settlement Class, so that final injunctive relief is appropriate respecting the Settlement Class as a whole.

4. The Class Representatives are Jose M. ("Josh") Bermudez, Nicholas Todd

Heinrich, and Lynne Krause. Based upon the Court's familiarity with the claims and parties, the Court preliminarily finds that these designated representatives are appropriate representatives for settlement purposes.

5. The Court further preliminarily finds that the following firms fairly and adequately represent the interests of the Settlement Class and hereby confirms them as Settlement Class Counsel pursuant to Fed. R. Civ. P. 23(g):

**SILVERMAN THOMPSON SLUTKIN WHITE**
Stephen G. Grygiel (DE Bar ID 4944)
201 N. Charles Street, 26th Floor
Baltimore, MD 21201

**STRANGE & BUTLER LLP**
Brian Russell Strange
12100 Wilshire Blvd., Suite 1900
Los Angeles, CA 90025

**BARTIMUS, FRICKLETON, and ROBERTSON, P.C.**
James P. Frickleton
11150 Overbrook Road, Suite 200
Leawood, KS 66211

6. If the Agreement is not terminated or consummated for any reason whatsoever, the certification of the Settlement Class shall be void, and Plaintiffs and Google shall be deemed to have reserved all of their rights as set forth in the Agreement, including but not limited to the issues related to all claims, defenses, and issues under Fed. R. Civ. P. 23.

### III. NOTICE TO SETTLEMENT CLASS MEMBERS

7. The Court has considered the Notice Plan and the Declaration of Stephen J. Cirami of Garden City Group in support of the Motion, as well as Notice of Proposed Class Action Settlement and Summary Notice attached as Exhibits D and C, respectively, to that Declaration, and finds that the form, content, and manner of notice proposed by the parties and approved herein meet the requirements of due process and Fed. R. Civ. P. 23(c) and (e),

constitute reasonable, sufficient, and appropriate notice under the circumstances, and satisfy the constitutional requirements of notice. The Court approves the notice in all respects and orders that notice be given in substantial conformity therewith. The costs of disseminating the notice shall be paid by Google in accordance with the Agreement. The Settlement Administrator must complete notice no later than October 28, 2016.

### IV.    *CY PRES* RECIPIENTS

8. The Court has considered the total distribution from the Settlement Fund to the c*y pres* recipients will equal the total amount of the Settlement Fund, including any accrued interest, less all expenses for the Settlement Administrator, the Notice Plan, the Fee Award, the Incentive Awards, and any other administrative and notice costs or other expenses in connection with the Agreement. The *cy pres* recipients must agree to devote the funds to promote public awareness and education and/or to support research, development, and initiatives related to the security and/or privacy of Internet browsers. The Court approves the following list of *cy pres* recipients:

1. Berkeley Center for Law & Technology;
2. Berkman Center for Internet & Society at Harvard University;
3. Center for Democracy & Technology (Privacy and Data Project);
4. Public Counsel;
5. Privacy Rights Clearinghouse; and
6. Center for Internet & Society at Standford University (Consumer Privacy Project).

9. Because the *cy pres* recipients will receive the remaining amounts due after all other payment obligations are met, no portion of the Settlement Fund or interest thereon will revert to Google.

10. The Settlement Administrator will make payments to the *cy pres* recipients within 60 days after the Effective Date.

## V. REQUESTS FOR EXCLUSION FROM THE CLASS

11. A Class Member may request exclusion from the class up until the Opt-Out Deadline of November 27, 2016. To request exclusion, the Class Member must complete, sign, and mail to the Settlement Administrator a Request for Exclusion, using a form to be agreed on by the parties. The Request for Exclusion must be signed by the Class Member seeking exclusion under penalty of perjury. The Request for Exclusion must be postmarked on or before the Opt-Out Deadline of November 27, 2016. Any person who submits a valid and timely Request for Exclusion shall not be entitled to relief under, and shall not be affected by, the Agreement or any relief provided by the Agreement.

12. The parties shall have the right to challenge the timeliness and validity of any Request for Exclusion. The Court shall determine whether any contested exclusion request is valid.

13. Within 10 days after the Opt-Out Deadline, the Settlement Administrator will provide the parties a list of all persons who opted out by validly requesting exclusion.

## VI. FILING OBJECTIONS TO THE PROPOSED SETTLEMENT

14. Any Class Member who has not submitted a valid and timely Request for Exclusion may object to the fairness, reasonableness, or adequacy of the Agreement on or before December 21, 2016. Class Members may not seek to exclude themselves from the Class and submit an objection to the Agreement.

15. No later than 21 days before the Final Approval Hearing or December 21, 2016, any Class Member who wishes to object to any aspect of this Agreement must send to the

Settlement Administrator, Class Counsel, and Google's counsel, and file with the Court, a written statement of the objection(s).

