# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE GOOGLE INC. COOKIE PLACEMENT CONSUMER PRIVACY LITIGATION | Case No. 12-MD-2358 (SLR) |
| This Document Relates to: All Actions | |

## DECLARATION OF JAMES P. FRICKLETON IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

**BARTIMUS, FRICKLETON,
and ROBERTSON, P.C.**
James P. Frickleton
Mary D. Winter
Edward D. Robertson, Jr.
11150 Overbrook Road, Suite 200
Leawood, KS 66211
Tel: 913-266-2300
*jimf@bflawfirm.com*

*Executive Committee Member*

**SILVERMAN THOMPSON SLUTKIN WHITE**
Stephen G. Grygiel (DE Bar ID 4944)
201 N. Charles Street, 26th Floor
Baltimore, MD 21201
Tel: 443-909-7516
*sgrygiel@mdattorney.com*

*Executive Committee Member*

**STRANGE & BUTLER LLP**
Brian Russell Strange
12100 Wilshire Blvd., Suite 1900
Los Angeles, CA 90025
Tel: 310-207-5055
*bstrange@strangeandbutler.com*

*Executive Committee Member*

I, James P. Frickleton, having first been duly sworn, declare:

1. I am a partner in the law firm of Bartimus, Frickleton and Robertson, P.C., one of the lead counsel appointed by the Court in this MDL and a member of the Executive Committee in this case. This declaration is based on my own personal knowledge and, if called to testify, I could and would competently testify hereto under oath.

2. This declaration in submitted in support of Plaintiffs' Motion for Final Approval of Class Action Settlement with Defendant Google Inc. ("Google") for certification of a Settlement Class, for the appointment of Plaintiffs Jose M. Bermudez, Nicholas Todd Heinrich, and Lynne Krause as Class Representatives for the Settlement Class, and for the appointment of Class Counsel to represent the Settlement Class.

3. After discussions with Google's counsel that spanned several months, the parties held a mediation in this case on May 9, 2016 before retired federal Judge Layne Phillips. During the mediation, the parties agreed to the basic terms of the settlement. The settlement was reached following arms-length negotiations considering the history of the case, the liability and damage potential, and the risks of future litigation. Prior to reaching a settlement, I along with other members of the Executive Committee made a thorough investigation of the facts and circumstances relevant to this litigation.

4. A true and correct copy of the signed Settlement Agreement between Plaintiffs and Google has been provided to the Court along with the Motion for Preliminary Approval of this settlement. The Court issued its Order preliminarily approving the settlement on September 2, 2016. (D.I. 166.) As part of the Settlement Agreement, Google has agreed to fund a Settlement Fund of $5,500,000.00, to be distributed to a designated *cy pres* recipients after payment of costs related to the Agreement, including the expenses of the Settlement

Administrator, the Notice Plan, Incentive Awards, the Fee Award, and any other administrative expenses and fees in connection with the Agreement. The Notice Plan approved and ordered by the Court in its Preliminary Approval order has been accomplished.

5. To date, neither I nor my office have received any notices of opt-outs or objections to the settlement.

6. Given the size of the potential class and the issues involved, the parties believe that the distribution of the Settlement Fund to six *cy pres* recipients who must agree to use the funds to promote public awareness and education and/or support research, development, and initiatives related to the security and/or privacy of Internet browsers is the best use of the settlement proceeds.

7. In addition, Google will provide Class Counsel with assurances that it implemented systems configured to instruct Safari brand web browsers to expire any cookie placed from the Doubleclick.net domain by Google if those systems encountered such a cookie, with the exception of the Doubleclick opt-out cookie, until the time that all cookies placed from the Doubleclick.net domain by Google on Safari brand web browsers through February 15, 2012 should have expired by design.

8. Although Plaintiffs' counsel intended to present strong evidence that Google's cookie circumvention technique violated California common law and constitutional principles, that this case should be certified as a class action, and that such class should be entitled to damages, we understand that Google will be prepared to mount a vigorous defense on these issues. Given the risks and uncertainties of litigation, Class Counsel believe that this settlement with Google provides meaningful benefits to the class and is reasonable. Class Counsel have considered the fact that Google has already made a substantial payment of approximately

$39,500,000.00 to the Federal Trade Commission and various state governments arising under the same conduct alleged by Plaintiffs.

9. On November 16, 2012, this Court appointed my firm as one of the lead counsel in this MDL pursuant to Rule 23(g)(3) of the Federal Rules of Civil Procedure. In doing so, the Court noted our firm's "experience in large class actions and with substantial privacy rights litigation," our "impressive credentials and the underlying qualifications to serve as lead counsel," and we have served as co-lead counsel in this case since that time.

10. The Court's file reflects the experience in complex civil and class action litigation that gave rise to my firm's appointment as co-lead counsel in this case and I will not repeat it here. However, that experience leads me to conclude that this proposed settlement is fair and reasonable should be finally approved.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 29th day of November, 2016, at Leawood, Kansas, 66211.

                                                                  /s/   James P. Frickleton