# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE GOOGLE INC. COOKIE PLACEMENT CONSUMER PRIVACY LITIGATION | Case No. 12-MD-2358 (SLR) |
| This Document Relates to: All Actions | |

## DECLARATION OF STEPHEN G. GRYGIEL IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

**SILVERMAN THOMPSON SLUTKIN WHITE**
Stephen G. Grygiel (DE Bar ID 4944)
201 N. Charles Street, 26th Floor
Baltimore, MD 21201
Tel: 443-909-7516
*sgrygiel@mdattorney.com*

*Executive Committee Member*

**STRANGE & BUTLER LLP**
Brian Russell Strange
12100 Wilshire Blvd., Suite 1900
Los Angeles, CA 90025
Tel: 310-207-5055
*bstrange@strangeandbutler.com*

*Executive Committee Member*

**BARTIMUS, FRICKLETON,
and ROBERTSON, P.C.**
James P. Frickleton
Mary D. Winter
Edward D. Robertson, Jr.
11150 Overbrook Road, Suite 200
Leawood, KS 66211
Tel: 913-266-2300
*jimf@bflawfirm.com*

*Executive Committee Member*

I, Stephen G. Grygiel, having first been duly sworn, declare:

1.  I am a Partner in the law firm of Silverman, Thompson, Slutkin and White, LLC ("STSW"), one of the co-lead counsel appointed by the Court in this MDL and a member of the Executive Committee in this case. This declaration is based on my own personal knowledge and, if called to testify, I could and would competently testify hereto under oath.

2.  I submit this declaration in support of Plaintiffs' Motion for Final Approval of Class Action Settlement with Defendant Google Inc. ("Google"), for certification of a Settlement Class, for the appointment of Plaintiffs Jose M. Bermudez, Nicholas Todd Heinrich, and Lynne Krause as Class Representatives for the Settlement Class, and for the appointment of Class Counsel to represent the Settlement Class.

3.  After discussions with Google's counsel over many months, the parties mediated this case on May 9, 2016 before retired federal Judge Layne Phillips. During the day-long mediation, the parties agreed to basic settlement terms. That agreement followed vigorous, arm's-length negotiations that took into account the case's history, complex liability and damage issues, and the risks of future litigation.

4.  Before we reached the settlement agreement, I, along with Brian R. Strange and James Frickleton, my two colleagues on the Executive Committee, had thoroughly investigated the facts, researched the numerous legal issues, and considered the circumstances relevant to this litigation.

5.  The Court has already received a true and correct copy of the signed Settlement Agreement between Plaintiffs and Google, with the Motion for Preliminary Approval of this settlement.

6. The Court issued its Order preliminarily approving the Settlement on August 31, 2016. (D.I. 164.) The Court found the Settlement to be preliminarily fair, reasonable, and adequate. STSW was appointed as co-lead Class Counsel in connection with the Settlement along with the other firms comprising the Executive Committee. As part of the Settlement Agreement, Google has agreed to fund a Settlement Fund of $5,500,000.00, for distribution to designated *cy pres* recipients after payment of costs related to the Agreement, including the expenses of the Settlement Administrator, the Notice Plan, Incentive Awards, the Fee Award, and any other administrative expenses and fees associated with the Agreement.

7. The Notice Plan the Court approved and ordered in its Preliminary Approval order has been accomplished.

8. I believe the proposed Settlement is a fair resolution of Plaintiffs' claims. Pending for some four (4) years, those claims are complicated factually, legally, and procedurally. This case was heavily litigated and contested by highly experienced and competent defense counsel. The case involved a great deal of factual investigation, legal research, briefing, oral argument, and the outlay of substantial expenses. Defendants have mounted and/or indicated they will mount a number of defenses both to the merits and to any future class certification motion. The risks and uncertainty of litigation are evident were the case to proceed to class certification and trial.

9. The proposed Settlement was reached only after discovery had begun and after substantial litigation over a number of years, including briefing on Motions to Dismiss, oral argument on those Motions, and the briefing and argument of an appeal to the Third Circuit Court of Appeals.

