# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE GOOGLE INC. COOKIE PLACEMENT CONSUMER PRIVACY LITIGATION | Case No. 12-MD-2358 (SLR) |
| This Document Relates to: All Actions | |

## [PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND JUDGMENT

WHEREAS, this matter has come before the Court pursuant to Plaintiffs' Motion for Final Approval of Class Action Settlement with Defendant Google Inc. (the "Motion");

WHEREAS, the Court finds that it has jurisdiction over this action and each of the parties for purposes of settlement;

WHEREAS, the Court has held a Final Fairness Hearing on January 11, 2017; and

WHEREAS, the Court has considered all of the submissions related to the Motion and is otherwise fully advised in the premises;

IT IS HEREBY ORDERED THAT:

1. The terms of the Settlement Agreement between Plaintiffs and Defendant Google Inc. ("Defendant" or "Google"), dated June 30, 2016 (the "Agreement"), attached as Exhibit A to the Declaration of Brian R. Strange filed in support of the Motion, are hereby approved. This Order incorporates herein, and makes a part hereof, the Agreement. Unless otherwise provided herein, the terms defined in the Agreement shall have the same meanings herein. The Agreement was entered into only after extensive arm's-length negotiations by experienced counsel. The Court finds that effective Notice of the Proposed Agreement was given to the Class and that the Class Settlement embodied in the Agreement (the "Class Settlement") is fair, reasonable, and adequate. In making this determination, the Court has considered the current posture of this litigation and the risks and benefits to the parties involved in both settlement of these claims and continuation of the litigation.

2. The Settlement Class[1] is defined and certified as follows:

---

[1] Excluded from the Class are (1) Google, its parent, subsidiaries, successors, affiliates, officers, and directors; (2) the judge(s) to whom this case is assigned and any member of the judge's or judges' immediate family; (3) Persons who have settled with and released Google from

2

>All persons in the United States of America who used the Apple Safari or Microsoft Internet Explorer web browsers and who visited a website from which Doubleclick.net (Google's advertising serving service) cookies were placed by the means alleged in the Complaint.[2]

3. The Court finally finds that the Settlement Class meets all the applicable requirements of Federal Rules of Civil Procedure 23(a) and (b)(2) and hereby certifies the Settlement Class. The Court hereby finds, in the specific context of the Class Settlement, that:

>a. Numerosity
>
>The Settlement Class consists of millions of members located throughout the United States and satisfies the numerosity requirement of Federal Rule of Civil Procedure 23(a). Joinder of these widely dispersed, numerous Settlement Class Members into one suit would be impracticable.
>
>b. Commonality
>
>Common questions of law and fact, with regard to the alleged activities of Google, exist for each of the Settlement Class Members. These issues are central to this case and are sufficient to establish commonality.
>
>c. Typicality
>
>Plaintiffs' claims in this litigation are typical of the claims of the Settlement Class Members. Therefore, in the context of this Settlement, the element of typicality is satisfied.
>
>d. Adequate Representation

---

individual claims substantially similar to those alleged in the Litigation; and (4) Persons who submit a valid and timely Request for Exclusion.

[2] The Complaint alleges that in 2011–2012, users of Apple Safari or Microsoft Internet Explorer web browsers that were set to accept cookies only from "visited" sites or to block cookies from "third parties and advertisers" who visited a non-Google website containing an advertisement served by Doubleclick.net (Google's advertising serving service) and who did not already have a cookie from the Doubleclick.net domain would have received one as a result of this visit because of means employed by Google to set cookies under these circumstances.

3

Plaintiffs' interests do not conflict, and are co-extensive, with those of absent Settlement Class Members. Additionally, this Court recognizes the experience of Class Counsel—Strange & Butler LLP, Bartimus, Frickleton & Robertson, P.C., and Silverman, Thompson, Slutkin, White—and finds under Federal Rule of Civil Procedure 23(g), that the requirement of adequate representation of the Settlement Class Members has been fully met.

e. Rule 23(b)(2)

As to the remedial relief provided by the Settlement Agreement, Google has acted on grounds that apply generally to the Settlement Class, so that final injunctive relief is appropriate respecting the Settlement Class as a whole.

4. The Court appoints Named Plaintiffs Jose M. ("Josh") Bermudez, Nicholas Todd Heinrich, and Lynne Krause as Class Representatives. Based upon the Court's familiarity with the claims and parties, the Court finally finds that these designated representatives are appropriate representatives for settlement purposes and appoints them as Class Representatives.

5. The Court further finds that the following firms fairly and adequately represent the interests of the Settlement Class and hereby confirms them as Settlement Class Counsel pursuant to Federal Rule of Civil Procedure 23(g): Strange & Butler LLP, Bartimus, Frickleton & Robertson, P.C., and Silverman Thompson Slutkin White.

6. The Court has considered the notice to Class Members that were made consistent with the Settlement Agreement and the Court's Order Preliminarily Approving the Settlement (D.I. 166), and finds that the forms, content, and manner of Notice meet the requirements of due process and Federal Rule of Civil Procedure 23(c) and (e), constitute reasonable, sufficient, and appropriate notice under the circumstances, and satisfy the constitutional requirements of notice. The Court further finds that the Notice Program constituted the best notice practicable under the circumstances given the size of the Settlement Class, the lack of addresses for direct notice, and the method by which Class Members were allegedly harmed.

7. The Court finds that the persons identified in **Exhibit A** attached hereto have timely and validly requested exclusion from the Class, and are, therefore, excluded accordingly. Such persons are not included in or bound by the Final Judgment in this Action. Such persons are not entitled to any recovery obtained through this Settlement.

