UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE GOOGLE INC. COOKIE ) <br> PLACEMENT CONSUMER PRIVACY ) <br> LITIGATION ) <br> ) <br> _____) <br> ) <br> **This Document Relates to:** ) <br> **ALL ACTIONS** ) <br> ) <br> _____) | Case No. 12-MD-2358 (SLR) |

## DECLARATION OF BRIAN R. STRANGE IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, EXPENSES, AND INCENTIVE AWARDS

**SILVERMAN THOMPSON SLUTKIN WHITE**
Stephen G. Grygiel (DE Bar ID 4944)
201 N. Charles Street, 26th Floor
Baltimore, MD 21201
Tel: 443-909-7516
*sgrygiel@mdattorney.com*

*Executive Committee Member*

**STRANGE & BUTLER LLP**
Brian Russell Strange
12100 Wilshire Blvd., Suite 1900
Los Angeles, CA 90025
Tel: 310-207-5055
*bstrange@strangeandbutler.com*

*Executive Committee Member*

**BARTIMUS, FRICKLETON, and ROBERTSON, P.C.**
James P. Frickleton
Mary D. Winter
Edward D. Robertson, Jr.
11150 Overbrook Road, Suite 200
Leawood, KS 66211
Tel: 913-266-2300
*jimf@bflawfirm.com*

*Executive Committee Member*

I, Brian R. Strange, declare:

1. I am an attorney licensed to practice in California and am a partner at the law firm Strange & Butler LLP. I am one of three court-appointed Executive Committee members (including Bartimus, Frickleton & Robertson, P.C. and Silverman Thompson Slutkin White), all of which were also appointed as Class Counsel on October 2, 2013. I make this declaration in support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Incentive Awards ("Motion"), together with the Declarations of James P. Frickleton of Bartimus, Frickleton & Robertson, P.C and Steven G. Grygiel of Silverman Thompson Slutkin White. Throughout the arm's-length settlement negotiations with Defendant Google Inc. ("Google"), all three Executive Committee members shared in the decision-making to ensure the best possible settlement outcome for all Class Members. The declarations of Messrs. Frickleton and Grygiel more fully discuss the work of their firms related to this litigation. I am familiar with the facts stated in this declaration based upon my participation in all aspects of the settlement negotiations and discussions. I make this declaration of my own personal knowledge and, if called to testify, I could and would competently testify hereto under oath.

**Cohesive Efforts of Counsel**

2. From the beginning of this action, my firm along with the other members of the Executive Committee, took immediate action to coordinate with other counsel to compose a leadership structure to ensure the efficient and orderly prosecution of this MDL action and provide the best possible strategy and representation for Plaintiffs and Class Members. We took the initiative in preparing a proposed application for interim lead counsel, preparing a proposed ESI protocol order, and proposed stipulated protective order. We demonstrated the willingness and ability to commit to the MDL action, to efficiently and expeditiously organize and advance

the MDL action, and coordinate numerous law firms—all of which were essential functions in leading and managing this MDL action.

3. The Executive Committee members have jointly litigated the MDL action and shared in the decision-making and work performed. Throughout the MDL action, we ensured that the necessary tasks were allocated among the Executive and Plaintiffs' Steering Committees appropriately and were conducted efficiently, without undue duplication of effort, and at minimal expense. We worked and continue to work very efficiently together and complement each other's work and skill-sets. Not being paid by the hour, we had and continue to have an incentive to conduct our efforts efficiently. So too, being responsible not to expend funds unnecessarily. My firm's representation was performed purely on a contingency fee basis without any assurance that there would be any recovery of attorneys' fees or expenses.

