
# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE GOOGLE INC. COOKIE PLACEMENT CONSUMER PRIVACY LITIGATION<br><br><br>**This Document Relates to:**<br>**ALL ACTIONS** | ) ) ) ) ) ) ) ) ) ) ) Case No. 12-MD-2358 (SLR) |

## DECLARATION OF STEPHEN G. GRYGIEL IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, EXPENSES, AND INCENTIVE AWARDS

**SILVERMAN THOMPSON SLUTKIN WHITE**
Stephen G. Grygiel (DE Bar ID 4944)
201 N. Charles Street, 26th Floor
Baltimore, MD 21201
Tel: 443-909-7516
*sgrygiel@mdattorney.com*

*Executive Committee Member*

**STRANGE & BUTLER LLP**
Brian Russell Strange
12100 Wilshire Blvd., Suite 1900
Los Angeles, CA 90025
Tel: 310-207-5055
*bstrange@strangeandbutler.com*

*Executive Committee Member*

**BARTIMUS, FRICKLETON, and ROBERTSON, P.C.**
James P. Frickleton
Mary D. Winter
Edward D. Robertson, Jr.
11150 Overbrook Road, Suite 200
Leawood, KS 66211
Tel: 913-266-2300
*jimf@bflawfirm.com*

*Executive Committee Member*

I, Stephen G. Grygiel, declare:

1. I am an attorney licensed to practice in Delaware, Maine, Massachusetts, New York, and Maryland, and am a partner in the law firm Silverman, Thompson, Slutkin & White, LLC ("STSW").[1] I am one of three Court-appointed Executive Committee members, with Brian R. Strange of Strange & Butler LLP and James P. Frickleton of Bartimus, Frickleton & Robertson, P.C.

2. I make this declaration in support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Incentive Awards ("Fee Motion"), together with the Declarations of James P. Frickleton of Bartimus, Frickleton & Robertson, P.C. ("Frickleton Declaration" and Brian R. Strange of Strange & Butler LLP ("Strange Declaration"), of even date and filed contemporaneously with this Declaration.

3. I have reviewed the Strange Declaration, which accurately recites the shared decision-making of the Executive Committee, and efficiently coordinated efforts of the Executive and Plaintiffs' Steering Committees. I will not repeat those facts here.

4. I have also reviewed the Frickleton Declaration, which also accurately reflects the Executive Committee's and Plaintiffs' Steering Committee's efforts in this case

5. Throughout the arm's-length settlement negotiations with Defendant Google Inc. ("Google"), all three Executive Committee members participated in the decision-making to ensure a fully-vetted, best possible settlement outcome for all Class Members.

6. I am personally familiar with the facts in this declaration based upon my own participation in all phases of the litigation and settlement. I make this declaration of my own personal knowledge; if called to testify, I could and would competently testify hereto under oath.

---

[1] For purposes of this Declaration, STSW includes my previous firm, Keefe Bartels.

7. With the other Executive Committee members and Plaintiffs' Steering Committee members, I did a great deal of work, in every phase of this MDL action, to benefit all Settlement Class Members. I participated in numerous conference calls with the Executive and Plaintiffs' Steering Committees, investigated the case's facts, worked with potential experts, researched liability theories and claims, and read and analyzed countless cases in the complicated and evolving law of cyberspace privacy. I attended court appearances; researched, analyzed, and drafted a court filing dealing with the intervention issue posed by a separate case in the Eastern District of New York; and handled a substantial portion of the oral argument on the Defendants' Motions to Dismiss all of Plaintiffs' claims.

8. Compiling numerous binders of carefully read and marked-up cases relevant to each of our claims, I did a great deal of the research for and drafting of our court filings, including the Consolidated Class Action Complaint. I was extensively involved in researching and briefing Plaintiffs' responses to Google's and the other Defendants' dismissal motions. I was involved in communications with opposing counsel, participated in drafting and responding to discovery requests, and helped to prepare the briefing for and oral argument on the successful appeal to the Third Circuit Court of Appeals of this Court's Order on Google's motion to dismiss. I was involved in the preparation of the petition for certiorari to the Supreme Court following the Third Circuit's decision. I drafted portions of Plaintiffs' Mediation Statement and researched and drafted many of our detailed answers to the Mediator's subsequent searching and numerous questions about the strengths and weaknesses of Plaintiffs' liability and damages positions. I was personally involved in the discussions and negotiations that produced the settlement with Google. I did substantial work in analyzing the issues presented by, and drafting

the Plaintiffs' reply to, Defendants' response to the Supreme Court's request for responses to Plaintiffs' petition for certiorari on the Third Circuit's ruling.

