| | |
|---|---|
| IN RE GOOGLE INC. COOKIE PLACEMENT CONSUMER PRIVACY LITIGATION<br><br>This Document Relates to:<br>All Actions | Case No. 12-MD-2358 (SLR) |

### [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND INCENTIVE AWARDS

AND NOW, this _____ day of _____, 2017, upon consideration of Class Counsel's Motion for Attorneys' Fees, Expenses, and Incentive Awards for Class Representatives, the supporting Memorandum, and the Declarations and exhibits attached thereto (the "Motion"), and the record in this case,

It is hereby ORDERED that the Motion is GRANTED.

Class Counsel moved under Federal Rules of Civil Procedure 23(h) and 54(d)(2) for an award of attorneys' fees and reimbursement of litigation costs and expenses from the Settlement Fund, which collectively totals $5.5 million. In deciding the Motion, the Court makes the following findings of fact and sets forth its conclusions of law pursuant to Federal Rules of Civil Procedure 23(h) and 54(d) and awards Class Counsel $2,406,070.74 as reasonable attorneys' fees and reimbursement of reasonable litigation costs and expenses of $90,929.26.

(1) The Settlement with Defendant Google Inc. ("Google") confers substantial benefits on the Settlement Class and the value of the Settlement is readily quantifiable.

(2) Class Counsel vigorously and effectively pursued Plaintiffs' and the Class' claims. These efforts to date have included factual investigation, drafting complaints, briefing and arguing motions to dismiss, engaging in and responding to discovery, successful appellate work before the Third Circuit Court of Appeals, briefing of a petition for certiorari to the United

States Supreme Court, successfully negotiating the terms of the Settlement with Google, and other work for the benefit of Plaintiffs and the Class.

(3) The amount of the Settlement constitutes a "common fund." It has long been recognized that attorneys who recover a fund for others are entitled to reasonable attorneys' fees from that fund.

(4) Under Federal Rule of Civil Procedure 23(h), "[i]n a certified class action, the court may award reasonable attorneys' fees and non-taxable costs that are authorized by law or by the parties agreement."

(5) Under Federal Rule of Civil Procedure 23(h)(1), the request for an award of attorneys' fees and non-taxable costs in a class action must be made by motion under Federal Rule of Civil Procedure 54(d)(2), and notice of that motion must be served no all parties and directed to Class Members in a reasonable manner.

(6) The requirements of Federal Rule of Civil Procedure 23(h)(1) have been satisfied. Notice to the Class members informed the Class Members of Class Counsel's intention to seek an attorneys' fee award of up to $2,500,000 out of the Settlement Fund and reimbursement of litigation costs and expenses. The Notice provided Class Members the opportunity to object after the Motion was filed. No Class member has objected to either Class Counsel's attorneys' fee request or their request for reimbursement of litigation costs and expenses.

(7) In order to determine what constitutes a reasonable fee in a particular case, courts may use the "percentage of the fund" and/or "lodestar" methodology.

(8) The Court concludes that the percentage of the fund method is the proper method to use to calculate reasonable attorneys' fees to compensate Class Counsel in this litigation.

(9) The Court finds that the requested attorneys' fees of 43.7% of the $5.5 million common fund created as a result of Class Counsel's efforts is reasonable. The Court finds that this percentage is within the range of fees ordinarily awarded in class action litigation. The Court considered the following in determining whether or not the requested attorneys' fees are reasonable:

    a. The value of the benefit rendered to the Class;

    b. The value of the services on an hourly basis;

    c. Whether the services were undertaken on a contingent fee basis;

    d. Society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others;

    e. The complexity of the litigation; and

    f. The professional skill and standing of counsel involved on both sides.

The Court finds that consideration of these factors supports the requested attorneys' fee award.

(10) The results achieved in this case support the requested fee. The Settlement provides a clear benefit to the Settlement Class: assurances that Google has remediated any harm caused by its alleged conduct as well as an immediate and certain payment of $5.5 million to organizations committed to furthering/educating about Internet browser security and privacy, less attorneys' fees, litigation costs and expenses, and notice and claims administration costs.

(11) A 43.7% attorneys' fee award equals a lodestar multiplier of *negative* 0.73. A multiplier of negative 0.73 is reasonable considering multipliers that have been accepted as fair and reasonable in complex matters such as this one.

(12) Class Counsel are operating on a contingency basis and bore (and continue to bear) a significant risk of non-payment in pursuing these claims.

(13) Internet privacy class actions are inherently complex. The legal and factual issues are complicated and highly uncertain in outcome. This case is no exception.

(14) In the absence of the Settlement with Google, Class Counsel would have been facing continued litigation against a well-defended Defendant which has indicated a willingness to aggressively pursue its defenses.

(15) As the Court has found previously, Class Counsel are qualified to litigate class action claims and they have performed their duties skillfully.

(16) The reaction of the Class Members further supports awarding the requested attorneys' fees. The Settlement Class is composed of potentially millions of Internet users and the absence of objections is an indication that the attorneys' fees requested in this case are reasonable.

(17) Class Counsel have devoted $3,296,169.75 in professional time at their historical billing rates pursuing this case for Plaintiffs and the Class.

(18) The Court finds that Class Counsel performed their tasks diligently, efficiently, and reasonably, that their billing rates are appropriate, and that the lodestar is reasonable.

(19) The Court has conducted a lodestar "cross-check" with respect to the attorneys' fee award. The requested lodestar multiplier of negative 0.73 is well within the range of reasonable multipliers awarded in similar contingent fee cases. The multiplier is also supported by the fact that Class Counsel bear all the risk of litigating this complex case (including both professional time and out-of-pocket costs and expenses) with no guarantee of receiving attorneys' fees or reimbursement of litigation costs or expenses.

(20) After considering the appropriate factors, the Court awards Class Counsel attorneys' fees in the amount of $2,406,070.74 and reimbursement of $90,929.26 in litigation

costs and expenses, which costs and expenses the Court finds were reasonable and necessary to the conduct of the action and representation of Plaintiffs and the Settlement Class. Class Counsel is authorized to allocate among Class Counsel (the Plaintiffs' Executive Committee) and, to the extent appropriate, the members of the Plaintiffs' Steering Committee and others, the attorneys' fees and reimbursed litigation costs and expenses in accordance with their assessment of each firm's contribution to the prosecution of the case.

(21) Class Counsel have also requested Incentive Awards for the three Class Representatives in this action. Incentive Awards are "fairly typical" in class actions, *Rodriguez v. W. Pugl'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009), and serve to compensate named plaintiffs for work done on behalf of the Class. The Court finds that the three named plaintiffs in this case were each committed and did commit time on behalf of the Class and is each deserving of modest Incentive Awards in the amount of $1,000, as requested by Class Counsel.

Therefore, consistent with the Parties' Settlement Agreement and the findings above, the Court hereby orders that Class Counsel shall be awarded $2,406,070.74 in attorneys' fees, $90,929.26 in litigation costs and expenses, and each Class Representative shall be awarded a $1000 Incentive Award, all to be paid from the Settlement Fund as established under the Settlement Agreement.

Date: _____   _____
                                            Hon. Sue L. Robinson
                                            United States District Judge