IN THE MATTER OF                          *

GOOGLE INC.                               *

                                          *

                                          *

                                          *

## ASSURANCE OF VOLUNTARY COMPLIANCE

This Assurance of Voluntary Compliance ("Assurance")[1] is entered into by the Attorneys General of the States of Alabama, Arizona, Arkansas, California, Connecticut[2], Florida, Illinois, Indiana, Iowa, Kansas, Kentucky, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Vermont, Virginia, Washington, and Wisconsin, as well as the District of Columbia and Google Inc. (hereinafter "Google"), without trial or adjudication on any issue of fact or law, and without admission of any wrongdoing or violation of law.

## I.    DEFINITIONS

For the purposes of this Assurance, the following definitions shall apply:

1. "Any" shall be construed as synonymous with "every" and "all" and shall be all-inclusive.

2. "Browser" shall mean a standalone desktop or mobile software application that allows users to enter URLs and navigate to and display web pages.

3. "Cookie" shall mean a string of characters sent in the HTTP Set-Cookie Header by a website or service intended to be sent back by the Browser to the website or service in the Cookie Header.

4. "Covered Conduct" shall mean:

    a. Google's posting of information regarding Apple Inc.'s Safari Browser, stating that "Safari is set by default to block all third-party cookies. If you have not changed those settings, this option effectively accomplishes the same thing as setting the opt-out cookie," or any similar statement to that effect; and

---

[1] This Assurance of Voluntary Compliance shall, for all necessary purposes, also be considered an Assurance of Discontinuance.

[2] For ease of reference purposes, this entire group will be referred to collectively herein as the "Attorneys General" or individually as "Attorney General." Such designations, however, as they pertain to Connecticut, shall refer to the Commissioner of Consumer Protection.

    b.  Google's placement of Cookies on Safari Browsers from June 1, 2011 through February 15, 2012.

5. "Effective Date" shall mean the date when Google has received counterpart signature pages from each of the Attorneys General.

6. "Google" shall mean Google Inc., a Delaware corporation with its principal office or place of business at 1600 Amphitheatre Parkway, Mountain View, CA 94043.

7. "State" or "States" shall mean the States entering into this Assurance, either in the singular or collectively. The "Executive Committee of the Multistate" or "MSEC" shall refer to a committee of states that was led by Maryland and was also comprised of Connecticut, Florida, Illinois, Ohio, New Jersey, New York, Texas, Vermont and Washington.

## II.    **APPLICATION**

8. The provisions of this Assurance shall apply to Google and its successors, assignees, merged or acquired entities, parent or controlling entities, and subsidiaries in which Google has a majority ownership interest.

9. The provisions of this Assurance shall apply to Google in connection with offering and/or providing any products and/or services to the States' consumers.

## III.    **REQUIREMENTS**

10. Google shall not employ HTTP Form POST functionality that uses javascript to submit a form without affirmative user action for the purpose of overriding a Browser's Cookie-blocking settings so that it may place an HTTP Cookie on such Browser, without that user's prior consent. Nothing herein shall prevent Google from taking any of the foregoing actions for the purpose of detecting, preventing or otherwise addressing fraud, security or technical issues, or protecting against harm to the rights, property or safety of Google, its users or the public as required or permitted by law. As used herein, "technical issues" shall be defined as matters necessarily incident to the rendition of services requested by a user or to the protection of the rights or property of the provider of that service.

If an Attorney General determines that Google has not complied with the terms of this provision, and if, at the Attorney General's sole discretion, it determines that the failure to comply does not present an immediate threat to the health or safety of the citizens of the Attorney General's State, the Attorney General shall not bring any action to enforce this provision without first providing Google with fourteen (14) days' written notice in accordance with Paragraph 20 that identifies with particularity the conduct that is alleged to violate this Assurance.

11. Google shall neither misrepresent a material fact, nor omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading, regarding how consumers can use Google's Ads Settings tool or any other Google product, service or tool to directly manage how Google serves advertisements to their Browsers.

