**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| **IN RE GOOGLE INC. COOKIE PLACEMENT CONSUMER PRIVACY LITIGATION** | Case No. 12-MD-2358 (SLR) |
| **This Document Relates to:** **All Actions** | |

**DECLARATION OF BRIAN R. STRANGE IN SUPPORT OF CLASS PLAINTIFFS' RESPONSE TO OBJECTION OF THEODORE H. FRANK**

I, Brian R. Strange, having first been duly sworn, declare:

1. I am a Partner in the law firm of Strange & Butler LLP, one of the lead counsel appointed by the Court in this MDL and a member of the Executive Committee in this case. This declaration is based on my own personal knowledge and, if called to testify, I could and would competently testify hereto under oath.

2. This declaration in submitted in support of Class Plaintiffs' Response to Objection of Theodore H. Frank to Settlement Approval, Class Certification, and Request for Attorneys' Fees.

3. On December 20, 2016, serial objector Theodore H. Frank ("Objector Frank") filed an Objection ("Objection") (D.I. 171) to the proposed Settlement between Class Plaintiffs and Defendant Google Inc. ("Google"). In the Objection, Objector Frank takes issue with, among other things, my service on the Board of Directors of Public Counsel, one of the six proposed *cy pres* recipients in the Settlement.

4. Public Counsel is one of the nation's largest *pro bono* law firms and employs about 70 full-time lawyers on its staff. It is administered, managed, and run by its staff under the direction of its President and Chief Executive Officer, former federal district court judge Margaret Morrow.

5. I have volunteered *pro bono* my time on the Board of Public Counsel for over 10 years. I am one of about 70 lawyers who serve on the Board. Most of the lawyers on the Board come from large defense firms. It is a non-political *pro bono* organization supported by plaintiffs and defense firms and companies of all affiliations, including companies such as Microsoft, Google, PayPal, and others, whose desire is to help provide legal services to underserved and needy people from all walks of life. This year I am honored to serve a one-

time, 12-month commitment as the Chairman of the Board. I have no personal involvement with or control over the day-to-day management or operation of Public Counsel or any control over how any of its funds are used. Nor do I have any financial interest in the organization.

6. I volunteer my time as a charitable contribution in order to personally contribute in some manner with assisting people in our community with gaining access to the basic legal services that they deserve. I consider the volunteer work part of my obligation as a member of the Bar.

7. In accordance with the Settlement Agreement, Class Counsel provided Google with a list of ten proposed *cy pres* recipients. *See* Settlement Agreement § 5.3.1. Of those ten proposed recipients, Google eliminated four pursuant to the mechanism in the Settlement Agreement. *Id.* Thus, the selection of the six proposed *cy pres* recipients was not arbitrary or one-sided, as both Class Counsel and Google had to agree on each proposed recipient. Each proposed *cy pres* recipient, including Public Counsel, will receive an equal share of the Settlement Fund as *cy pres* distributions.

8. As a condition of receiving a *cy pres* distribution under the Settlement Agreement, all six proposed *cy pres* recipients must agree to devote the funds to promote public awareness and education, and/or to support research, development, and initiatives related to the security and/or privacy of Internet browsers. *Id.* § 5.3.2. Should any proposed *cy pres* recipient be unable or unwilling to agree to this condition, it will not receive a *cy pres* distribution. *Id.*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 4th day of January, 2017, at Los Angeles, California.

          /s/ Brian R. Strange