**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE GOOGLE INC. COOKIE PLACEMENT CONSUMER PRIVACY LITIGATION <br><br> This Document Relates to: <br> ALL ACTIONS | ) ) ) ) ) ) ) ) ) ) Case No. 12-MD-2358 |

**DECLARATION OF BRIAN R. STRANGE IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

**GRYGIEL LAW, LLC**
Stephen G. Grygiel (DE Bar ID 4944)
301 Warren Ave., #40
Baltimore, MD 21230
Tel: 407-505-9463
*Stephengrygiel22@gmail.com*

*Executive Committee Member*

**STRANGE & BUTLER LLP**
Brian Russell Strange
12100 Wilshire Blvd., Suite 1900
Los Angeles, CA 90025
Tel: 310-207-5055
*bstrange@strangeandbutler.com*

*Executive Committee Member*

**BARTIMUS, FRICKLETON,**
**and ROBERTSON, P.C.**
James P. Frickleton
Mary D. Winter
Edward D. Robertston, Jr.
11150 Overbrook Road, Suite 200
Leawood, KS 66211
Tel: 913-266-2300
*jimf@bflawfirm.com*

*Executive Committee Member*

I, Brian R. Strange, declare:

1. I am a partner of Strange & Butler LLP, one of Lead Class Counsel and a Member of the Executive Committee in this case. I submit this declaration of my own personal knowledge and, if called to testify, I could and would competently testify hereto under oath.

2. I submit this declaration in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement with Defendant Google Inc. ("Google"), for certification of a class for settlement purposes, for appointment of Plaintiffs Jose M. ("Josh") Bermudez, Nicholas Todd Heinrich, and Lynne Krause as the representatives of the Settlement Class, and for appointment of Class Counsel (consisting of Steven G. Grygiel; Bartimus, Frickleton, and Robertson, P.C.; and Strange & Butler LLP) as Settlement Class Counsel.

3. On August 29, 2016, Class Counsel submitted to the Court for approval the signed Settlement Agreement between Plaintiffs and Google for preliminary approval, which the Court granted on August 31, 2016. (D.I. 163, 164.) On February 2, 2017, the Court overruled the sole objection to the settlement and granted final approval to the Settlement. (D.I. 173.) Following final approval, the only objector to the Settlement filed an appeal with the Court of Appeals for the Third Circuit. After briefing and argument, the Third Circuit issued an opinion on August 6, 2019, remanding the Settlement to the district court for further consideration, with particular emphasis paid to further consideration of the proposed *cy pres* recipients.

4. Attached hereto as Exhibit A is a true and correct copy of the signed Settlement Agreement between Plaintiffs and Google as originally submitted to the Court on August 29, 2016. There have been no material changes to the Settlement Agreement except those set forth in this Declaration, below.

1

5. All of the requirements of class certification are met, and the Settlement Class should be certified under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure (hereinafter, "Rule 23"). The Settlement Class is so numerous that joinder of all class members is impracticable; there are questions of fact or law common to the Settlement Class; Plaintiffs' claims are typical of the claims of the Settlement Class; Plaintiffs and their counsel will fairly and adequately represent the interests of the Settlement Class; and Defendant has acted on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

6. The Settlement confers substantial benefits upon the Settlement Class, particularly in light of the potential recovery provable at trial and given the costs, uncertainties, delays, and other risks associated with continued litigation, trial, and/or appeal.

7. Google has agreed to pay $5,500,000, to be distributed to designated *cy pres* recipients, after payment of costs and expenses of the Settlement Administrator, Notice, the Fee Award, and any other administrative fees and expenses.

**Settlement Negotiation**

8. On May 9, 2016, Lead Counsel for Plaintiffs (James Frickleton, Stephen G. Grygiel, and myself) and counsel for Google participated in a private mediation before Retired Federal Judge Layn Phillips. The parties exchanged extensive briefing, participated in pre-mediation phone calls, and engaged in an all-day mediation on May 9, 2016. During the mediation, Plaintiffs and Google agreed to the basic terms of this Settlement, which was later memorialized in a final document executed by all parties and Class Counsel as of June 30, 2016.

