## UNITED STATES DISTRICT COURT
## DISCTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE GOOGLE INC. COOKIE PLACEMENT CONSUMER PRIVACY LITIGATION | ) ) ) ) | Case No. 12-MD-2358 (SLR) |

## DECLARATION OF AMANDA STERNBERG REGARDING SETTLEMENT ADMINISTRATION

I, AMANDA STERNBERG, declare as follows:

### INTRODUCTION

1.    I am a Senior Project Manager for Epiq Class Action & Claims Solutions, Inc. ("Epiq").[1].

2.    The following statements are based on my personal knowledge and information provided by other Epiq employees working under my supervision, and if called on to do so, I could and would testify competently about these issues.

3.    A previous declaration was submitted discussing the settlement administration. Attached hereto as **Exhibit 1** is a copy of the Declaration of Stephen J. Cirami dated December 5, 2016.

4.    I submit this Supplemental Declaration in order to advise the Parties and the Court as to final Exclusion and Notification reach totals.

### NOTICE

5.    Pursuant to paragraph 7 of the Preliminary Approval Order, Epiq designed and conducted a nationwide publication website-based notice program using banner notices targeted to Apple Safari and Microsoft Internet Explorer web browser users in English and Spanish with a link to the Long-Form Notice.  For a period of (6) six weeks, beginning on September 12, 2016, and continuing until October 24, 2016, the notice of the proposed settlement was disseminated to potential members of the Class via online advertisements on the Audience Network and Pulpo

---

[1] Garden City Group, LLC was acquired by Epiq on June 15, 2018 and is now continuing operations as part of Epiq.

Media networks, as well as through targeted social media advertising on Facebook. A total of 275,361,445 impressions were served by the banner advertisements during this time period.

6.    The Audience Network covers over 84% of the total U.S. internet population including websites from comScore's top 1,000 websites ranked by page views/traffic. Advertising has the opportunity to run on over 3 million websites including AOL.com, ABCFamily.go.com, CafeMom.com, FoodNetwork.com, MSN.com, WSJ.com, Weather.com, People.com, BHG.com, Pandora.com, ABCNews.go.com, AllYou.com, Prevention.com and Shape.com, among others.

7.    Pulpo Media is a bi-language network including thousands of Spanish language websites. Pulpo Media is ranked by comScore Media Metrix as #1 in Hispanic Reach based on its Hispanic Ad Focus Hispanic Ad Focus (#1 Spanish Dominant, Bilingual, and English dominant Hispanics respectively). Ads may appear on such sites as Espanol.Weather.com, Hoy.es, and Univision.com, among others.

8.    Facebook is the number one social networking site on the web with over 1.55 billion monthly active users worldwide and over 1 billion people logging in daily.

9.    Epiq also published the Summary Notice in the October 17, 2016 issue of *People* Magazine, appearing on page 57. *People* is a national weekly magazine with broad circulation of 3.5 million and a readership of over 42 million. The Summary Notice contained the material terms of the Settlement to potential Class Members, including the relief provided under the Settlement, the date, time, and place of the fairness hearing, the procedures and deadlines for opting-out of the Settlement or submitting objections to the Settlement, and an explanation that Class Members would be bound by any final judgement in this case if they did not opt-out of the Settlement.

## SETTLEMENT WEBSITE

10.    Pursuant to paragraph 7 of the Preliminary Approval Order, Epiq designed and made public on September 12, 2016, a Settlement Website, http://cases.gcginc.com/ggl, which contained the Long-Form Notice. The Long-Form Notice contained the material terms of the Settlement to potential Class Members, including the relief provided under the Settlement, the date, time, and place of the fairness hearing, the procedures and deadlines for opting-out of the Settlement or submitting objections to the Settlement, and an explanation that Class Members would be bound by any final judgement in this case if they did not opt-out of the Settlement. Through this Settlement Website, Class Members were able to download the Request For Exclusion Form. As of December 30, 2019, the Settlement Website has received 568,891 visits.

## EXCLUSIONS

11.    Pursuant to Sections 8.1-8.3 of the Agreement, any Class Member may have sought to be excluded from the Settlement by submitting to the Settlement Administrator the Request for Exclusion Form postmarked by November 27, 2016.  As of December 30, 2019, Epiq received 50 timely requests for exclusion and 11 untimely requests (the latest received exclusion request was dated February 10, 2017).  A list of all persons who have submitted a request for exclusion is attached hereto as **Exhibit 2**.

## OBJECTIONS

12.    Pursuant to Sections 9.1-9.4 of the Agreement, any Class Member who wished to object to the Settlement had to file their reasons for objecting with the Clerk of the Court, Counsel, and the Settlement Administrator on or before December 21, 2016.  As of December 30, 2019, Epiq has not received any objections.

## CLASS COMMUNICATION

13.    Epiq received limited communications with Class Members aside from processing mailed Request for Exclusion Forms, however Epiq did receive a phone call from a Class Member interested in knowing which charities were to benefit from the Settlement and whether they would could suggest a charity to be a beneficiary.


I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 30th day of December, 2019 in Seattle, Washington.


_____
AMANDA STERNBERG

# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## DISCTRICT OF DELAWARE

IN RE GOOGLE INC. COOKIE )     Case No. 12-MD-2358 (SLR)
PLACEMENT CONSUMER PRIVACY )
LITIGATION )
_____ )

## DECLARATION OF STEPHEN J. CIRAMI
## REGARDING SETTLEMENT ADMINISTRATION

I, STEPHEN J. CIRAMI, declare as follows:

## INTRODUCTION

1.     I am the Executive Vice President and Chief Operating Officer of the Garden City Group, LLC ("GCG"). Over the past 13 years at GCG, I have handled a wide range of historic complex legal administrations, including mass tort settlements, human rights administrations, product liability settlements, antitrust matters, DOJ disgorgements, SEC Fair Funds, and ERISA, wage and hour, and insurance-related matters. I have particular expertise identifying solutions for cases involving high volume and inaccurate or dated data, and those requiring specialized class member identification demands.

2.     The following statements are based on my personal knowledge and information provided by other GCG employees working under my supervision, and if called on to do so, I could and would testify competently about these issues.

3.     GCG was retained as the Settlement Administrator pursuant to Section 2.29 of the Settlement Agreement and Release (the "Agreement")[1], which the Court preliminarily approved in its Order Granting Motion for Preliminary Approval of Class Action Settlement dated August 31, 2016 ("Preliminary Approval Order").

_____

[1] Unless otherwise defined herein, all capitalized terms shall have the same meaning as set forth in the Agreement.

1

4.    I submit this Declaration in order to advise the Parties and the Court as to compliance with the notice procedures as set forth in the Agreement and Preliminary Approval Order.

## CAFA NOTICE

5.    Pursuant to Section 7.4 of the Agreement, notice of the proposed settlement pursuant to the Class Action Fairness Act 28 U.S.C. §1715(b) ("CAFA Notice") was to be sent within ten days of the Preliminary Approval Motion.  On September 8, 2016, GCG served CAFA Notice and an accompanying CD containing the documents specified by 28 U.S.C. §1715(b)(1)-(8) to the Attorney General of the United States and to the state Attorney Generals identified in the Service List for the CAFA Notice.  Attached hereto as **Exhibit A** is a copy of the CAFA Notice cover letter and Service List.  GCG sent the CAFA Notice cover letter and accompanying CD by Federal Express overnight delivery service and confirmed delivery for each addressee. The delivery confirmation sheet is attached hereto as **Exhibit B**.

