IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IN RE: GOOGLE, INC. COOKIE       :
PLACEMENT CONSUMER PRIVACY       :    Civ. No. 12-MD-2358
LITIGATION                       :

## O R D E R

**AND NOW**, this **15th** day of **October, 2021**, upon consideration of Plaintiff's motion for preliminary approval of the class action settlement (ECF No. 193) and the supplement thereto, and after a hearing on February 25, 2021, it is hereby **ORDERED** that the Court:

1. preliminarily certifies the settlement class which consists of:

All Persons in the United States of America who used the Apple Safari or Microsoft Internet Explorer web browsers and who visited a website from which Doubleclick.net (Google's advertising serving service) cookies were placed by the means alleged in the Complaint

after concluding that:

    a.   the numerosity, commonality, typicality, and adequacy of representation requirements of Federal Rule of Civil Procedure 23(a) have been met;

    b.   the injunctive class requirements of Federal rule of Civil Procedure 23(b)(2) have been met in that the class is sufficiently cohesive and is capable of being described in a readily discernible way; and

    c.   the monetary relief class predominance and superiority requirements of Federal Rule of Civil Procedure 23(b)(3) have been met, as have the portions of the Third

Circuit's ascertainability inquiry that are relevant to a settlement class;

2. <u>preliminarily</u> finds the settlement fair and reasonable and that counsel have adequately shown at this stage that the Federal Rule of Civil Procedure 23(e)(2), <u>Girsh</u>, and <u>Prudential</u> factors weigh in favor of the settlement;[1] and

3. re-approves the form and method of notice originally provided by counsel, <u>but</u> will require counsel to re-distribute the notice and set new deadlines for objections and opt-outs given that the proposed settlement has been altered following remand by the Third Circuit Court of Appeals.[2] **By November 14, 2021,** counsel shall provide the Court with a timeline for notice and objections and for the earliest date on which the Court can schedule a final fairness hearing.

**AND IT IS SO ORDERED.**

/s/ Eduardo C. Robreno
**EDUARDO C. ROBRENO,    J.**

---

[1] The Court retains concerns about the ultimate fairness of a class settlement which provides a cy pres only fund, half of which will go towards counsel and administration fees, in exchange for the release of all monetary claims of a class of unknown and unknowable size. However, the Court will reserve its ultimate judgment until all interested parties have been heard.

[2] This new notice period will not negate the fifty opt-outs that were received during the original notice period. Instead, those fifty will be added to any additional opt-outs submitted during the new notice period.