NOTICE OF CLASS ACTION SETTLEMENT

*In re Google Inc. Cookie Placement Consumer Privacy Litigation*
12-MD-2358 (ER)
United States District Court, District of Delaware

## IMPORTANT:  THIS NOTICE IS BEING PROVIDED BY COURT ORDER.  PLEASE READ THIS ENTIRE NOTICE CAREFULLY.  A SETTLEMENT REACHED WITH DEFENDANT GOOGLE LLC ("GOOGLE") IN A PENDING CLASS ACTION LITIGATION MAY AFFECT YOUR RIGHTS.

This Notice answers the following questions:

1. Why should I read this Notice?
2. What is a class action and who is involved?
3. What is the lawsuit about?
4. Who are the members of the Settlement Class?
5. What are the terms of the proposed Settlement?
6. What are the important dates and deadlines to act?
7. Who represents the Settlement Class and what are the associated attorneys' fees and expenses?
8. What are the reasons for the Settlement?
9. What claims are being released?
10. Can I exclude myself from the Settlement and release?
11. What is the Settlement approval procedure and how can I make my views known?
12. How will the *cy pres* recipients be selected?
13. Where can I get additional information?

### 1.  Why should I read this Notice?

Your rights may be affected by a settlement in a class action lawsuit, *In re Google Inc. Cookie Placement Consumer Privacy Litigation*. It was filed by the plaintiffs in United States District Court for the District of Delaware under Case No. 12-MD-2358 (ER).

The purpose of this Notice is to provide important information to people in the United States who may be Class Members. You may be a Class Member if in 2011-2012 you used a Safari or Internet Explorer web browser with the browser cookie settings set, by default or by choice, either to accept cookies only from "visited" sites or to block cookies from "third parties and advertisers," and you visited a non-Google website that displayed ads from Doubleclick.net (Google's advertising serving service), and a cookie from Doubleclick.net was placed on your browser as a result of that visit.

This notice is also to inform you that:  (1) a settlement of the Class Action (the "Settlement") with Google has been preliminarily approved by the Court; and (2) a hearing will be scheduled at a date, time, and location to be determined after September 9, 2022, by the Honorable Eduardo C. Robreno, Senior Judge of the United States District Court, sitting by designation in the District of Delaware, located at J. Caleb Boggs Federal Building, 844 N. King Street, Wilmington, DE 19801.  The hearing

**Questions?  Visit www.GoogleCookiePlacementPrivacySettlement.com.**

is to consider the fairness and adequacy of the Settlement. The Court has already approved Class Counsel's request for attorneys' fees and expenses, and the incentive awards for the Representative Plaintiffs.

This Settlement, if finally approved, will decide the litigation with respect to the Defendant ("Google") only and will be subject to any appeals.

This Settlement was originally announced in 2016. You may have previously received a notice of this Settlement at that time. At the direction of the Court, a second notice and opt-out period are now being provided to Class Members because the Court has approved a revised process for selecting the institutions that will receive Settlement funds.

### 2. What is a class action and who is involved?

In a class action lawsuit, one or more people, called "Representative Plaintiffs" or "Named Plaintiffs" sue on behalf of people who have similar claims. The people together are called the "Class" or "Class Members." The Representative Plaintiffs, through Class Counsel, have reached the proposed Settlement with Google. The Court has allowed, or "certified," this to proceed as a class action solely for purposes of the Settlement, and all decisions that the Court makes concerning the Settlement will affect all of the Class Members.

### 3. What is the lawsuit about?

Named Plaintiffs ("Plaintiffs") and other individuals filed complaints claiming that Google set cookies on Plaintiffs' Apple Safari or Microsoft Internet Explorer web browsers. They claim this was in conflict with the default cookie settings of such browsers and in violation of federal and state laws. These complaints were consolidated and transferred to the United States District Court for the District of Delaware. On June 21, 2016, Plaintiffs filed their Amended Class Action Complaint (the "Complaint") against Google and other parties ("Non-Settling Defendants").

