## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE GOOGLE INC. COOKIE PLACEMENT CONSUMER PRIVACY LITIGATION | Case No. 12-MD-2358 (ER) |
| This Document Relates to: **All Actions** | |

## PLAINTIFFS' MOTION AND INCORPORATED MEMORANDUM OF LAW FOR ENLARGEMENT OF PAGE LIMIT FOR PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT WITH GOOGLE INC.

NOW COME the Plaintiffs, by and through undersigned counsel, and, pursuant to Fed. R. Civ. P. 1 and Local Rule 7.1.3(a)(4), and for the reasons set forth in the incorporated Memorandum of Law, respectfully move for an enlargement of the 20-page limit set forth in Local Rule 7.1.3(a)(4) for Plaintiffs' Memorandum of Law In Support of Plaintiffs' Motion for Final Approval of Settlement With Google Inc., filed contemporaneously herewith.

### SUMMARY OF ARGUMENT

The Court has broad discretion to modify application of the page limit rule. The lengthy history of this complicated class action litigation and its related settlement proceedings, the numerous settlement approval factors requiring analysis under Fed. R. Civ. P. 23(e) and established Third Circuit law, and the Plaintiffs' desire fully to discuss the reasons why the settlement should be finally approved, necessitate a modest 13-page extension of the 20-page limit. No party will be prejudiced by this modest enlargement, and the Plaintiffs believe the enlargement will serve the Court and the interests of justice by permitting a fuller discussion of the relevant settlement approval factors applied to the facts of this case.

## ARGUMENT

I.   **THE LOCAL RULES ARE APPLIED CONSISTENTLY WITH THE FEDERAL RULES OF CIVIL PROCEDURE TO SECURE JUST DETERMINATIONS**

Delaware's Local Rules "shall be followed insofar as they are not inconsistent with the Federal Rules of Civil Procedure." L.R. 1.1(a)(c). Fed. R. Civ. P. 1 mandates that the Federal Rules of Civil Procedure "should be construed, administered and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Construing Local Rule 7.1.3(a)(4) to permit the requested page limit extension will help promote the just determination of Plaintiff's Motion for Final Settlement Approval by allowing for a full discussion of all of the factors relevant to the Court's final approval decision.

II.  **THE COURT HAS BROAD DISCRETION OVER CLASS ACTION PROCEDURES**

Fed. R. Civ. P. 23(d) provides the Court with broad discretion in handling class certification and related settlement matters. In particular, the Court is specifically authorized to "issue orders that: determine the course of the proceedings" (Fed. R. Civ. P. 23(d)(1)(A)) and to "deal with similar procedural matters." Fed. R. Civ. P. 23(d)(1)(E); *see also, e.g.*, *Butela v. Midland Credit Mgm't, Inc.*, No. 2:20-cv-1612, 2022 WL 1237047, at *3 (W.D. Pa. Apr. 27, 2022) ("A trial court 'possesses broad discretion to control proceedings and frame issues for consideration under Rule 23.'" (quoting *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 310 (3d Cir. 2008))). Granting the requested page limit extension is well within the Court's discretionary authority.

### III.     THE LENGTHY HISTORY OF THIS CLASS ACTION AND ITS ATTENDANT SETTLEMENT PROCEEDINGS REQUIRE ADDITIONAL PAGES

As the Court is well aware, this case has a long and rather convoluted history.  A brief look at the docket proves the point.  The Multi-District Litigation Panel Transfer Order bringing this case to this Court was filed June 12, 2012, over a decade ago.  D.I. 1.  Of the 207 docket entries (before today's filings), a number deal with previous motions for settlement approval along with the many that dealt with the merits of the litigation.  This case has already made two trips to the Third Circuit, once on the merits and once regarding an objection to settlement approval, and even involved a Supreme Court petition for a writ of *certiorari*.  Describing that case history and the previous proceedings requires more than the normal 20 pages.

### IV.     PROPER ANALYSIS OF THE RELEVANT SETTLEMENT FACTORS REQUIRES ADDITIONAL PAGES

Final settlement approval requires detailed analysis of numerous factors.  One set of nine factors is set forth in *Girsh v. Jepson*, 521 F.2d 153, 156–57 (3d Cir. 1975).  Another six required approval criteria are established in *In re Prudential Ins. Co. of Am. Sales Practice Litigation Agent Actions*, 148 F.3d 283, 323 (3d Cir. 1998).  Finally, Plaintiffs' counsel must also analyze the discrete settlement elements described in Fed. R. Civ. P. 23(e)(2).  Although the factors in those three sets of necessary settlement approval determinants overlap, they all must be analyzed and discussed considering the particular facts, circumstances, and legal claims of this case.  That analysis also requires more than 20 pages.

### V.     NO PARTY WILL BE PREJUDICED AND THE COURT AND ALL PARTIES WILL BENEFIT FROM THE FULLER ANALYSIS PERMITTED BY A PAGE LIMIT ENLARGEMENT

Settlement proceedings in this case have been ongoing since 2016.  These settlement proceedings require discussion in the final approval papers, requiring an enlargement of the 20-

page limit.  Far from creating any prejudice, a properly complete discussion of the litigation and the settlement, and the reasons why the settlement warrants final approval, will benefit the Court, the immediate parties and absent Class Members, and will serve the interests of justice.  The issues are important and require sufficient space for discussion.

## CONCLUSION

For the foregoing reasons, Class Plaintiffs respectfully request that the Court issue an Order granting their request for a 13-page enlargement of the page limit for their Memorandum of Law in Support of Final Settlement Approval with Google Inc.

Dated:  August 8, 2022

Respectfully submitted,

**STRANGE LLP**

*/s/ Brian R. Strange*
Brian Russell Strange
12100 Wilshire Blvd., Suite 420
Los Angeles, CA 90025
Tel: 310-207-5055
*brian@strangellp.com*

*Executive Committee Member*

**SILVERMAN THOMPSON SLUTKIN WHITE**

*/s/ Stephen G. Grygiel*
Stephen G. Grygiel (DE Bar ID #4944)
201 N. Charles Street, 26th Floor
Baltimore, MD 21201
Tel: 443-909-7516
*sgrygiel@silvermanthompson.com*

*Executive Committee Member*

**BARTIMUS, FRICKLETON, and ROBERTSON, P.C.**

*/s/ James P. Frickleton*
James P. Frickleton
Mary D. Winter
Edward D. Robertston, Jr.
11150 Overbrook Road, Suite 200
Leawood, KS 66211
Tel: 913-266-2300
*jimf@bflawfirm.com*

*Executive Committee Member*