## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| **IN RE GOOGLE INC. COOKIE PLACEMENT CONSUMER PRIVACY LITIGATION** | **Case No. 12-MD-2358 (ER)** |
| **This Document Relates to:** **All Actions** | |

## DECLARATION OF BRIAN R. STRANGE IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

**STRANGE LLP**

*/s/ Brian R. Strange*
Brian Russell Strange
12100 Wilshire Blvd., Suite 420
Los Angeles, CA 90025
Tel: 310-207-5055
*brian@strangellp.com*

*Executive Committee Member*


**BARTIMUS, FRICKLETON, and ROBERTSON, P.C.**

*/s/ James P. Frickleton*
James P. Frickleton
Mary D. Winter
Edward D. Robertston, Jr.
11150 Overbrook Road, Suite 200
Leawood, KS 66211
Tel: 913-266-2300
*jimf@bflawfirm.com*

*Executive Committee Member*


**SILVERMAN THOMPSON SLUTKIN WHITE**

*/s/ Stephen G. Grygiel*
Stephen G. Grygiel (DE Bar ID #4944)
201 N. Charles Street, 26th Floor
Baltimore, MD 21201
Tel: 443-909-7516
*sgrygiel@silvermanthompson.com*

*Executive Committee Member*

I, Brian R. Strange, having first been duly sworn, declare:

1.      I am a Partner in the law firm of Strange LLP, one of the lead counsel appointed by the Court in this MDL and a member of the Executive Committee in this case.  This declaration is based on my own personal knowledge and, if called to testify, I could and would competently testify hereto under oath.

2.      This declaration in submitted in support of Plaintiffs' Motion for Final Approval of Class Action Settlement with Defendant Google Inc. ("Google") for certification of a Settlement Class and for the appointment of Plaintiffs Jose M. Bermudez, Nicholas Todd Heinrich, and Lynne Krause as Class Representatives for the Settlement Class and for the appointment of Class Counsel to represent the Settlement Class.

3.      After discussions with Google's counsel that spanned several months, the parties held a mediation in this case on May 9, 2016 before retired federal Judge Layn Phillips.  During the mediation, the parties agreed to the basic terms of the settlement.  The settlement was reached following arm's length negotiations considering the history of the case, the liability and damage potential, and the risks of future litigation.  Prior to reaching a settlement, I along with other members of the Executive Committee made a thorough investigation of the facts and circumstances relevant to this litigation.

4.      A true and correct copy of the signed Settlement Agreement between Plaintiffs and Google has been provided to the Court along with the Motion for Preliminary Approval of this settlement and is attached hereto as **Exhibit A**.  The Court issued its Order preliminarily approving the settlement on October 15, 2021.  (D.I. 203.)  As part of the Settlement Agreement, Google has agreed to fund a Settlement Fund of $5,500,000.00, to be distributed to a designated *cy pres* recipients after payment of costs related to the Agreement, including the expenses of the

Settlement Administrator, the Notice Plan, Incentive Awards, the Fee Award, and any other administrative expenses and fees in connection with the Agreement.  The Notice Plan approved and ordered by the Court in its Preliminary Approval order has been accomplished.        A separate declaration will be filed by the Class Administrator in connection with Plaintiffs' Final Approval Motion.

5.       The proposed Settlement is, in my experienced opinion, a fair resolution of Plaintiffs' claims, which are procedurally and legally complex class action claims that have been pending for more than a decade.  This case was heavily litigated and contested, and involved a substantial amount of work and an outlay of significant expenses.  Defendants have a number of defenses to the merits and class certification of Plaintiffs' claims making the uncertainty of litigation evident were the Settlement Class to continue on to class certification and trial.  The proposed Settlement was reached only after discovery had begun and substantial litigation had taken place over the course of years.

6.       Plaintiffs filed for preliminary approval of the Settlement on January 3, 2020 and the Court, on October 15, 2021, found the Settlement to be preliminarily fair, reasonable, and adequate.  Strange LLP was appointed as co-lead Class Counsel in connection with the Settlement along with the other firms comprising the Executive Committee.  A true and correct copy of the Court's Order granting preliminary approval to the Settlement is attached hereto as **Exhibit B**.

<u>**Settlement Negotiations**</u>

7.       Due to the extensive motion and appellate work (in addition to preliminary discovery exchanges) that preceded the settlement negotiations, all counsel had full knowledge of the strengths and weaknesses of all parties' claims at the time of the parties' mediation and

negotiations. This knowledge was furthered by the extensive pre-mediation briefing that the parties undertook in preparation for their May 9, 2016 mediation with former federal Judge Layn Phillips. Guided by Judge Phillips' probing questions, the parties further answered extensive questioning about the strengths and weaknesses of their cases on the merits, at class certification, and of their damages theories. The proposed Settlement was reached following extensive arm's length negotiations that included a full-day mediation before the highly-respected and experienced Judge Phillips, as well as additional back-and-forth negotiations between the parties (and sometimes involving Judge Phillips and/or his staff) regarding the specific terms of the proposed Settlement. Over the course of the next month, the parties diligently continued working out the details of the proposed agreement, which was finally agreed to and fully-executed on June 30, 2016. As a result, the Settlement is the product intensive formal mediation and lengthy negotiations by knowledgeable and experienced counsel on all sides.

8.     Throughout the course of settlement negotiations, the parties took into consideration Judge Phillips' invaluable input and guidance; the potential liability and damage issues; the risks of class certification, summary judgment, and/or trial; the possibility of appeals of any judgment and/or rulings of the trial court; and how these factors could add to the cost, delay, and uncertainty of litigation. Based on our reasoned judgment, Class Counsel believe the proposed Settlement is fair and reasonable and should be finally approved by this Court.

