## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

IN RE GOOGLE INC. COOKIE )
PLACEMENT CONSUMER PRIVACY )
LITIGATION )
)  **Case No. 12-MD-2358 (ER)**
)
This Document Relates to: )
All Actions )

### DECLARATION OF STEPHEN G. GRYGIEL IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

**STRANGE LLP**

*/s/ Brian R. Strange*
Brian Russell Strange
12100 Wilshire Blvd., Suite 420
Los Angeles, CA 90025
Tel: 310-207-5055
*brian@strangellp.com*

*Executive Committee Member*


**BARTIMUS, FRICKLETON,
and ROBERTSON, P.C.**

*/s/ James P. Frickleton*
James P. Frickleton
Mary D. Winter
Edward D. Robertston, Jr.
11150 Overbrook Road, Suite 200
Leawood, KS 66211
Tel: 913-266-2300
*jimf@bflawfirm.com*

*Executive Committee Member*


**SILVERMAN THOMPSON SLUTKIN
WHITE**

*/s/ Stephen G. Grygiel*
Stephen G. Grygiel (DE Bar ID #4944)
201 N. Charles Street, 26th Floor
Baltimore, MD 21201
Tel: 443-909-7516
*sgrygiel@silvermanthompson.com*

*Executive Committee Member*

I, Stephen G. Grygiel, having first been duly sworn, declare:

1.      I am over the age of 18 and believe in the obligations of an oath.

2.      From April 2014 through approximately May 2019 I was a partner in the law firm of Silverman Thompson Slutkin & White, LLP ("STSW") one of the lead counsel appointed by the Court in this MDL and a member of the Executive Committee.  Since May 2019 I have been *of counsel* to STSW.

3.      On July 19, 2019 STSW withdrew its appearance as co-counsel for Plaintiffs, with notification that I would continue as a Lead Counsel for the Plaintiffs through Grygiel Law, LLC.  [D.I. 181].  My Appearance of Counsel through Grygiel Law, LLC appears at D.I. 187.

4.      This declaration is based on my own personal knowledge.  If called to testify, I could and would competently testify hereto under oath.

5.      I submit this Declaration in support of Plaintiffs' Motion for Final Approval of Class Action Settlement with Defendant Google Inc. ("Google") on behalf of class representatives Jose M. Bermudez, Nicholas Todd Heinrich, and Lynne Krause, of even date herewith.

6.      I also submit this Declaration in support of Plaintiffs' Responses to the Objections to the Settlement filed by Theodore Frank [D.I. 207]and Dimitrii Mudrechenko [D.I. 206].

7.      I incorporate by reference, as if set forth in full herein, my previously filed Declarations in this case. [D.I. 118-2, 163-2, 167-4, 168-4, 194-3].

8.      I have practiced law for some thirty-five years, been the first-chair lawyer in numerous jury and bench trials, and am very experienced in class action litigation.  I have substantial experience in privacy rights class action litigation.  For example, I am a co-Lead Counsel in *In re: Facebook Internet Tracking Litigation*, No. 5:12-MD-2314-EJD, in which the

Court granted Preliminary Settlement Approval on March 31, 2022 to a settlement creating a $90 MM common fund (at the time of settlement the 7th largest such settlement in cases of its kind) and in which the Defendant agreed to sequester, and ultimately delete, the data that Plaintiffs alleged had been improperly collected.  I have a thorough understanding of statutory privacy rights claims and of common law privacy claims, am well aware of the elements of proof required for privacy rights claims, and fully familiar to the hurdles to proving damages even after successfully proving liability.  I am also well-versed in class certification law, and familiar with the difficulties of obtaining class certification in general and in privacy cases in particular.

9.      As described in my previous Declarations in this case, and as the docket reflects, in working on the Complaints in this case and its motion practice, I extensively analyzed the strengths and weaknesses of this case, including, but not limited to, through my personal preparation for and ultimately unsuccessful oral argument against Google's Motion to Dismiss and work on Plaintiffs' subsequent appeal of that wholesale dismissal to the Third Circuit.

