# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| IN RE GOOGLE INC. COOKIE | ) | |
| PLACEMENT CONSUMER PRIVACY | ) | |
| LITIGATION | ) | |
| | ) | **Case No. 12-MD-2358-ER** |
| | ) | |
| **This Document Relates to:** | ) | |
| **All Actions** | ) | |

## DECLARATION OF JAMES P. FRICKLETON IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

**STRANGE LLP**
Brian Russell Strange
12100 Wilshire Blvd., Suite 420
Los Angeles, CA 90025
Tel: 310-207-5055
*brian@strangellp.com*
*Executive Committee Member*

**BARTIMUS, FRICKLETON,
and ROBERTSON, P.C.**
James P. Frickleton
4000 W. 114th St., Suite 310
Leawood, KS 66211
Tel: 913-266-2300
*jimf@bflawfirm.com*
*Executive Committee Member*

**SILVERMAN THOMPSON SLUTKIN
WHITE**
Stephen G. Grygiel (DE Bar ID 4944)
201 N. Charles Street, 26th Floor
Baltimore, MD 21201
Tel: 443-909-7516
*sgrygiel@mdattorney.com*

*Executive Committee Member*

I, James P. Frickleton, having first been duly sworn, declare:

1. I am a partner in the law firm of Bartimus, Frickleton, Robertson & Rader, P.C., one of the lead counsel appointed by the Court in this MDL and a member of the Executive Committee in this case. This declaration is based on my own personal knowledge and, if called to testify, I could and would competently testify hereto under oath.

2. This declaration in submitted in support of Plaintiffs' Motion for Final Approval of Class Action Settlement with Defendant Google Inc. ("Google") on behalf of class representatives Jose M. Bermudez, Nicholas Todd Heinrich, and Lynne Krause.

3. As previously detailed to the Court in past Declarations, after discussions with Google's counsel that spanned several months, the parties held a mediation in this case on May 9, 2016 before retired federal Judge Layne Phillips. During the mediation, the parties agreed to the basic terms of the settlement. The settlement was reached following arms-length negotiations considering the history of the case, the liability and damage potential, and the risks of future litigation. Prior to reaching a settlement, I along with other members of the Executive Committee made a thorough investigation of the facts and circumstances relevant to this litigation.

4. After this case was heard by the 3rd Circuit Court of Appeals it was remanded and the parties had further negotiations which resulted in a modification of the settlement agreement which has now been executed and presented to the Court along with the Motion for Preliminary Approval of this settlement. The Court issued its Order preliminarily approving the settlement on October 15, 2021. (D.I. 203.)

5. To date, neither I nor my office have received any notices of opt-outs or objections to the settlement other than those officially filed with the Court.

6. Given the size of the potential class and the issues involved, the parties believe

that the distribution of the Settlement Fund to *cy pres* recipients who must agree to use the funds to promote public awareness and education and/or support research, development, and initiatives related to the security and/or privacy of Internet browsers is the best use of the settlement proceeds.

7. In addition, Google will provide Class Counsel with assurances that it implemented systems configured to instruct Safari brand web browsers to expire any cookie placed from the Doubleclick.net domain by Google if those systems encountered such a cookie, with the exception of the Doubleclick opt-out cookie, until the time that all cookies placed from the Doubleclick.net domain by Google on Safari brand web browsers through February 15, 2012 should have expired by design.

8. Although Plaintiffs' counsel intended to present strong evidence that Google's cookie circumvention technique violated California common law and constitutional principles, that this case should be certified as a class action, and that such class should be entitled to damages, we understand that Google will be prepared to mount a vigorous defense on these issues. Given the risks and uncertainties of litigation, Class Counsel believe that this settlement with Google provides meaningful benefits to the class and is reasonable. Class Counsel have considered the fact that Google has already made a substantial payment of approximately $39,500,000.00 to the Federal Trade Commission and various state governments arising under the same conduct alleged by Plaintiffs.

9. On November 16, 2012, this Court appointed my firm as one of the lead counsel in this MDL pursuant to Rule 23(g)(3) of the Federal Rules of Civil Procedure. In doing so, the Court noted our firm's "experience in large class actions and with substantial privacy rights litigation," our "impressive credentials and the underlying qualifications to serve as lead

counsel," and we have served as co-lead counsel in this case since that time.

10. The Court's file reflects the experience in complex civil and class action litigation that gave rise to my firm's appointment as co-lead counsel in this case and I will not repeat it here. However, that experience leads me to conclude that this proposed settlement is fair and reasonable should be finally approved.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 8th day of August, 2022, at Leawood, Kansas, 66211.

*/s/ James P. Frickleton*