**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE GOOGLE INC. COOKIE PLACEMENT CONSUMER PRIVACY LITIGATION | Case No. 12-MD-2358 (JDW) |
| This Document Relates to: **All Actions** | |

## PLAINTIFFS' MOTION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL OF ORDER DENYING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND INCORPORATED MEMORANDUM OF LAW

# TABLE OF CONTENTS

**PROCEDURAL POSTURE**................................................................................................1

**ARGUMENT** .................................................................................................................1

**I.    ADDRESSING THE COURT'S OCTOBER 3, 2023 ORDER**...................................1

    **A.    Whether Plaintiffs Filed a Petition for Permission to Appeal Denial of Class Certification Pursuant to Rule 23(f)**.........................................................2

    **B.    Whether Appeal Filed July 28, 2023 Constituted a Petition for Permission to Appeal Under Rule 23(f)** ..............................................................................2

    **C.    Whether Rule 23(f)'s 14-Day Time Limit Forecloses an Appeal Under 28 U.S.C. § 1292(b)**.............................................................................................2

        1.    Textual analysis shows independent paths.................................................2

        2.    Rule 23(f) advisory committee notes confirm 28 U.S.C. § 1292(b) is available for interlocutory appeal of class certification rulings..................3

        3.    Case law supports independent and alternative routes to interlocutory appeal of class certification decisions...........................................................4

        4.    Rule 23(f) expands, rather than limits, the right to seek an interlocutory appeal of a class certification order .........................................................11

**II.    INTERLOCUTORY APPEAL IS WARRANTED UNDER 28 U.S.C. § 1292(b)** ......11

    **A.    Controlling Questions of Law Exist** .....................................................................11

        1.    Permissibility of Rule 23(b)(2) settlement with damages release .............12

            a.    Whether Plaintiffs' proposed class is proper for Rule 23(b)(2) purposes ..............................................................................................12

            b.    Whether damages release is a bar to Rule 23(b)(2) certification...13

        2.    Whether two-tiered ascertainability test applies to Rule 23(b)(3) settlement class......................................................................................................14

    **B.    Substantial Ground for Difference of Opinion**...............................................15

        1.    Substantial ground regarding proper Rule 23(b)(2) class .........................15

2.  Substantial ground regarding propriety of damages release in Rule 23(b)(2) class ........................................................................15

3.  Substantial ground regarding whether the Third Circuit's two-tiered ascertainability test applies in the settlement context ...............................16

**C.  Immediate Appeal May Materially Advance the Ultimate Termination of Case** .......................................................................................19

**D.  The Request for Interlocutory Appeal is Timely** ...............................................20

**CONCLUSION** ...........................................................................................20

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Abarca v. Werner Enterprises, Inc.*,
    2018 WL 10229729 (D. Neb. May 21, 2018) ..................................................... 7

*Allen v. City of N.Y.*,
    2023 WL 171402 (S.D.N.Y. Jan. 12, 2023) ........................................................ 8

*Anderson Living Trust v. WPX Energy Prod., LLC*,
    904 F.3d 1135 (10th Cir. 2018) .......................................................................... 7

*Barber v. Human Contract, LLC*,
    2009 WL 10675490 (C.D. Cal. Oct. 22, 2009) .................................................. 6

*Barner v. City of Harvey*,
    2004 WL 2092009 (N.D. Ill. Sept. 15, 2004) .................................................... 8

*Blair v. Equifax Check Servs., Inc.*,
    181 F.3d 832 (7th Cir. 1999) .............................................................................. 5

*Boca Raton Community Hospital, Inc. v. Tenet Healthcare Corp.*,
    2006 WL 8435096 (S.D. Fla. 2006) ............................................................... 5, 9

*Briseno v. ConAgra Foods, Inc.*,
    844 F.3d 1121 (9th Cir. 2017) .......................................................................... 19

*Byrd v. Aaron's Inc.*,
    784 F.3d 154 (3d Cir. 2015) ............................................................................. 18

*Carrera v. Bayer Corp.*,
    727 F.3d 300 (3d Cir. 2013) ............................................................................. 18

*Chamberlan v. Ford Motor Co.*,
    402 F.3d 952 (9th Cir. 2005) ........................................................................5, 11

*Chi. Teachers Union, Local No. 1 v. Bd. of Educ. of City of Chi.*,
    797 F.3d 426 (7th Cir. 2015) ............................................................................ 13

*City Select Auto Sales, Inc. v. BMW Bank of N. Am., Inc.*,
    867 F.3d 434 (3d Cir. 2017) ............................................................................. 18

*Gutierrez v. Johnson & Johnson*,
    523 F.3d 187 (3d Cir. 2008) ............................................................................... 6

*Hartley v. Suburban Radiologic Consultants, LTD*,
    2013 WL 5566255 (D. Minn. Oct. 8, 2013)........................................................ 7

*Henson v. Fidelity Nat'l Financial, Inc.*,
    943 F.3d 434 (9th Cir. 2019) ......................................................................... 6

*Hyland v. Navient*,
    48 F.4th 110 (2d Cir. 2022) ......................................................................... 13

*In re Comcast Corp. Set-Top Cable Television Box Antitrust Litig.*,
    311 F.R.D. 145 (E.D. Pa. 2015) ................................................................... 17

*In re Comcast Corp. Set-Top Cable Television Box Antitrust Litig.*,
    656 F. App'x 8 (3d Cir. 2016) ................................................................ 16, 17

*In re Ford Motor Co. Bronco II Prod. Liab. Litig.*,
    1997 WL 191488 (E.D. La. Apr. 17, 1997)................................................... 4

*In re Google Inc. Cookie Placement Litig.*,
    934 F.3d 316 (3d Cir. 2019) ............................................................... passim

*In re Niaspan Antitrust Litig.*,
    67 F.4th 118 (3d Cir. 2023) ....................................................................... 17, 18

*In re Santa Fe Natural Tobacco Co. Mkt'g and Sales Prac. and Prods. Liab. Litig.*,
    2023 WL 6121894 (D.N.M. Sept. 19, 2023) ............................................ 18, 19

*Johnson v. W. Pub. Corp.*,
    504 F. App'x 531 (8th Cir. 2014) .................................................................. 8

*Katz v. Carte Blanche Corp.*,
    496 F.2d 747 (3d Cir. 1974) ................................................................ passim

*Knipe v. SmithKline Beecham*,
    583 F.Supp.2d 553 (E.D. Pa. 2008) .............................................................11

