**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE GOOGLE INC. COOKIE PLACEMENT CONSUMER PRIVACY LITIGATION<br><br>This Document Relates to:<br>All Actions | Case No. 12-MD-2358 (JDW) |

**Opposition of Theodore H. Frank**
<u>**to Plaintiffs' Motion for Certification for Interlocutory Appeal**</u>

HAMILTON LINCOLN LAW INSTITUTE
CENTER FOR CLASS ACTION FAIRNESS
Adam E. Schulman (DC Bar # 1001606)
1629 K Street NW, Suite 300
Washington, DC 20006
Tel: 610-457-0856
adam.schulman@hlli.org

*Attorney for Objector Theodore H. Frank*

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................................... i
TABLE OF AUTHORITIES .................................................................................................... ii
NATURE AND STAGE OF THE PROCEEDINGS ....................................................................1
SUMMARY OF THE ARGUMENT ...........................................................................................1
ARGUMENT ................................................................................................................................2
    I.      28 U.S.C. § 1292(b) certification is unavailable because the order was "otherwise appealable" under 1292(e), given Fed. R. Civ. P. 23(f). ......................................................2
    II.     Case law confirms that Plaintiffs cannot use 1292(b) to circumvent the mandatory claims-processing 14-day deadline of Rule 23(f). ..........................................................4
    III.    In the alternative, even if this Court has discretion to certify a 1292(b) interlocutory appeal, it should decline to do so. ..........................................................................6
CONCLUSION .............................................................................................................................9

## TABLE OF AUTHORITIES

Cases

*Bates v. UPS*,
    465 F.3d 1069 (9th Cir. 2006)..................................................................................5-6

*Berni v. Barilla S.P.A.*,
    964 F.3d 141 (2d Cir. 2020).........................................................................................8

*Bohannon v. Allstate Ins. Co.*,
    847 F.2d 740 (11th Cir. 1988) ......................................................................................7

*Byrd v. Aaron's Inc.*,
    784 F.3d 154 (3d Cir. 2015) .....................................................................................5, 6

*Carrera v. Bayer Corp.*,
    727 F.3d 300 (3d Cir. 2013) .....................................................................................8, 9

*Carrera v. Bayer Corp.*,
    2014 WL 3887938, 2014 U.S. App LEXIS 15553 (3d Cir. May 2, 2014) ..................8

*Couch v. Telescope Inc.*,
    611 F.3d 629 (9th Cir. 2010) .....................................................................................7, 8

*Falberg v. Goldman Sachs Grp., Inc.*,
    2020 WL 7695711, 2020 U.S. Dist. LEXIS 242934 (S.D.N.Y. Dec. 28, 2020) .......7-8

*Feidt v. Owens Corning Fiberglas Corp.*,
    153 F.3d 124 (3d Cir. 1998)..........................................................................................3

*Fitzgerald v. Compania Naviera La Molinera*,
    394 F. Supp. 402 (E.D. Tex. 1975)...............................................................................2

*In re Flor*,
    79 F.3d 281 (2d Cir. 1996)............................................................................................8

*Giancana v. Johnson*,
    335 F.2d 366 (7th Cir. 1964).........................................................................................2

*Gibson v. State Farm Mut. Auto. Ins. Co.*,
    994 F.3d 182 (3d Cir. 2021) .........................................................................................2

*In re Google Inc. Cookie Placement Consumer Privacy Litig.*,
    934 F.3d 316 (3d Cir. 2019) .....................................................................................1, 8

*Graber v. Doe*,
    59 F.4th 603 (3d Cir. 2023)...........................................................................................7

*Groves v. United States*,
    941 F.3d 315 (7th Cir. 2019) ..................................................................................................4

*Gutierrez v. Johnson & Johnson*,
    523 F.3d 187 (3d Cir. 2008) .........................................................................................4, 5, 6

*Haas v. Pittsburgh Nat'l Bank*,
    627 F.2d 677 (3d Cir. 1980)......................................................................................................3

*Hecht v. United Collection Bureau*,
    691 F.3d 218 (2d Cir. 2012) ....................................................................................................8

