# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE GOOGLE INC. COOKIE PLACEMENT CONSUMER PRIVACY LITIGATION | Case No. 12-MD-2358 (JDW) |
| This Document Relates to: **All Actions** | |

## PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL OF ORDER DENYING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

## TABLE OF CONTENTS

**SUMMARY OF THE ARGUMENT** .................................................................................1

**ARGUMENT** ...............................................................................................................2

    **I.**    **Frank Misreads § 1292(b)'s "Otherwise Appealable" Language** ..........................2

    **II.**    **Certification Authority Resides With the Judge Assigned to the Case** ...............4

    **III.**    **Rule 23(f)'s Temporal Requirement Has No Impact on Motions Under § 1292(b)**..........................................................................................................6

    **IV.**    **Interlocutory Appeal Is Appropriate Under § 1292(b)** .......................................9

**CONCLUSION** ..........................................................................................................10

Pursuant to the Court's October 20, 2023 Order (D.I. 231), Plaintiffs respond to the Opposition (D.I. 230) ("Opposition") filed by non-party Theodore H. Frank ("Frank") to Plaintiffs' motion for certification of interlocutory appeal (D.I. 228) of the Court's July 10, 2023 Order ("July 10 Order") denying final approval of a class settlement (D.I. 219, 220).[1]

## <u>SUMMARY OF THE ARGUMENT</u>

Frank's arguments against certification for interlocutory appeal under 28 U.S.C. § 1292(b) ("§ 1292(b)") fail for several reasons.

*First*, Rule 23(f) did not *sub silentio* supplant § 1292(b) in the class context, but was enacted to provide an additional path to interlocutory appeal in that setting. Frank's spin on the text of § 1292(b), which would have Rule 23(f) fully supplant appeals under § 1292(b) in class action litigation, is unsupported by the text and history of § 1292(b) and Rule 23(f), case law, and common sense. *See* Section I, *infra*.

*Second*, Frank's hyper-literal reading of § 1292(b)'s text to prohibit certification for interlocutory appeal by any district court judge other than Judge who issued the Order contradicts jurisdictional law and statutory interpretation rules, is similarly illogical, and has been rejected by numerous courts. *See* Section II, *infra*.

*Third*, Frank's attempt to read Rule 23(f)'s temporal requirement into the text of § 1292(b) is unsupported and contrary to his other arguments grounded in textual interpretation. *See* Section III, *infra*.

*Fourth*, Plaintiffs' opening Motion articulated at length the grounds for certification of interlocutory appeal under § 1292(b) and Frank's arguments otherwise fail. *See* Section IV, *infra*.

---

[1] As the Court correctly noted in its October 20, 2023 Order, Frank "has not intervened in the case," D.I. 231, and is therefore a non-party to this litigation without standing to oppose Plaintiffs' motion.

# ARGUMENT

## I.    Frank Misreads § 1292(b)'s "Otherwise Appealable" Language

Section 1292(b) states that an interlocutory appeal can be certified of "an order not otherwise appealable under this section [§ 1292] . . . ." 28 U.S.C. § 1292(b). Boiled down, Frank's argument is that because Rule 23(f) was promulgated under the authority provided by 28 U.S.C. § 1292(e), the July 10 Order was otherwise appealable "under this section." D.I. 230 at 2–3. Frank's crabbed reading of § 1292(b)'s statutory language conflicts with the history surrounding Rule 23(f)'s enactment. That history shows that § 1292(b) had, long before Rule 23(f)'s adoption, permitted appeals of class certification orders under § 1292(b). *See Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 n.27 (1978). The later promulgation of Rule 23(f) did not create a never-before-available route to interlocutory appeal of class action rulings because § 1292(b) had always provided such a route; Rule 23(f) simply provided an alternative path to interlocutory appeal that did not require district court certification. Nothing in the text of § 1292(b) or Rule 23(f), nor the history of Rule 23(f), says or implies that Rule 23(f) preempts § 1292(b) review of class action rulings. *See Laudato v. EQT Corp.*, 23 F.4th 256, 258 (3d Cir. 2022) ("If the District Court's order is not countenanced by Rule 23(f) ***nor by any other rule***, this Court would lack interlocutory jurisdiction." (emphasis added)); Michael E. Solimine & Christine Oliver Hines, *Deciding to Decide: Class Action Certification and Interlocutory Review by the United States Courts of Appeals Under Rule 23(f)*, 41 WM. & MARY L. REV. 1531, 1574 (2000) [hereinafter Solimine & Hines] ("Whether § 1292(b) enjoys a narrow or expansive interpretation, the creation of Rule 23(f) suggests that the latter should be viewed as a supplement to, rather than as a replication of, the former."). A litigant might well choose to seek review under § 1292(b), rather than Rule 23(f), as § 1292(b) requires the district court's certification that interlocutory review is likely warranted, allowing the litigant to make a stronger

argument for interlocutory review before the appellate court. *See* Solimine & Hines, *supra*, at 1585 ("[I]t may be particularly appropriate for a court of appeals considering a Rule 23(f) application to acknowledge how the district judge may have ruled on a § 1292(b) request.").

