UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE GOOGLE INC. COOKIE PLACEMENT CONSUMER PRIVACY LITIGATION<br><br>This Document Relates to:<br><br>**All Actions** | Case No. 12-MD-2358 (JDW) |

**JOINT STATUS REPORT**

Ahead of the September 18, 2024 telephone conference with the Court, the parties file this joint status report setting forth a proposed future course of action in this case.

I.  **BACKGROUND**

As the Court is aware, the history of this litigation is lengthy—it has been pending since June 2012 and is now over 12 years old. This action was consolidated before this Court by the Judicial Panel on Multidistrict Litigation on June 12, 2012. (Dkt. 1.) Defendant Google LLC ("Google") filed a motion to dismiss, which was granted by the district court on October 9, 2013. (Dkt. 120.) Plaintiffs appealed that order to the Third Circuit, which reversed the dismissal of two causes of action under California law, and remanded to this Court on November 10, 2015. (Dkt. 146.)

Following remand, the parties engaged in a settlement process under the supervision of retired federal judge Layne Phillips, a nationally-prominent mediator and arbitrator. After submitting detailed pre-mediation briefs, answering numerous questions posed by Judge Phillips, and a full day of settlement negotiations, the parties reached a proposed settlement. The district court gave final approval to that settlement on February 2, 2017. (Dkt. 173.)

Thereafter, a single professional objector (Ted Frank)[1] appealed the final settlement approval to the Third Circuit, which, while overruling Frank's "central argument on appeal" and

---

[1] *See, e.g.*, *In re Wawa, Inc. Data Sec. Litig.*, No. 19-6019, 2024 WL 1557366, at *19 (E.D. Pa. Apr. 9, 2024) (rejecting, after remand, arguments of Frank, "the sole objector to this fee award," noting: "The Court understands that the organization to which Mr. Frank and his attorney belong 'takes the institutional position that it is legal error . . . to ever award fees or value claims-made settlements based upon amounts 'made available.' However, this institutional position is not the law of the land. The Third Circuit Court of Appeals declined to create a per se rule against awarding fees based upon amounts made available in this very case." (internal citations omitted)); *Kumar v. Salov N. Am. Corp.*, No. 14-cv-2411-YGR, 2017 WL 2902898, at *4 n.4 (N.D. Cal. July 7, 2017) ("criticizing CEI's [Frank's predecessor organization] objections as 'long on ideology and short on law.'" (quotation omitted)).

1

fundamental objection to the settlement (*In re Google Inc. Cookie Placement Consumer Priv. Litig.*, 934 F.3d 316, 327–29 (3d Cir. 2019) ("We know no ruling that requires district courts to approve only settlements that provide for direct class distributions on these facts. . . .  Contrary to Frank's arguments, then, we see no reason why a *cy pres*-only (b)(2) settlement that satisfies Rule 23's certification and fairness requirements could not 'belong' to the class *as a whole*, and not to individual class members as monetary compensation.")), nonetheless reversed the settlement approval and remanded to this Court on August 6, 2019. (Dkt. 182.)

The parties then entered into another settlement which was preliminarily approved by the Court, again over the objection of the same professional objector. (Dkt. 203.) Following preliminary approval, the best practicable notice (Fed. R. Civ. P. 23(c)(2)(B)) was yet again provided to class members. Only two objections were received, including Frank's objection. (Dkt. 206–07.) After this second round of class notice, briefing on final settlement approval, and oral argument, the Court reversed its preliminary settlement approval finding that the ascertainability requirement had been met (Dkt. 203) and solely on that ground denied final settlement approval on July 10, 2023. (Dkt. 219.) The case is now back before this Court, essentially at the same procedural posture as in 2015, following the Third Circuit's reversal of the motion to dismiss on two California state law causes of action.

## II. PLAINTIFFS' POSITION

Since the case was filed in 2012, many changes have occurred in technology and, in particular and as presented in this proposed class action, regarding data collection and privacy. In fact, on appeal in this action, the Third Circuit recognized for the first time that individuals' data has some value and that Plaintiffs alleged injury that is "concrete, particularized, and actual as to the plaintiffs." *In re Google Inc. Cookie Placement Consumer Priv. Litig.*, 806 F.3d 125,

134 (3d Cir. 2015) (cited over 150 times by various courts). Not only have the issues in this case evolved over the years, so has the technology available to potentially identify class members. Plaintiffs believe, based on the current state of technology, that, perhaps with supporting declarations of class members,[2] it might well be possible to identify class members and certify this class action. Plaintiffs' counsel is committed to proceeding and bringing this case to a fair and just conclusion for the class members, notwithstanding the actions of professional objector Frank—who for seven years, in service of his own agenda, has done all he can to prevent the class' receipt of valuable privacy protection benefits. Plaintiffs have prepared discovery, which they intend to propound on Google, to address class issues and proceed to class certification after discovery has been completed.