**Class Counsel**:

SILVERMAN THOMPSON SLUTKIN WHITE
Stephen G. Grygiel
201 N. Charles Street, 26th Floor
Baltimore, MD 21201

BARTIMUS, FRICKLETON,
and ROBERTSON, P.C.
James P. Frickleton
11150 Overbrook Road, Suite 200
Leawood, KS 66211

STRANGE & BUTLER LLP
Brian Russell Strange
12100 Wilshire Blvd., Suite 1900
Los Angeles, CA 90025

**Counsel for Google:**

WILSON SONSINI GOODRICH & ROSATI
Michael H. Rubin
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105

WILSON SONSINI GOODRICH & ROSATI
Anthony J. Weibell
650 Page Mill Road
Palo Alto, CA 94304-1052

16. The written statement of objection(s) must include (i) a detailed statement of the Class Member's objection(s), as well as the specific reasons, if any, for each objection, including any evidence and legal authority the Class Member wishes to bring to the Court's attention and any evidence the Class Member wishes to introduce in support of his/her objection(s); (ii) the Class Member's full name, address, and telephone number; and (iii) information demonstrating that the Class Member is entitled to be included as a member of the Class.

17. Class Members may raise an objection either on their own or through an attorney hired at their own expense. If a Class Member hires an attorney other than Class Counsel to represent him or her, the attorney must (i) file a notice of appearance with the Court no later than 21 days before the Final Approval Hearing or as the Court otherwise may direct, and (ii) deliver

6

a copy of the notice of appearance to Class Counsel and Google's counsel, no later than 21 days before the Final Approval Hearing. Class Members or their attorneys intending to make an appearance at any hearing relating to this Agreement, including the Final Approval Hearing, must deliver to Class Counsel and Google's counsel, and file with the Court, no later than 21 days before the date of the hearing at which they plan to appear, or as the Court otherwise may direct, a notice of their intention to appear at that hearing.

18. Any Class Member who fails to comply with the provisions of the preceding subsections shall waive and forfeit any and all rights he or she may have to appear separately and/or object, and shall be bound by all the terms of the Agreement and by all proceedings, orders, and judgments in the Litigation.

## VII.   FINAL APPROVAL HEARING

19. A hearing on final settlement approval (the "Final Approval Hearing") will be held on January 11, 2017, at 1:00 PM before this Court, at the United States District Court for the District of Delaware, 844 North King Street, Wilmington, Delaware 19801, to consider, *inter alia*, the following: (a) the adequacy of the Class Representatives and whether the Settlement Class should be finally certified; (b) the fairness, reasonableness, and adequacy of the Class Settlement; (c) the dismissal with prejudice of the Action as to Google; (d) whether Class Counsel's application for attorneys' fees, expenses, and compensation for the Class Representatives (the "Fee Petition") should be granted; and (e) whether to finally approve the Agreement.

20. On or before December 7, 2016, Class Counsel shall file with the Court: (i) any memoranda or other materials in support of final approval of the Agreement and Class Settlement; and (ii) any Fee Petition.

21. Any Settlement Class Member may appear at the Final Approval Hearing in

person or by counsel and may be heard, to the extent allowed by the Court, either in support of or in opposition to the fairness, reasonableness, and adequacy of the Class Settlement, the dismissal with prejudice of the action as to Google, the entry of final judgment as to Google, and/or the Fee Petition; provided, however, that no person shall be heard in opposition to the Class Settlement, dismissal, and/or entry of final judgment or the Fee Petition, and no papers or briefs submitted by or on behalf of any such person shall be accepted or considered by the Court, unless filed with the Court and served upon counsel listed above in Paragraph 15 on or before December 21, 2016. Such person must (a) file with the Clerk of Court a notice of such person's intention to appear as well as a statement that indicates the basis for such person's opposition and any documentation in support of such opposition on or before December 21, 2016, and (b) serve copies of such notice, statement, and documentation, as well as any other papers or briefs that such person files with the Court, either in person or by mail, upon all counsel listed above in Paragraph 15 on or before December 21, 2016. Settlement Class Members who object in the manner and by the dates provided herein shall be subject to the jurisdiction of this Court. Settlement Class Members who fail to object in the manner and by the dates provided herein shall be deemed to have waived and shall forever be foreclosed from raising any such objections.

22. The date and time of the Final Approval Hearing shall be set forth in the Notice, but shall be subject to adjournment by the Court without further notice to the Settlement Class Members other than that which may be posted at the Court and/or on the Court's website.

## VIII. OTHER PROVISIONS

23. In the event the Class Settlement is terminated in accordance with the provisions of the Agreement, the Class Settlement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided in the Agreement, and without prejudice to the status quo ante rights of Plaintiffs and Google.

24. Neither this Order nor the Agreement, nor any documents or statements related thereto, shall constitute any evidence or admission of liability by Google or any Released Party, nor shall any such document or statement be offered in evidence in this or any other proceeding except to consummate or enforce the Agreement or the terms of this Order.


Date: _____                             _____
                                                          Hon. Sue L. Robinson
                                                          United States District Judge