**Settlement Negotiations**

10. Due to the extensive motion and appellate work and preliminary discovery exchanges that preceded the settlement negotiations, all counsel had very clear understandings of the strengths and weaknesses of all parties' claims and defenses when they began negotiating and, ultimately, mediating the matter. This knowledge was furthered by the detailed pre-mediation briefing that the mediator, retired Judge Phillips, required in preparation for the May 9, 2016 mediation. Both parties further answered extensive written questions from Judge Phillips about the strengths and weaknesses of their cases on the merits, on class certification, and on their respective damages theories and defenses. The proposed Settlement was reached following intensive negotiations that included a full-day mediation before the highly-respected and experienced Judge Phillips. Additional post-mediation negotiations were also required, some of which involved Judge Phillips and/or his staff, concerning some of the proposed Settlement's terms.

11. During the month following the mediation, the parties continued negotiating and refining the details of the proposed Settlement, which was finally agreed to and fully executed on June 30, 2016. This Settlement is the product of a challenging formal mediation and lengthy negotiations by knowledgeable and experienced counsel on all sides.

12. Throughout the course of settlement negotiations, the parties considered Judge Phillips's trenchant input and guidance; the liability and damage issues, including the expert proof that damages would require; class certification risks; the issues and risks of summary judgment and/or trial; the likelihood of appeals of any rulings or judgments the trial court might issue; and the overall effect these issues and risks would have on the cost, delay, and uncertainty

of the litigation. Based on our reasoned judgment, Class Counsel believe the proposed Settlement is fair and reasonable and should be finally approved by this Court.

### The Settlement Provides Substantial Benefits to the Settlement Class

13. The potentially great size of the potential class, and the attendant ascertainability and proof of claim issues involved strongly support distribution of the Settlement Fund to six *cy pres* recipients who must agree to use the funds to promote public awareness and education and/or support research, development, and initiatives related to the security and/or privacy of Internet browsers. Such a distribution, on the facts of this case, is the highest and best use of the settlement proceeds.

14. In the Settlement, Google is providing clear assurances that it has implemented systems to instruct Safari brand web browsers to expire any cookie placed from the Doubleclick.net domain by Google if those systems encountered such a cookie—with the exception of the Doubleclick opt-out cookie—until all cookies that Google placed on Safari web browsers from the Doubleclick.net domain through February 15, 2012 would have expired by design.

15. Plaintiffs' counsel was prepared to present substantial evidence that Google's cookie circumvention violated California common law and constitutional principles, that this case was properly certifiable as a class action under Fed. R. Civ. P. 23, and that such a class should be entitled to damages and other relief. But, as the litigation, negotiations, and mediation made abundantly clear, Google was prepared with vigorous defenses on all of those issues. Given the risks and uncertainties of litigation and, in particular, privacy rights litigation, Class Counsel believe that this Settlement with Google provides meaningful benefits to the Class and is reasonable. In reaching this conclusion, Class Counsel have taken into account Google's

previous payment of approximately $39,500,000.00 to the Federal Trade Commission and various state governments to resolve claims based on the same conduct Plaintiffs alleged.

### The Notice Plan Provided the Best Notice Practicable

16. The parties proposed a detailed notice plan, which the Court found, in its August 31, 2016 Preliminary Approval Order, would provide the best practicable notice to the Settlement Class. The parties timely executed that notice plan, which included multiple forms of notice dissemination: publication notice in a leading national magazine, online advertisements on widely-viewed websites visited with Apple Safari and Microsoft Internet Explorer web browsers, and social media advertisements on the widely-used Facebook website. The concurrently-filed declaration of the Class Administrator Garden City Group contains additional information supporting the sufficiency and due process compliant notice plan.

17. Each form of notice linked and/or directed Class Members to the Long Form Notice. The Long Form Notice plainly described the Settlement's basic terms; the amount of attorneys' fees, costs, and incentive awards that Plaintiffs' counsel would seek; Class Members' opt-out and objection rights and the deadlines for doing so; and the date, time, and place of the final approval hearing.