8. The Court, having considered the timely objections to the Settlement, as well as Plaintiffs' responses filed on January 4, 2017, and any oral argument as to these objections, hereby overrules all such objections.

9. The Court hereby dismisses on the merits and with prejudice the claims asserted in the Litigation by Plaintiffs against Google.

10. In accordance with the terms of the Settlement, the Releasing Parties hereby fully, finally, and forever release, relinquish, and discharge against each of the Released Parties and all persons acting through, under, or in concert with each such Released Party, all claims in the Action. Specifically, the Releasing Parties release any and all past, present, or future claims, causes of action, suits, petitions, demands in law or equity, or any allegations of liability or damages, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interest ,or expenses that have been, may be, or could be asserted in the Action, arising out of, or relating to the Litigation or the subject matter of the Litigation.

11. Without affecting the finality of the Final Judgment in any way, the Court hereby retains continuing and exclusive jurisdiction over and for the purposes of: (a) implementation of the Settlement and any distribution(s) to *cy pres* recipients as authorized under the Settlement; (b) hearing and determining Plaintiffs' Motion for Award of Attorneys' Fees, Expenses, and Incentive Awards; (c) Defendants until the Final Judgment contemplated hereby has become effective and each and every act agreed to be performed by the Parties has been performed

pursuant to the Settlement; and (d) all Parties and Class Members for the purpose of enforcing and administering the Settlement.

12. In the event the Settlement does not become effective, then the judgment shall be rendered null and void and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void and the Parties shall be returned to their respective positions *ex ante*.

13. The Court finds, pursuant to Federal Rules of Civil Procedure 54(a) and 54(b), that Final Judgment should be entered as to the Parties in this Litigation. Accordingly the Clerk is hereby directed to enter judgment forthwith.

**IT IS SO ORDERED.**


Date: _____            _____
                                              Hon. Sue L. Robinson
                                              United States District Judge

# EXHIBIT A

# IN RE GOOGLE INC COOKIE PLACEMENT CONSUMER PRIVACY LITIGATION
# EXCLUSION REQUESTS

| GCG ID NO. | CLASS MEMBER NAME | UNTIMELY | UNSIGNED |
|---|---|---|---|
| B4E535D02C | AKIKO DUNN | | |
| C395C9BF85 | ALAN LANSING | | |
| 609F01BCE3 | ALEKSANDR Y SHINKAREV | | |
| 5004E9094B | ALESIA JACKSON | | |
| D8576D76A5 | ANDREY SHLOMOVICH | | |
| A918648630 | ANITRA MURPHY | | |
| 1113BDD2E6 | BRADDOCK BUCK DEANGELO | | |
| 0A5BDF6236 | BRYAN MURPHY | | |
| F6CEEFE734 | CAMERON CORNELISON | | |
| 59E7A68549 | CHARLES E RICHARDSON | | X |
| 2C3D6535C6 | CHARLES JACKLIN | | |
| 7457060D41 | CHARLES RICHARDSON | | |
| 2D675464D7 | CHRISTOPHER GALBRAITH | | |
| 34904D73FB | CODY THOMSON-ESQUER | X | |
| 7D1F2D7B47 | DEANGELO BRADDOCK | | |
| F16BF035C1 | DOREEN M CAOUETTE | | |
| 04AED75C43 | DWAYNE HAWKINS-LODGE | | |
| CAD886200A | EMANUEL HAJEK | | |
| EBCCE4518F | GARY RICHARDSON | | |
| C111B7C04C | GEROD GREEN | | |
| DC5A7CED01 | GLENDA JOHNSON | | |
| 485D8F69EA | GLENNA O'DELL | | |
| 97A52D8C4A | JAMES COBB | | |
| 37D5FC861D | JAMES L NELSON JR | | |
| 9E12FA2824 | JAMES WALTON | | |
| 1B3A58CE36 | JENNIFER SIMONIAN | | |
| 18C456CD80 | JESSICA BROWN | | |
| 8A3F6127C0 | JESSICA BROWN | | |
| C5179FA632 | JESSICA BROWN | | |
| E623AA70EB | KAREN FENNESSEY | | |
| 264767730C | KIN WAH KUNG | | |
| 344DC93545 | MARIA ZAPOLSKI | | |
| 4E38C388EC | MARINA SHLOMOVICH | | |
| AD69E16E0C | MARY REPINE | | |
| 4E248D3080 | MICHAEL BROWN | | |
| D5F1F7F5C4 | MICHAEL BROWN | | |

# IN RE GOOGLE INC COOKIE PLACEMENT CONSUMER PRIVACY LITIGATION
# EXCLUSION REQUESTS

| GCG ID NO. | CLASS MEMBER NAME | UNTIMELY | UNSIGNED |
|---|---|---|---|
| A89FE75E77 | MICHELLE SHLOMOVICH | | |
| E86A9EB8A0 | MOHAMAD HAKKANI | | |
| 22A8716654 | PETRA HAYEK | | |
| 6F6B6BCB5A | PHYLLIS BYRD | | |
| 603EFF417A | RACHELLE REESE | | |
| E52A4866E2 | RICHARD HAYEK | | |
| CF4B00E930 | RONY YARDEN | | |
| 91F80D4144 | SHARD MASON | | |
| 2F35BB7580 | SHERONDA WILLIAMS | | |
| 2C50A485E7 | SMITH TRATICA | | |
| BC9C044FF3 | SONJI LANGFORD | | |
| 6BE7BD15DD | STEPHANIE WARD | | |
| D2791B6886 | TODD DORDAN | | |
| 8E8E55C18E | TRATICA SMITH | | |
| E2D29C8163 | UNITA FAY MITCHELL | | X |