4. My firm, along with the other Executive Committee members and Plaintiffs' Steering Committee members, performed numerous tasks in litigating the MDL action that benefited all Class Members. As an Executive Committee member, I participated in conference calls with the Executive and Plaintiffs' Steering Committees; participated in investigations; analyzed claims and damages; participated in every aspect of the litigation; attended court appearances; was involved in drafting pleadings, responses to motions, and communicating with opposing counsel; was involved in the propounding of and responding to discovery requests; prepared and participated in the successful appeal of this Court's Order on Google's motion to dismiss to the Third Circuit; was involved in the preparation of the petition for certiorari to the Supreme Court following the Third Circuit's decision; and participated heavily in the briefings, negotiations, and mediation that lead to the settlement with Google.

5.  As an Executive Committee member, we coordinated the work of the other lawyers as well as scheduling and participating in conference calls and meetings when necessary. It was imperative to delegate assignments for each given task to avoid duplicate efforts and to ensure all aspects of the litigation were well covered. It was essential that the firms worked closely and efficiently together to achieve success in the litigation and settlement.

6.  Through coordinated efforts and participating in assignments effectively, the Executive and Plaintiffs' Steering Committees, among other things: prepared a consolidated class action complaint; opposed and argued their opposition to Google's motion to dismiss; briefed and argued their appeal of this Court's Order dismissing the case to the Third Circuit Court of Appeals; drafted the petition for certiorari to the United States Supreme Court; propounded and responded to discovery; and briefed and attended the mediation leading to this Settlement.

7.  The Executive Committee members have performed a thorough investigation of the technical and factual issues in the case, including engaging and consulting with experts, analyzing the legal claims and defenses in light of the tricky permutations of cyberspace "transit" and "storage," and learned not just the contours but the substance of the rapidly evolving law of the Wiretap Act and Stored Communications Act.

**Settlement Negotiations**

8.  The terms of the Settlement and substantial benefits to the Class were agreed upon and finalized before discussion of any amount of attorneys' fees. I was involved in the mediation and subsequent discussions that ultimately led to this Settlement for many months. The Settlement was reached following extensive good faith arms'-length negotiations. My firm was abundantly involved in the settlement process including: researching and drafting Plaintiffs'

mediation briefs; discussions and telephone calls with the mediator and/or his staff; attendance at the all-day mediation before Judge Phillips on May 9, 2016; participation in several post-mediation phone calls between counsel, which sometimes involved the mediator and/or his staff; and negotiating the final terms of the Settlement with Google.  In addition, after the Settlement was memorialized in writing, my firm researched potential claim administration firms to handle the Notice program; coordinated the Notice program with opposing counsel; and drafted and filed the preliminary approval of settlement documents.

9. The Settlement confers substantial benefits upon the Class, particularly in light of the costs, uncertainties, delays, and other risks associated with continued litigation, trial, and/or appeal.  The Settlement Agreement resulted from, and is the product of, extensive negotiations and analysis by knowledgeable and experienced Class Counsel.

10. Class Counsel have responded and continue respond to e-mails and letters from Class Members.  Even after the final approval hearing on the Settlement, Class Counsel will continue to respond to Class Members.

**Strange & Butler's Lodestar**

11. My firm has spent considerable efforts to investigate and prosecute the claims against Google, including 2019.20 hours of partner, associate, and paralegal time.  The attorney hourly rates requested, ranging from $325.00 to $950.00, are entirely reasonable given the skill and experience of the attorneys involved, and the risk and complexity of this litigation.

12. My firm keeps their time contemporaneously with the work performed.  The total number of attorney hours spent by my firm is 1743.40, the total number of paralegal hours is 275.80, and our total lodestar is $1,252,181.50.  The lodestar figure is based on the ordinary professional billing rate that my law office charges in all cases.  Expenses are accounted for and

billed separately and are not duplicated in our professional billing rate. Time expended in preparing this Declaration was not included in this request. This time breaks down as follows[1]:

| Task Category | Hours | Lodestar |
|---|---|---|
| Case Management/Legal Strategy | 504.10 | $312,217.00 |
| Class Certification | 17.80 | $14,625.40 |
| Court Appearances | 45.30 | $40,082.10 |
| Discovery | 98.50 | $54,376.60 |
| Investigation | 1.90 | $1,064.50 |
| Pleadings/Legal Research | 981.20 | $578,329.90 |
| Settlement | 370.40 | $251,486.00 |
| **TOTAL:** | **2019.20** | **$1,252,181.50** |

| Title | Hours | Total Lodestar |
|---|---|---|
| Partners | 930.00 | $786,241.50 |
| Associates | 813.40 | $389,556.00 |
| Paralegals | 275.80 | $76,384.00 |
| **TOTAL:** | **2019.20** | **$1,252,181.50** |

| Name | Hourly Rate[2] | Hours | Lodestar |
|---|---|---|---|
| Brian R. Strange (P) | $797–950 | 854.4 | $731,431.50 |
| Gretchen Carpenter (P) | $725 | 75.6 | $54,810.00 |
| David Holop (A) | $425 | 512 | $217,600.00 |
| John Ceglia (A) | $375–625 | 263.2 | $152,755.00 |
| John Kristensen (A) | $550 | 0.2 | $110.00 |
| Keith Butler (A) | $550 | 0.2 | $110.00 |
| Adrian Bacon (A) | $325 | 15.9 | $5,167.50 |
| Morvareed Salehpour (A) | $625 | 20.1 | $12,562.50 |
| Cindy Reichline (A) | $695 | 1.8 | $1,251.00 |
| Jill Hood (PL) | $280–300 | 189.7 | $54,012.00 |
| Carlo Aguilar (PL) | $235 | 36 | $8,460.00 |
| Greg Tatum (PL) | $235–300 | 50.1 | $13,912.00 |
| **TOTAL:** | | **2019.20** | **$1,252,181.50** |

---

[1] Because the detailed records maintained by my firm may contain privileged information, I include summary versions of our time reports in this declaration. Should the Court require the detailed time records, I can provide them to the Court for *in camera* review.

[2] Strange & Butler raised the rates charged by some of the attorneys during the more than four year course of this litigation. The rates charged in this case are standard for all cases Strange & Butler works on. Those rate changes are indicated as ranges in the chart below.

**Strange & Butler's Out-of-Pocket Expenses**

13. My firm has incurred unreimbursed out-of-pocket expenses in the amount of $24,707.10. These expenses were necessary and reasonably incurred in the prosecution of this action. The actual expenses incurred in the prosecution of this litigation are reflected on the computerized accounting records of my firm. These accounting records are prepared from and based on receipts, check records, and other source materials and represent an accurate recordation of the expenses incurred.

| Itemized Expense | Amount |
|---|---|
| Contribution/Assessment | $10,000.00 |
| Photocopies/Scans | $747.25 |
| Court Fees, Filing Fees | $350.00 |
| Computer Research (Legal, Online, etc.) | $3,228.42 |
| Telephone/Conference Call Charges | $1,241.31 |
| Postage | $675.83 |
| Facsimiles | $17.00 |
| Service of Process Fees | $554.95 |
| Travel Non-Local | $6,696.00 |
| Parking | $90.33 |
| Meals | $1,106.01 |
| Less reimbursement from PointRoll Settlement | $5,121.55 |
| **TOTAL:** | **$19,585.55** |

**Experienced Class Counsel**

14. I have taken a leadership role in numerous large and complex multidistrict litigations and class actions, and have achieved extraordinary results for clients and class members. For example, my trial victories include a $160 million judgment against the principals of an investment scam in a case tried in Los Angeles Superior Court in 1991; a $21 million punitive damage verdict against First State Insurance Company, reportedly one of the largest punitive damage verdicts in California in 1993; and the first punitive damage verdict in 17 years in a courtroom in Santa Barbara on behalf of a homeless family in 1993. Over the past 30 years participating in complex cases, I have been involved in noted mass disaster cases, such as the