9. The Executive Committee negotiated and reached agreement on the settlement terms before undertaking any discussion regarding the amount of any attorneys' fees. All three Executive Committee members were directly involved in the settlement process.

**STSW's Lodestar**

10. My firm spent substantial time and money to investigate and prosecute the claims against Google. The total time is 994.7 hours of partner and paralegal time, exclusive of time spent preparing this Declaration and substantial time reviewing and revising various submissions for the final settlement approval hearing.

11. My firm recorded its time contemporaneously with the work performed. STSW's attorneys' hours total 964.1 and paralegals' hours total 30.6. STSW's total lodestar is $848,285, based on the firm's ordinary professional billing rates in similar cases.[2] STSW has not included in these lodestar hours either the time expended in preparing this Declaration, or in drafting, reviewing, and revising other final settlement documents.

**STSW's Out-of-Pocket Expenses**

12. In prosecuting this case, STSW reasonably and necessarily incurred unreimbursed out-of-pocket expenses of $28,088.69. These expenses were necessary and reasonably incurred. The actual expenses incurred in the prosecution of this litigation are reflected on STSW's computerized accounting records derived from original source materials and accurately represent the expenses incurred.

---

[2] A summary chart of this lodestar is attached hereto as **Exhibit A**. Because STSW's contemporaneous timesheets contain a substantial amount of privileged information, STSW is not attaching them here but would supply them to the Court *in camera* should the Court request them.

| Itemized Expense | Amount |
|---|---:|
| Contribution/Assessment | $6,468.93 |
| Photocopies/Scans | **$0** |
| Court Fees, Filing Fees | $0 |
| Computer Research (Legal, Online, etc.) | $16,804.53 |
| Telephone/Conference Call Charges | $113.28 |
| Postage | $0 |
| Facsimiles/Printing | $165.00 |
| Service of Process Fees | $0 |
| Travel Non-Local | $4,389.35 |
| Parking | $14.00 |
| Meals | $133.60 |
| **TOTAL:** | **$ 28,088.69** |

13. Plaintiffs' Fed. R. Civ. P. 23(g) submission (D.I. 28), and my Declaration in Support of Motion for Final Approval of Class Action Settlement filed contemporaneously herewith, detail my experience in MDL cases, large class actions, and other complex litigation, and are incorporated by reference here. In light of that long experience, the facts and circumstances of this case, the entirely contingent nature of any recovery, and the legal work done and results obtained, I believe this Settlement is fair, adequate, and reasonable, and that the Fee Motion should be granted.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 7th day of December 2016, at Baltimore, Maryland.

　　　　　　　　　　　　　　　　　　　　　　/s/   Stephen G. Grygiel
　　　　　　　　　　　　　　　　　　　　　　Stephen G. Grygiel

# EXHIBIT A

# EXHIBIT A
# STSW LODESTAR[1]

- Investigations, Factual Research:        25 hours

- Discovery                                10 hours

- Pleadings, briefs, motions, legal research    781 hours

- Court Appearances                        12 hours

- Settlement                               70.8 hours

- Lit. Strategy, Analysis, Case Management    84.6 hours

- Class Certification                      11.3 hours

| Title | Hours | Total Lodestar |
|---|---|---|
| Partners (Stephen G. Grygiel) | 964.5 ($650/hr, $850/hr) | $841,277.50 |
| Paralegals (Desirena Farmer, Pat Tarter) | 30.2 ($200/hr; $175/hr) | $7007.50 |
| **TOTAL:** | 994.7 | $848,285.00 |

---

[1] This lodestar derives from STSW's daily time records; the category breakdown results from a review of monthly work-by-category spreadsheets. Created for administrative purposes, the seven categories inevitably overlap. For example, legal research done to answer the Mediator's questions about the strengths and weaknesses of Plaintiffs' case could be assigned either to the "legal research" or "settlement" category. No work was assigned to more than one category.