If an Attorney General determines that Google has not complied with the terms of this provision, and if, at the Attorney General's sole discretion, it determines that the failure to comply does not present an immediate threat to the health or safety of the citizens of the Attorney General's State, the Attorney General shall not bring any action to enforce this provision without first providing Google with fourteen (14) days' written notice in accordance with Paragraph 20 that identifies with particularity the conduct that is alleged to violate this Assurance.

Nothing herein shall operate to restrict an Attorney General's ability to enforce its own laws regarding misrepresentation or deceptive trade practices.

12. Google shall, for a period of no less than five (5) years from the Effective Date, provide a separate stand-alone page or pages on the Google.com domain designed to give information to users about Cookies (the "Cookie Page"). The Cookie Page shall be posted no later than ninety (90) days from the Effective Date and its contents shall include, and be designed to inform an ordinary consumer about:

    i.  what Cookies are;
   ii.  the general purposes for which Google may use Cookies; and
  iii.  how users can manage Cookies.

Google shall maintain a hyperlink to the Cookie Page on the web page that Google uses to set forth its privacy policy. The hyperlink shall be entitled "Cookies," "What You Need To Know About Cookies," or some similar title that contains the word "Cookies," and be designed to inform consumers that the Cookie Page will provide them with the information about Cookies specified in this paragraph. The hyperlink to the Cookie Page shall also be contained on other pages within Google's Help Center that Google identifies as reasonably related. The hyperlink required under this paragraph shall be of a type, size, and location, and contrast highly with the background on which it appears, so that it will be sufficiently noticeable for an ordinary consumer.

13. Google shall maintain systems configured to instruct Safari brand web Browsers to expire any Cookie placed from the doubleclick.net domain by Google through February 15, 2012 if those systems encounter such a Cookie, with the exception of the DoubleClick opt-out Cookie. Such systems shall remain in place until February 15, 2014, at which time all Cookies placed from the doubleclick.net domain by Google on Safari brand web Browsers through February 15, 2012 should have expired by design.

## IV.   PAYMENT TO THE STATES

14. Google shall pay Seventeen Million Dollars ($17,000,000.00) to be divided and paid by Google directly to each of the Attorneys General in an amount to be designated by and in the sole discretion of the MSEC. Each of the Attorneys General agrees that the MSEC has the authority to designate such amount to be paid by Google to each Attorney General and to provide Google with instructions for the payments to be distributed under this paragraph. Payment shall be made no later than thirty (30) days after the Effective Date and receipt of payment instructions by Google from the MSEC, except where state law requires judicial or other approval of the Assurance, in which case payment shall be made no later than thirty (30) days after notice from an Attorney General that such final approval for the Assurance has been secured.

Said payment shall be used by the Attorneys General for such purposes that may include, but are not limited to civil penalties, attorneys' fees, and other costs of investigation and litigation, or to be placed in, or applied to, the consumer protection law enforcement fund, including future consumer protection or privacy enforcement, consumer education, litigation or local consumer aid fund or revolving fund, used to defray the costs of the inquiry leading hereto, or for other uses permitted by state law, at the sole discretion of the Attorneys General.

## V.   RELEASE

15. A.  By execution of this Assurance, the Attorneys General, on behalf of their respective States, release and forever discharge Google and its affiliates, and their respective directors, officers, employees, agents, representatives, successors, predecessors, and assigns ("Released Parties"), from the following: all civil claims, causes of action, damages, restitution, fines, costs, and penalties that the States could have asserted against the Released Parties under each State's consumer protection statute or applicable computer abuse statute set forth in Appendix A resulting from the Covered Conduct up to and including the Effective Date, whether known or unknown, foreseen or unforeseen (collectively, the "Released Claims"). Nothing contained in this paragraph shall be construed to limit the ability of an Attorney General to enforce the obligations of this Assurance.