9. The settlement was reached following extensive good faith arms-length negotiations between Stephen G. Grygiel, James Frickleton, and myself, on the one hand, and

Google on the other hand. Plaintiffs and Google discussed for several months the possibility of settling Plaintiffs' claims against Google. Following the mediation and many back-and-forth negotiations and discussions, the relevant parties agreed upon and executed a formal settlement agreement. Throughout the course of settlement negotiations, the parties took into consideration potential liability and damage issues; the risks of dismissal, class certification, summary judgment, and trial; the possibility of appeals of any judgment and/or rulings of the trial court; and how these factors could add to the cost, delay, and uncertainty of litigation. Class Counsel believes the proposed Settlement is fair and reasonable and should be approved by this Court.

10. Based on the size of this class, which is estimated to be in the millions of individuals, distribution of the settlement fund to six *cy pres* recipients who must agree to use the funds to promote public awareness and education and/or support research, development, and initiatives related to the security and/or privacy of Internet browsers, is the most efficient and best use of the settlement proceeds.

11. Google will provide Class Counsel with assurances that it implemented systems configured to instruct Safari browsers to expire any cookie placed from the doubleclick.net domain by Google if those systems encountered such a cookie, with the exception of the DoubleClick opt-out cookie, until the time that all cookies placed from the doubleclick.net domain by Google on Safari browsers through February 15, 2012 should have expired by design. These remedies, coupled with the injunctive and monetary penalties already obtained by the government against Google on behalf of consumers, renders the current settlement reasonable for class members. The release of claims contained within the Settlement Agreement is proper consideration for the above-described injunctive relief because the injunctive relief described above has real value to class members in that it provides an enforceable mechanism to ensure

Google's compliance with the agreed-upon privacy restrictions.

12. A class certification motion had not been filed in this action at the time of settlement. Nevertheless, is exactly the type of case that is particularly appropriate for settlement class certification. Significantly, Defendant has agreed not to contest conditional certification of the Settlement Class for settlement purposes. This Court previously certified a similar class in this case when it approved both preliminary and finally the Settlement between former Defendant PointRoll and the Plaintiff Class.

13. Plaintiffs' counsel, who have already been appointed as interim class counsel in this matter, have extensive experience with complex class actions, including cases similar to this, having served and still serving as class counsel in numerous federal and state court consumer fraud and privacy actions which have resulted in tens of millions of dollars being returned to consumers. Class Counsel have also published several articles on Internet privacy issues.

14. Plaintiffs have performed a thorough investigation of the technical and factual issues in the case. By and through Google's pleadings, motions, and settlement communications, Google's counsel made additional information available to Class Counsel that assisted Class Counsel in making the decision to agree to the Settlement.

15. While Class Counsel strongly disagree with Google's analysis, and believe that both the law and facts support Plaintiffs' position regarding Google's use of cookies that violated federal and state statutes, there is clearly no guarantee that Plaintiffs will prevail.

16. Although Class Counsel are prepared to present strong evidence that Google's cookie circumvention technique violated California common law, that the case should be certified as a class, and that the Settlement Class is entitled to damages under these laws as a result, Google

is also prepared to mount a vigorous defense. Given these risks, Plaintiffs and Class Counsel believe the settlement with Google provides meaningful benefits to the Class.

17. Specifically, the settlement provides the class with an enforceable remedy should Google in the future attempt to circumvent the restrictions imposed by the Federal Trade Commission, or refuse to honor its commitments under the settlement agreement. It provides the only means for any class member to enforce privacy relief against Google.

18. While Plaintiffs strongly believe they could certify a class for litigation, the risk of maintaining a class through trial is a consideration that Plaintiffs and Class Counsel believe supports this early settlement.