## ONLINE PUBLICATION NOTICE

6.    Pursuant to paragraph 7 of the Preliminary Approval Order, GCG designed and conducted a nationwide publication website-based notice program using banner notices targeted to Apple Safari and Microsoft Internet Explorer web browser users in English and Spanish with a link to the Long-Form Notice.  For a period of (6) six weeks, beginning on September 12, 2016, and continuing until October 24, 2016, the notice of the proposed settlement was disseminated to potential members of the Class via online advertisements on the Audience Network and Pulpo Media networks, as well as through targeted social media advertising on Facebook.  A total of 275,361,445 impressions were served by the banner advertisements during this time period. Screenshots of the banner advertisements as they appeared are attached hereto as **Exhibit C**.

7.    The Audience Network covers over 84% of the total U.S. internet population including websites from comScore's top 1,000 websites ranked by page views/traffic.  Advertising has the opportunity to run on over 3 million websites including AOL.com, ABCFamily.go.com, CafeMom.com, FoodNetwork.com, MSN.com, WSJ.com, Weather.com, People.com, BHG.com, Pandora.com, ABCNews.go.com, AllYou.com, Prevention.com and Shape.com, among others.

8.    Pulpo Media is a bi-language network including thousands of Spanish language websites. Pulpo Media is ranked by comScore Media Metrix as #1 in Hispanic Reach based on its Hispanic Ad Focus Hispanic Ad Focus (#1 Spanish Dominant, Bilingual, and English dominant

2

Hispanics respectively). Ads may appear on such sites as Espanol.Weather.com, Hoy.es, and Univision.com, among others.

9.      Facebook is the number one social networking site on the web with over 1.55 billion monthly active users worldwide and over 1 billion people logging in daily.

## PRINT PUBLICATION NOTICE

10.      Pursuant to paragraph 7 of the Preliminary Approval Order, GCG published the Summary Notice in the October 17, 2016 issue of *People* Magazine, appearing on page 57. *People* is a national weekly magazine with broad circulation of 3.5 million and a readership of over 42 million. The Summary Notice contained the material terms of the Settlement to potential Class Members, including the relief provided under the Settlement, the date, time, and place of the fairness hearing, the procedures and deadlines for opting-out of the Settlement or submitting objections to the Settlement, and an explanation that Class Members would be bound by any final judgement in this case if they did not opt-out of the Settlement. A copy the *People* Magazine cover and the Summary Notice included therein are attached hereto as **Exhibit D**.

## SETTLEMENT WEBSITE

11.      Pursuant to paragraph 7 of the Preliminary Approval Order, GCG designed and made public on September 12, 2016, a Settlement Website, http://cases.gcginc.com/ggl, which contained the Long-Form Notice. The Long-Form Notice contained the material terms of the Settlement to potential Class Members, including the relief provided under the Settlement, the date, time, and place of the fairness hearing, the procedures and deadlines for opting-out of the Settlement or submitting objections to the Settlement, and an explanation that Class Members would be bound by any final judgement in this case if they did not opt-out of the Settlement. A copy of the Long-Form Notice is attached hereto as **Exhibit E**. Through this Settlement Website, Class Members were also able to download the Request For Exclusion Form, attached hereto as **Exhibit F**. As of December 4, 2016, the Settlement Website has received 44,415 visits.

## EXCLUSIONS

12.      Pursuant to Sections 8.1-8.3 of the Agreement, any Class Member may have sought to be excluded from the Settlement by submitting to the Settlement Administrator the Request for Exclusion Form, (see Exhibit F), postmarked by November 27, 2016. As of December 4, 2016, GCG has received 50 timely requests for exclusion and 1 (one) untimely

request. A list of all persons who have submitted a request for exclusion is attached hereto as **Exhibit G**.

## OBJECTIONS

13.    Pursuant to Sections 9.1-9.4 of the Agreement, any Class Member who wishes to object to the Settlement has to file their reasons for objecting with the Clerk of the Court, Counsel, and the Settlement Administrator on or before December 21, 2016. Any objection must state the Class Member's full name, address, telephone number, information demonstrating that the Class Member is entitled to be included as a member of the Class, and reasons for his or her objection. As of December 4, 2016, GCG has not received any objections.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 5th day of December, 2016 in New York, New York.

_____
STEPHEN J. CIRAMI

4

# EXHIBIT A

**GCG**

**Garden City Group, LLC**℠

888-404-8013 | gardencitygroup.com
1531 Utah Avenue S., Suite 600, Seattle, WA 98134

September 8, 2016.

**VIA FEDERAL EXPRESS**

United States Attorney General
And State Officials Identified
in the Attached Exhibit A

Re:    **CAFA Notice of Proposed Class Action Settlement**
       *In re Google Inc. Cookie Placement Consumer Privacy Litigation*
       **Case No. 12-md-2358 (SLR)**

Dear Sir or Madam:

       In compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, the Garden City Group, LLC ("GCG") on behalf of Defendant Google Inc., provides this notice relating to the proposed settlement of the lawsuit entitled *In re Google Inc. Cookie Placement Consumer Privacy Litigation,* United States District Court for the District of Delaware, Case No. 12-MD-2358 (SLR).

       On August 29, 2016, the Plaintiff's Motion for Preliminary Approval of Class Action Settlement; Brief in Support was filed with the Court. The Court issued its Order Granting Motion for Preliminary Approval of Class Action Settlement on August 31, 2016.  The Final Approval Hearing is currently scheduled for January 11, 2017 at 1:00 p.m.

    In accordance with CAFA, please find enclosed a CD containing copies of the following documents:

   1.  Consolidated Class Action Complaint (Docket 46);

   2.  Defendant Google Inc.'s Answer to the Consolidated Amended Complaint (Docket 154);

   3.  Consolidated Amended Class Action Complaint (Docket 162);

   4.  Plaintiff's Motion for Preliminary Approval of Class Action Settlement; Brief in Support (Docket 163);

       a.  Declaration of Brian R. Strange in Support of Motion for Preliminary Approval of Class Action Settlement (Docket 163-1) including Exhibits;

1



     b.   Declaration of Stephen G. Grygiel in Support of Motion for Preliminary Approval of Class Action Settlement (Docket 163-2);

     c.   Declaration of James P. Frickleton in Support of Motion for Preliminary Approval of Class Action Settlement (163-3);

     d.   Declaration of Stephen J. Cirami Regarding Notice and Settlement Administration (Docket 163-4);

     e.   [Proposed] Order Granting Preliminary Approval of Class Action Settlement (Docket 163-5);

   5.   Order Granting Preliminary Approval of Class Action Settlement (Docket 164)

     These documents are also available online via the federal Public Access to Court Electronic Records ("PACER") system, available at http://www.pacer.gov/.

     It is not feasible at this time to provide the names of class members who reside in each State or a reasonably accurate estimate of the proportionate share of the claims of such members to the entire settlement. A settlement class member is anyone in the United States of America who used the Apple Safari or Microsoft Internet Explorer web browsers and who visited a website from which Doubleclick.net (Google's advertising serving service) cookies were placed by the means alleged in the Complaint.

     Defendant is represented by Michael H. Rubin and Anthony J Weibell of Wilson Sonsini Goodrich & Rosati.  Please feel free to contact Mr. Rubin or Mr. Weibell directly at Wilson Sonsini Goodrich & Rosati, 650 Page Mill Road, Palo Alto, CA 94304 with any questions.