Plaintiffs allege that Google installed third-party tracking cookies when Plaintiffs and Class Members visited a website containing an advertisement placed by Google. They allege that Google circumvented Apple Safari or Microsoft Internet Explorer web browser settings that blocked such cookies. Plaintiffs allege Google used those cookies to knowingly intercept and gain access to Plaintiffs' and Class Members' Internet communications and activity.

Google denies all allegations of wrongdoing, but has agreed to settle the case to avoid the uncertainties, expenses, and time of further litigation. Google believes that the placement of cookies was a legitimate, lawful, and permissible activity that fostered advertising effectiveness.

Counsel for the Plaintiffs believe they have a strong case on the merits and that a class would be certified for litigation purposes. Plaintiffs are prepared to seek class certification and present evidence that Google engaged in improper conduct, and that the Settlement Class was harmed as a result. Google is likewise prepared to mount a vigorous defense on numerous important questions, including whether the claims are legally viable; whether the case is properly subject to class certification for litigation purposes; and whether the Plaintiffs or members of the Settlement Class suffered any harm even assuming the truth of the allegations as pled.

The Settlement was reached only after many detailed arms-length negotiations conducted in good faith. On October 15, 2021, the Court granted preliminary approval of the Settlement and certified the Settlement Class for the purposes of settlement only. It also appointed Plaintiffs Jose M. ("Josh") Bermudez, Nicholas Todd Heinrich, and Lynne Krause ("Plaintiffs"), as representatives of the Settlement Class, and Strange LLP, Grygiel Law LLC, and Bartimus Frickleton Robertson Rader, as

Settlement Class Counsel. The Court ordered that this Notice be disseminated.

THIS NOTICE IS NOT AN EXPRESSION OF ANY OPINION BY THE COURT REGARDING THE MERITS OR LACK THEREOF OF ANY OF THE CLAIMS OR DEFENSES ASSERTED BY PLAINTIFFS OR DEFENDANT.

### 4. Who are the members of the Settlement Class?

The Settlement Class consists of all persons in the United States of America who used the Apple Safari or Microsoft Internet Explorer web browsers and who visited a website from which Doubleclick.net (Google's advertising serving service) cookies were placed by the means alleged in the Complaint. The Complaint alleges that in 2011-2012, users of Apple Safari or Microsoft Internet Explorer web browsers that were set to accept cookies only from "visited" sites or to block all cookies from "third parties and advertisers" who visited a non-Google website containing an advertisement served by Doubleclick.net (Google's advertising serving service) and who did not already have a cookie from the Doubleclick.net domain would have received one as a result of this visit because of means employed by Google to set cookies under these circumstances.

IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOU WILL BE BOUND BY THIS SETTLEMENT.  YOU MAY, BUT ARE NOT REQUIRED TO, APPEAR IN PERSON AT THE SETTLEMENT FAIRNESS HEARING, OR HAVE AN ATTORNEY APPEAR ON YOUR BEHALF, AND/OR SUBMIT COMMENTS REGARDING THE FAIRNESS, ADEQUACY, AND REASONABLENESS OF THE SETTLEMENT.

IF THE SETTLEMENT IS FINALLY APPROVED BY THE COURT, THE JUDGMENT WILL BIND ALL PERSONS IN THE SETTLEMENT CLASS. THEIR CLAIMS AGAINST GOOGLE AND GOOGLE RELATED PARTIES SHALL FOREVER BE RELEASED AND DISMISSED.

### 5. What are the terms of the proposed Settlement?

In exchange for the release of claims of the Settlement Class Members, the Settlement Agreement provides for substantial injunctive and prospective relief for Settlement Class Members. Among these is Google took steps designed to expire or delete, by modifying the cookie deletion date contained in each cookie, all third-party Google cookies that existed in the Safari Browser files for Safari Browsers.[1] The parties agree that this action by Google is a practical, reasonable, and effective means of removing the cookies at issue. Google has also agreed to pay $5.5 million into a Settlement Fund to be distributed to various non-profit and/or educational institutions. These institutions must agree to devote the funds to promote public awareness and education, and/or to support research, development, and initiatives, related to the security and/or privacy of Internet browsers.