### *Cy Pres* Recipient Selection Process

9.     Following remand from the Third Circuit, Plaintiffs and Google extensively met and conferred in order to arrive at a compromise designed to address the Third Circuit's stated concerns about the *cy pres* recipient selection process. Based on those extensive negotiations, Plaintiffs and Google have arrived at the following requirements to ensure that there is no bias on

the part of any of the parties that could impact the selection of any potential *cy pres* recipient, consistent with the Third Circuits' decision:

A.  Up to ten *cy pres* recipients to be selected by a neutral third party, and not by the parties;

B.  The Court will appoint the third-party neutral to select the proposed *cy pres* recipients;

C.  The selected *cy pres* recipients must satisfy the eligibility criteria identified in the Settlement Agreement and must agree to use the funds for the purpose identified in the Settlement Agreement;

D.  The selected *cy pres* recipients must submit a sworn declaration that (1) confirms their eligibility to receive funds under the Settlement Agreement; (2) confirms their promise to use the funds in accordance with the Settlement Agreement; and (3) discloses any existing or prior relationship to the Court, the parties, and/or counsel, including prior donations or *cy pres* distributions from the parties; and

E.  The selected *cy pres* recipients must send a witness to the final approval hearing for questioning by the Court, if requested.

10.     Class Counsel believes that the above *cy pres* selection process, which is the only material change from the original Settlement Agreement, addresses the concerns laid out in the Third Circuit's prior decision in this case, and adopts the fix suggested by that Court in its opinion.

**<u>The Settlement Provides Substantial Benefits to the Settlement Class</u>**

11.     Given the size of the potential class and the issues involved, the parties believe

that the distribution of the Settlement Fund to *cy pres* recipients who must agree to use the funds to promote public awareness and education and/or support research, development, and initiatives related to the security and/or privacy of Internet browsers is the best use of the settlement proceeds.  It would not be practicable to distribute the Settlement funds to potentially millions of Class Members and the actual damages of Class Members are likely minimal and difficult to calculate.

12.     Google will provide Class Counsel with assurances that it implemented systems configured to instruct Safari brand web browsers to expire any cookie placed from the Doubleclick.net domain by Google if those systems encountered such a cookie, with the exception of the Doubleclick opt-out cookie, until the time that all cookies placed from the Doubleclick.net domain by Google on Safari brand web browsers through February 15, 2012 should have expired by design.

13.     Although Plaintiffs' counsel intended to present strong evidence that Google's cookie circumvention technique violated California common law and constitutional principles, that this case should be certified as a class action, and that such class should be entitled to damages, we understand that Google would be prepared to mount a vigorous defense on these issues.  Given the risks and uncertainties of litigation, Class Counsel believe that this settlement with Google provides meaningful benefits to the class and is reasonable.  Class Counsel have considered the fact that Google has already made a substantial payment of approximately $39,500,000.00 to the Federal Trade Commission and various state governments arising under the same conduct alleged by Plaintiffs ensuring that, as a result, Google has not made any financial gain from the alleged conduct at issue in this case.

## The Notice Plan Provided the Best Notice Practicable

14.     The parties proposed a careful notice plan which the Court found would provide the best practicable notice to the Settlement Class in its October 15, 2021 Preliminary Approval Order.  The parties have since timely executed the multi-communication notice plan, which included publication notice in a leading national magazine, online advertisements on widely-viewed websites visited with Apple Safari and Microsoft Internet Explorer web browsers, and social media advertisements on the widely-used Facebook, Instagram, and Reddit websites. More detail about the notice plan can be found in the concurrently-filed declaration of the Class Administrator, Epiq Class Action & Claims Solutions, Inc.

15.     Each form of notice linked and/or directed Class Members to the Long Form Notice, which described the basic terms of the Settlement; the amount of attorneys' fees, costs, and incentive awards that was previously granted by the Court; their rights to object and/or opt-out of the Settlement and their deadlines to do so; and the place of the final approval hearing to be held on a future date determined by the Court.

16.     As of the filing of this declaration, Class Counsel have received only two objections filed to the Settlement.

## Experienced Class Counsel Endorse the Settlement

17.     Class Counsel, who are experienced in class actions, have spent a considerable amount of time and effort litigating these cases for more than a decade.  Class Counsel believe Plaintiffs' claims are strong.  At the same time, however, Class Counsel recognize the numerous hurdles and areas of uncertainty present in this case.  Based on this uncertainty, and considering Google's likely defenses and the risks of further litigation, this Settlement is an excellent result for Class Members in Class Counsel's experienced opinion.  Based on Class Counsel's reasoned

judgment, we believe this Settlement is fair and reasonable and should be approved by this Court.

18.     The question of competent and vigorous representation is met.  I am an experienced trial lawyer and litigation strategist and have been involved in MDL proceedings and complex litigation for more than 30 years.  This Court has previously recognized as much in appointing my firm (along with the other two members of the Executive Committee) as interim Class Counsel pursuant to Rule 23(g)(3) of the Federal Rules of Civil Procedure.  (D.I. 44.)  In doing so, the Court noted our firms' "experience in large class actions and with substantial privacy rights litigation," our "impressive credentials and the underlying qualifications to serve as lead counsel," our "understanding of the legal issues," our "work to identify or investigate potential claims," and "the resources [we] will bring to bear on behalf of the putative class."  (*Id.* at 3–4.)

19.     As the Court has recognized, I have substantial experience in complex class actions, including cases similar to this, having served and still serving as class counsel in numerous federal and state consumer fraud actions which have resulted in tens of millions of dollars being returned to consumers, as well as privacy actions.  I have been appointed to leadership in MDLs across the country.  For example, I was selected as one of the members of plaintiffs' leadership out of 16 applicants appointed to Plaintiffs' Steering Committee in *In re Sony Gaming Networks Customer Data Security Breach Litig.*, MDL No. 2258, by the Honorable Anthony J. Battaglia in the Southern District of California.  I was also approved by Judge Jack Zouhary to serve on the Plaintiffs' Executive Committee in a consolidated antitrust case, *In re: Polyurethane Foam Antitrust Litig.*, in the United States District Court for the Northern District of Ohio, MDL No. 2196, which was considered one of the largest antitrust

cases in the last 10 years.  I was also counsel for plaintiffs in *In re Hulu Privacy Litigation*, Northern District of California Case No. 3:11-cv-03764-LB, a case concerning Internet "cookies" and privacy issues.  I am intimately familiar with the developing legal doctrines of cyberspace privacy law, and have published articles on Internet privacy issues, including my article "Privacy: Is it legal tracking or an illegal Wiretap?" published in the *Advocate*, July 2012.