10.     The Third Circuit ultimately reinstated only two of the Plaintiffs' numerous privacy rights claims, both of which were California law claims.  That ruling had important class certification implications.  Google would surely have opposed any motion for class certification, and, even were a class to be granted, Google would have had arguments that, if any class were certified, only a California class, not a nationwide class, could be certified.

11.     After the Third Circuit reinstated two of the operative Complaint's claims, my co-counsel, Messrs. Strange and Frickleton, and I conducted further settlement discussions with Google's counsel.  Ultimately those discussions led to the agreement to retain the highly respected and experienced former federal Judge Layn Phillips to mediate this case. Of course, Plaintiffs' counsel did this at their own, not insubstantial, expense.

12.     Judge Phillips's rigorous process ensures that mediation will be meaningful. Among other things, Judge Phillips posed numerous and highly focused written questions to both sides' counsel about the pros and cons of their cases, requiring detailed written responses.   After the pre-mediation briefing and numerous settlement-related conversations had occurred, the mediation occurred on May 9, 2016.  After an all-day session, under Judge Phillips's stewardship, the parties agreed to a settlement in principle.

13.     The settlement negotiations were entirely at arms-length.  My co-Lead Counsel and I were fully aware that we had only two California state law claims with which to work, and that those claims carried, as all claims do, hurdles to proving liability and damages, and to obtaining and keeping class certification. Messrs. Frickleton, Strange and I were fully aware of the risks of continued litigation and concerned that, after much more litigation, including expensive and intrusive discovery, motion practice through class certification and summary judgement, trial and appeals, the class might end up with no relief whatsoever.

14.     The parties executed a formal Settlement Agreement on or about June 30, 2016.

15.     To date, neither STSW nor Grygiel Law has received any notices of objections to the settlement other than those officially filed with the Court.

16.     Even assuming this case would have permitted certification of only a California class, the size of the class would have been extremely large.  Using Google's settlement payment to fund *cy pres* recipients whose work aligns closely with the privacy protection goals of and claims advanced in the litigation was a far superior choice to making inevitably paltry monetary distributions to a few class members that would provide no benefit at all to all of those affected by the conduct challenged in the litigation.  In short, this was and remains a case in which the greatest good for the largest amount of class members can only be achieved through a *cy pres*

settlement.  Given the relatively modest settlement payment and large class size, this case is paradigmatically suited to use of the *cy pres* settlement mechanism.

17.     Further, it is incorrect to call this settlement "*cy pres*-only."  Google has agreed to provide Class Counsel with assurances of Google's implementation of systems configured to protect class members' privacy by ensuring that Safari web browsers expire the cookies that the operative Complaint alleged were improperly placed.

18.     My co-counsel and I are experienced lawyers.  We were prepared to develop and introduce evidence that would have proven the California common law and constitutional privacy claims reinstated by the Third Circuit.  But we were also fully aware that privacy rights cases present a number of hurdles to class certification, as well as to proving liability and damages.  And the age of this case did not give us comfort that proof would be ready to hand.

19.     My co-counsel and I were also well aware that Google, a massively rich company defended by an extremely competent and aggressive national law firm, would have fought tooth and nail through class certification, summary judgment, trial and appeal.  We also had to consider that Google had already paid some $39,500,000.00 to the Federal Trade Commission and various state governments for the same conduct alleged by Plaintiffs.

20.     Despite the long history and many obstacles this case has presented, my co-counsel and I have never wavered from our commitment to it.  We have done the best that we could.

Based on my long experience, including in privacy rights cases, and my knowledge of the strengths and weaknesses of what remained of this case after appeal, I believe that the proposed settlement is fair, adequate and reasonable and should be finally approved.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 8th day of August, 2022, at Clinton, New York., 13323.

*/s/ Stephen G. Grygiel*
Stephen G. Grygiel