*Lutch v. Huffy Corp.*, No. Civ. A 04-66J,
    2006 WL 2546945 (W.D. Pa. Sept. 1, 2006) ............................................... 20

*Mace v. Van Ru Credit Corp.*,
    109 F.3d 358 (7th Cir. 1997)........................................................................ 4

*Marcelle v. City of Allentown*,
    2010 WL 3606405 (E.D. Pa. Sept. 16, 2010) ...............................................11

*Marcus v. BMW of N. Am., LLC*,
    687 F.3d 583 (3d Cir. 2012) ............................................................................ 18

*Marisol A. v. Giuliani*,
    126 F.3d 372 (2d Cir. 1997) ............................................................................ 4

*McReynolds v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
    672 F.3d 482 (7th Cir. 2012) .......................................................................... 8

*Microsoft Corp. v. Baker*,
    582 U.S. 23 ................................................................................................ 3, 10

*Mussat, M.D.S.C. v. Iqvia, Inc.*,
    2019 WL 3423661 (N.D. Ill. Feb. 20, 2019) .................................................. 8

*Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
    259 F.3d 154 (3d Cir. 2001) ............................................................................ 6

*Nutraceutial Corp. v. Lambert*,
    139 S. Ct. 710 (2019) ...................................................................................... 10

*Panache Broadcasting of Penn., Inc. v. Richardson Electronics, Ltd.*,
    1999 WL 1024560 (N.D. Ill. Oct. 29, 1999) ............................................... 4, 6

*Robinson v. Metro-North Commuter R.R. Co.*,
    267 F.3d 147 (2d Cir. 2010) .......................................................................... 16

*Sanford v. Memberworks, Inc.*,
    483 F.3d 956 (9th Cir. 2007) .......................................................................... 5

*Sanft v. Winnebago Indus., Inc.*,
    214 F.R.D. 514 (N.D. Iowa 2003) .................................................................. 7

*Weinberger v. Kendrick*,
    698 F.2d 61 (2d Cir. 1982) ............................................................................ 13

**Statutes**

28 U.S.C. § 1291 ....................................................................................................... 7

28 U.S.C. § 1292(a)(1) .............................................................................................. 5

28 U.S.C. § 1292(b) ........................................................................................ passim

28 U.S.C. § 1292(e) ............................................................................................. 3, 5

**Rules**

Fed. R. Civ. P. 23(f)............................................................................................................ passim

Pursuant to 28 U.S.C. § 1292(b) ("§ 1292(b)") and the Court's October 3, 2023 Order, D.I. 227,[1] Plaintiffs respectfully request an Order certifying for interlocutory appeal the Court's July 10, 2023 Order (Robreno, J.), D.I. 219, 220 ("July 10 Order"), denying Plaintiffs' Motion for Final Approval of Class Action Settlement. This memorandum first answers the Court's October 3 requests relevant to this motion, D.I. 227, then sets out the basis for an order under § 1292(b). As set forth *infra*, Plaintiffs filed no Rule 23(f) petition and nothing in Plaintiffs' notice of appeal or the Third Circuit's response (*i.e.*, that the order was not appealable) cites Rule 23(f). Rule 23(f)'s time limit does not affect this request for certification under § 1292(b).

## PROCEDURAL POSTURE

Following the July 10 Order, Plaintiffs filed a Notice of Appeal on July 28, 2023. D.I. 222. On August 3, the Third Circuit issued an order stating "[t]he order appealed is not final within the meaning of 28 U.S.C. § 1291 and is not otherwise appealable at this time." Dkt. 3. Plaintiffs then filed a Motion for Voluntary Dismissal pursuant to Fed. R. App. P. 42(b), Dkt. 6, which the Third Circuit granted "pursuant to Fed. R. App. P. 42(b)" on August 10, 2023. Dkt. 7.

The case was reassigned to the Honorable Joshua D. Wolson on August 24, 2023. D.I. 225. On October 3, 2023, the parties attended a video conference with the Court. Plaintiffs stated they would seek leave to file an interlocutory appeal under § 1292(b). Defendant's counsel agreed an interlocutory appeal was appropriate, noting the important legal issues involved.

## ARGUMENT

### I.    ADDRESSING THE COURT'S OCTOBER 3, 2023 ORDER

The Court asked "a) whether the Plaintiffs filed a petition for permission to appeal the denial of class certification pursuant to Fed. R. Civ. P. 23(f); b) whether the appeal that Plaintiffs

---

[1] As used herein, documents filed in 1:12-md-02358-JDW are referred to with the prefix "D.I." Documents filed with the Third Circuit in 23-2377 are referred to with the prefix "Dkt."

filed July 28, 2023 (D.I. 222) constituted a petition for permission to appeal under Fed. R. Civ. P. 23(f); and c) if Plaintiffs did not file a petition for permission to appeal under Fed. R. Civ. P. 23(f), whether that Rule's 14-day time limit for petitions for leave to appeal forecloses an appeal under 28 U.S.C. § 1292(b)." D.I. 227.

### A. Whether Plaintiffs Filed a Petition for Permission to Appeal Denial of Class Certification Pursuant to Rule 23(f)

Plaintiffs did not file a petition for permission to appeal the July 10 Order under Rule 23(f). Nor were Plaintiffs required to do so, as discussed below.

### B. Whether Appeal Filed July 28, 2023 Constituted a Petition for Permission to Appeal Under Rule 23(f)

Here, again, the answer is "No." Rule 23(f) has a 14-day requirement for petitioning an appeals court following denial of class certification. As discussed below, Plaintiffs chose not to seek that Rule-based appeal, but to seek appeal under the alternative statutory route of § 1292(b).

### C. Whether Rule 23(f)'s 14-Day Time Limit Forecloses an Appeal Under 28 U.S.C. § 1292(b)

A litigant seeking interlocutory appeal of an order granting or denying class certification has two options. Using the Rule-based option, a litigant may file "a petition for permission to appeal with the circuit clerk within 14 days after the order is entered . . . ." Fed. R. Civ. P. 23(f). Alternatively, under the statutorily-based option, a litigant may file a motion with the district court, showing that the requirements of § 1292(b) have been satisfied, and asking the district court to certify the order for appeal. Here, Plaintiffs opted to pursue relief under § 1292(b).