*Jenkins v. BellSouth Corp.*,
    491 F.3d 1288 (11th Cir. 2007) ...........................................................................................4, 6

*Kershner v. Mazurkiewicz*,
    670 F.2d 440 (3d Cir. 1982) (*en banc*) ...................................................................................7

*Lambert v. Nutraceutical Corp.*,
    870 F.3d 1170 (9th Cir. 2017)..................................................................................................5

*Link v. Mercedes-Benz of N. Am., Inc.*,
    550 F.2d 860 (3d Cir. 1977)................................................................................................ 6-7

*Mace v. Van Ru Credit Corp.*,
    109 F.3d 338 (7th Cir. 1997) ...................................................................................................7

*Marcus v. BMW*,
    687 F.3d 583 (3d Cir. 2012)..............................................................................................8, 9

*McReynolds v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
    672 F.3d 482 (7th Cir. 2012) ...................................................................................................4

*Milbert v. Bison Lab'ys*,
    260 F.2d 431, 433 (3d Cir. 1958) (*en banc*).........................................................................6

*Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
    259 F.3d 154 (3d Cir. 2001) ...................................................................................................5

*In re Niaspan Antitrust Litig.*,
    67 F.4th 118 (3d Cir. 2023)......................................................................................................8

*Nutraceutical Corp. v. Lambert*,
    139 S. Ct. 710 (2019) ........................................................................................................2, 4

*Pereira v. Foot Locker, Inc.*,
    2010 WL 300027, 2010 U.S. Dist LEXIS 5845 (E.D. Pa. Jan 26, 2010) ...........................6

*Richardson Elec., Ltd. v. Panache Broad. of Pa., Inc.*,
    202 F.3d 957 (7th Cir. 2000)..................................................................................2, 4, 6

*Robinson v. Metro-N. Commuter R.R. Co.*,
    267 F.3d 147 (2d Cir. 2001) .............................................................................................8

*In re Sensipar Antitrust Litig.*,
    2023 WL 2042880, 2023 U.S. Dist. LEXIS 26322 (D. Del. Feb. 16, 2023) .......................3

*Wal-Mart Stores, Inc v. Dukes*,
    564 U.S. 338 (2011) ..........................................................................................................8

*Waters v. Churchill*,
    511 U.S. 661 (1994) ..........................................................................................................6

*Yost v. Carroll*,
    2022 WL 180153, 2022 U.S. Dist. LEXIS 26322 (N.D. Ill. Jan. 20, 2022) .................. 3-4


Rules and Statutes

28 U.S.C. § 1292(b) ................................................................................................... *passim*

28 U.S.C. § 1292(e) ................................................................................................... *passim*

28 U.S.C. § 1447(d) .............................................................................................................3

D. Del. LR 7.1.2....................................................................................................................1

Fed. R. Civ. P. 23(f)................................................................................................... *passim*


Other Authorities

16 Wright, Miller & Cooper,
    Federal Practice and Procedure § 3929.1 (3d ed. 2020) ............................................2

Kenneth Kilbert,
    *Instant Replay and Interlocutory Appeals*, 69 Baylor L. Rev. 267 (2017) ......................3

Scalia, Antonin & Bryan A. Garner,
    Reading Law: The Interpretation of Legal Texts (2012) ..........................................2

## NATURE AND STAGE OF THE PROCEEDINGS

Class member Theodore H. Frank (*see generally* Declaration of Theodore H. Frank, D.I. 171-1) has twice objected to class certification and accompanying settlement proposals in this case. After his first objection (D.I. 171) was overruled by Judge Robinson, Frank appealed and the Third Circuit reversed settlement approval and certification. *In re Google Inc. Cookie Placement Consumer Privacy Litig.*, 934 F.3d 316 (3d Cir. 2019). On remand, the parties proposed a settlement and certification that was little better—and in some respects even more objectionable—than the initial proposal. *See* D.I. 207. Judge Robreno sustained Frank's objection, refusing to certify the settlement class. D.I. 219, 220. Plaintiffs appealed. D.I. 222. The Third Circuit noted the probable lack of jurisdiction and ordered the Plaintiffs and Frank (designated as an appellee) to respond within two weeks. *In re Google Inc Cookie Placement Consumer Privacy Litig.*, No. 23-2377 (3d Cir. Aug. 3, 2023). Instead, Plaintiffs immediately aborted their appeal.