Nor does Frank interpret the text of the statute honestly, as § 1292(b)'s plain language only prohibits "orders not otherwise appealable ***under this section***," meaning Section 1292, and does not purport to incorporate the separate Rules of Civil Procedure, including Rule 23(f). 28 U.S.C. § 1292(b) (emphasis added). Frank's reading of the statutory language

> [D]oes not appear to be consistent with the process that led to the creation of Rule 23(f). Neither the rule-authorizing legislation, the Advisory Committee Note, nor Rule 23(f) itself expressly addresses the point, and, of course, neither § 1292(b) nor the mandamus statute was concurrently amended [when Rule 23(f) was created]. . . . If, as the Advisory Committee Note says, Rule 23(f) should be exercised with "restraint," then it suggests that complete preemption [of § 1292(b) by Rule 23(f)] is uncalled for. A Rule 23(f) used with restraint could still leave room, if only small, for § 1292(b) and the writ of mandamus to operate.

Solimine & Hines, *supra*, at 1584; *see also id.* at 1596 ("At first blush, adding yet another avenue of interlocutory appeal may seem only to cloud the picture further. Nonetheless, Rule 23(f), properly understood and applied, holds the promise to usefully supplement other avenues of interlocutory review of class certification orders, and advance the interests of judges and litigants alike."); *id.* at 1591 ("[A]s the Supreme Court emphasized, the plaintiffs [in *Coopers & Lybrand*] did not file a request under § 1292(b), but that failure should not be dispositive of the analytically separate issue of Rule 23(f) appeals." (citing *Coopers & Lybrand*, 437 U.S. at 466)).

Frank's argument that Rule 23(f) supplants § 1292(b) interlocutory review in the class action context also contravenes the established hierarchy of decisional principles. *See, e.g.*, *In re Young*, No. 06-80397, 2006 WL 3524482, at *3 (Bankr. S.D. Tex. Dec. 6, 2006) ("Essentially, Young is asking the Court to use the Federal Rules of Civil Procedure to negate an explicit mandate of the Bankruptcy Code. This is not possible, as a statute written by Congress almost

always takes precedence over the rules of procedure established by the Judiciary."); 29 C.F.R. § 18.10(a) ("The Federal Rules of Civil Procedure (FRCP) apply in any situation not provided for or controlled by these rules [governing ALJ proceedings], or a governing statute . . . ."); *see also Se. Pa. Transp. Auth. v. Orrstown Fin. Servs., Inc.*, No. 1:12-cv-00993, 2020 WL 4041049, at *4 (M.D. Pa. July 17, 2020) ("[T]he Rules Enabling Act . . . does not permit the Federal Rules of Civil Procedure to 'abridge, enlarge or modify any substantive right.'" (quoting *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 845 (1999))). Here, the substantive, statutorily-provided right to seek interlocutory appeal under § 1292(b) cannot be removed or limited by the operation of Rule 23(f), especially where nothing in the text or history of Rule 23(f) reflects any such intent.

Frank's reading of § 1292(b) cannot be squared with that provision's language and historical use, and fails to account for the very different interlocutory appeal regimes under Rule 23(f) and § 1292(b), the Rule 23(f) Advisory Committee Notes showing zero intention that Rule 23(f) preempt § 1292(b) in the class action context (a use the Supreme Court endorsed in *Coopers & Lybrand*, 437 U.S. at 466, 474–75), and the plain language of the rule and statute. Frank nowhere explains how Rule 23(f)'s addition of a route to interlocutory appeal was meant to eliminate a long-established, and more tightly circumscribed, statutory path.