Google's argument that this Court's prior denial of final approval to a settlement proposal on ascertainability grounds somehow makes a future motion for class certification futile has no basis in law.[3] *See also* Dkt. 202 (joint brief by Plaintiffs and Google, wherein the parties "agree,

---

[2] *See, e.g.*, *Hargrove v. Sleepy's LLC*, No. 22-2040, 2023 WL 3943738, at *1 (3d Cir. June 12, 2023) (describing previous finding of ascertainability for litigation class where defendant's records plus class members' "affidavits" could show ascertainability and noting concern that a defendant's lack of records could open loophole for defendants to use to defeat class certification).

[3] *See, e.g.*, *Procedural Guidance for Class Action Settlements*, U.S. District Court, N. Dist. of Cal., *available at* https://www.cand.uscourts.gov/forms/procedural-guidance-for-class-action-settlements/#:~:text=If%20the%20Court%20denies%20approval,settlement%20must%20be%20in%20writing (accessed on Sept. 12, 2024) (suggesting inclusion of the following language in class notices: "If the Court denies approval, no settlement payments will be sent out, and the lawsuit will continue."); *Miller v. Red Robin Int'l, Inc.*, No. 22-cv-02574-JCS, 2024 WL 781395, at *24 (N.D. Cal. Feb. 26, 2024) (using the foregoing quote in its class action notice to inform class members that disapproval of settlement means lawsuit will continue); *Allen v. Similasan Corp.*, 318 F.R.D. 423, 429 (S.D. Cal. 2016) (denying approval of class settlement and ordering parties to contact magistrate judge to set scheduling dates); *Guthrie v. ITS Logistics, LLC*, No. 1:21-cv-00729-ADA-EPG, 2023 WL 4288943, at *2 (E.D. Cal. June 30, 2023) (denying approval of class settlement and referring matter to magistrate judge for further proceedings); *O'Connor v. Uber Techs., Inc.*, 201 F. Supp. 3d 1110, 1136 (N.D. Cal. 2016) (scheduling a joint status report and status conference after denying class settlement; "Because the Court denies

based on clear Third Circuit law, that the [ascertainability] requirements for a *settlement* class" are different from a litigation class and agreeing that the "ascertainability requirement [for a settlement class was] satisfied" under the prior proposed settlement). While Google will be entitled to argue against class certification at the proper time, the Court's disapproval of a settlement proposal simply returns the case to its prior procedural posture: returning to discovery following the Third Circuit's vacating dismissal of two California state privacy causes of action. It has no impact on a *future* motion for class certification.

In the context of the proposed class action settlement, which the Court later rejected, Google (like most defendants) insisted on a broad class settlement release. However, on a future litigated motion for class certification, Plaintiffs will be entitled to narrow the class definition, after conducting discovery, as necessary. For example, any class member that purchased an Apple brand computer during the class period, and who used the default Safari web browser installed on that computer, would likely be a class member because all Apple computers at the time blocked cookies by default. (Dkt. 162, ¶¶ 68–69.) The Court should disregard Google's premature attempt to litigate the ascertainability of the proposed class.

Plaintiffs and Google have also engaged in continued discussions to determine if a revised settlement proposal can be negotiated. At this time, however, Plaintiffs' counsel view potential settlement as difficult to achieve. Despite receiving only 88 timely opt-outs and two objections (one that was ultimately abandoned after the Third Circuit's denial of settlement approval, and the other of which was Frank's) out of a class of millions (Dkt. 210-5, ¶¶ 26, 29), the proposed settlement was ultimately not approved. The parties have not given up on

---

Plaintiffs' motion for preliminary approval, Uber's motion to stay filed on April 6, 2016 remains pending. The parties are ordered to meet and confer to discuss how they wish to proceed with that motion[.]").

4

attempting to fashion a revised settlement proposal but, given the record and difficulties experienced during past settlement proposals, Plaintiffs presently believe the best path forward is to proceed with discovery at this time.