18. As of the date of this declaration, Class Counsel have not received notice of any objections filed to the Settlement.

### Experienced Class Counsel Endorse the Settlement

19. Class Counsel, highly experienced in class action litigation, have spent a great deal of time, energy, and effort litigating this case for many years. Believing Plaintiffs' claims are strong, Class Counsel nonetheless recognize, as they must, the many challenges and uncertainties this case presents. In light of these challenges and uncertainties, and after

analyzing Google's defenses and the risks of further litigation, Class Counsel believe this Settlement is an excellent result for Class Members. Class Counsel believes, based on their long collective experience in class action litigation and privacy rights cases in particular, that the Court should find the Settlement fair, adequate, and reasonable and meriting final judicial approval.

20. I believe I, with my colleagues, have more than satisfied the test of adequate and vigorous prosecution of the Class's claims. I am an experienced jury trial lawyer and litigator. Practicing law for some thirty (30) years, I have been involved in a lead role in other MDL proceedings, large class actions, and numerous complex litigations, especially over the last twelve (12) years. Reflecting that experience, this Court appointed my firm, with my two colleagues on the Executive Committee, as interim Class Counsel under Rule 23(g)(3) of the Federal Rules of Civil Procedure. (D.I. 44.) The Court noted our firms' "experience in large class actions and with substantial privacy rights litigation," our "impressive credentials and the underlying qualifications to serve as lead counsel," our "understanding of the legal issues," our "work to identify or investigate potential claims," and "the resources [we] will bring to bear on behalf of the putative class." (*Id.* at 3–4.)

21. I have substantial experience in complex class actions, particularly including a privacy rights case similar to this one, *In Re: Facebook Internet Tracking Litigation*, No. 5:12-md-2314-EJD (N.D. Cal.), in which I am also serving as Co-Lead Counsel. I have extensively researched, briefed, and handled oral argument on the legal issues implicated in these privacy rights cases, including, for example, those under the federal Wiretap Act, Consumer Fraud and Abuse Act, Stored Communications Act, and state statutory and common law privacy claims. I am currently one of three co-lead counsel in the putative class action *In Re: National Hockey*

*League Players' Concussion Injury Litigation*, MDL No. 14-2551 (SRN/JSM) (D. Minn.). Among my other work in that case, I have taken more depositions (including those of the NHL's Commissioner and Deputy Commissioner) than any other Plaintiffs' counsel, briefed and handled the oral argument successfully leading to the right to depose the NHL's Commissioner, and conducted the oral argument for Plaintiffs in defeating the Defendant's motion to dismiss the case on Section 301 L.M.R.A. preemption grounds. I am also heavily involved in a lead role in the putative class action *Evans v. Arizona Cardinals Football Club*, No. 3:16-cv-01030-WHA (N.D. Cal.), as I was in the putative class action *Richard Dent, et al. v. National Football League*, No. C 14-02324-WHA (N.D. Cal.). I have played substantial roles in securities and corporate governance class actions as well, including in the Delaware Court of Chancery.

22. Our previous submissions to the Court set forth STSW's and my own substantial experience in complex civil and class action litigation, warranting STSW's appointment as co-lead counsel in this case. I will not repeat those qualifications here. Most importantly for present purposes, that long experience supports my conclusion that the proposed Settlement deserves approval as fair, adequate, and reasonable.

23. Summarizing, the proposed Settlement provides a reasonable and certain recovery to the Class against an array of difficult legal, factual, and procedural defenses. The Settlement was reached only after substantial litigation and appellate work over the course of many years. The Settlement was negotiated and drafted by very experienced counsel on both sides who were highly knowledgeable about the facts and law applicable to the claims and defenses at the time the Settlement was negotiated, reached, refined, and executed. The proposed Settlement meets the criteria for final approval because it is fair, reasonable, and adequate under all the circumstances.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 7th day of December, 2016, at Baltimore, Maryland.

/s/   Stephen G. Grygiel