MGM Grand Hotel fire litigation, the "Crandall" gem case, the San Juan Dupont Plaza Hotel fire litigation in Puerto Rico, litigation arising out of the Iran-Contra scandal, and numerous national class actions. Since 2000, I have acted as lead counsel in several class action cases with settlements obtained in excess of $500 million, including settlements with the nation's largest corporations, and have successfully concluded settlements for class members in excess of $100 million in the last few years. I have been involved in cases at the forefront of Internet law in the last few years and have been lead counsel in numerous class actions related to credit cards and online issues, including both for and against the nation's largest corporations. I was designated as a Southern California Super Lawyer in 2010, 2011, 2012, 2013, 2014, 2015, and 2016.

Representative Matters

- *In re Sony Gaming Networks & Customer Data Security Breach Litigation*, MDL No. 2258 (S.D. Cal.). I was appointed to the Plaintiffs' Steering Committee by the Honorable Anthony J. Battaglia.

- *In re Polyurethane Foam Antitrust Litigation*, MDL No. 2196. I was approved by the Honorable Jack Zouhary to serve on the Plaintiffs' Executive Committee in a multidistrict antitrust litigation involving allegations of price fixing in the sale of polyurethane foam. The case in the Northern District of Ohio was considered one of the nation's largest antitrust cases in the last decade.

- *In re Payment Card Interchange Fee & Merchant Discount Antitrust Litigation*, MDL No. 1720. I represent and advise clients seeking non-class recoveries from payment card networks and their member banks based on allegations of anticompetitive conduct in the payment card industry.

- *Social Ranger v. Facebook* (D. Del.). I represent a virtual-currency service provider in a case involving allegations of monopolization and tying against Facebook.

- *Toyota Motor Cases*, J.C.C.P. 4621. I was appointed Co-Lead Class Counsel by Los Angeles Superior Court Judge Anthony Mohr in this California state coordinated proceeding involving allegations of unintended acceleration in Toyota vehicles.

- *Hall, et al. v. AT&T Mobility LLC f/k/a Cingular Wireless LLC, et al.*, Case No. 07-05325. I served as lead Class Counsel in a nationwide settlement against AT&T Mobility LLC regarding flat-rate early termination fees for mobile phones. The case was venued in the District of New Jersey.

- *Simonet, et al. v. GlaxoSmithKline, et al.*, Case No. 06-1230. I served as lead counsel in this case involving the anti-depressant drug Paxil. The case was venued in the District of Puerto Rico.

Representative Publications

- Privacy: Is it Legal "Tracking" or an Illegal Wiretap? (Advocate, July 2012)

- Into the Breach—Plaintiffs have been Increasingly Successful in Gaining Injunctive Relief for Online Security Breaches (Los Angeles Lawyer, February 2012)

- Competition Law Damage Recovery Actions: A Status Report on Europe and the United Kingdom (American Bar Association, November 2012)

- Municipalities: Welcome to the Antitrust Restraints of the Free Market (Century City Bar Journal, Spring 1982)

Representative Speaking Engagements

I have lectured on class actions before various organizations, including the California State Bar, the Practicing Law Institute, and various consumer attorney organizations. In March

2012, I spoke in Tokyo, Japan at the International Seminar on Consumer Litigation in Japan, the United States, and China. The seminar was held jointly by the Japan Federation of Bar Associations and the American Bar Association and involved legal experts from these three countries focusing on recent trends and issues in class action consumer lawsuits and cross-border consumer litigation in their respective countries.

15. Strange & Butler worked diligently on behalf of Class Members on a contingency fee basis for more than four years and at substantial risk of never being compensated for the thousands of hours they devoted to this litigation or their out-of-pocket expenses. I believe this Settlement is fair and reasonable and in the best interests of the Class Members.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 7th day of December 2016, at Los Angeles, California.

/s/ Brian R. Strange
Brian R. Strange