B.  Released Claims do not include any claims based on: (i) any civil or administrative liability that any person and/or entity, including Released Parties, has or may have to any of the States not expressly covered by the release in Paragraph 15.A. above, including, but not limited to any and all claims of State or federal antitrust violations; (ii) any liability under the States' above-cited law(s) which any person and/or entity, including Released Parties, has or may have to any individual consumers; or (iii) any criminal liability that any person and/or entity, including Released Parties, has or may have to the States.

## VI.   GENERAL PROVISIONS

16. This Assurance is for settlement purposes only, and to the fullest extent permitted by law neither the fact of, nor any provision contained in, this Assurance, nor any action taken hereunder, shall constitute or be construed as any admission of the validity of any claim or any fact alleged in any other pending or subsequently filed action or of any wrongdoing, fault, violation of law, or liability of any kind on the part of the Released Parties or admission by any Released Parties of the validity or lack thereof of any claim, allegation, or defense asserted in any other action.  Google denies any and all liability for the Covered Conduct.

17. This Assurance represents the full and complete terms of the settlement entered by the Parties hereto.

18. All Parties participated in the drafting of this Assurance.

19. This Assurance may be executed in counterparts, and a facsimile or .pdf signature shall be deemed to be, and shall have the same force and effect, as an original signature.

20. All Notices under this Assurance shall be provided to the following addresses via Electronic and Overnight Mail:

      For the Attorneys General:

         See Appendix B.

      For Google:

         Kent Walker
         Senior Vice President & General Counsel
         1600 Amphitheatre Parkway
         Mountain View, CA 94043
         kentwalker@google.com

         and

         Michael Rubin
         Wilson Sonsini Goodrich & Rosati
         One Market Street, Suite 3400
         San Francisco, CA 94105
         mrubin@wsgr.com.

21. Nothing in this Assurance shall be construed as relieving Google of the obligation to comply with all state and federal laws, regulations or rules applicable to it, nor shall any

of the provisions of this Assurance be deemed to be permission to engage in any acts or practices prohibited by such laws, regulations, or rules.

22. The Parties understand and agree that this Assurance shall not be construed as an approval of or sanction by the Attorneys General of Google's business practices, nor shall Google represent otherwise. The Parties further understand and agree that any failure by the Attorneys General to take any action in response to any information submitted pursuant to the Assurance shall not be construed as an approval, or sanction, of any representations, acts or practices indicated by such information, nor shall it preclude action thereon at a later date.

23. This Assurance may be enforced only by the parties hereto. Nothing in this Assurance shall provide any rights or permit any person or entity not a party hereto, including any state or attorney general not a party hereto, to enforce any provision of this Assurance. No person or entity not a signatory hereto is a third party beneficiary of this Assurance. Nothing in this Assurance shall be construed to affect, limit, alter or assist any private right of action that a consumer may hold against Google.

24. Time shall be of the essence with respect to each provision of this Assurance, including, but not limited to, those that require action to be taken by Google within a stated period or upon a specific date.

25. Google shall not participate, directly or indirectly, in any activity, or form a separate entity or corporation, for the purpose of engaging in acts or practices in whole or in part in the States which are prohibited in this Assurance or for any other purpose which would otherwise circumvent any part of this Assurance.

Accepted and approved this _8_ day of November, 2013.

By: _____

William M. Rubenstein
Commissioner of Consumer Protection

GOOGLE INC.

_____

KENT WALKER
Senior Vice President & General Counsel
Google Inc.