### *Cy Pres* Recipient Selection Process

19. Following remand from the Third Circuit, Plaintiffs and Google extensively met and conferred in order to arrive at a compromise designed to address the Third Circuit's stated concerns about the *cy pres* recipient selection process. Based on those extensive negotiations, Plaintiffs and Google have arrived at the following requirements to ensure that there is no bias on the part of any of the parties that could impact the selection of any potential *cy pres* recipient, consistent with the Third Circuit's decision:

    a. Up to ten *cy pres* recipients to be selected by a neutral third party, and not by the parties;

    b. In the preliminary approval order, the Court will appoint the third-party neutral to select the proposed *cy pres* recipients;

    c. The selected *cy pres* recipients must satisfy the eligibility criteria identified in the Settlement Agreement and must agree to use the funds for the purpose identified in the Settlement Agreement;

    d.  The selected *cy pres* recipients must submit a sworn declaration that (1) confirms their eligibility to receive funds under the Settlement Agreement; (2) confirms their promise to use the funds in accordance with the Settlement Agreements; and (3) discloses any existing or prior relationship to the Court, the parties, and counsel, including prior donations or *cy pres* distributions from the parties; and

    e.  The selected *cy pres* recipients must send a witness to the final approval hearing for questioning by the Court, if requested.

20.    Class Counsel believes that the above *cy pres* selection process, which is the only material change from the original Settlement Agreement, addresses the concerns laid out in the Third Circuit's prior decision in this case, and adopts the fix suggested by that Court in its opinion.

21.    Because the revised *cy pres* selection process above changes the selection methodology such that no potential bias on the part of the parties could impact the selection of the recipients, it is not necessary to examine which recipients were selected (but rejected) during the prior settlement approval process because all recipients selected under the above selection process would be selected by the third-party neutral appointed solely by the Court and not the parties or their counsel.

### Appointment of Class Counsel

22.    By Memorandum Order dated November 16, 2012 (D.I. 44), this Court appointed Keefe Bartels, LLC (replaced by Silverman Thompson Slutkin White); Bartimus, Frickleton, Robertson & Gorny, P.C. (now Bartimus, Frickleton, and Robertson, P.C.); and Strange & Carpenter (now Strange & Butler LLP) as co-interim class counsel pursuant to Rule 23(g)(3) of the Federal Rules of Civil Procedure.  In doing so, the Court noted our firms' "experience in large

class actions and with substantial privacy rights litigation," our "impressive credentials and the underlying qualifications to serve as lead counsel," our "understanding of the legal issues," our "work to identify or investigate potential claims," and "the resources [we] will bring to bear on behalf of the putative class."  (Order at 3–4.)

23.     As the Court has recognized, I have substantial experience in complex class actions, including cases similar to this, having served and still serving as class counsel in numerous federal and state consumer fraud actions which have resulted in tens of millions of dollars being returned to consumers, as well as privacy actions.  I have been appointed to leadership in MDLs across the country.  For example, I was selected as one of the members of plaintiffs' leadership out of 16 applicants appointed to Plaintiffs' Steering Committee in *In re Sony Gaming Networks Customer Data Security Breach Litig.*, MDL No. 2258, by the Honorable Anthony J. Battaglia in the Southern District of California.  I was also approved by Judge Jack Zouhary to serve on the Plaintiffs' Executive Committee in a consolidated antitrust case, *In re: Polyurethane Foam Antitrust Litig.*, in the United States District Court for the Northern District of Ohio, MDL No. 2196, which is considered one of the largest antitrust cases in the last 10 years.  I was also counsel for plaintiffs in *In re Hulu Privacy Litigation*, Northern District of California Case No. 3:11-cv-03764-LB, a case concerning Internet "cookies" and privacy issues.  I am intimately familiar with the developing legal doctrines of cyberspace privacy law, and have recently published articles on Internet privacy issues, including my article "Privacy: Is it legal tracking or an illegal Wiretap?" published in the Advocate, July 2012.

### Class Notice Requirements Are Met

24.     As set forth in the Declaration of Amanda Sternberg, class notice requirements in this case are met in that the best notice that is practicable under the circumstances was directed to

class members.  Notably, no class members, including the sole objector to the prior settlement, objected to the type or efficacy of the notice served to the class in this case.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 20th day of December, 2019, at Los Angeles, California.

/s/ Brian R. Strange
Brian R. Strange
**STRANGE & BUTLER LLP**
12100 Wilshire Blvd., Suite 1900
Los Angeles, CA 90025
Tel: 310-207-5055
*bstrange@strangeandbutler.com*

*Executive Committee Member*