     Best regards,

     _____

     Robert Jindra
     Assistant Director, Operations
     GCG
     1531 Utah Ave South, Suite 600
     Seattle, WA 98134
     1-888-404-8013

Enclosures

cc:    Counsel for Defendants
       Class Counsel

US Attorney General
US Department of Justice
950 Pennsylvania Ave NW
Washington, DC  20530

Attorney General for Alaska
1031 W. 4th Avenue
Suite 200
Anchorage, AK  99501

Attorney General for Alabama
501 Washington Avenue
Montgomery, AL  36104

Attorney General for Arkansas
323 Center St., Suite 200
Little Rock, AR  72201

Attorney General for Arizona
1275 W. Washington St.
Phoenix, AZ  85007

CAFA Coordinator
Office of the Attorney General
Consumer Law Section
455 Golden Gate Ave., Suite 11000
San Francisco, CA  94102

Attorney General for Colorado
Ralph L. Carr Judicial Building
1300 Broadway, 10th Fl
Denver, CO  80203

Attorney General for Connecticut
55 Elm St.
Hartford, CT  06106

Attorney General for DC
One Judiciary Square
441 4th St. NW
Washington, DC  20001

Attorney General for Delaware
Carvel State Office Bldg.
820 N. French St.
Wilmington, DE  19801

Attorney General for Florida
The Capitol PL-01
Tallahassee, FL  32399

Attorney General for Georgia
40 Capitol Square SW
Atlanta, GA  30334

Attorney General for Hawaii
425 Queen St.
Honolulu, HI  96813

Attorney General for Iowa
1305 E Walnut St
Hoover State Office Building
Des Moines, IA  50319

Attorney General for Idaho
700 W. Jefferson St.
Suite 210
Boise, ID 83720

Attorney General for Illinois
500 South Second Street
Springfield, IL 62706

Attorney General for Indiana
Indiana Government Center South
302 W. Washington St, 5th Floor
Indianapolis, IN 46204

Attorney General for Kansas
120 SW 10th Ave., 2nd Fl.
Topeka, KS 66612

Attorney General for Kentucky
700 Capitol Avenue
Suite 118
Frankfort, KY 40601

Attorney General for Louisiana
1885 North 3rd St., 6th Floor
Baton Rouge, LA 70802

Office of Massachusetts
Attorney General
ATTN: CAFA Coordinator
1 Ashburton Pl.
Boston, MA 02108

Attorney General for Maryland
200 St. Paul Pl.
Baltimore, MD 21202

Attorney General for Maine
6 State House Station
Augusta, ME 04333

Attorney General for Michigan
G. Mennen Williams Bldg., 7th Fl.
525 W. Ottawa St.
Lansing, MI 48909

Attorney General for Minnesota
1400 Bremer Tower
445 Minnesota St.
St. Paul, MN 55101

Attorney General for Missouri
Supreme Court Building
207 W High St.
Jefferson City, MO 65101

Attorney General for Mississippi
Walter Sillers Bldg.
550 High St., Ste. 1200
Jackson, MS 39201

Attorney General for Montana
Justice Building, 3rd Fl.
215 North Sanders
Helena, MT 59601

Attorney General for North Carolina
114 West Edenton Street
Raleigh, NC  27603

Attorney General for North Dakota
State Capitol
600 E. Blvd. Ave., Dept. 125
Bismarck, ND  58505

Attorney General for Nebraska
2115 State Capitol
Lincoln, NE  68509

Attorney General for New Hampshire
33 Capitol St.
Concord, NH  03301

Attorney General for New Jersey
HJC, 8th Floor, West Wing
25 Market Street
Trenton, NJ  08625

Attorney General for New Mexico
408 Galisteo St.
Villagra Bldg.
Santa Fe, NM  87501

Attorney General for Nevada
100 N. Carson St.
Carson City, NV  89701

Attorney General for New York
The Capitol
Albany, NY  12224

Attorney General for Ohio
30 E. Broad St., 14th Floor
Columbus, OH  43215

Attorney General for Oklahoma
313 NE 21st St.
Oklahoma City, OK  73105

Attorney General for Oregon
Oregon Department of Justice
1162 Court St. NE
Salem, OR  97301

Attorney General for Pennsylvania
16th Floor, Strawberry Square
Harrisburg, PA  17120

Attorney General for Rhode Island
150 S. Main St.
Providence, RI  02903

Attorney General for South Carolina
Rembert Dennis Bldg
1000 Assembly St., Room 519
Columbia, SC  29201

Attorney General for South Dakota
1302 E. Hwy. 14, Suite 1
Pierre, SD  57501

Attorney General for Tennessee
Cordell Hull Building, Ground Floor
425 5th Ave. N.
Nashville, TN  37243

Attorney General for Texas
300 W. 15th St.
Austin, TX  78701

Attorney General for Utah
Utah State Capitol Complex
350 N. State St., Suite 230
Salt Lake City, UT  84114

Attorney General for Virginia
202 North Ninth St
Richmond, VA  23219

Attorney General for Vermont
109 State St.
Montpelier, VT  05609

Attorney General for Washington
1125 Washington St. SE
Olympia, WA  98504

Attorney General for Wisconsin
114 East State Capitol
Madison, WI  53702

Attorney General for West Virginia
State Capitol Complex
Bldg. 1, Room E-26
Charleston, WV  25305

Attorney General for Wyoming
2424 Pioneer Ave  3rd FL
Pioneer Building
Cheyenne, WY  82002

Attorney General for American Samoa
American Samoa Gov't.
A.P. Lutali Executive Office Bldg
Pago Pago, AS  96799

Attorney General for Guam
590 S.Marine Corps Drive
ITC Bldg., Suite 706
Tamuning, GU  96913

Attorney General for the
Northern Mariana Islands
Admin Bldg, PO Box 10007
Saipan, MP  96950

Edificio Principal del Depto. De Justicia
Piso 11, 601 Calle Olimpo
Esquina Axtmayer, Parada 11
San Juan, PR  00907

Acting Attorney General for Virgin Islands
34-38 Kronprindsens Gade
GERS Bldg, 2nd Fl
St. Thomas, VI  00802

Acting Attorney General for Palau
PO Box 1365
Koror, PW  96940

Secretary, Dept. of Justice for the
Federated States of Micronesia
PO Box PS 105, Palikir
Pohnpei, FM  96941

Attorney General for the
Republic of the Marshall Islands
PO Box 890
Majuro, MH  96960