### 6. What are the important dates and deadlines to act?

Opt-Out Deadline:     **July 7, 2022**

Objection Deadline:   **July 7, 2022**

Fairness Hearing:     To be determined

---

[1] This will not apply to Google "opt-out" cookies, which are cookies users can choose to accept that allow them to "opt-out" of Google's third-party cookies themselves.  Therefore, those users would not want the "opt-out" cookies to be expired or deleted.

**Questions?  Visit www.GoogleCookiePlacementPrivacySettlement.com.**

### 7. Who represents the Settlement Class and what are the associated attorneys' fees and expenses?

The Court has appointed, Jose M. ("Josh") Bermudez, Nicholas Todd Heinrich, and Lynne Krause as the Settlement Class Representatives. It has appointed Strange LLP, Grygiel Law LLC, and Bartimus Frickleton Robertson Rader as Class Counsel for the Settlement Class.

Class Counsel have been prosecuting this litigation on a contingency fee basis (that is, without compensation) while advancing litigation expenses. In 2017, the Court granted Class Counsel attorneys' fees in the amount of $1,925,000 and case expenses of $90,929.26. Despite incurring additional fees/expenses since 2017, Class Counsel will not seek any additional fees and expenses. Settlement Class Members are not personally responsible for any attorneys' fees, expenses, or incentive awards. Class counsel's attorneys' fees and expenses and Settlement Class Representatives' incentive awards are to be paid from the Settlement Fund. Settlement Class Members are not personally responsible for payment of any attorney's fees, unless they hire their own attorney to represent them in this case.

### 8. What are the reasons for the Settlement?

Class Counsel have thoroughly investigated the facts and circumstances relevant to the claims at issue in the litigation. Class Counsel have also considered the expense and length of time necessary to prosecute the litigation through trial and any appeals, the uncertainties associated with the outcome of any litigation including this one, and the benefits provided by the proposed Settlement. Based upon their investigation and evaluation of the claims and defenses, Class Counsel have concluded that it is in the best interests of the Settlement Class to resolve the claims against Google on the terms outlined in this document.

### 9. What claims are being released?

If the Settlement Agreement is approved by the Court, each Settlement Class Member will release and dismiss Google, and its past, present, and future parents, divisions, subsidiaries, partnerships, affiliates, and other related entities (whether or not they are wholly owned), together with the directors, officers, employees, agents, insurers, reinsurers and attorneys of any of them (but not including any of the other Defendants named in the Consolidated Amended Complaint, or any of their past, present and future parents, divisions, subsidiaries, partnerships, affiliates and other related entities (whether or not wholly owned), together with their directors, officers, employees, agents, insurers, reinsurers and attorneys), from any and all potential or actual matters, claims, demands, rights, liabilities, losses, obligations, duties, actions, potential actions, and causes of action of any kind whatsoever, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, which any Class Member has or might have, known or unknown, including Unknown Claims, defined below, of any kind whatsoever prior to the Effective Date and that Plaintiffs alleged or could have alleged in the Complaint against Google or that otherwise are based on or relate to, wholly or partially, the facts and circumstances Plaintiffs alleged in the Complaint's claims against Google.

Without limiting the generality of the foregoing description of Released Claims, the Class Members may hereafter discover facts in addition to or different from those that any of them now knows or believes to be true with respect to the facts, circumstances and import of Plaintiffs' Complaint's claims against Google. However, the Class Members fully, finally, and forever settle and release any and all claims set forth in this Paragraph, known or unknown, suspected or unsuspected, contingent

or non-contingent, whether or not concealed or hidden, that now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.  The Class Members acknowledge that the inclusion of such "Unknown Claims" in the Agreement was separately bargained for and was a key element of the Agreement.

By the definition of Released Claims set forth above, the Class Members hereby intend expressly to waive the provisions, rights, and benefits of any state law or rule that seeks to or does preserve known or unknown claims that would otherwise be released by this Settlement Agreement, including California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

The Named Plaintiffs and Class Members expressly waive any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or of any other nation that is similar, comparable, or equivalent to California Civil Code § 1542.