20.    The Court's file reflects the experience in complex civil and class action litigation that gave rise to my firm's appointment as co-lead counsel in this case and I will not further repeat it here.  However, that experience leads me to conclude that this proposed settlement is fair and reasonable should be finally approved.

21.    In sum, the proposed Settlement provides a reasonable and certain recovery to the Class against a formidable array of legal, factual, and procedural obstacles.  It was reached only after substantial litigation and appellate work over the course of many years, and it was crafted by very experienced counsel on both sides who were intimately familiar with the facts and law applicable to the claims and defenses at the time it was negotiated and agreed upon.  The proposed Settlement meets the criteria for final approval because it is fair, reasonable, and adequate under the circumstances.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 8th day of August, 2022, at Los Angeles, California.

_____*/s/   Brian R. Strange*_____
                    Brian Russell Strange

# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

1. PREAMBLE

    1.1.    This class action Settlement Agreement and Release ("Agreement") is entered into by and among the individuals and entities defined below as "Plaintiffs" and the individuals and entities defined below as "Google" where Plaintiffs and Google are collectively referred to herein as the "Parties."

    1.2.    This Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims (as the term is defined below), upon and subject to the terms and conditions of this Agreement, and subject to preliminary and final approval of the Court.

2. DEFINITIONS

    2.1.    "Agreement" means this Settlement Agreement and Release, including all exhibits.

    2.2.    "Civil Actions" or "Litigation" mean all of the civil actions that have been, will be, or could be transferred by the Judicial Panel on Multidistrict Litigation to the federal District Court for the District of Delaware (Judge Sue L. Robinson) for inclusion in *In Re: Google Inc. Cookie Placement Consumer Privacy Litigation*, No. 1:12-md-02358-SLR, including without limitation the following actions: 1:12-cv-00740-SLR, 1:12-cv-00742-SLR, 1:12-cv-00744-SLR, 1:12-cv-00743-SLR, 1:12-cv-00741-SLR, 1:12-cv-00739-SLR, 1:12-cv-00745-SLR, 1:12-cv-00794-SLR, 1:12-cv-00796-SLR, 1:12-cv-00795-SLR, 1:12-cv-00800-SLR, 1:12-cv-00200-SLR, 1:12-cv-00792-SLR, 1:13-cv-00560-SLR, 1:12-cv-00793-SLR, 1:12-cv-00797-SLR, 1:12-cv-00791-SLR, 1:12-cv-00799-SLR, 1:12-cv-00798-SLR, 1:12-cv-00790-SLR, 1:12-cv-00789-SLR, 1:12-cv-00962-SLR, 1:12-cv-00667-SLR, 1:12-cv-01000-SLR, 1:12-cv-01003-SLR, and 1:13-cv-00559-SLR.

    2.3.    "Class" means all persons in the United States of America who used the Apple Safari or Microsoft Internet Explorer web browsers and who visited a website from which Doubleclick.net (Google's advertising serving service) cookies were placed by the means alleged in the Complaint.

    2.4.    "Class Counsel" means the attorneys appointed by the Court as "interim class counsel" in the Court's order dated November 16, 2012 and any attorneys hereafter appointed by the Court to represent the Class for purposes related to this Agreement.

    2.5.    "Class Member" means any person who qualifies under the definition of the Class, excluding: (i) Google, its parent, subsidiaries, successors, affiliates, officers, and directors; (ii) the judge(s) to whom the Civil Actions are assigned and any member of the judges' or judges' immediate family; (iii) Persons who have settled with and released Google from individual claims substantially similar to those alleged in the Litigation; and (iv) Persons who submit a valid and timely Request for Exclusion.

    2.6.    "Class Representatives" mean Jose Bermudez, Nicholas Todd Heinrich, and Lynne Krause, acting either individually or through Class Counsel.

    2.7.    "Complaint" means the Consolidated Class Action Complaint filed on December 19, 2012 and the Consolidated Amended Class Action Complaint submitted by stipulation on June 20, 2016 in the Litigation and attached as an exhibit hereto.

2.8.   "Court" means the federal District Court for the District of Delaware (Judge Sue L. Robinson) and any appellate court which may review any orders entered by the District Court related to this Agreement.

2.9.   "Cy Pres Recipients" means any of the entities mutually agreed upon by the Parties and approved by the Court to receive a cy pres distribution from the Settlement Fund under this Agreement.

2.10.   "Day" or "days" refer to calendar days.

2.11.   "Effective Date" means the first date after either (i) the time to appeal the Final Order and Judgment has expired with no appeal having been filed or (ii) the Final Order and Judgment is affirmed on appeal by a reviewing court and no longer reviewable by any court.

2.12.   "Execution" means the signing of this Agreement by all signatories hereto.

2.13.   "Fee Award" means any attorneys' fees, reimbursement of expenses, and other costs awarded by the Court to Class Counsel as allowed by this Agreement.

2.14.   "Final Approval Hearing" means the hearing before the Court where (i) the Parties request that the Court approve this Agreement as fair, reasonable, and adequate; (ii) the Parties request that the Court enter its Final Order and Judgment in accordance with this Agreement; and (iii) Class Counsel request approval of their petition for reasonable attorneys' fees and expenses, as well as any requested incentive award to the Class Representatives.

2.15.   "Final Order and Judgment" means the order entered by the Court, in a form that is mutually agreeable to the Parties, approving this Agreement as fair, reasonable, adequate, and in the best interest of the Class as a whole, and making such other findings and determinations as the Court deems necessary and appropriate to effectuate the terms of this Agreement, without modifying any terms of this Agreement that either Party deems material.

2.16.   "Google" means Google Inc. and all of its parent and subsidiary corporations and those acting on their behalf.

2.17.   "Incentive Award" means any amount awarded by the Court to the Class Representatives as compensation for serving as Class Representatives.

2.18.   "Notice Plan" means the planned method by which notice of this Agreement will be given to the Class.

2.19.   "Notice of Proposed Class Action Settlement" means the notice described in the Notice Plan.