#### 1. *Textual analysis shows independent paths*

Nothing in Rule 23(f)'s text states that the rule is the exclusive route to interlocutory appeal. No language in Rule 23(f) even mentions § 1292(b). Had Rule 23(f) been intended to displace § 1292(b) for interlocutory appeals of class certification orders, the Rule's drafters knew

how to say so. They did not. Similarly, § 1292(b), enacted before the 1998 adoption of Rule 23(f) and applying generally to interlocutory orders, has never been amended to mention Rule 23(f). Textually, both the rule and statute provide independent alternative routes to interlocutory appeal.

> 2. *Rule 23(f) advisory committee notes confirm 28 U.S.C. § 1292(b) is available for interlocutory appeal of class certification rulings*

The Advisory Committee Notes to Rule 23(f) do not state that Rule 23(f) displaces the statutory path to interlocutory appeal under § 1292(b). To the contrary, the Advisory Committee Notes confirm that Rule 23(f) was not intended to supplant the statutory basis for interlocutory appeal. *See* Fed. R. Civ. P. 23(f) advisory committee notes to 1998 amendment (discussing appellate court's "unfettered discretion whether to permit the appeal," and stating: "This discretion suggests an analogy to the provision in 28 U.S.C. § 1292(b) for permissive appeal on certification by a district court. Subdivision (f), however, departs from the § 1292(b) model in two significant ways."); *id.* (discussing "changes . . . in the published Committee Note. (1) References to 28 U.S.C. § 1292(b) interlocutory appeals were revised to dispel any implication that the restrictive elements of § 1292(b) should be read into Rule 23(f).").

Rule 23(f)'s Advisory Committee Notes state that "[t]his permissive interlocutory appeal provision is adopted under the power conferred by 28 U.S.C. § 1292(e)." *Id.* That latter provision authorizes the "Supreme Court [to] prescribe rules . . . to provide for an appeal of an interlocutory decision to the courts of appeals that is not otherwise provided for . . . ." 28 U.S.C. § 1292(e). However, it is clear that before Rule 23(f)'s enactment, courts viewed § 1292(b) as "providing for" interlocutory appeal of class certification orders. *See, e.g.*, *Microsoft Corp. v. Baker*, 582 U.S. 23, 30 (2017) (before Rule 23(f), "parties had to survive § 1292(b)'s two-level inspection"); *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 752 (3d Cir. 1974) ("[I]f there is any route open for the interlocutory review of the grant of class action treatment under Rule 23(b)(3)

in this circuit, it is only pursuant to 28 U.S.C. § 1292(b).”); *Marisol A. v. Giuliani*, 126 F.3d 372,

374 n.1 (2d Cir. 1997) (“[D]istrict court initially certified for immediate appeal pursuant to 28

U.S.C. § 1292(b) that portion of its order certifying the class.”); *Mace v. Van Ru Credit Corp.*,

109 F.3d 338, 340 (7th Cir. 1997) (“[D]istrict court has certified an interlocutory appeal [of order

denying class certification] pursuant to 28 U.S.C. § 1292(b), to which we have assented.”); *In re*

*Ford Motor Co. Bronco II Prod. Liab. Litig.*, No. Civ. A. MDL 991, 1997 WL 191488, at *5

(E.D. La. Apr. 17, 1997) (ruling on § 1292(b) motion for interlocutory appeal of “orders rejecting

the proposed settlement and denying class certification”); *see also Panache Broad. of Pa., Inc. v.*

*Richardson Elec., Ltd.* (“*Panache*”), No. 90 C 6400, 1999 WL 1024560, at *5–6 (N.D. Ill. Oct.

29, 1999) (noting some courts found § 1292(b) appeals of class certification orders inappropriate

because such orders are discretionary and often involve factual, not legal, questions, but deciding

interlocutory appeal was nonetheless appropriate under § 1292(b)).

     Accordingly, § 1292(b) did “provide for” interlocutory appeals of class certification

orders before Rule 23(f)’s enactment. The Advisory Committee Note indicating Rule 23(f) was

enacted under § 1292(e)’s authority to authorize interlocutory appeals “not otherwise provided

for” in § 1292 can only be understood to mean that Rule 23(f) provided a direct alternative to the

already existing statutory route to interlocutory appeal of class certification orders.

        3.  *Case law supports independent and alternative routes to interlocutory appeal*
            *of class certification decisions*

     Relatively few cases, and none from Third Circuit courts, appear to squarely address the

interplay of Rule 23(f) and § 1292(b) or whether Rule 23(f) removes class action orders from §

1292(b)’s interlocutory scope. But cases have held that Rule 23(f) and § 1292(b) are not mutually

exclusive and that a litigant has the option to proceed under either the Rule 23(f) procedure or

the § 1292(b) process.

*Boca Raton Community Hospital, Inc. v. Tenet Healthcare Corp.* ("*Boca Raton*"), No. 05-80183, 2006 WL 8435096 (S.D. Fla. Dec. 28, 2006), met the issue head-on. The court rejected defendant's argument that plaintiff's § 1292(b) appeal from an order denying class certification "should be denied because . . . 28 U.S.C. § 1292(b) no longer authorizes a district court to certify a class order for interlocutory appeal due to the promulgation of Fed. R. Civ. P. 23(f)." *Id.* at *1. The defendant contended "that Rule 23(f) effectively abrogates § 1292(b) as far as class certification orders are concerned." *Id.* Refuting that argument, the court said it could "find no authority so holding" and noted that, "[i]n fact, at least one circuit court points in the opposite direction." *Id.* (citing *Bates v. UPS, Inc.*, 465 F.3d 1069, 1076 n.5 (9th Cir. 2006)).[2]

In *Bates*, the Ninth Circuit rejected the argument that an appeal of the denial of a motion for class decertification under 28 U.S.C. § 1292(a)(1), which permits interlocutory appeals of injunction orders, was improper because defendant had not petitioned for review of that decision within the deadline imposed by Rule 23(f). "Nothing within the language of the Rule 23(f), its authorizing statute (28 U.S.C. § 1292(e)), or its history indicates that it is meant to provide the exclusive route to obtaining appellate review or to impose time limits on interlocutory appeals proper under other statutory provisions." *Bates*, 465 F.3d at 1076 n.5 (citing *Chamberlan v. Ford Motor Co.*, 402 F.3d 952, 957 (9th Cir. 2005) ("surveying the purposes of Rule 23(f)"); *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 833–35 (7th Cir. 1999) ("surveying the history of Rule 23(f) and observing that it was meant to expand appellate jurisdiction")); *see also Sanford v. MemberWorks, Inc.*, 483 F.3d 956, 962 n.7 (9th Cir. 2007) (Rule 23(f) is not "meant to provide the exclusive route to obtaining appellate review or to impose time limits on appeals proper