Plaintiffs now file a motion for certification for interlocutory appeal under 28 U.S.C. § 1292(b). D.I. 228. In accordance with D. Del. LR 7.1.2, objecting class member Frank files this opposition.

## SUMMARY OF THE ARGUMENT

Plaintiffs had an opportunity to take an interlocutory appeal under Fed. R. Civ. P. 23(f), but they missed the appeal deadline by 4 days. When the Third Circuit called the jurisdictional defect to their attention, the Plaintiffs promptly dismissed their appeal rather than defend its jurisdiction. Three months later, they want a do over, asking this Court to certify an interlocutory appeal of Judge Robreno's order under 28 U.S.C. § 1292(b). For several reasons, this Court should decline to do so.

*First*, the text of 1292(b) does not authorize the certification of appeal from any order that is "otherwise appealable." Because the July class certification denial was appealable under 1292(e) and Fed. R. Civ. P. 23(f), 1292(b) certification is unavailable. *See* Section I, *infra*.

*Second*, the 14-day deadline of Rule 23(f) is a mandatory claims-processing rule.

1

*Nutraceutical Corp. v. Lambert*, 139 S. Ct. 710, 714 (2019). As such, courts cannot allow litigants to circumvent it by resorting to 1292(b)'s more general grant of appellate jurisdiction that lacks any statutory deadline. *Richardson Elec., Ltd. v. Panache Broad. of Pa., Inc.*, 202 F.3d 957, 959 (7th Cir. 2000). *See* Section II, *infra*.

*Third*, even if the Court has discretion to grant the 1292(b) certification, it should not do so. Plaintiffs do not demonstrate "substantial ground for difference of opinion" on any legal issue. The July Order is an application of settled Third Circuit law to the facts of this case. *See* Section III, *infra*.

## ARGUMENT

**I.  28 U.S.C. § 1292(b) certification is unavailable because the order was "otherwise appealable" under 1292(e), given Fed. R. Civ. P. 23(f).**

At the outset, Plaintiffs' motion for certification of a 1292(b) interlocutory appeal stumbles on an insuperable textual obstacle: "1292(b) on its face applies only to 'an order not otherwise appealable under' § 1292." 16 Wright, Miller & Cooper, FEDERAL PRACTICE AND PROCEDURE § 3929.1 (3d. ed. 2020). The text of 1292(b) is unambiguous: a predicate for 1292(b) certification is that the order at issue is "not otherwise appealable under this section [*i.e.* § 1292]." Under the "negative implication canon," "the expression of one thing implies the exclusion of others (*expresio unius est exclusio alterius*)." *Gibson v. State Farm Mut. Auto. Ins. Co.*, 994 F.3d 182, 188 (3d Cir. 2021) (quoting Antonin Scalia & Bryan A. Garner, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 107 (2012)). "[A] matter not covered is to be treated as not covered." Scalia & Garner, READING LAW 93. In other words, if the order is appealable under another subsection of 1292, 1292(b) certification is off the table. *Giancana v. Johnson*, 335 F.2d 366, 370 (7th Cir. 1964); *Fitzgerald v. Compania Naviera La Molinera*, 394 F. Supp. 402, 412 (E.D. Tex. 1975).

And this Court's July Order denying settlement class certification was appealable under subsection 1292(e) through Fed. R. Civ. P. 23(f). Indeed, Plaintiffs acknowledge, as they must,

2

that the Supreme Court enacted Rule 23(f) under its 1292(e) power to provide for interlocutory appeals in particular classes of cases. D.I. 228 at 10. And they cannot and do not dispute that they could have appealed the July Order under Rule 23(f) had they followed proper procedures.