## II.    Certification Authority Resides With the Judge Assigned to the Case

Frank also argues that "a second textual hurdle" to certification for interlocutory appeal under § 1292(b) is that certification authority purportedly "resides only with the district judge 'making' the order at issue—here Judge Robreno." D.I. 230 at 3. Frank relies on *In re Sensipar Antitrust Litigation*, No. 19-md-2895-CFC, 2023 WL 204280, at *1 (D. Del. Feb. 16, 2023), in which the district court read § 1292(b) to preclude a successor district judge's ability to certify for interlocutory appeal an order made by his predecessor. D.I. 230 at 3–4. Frank neglected to mention that, two months later, on motion for reargument, Chief Judge Connolly certified *sua*

*sponte* the question of whether § 1292(b) "authorize[s] a district judge to certify for interlocutory appeal an order issued in the same case by a predecessor district court judge[.]" *In re Sensipar Antitrust Litig.*, No. 19-md-2895-CFC, 2023 WL 2810061, at *2 (D. Del. Apr. 6, 2023). Chief Judge Connolly did so because he "recognize[d] that reasonable minds could conclude otherwise" with respect to the question and he noted that "two courts of appeals have accepted without comment district court judges' certifications for interlocutory appeal of orders issued by those judges' respective predecessors." *Id.* (citing *Penthouse Owners Ass'n, Inc. v. Certain Underwriters at Lloyds, London*, 612 F.3d 383, 385 (5th Cir. 2010); *In re City of Memphis*, 293 F.3d 345, 348 (6th Cir. 2002)).

Frank's "hyper-literal" reading of § 1292(b) is "at odds with the way courts routinely function," and would serve to create absurd results when a district court judge retires, dies, or recuses before a § 1292(b) motion can be decided. *Yost v. Carroll*, No. 20 C 5393, 2022 WL 180153, at *2 (N.D. Ill. Jan. 20, 2022). The *Yost* court squarely rejected the same "one judge only" argument Frank makes here:

> Nor is it an impediment to proceeding under § 1292(b) that *the* judge who made the Order from which an interlocutory appeal is sought is *not* the judge who is asked to make a § 1292(b) certification. If the statute were read literally, only the district judge who originally issued the challenged order could issue a § 1292(b) certification. Such a restrictive, hyper-literal reading of § 1292(b) would be at odds with the way courts routinely function. The inescapable reality is that judges die, retire, and recuse themselves—all of which require reassignment of the case to a new judge. If read literally, any reassignment to a new judge would foreclose the ability of that successor to rule on a § 1292(b) request for interlocutory review. But blind literalness is not conducive to a sound reading of any statute. The Supreme Court has repeatedly warned against the dangers of an approach to statutory construction which confines itself to the bare words of the statute. In short, a successor judge is not precluded from ruling on a request under § 1292(b) even though the Order which is under consideration was made by a predecessor judge regardless of whether that judge had expressed an opinion on the question of interlocutory appealability.

*Id.* at \*2–3 (emphasis in original and internal citations omitted); *see also id.* at \*2 (finding that a magistrate judge can rule on a § 1292(b) motion, despite statutory language referring to certification only by a "district judge").

While federal courts are courts of limited jurisdiction, they are obligated to entertain matters that fall within that jurisdiction. *See, e.g.*, *Borowski v. Kean Univ.*, 68 F.4th 844, 849 (3d Cir. 2023) ("As a general rule, 'a federal court's obligation to hear and decide a case' within its jurisdiction 'is virtually unflagging,' and a court has 'no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given.'" (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 77 (2013))). Express statutory authority warrants this Court's jurisdiction over Plaintiffs' motion for certification of interlocutory appeal under § 1292(b). Reading the statute to say otherwise—that only the judge who issued the initial Order, and who may have subsequently retired, recused, fell ill, or died, can hear a § 1292(b) motion—violates the rule against interpreting statutes in a way that leads to absurd results. *See Ctr. for Biological Diversity v. U.S. Envtl. Prot. Agency*, 75 F.4th 174, 183 (3d Cir. 2023) ("[I]nterpretations of a statute which would produce absurd results are to be avoided if alternative interpretations consistent with the legislative purpose are available." (citing *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 575 (1982))). The statutorily-provided route to interlocutory appeal cannot as a matter of law or logic depend on the continued health or availability of the judge who issued the order at issue.

### III.      Rule 23(f)'s Temporal Requirement Has No Impact on Motions Under § 1292(b)

Frank next argues that Plaintiffs' motion under § 1292(b) is purportedly an improper attempt to "circumvent the 14-day deadline in [Rule] 23(f)," which he argues has been rejected by "several appellate courts." D.I. 230 at 4. Frank's attempt to import Rule 23(f)'s temporal

limitation into § 1292(b) by litigative fiat is unsupported. *See* Scalia & Garner, READING LAW 93 ("[A] matter not covered is to be treated as not covered.").