In addition, Plaintiffs intend to promptly seek leave from the Court to file a Second Amended Complaint. Plaintiffs' proposed amendment is to add and remove named Plaintiffs, given the lengthy time this case has been pending, and to refine certain allegations regarding the class definition. Plaintiffs respectfully request that the Court set a briefing schedule on the proposed motion for leave to amend.

### III.  DEFENDANT'S POSITION

The Court should not allow this action to continue as a putative class action after having already denied class certification for settlement purposes (Dkt. 219). It is contrary to the purpose and intent of Rule 23 of the Federal Rules, and violative of the Due Process Clause of the U.S. Constitution, to reject a defendant's classwide settlement on ascertainability grounds and to still require the defendant to litigate the claims brought on behalf of that same unascertainable class. Defendants have both a due process right and a right under Rule 23 to settle valid class actions that are asserted against them so long as the settlement meets the standards of reasonableness and fairness to the class. Here, the proposed class settlement was found to be reasonable and fair to the class, yet it was rejected on ascertainability grounds—i.e., the class action was found to be invalid and contrary to Rule 23. Because that defect is a defect with the class action, not with the settlement, that decision should be the end of the putative class action, with the only claims remaining in the case being the named plaintiffs' individual claims.

The Declaration of Lawrence You filed by Defendant during the settlement approval process explained in exceeding detail that no one, not even Defendant, has the ability to identify

5

the members of the putative class who were affected by the issue alleged by Plaintiffs. The many details of that declaration were summarized in its introduction as follows:

> a. The substantial majority of persons upon whose behalf this action was filed were not affected by the placement of the cookies in the manner alleged by Plaintiffs because they already had the cookie at issue on their browser for reasons unconnected with the events alleged by Plaintiffs.
>
> b. Because the cookie itself gives no indication of how it was placed, it is not possible for Google, Plaintiffs, or members of the class of persons represented by Plaintiffs to identify whether a browser received a cookie by the means alleged by Plaintiffs or by some other means not at issue. Google did not collect and does not have information sufficient to identify the class of persons whose browsers received a cookie by the means alleged by Plaintiffs.

(Dkt. 196.)

Consequently, no amount of discovery from Defendant is going to solve the ascertainability problem. And this is not just an ascertainability problem. The named plaintiffs have yet to demonstrate that they have any viable means of proving that they themselves received the DoubleClick cookie in 2011 by the means alleged in the Complaint and not by some other means, such as when they clicked on a DoubleClick ad.

Thus, at the very least, before this case moves any further, Plaintiffs should first be required to (1) demonstrate that they themselves were affected by the issue alleged in the Complaint and (2) demonstrate a valid and feasible method for ascertaining the members of the putative class. In the unlikely event that Plaintiffs are able to satisfy the Court that the putative class is ascertainable, then the existing class settlement should be granted final approval because all other criteria for settlement approval have already been met.

Dated: September 12, 2024                                      Respectfully submitted,

**STRANGE LLP**                                                **MAYER BROWN**

*/s/ Brian R. Strange*                                         */s/ Anthony Weibell*
Brian Russell Strange                                          Anthony Weibell
12100 Wilshire Boulevard, Suite 1550                           Two Palo Alto Square
Los Angeles, CA 90025                                          3000 El Camino Real
Tel: 310-207-5055                                              Palo Alto, CA 94306
brian@strangellp.com                                           aweibell@mayerbrown.com

*Executive Committee Member*                                   *Attorney for Defendant Google, Inc.*


**BARTIMUS, FRICKLETON, and ROBERTSON, P.C.**

*/s/ James P. Frickleton*
James P. Frickleton
4000 W. 114th Street, Suite 310
Leawood, KS 66211
Tel: 913-266-2300
jimf@bflawfirm.com

*Executive Committee Member*


**GRYGIEL LAW, LLC**

*/s/ Stephen G. Grygiel*
Stephen G. Grygiel (DE Bar ID #4944)
127 Coventry Place
Clinton, NY 13323
Tel: 407-505-9463
stephengrygiel22@gmail.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 12th day of September 2024, I electronically transmitted the foregoing document to the Clerk of the Court using the CM/ECF System, causing the document to be served on all counsel who are registered as electronic filers in the case.

DATED: September 12, 2024            */s/ Brian R. Strange*
                                                                     Brian R. Strange