Date:___11-13-13_____

APPENDIX A

| State | Consumer Protection Statute/Computer Abuse Statute |
|---|---|
| Alabama | Alabama Deceptive Trade Practices Act, Ala. Code §§ 8-19-1 through 8-19-15 |
| Arizona | Arizona Consumer Fraud Act, Ariz. Rev. Stat. Ann. §§ 44-1521, *et seq.*; Ariz. Rev. Stat. Ann. § 13-2316(A)(6) and (D); Ariz. Rev. Stat. Ann. §§ 44-7301, *et seq.* |
| Arkansas | Arkansas Deceptive Trade Practices Act, Ark. Code Ann. §§ 4-88-101 through 115; Arkansas Computer-Related Crimes Act, Ark. Code Ann. § 5-41-106; Consumer Protection Against Computer Spyware Act, Ark. Code Ann. §§ 4-111-101 through 105 |
| California | Cal. Bus & Prof. Code §§ 17200, *et seq.*; Cal. Bus. & Prof. Code §§ 17500; Comprehensive Computer Data Access and Fraud Act, Cal. Penal Code § 502 |
| Connecticut | Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110a, *et seq.*; Conn. Gen. Stat. § 53-453 |
| D.C. | District of Columbia Consumer Protection Procedures Act, D.C. Code §§ 28-3901, *et seq.* (2001) |
| Florida | Florida Deceptive and Unfair Trade Practices Act, Chapter 501, Part II, Fla. Stat., §§ 501.201, *et seq.*; Florida Computer Crimes Act, Fla. Stat., § 815.06(4) |
| Illinois | Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505/1 *et seq.*; Computer Tampering, 720 Ill. Comp. Stat. 5/17-51 |
| Indiana | Indiana Deceptive Consumer Sales Act, Ind. Code Ann. §§ 24-5-0.5-1 to 24-5-0.5-12; Ind. Code Ann. §§ 24-4.8-1-1, *et seq.* |
| Iowa | Iowa Consumer Fraud Act, Iowa Code § 714.16; Iowa Code § 716.6B |
| Kansas | Kansas Consumer Protection Act, Kan. Stat. Ann. §§ 50-623, *et seq.* |
| Kentucky | Kentucky Consumer Protection Act, Ky. Rev. Stat. Ann. §§ 367.110, *et seq.* |

| State | Consumer Protection Statute/Computer Abuse Statute |
|---|---|
| Maine | The Maine Unfair Trade Practices Act, Me. Rev. Stat. Ann. tit. 5, §§ 205-A, *et seq.* and Maine Deceptive Trade Practices Act, Me. Rev. Stat. Ann. Tit. 10, §§ 1211, *et seq.*; Notice of Risk to Personal Data Act, Me. Rev. Stat. Ann. tit. 10, §§ 1347-A, 1349 |
| Maryland | Maryland Consumer Protection Act, Md. Code Ann., Com. Law §§ 13-101 through 13-501 (2005 Repl. Vol. and 2011 Supp.) |
| Massachusetts | Mass. Gen. Law ch. 93A |
| Michigan | Michigan Consumer Protection Act, Mich. Comp. Laws §§ 445.901, *et seq.* |
| Minnesota | Minnesota Deceptive Trade Practices Act, Minn. Stat. §§ 325D.43 to 325D.48; Minnesota False Statement in Advertising Act, Minn. Stat. § 325F.67; and Minnesota Prevention of Consumer Fraud Act, Minn. Stat. §§ 325F.68 to 325F.69, and 325F.70 |
| Mississippi | Miss. Code Ann. §§ 75-24-1, *et seq.* |
| Nebraska | Consumer Protection Act, Neb. Rev. Stat. §§ 59-1601, *et seq.* and Uniform Deceptive Trade Practices Act, Neb. Rev. Stat. §§ 87-301, *et seq.* |
| Nevada | Nevada Deceptive Trade Practices Act, Nev. Rev. Stat. §§ 598.0903, *et seq.*; Nev. Rev. Stat. §§ 205.473-.513; Nev. Rev. Stat. §§ 603.010-090 |
| New Jersey | New Jersey Consumer Fraud Act, N.J. Stat. Ann. §§ 56:8-1, *et seq.*; Act Concerning Civil Liability for Computer-Related Offenses, N.J. Rev. Stat. §§ 2A:38A-1, *et seq.* |
| New Mexico | New Mexico Unfair Practices Act, N.M.S.A. §§ 57-12-1 to-26 |
| New York | N.Y. Exec. Law § 63(12); N.Y. Gen. Bus. Law §§ 349 and 350 |
| North Carolina | North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. §§ 75-1.1, *et seq.* N.C. Gen. Stat. §§ 1-539.2A, 14-458 |