# EXHIBIT B

| Carrier | Tracking No. or Nickname | Shipper city, state | Ship (P/U) date | Status | Recipient city, state | Delivery date | Signature image |
|---------|--------------------------|---------------------|-----------------|--------|-----------------------|---------------|-----------------|
| FedEx | 682222383067 | Seattle, WA | 9/8/2016 | Delivered | Washington, DC | 9/9/2016 9:56 | YES |
| FedEx | 682222383078 | Seattle, WA | 9/8/2016 | Delivered | Anchorage, AK | 9/9/2016 10:23 | YES |
| FedEx | 682222383089 | Seattle, WA | 9/8/2016 | Delivered | Montgomery, AL | 9/9/2016 9:51 | YES |
| FedEx | 682222383090 | Seattle, WA | 9/8/2016 | Delivered | Little Rock, AR | 9/9/2016 10:00 | YES |
| FedEx | 682222383104 | Seattle, WA | 9/8/2016 | Delivered | Phoenix, AZ | 9/9/2016 10:04 | YES |
| FedEx | 682222383115 | Seattle, WA | 9/8/2016 | Delivered | San Francisco, CA | 9/9/2016 9:31 | YES |
| FedEx | 682222383126 | Seattle, WA | 9/8/2016 | Delivered | Denver, CO | 9/9/2016 10:21 | YES |
| FedEx | 682222383137 | Seattle, WA | 9/8/2016 | Delivered | Hartford, CT | 9/9/2016 9:37 | YES |
| FedEx | 682222383148 | Seattle, WA | 9/8/2016 | Delivered | Washington, DC | 9/9/2016 9:11 | YES |
| FedEx | 682222383159 | Seattle, WA | 9/8/2016 | Delivered | Wilmington, DE | 9/9/2016 13:55 | YES |
| FedEx | 682222383160 | Seattle, WA | 9/8/2016 | Delivered | Tallahassee, FL | 9/9/2016 9:22 | YES |
| FedEx | 682222383170 | Seattle, WA | 9/8/2016 | Delivered | Atlanta, GA | 9/9/2016 8:48 | YES |
| FedEx | 682222383181 | Seattle, WA | 9/8/2016 | Delivered | Honolulu, HI | 9/9/2016 11:56 | YES |
| FedEx | 682222383192 | Seattle, WA | 9/8/2016 | Delivered | Des Moines, IA | 9/9/2016 11:43 | YES |
| FedEx | 682222383207 | Seattle, WA | 9/8/2016 | Delivered | Boise, ID | 9/9/2016 10:15 | YES |
| FedEx | 682222383218 | Seattle, WA | 9/8/2016 | Delivered | Springfield, IL | 9/9/2016 9:22 | YES |
| FedEx | 682222383229 | Seattle, WA | 9/8/2016 | Delivered | Indianapolis, IN | 9/9/2016 10:10 | YES |
| FedEx | 682222383230 | Seattle, WA | 9/8/2016 | Delivered | Topeka, KS | 9/9/2016 9:12 | YES |
| FedEx | 682222383240 | Seattle, WA | 9/8/2016 | Delivered | Frankfort, KY | 9/9/2016 11:00 | YES |
| FedEx | 682222383251 | Seattle, WA | 9/8/2016 | Delivered | Baton Rouge, LA | 9/9/2016 11:28 | YES |
| FedEx | 682222383262 | Seattle, WA | 9/8/2016 | Delivered | Boston, MA | 9/9/2016 10:30 | YES |
| FedEx | 682222383273 | Seattle, WA | 9/8/2016 | Delivered | Baltimore, MD | 9/9/2016 13:51 | YES |
| FedEx | 682222383284 | Seattle, WA | 9/8/2016 | Delivered | Augusta, ME | 9/9/2016 10:05 | YES |
| FedEx | 682222383295 | Seattle, WA | 9/8/2016 | Delivered | Lansing, MI | 9/9/2016 10:02 | YES |
| FedEx | 682222383300 | Seattle, WA | 9/8/2016 | Delivered | St. Paul, MN | 9/9/2016 9:08 | YES |
| FedEx | 682222383310 | Seattle, WA | 9/8/2016 | Delivered | Jefferson City, MO | 9/9/2016 9:32 | YES |
| FedEx | 682222383321 | Seattle, WA | 9/8/2016 | Delivered | Jackson, MS | 9/9/2016 8:51 | YES |
| FedEx | 682222383332 | Seattle, WA | 9/8/2016 | Delivered | Helena, MT | 9/9/2016 10:57 | YES |
| FedEx | 682222383343 | Seattle, WA | 9/8/2016 | Delivered | Raleigh, NC | 9/9/2016 9:55 | YES |
| FedEx | 682222383354 | Seattle, WA | 9/8/2016 | Delivered | Bismarck, ND | 9/9/2016 10:46 | YES |
| FedEx | 682222383365 | Seattle, WA | 9/8/2016 | Delivered | Lincoln, NE | 9/9/2016 8:41 | YES |
| FedEx | 682222383376 | Seattle, WA | 9/8/2016 | Delivered | Concord, NH | 9/9/2016 10:04 | YES |
| FedEx | 682222383387 | Seattle, WA | 9/8/2016 | Delivered | Trenton, NJ | 9/9/2016 10:08 | YES |

| Carrier | Tracking No. or Nickname | Shipper city, state | Ship (P/U) date | Status | Recipient city, state | Delivery date | Signature image |
|---|---|---|---|---|---|---|---|
| FedEx | 682222383398 | Seattle, WA | 9/8/2016 | Delivered | Santa Fe, NM | 9/9/2016 10:01 | YES |
| FedEx | 682222383402 | Seattle, WA | 9/8/2016 | Delivered | Carson City, NV | 9/9/2016 9:48 | YES |
| FedEx | 682222383413 | Seattle, WA | 9/8/2016 | Delivered | Albany, NY | 9/9/2016 9:29 | YES |
| FedEx | 682222383424 | Seattle, WA | 9/8/2016 | Delivered | Columbus, OH | 9/9/2016 10:27 | YES |
| FedEx | 682222383435 | Seattle, WA | 9/8/2016 | Delivered | Oklahoma City, OK | 9/9/2016 9:36 | YES |
| FedEx | 682222383446 | Seattle, WA | 9/8/2016 | Delivered | Salem, OR | 9/9/2016 9:10 | YES |
| FedEx | 682222383457 | Seattle, WA | 9/8/2016 | Delivered | Harrisburg, PA | 9/9/2016 9:48 | YES |
| FedEx | 682222383468 | Seattle, WA | 9/8/2016 | Delivered | Providence, RI | 9/9/2016 9:23 | YES |
| FedEx | 682222383479 | Seattle, WA | 9/8/2016 | Delivered | Columbia, SC | 9/9/2016 8:52 | YES |
| FedEx | 682222383480 | Seattle, WA | 9/8/2016 | Delivered | Pierre, SD | 9/9/2016 10:09 | YES |
| FedEx | 682222383490 | Seattle, WA | 9/8/2016 | Delivered | Nashville, TN | 9/9/2016 11:59 | YES |
| FedEx | 682222383505 | Seattle, WA | 9/8/2016 | Delivered | Austin, TX | 9/9/2016 9:48 | YES |
| FedEx | 682222383516 | Seattle, WA | 9/8/2016 | Delivered | Salt Lake City, UT | 9/9/2016 10:12 | YES |
| FedEx | 682222383527 | Seattle, WA | 9/8/2016 | Delivered | Richmond, VA | 9/9/2016 9:39 | YES |
| FedEx | 682222383538 | Seattle, WA | 9/8/2016 | Delivered | Montpelier, VT | 9/9/2016 10:04 | YES |
| FedEx | 682222383549 | Seattle, WA | 9/8/2016 | Delivered | Olympia, WA | 9/9/2016 10:47 | YES |
| FedEx | 682222383550 | Seattle, WA | 9/8/2016 | Delivered | Madison, WI | 9/9/2016 9:51 | YES |
| FedEx | 682222383560 | Seattle, WA | 9/8/2016 | Delivered | Charleston, WV | 9/9/2016 9:10 | YES |
| FedEx | 682222383571 | Seattle, WA | 9/8/2016 | Delivered | Cheyenne, WY | 9/9/2016 9:58 | YES |
| FedEx | 682222383582 | SEATTLE, WA | 9/8/2016 | Delivered | PAGO PAGO | 9/19/2016 12:54 | NO |
| FedEx | 682222383593 | SEATTLE, WA | 9/8/2016 | Delivered | TAMUNING, GU | 9/12/2016 8:39 | YES |
| FedEx | 682222383608 | SEATTLE, WA | 9/8/2016 | Delivered | SAN JUAN, PR | 9/9/2016 13:58 | NO |
| FedEx | 682222383619 | SEATTLE, WA | 9/8/2016 | Delivered | ST. THOMAS | 9/9/2016 13:32 | YES |
| USPS | 9470112699350005623923 | SEATTLE, WA | 9/9/2016 | Delivered | Saipan, MP | 9/16/2016 | NO |
| USPS | 9470112699350005623947 | SEATTLE, WA | 9/10/2016 | Delivered | Koror, PW | 9/19/2016 | NO |
| USPS | 9470112699350005623916 | SEATTLE, WA | 9/11/2016 | Delivered | Pohnpei, FM | 9/13/2016 | NO |
| USPS | 9470112699350005623930 | SEATTLE, WA | 9/12/2016 | Delivered | Majuro, MH | 9/14/2016 | NO |