### 10. Can I exclude myself from the Settlement and release?

A Class Member may request exclusion from the Class up until the Opt-Out Deadline (see Paragraph 6 above). To request exclusion, the Class Member must complete, sign, and mail the "Request for Exclusion" form attached to this notice to the Settlement Administrator. The Request for Exclusion must be signed by the Class Member seeking exclusion under penalty of perjury. The Request for Exclusion must be postmarked on or before the Opt-Out Deadline. Any Person who submits a valid and timely Request for Exclusion shall not be entitled to relief under, and shall not be affected by, the Settlement or any relief provided by the Settlement. The parties to the Settlement will have the right to challenge the timeliness and validity of any Request for Exclusion, in which case the Court will determine whether any contested exclusion request is valid. Class Members that do not follow the steps to be excluded from the Settlement will be bound by the Settlement and will release any and all claims as set forth in Paragraph 9, above.

### 11. What is the Settlement approval procedure and how can I make my views known?

The Court will schedule a hearing at a date to be determined after September 9, 2022, in the Courtroom of the Honorable Eduardo C. Robreno, Senior Judge of the United States District Court, sitting by designation in the District of Delaware. The Court is located at J. Caleb Boggs Federal Building, 844 N. King Street, Wilmington, DE 19801.

At this hearing, the Court will consider, among other matters, whether the Settlement should be granted final approval as fair, adequate and reasonable, and in the best interests of Settlement Class Members. Although you may attend the hearing in person or through your own attorney at your own expense, you are not required to do so.  If you wish to comment in writing in support or in opposition to any aspect of the proposed Settlement, you may do so by filing your written comments or objections with the Court. Send them by U.S. Mail (including ECF service) to (1) Brian R. Strange, Strange LLP, 12100 Wilshire Blvd., Ste. 420, Los Angeles, CA 90025; Stephen G. Grygiel, Grygiel Law LLC, 301 Warren Ave. #405, Baltimore, MD 21230; and/or James P. Frickleton, Bartimus Frickleton Robertson Rader, 4000 W. 114th Street, Suite 310, Leawood, KS 66211, and (2) Anthony Weibell, Wilson Sonsini Goodrich & Rosati, 650 Page Mill Road, Palo Alto, CA 94304-1050. They must be

postmarked or delivered (or served by ECF) on or before **July 7, 2022**. The Court will not be able to give much consideration to general comments lacking detail, for example, a submission simply stating, "I object" or "I support the Settlement" will not provide enough information to the Court or Parties. Your submission must also include your name and current address, a statement that you are a Settlement Class Member, and the case caption.

Submitting an objection or comment about the Settlement will not exclude you from the Settlement.

### 12. How will the *cy pres* recipients be selected?

The Settlement requires the Court to appoint a third-party neutral with no affiliation to either party to evaluate and select up to 10 cy pres recipients to receive a share of the settlement funds. Recipients must satisfy eligibility criteria identified in the Settlement Agreement, namely, be recognized leaders in the fields of online privacy, safety, and/or advocacy and agree to devote the funds to promote public awareness and education and/or to support research, development, and initiatives related to the security and/or privacy of Internet browsers. Recipients must agree to submit a sworn declaration that (1) confirms their eligibility; (2) confirms their promise to use funds in accordance with the agreement; and (3) discloses any existing or prior relationship to the court, parties, and counsel, including prior donations or cy pres distributions from the parties. Recipients must agree to send a witness to the final approval hearing to respond to the Court's questions regarding their use of funds.

### 13. Where can I get additional information?

This notice only contains a summary of the proposed Settlement. You may appear in person during regular business hours at the Clerk's office of the United States District Court, District of Delaware. The office is located at 844 North King St., Wilmington, DE 19801. You can also review online the entire Settlement Agreement, as well as the pleadings, records and other papers on file with the Court.

If you need further information, please contact Class Counsel, Brian R. Strange, Strange LLP, 12100 Wilshire Blvd., Ste. 420, Los Angeles, CA 90025; Stephen G. Grygiel, Grygiel Law LLC, 301 Warren Ave. #405, Baltimore, MD 21230; and/or James P. Frickleton, Bartimus Frickleton Robertson Rader, 4000 W. 114th Street, Suite 310, Leawood, KS 66211.

**PLEASE DO NOT CONTACT THE COURT WITH QUESTIONS.**