2.20.   "Opt-Out Deadline" means the deadline for a Class Member to submit a Request for Exclusion as set forth in the Preliminary Approval Order and which will be no more than sixty (60) days from the completion date of the Notice of Proposed Class Action Settlement.

2.21.   "Parties" means, collectively, the Plaintiffs and Google, and "Party" means any one of them.

2

2.22.   "Person" means an individual or legal entity, including an association, or his, her, or its respective estate, successors, or assigns.

2.23.   "Plaintiffs" mean the Class Representatives acting on behalf of themselves and all Class Members.

2.24.   "Preliminary Approval Order" means the order issued by the Court provisionally (i) granting preliminary approval of this Agreement; (ii) certifying the Class for settlement purposes; (iii) appointing Class Representatives and Class Counsel; (iv) approving the form and manner of the Notice Plan and appointing a Settlement Administrator; (v) approving the proposed Cy Pres Recipients; (vi) establishing deadlines for Requests for Exclusion and the filing of objections to the proposed settlement contemplated by this Agreement; (vii) finding that the Parties have complied with 28 U.S.C. § 1715; and (viii) scheduling the Final Approval Hearing.

2.25.   "Released Claims" means any claims, complaints, actions, proceedings, or remedies of any kind (including, without limitation, claims for attorneys' fees and expenses and costs) whether in law or in equity, under contract, tort or any other subject area, or under any statute, rule, regulation, order, or law, whether federal, state, or local, on any grounds whatsoever, arising from the beginning of time through the Effective Date, that were, could have been, or could be asserted by the Releasing Parties arising out of or relating to any acts, facts, omissions or obligations, whether known or unknown, whether foreseen or unforeseen, arising out of or relating to the Litigation or the subject matter of the Litigation.

2.26.   "Released Parties" means Google, as well as any and all of its current or former directors, officers, members, administrators, agents, insurers, beneficiaries, trustees, employee benefit plans, representatives, servants, employees, attorneys, parents, subsidiaries, affiliates, divisions, branches, units, shareholders, investors, contractors, successors, joint venturers, predecessors, related entities, successors and assigns, and all other individuals and entities acting on Google's behalf.  This definition does not include Vibrant Media, Inc., Media Innovation Group, LLC, or WPP plc.

2.27.   "Releasing Parties" means Plaintiffs and all Class Members, as well as their present, former, and future heirs, executors, administrators, estates, representatives, agents, attorneys, partners, successors, predecessors-in-interest, directors, officers, members, insurers, beneficiaries, trustees, employee benefit plans, servants, employees, parents, subsidiaries, affiliates, divisions, branches, units, shareholders, investors, contractors, joint venturers, related entities, and assigns, and all other individuals and entities acting on their behalf.

2.28.   "Request for Exclusion" means the form that must be completed and returned in the manner and within the time period specified in this Agreement for a Class Member to request exclusion from the Class.

2.29.   "Settlement Administrator" means a third-party class action settlement administrator to be selected by the Parties' mutual agreement to implement aspects of this Agreement.

2.30.   "Settlement Fund" means the $5,500,000 total sum that Google will pay in connection with this Agreement, deposited into a common fund for payment of (i) distributions to Cy Pres Recipients, (ii) the Fee Award, (iii) the Incentive Awards, and (iv) all settlement administration and notice costs.

3.  RECITALS

3.1.  On February 17, 2012 and over the following weeks, multiple putative class actions were filed in federal district courts throughout the United States against Google (and other defendants) based generally on allegations that Google's placement of a browser cookie from the doubleclick.net domain on Safari and Internet Explorer browsers circumvented the default browser settings that Plaintiffs believed were designed to block such cookie placement.

3.2.  On June 12, 2012, the U.S. Judicial Panel on Multidistrict Litigation transferred these actions to the District of Delaware as *In re: Google Inc. Cookie Placement Consumer Privacy Litigation*, Civ. No. 12-MD-2358-SLR.  A consolidated class action complaint was filed by Plaintiffs on December 19, 2012.  On October 9, 2013, the District Court granted a motion by Google to dismiss all claims against Google.  On November 10, 2015, following an appeal by Plaintiffs, the United States Court of Appeal for the Third Circuit affirmed dismissal of all but two claims: a claim for intrusion upon seclusion under California common law and a claim for violation of the California Constitution's right to privacy. On March 10, 2016, Plaintiffs filed a petition for certiorari with the United States Supreme Court, which petition is currently pending. On May 10, 2016 (after the Parties had reached a settlement agreement at mediation as described below but before this Agreement was drafted), the United States Supreme Court requested Google and other defendants to respond to the petition for certiorari.

3.3.  On May 9, 2016, the Parties participated in an all-day mediation with former Judge Layn Phillips that resulted in this Agreement to settle the Litigation on a class-wide basis.

3.4.  Plaintiffs have conducted meaningful investigation and analyzed and evaluated the merits of the claims made to date against Google, and the impact of this Agreement on Plaintiffs and the Class, and based upon that analysis and the evaluation of a number of factors, and recognizing the substantial risks of continued litigation, including the possibility that the Litigation, if not settled now, might not result in any recovery whatsoever for the Class, or might result in a recovery that is less favorable to the Class, and that any such recovery would not occur for several years, Plaintiffs are satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate, and that this Agreement is in the best interest of the Class.

3.5.  Google has denied and continues to deny each allegation and all charges of wrongdoing or liability of any kind whatsoever asserted or that could have been asserted in the Litigation.

3.6.  While Plaintiffs believe these claims possess substantial merit and while Google vigorously disputes such claims, without in any way agreeing as to any fault or liability, the Parties have agreed to enter into this Agreement as an appropriate compromise of the Class claims to put to rest all controversy and to avoid the uncertainty, risk, expense, and burdensome, protracted, and costly litigation that would be involved in prosecuting and defending the Litigation.

3.7.  The Parties therefore agree that, in consideration for the undertakings, promises, and payments set forth in this Agreement and upon the entry by the Court of a Final Order and Judgment approving and directing the implementation of the terms and conditions of this Agreement, the Litigation will be settled and compromised upon the terms and conditions set forth below.