---

[2] On rehearing *en banc*, *Bates* was vacated in part, reversed in part, and remanded on other grounds. 511 F.3d 974 (9th Cir. 2007).

under other statutory provisions"); *Barber v. Human Contract, LLC*, No. 09-964-VBF, 2009 WL 10675490, at *1 n.1 (C.D. Cal. Oct. 22, 2009) (rejecting argument that appeal under § 1292(b) was "an improper attempt to circumvent the 10-day limit set forth in [Rule] 23(f) for direct appeals of orders denying class certification," and noting "[t]his approach . . . does not appear to be followed in the Ninth Circuit"); *Panache*, 1999 WL 1024560, at *2 ("The issue here is whether Rule 23(f) somehow supercedes [sic] § 1292(b). There is no authority we can find suggesting that Rule 23(f) was meant to have such an effect, and [defendant] makes a convincing argument that it should not implicitly abrogate § 1292(b). As [defendant] notes, Rule 23(f) was enacted to expand the ways for taking an interlocutory appeal, and it contains a different structure and procedure than § 1292(b). . . . [W]e reject any argument that Rule 23(f)'s ten-day time limitation should apply here.").[3]

Other courts, including the Third Circuit, have confirmed, both directly and indirectly, that Rule 23(f) and § 1292(b) offer alternative choices for obtaining interlocutory appeal. *See, e.g.*, *Gutierrez v. Johnson & Johnson*, 523 F.3d 187, 191 (3d Cir. 2008) ("This Court has the discretion to grant the petition for interlocutory review under Rule 23(f) and 28 U.S.C. § 1292."); *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 163 (3d Cir. 2001) ("[Rule 23(f)] is modelled on Section 1292(b), but differs in significant respects from that device . . . ." (quotation omitted)); *Henson v. Fid. Nat'l Fin., Inc.*, 943 F.3d 434, 448 (9th Cir. 2019) ("Plaintiffs had a choice about which procedure to use: . . . petitioning the district court to certify the interlocutory order for appeal pursuant to 28 U.S.C. § 1292(b), requesting permission to file an interlocutory appeal under Federal Rule of Civil Procedure 23(f), or proceeding on

---

[3] *Richardson Elec., Ltd. v. Panache Broad. of Pa., Inc.* ("*Richardson*"), 202 F.3d 957 (7th Cir. 2000), discussed *infra*, reaches a different conclusion, but is not controlling as a matter of precedent or persuasive as a matter of logic.

[plaintiff's] individual claim and again requesting class certification at a later stage."); *Anderson Living Tr. v. WPX Energy Prod., LLC*, 904 F.3d 1135, 1139–40 (10th Cir. 2018) ("Named plaintiffs seeking appellate review of an order denying class certification have three options. First, they may litigate 'their individual claims on the merits to final judgment,' and then appeal the order denying class certification under 28 U.S.C. § 1291. . . . Second, named plaintiffs may pursue an interlocutory appeal under 28 U.S.C. § 1292(b)'s two-step process. . . . Third, they may petition the court of appeals for review under Fed. R. Civ. P. 23(f)." (citations omitted)).

Some other courts have found that seeking interlocutory appeal under § 1292(b) is unnecessary, given Rule 23(f)'s availability, without saying that the latter precludes the former. *See, e.g.*, *Abarca v. Werner Enters., Inc.*, No. 8:14CV319, 2018 WL 10229729, at *2 (D. Neb. May 21, 2018) ("[C]ertification for appeal pursuant to 28 U.S.C. § 1292(b) of an order denying a motion for class certification is unnecessary because Rule 23(f) 'permits interlocutory appeals' from such orders within the discretion of the appellate court." (citing *Sanft v. Winnebago Indus., Inc.*, 214 F.R.D. 514, 527 n.9 (N.D. Iowa 2003)))[4]; *Hartley v. Suburban Radiologic Consultants, Ltd.*, No. 11-2664, 2013 WL 5566255, at *1 (D. Minn. Oct. 8, 2013) ("Because Rule 23(f) empowers the court of appeals to determine the propriety of an appeal from a district court's order granting a motion for class certification, the Court will not consider certifying the order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b)."); *but see Allen v. City of N.Y.*, No. 19-cv-

---

[4] *Sanft*'s actual language confirms that the court did not view Rule 23(f) as implicitly foreclosing interlocutory appeals under § 1292(b) in the class action setting: "Given the closeness of the question, the court would ordinarily have certified this order denying class certification for immediate appeal pursuant to 28 U.S.C. § 1292(b). However, such action is unnecessary here because Federal Rule of Civil Procedure 23(f) permits interlocutory appeals from orders granting or denying class certification if application is made within 10 days from the date of the order." *Sanft*, 214 F.R.D. at 527 n.9. Saying certification under the statute is "unnecessary" differs dispositively from saying certification under the statute is impermissible.

3786, 2023 WL 171402, at *2 n.3 (S.D.N.Y. Jan. 12, 2023) ("Although Rules 23(f) and 54(b) do not grant district courts authority to permit appeals from the denial of class certification, 28 U.S.C. § 1292(b) does.").

In what appears to be the minority view, the Seventh Circuit stated, in *dicta*, that "it seems to us that when a class-certification order is an arguable candidate for a Rule 23(f) appeal, the appellants may not use section 1292(b) to circumvent the 10-day limitation in Rule 23(f)." *Richardson*, 202 F.3d at 959. The court further said, "district judges should not, and we shall not, authorize appeal under 28 U.S.C. § 1292(b) when appeal might lie under Rule 23(f)." *Id.* Other courts in the Seventh Circuit have repeated that language. *See McReynolds v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 672 F.3d 482, 486 (7th Cir. 2012); *Barner v. City of Harvey*, No. 95 C 3316, 2004 WL 2092009, at *6 (N.D. Ill. Sept. 15, 2004).