Plaintiffs argue that if the Rules Committee meant to displace 1292(b) with Rule 23(f), it would have said so directly in 23(f). *Id.* No, it would not have, because the displacement occurs as a function of 1292(b) itself whenever the Supreme Court acts pursuant to 1292(e).[1] There's nothing unusual about this sort of displacement. It's well established that more specific jurisdictional provisions will "trump[]" the "more general grant of appellate jurisdiction" in 1292(b). *See Feidt v. Owens Corning Fiberglas Corp.*, 153 F.3d 124, 129-30 (3d Cir. 1998) (noting "much authority" that 1292(b) could not be used to circumvent the restrictions of 28 U.S.C. § 1447(d)). Plaintiffs entirely ignore the explicit textual limitation of 1292(b) itself: 1292(b) is only available for an order "not otherwise appealable" under other subsections of 1292.

There is a second textual hurdle that Plaintiffs also do not even attempt to clear: 1292(b) certification authority resides only with the district judge "making" the order at issue—here Judge Robreno. Thus, "[t]he statute implies that the appropriate judge to certify an appeal under section 1292(b) is the judge who entered the order from which the appeal is being taken." *Haas v. Pittsburgh Nat'l Bank*, 627 F.2d 677, 679 (3d Cir. 1980). Recently, Chief Judge Connolly denied 1292(b) certification for precisely this reason: the statute is "plain and unambiguous," it does not authorize one judge to certify the orders made by previous judge. *In re Sensipar Antitrust Litig.*, 2023 WL 2042880, 2023 U.S. Dist. LEXIS 26322, at *11 (D. Del. Feb. 16, 2023). "Although 'judge' is often used interchangeably with 'court,' § 1292 distinguishes between the two terms." *Id.* at *10.; *contra Yost v. Carroll*, 2022 WL 180153, 2022 U.S. Dist. LEXIS 10473, at *6-*7 (N.D. Ill. Jan. 20, 2022) (rejecting "a restrictive, hyper-literal reading of § 1292(b)" as "at odds with the

---

[1] For background, the Supreme Court has only exercised this authority once, with Rule 23(f). Kenneth Kilbert, *Instant Replay and Interlocutory Appeals*, 69 BAYLOR L. REV. 267, 276 (2017).

3

way courts routinely function"). Although the plaintiffs had an opportunity to ask Judge Robreno to certify an interlocutory, they instead took an untimely 1292(e) appeal, and waited to seek certification until the case was reassigned on remand. It is now too late.

The text of 1292(b) does not permit a certification of the order denying settlement class certification.

## II.  Case law confirms that Plaintiffs cannot use 1292(b) to circumvent the mandatory claims-processing 14-day deadline of Rule 23(f).

The impropriety of 1292(b) certification here follows not only from the text of the rule, but from the structure of Rule 23(f) as a "mandatory" claims-processing rule. *Nutraceutical Corp. v. Lambert*, 139 S. Ct. 710, 714 (2019). When Rule 23(f)'s time limitation is "properly raised by an opposing party"—as Frank does here in his first opportunity to do so—it is "unalterable." *Id.* Thus, a putative appellant may not "circumvent the 14-day deadline in 23(f) by appealing a denial of class certification under 28 U.S.C. § 1292(b), which has no deadline." *McReynolds v. Merrill Lynch, Pierce, Fenner & Smith*, Inc., 672 F.3d 482, 486 (7th Cir. 2012) (simplified); *accord Richardson Elec., Ltd. v. Panache Broad. of Pa., Inc.*, 202 F.3d 957, 959 (7th Cir. 2000). According to Plaintiffs, the Seventh Circuit "appears to be the minority view" on this question. D.I. 228 at 15.