Frank's cited cases do not support his assertion that "several appellate courts 'have rejected other attempts to circumvent the [temporal] deadline of Rule 23(f).'" D.I. 230 at 4 (quoting *Jenkins v. BellSouth Corp.*, 491 F.3d 1288, 1291 (11th Cir. 2007)). For example, *Jenkins* did not involve a § 1292(b) motion at all. Rather, the district court in *Jenkins* denied plaintiffs' motion for class certification and, after plaintiffs missed the deadline to appeal under Rule 23(f), the district court vacated its original order denying class certification and "reentered an identical order" in order to re-start the Rule 23(f) temporal deadline. *Jenkins*, 491 F.3d at 1290. The Eleventh Circuit held that "the district court was without the authority to circumvent the ten-day deadline for obtaining interlocutory review of its order denying class certification by vacating and reentering that order after the original deadline for seeking interlocutory relief under Rule 23(f) had expired." *Id.* at 1292. But the *Jenkins* opinion was expressly premised on the basis that "section 1292(b) does not guide our interpretation of Rule 23(f)," *id.* at 1291, and made clear that analogies to § 1292(b) motions were separate and apart from petitions under Rule 23(f). *See id.* at 1290 ("In the statutory context, we have held that a district court has the authority to vacate and reenter its certification order, under section 1292(b), to allow a new period for filing a petition for interlocutory review.").

*Groves v. United States*, 941 F.3d 315 (7th Cir. 2019) (cited by Frank at D.I. 230 at 4), similarly considered an issue not before this Court. The district court in *Groves* "believed that the orders satisfied the standard for immediate appeal provided in 28 U.S.C. § 1292(b)," and therefore "certified the orders for interlocutory review." *Id.* at 318. Under § 1292(b), after a district court certifies an issue for interlocutory review, a party is required "to seek permission [to

appeal] from [the appellate] court within ten days of the district court's certification." *Id.* Due to

a paralegal's mistyping an email address, which resulted in plaintiff's § 1292(b) petition not

reaching the appellate court within the 10-day window, the district court "recertif[ied] its orders

to restart the ten-day clock." *Id.* at 319. On appeal, now-Justice Barrett determined that the

statutory language of § 1292(b) "does not authorize either district courts or the courts of appeals

to extend § 1292(b)'s deadline for any reason." *Id.* at 321. *Groves* has no impact on Plaintiffs'

motion here, which does not involve an untimely § 1292(b) petition before the court of appeals.

Nor did the "Third Circuit specifically join[] those anti-circumvention circuits" in

*Gutierrez v. Johnson & Johnson*, 523 F.3d 187, 192–93 (3d Cir. 2008). D.I. 230 at 5. As in

*Jenkins*, discussed above, *Gutierrez* did not involve a § 1292(b) motion at all and limited its

analysis to the timeliness of a Rule 23(f) petition, which is not the issue presently before the

Court. *See Gutierrez*, 523 F.3d at 195 (distinguishing Rule 23(f) petitions from motions for

certification under § 1292(b) because "[u]nlike interlocutory appeals filed pursuant to 28 U.S.C.

§ 1292(b) and Federal Rule of Appellate Procedure 5, no certification by the District Court was

required [prior to the *Gutierrez* plaintiffs' submission of a Rule 23(f) petition].").[2]

Frank paints his argument that Rule 23(f) forecloses entirely interlocutory review of

class certification decisions under § 1292(b) with the patina of textualism, but points to nothing

---

[2] Frank also argues that the Third Circuit's decision in *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154 (3d Cir. 2001), "never analyzes Rule 23(f) alongside § 1292(b)" and instead "focuses entirely on interpreting Rule 23(f) alone." D.I. 230 at 5. While it is true that *Newton* focused on the standard for a Rule 23(f) petition (because that was the issue before the court), the *Newton* court did note how a Rule 23(f) petition was differently situated than a motion for certification of interlocutory appeal under § 1292(b). *See Newton*, 259 F.3d at 164 ("Furthermore, as explained in the Note, interlocutory review [under a Rule 23(f) petition] is not constrained by the potentially limiting requirement of 28 U.S.C. § 1292(b) that the district court order 'involve[] a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" (quoting 28 U.S.C. § 1292(b))).

in the text of § 1292(b) or Rule 23(f) that supports his argument. Nor do his cited cases support that proposition. Rather, the text of § 1292(b) and Rule 23(f), along with the vast majority of the case law, supports the commonsense conclusion that § 1292(b) and Rule 23(f) present alternative avenues for interlocutory review.