| State | Consumer Protection Statute/Computer Abuse Statute |
|---|---|
| North Dakota | Unlawful Sales or Advertising Practices, N.D. Cent. Code §§ 51-15-01, *et seq.*; N.D. Cent. Code § 12.1-06.1-08(3) |
| Ohio | Ohio Consumer Sales Practices Act, Ohio Rev. Code Ann. §§ 1345.01, *et seq.* |
| Oklahoma | Oklahoma Consumer Protection Act, 15 Supp.2012 §§ 751, *et seq.* (2012); Oklahoma Computer Crimes Act, 21 O.S.2011 §§ 1951, *et seq.* |
| Oregon | Oregon Unlawful Trade Practices Act, Or. Rev. Stat. §§ 646.605, *et seq.* |
| Pennsylvania | Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 Pa. Stat. Ann. §§ 201-1, *et seq.*; Consumer Protection Against Computer Spyware Act, 73 Pa. Stat. Ann. §§ 2330.1, et seq. |
| Rhode Island | Deceptive Trade Practices Act, R.I. Gen. Laws §§ 6-13.1-1, *et seq.*; R.I. Gen. Laws §§ 11-52-6 and 11-52.2-6 |
| South Carolina | South Carolina Unfair Trade Practices Act, S.C. Code Ann. §§ 39-5-10, *et seq.*; South Carolina Computer Crime Act, S.C. Code Ann. §§ 16-16-10, *et seq.* |
| South Dakota | South Dakota Deceptive Trade Practices and Consumer Protection, S.D. Codified Laws §§ 37-24-1 through 37-24-48 |
| Tennessee | Tennessee Consumer Protection Act, Tenn. Code Ann. §§ 47-18-101, *et seq.*; Tennessee Personal and Commercial Computer Act of 2003, Tenn. Code Ann. §§ 39-14-601, *et seq.* |
| Texas | Texas Deceptive Trade Practices--Consumer Protection Act, Tex. Bus. & Com. Code §§ 17.41, *et seq.*; Consumer Protection Against Computer Spyware Act, Tex. Bus. & Com. Code §§ 324.001, *et seq.* |
| Vermont | Vermont Consumer Protection Act, Vt. Stat. Ann. tit. 9, §§ 2451, *et seq.*; Vermont Act Relating to Computer Crime, Vt. Stat. Ann. tit. 13, § 4106 |
| Virginia | Virginia Consumer Protection Act, Va. Code Ann. §§ 59.1-196, *et seq.*; Virginia Computer Crimes Act, Va. Code Ann. § 18.2-152.12 |

| State | Consumer Protection Statute/Computer Abuse Statute |
|---|---|
| Washington | Washington Consumer Protection Act, Wash. Rev. Code Ann. §§ 19.86.010, *et seq*.; Wash. Rev. Code Ann. §§ 19.270.010, *et seq.* |
| Wisconsin | Wis. Stat. §§ 100.18, 100.26(4) and 100.263; Wis. Stat. § 943.70(5) |

## APPENDIX B

| State | Attorney General Contact |
|---|---|
| Alabama | Noel S. Barnes<br>Consumer Protection Chief<br>nbarnes@ago.state.al.us<br><br>Kyle Beckman<br>Assistant Attorney General<br>kbeckman@ago.state.al.us<br><br>Office of the Alabama Attorney General<br>Consumer Protection Section<br>501 Washington Avenue<br>Montgomery, AL 36130 |
| Arizona | Taren M. Ellis Langford<br>Unit Chief Counsel, Consumer Litigation Unit<br>Taren.Langford@azag.gov<br><br>Office of the Arizona Attorney General<br>400 W. Congress, Suite S-315<br>Tucson, AZ 85701 |
| Arkansas | Peggy Johnson<br>Assistant Attorney General<br>peggy.johnson@arkansasag.gov<br><br>Sarah Tacker<br>Senior Assistant Attorney General<br>Sarah.tacker@arkasas.gov<br><br>Consumer Protection Division<br>Arkansas Attorney General's Office<br>323 Center Street Suite 500<br>Little Rock AR  72201 |
| California | Adam Miller, CIPP/US<br>Supervising Deputy Attorney General<br>Privacy Enforcement and Protection Unit<br>Office of the California Attorney General<br>455 Golden Gate Avenue, Suite 11000<br>San Francisco, CA  94102<br>Adam.Miller@doj.ca.gov |