# EXHIBIT C

# Yahoo Ad Network / A18+ / 728x90





# Yahoo Ad Network / A18+ / 300x250









# PULPO MEDIA DISPLAY

**Placement:** Desktop
**Banner Size:** 728x90
**ScreenShot URL:** https://www.terra.com/
**ScreenShot date:** 9/12/2016





# PULPO MEDIA DISPLAY

**Placement:** Desktop
**Banner Size:** 300x250
**ScreenShot URL:** http://www.publimetro.co/entretenimiento/
**ScreenShot date:** 09/12/2016



# DESKTOP 728X90



© 2014, Conversant, Inc. All rights reserved.

CONVERSANT

# DESKTOP 300X250



© 2014, Conversant, Inc. All rights reserved.

CONVERSANT

# EXHIBIT D

# The Garden City Group Legal Notice – PEOPLE's 10/17 Issue



# EXHIBIT E

<u>NOTICE OF CLASS ACTION SETTLEMENT</u>

## *In re Google Inc. Cookie Placement Consumer Privacy Litigation,*
### 12-MD-2358 (SLR)
### United States District Court, District of Delaware

**IMPORTANT:  THIS NOTICE IS BEING PROVIDED BY COURT ORDER.  PLEASE READ THIS ENTIRE NOTICE CAREFULLY.  A SETTLEMENT REACHED WITH DEFENDANT GOOGLE INC. ("GOOGLE") IN A PENDING CLASS ACTION LITIGATION MAY AFFECT YOUR RIGHTS.**

This Notice answers the following questions:

1. <u>Why should I read this Notice?</u>
2. <u>What is a class action and who is involved</u>?
3. <u>What is the lawsuit about?</u>
4. <u>Who are the members of the Settlement Class?</u>
5. <u>What are the terms of the proposed settlement?</u>
6. <u>What are the important dates?</u>
7. <u>Who represents the Settlement Class and what are the associated attorneys' fees and expenses?</u>
8. <u>What are the reasons for the settlement?</u>
9. <u>What claims are being released?</u>
10. <u>Can I exclude myself from the settlement and release?</u>
11. <u>What is the settlement approval procedure and how can I make my views known?</u>
12. <u>Where can I get additional information?</u>

## 1.    WHY SHOULD I READ THIS NOTICE?

Your rights may be affected by a class action lawsuit, *In re Google Inc. Cookie Placement Consumer Privacy Litigation*. It was filed by the plaintiffs in United States District Court for the District of Delaware under Case No. 12-MD-2358 (SLR).

The purpose of this Notice is to provide important information to people in the United States who may be Class Members. You may be a Class Member if in 2011-2012 you used a Safari or Internet Explorer web browser with the browser cookie settings set, by default or by choice, either to accept cookies only from "visited" sites or to block cookies from "third parties and advertisers," and you visited a non-Google website that displayed ads from doubleclick.net (Google's advertising serving service), and a cookie from doubleclick.net was placed on your browser as a result of that visit.

This notice is also to inform you that:  (1) a settlement of the Class Action (the "Settlement") with Google has been preliminarily approved by the court in Delaware; and (2) a hearing has been scheduled at 1:00 pm on January 11, 2017, in the Courtroom of the Honorable Sue L. Robinson, Judge of the United States District Court, District of Delaware.  The Court is located at the J. Caleb Boggs Federal Building, 844 N. King Street, Room 4124, Unit 31, Wilmington, DE 19801-3568.  The hearing is to consider the fairness and adequacy of the Settlement. The judge will also consider Class Counsel's request for attorneys' fees and expenses, and the incentive awards for the Representative Plaintiffs.

This settlement, if finally approved, will decide the litigation with respect to the Defendant ("Google") only and will be subject to any appeals.  The litigation will continue with respect to the Non-Settling Defendants.

## 2.      WHAT IS A CLASS ACTION AND WHO IS INVOLVED?

In a class action lawsuit, one or more people, called "Representative Plaintiffs" or "Named Plaintiffs" sue on behalf of people who have similar claims.  The people together are called the "Class" or "Class Members."  The Representative Plaintiffs, through Class Counsel, have reached the proposed Settlement with Google.  The Court has allowed, or "certified," this to proceed as a class action solely for purposes of the Settlement, and all decisions that the Court makes concerning the Settlement will affect all of the Class Members.

## 3.      WHAT IS THE LAWSUIT ABOUT?

Named Plaintiffs ("Plaintiffs") and other individuals filed complaints claiming that Google set cookies on Plaintiffs' Apple Safari or Microsoft Internet Explorer web browsers. They claim this is in conflict with the default cookie settings of such browsers and in violation of federal and state laws.  These complaints were consolidated and transferred to the United States District Court for the District of Delaware.  On June 21, 2016, Plaintiffs filed their Amended Class Action Complaint (the "Complaint") against Google and other parties ("Non-Settling Defendants").

Plaintiffs allege that Google installed third-party tracking cookies when Plaintiffs and Class Members visited a website containing an advertisement placed by Google. They allege that Google circumvented Apple Safari or Microsoft Internet Explorer web browser settings that blocked such cookies.  Plaintiffs allege Google used those cookies to knowingly intercept and gain access to Plaintiffs' and Class Members' Internet communications and activity.

Google denies all allegations of wrongdoing, but has agreed to settle the case to avoid the uncertainties, expenses, and time of further litigation. Google believes that the placement of cookies was a legitimate, lawful, and permissible activity that fostered advertising effectiveness.

Counsel for the Plaintiffs believe they have a strong case on the merits and that a class would be certified for litigation purposes.  Plaintiffs are prepared to seek class certification and present evidence that Google engaged in improper conduct, and that the Settlement Class was harmed as a result.  Google is likewise prepared to mount a vigorous defense on numerous important questions, including whether the claims are legally viable; whether the case is properly subject to class certification for litigation purposes; and whether the Plaintiffs or members of the Settlement Class suffered any harm even assuming the truth of the allegations as pled.

The Settlement was reached only after many detailed arms-length negotiations conducted in good faith. On August 31, 2016, the Court granted preliminary approval of the settlement and certified the Settlement Class for the purposes of settlement only. It also appointed Plaintiffs Jose M. ("Josh") Bermudez, Nicholas Todd Heinrich, and Lynne Krause ("Plaintiffs"), as representatives of the Settlement Class, and Strange & Butler, LLP, Silverman Thompson Slutkin White, and Bartimus, Frickleton and Robertson, P.C., as Settlement Class Counsel. The Court ordered that this Notice be disseminated.