4. RESTRICTIONS ON USE OF THIS AGREEMENT

   4.1. This Agreement is for settlement purposes only and is entered into as a compromise to avoid the inherent risks and expenses posed by continued litigation of the claims in the Litigation. Neither the fact nor content of this Agreement, nor any action based on it, will constitute, be construed as, or be admissible in evidence as an admission of the validity of any claim, of any fact alleged in the Litigation or in any other pending or subsequently filed action, or of any wrongdoing, fault, violation of law, or liability or non-liability, wrongdoing, fault, or violation of law or fact alleged in the Civil Actions.

   4.2. Subject to approval by the Court, Google conditionally agrees and consents to certification of the Class for settlement purposes only and within the context of this Agreement only. If this Agreement, for any reason, is not approved or is otherwise terminated, Google reserves the right to assert any and all objections and defenses to certification of a litigation class, and neither this Agreement nor any order or other action relating to this Agreement will be offered as evidence in support of a motion to certify a class for a purpose other than settlement pursuant to this Agreement.

5. RELIEF

   5.1. <u>Assurance of Remediation</u>. Google will provide Class Counsel with assurances that it implemented systems configured to instruct Safari brand web browsers to expire any cookie placed from the doubleclick.net domain by Google through February 15, 2012 if those systems encountered such a cookie, with the exception of the DoubleClick opt-out cookie, until the time that all cookies placed from the doubleclick.net domain by Google on Safari brand web browsers through February 15, 2012 should have expired by design.

   5.2. <u>Settlement Fund</u>.

      5.2.1. Google will deposit in an interest-bearing bank account designated and controlled by the Settlement Administrator the total sum of $5,500,000. That Settlement Fund will represent the total monetary obligations of Google under this Agreement, and the Settlement Administrator will draw from the Settlement Fund to cover all obligations with respect to costs related to this Agreement, including the expenses of the Settlement Administrator, the Notice Plan, payments to Cy Pres Recipients, any Incentive Awards, the Fee Award, and any other administrative fees and expenses in connection with this Agreement; provided, however, that the Parties must approve any payments to the Settlement Administrator prior to the Settlement Administrator incurring such expenses.

      5.2.2. A first installment of $500,000.00 will be deposited within 21 days of entry of the Preliminary Approval Order. The remaining $5,000,000.00 will be deposited within 21 days of the Effective Date. If this Agreement is terminated, the Settlement Administrator will return all funds to Google within ten (10) days of the termination date; provided, however, that the Settlement Administrator need not return any funds already spent on notice and on reasonable Settlement Administrator expenses before the termination date.

5.2.3.   Other than the Settlement Fund, Google will have no financial obligations to Plaintiffs, the Class, the Cy Pres Recipients, or the Settlement Administrator under this Agreement.

5.3.   <u>Cy Pres Recipients</u>.

5.3.1.   Within 21 days after Execution, Plaintiffs will provide Google with a list of at least 10 proposed Cy Pres Recipients. Google may strike any proposed recipient from this list for a non-arbitrary reason and request that Plaintiffs propose a different recipient and Plaintiffs shall do so until the Parties can agree on a final list of proposed recipients. The final list of proposed Cy Pres Recipients mutually agreed upon by the Parties will be submitted to the Court for the Court's approval with the motion for preliminary approval of this Agreement.

5.3.2.   As a condition to receiving a distribution under this Agreement, each Cy Pres Recipient must agree to devote the funds to promote public awareness and education, and/or to support research, development, and initiatives, related to the security and/or privacy of Internet browsers. If any Cy Pres Recipient does not agree to these conditions, then its portion will be distributed pro rata to the other identified recipients; if no recipient agrees to the conditions, or if the Court so requires, the Parties will meet and confer to identify other appropriate recipients.

5.3.3.   The total distribution from the Settlement Fund to the Cy Pres Recipients will equal the total amount of the Settlement Fund, including any accrued interest, less all expenses for the Settlement Administrator, the Notice Plan, the Fee Award, the Incentive Awards, and any other administrative and notice costs or other expenses in connection with this Agreement.

5.3.4.   Because the Cy Pres Recipients will receive the remaining amounts due after all other payment obligations are met, no portion of the Settlement Fund or interest thereon will revert to Google.

5.3.5.   The Settlement Administrator will make payments to the Cy Pres Recipients within 60 days after the Effective Date.

5.4.   <u>No Tax Liability</u>. Under no circumstances will Google have any liability for taxes or the tax expenses of any Person that receives a portion of the Settlement Fund under this Agreement.

6.   SUBMISSION FOR PRELIMINARY APPROVAL

6.1.   Within 60 days after Execution, Class Counsel will submit this Agreement to the Court and request that the Court enter the Preliminary Approval Order in a form mutually agreed to by the Parties.

6.2.   Class Counsel will take any acts reasonably necessary to carry out this Agreement's expressed intent.

7.   NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

7.1.   The Settlement Administrator will be allocated up to $500,000.00 out of the Settlement Fund to implement a Notice Plan, subject to the Parties' agreement in

6

consultation with the Settlement Administrator and further subject to Court approval as part of the Preliminary Approval Order and consistent with the requirements of due process.

7.2.    The Parties shall agree to the Notice Plan before submission of this Agreement for preliminary approval. The specific text and content of the Notice Plan and Notice of Proposed Class Action Settlement will be mutually agreed upon by the Parties, subject to Court approval.

7.3.    Although the Settlement Administrator may purchase commercial services at standard rates from Google as part of the Notice Plan, Google has no obligation to otherwise facilitate delivery of the Notice of Proposed Class Action Settlement. For example, Google will have no obligation to search and provide information relating to the Class or to send bulk email messages to any Person or group of Persons.

7.4.    Within 10 days after the filing of this Agreement with the Court, the Settlement Administrator shall notify the appropriate state and federal officials of this Agreement pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

8. CLASS MEMBERS' RIGHT OF EXCLUSION/INCLUSION

8.1.    A Class Member may request exclusion from the Class up until the Opt-Out Deadline. To request exclusion, the Class Member must complete, sign, and mail to the Settlement Administrator a Request for Exclusion, using a form to be agreed on by the Parties. The Request for Exclusion must be signed by the Class Member seeking exclusion under penalty of perjury. The Request for Exclusion must be postmarked on or before the Opt-Out Deadline. Any Person who submits a valid and timely Request for Exclusion shall not be entitled to relief under, and shall not be affected by, this Agreement or any relief provided by this Agreement.