In *Mussat v. IQVIA, Inc.*, No. 17 C 8841, 2019 WL 3423661, at *1 (N.D. Ill. Feb. 20, 2019), the plaintiff sought appeal under § 1292(b) and Rule 23(f). Although it approvingly noted *Richardson*'s statement that § 1292(b) should not be utilized when appeal is available under Rule 23(f), the court noted that "[d]ifferent courts have danced around the interplay between § 1292(b) and Rule 23(f), including the Seventh Circuit in [*Richardson*], which declined to 'consider whether Rule 23(f) may actually supersede section 1292(b) in the area of their overlap. . . .'" *Id.* at *1–2. Focusing primarily on the procedural knot created by dual appeals under Rule 23(f) and § 1292(b), *Mussat* noted that "some circuits have 'granted both the § 1292(b) and Rule 23(f) applications and consolidated the appeals.'" *Id.* at *2 (quoting *Johnson v. W. Pub. Corp.*, 504 F. App'x 531, 535 (8th Cir. 2014)). However, *Mussat* went on to say that, for efficiency purposes, a "better course to chart is to recognize that 'Rule 23(f) curtails the operation of § 1292(b) as a matter of law,' at least to the extent that a court of appeals' granting of a 23(f) petition moots a

8

pending [§] 1292(b) motion in the district court." *Id.* (quoting *Richardson*, 202 F.3d at 959). In short, *Mussat* did not say, because *Richardson* did not hold, that Rule 23(f) eliminates § 1292(b) appeals from class certification orders.

*Richardson* is far too weak a reed on which to hang a ruling that Rule 23(f) trumps § 1292(b) in the class action context. First, no Third Circuit case appears to endorse *Richardson*. Second, a number of cases, discussed *supra*, reject *Richardson*. Third, *Richardson* did not analyze the text or history of the two provisions, and Rule 23(f)'s Advisory Committee Notes neither state nor suggest any intent of making § 1292(b) appeals unavailable for class action orders. Fourth, *Richardson* did not address Rule 23(f)'s purpose of expanding the availability of interlocutory appeals of class action orders, a purpose at odds with eliminating § 1292(b)'s route to such appeals. Fifth, *Richardson* does not recognize that leaving § 1292(b) available for appeals from class action orders, despite Rule 23(f)'s availability, will not open the proverbial floodgates to such appeals because of the statutorily-restricted nature of § 1292(b) appeals. Sixth, as shown by a district court (*Mussat*) in the Seventh Circuit from which *Richardson* came, *Richardson*'s statement is *dicta*, part of its "danc[ing] around the interplay between § 1292(b) and Rule 23(f)"; *Richardson* did not actually "consider whether Rule 23(f) may actually supersede section 1292(b) in the area of their overlap . . . ." *Id.* at *2. Seventh, as *Boca Raton* stated, "the *Richardson* court did not state that a district court should never consider certifying a class ruling under § 1292(b). In fact, the court anticipated the case where a party might be able to seek an appeal under both the statute and the rule, or where a party might only be able to seek appeal under that statute [§ 1292(b)] but not the rule." *Boca Raton*, 2006 WL 8435096, at *1. However, *Boca Raton* said, putting litigants to the task of trying to discern whether both or only one of the Rule 23(f) or § 1292(b) options is correct is improper in this "unsettled" area of the

law. *Id.* Eighth, *Richardson*'s proposed solution to the would-be appellant's conundrum – that the appellant "protect himself by seeking the district judge's permission to take a [§] 1292(b) appeal at the same time that the appellant asks us to entertain his appeal under [Rule] 23(f)," *Richardson*, 202 F.3d at 959 – creates a procedural morass of likely conflicting decision dates, and, contrary to the purpose of streamlining interlocutory appeals so as to avoid delay and inefficiency, bogs down the process in parallel and potentially conflicting appeals that will likely be decided at different times. Indeed, Rule 23(f) provides that an appeal will not "stay proceedings in the district court unless the district judge or the court of appeals so orders."

The Supreme Court has not spoken directly on this issue. In *Microsoft*, 582 U.S. 23,[5] plaintiff-appellants sought Rule 23(f) review of a certification order that the Ninth Circuit denied. *Id*. at 26. After that denial, plaintiffs voluntarily dismissed the case and appealed the denial as a final order. *Id.* at 27. The Supreme Court held that dismissal did not qualify as a final decision under 28 U.S.C. § 1291. *Id*. In a concurring opinion Justice Thomas, joined by Chief Justice Roberts and Justice Alito, said the proper rationale for denying appellate relief was that no Article III case or controversy remained after voluntary dismissal, stating the rule that "a party may not appeal from the voluntary dismissal of a claim, since the party consented to the judgment against it." *Id*. at 45 (Thomas, J., concurring).

Similarly the plaintiffs in *Nutraceutical Corp. v. Lambert*, 139 S. Ct. 710, 714 (2019), opted for a Rule 23(f) appeal but failed to perfect their appeal within the time limit. A unanimous Supreme Court held that equitable tolling did not apply, but did not discuss the interplay between

---

[5] Following the Supreme Court's *Microsoft* decision, the Tenth Circuit cited *Microsoft* when it determined that Rule 23(f) and § 1292(b) serve as alternative paths to interlocutory review and the court did not read *Microsoft* as limiting § 1292(b) appellate review in class cases. *See Anderson Living Tr.*, 904 F.3d at 1144–45; *see also Henson*, 943 F.3d at 448 (citing *Microsoft* and finding Rule 23(f) and § 1292(b) to be alternative options to interlocutory review).

Rule 23(f) and § 1292(b) other than noting that Rule 23(f) was a procedural claim processing rule that could be waived. *Id*. at 713–14.

The weight of authority, set out above, confirms Rule 23(f) does not supplant § 1292(b).

4. *Rule 23(f) expands, rather than limits, the right to seek an interlocutory appeal of a class certification order*

By eliminating the two-step process under § 1292(b), and providing "unfettered discretion" to the appellate court to decide whether to permit an interlocutory appeal, Rule 23(f) plainly widened the road for class action litigants to seek interlocutory review. *See Blair*, 181 F.3d at 833–35 (surveying the history of Rule 23(f) and observing that it was meant to expand appellate jurisdiction); *see also Chamberlan*, 402 F.3d at 959 ("Rule 23(f) expands opportunities to appeal certification decisions"). It is inconsistent with that expansive purpose to read extra-textual exclusivity into Rule 23(f) and preclude use of the statutory interlocutory appeal process that § 1292(b) provides.

## II.    INTERLOCUTORY APPEAL IS WARRANTED UNDER 28 U.S.C. § 1292(b)

A district judge may permit the appeal of an order before final judgment under § 1292(b) if it involves (1) a "controlling question of law," (2) for which there is "substantial ground for difference of opinion," and (3) which may "materially advance the ultimate termination of the litigation" if appealed immediately. 28 U.S.C. § 1292(b). Each element must be met and the movant bears the burden of showing "exceptional circumstances" justifying a departure from the final judgment rule. *Knipe v. SmithKline Beecham*, 583 F. Supp. 2d 553, 599 (E.D. Pa. 2008).