Plaintiffs are mistaken; several appellate courts "have rejected other attempts to circumvent the [temporal] deadline of Rule 23(f)." *Jenkins v. BellSouth Corp.,* 491 F.3d 1288, 1291 (11th Cir. 2007) (citing cases from the Fifth and Tenth Circuits in addition to the Seventh). "The single opportunity for seeking interlocutory review of the denial of class certification expired on [July 24, 2023]." *Id.* at 1292. Critically, that still "does not leave [the plaintiffs] without an avenue for relief. They can appeal the denial of class certification following the entry of a final judgment." *Id.* "Interlocutory appeals are exceptional, so their limitations are 'purposefully unforgiving.'" *Groves v. United States*, 941 F.3d 315, 324 (7th Cir. 2019) (Barrett, J.) (quoting *Nutraceutical Corp.*, 139 S. Ct. at 716).

The Third Circuit specifically joined those anti-circumvention circuits in *Gutierrez v. Johnson & Johnson*, 523 F.3d 187, 192-93 (2008). Plaintiffs' contrary reading of the Third Circuit's case law (D.I. 228 at 13) is unsound. When *Gutierrez* held it "ha[d] the discretion to grant the petition for interlocutory review under Rule 23(f) and 28 U.S.C. § 1292," it was not pointing to § 1292(b) at all. 523 F.3d at 191. Gutierrez appellants had not even sought 1292(b) certification. Further, the word "and" suggests *both* are relevant, not *either*, and thus compels a conclusion opposite Plaintiffs': Section 1292(e)—which enabled Rule 23(f)—and the Rule itself together give *one* avenue of interlocutory appeal for a class certification decision. That conclusion is consistent with how *Gutierrez* treated Rule 23(f), as its analysis was confined uniquely to the Rule. *Id.* at 192-99 ("Rule 23(f), which governs the method by which a party can appeal from the grant or denial of class certification …"). And it is also consistent with *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, cited by Plaintiffs (D.I. 228 at 13), which remarked "Plaintiffs filed … under Fed. R. Civ. P. 23(f) … [and] … we have jurisdiction under 28 U.S.C. § 1292(e)." 259 F.3d 154, 162 (3d Cir. 2001).

There is simply no support for Plaintiffs' reading of *Gutierrez* and *Newton* that "Rule 23(f) and § 1292(b) offer alternative choices for obtaining interlocutory appeal." *Contra* D.I. 228 at 13. Like *Gutierrez*, *Newton* never analyzes Rule 23(f) alongside § 1292(b) nor presents them as alternatives; it focuses entirely on interpreting Rule 23(f) alone. *Id.* at 162-65.

Disagreeing with the consensus anti-circumvention approach, a line of Ninth Circuit authority did previously hold that courts could "apply judicial equitable exceptions to avoid or soften the time limitations" of the 14-day Rule 23(f) deadline. *Lambert v. Nutraceutical Corp.*, 870 F.3d 1170, 1177-80 (9th Cir. 2017). But on certiorari, the Supreme Court resolved that disagreement in favor of the textual adherence to the enforceable deadline of Rule 23(f). *Nutraceutical*, 139 S. Ct. at 714.

Plaintiffs cite a different Ninth Circuit decision, *Bates v. UPS*, 465 F.3d 1069 (9th Cir. 2006), in support of their theory that Rule 23(f) is not exclusive. D.I. 228 at 12. Like Plaintiffs, *Bates* finds no sign in the "language" or "history" of Rule 23(f) and its authorizing statute (28

5

U.S.C. § 1292(e)) that Rule 23(f) is "meant to provide the exclusive route." *Id.* at 1076 n.5. But again, the language that makes Rule 23(f) exclusive is the "not otherwise appealable" language of 1292(b) itself. *Bates* had no occasion to look at that language because the appeal there was brought under 28 U.S.C. § 1292(a)(1)—a clause that does not have an exclusion for orders "otherwise appealable." Therefore, *Bates* can be reconciled with an approach that limits 1292(b) appeals of class certification denials.[2]

While Plaintiffs paint the Seventh Circuit as an outlier, in fact a broad consensus developed agreeing with *Richardson*'s stringent refusal to allow plaintiffs to circumvent the appeal deadline of 23(f). *See Jenkins* (citing cases); *Gutierrez*. It was the Ninth Circuit's approach that was the outlier, and the Supreme Court has since rejected it in *Nutraceutical*. And while Plaintiffs criticize *Richardson* as "too weak a reed on which to hang a ruling that Rule 23(f) trumps § 1292(b)," (D.I. 228 at 16), *Richardson*'s Posnerian pragmatism actually undersells the strength of the textual argument that 23(f) forecloses 1292(b) certification. *See* Section I, *supra*.