## IV.    Interlocutory Appeal Is Appropriate Under § 1292(b)

Finally, Frank argues that interlocutory appeal is not warranted under § 1292(b) because Plaintiffs have not demonstrated there is "substantial ground for difference of opinion" on any legal issue.[3] D.I. 230 at 7. As discussed at length in Plaintiffs' opening Motion, *see* D.I. 228 at 15–19, at least three separate legal questions raise "substantial ground for difference of opinion."

Based on *dicta* from a footnote in *Graber v. Doe II*, 59 F.4th 603, 610 n.14 (3d Cir. 2023), an action involving a *Bivens* claim and not appealed under § 1292(b), Frank attempts to read into the text of § 1292(b) a requirement that issues certified for appeal must be "exceptional" and fall within "'that small class' of orders 'too important to be denied review and too independent of the cause itself' to justify interlocutory review." D.I. 230 at 7 (quoting *Graber*, 59 F.4th at 610 n.14). The cited *dicta* from *Graber* is not a requirement found in the text of § 1292(b). Nonetheless, the denial of Plaintiffs' motion for final approval of a class settlement, which involves issues wholly unrelated to the merits of Plaintiffs' claims as alleged in the complaint, *does* involve issues "too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Graber*, 59 F.4th at 610 n.14.

---

[3] Frank does not take issue with the other two prongs of the § 1292(b) analysis: that the order involves a "controlling question of law" and that the determination of the certified issue may "materially advance the ultimate termination of the litigation" if appealed immediately. 28 U.S.C. § 1292(b). Plaintiffs therefore do not further address those prongs, which were discussed in Plaintiffs' opening Motion. *See* D.I. 228 at 11–15, 19–20.

Lastly, Frank argues that a "substantial ground for difference of opinion" only exists where there is ***both*** a circuit split on the issue ***and*** the Third Circuit "has not spoken on the point." D.I. 230 at 7 (citing *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010)). Frank reads the law far too narrowly. While an existing circuit split about a particular question is one clear indicator that this requirement of § 1292(b) is met, it is not the only one: "Our interlocutory appellate jurisdiction does not turn on a prior court's having reached a conclusion adverse to that from which appellants seek relief. A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution, not merely where they have already disagreed." *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011). Plaintiffs identified several legal questions where "reasonable jurists might disagree," *id.*, in particular the failure of the July 10 Order (which declined to certify the settlement class) to apply the Third Circuit's opinion in *In re Google Inc. Cookie Placement Litig.*, 934 F.3d 316 (3d Cir. 2019), and whether the Third Circuit's ascertainability requirement even applies in the settlement context, a question over which a clear split among the courts of appeals currently exists. *See* D.I. 228 at 16–19; *see also* D.I. 230 at 8 (Frank recognizing "there is an existing circuit split" on the "ascertainability issue").

Frank, a non-party, suffers no prejudice from the Court's granting of Plaintiffs' Motion and, in fact, would himself benefit from the timely appellate resolution of these important questions regarding class action settlement that he has raised in numerous other cases as an objector.

## CONCLUSION

All requirements under § 1292(b) are met and Rule 23(f) creates no bar to this Motion. Non-party Frank's Opposition should be rejected.

10

Dated: November 6, 2023

**GRYGIEL LAW, LLC**

*/s/ Stephen G. Grygiel*
Stephen G. Grygiel (DE Bar ID #4944)
127 Coventry Place
Clinton, NY 13323
Tel: 407-505-9463
*stephengrygiel22@gmail.com*

*Executive Committee Member*

**BARTIMUS, FRICKLETON,
and ROBERTSON, P.C.**

*/s/ James P. Frickleton*
James P. Frickleton
11150 Overbrook Road, Suite 200
Leawood, KS 66211
Tel: 913-266-2300
*jimf@bflawfirm.com*

*Executive Committee Member*

Respectfully submitted,

**STRANGE LLP**

*/s/ Brian Russell Strange*
Brian Russell Strange
12100 Wilshire Boulevard, Suite 420
Los Angeles, CA 90025
Tel: 310-207-5055
*brian@strangellp.com*

*Executive Committee Member*

## CERTIFICATE OF SERVICE

  I hereby certify that on this 6th day of November 2023, I electronically transmitted the foregoing document to the Clerk of the Court using the CM/ECF System, causing the document to be served on all counsel who are registered as electronic filers in the case.

  I further certify that on this 6th day of November 2023, I caused a true and correct copy of the foregoing document to be served by First Class Mail of the United States Postal Service on Dmitrii Mudrechenko, *pro se* objector, 3155 Bluestem Drive, Unit 134, West Fargo, North Dakota 58078.

DATED: November 6, 2023        */s/ Brian R. Strange*
                  Brian Strange