| State | Attorney General Contact |
|---|---|
| Connecticut | Matthew F. Fitzsimmons<br>Chair, Privacy Task Force<br>Assistant Attorney General<br>Office of the Attorney General<br>110 Sherman Street<br>Hartford CT 06105<br>Matthew.Fitzsimmons@ct.gov |
| D.C. | Bennett C. Rushkoff<br>Chief, Public Advocacy Section<br>bennett.rushkoff@dc.gov<br><br>Grant G. Moy, Jr.<br>Assistant Attorney General<br>grant.moy@dc.gov<br><br>Office of the Attorney General for the District of Columbia<br>441 4th Street, NW, Suite 600S<br>Washington, DC 20001 |
| Florida | Patrice Malloy<br>Sr. Assistant Attorney General<br>Office of the Attorney General<br>110 Southeast 6th Street<br>Ft. Lauderdale, FL 33301<br>patrice.malloy@myfloridalegal.com |
| Illinois | Matthew W. Van Hise<br>Assistant Attorney General<br>Consumer Fraud Bureau<br>Illinois Attorney General's Office<br>500 South Second Street<br>Springfield, IL. 62706<br>mvanhise@atg.state.il.us |
| Indiana | Lyman "Chuck" Taylor, III<br>Section Chief, Consumer Mediation & Identity Theft<br>Office of the Indiana Attorney General<br>302 W. Washington, IGCS-5th Floor<br>Indianapolis, IN 46204<br>Ltaylor@atg.in.gov |

| State | Attorney General Contact |
|---|---|
| Iowa | Nathan Blake<br>Assistant Attorney General<br>nathan.blake@iowa.gov<br>Office of the Iowa Attorney General<br>1305 E. Walnut St.<br>Des Moines, IA 50319 |
| Kansas | James Welch<br>Deputy Chief<br>Consumer Protection & Anti Trust Division<br>James.Welch@ksag.org<br><br>Jackie Williams<br>Assistant Attorney General<br>Jackie.Williams@ksag.org<br><br>Consumer Protection & Anti Trust Division<br>Kansas Attorney General's Office<br>120 SW 10th Avenue<br>Topeka, KS 66612-1597 |
| Kentucky | Todd E. Leatherman<br>Executive Director, Office of Consumer Protection<br>todd.leatherman@ag.ky.gov<br><br>Kevin R. Winstead<br>Assistant Attorney General<br>kevin.winstead@ag.ky.gov<br><br>Office of the Attorney General<br>Office of Consumer Protection<br>1024 Capital Center Dr., #200<br>Frankfort, KY, 40601 |
| Maine | Linda Conti<br>Chief, Consumer Protection Division<br>Maine Office of the Attorney General<br>6 State House Station<br>Augusta, ME 04333<br>Linda.Conti@main.gov |