THIS NOTICE IS NOT AN EXPRESSION OF ANY OPINION BY THE COURT REGARDING THE MERITS OR LACK THEREOF OF ANY OF THE CLAIMS OR DEFENSES ASSERTED BY PLAINTIFFS OR DEFENDANT.

### 4. WHO ARE THE MEMBERS OF THE SETTLEMENT CLASS?

The Settlement Class consists of all persons in the United States of America who used the Apple Safari or Microsoft Internet Explorer web browsers and who visited a website from which Doubleclick.net (Google's advertising serving service) cookies were placed by the means alleged in the Complaint. The Complaint alleges that in 2011-2012, users of Apple Safari or Microsoft Internet Explorer web browsers that were set to accept cookies only from "visited" sites or to block all cookies from "third parties and advertisers" who visited a non-Google website containing an advertisement served by Doubleclick.net (Google's advertising serving service) and who did not already have a cookie from the Doubleclick.net domain would have received one as a result of this visit because of means employed by Google to set cookies under these circumstances.

IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOU WILL BE BOUND BY THIS SETTLEMENT. YOU MAY, BUT ARE NOT REQUIRED TO, APPEAR IN PERSON AT THE SETTLEMENT FAIRNESS HEARING, OR HAVE AN ATTORNEY APPEAR ON YOUR BEHALF, AND/OR SUBMIT COMMENTS REGARDING THE FAIRNESS, ADEQUACY, AND REASONABLENESS OF THE SETTLEMENT.

IF THE SETTLEMENT IS FINALLY APPROVED BY THE COURT, THE JUDGMENT WILL BIND ALL PERSONS IN THE SETTLEMENT CLASS. THEIR CLAIMS AGAINST GOOGLE AND GOOGLE RELATED PARTIES SHALL FOREVER BE RELEASED AND DISMISSED.

### 5. WHAT ARE THE TERMS OF THE PROPOSED SETTLEMENT?

In exchange for the release of claims of the Settlement Class Members, the Settlement Agreement provides for substantial injunctive and prospective relief for Settlement Class Members. Among these is Google taking steps designed to expire or delete, by modifying the cookie deletion date contained in each cookie, all third-party Google cookies that exist in the Safari Browser files for Safari Browsers.[1] The parties agree that this action by Google is a practical, reasonable, and effective means of removing the cookies at issue. Google has also agreed to pay $5.5 million into a settlement fund to be distributed to various non-profit and/or educational institutions. These institutions must agree to devote the funds to promote public

---

[1] This will not apply to Google "opt-out" cookies, which are cookies users can choose to accept that allow them to "opt-out" of Google's third-party cookies themselves. Therefore, those users would not want the "opt-out" cookies to be expired or deleted.

awareness and education, and/or to support research, development, and initiatives, related to the security and/or privacy of Internet browsers.

## 6.    WHAT ARE THE IMPORTANT DATES AND DEADLINES TO ACT?

Opt-Out Deadline:    November 27, 2016
Objection Deadline:    December 21, 2016
Fairness Hearing:    January 11, 2017 at 1:00 pm

## 7.    WHO REPRESENTS THE SETTLEMENT CLASS AND WHAT ARE THE ASSOCIATED ATTORNEYS' FEES AND EXPENSES?

The Court has appointed, Jose M. ("Josh") Bermudez, Nicholas Todd Heinrich, and
Lynne Krause as the Settlement Class Representatives. It has appointed Strange & Butler, LLP, Silverman Thompson Slutkin White, and Bartimus, Frickleton, and Robertson, P.C. as Class Counsel for the Settlement Class.

Class Counsel have been prosecuting this litigation on a contingency fee basis (that is, without compensation) while advancing litigation expenses. In advance of the Fairness Hearing, Class Counsel will ask the Court for attorneys' fees and litigation costs/expenses in the amount of up to $2,500,000 to be paid from the Settlement Fund. Google has agreed not to oppose this request. Class Counsel will also apply to the Court for incentive awards for the Settlement Class Representatives in the amount of up to $1000 each, to be paid from the Settlement Fund. Google has also agreed not to oppose this motion. All such reimbursements will be subject to approval by the Court. Settlement Class Members are not personally responsible for any attorneys' fees, expenses, or incentive awards. Class counsel's attorneys' fees and expenses and Settlement Class Representatives' incentive awards are to be paid from the Settlement Fund in an amount authorized by the Court. Settlement Class Members are not personally responsible for payment of any attorney's fees, unless they hire their own attorney to represent them in this case.

## 8.    WHAT ARE THE REASONS FOR THE SETTLEMENT?

Class Counsel have thoroughly investigated the facts and circumstances relevant to the claims at issue in the litigation. Class Counsel have also considered the expense and length of time necessary to prosecute the litigation through trial and any appeals, the uncertainties associated with the outcome of any litigation including this one, and the benefits provided by the proposed Settlement. Based upon their investigation and evaluation of the claims and defenses, Class Counsel have concluded that it is in the best interests of the Settlement Class to resolve the claims against Google on the terms outlined in this document.

## 9.    WHAT CLAIMS ARE BEING RELEASED?

If the Settlement Agreement is approved by the Court, each Settlement Class Member will release and dismiss Google, and its past, present, and future parents, divisions, subsidiaries, partnerships, affiliates, and other related entities (whether or not they are wholly owned), together with the directors, officers, employees, agents, insurers, reinsurers and attorneys of any of them (but not including any of the other Defendants named in the Consolidated Amended Complaint, or any of their past, present and future parents, divisions, subsidiaries, partnerships, affiliates and other related entities (whether or not wholly owned), together with their directors, officers, employees, agents, insurers, reinsurers and attorneys), from any and all potential or actual matters, claims, demands, rights, liabilities, losses, obligations, duties, actions,

potential actions, and causes of action of any kind whatsoever, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, which any Class Member has or might have, known or unknown, including Unknown Claims, defined below, of any kind whatsoever prior to the Effective Date and that Plaintiffs alleged or could have alleged in the Complaint against Google or that otherwise are based on or relate to, wholly or partially, the facts and circumstances Plaintiffs alleged in the Complaint's claims against Google.

Without limiting the generality of the foregoing description of Released Claims, the Class Members may hereafter discover facts in addition to or different from those that any of them now knows or believes to be true with respect to the facts, circumstances and import of Plaintiffs' Complaint's claims against Google. However, the Class Members fully, finally, and forever settle and release any and all claims set forth in this Paragraph, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.  The Class Members acknowledge that the inclusion of such "Unknown Claims" in the Agreement was separately bargained for and was a key element of the Agreement.

By the definition of Released Claims set forth above, the Class Members hereby intend expressly to waive the provisions, rights, and benefits of any state law or rule that seeks to or does preserve known or unknown claims that would otherwise be released by this Settlement Agreement, including California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

The Named Plaintiffs and Class Members expressly waive any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or of any other nation that is similar, comparable, or equivalent to California Civil Code § 1542.