8.2.    The Parties shall have the right to challenge the timeliness and validity of any Request for Exclusion. The Court shall determine whether any contested exclusion request is valid.

8.3.    Within 10 days after the Opt-Out Deadline, the Settlement Administrator will provide the Parties a list of all Persons who opted out by validly requesting exclusion.

9. OBJECTIONS

9.1.    Any Class Member who does not submit a valid and timely Request for Exclusion may object to the fairness, reasonableness, or adequacy of this Agreement. Class Members may not seek to exclude themselves from the Class and submit an objection to this Agreement.

9.2.    No later than 21 days before the Final Approval Hearing, any Class Member who wishes to object to any aspect of this Agreement must send to the Settlement Administrator, Class Counsel, and Google's counsel, and file with the Court, a written statement of the objection(s). The written statement of the objection(s) must include (i) a detailed statement of the Class Member's objection(s), as well as the specific reasons, if any, for each objection, including any evidence and legal authority the Class Member wishes to bring to the Court's attention and any evidence the Class Member wishes to introduce in support of his/her objection(s); (ii) the Class Member's full name, address and telephone number; and (iii) information

demonstrating that the Class Member is entitled to be included as a member of the Class.

9.3. Class Members may raise an objection either on their own or through an attorney hired at their own expense. If a Class Member hires an attorney other than Class Counsel to represent him or her, the attorney must (i) file a notice of appearance with the Court no later than 21 days before the Final Approval Hearing or as the Court otherwise may direct, and (ii) deliver a copy of the notice of appearance on Class Counsel and Google's counsel, no later than 21 days before the Final Approval Hearing. Class Members, or their attorneys, intending to make an appearance at any hearing relating to this Agreement, including the Final Approval Hearing, must deliver to Class Counsel and Google's counsel, and file with the Court, no later than 21 days before the date of the hearing at which they plan to appear, or as the Court otherwise may direct, a notice of their intention to appear at that hearing.

9.4. Any Class Member who fails to comply with the provisions of the preceding subsections shall waive and forfeit any and all rights he or she may have to appear separately and/or object, and shall be bound by all the terms of this Agreement and by all proceedings, orders, and judgments in the Litigation.

## 10. RELEASES; EXCLUSIVE REMEDY; DISMISSAL OF ACTIONS

10.1. Upon entry of the Final Order and Judgment, and regardless of whether any Class Member executes and delivers a written release, each Plaintiff and each Class Member (each of whom is a Releasing Party) shall be deemed to waive, release and forever discharge Google and the Released Parties from all Released Claims. No Released Party will be subject to any liability or expense of any kind to any Releasing Party with respect to any Released Claim.

10.2. Upon entry of the Final Order and Judgment, the Releasing Parties, and each of them, will be deemed to have, and will have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, which provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

10.3. Upon entry of the Final Order and Judgment, the Releasing Parties, and each of them, will be deemed to have, and will have, waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to Section 1542 of the California Civil Code.  Plaintiffs acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to finally and forever to settle and release the Released Claims, notwithstanding any unknown claims they may have.

10.4. This Agreement shall be the sole and exclusive remedy for any and all Released Claims. Upon entry of the Final Order and Judgment, each Class Member shall be barred from initiating, asserting, or prosecuting any Released Claims against the Released Parties.

10.5.   Upon entry of Final Order and Judgment, the Civil Actions shall be dismissed with prejudice.

## 11. CLASS COUNSEL FEES AND COSTS AND INCENTIVE AWARDS

11.1.   Plaintiffs may apply to the Court seeking a reasonable proportion of the Settlement Fund as payment of any reasonable attorneys' fees and costs (the Fee Award) and any Incentive Award in recognition of the Class Representatives' efforts on behalf of the Class as appropriate compensation for their time and effort expended in serving the Class.

11.2.   Google will not contest a total amount of Fee Award and Incentive Awards (not to exceed $1,000 per Class Representative) up to $2,500,000.00.

11.3.   It is not a condition of this Agreement that any particular amount of attorneys' fees, costs or expenses or incentive awards be approved by the Court, or that such fees, costs, expenses or awards be approved at all. Any order or proceeding relating to the amount of any award of attorneys' fees, costs, or expenses or inventive awards, or any appeal from any order relating thereto, or reversal or modification thereof, shall not operate to modify, terminate or cancel this Agreement, or affect or delay the finality of the Final Order and Judgment, except that any modification, order or judgment cannot result in Google's overall obligation exceeding the agreed-upon amount of the Settlement Fund.

11.4.   The Settlement Administrator shall pay the Fee Award and Incentive Awards out of the Settlement Fund within 31 days of the Effective Date.

11.5.   Except as otherwise provided in this section, each Party will bear its own costs, including attorneys' fees, incurred in connection with the Litigation.

## 12. TERMINATION OF THE AGREEMENT

12.1.   The performance of this Agreement is expressly contingent upon achieving the Effective Date. This includes both (i) the entry of the Preliminary Approval Order approving this Agreement, including the Notice Plan and the selection of the Cy Pres Recipients, and the Final Order and Judgment approving this Agreement and the expiration of all appeal periods and appeal rights without modification to the Final Order and Judgment that any Party deems material. If the Court fails to issue either (1) the Preliminary Approval Order or (ii) the Final Order and Judgment approving this Agreement without modification that any Party deems material following conclusion of the Final Approval Hearing, this Agreement will be deemed terminated.

12.2.   If the Final Order and Judgment is vacated, modified in a manner deemed material by any Party, or reversed, in whole or in part, this Agreement will be deemed terminated (except with respect to rulings on any Fee Award), unless all Parties who are adversely affected thereby, in their sole discretion within thirty (30) days of receipt of such ruling, provide written notice to all other Parties of their intent to proceed with this Agreement as modified.