### A. Controlling Questions of Law Exist

A controlling question of law is one that, "if erroneous, would be reversible error on final appeal," or is "serious to the conduct of the litigation, either practically or legally." *Katz*, 496 F.2d at 755.

1.  *Permissibility of Rule 23(b)(2) settlement with damages release*

The Court denied final settlement approval under Rule 23(b)(2) because the class was "not an injunctive class and instead seeks to extinguish the monetary claims of all class members." D.I. 219 at 20. The Court's ruling as to the Rule 23(b)(2) settlement and certification is a "controlling question of law." It is further "serious to conduct of the litigation, either practically or legally." *Katz*, 496 F.2d at 755. The precise controlling question is whether a class receiving *ex ante cy pres* relief [6] and releasing damages claims is a properly certifiable class for Rule 23(b)(2) purposes. For the reasons cited below, Plaintiffs believe it is.

a.  Whether Plaintiffs' proposed class is proper for Rule 23(b)(2) purposes

The Court's ruling that the settlement class is "not an injunctive class," D.I. 219 at 20, was incorrect under the Third Circuit's ruling in this very case. *In re Google Inc. Cookie Placement Consumer Privacy Litig.* ("*Google II*"), 934 F.3d 316, 328 (3d Cir. 2019). In *Google II*, the court stated: "[W]e see no reason why a *cy pres*-only (b)(2) settlement that satisfies Rule 23's certification and fairness requirements could not 'belong' to the class *as a whole*, and not to individual class members as monetary compensation." *Id.* The *cy pres* relief in the proposed settlement here aligns completely with proper Rule 23(b)(2) injunctive relief because, as *Google II* recognized, it belongs indivisibly to the "class as a whole." *Id.*

Further, *Google II* said a *cy pres*-only settlement "accords with the purpose of the Rule 23(b)(2) class structure. . . . [A] single, indivisible injunctive or declaratory remedy . . . [that] will provide relief to all class members equally." *Id.* (quotation omitted). Further confirming the settlement's propriety under Rule 23(b)(2), the Second Circuit recently cited *Google II* in support of the proposition that a settlement such as the one at issue here "is more accurately described as

---

[6] The class also received relief through Google's agreement to expire the allegedly offending cookies that facilitated the challenged tracking.

a mandatory injunction to establish or contribute to a selected organization than as a refashioning of monetary relief." *Hyland v. Navient Corp.*, 48 F.4th 110, 119 n.2 (2d Cir. 2022) (quoting *Google II* in support of proposition that "certifying a Rule 23(b)(2) class where the *cy pres* award was 'never intended to compensate class members monetarily' but instead served as equitable relief that 'enhance[d] the settlement's deterrent effect'").

A Rule 23(b)(2) class in a case like this one is neither novel nor problematic. *See Chi. Teachers Union, Local No. 1 v. Bd. of Educ. of City of Chi.*, 797 F.3d 426, 441 (7th Cir. 2015) ("Colloquially, [Rule] 23(b)(2) is the appropriate rule to enlist when the plaintiffs' primary goal is not monetary relief, but rather to require the defendant to do or not do something that would benefit the whole class."). Whether a true injunctive class exists here is a "controlling question of law," because the district court's finding otherwise was, "serious to the conduct of the litigation" both "practically [and] legally," *Katz*, 496 F.2d at 755, and seems inconsistent with the Third Circuit's view of an appropriate Rule 23(b)(2) class. The district court's characterization of the Rule 23(b)(2) class as not a "true Rule 23(b)(2) injunctive class," D.I. 219 at 12–13, is erroneous under the *Google II* and *Hyland* analysis. Obviously, the issue is "serious to the conduct of the litigation" – it was a central basis for the district court's ruling. No close record analysis is needed – the issue is a cleanly defined legal matter.

b.  Whether damages release is a bar to Rule 23(b)(2) certification

The Court's second reason for denying final settlement approval under Rule 23(b)(2) was the damages release. Plainly this issue, central to the Court's analysis, was "serious to the conduct of the litigation" both "practically [and] legally." *Katz*, 496 F.2d at 755.

First, only two California state-law invasion of privacy claims remain in the case, as to which both proving damages and obtaining litigation class certification would have been difficult. *See Weinberger v. Kendrick*, 698 F.2d 61, 75–76 (2d Cir. 1982) (in case where "success

as to the prosecution of [the] claims" was "very remote," court should ordinarily "have no difficulty in affirming the approval of the settlement"). Second, Plaintiffs are not aware of any class member seeking to litigate either of those claims. Third, the putative class received extensive, Rule 23(b)(3)-quality notice, not once, but twice. D.I. 167-5, 210-5. Fourth, the damages release was confined only to claims that were or could have been brought in the litigation. D.I. 210-2, Ex. A, § 2.25. Fifth, and perhaps most importantly here, a damages release is permissible in a Rule 23(b)(2) settlement, provided that class members are provided with Rule 23(b)(3)-quality notice and the opportunity to opt-out.

The damages release issue is a "controlling question of law" for the same reasons the propriety of the Rule 23(b)(2) class is. More specifically, whether a damages release in a Rule 23(b)(2) class is proper is a legal question, not dependent on an analysis of the record. Such a release is proper, as a matter of case law and the Court's broad class action case management discretion, as long as the "best practicable notice" is provided, class members have the right to opt-out, and the scope of the release is coterminous with the claims that were or could have been brought in the underlying litigation. The district court's finding otherwise was error.

2. *Whether two-tiered ascertainability test applies to Rule 23(b)(3) settlement class*

Patently "serious to the conduct of the litigation" both "practically [and] legally," *Katz*, 496 F.2d at 755, is the controlling question of law of whether the Third Circuit's two-tiered application of the implicit Rule 23 "ascertainability" requirement (class defined by objective criteria and administrative feasibility of identifying individual class members) for Rule 23(b)(3) class certification applies in the settlement context, as the district court concluded. D.I. 219 at 13 n.5. Underscoring the issue's importance, Rule 23's implicit "ascertainability" requirement received a great deal of attention in this case. *See, e.g.*, D.I. 200–203. No study of the record is

14

required – whether the administrative feasibility prong of ascertainability applies in the settlement context is purely a legal question. As discussed below, the Third Circuit has already indicated that the administrative feasibility test is not required for settlement class certification, and the district court's ruling otherwise was erroneous. The district court did not explain what changed, legally or factually, between its order granting preliminary settlement approval, in which the Court found that "the portions of the Third Circuit's ascertainability inquiry that are relevant to a settlement class" had "been met," D.I. 203 at 1–2, and its order on final settlement approval saying they had not. D.I. 219 at 14–20.