### III. In the alternative, even if this Court has discretion to certify a 1292(b) interlocutory appeal, it should decline to do so.

Since the inception of 1292(b), this Circuit has instructed district courts to apply the procedure "sparingly" and "only in exceptional cases." *Milbert v. Bison Lab'ys, Inc.*, 260 F.2d 431, 433 (3d Cir. 1958) (*en banc*). Even if this Court has authority to certify a 1292(b) appeal, it should decline to do so for at least the following three reasons.

First, "there is nothing so unique about this particular class action" justifying immediate appellate intervention. *Pereira v. Foot Locker, Inc.*, 2010 WL 300027, 2010 U.S. Dist. LEXIS

---

[2] Plaintiffs also cite one Ninth and one Tenth Circuit case that reference 1292(b) certification as an alternative to a Rule 23(f) appeal. D.I. 228 at 13-14 (citing *Henson* and *Anderson*). Both these cases, however, only mention the alternatives in passing, ultimately addressing different issues. Neither examines the text of 1292(b). "Cases cannot be read as foreclosing an argument that they never dealt with." *Waters v. Churchill*, 511 U.S. 661, 678 (1994) (plurality op.).

6

5845, *11 (E.D. Pa. Jan. 26, 2010). While the class determination has "significant, practical effects" on this litigation, the "same considerations apply to many other types of interlocutory orders" precluded by § 1292(b)'s demanding requirements. *Link v. Mercedes-Benz of N. Am., Inc.*, 550 F.2d 860, 862-863 (3d Cir. 1977). There is no rush "to substitute wholesale appellate certainty." *Id.* at 863. The parties are free to negotiate further and propose a new class, new settlement, and other modifications for this Court to approve. Allowing interlocutory appeal now would be "in the absence of extraordinary circumstances – a usurpation of the district court's role" to manage putative class proceedings. *Kershner v. Mazurkiewicz*, 670 F.2d 440, 449 (3d Cir. 1982) (*en banc*).

Second, Plaintiffs' do not have an "exceptional case" involving "difficult questions of law" that fall within "that small class" of orders "too important to be denied review and too independent of the cause itself" to justify interlocutory review. *Graber v. Doe*, 59 F.4th 603, 610 n.14 (3d Cir. 2023) (discussing § 1292(b)) (simplified). Plaintiffs' legal claims—the damages release, the *ex ante cy pres* relief, and two-tiered ascertainability—are all intertwined with, rather than independent of, the facts of this class suit. *Id.*; *cf. Bohannon v. Allstate Ins. Co.*, 847 F.2d 740 (11th Cir. 1988) (permitting § 1292(b) review of a certification decision because of an independent issue of contract interpretation under Georgia law); *Mace v. Van Ru Credit Corp.*, 109 F.3d 338 (7th Cir. 1997) (granting § 1292(b) review of the availability of class action relief under the Fair Debt Collection Practices Act). Plaintiffs dispute the Court's legal analysis as applied to their case— they are not raising standalone "independent" and "important" legal issues like in *Mace* and *Bohannon* which require immediate review and manifest significant judicial consequences, too. *Graber*, 59 F.4th at 610 n.14.

Third, Plaintiffs' motion does not demonstrate "substantial ground for difference of opinion" on any legal issue. 28 U.S.C. § 1292(b). To Objector's knowledge, the Ninth Circuit is the only circuit to expressly define this term, holding it satisfied if "the circuits are in dispute on the question *and* the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are

7

presented." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (citing 3 Federal Procedure, Lawyers Edition § 3:212 (2010)) (emphasis added); *see also Falberg v. Goldman Sachs Grp., Inc.*, 2020 WL 7695711, 2020 U.S. Dist. LEXIS 242934, *11 (S.D.N.Y. Dec. 28, 2020) (noting a circuit split is not enough); *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) ("a disputed issue [] of first impression, standing alone, is insufficient").