| State | Attorney General Contact |
|---|---|
| Maryland | Philip D. Ziperman,<br>Deputy Chief, Consumer Protection Division<br>pziperman@oag.state.md.us<br><br>Steven M. Ruckman,<br>Director, Privacy Unit<br>sruckman@oag.state.md.us<br><br>Office of the Maryland Attorney General<br>Consumer Protection Division<br>200 St. Paul Place<br>Baltimore, MD 21202 |
| Massachusetts | Sara Cable<br>Assistant Attorney General<br>sara.cable@state.ma.us<br><br>Consumer Protection Division<br>Public Protection & Advocacy Bureau<br>Office of the Massachusetts Attorney General<br>One Ashburton Place<br>Boston, MA 02108 |
| Michigan | Nate Knapper<br>Assistant Attorney General<br>Consumer Protection Division<br>KnapperN1@michigan.gov<br><br>Michigan Department of Attorney General<br>Consumer Protection Division<br>1st Floor Williams Bldg.<br>525 W. Ottawa St.<br>Lansing, MI 48933 |
| Minnesota | David Cullen<br>Assistant Attorney General<br>Minnesota Attorney General's Office<br>445 Minnesota Street, Suite 1200<br>St. Paul, MN 55101-2130<br>david.cullen@ag.state.mn.us |

| State | Attorney General Contact |
|-------|--------------------------|
| Mississippi | Bridgette W. Wiggins<br>Special Assistant Attorney General<br>Mississippi Attorney General's Office<br>Consumer Protection Division<br>Post Office Box 22947<br>Jackson, MS  39225<br>bwill@ago.state.ms.us<br><br>Crystal Utley Secoy<br>Special Assistant Attorney General<br>Consumer Protection Division<br>Mississippi Attorney General's Office<br>Post Office Box 22947<br>Jackson, Mississippi  39225<br>cutle@ago.state.ms.us |
| Nebraska | Abigail M. Stempson<br>Chief, Consumer Protection Division<br>Assistant Attorney General<br>abigail.stempson@nebraska.gov<br><br>Greg Walklin<br>Assistant Attorney General<br>greg.walklin@nebraska.gov<br><br>Office of the Nebraska Attorney General<br>2115 State Capitol<br>Lincoln, NE 68509 |
| Nevada | Lucas J. Tucker<br>Senior Deputy Attorney General<br>Office of the Attorney General<br>Bureau of Consumer Protection<br>10791 W. Twain Ave., Suite 100<br>Las Vegas, Nevada 89135<br>LTucker@ag.nv.gov |
| New Jersey | Jah-Juin Ho, Deputy Attorney General<br>New Jersey Office of the Attorney General<br>Division of Law<br>124 Halsey Street, 5th Fl<br>Newark, New Jersey 07101<br>jah-juin.ho@dol.lps.state.nj.us |

| State | Attorney General Contact |
|---|---|
| New Mexico | Lawrence Otero<br>Assistant Attorney General<br>Office of the Attorney General<br>Consumer Protection Division<br>408 Galisteo Street<br>Santa Fe, NM 87501<br>lotero@nmag.gov |
| New York | Clark P. Russell, Esq.<br>Assistant Attorney General<br>Internet Bureau<br>New York State Office of the Attorney General<br>120 Broadway, 3rd Floor<br>New York, N.Y. 10271<br>clark.russell@ag.ny.gov |
| North Carolina | Kim D'Arruda<br>Assistant Attorney General<br>NC Department of Justice, Attorney General's Office<br>Consumer Protection Division<br>114 West Edenton Street<br>Raleigh NC, 27603<br>kdarruda@ncdoj.gov |
| North Dakota | Parrell D. Grossman, Director<br>Consumer Protection and Antitrust Division<br>Office of Attorney General of North Dakota<br>Gateway Professional Center<br>1050 E. Interstate Ave., Suite 200<br>Bismarck, ND 58503-5574<br>pgrossman@nd.gov |
| Ohio | Melissa S. Szozda<br>Assistant Attorney General<br>melissa.szozda@ohioattorneygeneral.gov<br><br>Michael S. Ziegler<br>Assistant Attorney General<br>michael.ziegler@ohioattorneygeneral.gov<br><br>Office of the Ohio Attorney General<br>Consumer Protection Section<br>30 East Broad Street, 14th Floor<br>Columbus, Ohio 43215 |