## 10.    CAN I EXCLUDE MYSELF FROM THE SETTLEMENT AND RELEASE?

A Class Member may request exclusion from the Class up until the Opt-Out Deadline (see Paragraph 6 above). To request exclusion, the Class Member must complete, sign, and mail the "Request for Exclusion" form attached to this notice to the Settlement Administrator. The Request for Exclusion must be signed by the Class Member seeking exclusion under penalty of perjury. The Request for Exclusion must be postmarked on or before the Opt-Out Deadline. Any Person who submits a valid and timely Request for Exclusion shall not be entitled to relief under, and shall not be affected by, the settlement or any relief provided by the settlement. The parties to the settlement will have the right to challenge the timeliness and validity of any Request for Exclusion, in which case the Court will determine whether any contested exclusion request is valid. Class Members that do not follow the steps to be excluded from the settlement will be bound by the settlement and will release any and all claims as set forth in Paragraph 9, above.

11.    **WHAT IS THE SETTLEMENT APPROVAL PROCEDURE AND HOW CAN I MAKE MY VIEWS KNOWN?**

The Court has scheduled a hearing at 1:00 pm on January 11, 2017, in the Courtroom of the Honorable Sue L. Robinson, Judge of the United States District Court, District of Delaware. The Court is located at J. Caleb Boggs Federal Building, 844 N. King Street, Room 4124, Unit 31, Wilmington, DE 19801-3568.

At this hearing, the Court will consider, among other matters, whether the Settlement should be granted final approval as fair, adequate and reasonable, and in the best interests of Settlement Class Members. It will also consider Class Counsel's application for attorneys' fees and expenses and incentive awards for the Representative Plaintiffs. Although you may attend the hearing in person or through your own attorney at your own expense, you are not required to do so. If you wish to comment in writing in support or in opposition to any aspect of the proposed Settlement or to Class Counsel's request for attorneys' fees and expenses or incentive awards for the Representative Plaintiffs, you may do so by filing your written comments or objections with the Court. Send them by U.S. Mail or email (including ECF service) to (1) Brian R. Strange, Strange & Butler, LLP, 12100 Wilshire Blvd., Ste. 1900, Los Angeles, CA 90025; Stephen G. Grygiel, Silverman Thompson Slutkin White, 201 N. Charles Street, 26th Floor, Baltimore, MD 21201; and/or James P. Frickleton, Bartimus, Frickleton, and Robertson, P.C., 11150 Overbrook Road, Suite 200, Leawood, KS 66211, and (2) Michael Rubin, Wilson Sonsini Goodrich & Rosati, One Market Plaza, Spear Tower, Suite 3300, San Francisco, CA 94105. They must be postmarked, faxed, or delivered (or served by ECF) on or before December 21, 2016. The Court will not be able to give much consideration to general comments lacking detail, for example, a submission simply stating, "I object" or "I support the Settlement" will not provide enough information to the Court or Parties. Your submission must also include your name and current address, a statement that you are a Settlement Class Member, and the case caption.

12.    **WHERE CAN I GET ADDITIONAL INFORMATION?**

This notice only contains a summary of the proposed Settlement. You may appear in person during regular business hours at the Clerk's office of the United States District Court, District of Delaware. The office is located at 844 North King St Unit 18, Wilmington, DE 19801-3570. You can also review online the entire Settlement Agreement, as well as the pleadings, records and other papers on file with the Court.

If you need further information, please contact Class Counsel, Brian R. Strange, Strange & Butler, LLP, 12100 Wilshire Blvd., Ste. 1900, Los Angeles, CA 90025; Stephen G. Grygiel, Silverman Thompson Slutkin White, 201 N. Charles Street, 26th Floor, Baltimore, MD 21201; and/or James P. Frickleton, Bartimus, Frickleton, and Robertson, P.C., 11150 Overbrook Road, Suite 200, Leawood, KS 66211.


**PLEASE DO NOT CONTACT THE COURT WITH QUESTIONS.**

## REQUEST FOR EXCLUSION FORM

THIS REQUEST MAY AFFECT YOUR LEGAL RIGHTS.

*In re Google Inc. Cookie Placement Consumer Privacy Litigation*, United States District Court, District of Delaware, Case No. 12-MD-2358 (SLR)

If you do not want to participate in the settlement and wish to exclude yourself from the Class, that is, to "OPT-OUT" of this settlement, then you must complete this Request for Exclusion, sign under penalty of perjury, date and mail the Form to the address below.  You must submit this Form, postmarked no later than November 27, 2016.

By electing to "OPT-OUT" of the settlement (i) you will <u>not</u> share in any benefits from the settlement, (ii) you will <u>not</u> be bound by any further orders or judgment entered for or against the Class, and (iii) you will remain able to independently pursue any claims alleged in this action, against Google Inc., by filing your own lawsuit at your own expense.

**"I hereby opt-out of the Class and request to be excluded from the settlement in *In re Google Inc. Cookie Placement Consumer Privacy Litigation*, United States District Court, District of Delaware, Case No. 12-MD-2358 (SLR)."**

Name:

Address:

City:                                                                   State:        ZIP:

I declare under penalty of perjury under the laws of the State of _____ that the foregoing is true and correct.

Signature of the Claimant:                                          Date:        /        /

**Mail completed and signed Request for Exclusion to:**
**In re Google Inc. Cookie Placement Settlement Administrator**
**c/o GCG**
**PO Box 10320**
**Dublin, OH 43017-5920**

EXHIBIT F

## REQUEST FOR EXCLUSION FORM

### THIS REQUEST MAY AFFECT YOUR LEGAL RIGHTS.

*In re Google Inc. Cookie Placement Consumer Privacy Litigation*, United States District Court, District of Delaware, Case No. 12-MD-2358 (SLR)

If you do not want to participate in the settlement and wish to exclude yourself from the Class, that is, to "OPT-OUT" of this settlement, then you must complete this Request for Exclusion, sign under penalty of perjury, date and mail the Form to the address below. You must submit this Form, postmarked no later than November 27, 2016.

By electing to "OPT-OUT" of the settlement (i) you will <u>not</u> share in any benefits from the settlement, (ii) you will <u>not</u> be bound by any further orders or judgment entered for or against the Class, and (iii) you will remain able to independently pursue any claims alleged in this action, against Google Inc., by filing your own lawsuit at your own expense.

**"I hereby opt-out of the Class and request to be excluded from the settlement in *In re Google Inc. Cookie Placement Consumer Privacy Litigation*, United States District Court, District of Delaware, Case No. 12-MD-2358 (SLR)."**

Name:

Address:

City:                                                                          State:        ZIP:

I declare under penalty of perjury under the laws of the State of _____ that the foregoing is true and correct.