12.3.   If this Agreement is deemed terminated by refusal of the Court to approve or affirm approval of the Agreement, it will have no force or effect whatsoever, shall be null and void, and will not be admissible as evidence for any purpose in any pending or future litigation in any jurisdiction.

13. CONFIDENTIALITY

13.1.   Other than responses to inquiries from governmental entities or as necessary to comply with federal and state tax and securities laws or comply with the terms of this Agreement, no Party shall initiate any publicity relating to or make any public comment regarding this Agreement until a motion seeking the Preliminary Approval Order is filed with the Court.

13.2.   Unless and until all Parties execute this Agreement and present it to the Court in a motion seeking the Preliminary Approval Order, the Parties agree that all terms of this Agreement will remain confidential and subject to Federal Rule of Evidence 408.

13.3.   Notwithstanding anything to the contrary in this Agreement, including Paragraphs 13.1 and 13.2, the Parties shall be entitled to make filings with the Supreme Court and United States District Court for the District of Delaware that disclose the fact that they have reached a classwide settlement.

14. ENFORCEMENT OF THE AGREEMENT

14.1.   The Court will retain jurisdiction to enforce the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Agreement. As part of its continuing jurisdiction, the Court may amend, modify or clarify orders issued in connection with this settlement upon good cause shown by a party.  No other court or tribunal will have any jurisdiction over claims or causes of action arising under this Agreement.

14.2.   This Agreement will be governed by and construed in accordance with the internal laws of the State of California without regard to conflicts of law principles that would direct the application of the laws of another jurisdiction.

14.3.   The prevailing party in any action or proceeding in which is asserted a claim or cause of action arising under this Agreement will be entitled to recover all reasonable costs and attorneys' fees incurred in connection with the action or proceeding.

15. MISCELLANEOUS

15.1.   This Agreement, including all attached exhibits, shall constitute the entire agreement among the Parties (and covering the Parties and the Class) with regard to the subject matter of this Agreement and shall supersede any previous agreements and understandings between the Parties.

15.2.   This Agreement may not be changed, modified or amended except in writing signed by Class Counsel and Google's counsel, subject to Court approval if required.

15.3.   Each Party represents and warrants that it enters into this Agreement of his, her, or its own free will. Each Party is relying solely on its own judgment and knowledge and is not relying on any statement or representation made by any other Party or any other Party's agents or attorneys concerning the subject matter, basis, or effect of this Agreement.

15.4.   This Agreement has been negotiated at arm's length by Class Counsel and Google's counsel. In the event of any dispute arising out of this Agreement, or in any proceeding to enforce any of the terms of this Agreement, no Party shall be deemed to be the drafter of this Agreement or of any particular provision or provisions, and no

10

part of this Agreement shall be construed against any Party on the basis of that Party's identity as the drafter of any part of this Agreement.

15.5.   The Parties agree to cooperate fully and to take all additional action that may be necessary or appropriate to give full force and effect to the basic terms and intent of this Agreement.

15.6.   This Agreement shall be binding upon and inure to the benefit of all the Parties and Class Members, and their respective representatives, heirs, successors, and assigns.

15.7.   The headings of the sections of this Agreement are included for convenience only and shall not be deemed to constitute part of this Agreement or to affect its construction.

15.8.   Prior to pursuing relief or submitting any dispute relating to this Agreement or the Litigation to the Court, the Parties and Class Counsel agree to mediate the dispute before Layn Phillips in Newport Beach, California.

15.9.   Any notice, instruction, court filing, or other document to be given by any Party to any other Party shall be in writing and delivered personally or sent by registered or certified mail, postage prepaid, or overnight delivery service to the respective representatives identified below or to other recipients as the Court may specify. As of the date of this Agreement, these respective representatives are as follows:

*For the Class:*

Stephen G. Grygiel
Silverman Thompson Slutkin White
26th Floor
201 N. Charles Street
Baltimore, MD 21201
sgrygiel@mdattorney.com

Brian R. Strange
Strange & Butler
12100 Wilshire Boulevard, Suite 1900
Los Angeles, CA 90025
bstrange@strangeandbutler.com

James P. Frickleton
Bartimus, Frickleton, & Robertson, P.C.
11150 Overbrook Road, Suite 200
Leawood, KS 66211
jimf@bflawfirm.com

*For Google:*

Michael H. Rubin
Wilson Sonsini Goodrich & Rosati
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA
mrubin@wsgr.com

Anthony J Weibell
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304-1050
aweibell@wsgr.com

15.10.   The Parties each represent and warrant that they have not sold, assigned, transferred, conveyed, subrogated, or otherwise disposed of any claim or demand covered by this Agreement. If a Class Member has sold, assigned, transferred, conveyed, subrogated or otherwise disposed of any claim or demand, the Person that acquired such claim or demand is bound by the terms of this Agreement to the same extent as the Class Member would have been but for the sale, assignment, transfer, conveyance, or other disposition.

15.11.   The respective signatories to this Agreement each represent that they are fully authorized to enter into this Agreement on behalf of the respective Parties.

15.12.   The waiver by one Party of any breach of this Agreement by any other Party will not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

15.13.   All of the Exhibits to this Agreement are material and integral parts thereof and are fully incorporated herein by this reference.

15.14.   This Agreement may be executed in one or more counterparts, and may be executed by facsimile or electronic signature. All executed counterparts and each of them will be deemed to be one and the same instrument.