### B.  Substantial Ground for Difference of Opinion

#### 1.  _Substantial ground regarding proper Rule 23(b)(2) class_

On the "controlling question of law" of whether Plaintiffs had proposed a proper Rule 23(b)(2) class, the "substantial ground for a difference of opinion" appears starkly between the Court's finding that the proposed class was not an injunctive class, D.I. 219 at 20, and the Third Circuit's statements in _Google II_ showing that a proper Rule 23(b)(2) class was present because _ex ante cy pres_ relief is the functional equivalent of Rule 23(b)(2) relief, as discussed above.

#### 2.  _Substantial ground regarding propriety of damages release in Rule 23(b)(2) class_

On the "controlling question of law" of whether the proposed Rule 23(b)(2) class was uncertifiable and the settlement not approvable because of the damages release, numerous cases show that "substantial ground for difference of opinion" exists. _See, e.g._, _In re Nat'l Coll. Athletic Ass'n Student-Athlete Concussion Injury Litig._, 314 F.R.D. 580, 600 (N.D. Ill. 2016) (approving Rule 23(b)(2) settlement with damages release; "[C]an a settlement class that is certified under Rule 23(b)(2) release its rights to seek certification of their individual damages claims under Rule 23(b)(3)? Given the particular circumstances of this case, . . . the Court

concludes that it can."); *see also Robinson v. Metro-N. Commuter R.R. Co.*, 267 F.3d 147, 166 (2d Cir. 2001) ("[A]ny due process risk posed by (b)(2) class certification of a claim for non-incidental damages can be eliminated by the district court simply affording notice and opt out rights to absent class members . . . .").

Finally, as the district court noted, "the Third Circuit [in *Google II*] did not decide 'whether a defendant can ever obtain a class-wide release of claims for money damages in a Rule 23(b)(2) settlement.'" D.I. 219 at 14 (quoting *Google II*, 934 F.3d at 329). This is not an issue for which a clearly established legal rule precludes a finding of "substantial ground for difference of opinion." 28 U.S.C. § 1292(b). Ultimately, whether final settlement approval should be awarded in precisely this sort of case, with a huge number of difficult-if-not-impossible-to-identify class members with damages that are difficult to prove, a defendant prepared to argue no damages were incurred, and a defendant agreeing to provide substantial funds to advance the precise goals of the litigation – the undeniable equivalent of Rule 23(b)(2) relief – is a question that arises from the contradictions between the Third Circuit's opinion in *Google II* and the July 10 Order.

### 3. *Substantial ground regarding whether the Third Circuit's two-tiered ascertainability test applies in the settlement context*

In briefing and at oral argument, the parties extensively addressed the question of whether the Third Circuit's two-tiered ascertainability requirement applied in the settlement context. *See, e.g.*, D.I. 200–203. In supplemental briefing following the second preliminary approval hearing, D.I. 202 at 2–4, the parties jointly argued that the "administrative feasibility" prong of the Third Circuit's ascertainability test is a "manageability" concern, that manageability issues are irrelevant in the class action settlement context, and discussed numerous Third Circuit cases dealing with the ascertainability requirement, including, *inter alia*, *In re Comcast Corp. Set-Top Cable Television Box Antitrust Litig.* ("*Comcast*"), 656 F. App'x 8 (3d Cir. 2016) (non-

precedential). In *Comcast*, the Third Circuit correctly reversed a district court's rejection of a class settlement because "the District Court erred in denying certification to the proposed Settlement Class on the ground that the class was not ascertainable . . . ." *Id.* While noting that *Comcast* is non-precedential and that it was "undisputed [in *Comcast*] that the district court erred in denying certification based on a lack of ascertainability," D.I. 219 at 16, the district court emphasized that because *Comcast* "provides no supporting reasoning for" its conclusion that administrative feasibility is "'not implicated by this case, because the settlement agreement removes the need for a trial,'" *id.* at 17 (quoting *Comcast*, 656 F. App'x at 9), *Comcast*'s "persuasive value must be discounted." *Id.*

But no reason exists to believe the Third Circuit in *Comcast* would have ruled differently on the baseline principle that the ascertainability requirement's administrative feasibility prong was inapplicable in the settlement context had the issue been contested. The target in *Comcast* was abundantly clear: the district court's conclusion that "[t]he Settlement Class is not ascertainable because Plaintiffs do not have a reliable and administratively feasible mechanism for determining whether putative class members fall within the class definition." *In re Comcast Corp. Set-Top Cable Television Box Antitrust Litig.*, 311 F.R.D. 145, 152 (E.D. Pa. 2015). Bedrock law teaches that ascertainability is located in Rule 23's manageability and superiority inquiry, and such inquiries fall away in the settlement context. *See* D.I. 202 at 1–4. The district court relied on *In re Niaspan Antitrust Litig.*, 67 F.4th 118 (3d Cir. 2023), for its finding that failure to satisfy the administrative feasibility prong precluded settlement class certification. D.I. 219 at 15. But that case involved a *litigation* class, said nothing about the applicability of the administrative feasibility requirement to settlement class ascertainability, and itself stated that the administrative feasibility inquiry is located within the manageability/superiority inquiry under

Rule 23. *See Niaspan*, 67 F.4th at 133 (citing cases). Further, the agreement of the *Comcast* parties that administrative feasibility did not apply in the class settlement context further supports the conclusion that "substantial ground for difference of opinion" exists.