Plaintiffs cannot make such a showing here. The impropriety of a 23(b)(2) certification with a damages release was already addressed in the Third Circuit's 2019 decision vacating the first settlement. *Google Cookie*, 934 F.3d at 329-30. Supposedly, that was why the settling parties added a (b)(3) certification on remand, so it makes little sense to certify the preexisting question of the (b)(2) damages release question. Moreover, the only appellate case plaintiffs muster (D.I. 228 at 23), *Robinson v. Metro-N.Commuter R.R. Co.*, is no longer good law after *Walmart v. Dukes*. *See Hecht v. United Collection Bureau, Inc.*, 691 F.3d 218, 223 (2d Cir. 2012) (recognizing the abrogation); *see also Berni v. Barilla S.P.A.*, 964 F.3d 141 (2d Cir. 2020) (rejecting (b)(2) settlement class certification that would release individual damages claims even though the settlement allowed class members to exclude themselves).

On the ascertainability issue, although there is an existing circuit split, the Third Circuit's position on the issue is settled. *See In re Niaspan Antitrust Litig.*, 67 F.4th 118, 132-34 (3d Cir. 2023) *Carrera v. Bayer Corp.*, 727 F.3d 300 (3d Cir. 2013); *Marcus v. BMW*, 687 F.3d 583 (3d Cir. 2012). In *Carrera*, the court rebuffed the plaintiffs' request to reconsider its rigorous ascertainability prerequisite *en banc*. *See Carrera v. Bayer Corp.*, 2014 WL 3887938, 2014 U.S. App. LEXIS 15553 (3d Cir. May 2, 2014) (Ambro, J., dissenting from denial of rehearing *en banc*). And in *Niaspan*, the Circuit was even more explicit: "Appellants ask us to reconsider our ascertainability requirement… But even if we had authority to overrule our existing precedent… we would decline to do so here." 67 F.4th at 132. Thus, because this Circuit has already "spoken on the point," the circuit split does not support a 1292(b) appeal. *Couch*, 611 F.3d at 633.

On the subsidiary question of ascertainability in a settlement class, the July Order correctly observes that time and again, the Third Circuit and Supreme Court have stated that there can be no

8

double standard between settlement-only and litigation classes. D.I. 219 at 18. Class members remain entitled to all the protections of Rule 23 (aside from inapplicable ones going to trial manageability), including the ascertainability prerequisite that (1) serves "to protect absent class members" by facilitating the best notice practicable that is owed to them as a matter of Due Process and Rule 23. *Marcus*, 687 F.3d at 593, (2) enables "potential class members to identify themselves for purposes of opting out of the class." *Carrera*, 727 F.3d at 307, and (3) safeguards absent class members' "recovery" against "dilut[ion] by fraudulent or inaccurate claims." *Id.* at 310. The July Order recognizes that Plaintiffs' only contrary authority on the question of ascertainability is a non-precedential conclusory order issued in an *ex parte* appeal. D.I. 219 at 16-17.

For these reasons, § 1292(b) review—even if available—is inappropriate.

## CONCLUSION

For the reasons given, this Court should deny Plaintiffs' motion.

Dated: October 18, 2023               Respectfully submitted,

*/s/ Adam E. Schulman*
Adam E. Schulman (DC Bar # 1001606)
HAMILTON LINCOLN LAW INSTITUTE
CENTER FOR CLASS ACTION FAIRNESS
1629 K Street, NW, Suite 300
Washington, DC 20006
Tel: 610-457-0856
adam.schulman@hlli.org

*Attorney for Objectors Theodore H. Frank*

9

## CERTIFICATE OF SERVICE

I hereby certify that on this day I filed the foregoing with the Clerk of the Court via ECF thus effectuating service on all counsel who are registered as electronic filers in this case.

DATED: October 18, 2023

*(s) Adam E. Schulman*
Adam E. Schulman