| State | Attorney General Contact |
|-------|--------------------------|
| Oklahoma | Julie Bays<br>Chief, Public Protection Unit<br>Julie.Bays@oag.ok.gov<br><br>Rachel Irwin<br>Assistant Attorney General<br>Rachel.Irwin@oag.ok.gov<br><br>Public Protection Unit<br>Office of the Oklahoma Attorney General<br>313 N.E. 21st Street<br>Oklahoma City, OK 73105 |
| Oregon | Eva H. Novick<br>Assistant Attorney General<br>Oregon Department of Justice<br>Consumer Protection/Financial Fraud Section<br>1515 SW 5th Ave., Suite 410<br>Portland, OR 97201<br>eva.h.novick@doj.state.or.us |
| Pennsylvania | John M. Abel<br>Senior Deputy Attorney General<br>Pennsylvania Office of Attorney General<br>Bureau of Consumer Protection<br>15th Floor, Strawberry Square<br>Harrisburg, PA 17120<br>jabel@attorneygeneral.gov |
| Rhode Island | Edmund F. Murray, Jr.<br>Special Assistant Attorney General<br>emurray@riag.ri.gov<br><br>Rhode Island Department of Attorney General<br>150 South main Street<br>Providence, RI 02903 |
| South Carolina | Mary Frances Jowers<br>Assistant Attorney general<br>Office of the Attorney General<br>State of South Carolina<br>Civil Division, Consumer Protection & Antitrust Section<br>1000 Assembly Street<br>Columbia, South Carolina<br>MFJowers@scag.gov |

| State | Attorney General Contact |
|---|---|
| South Dakota | Bethanna Feist<br>Chief, Consumer Protection Division<br>Bethanna.Feist@state.sd.us<br><br>Jody Swanson<br>Director, Consumer Protection Division<br>Jody.Swanson@state.sd.us<br><br>South Dakota Attorney General's Office<br>1302 E. Hwy 14, Suite 1<br>Pierre, SD 57501 |
| Tennessee | Jeff Hill<br>Senior Counsel<br>Office of the Attorney General<br>State of Tennessee<br>Consumer Advocate & Protection Division<br>P.O. Box 20207<br>Nashville, TN 37202-0207<br>Jeff.Hill@ag.tn.gov |
| Texas | Paul Singer<br>Assistant Attorney General<br>paul.singer@texasattorneygeneral.gov<br><br>Esther Chavez<br>Deputy Chief, Multi-State and Complex Litigation<br>Esther.chavez@texasattorneygeneral.gov<br><br>Office of the Texas Attorney General<br>Consumer Protection Division<br>PO Box 12548<br>Austin, Texas 78711 |

| State | Attorney General Contact |
|---|---|
| Vermont | Wendy Morgan<br>Chief, Public Protection Division<br>WMorgan@atg.state.vt.us<br><br>Ryan G. Kriger<br>Assistant Attorney General<br>ryan.kriger@atg.state.vt.us<br><br>Vermont Office of the Attorney General<br>Public Protection Division<br>109 State Street<br>Montpelier, VT 05609-1001 |
| Virginia | Rich Schweiker<br>Senior Assistant Attorney General<br>rschweiker@oag.state.va.us<br><br>Gene Fishel<br>Senior Assistant Attorney General<br>sfishel@oag.state.va.us<br><br>Virginia Attorney General's Office<br>900 East Main Street<br>Richmond, VA  23219 |
| Washington | Paula Selis<br>Assistant Attorney General<br>Office of the Washington State Attorney General<br>800 Fifth Ave., Suite 2000<br>Seattle, Washington 98104<br>paulas@atg.wa.gov<br><br>Margaret Farmer<br>Paralegal<br>Office of the Washington State Attorney General<br>800 Fifth Ave., Suite 2000<br>Seattle, Washington 98104<br>margaretf@atg.wa.gov |

| State | Attorney General Contact |
|---|---|
| Wisconsin | John S. Greene<br>Assistant Attorney General<br>Unit Director, Consumer Protection & Antitrust<br>Wisconsin Department of Justice<br>17 W. Main Street<br>Post Office Box 7857<br>Madison, Wisconsin 53707-7857<br>greenejs@doj.state.wi.us |