Signature of the Claimant:                                                     Date:      /        /

**Mail completed and signed Request for Exclusion to:**
**In re Google Inc. Cookie Placement Settlement Administrator**
**c/o GCG**
**PO Box 10320**
**Dublin, OH 43017-5920**

# EXHIBIT G

IN RE GOOGLE INC COOKIE PLACEMENT CONSUMER PRIVACY
LITIGATION
EXCLUSION REQUESTS

| GCG ID NO. | CLASS MEMBER NAME | UNTIMELY | UNSIGNED |
|---|---|---|---|
| B4E535D02C | AKIKO DUNN | | |
| C395C9BF85 | ALAN LANSING | | |
| 609F01BCE3 | ALEKSANDR Y SHINKAREV | | |
| 5004E9094B | ALESIA JACKSON | | |
| D8576D76A5 | ANDREY SHLOMOVICH | | |
| A918648630 | ANITRA MURPHY | | |
| 1113BDD2E6 | BRADDOCK BUCK DEANGELO | | |
| 0A5BDF6236 | BRYAN MURPHY | | |
| F6CEEFE734 | CAMERON CORNELISON | | |
| 59E7A68549 | CHARLES E RICHARDSON | | X |
| 2C3D6535C6 | CHARLES JACKLIN | | |
| 7457060D41 | CHARLES RICHARDSON | | |
| 2D675464D7 | CHRISTOPHER GALBRAITH | | |
| 34904D73FB | CODY THOMSON-ESQUER | X | |
| 7D1F2D7B47 | DEANGELO BRADDOCK | | |
| F16BF035C1 | DOREEN M CAOUETTE | | |
| 04AED75C43 | DWAYNE HAWKINS-LODGE | | |
| CAD886200A | EMANUEL HAJEK | | |
| EBCCE4518F | GARY RICHARDSON | | |
| C111B7C04C | GEROD GREEN | | |
| DC5A7CED01 | GLENDA JOHNSON | | |
| 485D8F69EA | GLENNA O'DELL | | |
| 97A52D8C4A | JAMES COBB | | |
| 37D5FC861D | JAMES L NELSON JR | | |
| 9E12FA2824 | JAMES WALTON | | |
| 1B3A58CE36 | JENNIFER SIMONIAN | | |
| 18C456CD80 | JESSICA BROWN | | |
| 8A3F6127C0 | JESSICA BROWN | | |
| C5179FA632 | JESSICA BROWN | | |
| E623AA70EB | KAREN FENNESSEY | | |
| 264767730C | KIN WAH KUNG | | |
| 344DC93545 | MARIA ZAPOLSKI | | |
| 4E38C388EC | MARINA SHLOMOVICH | | |
| AD69E16E0C | MARY REPINE | | |
| 4E248D3080 | MICHAEL BROWN | | |
| D5F1F7F5C4 | MICHAEL BROWN | | |

1

## IN RE GOOGLE INC COOKIE PLACEMENT CONSUMER PRIVACY LITIGATION
## EXCLUSION REQUESTS

| GCG ID NO. | CLASS MEMBER NAME | UNTIMELY | UNSIGNED |
|---|---|---|---|
| A89FE75E77 | MICHELLE SHLOMOVICH | | |
| E86A9EB8A0 | MOHAMAD HAKKANI | | |
| 22A8716654 | PETRA HAYEK | | |
| 6F6B6BCB5A | PHYLLIS BYRD | | |
| 603EFF417A | RACHELLE REESE | | |
| E52A4866E2 | RICHARD HAYEK | | |
| CF4B00E930 | RONY YARDEN | | |
| 91F80D4144 | SHARD MASON | | |
| 2F35BB7580 | SHERONDA WILLIAMS | | |
| 2C50A485E7 | SMITH TRATICA | | |
| BC9C044FF3 | SONJI LANGFORD | | |
| 6BE7BD15DD | STEPHANIE WARD | | |
| D2791B6886 | TODD DORDAN | | |
| 8E8E55C18E | TRATICA SMITH | | |
| E2D29C8163 | UNITA FAY MITCHELL | | X |

# EXHIBIT 2

# IN RE GOOGLE INC COOKIE PLACEMENT CONSUMER PRIVACY LITIGATION
## EXCLUSION REQUESTS

| UNIQUE ID NO | CLASS MEMBER NAME | UNTIMELY | UNSIGNED |
|---|---|---|---|
| 91F80D4144 | SHARD MASON | | |
| 97A52D8C4A | JAMES COBB | | |
| 7457060D41 | CHARLES RICHARDSON | | |
| 344DC93545 | MARIA ZAPOLSKI | | |
| 9E12FA2824 | JAMES WALTON | | |
| E623AA70EB | KAREN FENNESSEY | | |
| 4E38C388EC | MARINA SHLOMOVICH | | |
| A89FE75E77 | MICHELLE SHLOMOVICH | | |
| F16BF035C1 | DOREEN M CAOUETTE | | |
| 264767730C | KIN WAH KUNG | | |
| A918648630 | ANITRA MURPHY | | |
| 603EFF417A | RACHELLE REESE | | |
| F6CEEFE734 | CAMERON CORNELISON | | |
| 6BE7BD15DD | STEPHANIE WARD | | |
| 5004E9094B | ALESIA JACKSON | | |
| 0A5BDF6236 | BRYAN MURPHY | | |
| 59E7A68549 | CHARLES E RICHARDSON | | X |
| 1B3A58CE36 | JENNIFER SIMONIAN | | |
| 1113BDD2E6 | BRADDOCK BUCK DEANGELO | | |
| 2C50A485E7 | SMITH TRATICA | | |
| 8E8E55C18E | TRATICA SMITH | | |
| 7D1F2D7B47 | DEANGELO BRADDOCK | | |
| AD69E16E0C | MARY REPINE | | |
| 2F35BB7580 | SHERONDA WILLIAMS | | |
| B4E535D02C | AKIKO DUNN | | |
| E2D29C8163 | UNITA FAY MITCHELL | | X |
| D8576D76A5 | ANDREY SHLOMOVICH | | |
| C395C9BF85 | ALAN LANSING | | |
| D2791B6886 | TODD DORDAN | | |
| 37D5FC861D | JAMES L NELSON JR | | |
| 4E248D3080 | MICHAEL BROWN | | |
| BC9C044FF3 | SONJI LANGFORD | | |

## IN RE GOOGLE INC COOKIE PLACEMENT CONSUMER PRIVACY LITIGATION
## EXCLUSION REQUESTS

| UNIQUE ID NO | CLASS MEMBER NAME | UNTIMELY | UNSIGNED |
|---|---|---|---|
| 8A3F6127C0 | JESSICA BROWN | | |
| 2C3D6535C6 | CHARLES JACKLIN | | |
| CAD886200A | EMANUEL HAJEK | | |
| E52A4866E2 | RICHARD HAYEK | | |
| 22A8716654 | PETRA HAYEK | | |
| 609F01BCE3 | ALEKSANDR Y SHINKAREV | | |
| 6F6B6BCB5A | PHYLLIS BYRD | | |
| E86A9EB8A0 | MOHAMAD HAKKANI | | |
| 2D675464D7 | CHRISTOPHER GALBRAITH | | |
| C111B7C04C | GEROD GREEN | | |
| CF4B00E930 | RONY YARDEN | | |
| 04AED75C43 | DWAYNE HAWKINS-LODGE | | |
| DC5A7CED01 | GLENDA JOHNSON | | |
| EBCCE4518F | GARY RICHARDSON | | |
| C5179FA632 | JESSICA BROWN | | |
| 18C456CD80 | JESSICA BROWN | | |
| D5F1F7F5C4 | MICHAEL BROWN | | |
| 485D8F69EA | GLENNA O'DELL | | |
| 34904D73FB | CODY THOMSON-ESQUER | X | |
| 7FC1C49FA3 | SONIA MARTINEZ | X | |
| 7CFF2C7A31 | ROCCO A. CONFORTI JR | X | |
| 40AE9DB0CC | ROCCO A. CONFORTI JR | X | |
| 7CFF2C7A31 | ROCCO A. CONFORTI JR | X | |
| 40AE9DB0CC | ROCCO A. CONFORTI JR | X | |
| 344F34B05A | SONIA MARTINEZ | X | |
| 342451F4E6 | DANIEL FRANCO | X | |
| 7FC1C49FA3 | SONIA MARTINEZ | X | |
| 342451F4E6 | DANIEL FRANCO | X | |
| 2793CE6AFD | BIANCA M JOYAL | X | |