15.15.   This Agreement will be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto and the Released Parties.

[SIGNATURES ON FOLLOWING PAGE]

THIS SETTLEMENT AGREEMENT AND RELEASE IS AGREED TO AND APPROVED BY:

**Plaintiffs and Class Representatives**

_____          24 June 2016
Jose Bermudez                               _____
                                            Date


_____          _____
Nicholas Todd Heinrich                      Date


_____          _____
Lynne Krause                                Date


**Class Counsel**

_____          _____
Stephen G. Grygiel                          Date


_____          _____
Brian R. Strange                            Date


_____          _____
James P. Frickleton                         Date


**Google Inc.**


_____          _____
                                            Date


13

THIS SETTLEMENT AGREEMENT AND RELEASE IS AGREED TO AND APPROVED BY:

**Plaintiffs and Class Representatives**

| | |
|---|---|
| _____ | _____ |
| Jose Bermudez | Date |
| | 6-29-16 |
| _____ | _____ |
| Nicholas Todd Heinrich | Date |
| | |
| _____ | _____ |
| Lynne Krause | Date |

**Class Counsel**

| | |
|---|---|
| _____ | _____ |
| Stephen G. Grygiel | Date |
| | |
| _____ | _____ |
| Brian R. Strange | Date |
| | |
| _____ | _____ |
| James P. Frickleton | Date |

**Google Inc.**

| | |
|---|---|
| _____ | _____ |
| | Date |

13

THIS SETTLEMENT AGREEMENT AND RELEASE IS AGREED TO AND APPROVED BY:

**Plaintiffs and Class Representatives**

_____          _____
Jose Bermudez                                                       Date


_____          _____
Nicholas Todd Heinrich                                             Date

_____          _____6/26/16_____
Lynne Krause                                                        Date


**Class Counsel**


_____          _____
Stephen G. Grygiel                                                  Date


_____          _____
Brian R. Strange                                                    Date


_____          _____
James P. Frickleton                                                 Date


**Google Inc.**


_____          _____
                                                                    Date

THIS SETTLEMENT AGREEMENT AND RELEASE IS AGREED TO AND APPROVED BY:

**Plaintiffs and Class Representatives**

_____          _____
Jose Bermudez                                              Date

_____          _____
Nicholas Todd Heinrich                                  Date

_____          _____
Lynne Krause                                               Date

**Class Counsel**

_____          _____
Stephen G. Grygiel                            6/23/16      Date

_____          _____
Brian R. Strange                                         Date

_____          _____
James P. Frickleton                                     Date

**Google Inc.**

_____          _____
                                                             Date

13

THIS SETTLEMENT AGREEMENT AND RELEASE IS AGREED TO AND APPROVED BY:

**Plaintiffs and Class Representatives**

_____          _____
Jose Bermudez                                         Date

_____          _____
Nicholas Todd Heinrich                             Date

_____          _____
Lynne Krause                                           Date

**Class Counsel**

_____          _____
Stephen G. Grygiel                                   Date

_____          _____6-3v-16____
Brian R. Strange                                       Date

_____          _____
James P. Frickleton                                 Date

**Google Inc.**

_____          _____
                                                             Date

13

THIS SETTLEMENT AGREEMENT AND RELEASE IS AGREED TO AND APPROVED BY:

**Plaintiffs and Class Representatives**

_____        _____
Jose Bermudez                                                    Date


_____        _____
Nicholas Todd Heinrich                                         Date


_____        _____
Lynne Krause                                                     Date

**Class Counsel**

_____        _____
Stephen G. Grygiel                                             Date


_____        _____
Brian R. Strange                                               Date


_____        _____6-22-16_____
James P. Frickleton                                            Date

**Google Inc.**

_____        _____
                                                                 Date

13

THIS SETTLEMENT AGREEMENT AND RELEASE IS AGREED TO AND APPROVED BY:

**Plaintiffs and Class Representatives**

_____                    _____
Jose Bermudez                                                        Date

_____                    _____
Nicholas Todd Heinrich                                            Date

_____                    _____
Lynne Krause                                                          Date

**Class Counsel**

_____                    _____
Stephen G. Grygiel                                                  Date

_____                    _____
Brian R. Strange                                                     Date

_____                    _____
James P. Frickleton                                                 Date

**Google Inc.**

_____                    _____
                                                                           June 21, 2016
                                                                                     Date

13

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

IN RE: GOOGLE, INC. COOKIE     :
PLACEMENT CONSUMER PRIVACY     :     Civ. No. 12-MD-2358
LITIGATION                     :

**O R D E R**

**AND NOW,** this **15th** day of **October, 2021,** upon

consideration of Plaintiff's motion for preliminary approval of

the class action settlement (ECF No. 193) and the supplement

thereto, and after a hearing on February 25, 2021, it is hereby

**ORDERED** that the Court:

1.    preliminarily certifies the settlement class which

consists of:

All Persons in the United States of America who used the Apple Safari
or Microsoft Internet Explorer web browsers and who visited a website
from which Doubleclick.net (Google's advertising serving service)
cookies were placed by the means alleged in the Complaint

after concluding that:

a.    the numerosity, commonality, typicality, and

adequacy of representation requirements of Federal Rule of Civil

Procedure 23(a) have been met;

b.    the injunctive class requirements of Federal rule

of Civil Procedure 23(b)(2) have been met in that the class is

sufficiently cohesive and is capable of being described in a

readily discernible way; and

c.    the monetary relief class predominance and

superiority requirements of Federal Rule of Civil Procedure

23(b)(3) have been met, as have the portions of the Third

Circuit's ascertainability inquiry that are relevant to a settlement class;

2. <u>preliminarily</u> finds the settlement fair and reasonable and that counsel have adequately shown at this stage that the Federal Rule of Civil Procedure 23(e)(2), <u>Girsh</u>, and <u>Prudential</u> factors weigh in favor of the settlement;[1] and

3. re-approves the form and method of notice originally provided by counsel, <u>but</u> will require counsel to re-distribute the notice and set new deadlines for objections and opt-outs given that the proposed settlement has been altered following remand by the Third Circuit Court of Appeals.[2] **By November 14, 2021,** counsel shall provide the Court with a timeline for notice and objections and for the earliest date on which the Court can schedule a final fairness hearing.

AND IT IS SO ORDERED.

*/s/ Eduardo C. Robreno*
**EDUARDO C. ROBRENO, J.**

---

[1] The Court retains concerns about the ultimate fairness of a class settlement which provides a cy pres only fund, half of which will go towards counsel and administration fees, in exchange for the release of all monetary claims of a class of unknown and unknowable size. However, the Court will reserve its ultimate judgment until all interested parties have been heard.

[2] This new notice period will not negate the fifty opt-outs that were received during the original notice period. Instead, those fifty will be added to any additional opt-outs submitted during the new notice period.