Clearly showing that "substantial ground for difference of opinion" exists on the propriety of applying administrative feasibility to settlement class certification, Third Circuit judges themselves have questioned the legitimacy of the administrative feasibility requirement. *See, e.g.*, *In re Santa Fe Nat. Tobacco Co. Mktg. & Sales Practices & Prods. Liab. Litig.* ("*Santa Fe*"), No. MD 16-2695, 2023 WL 6121894, at *106 (D.N.M. Sept. 19, 2023) ("Judges within the Third Circuit have echoed the Seventh Circuit's concerns that requiring plaintiffs to meet an administrative feasibility requirement 'undermines the "very core" of cases that the class action device was designed to bring to court . . . .'" (quoting *City Select Auto Sales Inc. v. BMW Bank of N. Am. Inc.*, 867 F.3d 434, 444 (3d Cir. 2017) (Fuentes, J., concurring))); *id.* at *103 ("suggesting that the Third Circuit eliminate the administrative feasibility prong" (citing *Byrd v. Aaron's Inc.*, 784 F.3d 154, 177 (3d Cir. 2015) (Rendell, J., concurring))). Dissenting from the Third Circuit's denial of a petition for *en banc* rehearing in *Carrera v. Bayer Corp.*, 727 F.3d 300 (3d Cir. 2013), one of the seminal Third Circuit cases establishing the administrative feasibility requirement, Judge Ambro – the author of another of those seminal cases, *Marcus v. BMW of N. Am., LLC*, 687 F.3d 583 (3d Cir. 2012) – said that he "believe[s] . . . that *Carrera* goes too far" and cautioned against the "rigid" application of the ascertainability test. *Carrera v. Bayer Corp.*, No. 12-2621, 2014 WL 3887938, at *2–3 (3d Cir. 2014) (Ambro, J., dissenting).

If any doubt remained whether "substantial ground for difference of opinion" exists concerning the district court's reliance on a free-standing administrative feasibility requirement to reject the final settlement approval, a "growing consensus" of federal appellate courts have

18

rejected the Third Circuit's administrative feasibility component of ascertainability. *See Santa Fe*, 2023 WL 6121894, at \*103–04 (discussing cases from the Second, Sixth, Seventh, and Eighth Circuits as "declining to adopt an administrative feasibility requirement," and noting that "[t]he Fifth Circuit has applied the administrative feasibility standard in some cases, but not in others"). Similarly, the Ninth Circuit has rejected the Third Circuit's separate administrative feasibility test. *See Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1132–33 (9th Cir. 2017). So has the Eleventh Circuit. *See Rensel v. Centra Tech, Inc.*, 2 F.4th 1359, 1369 (11th Cir. 2021).[7]

### C.  Immediate Appeal May Materially Advance the Ultimate Termination of Case

This prong of § 1292(b)'s test is readily satisfied. If the Third Circuit upholds the district court's ruling that the Rule 23(b)(2) settlement, involving *ex ante cy pres* and affirmative injunctive relief and a damages release, is impermissible as a matter of law because it is not a "true Rule 23(b)(2) injunctive class case," D.I. 219 at 12, that part of the action will be, for all practical purposes, over. Similarly, if the Third Circuit did not mean what it said in *Comcast* and the Rule 23(b)(3) settlement fails because the administrative feasibility prong of the Third Circuit's ascertainability test is unmet, that part of the case ends as well. With only two state law claims remaining, and with uncertain damages, no rational plaintiff is going to pursue litigation. From start to finish, this case has never been, as the district court originally recognized (*see Google II*, 934 F.3d at 324 n.7), about individual monetary damages. Interlocutory appeal will save time for both the court and the parties, and expense to the parties. *See Katz*, 496 F.2d at 755

---

[7] Indeed, the Supreme Court denied a certiorari petition filed by the same objector as in this case from a final settlement approval in *In re Google Inc. Street View Electronic Communications Litig.*, No. 10-md-02184 (N.D. Cal.), which involved an *ex ante cy pres* settlement, damages release, and concerned the ascertainability issue. *Lowery v. Joffe*, No. 21-1535, 143 S. Ct. 107 (Oct. 3, 2022).

("[O]n the practical level, saving time of the district court and of expense to the litigants was deemed by the sponsors [of § 1292(b)] to be a highly relevant factor.").

### D.  The Request for Interlocutory Appeal is Timely

28 U.S.C. § 1292(b) interposes no express timeliness requirement other than that, after the district court finds that the statutory requirements for an interlocutory appeal have been met, Plaintiffs make application to the Court of Appeals within ten days. Courts within the Third Circuit have held that there is no statutory time requirement in which to make a § 1292(b) motion and out-of-circuit case law on how those circuits "exercise powers that are purely discretionary" are "of minimal value." *Lutch v. Huffy Corp.*, No. Civ. A 04-66J, 2006 WL 2546945, at *5 n.2 (W.D. Pa. Sept. 1, 2006) ("How [the Seventh Circuit] chooses to exercise its discretionary review process has nothing to do with whether this Court should permit [plaintiff] to seek an interlocutory appeal to the U.S. Court of Appeals for the Third Circuit."). Here, Plaintiffs did not unduly delay in making their motion, especially in light of intervening events since the issuance of the July 10 Order, including the reassignment of this case to a new judge and the parties' attempts to explore whether a revised settlement was possible.

### CONCLUSION

All requirements under § 1292(b) are met and Rule 23(f) creates no bar to this petition. An appellate ruling on the key legal questions at issue will undoubtedly help promote a speedier resolution of this decade-old litigation and further the ends of justice.

Dated: October 13, 2023

**GRYGIEL LAW, LLC**

*/s/ Stephen G. Grygiel*
Stephen G. Grygiel (DE Bar ID #4944)
127 Coventry Place
Clinton, NY 13323
Tel: 407-505-9463
*stephengrygiel22@gmail.com*

*Executive Committee Member*

**BARTIMUS, FRICKLETON,
and ROBERTSON, P.C.**

*/s/ James P. Frickleton*
James P. Frickleton
11150 Overbrook Road, Suite 200
Leawood, KS 66211
Tel: 913-266-2300
*jimf@bflawfirm.com*

*Executive Committee Member*

Respectfully submitted,

**STRANGE LLP**

*/s/ Brian Russell Strange*
Brian Russell Strange
12100 Wilshire Boulevard, Suite 420
Los Angeles, CA 90025
Tel: 310-207-5055
*brian@strangellp.com*

*Executive Committee Member*

21

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of October 2023, I electronically transmitted the foregoing document to the Clerk of the Court using the CM/ECF System, causing the document to be served on all counsel who are registered as electronic filers in the case.

I further certify that on this 13th day of October 2023, I caused a true and correct copy of the foregoing document to be served by First Class Mail of the United States Postal Service on Dmitrii Mudrechenko, *pro se* objector, 3155 Bluestem Drive, Unit 134, West Fargo, North Dakota 58078.

DATED: October 13, 2023                          */s/ Brian R. Strange*
                                                  Brian Strange