# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE GOOGLE INC. COOKIE PLACEMENT CONSUMER PRIVACY LITIGATION | Case No. 12-MD-2358 (JDW) |
| This Document Relates to:<br>**All Actions** | |

## PLAINTIFFS' STATUS REPORT

Ahead of the November 14, 2024 telephone conference with the Court, Plaintiffs file this status report to apprise the Court regarding the status of discovery.

Plaintiffs have been trying to obtain necessary discovery from Google prior to taking depositions of relevant Google witnesses but, as described below, Google has yet to produce a single responsive document to Plaintiffs. Google's failure to produce documents has in turn postponed the taking of necessary depositions.

## I.  BACKGROUND

As the Court knows, this case has been pending since 2012. Defendant Google LLC ("Google") filed a motion to dismiss, which the district court granted on October 9, 2013. (Dkt. 120.) Plaintiffs appealed that order to the Third Circuit, which reversed the dismissal of two causes of action under California law, and remanded to this Court on November 10, 2015. (Dkt. 146.)

Plaintiffs and Google then exchanged discovery requests, with Plaintiffs serving their First Set of Requests for Production to Google on March 30, 2016. (Dkt. 158.) Google served its responses and objections—but no documents—to Plaintiffs' First Set of Requests for Production on April 29, 2016. (Dkt. 160.) Shortly thereafter, the parties began negotiating a settlement agreement, and discovery efforts paused. The district court gave final approval to that settlement on February 2, 2017. (Dkt. 173.) Following final approval, an objector to the settlement appealed, causing years of litigation related to the settlement, which ended earlier this year and resulted in the parties abandoning their settlement efforts and returning to this Court to resume litigating the case.

1

On September 19, 2024, the Court issued a Scheduling Order (D.I. 240), which set a March 7, 2025 deadline for affirmative expert reports and ordered that all discovery must be completed by April 25, 2025.

## II. DISCOVERY AS TO GOOGLE IS NOT PROCEEDING IN A TIMELY FASHION

### A. Plaintiffs' First Set of Requests for Production

Plaintiffs served their First Set of Request for Production to Google on March 30, 2016. (Dkt. 158.) Google served its responses and objections—but no documents—to Plaintiffs' First Set of Requests for Production on April 29, 2016. (Dkt. 160.) In its responses, Google agreed to produce several categories of documents but, because the parties elected to engage in settlement discussions shortly thereafter, the parties did not pursue further discovery at that time.

Following this Court's entry of the Scheduling Order in September 2024, Plaintiffs quickly requested that Google produce the documents it agreed to produce in its 2016 responses, beginning on September 27, 2024. The parties filed a Joint Stipulation on September 27, 2024 in which Google "represent[ed] that is has preserved all relevant evidence since the filing of this action and that Google will promptly produce all discovery that it previously agreed to produce in this litigation[.]" (Dkt. 241 at 2.) Plaintiffs again followed up with Google about the status of its document production on October 22, 2024 and again on October 30, 2024.

Just yesterday, on November 7, 2024, Google's counsel indicated for the first time that Google was seeking to "obviate the need for much of the discovery plaintiffs seek" by "simply stipulating to the facts for which the discovery would otherwise be needed." To date, Google has not produced a single document in response to Plaintiffs' First Set of Requests for Production, nor has Google provided Plaintiffs with any indication of when it will do so. Plaintiffs request that this matter be discussed during the upcoming Status Conference.

B.  Plaintiffs' Second Set of Requests for Production

Plaintiffs served their Second Set of Requests for Production to Google on September 30, 2024. (Dkt. 242.) Google served its responses and objections to Plaintiffs' document requests on October 30, 2024. (Dkt. 248.) Google did not produce a single document in response to Plaintiffs' requests for production. In fact, Google refused to produce any documents in response to every Request for Production but one. Instead, Google's response to most requests was that "Google is willing to meet and confer regarding the scope of this Request."

While Plaintiffs are working to begin the meet and confer process with Google, Google's blanket refusal to respond to approximately 30 specific, separate requests for production is not indicative of a good faith effort to comply with the deadlines established by this Court's Scheduling Order and instead appears intended to draw out the discovery process unnecessarily.

C.  Depositions

Plaintiffs served a Notice of Deposition for Google employee Lawrence You on October 1, 2024. (Dkt. 245.) Plaintiffs noticed Mr. You's deposition because Google submitted a 23-page declaration authored and signed by Mr. You to this Court on January 21, 2020 (Dkt. 196), in which Mr. You declared, among other things, that the "substantial majority of persons upon whose behalf this action was filed were not affected by the placement of the cookies in the manner alleged by Plaintiffs . . . ." and "it is not possible for Google, Plaintiffs, or members of the class of persons represented by Plaintiffs to identify whether a browser received a cookie by the means alleged by Plaintiffs or some other means not at issue." (*Id.* ¶ 3.) Google has never withdrawn Mr. You's declaration and instead has continued to reference and rely upon Mr. You's statements before this Court. (*See* Dkt. 237 at 5–6 (September 12, 2024 status report quoting Mr. You's declaration).)

3

On October 22, 2024, three weeks after Plaintiffs noticed Mr. You's deposition, Google informed Plaintiffs that Mr. You had left his employment with Google and may have retired. Later that same day, Plaintiffs requested that Google inform Plaintiffs whether Google's counsel was representing Mr. You and, if not, requesting Mr. You's last known address and phone number. Plaintiffs again requested this information by email on October 30, 2024. On November 7, 2024, Google informed Plaintiffs that its counsel was representing Mr. You, but that because "he is mostly retired, he would very much like to not have to spend his unpaid time in a deposition" and Google proposed to "find others [at Google] who will have the same information as [Mr. You], rendering his deposition duplicative." Mr. You's testimony has been submitted by declaration in this case already and has been relied upon by Google as recently as September 2024. Nor does it appear Google is likely to withdraw Mr. You's declaration. Plaintiffs are entitled to depose Mr. You.

Plaintiffs also served a Rule 30(b)(6) deposition notice to Google on October 11, 2024. (Dkt. 247.) Google has indicated as recently as November 5, 2024 that it is still seeking to identify a suitable corporate witness to testify on the topics identified by Plaintiffs.

More urgently, Plaintiffs are unable to properly depose any Google witness until Google produces responsive documents. Google's failure to produce a single responsive document to date is unnecessarily delaying depositions and will cause Plaintiffs prejudice should such delays continue given the quickly approaching deadlines for expert reports and the close of discovery.

### III.    PLAINTIFFS HAVE BEEN ENGAGING IN DISCOVERY IN GOOD FAITH

Plaintiffs have informed Google that their electronic devices, which Google requested to inspect via its 2016 Requests for Production, would be available to Google and/or its expert for inspection within the next week. In addition, Plaintiffs are in the process of confirming that no

4

additional documents responsive to Google's Requests for Production are in their possession, custody, or control.

Google has also noticed the depositions of both representative Plaintiffs (Dkt. 243), and Plaintiffs have provided Google with available deposition dates for one Plaintiff during the first week of December and expect to provide Google with available deposition dates for the other representative Plaintiff in a matter of days.

### IV.     CONCLUSION

Plaintiffs look forward to discussing these issues with the Court during the Status Conference on November 14, 2024.

Dated: November 8, 2024                                  Respectfully submitted,

**STRANGE LLP**

*/s/ Brian R. Strange*
Brian Russell Strange
12100 Wilshire Boulevard, Suite 1550
Los Angeles, CA 90025
Tel: 310-207-5055
*brian@strangellp.com*

*Executive Committee Member*


**BARTIMUS, FRICKLETON, and
ROBERTSON, P.C.**

*/s/ James P. Frickleton*
James P. Frickleton
4000 W. 114th Street, Suite 310
Leawood, KS 66211
Tel: 913-266-2300
*jimf@bflawfirm.com*

*Executive Committee Member*

5

**GRYGIEL LAW, LLC**

*/s/ Stephen G. Grygiel*
Stephen G. Grygiel (DE Bar ID #4944)
127 Coventry Place
Clinton, NY 13323
Tel: 407-505-9463
stephengrygiel22@gmail.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of November 2024, I electronically transmitted the foregoing document to the Clerk of the Court using the CM/ECF System, causing the document to be served on all counsel who are registered as electronic filers in the case.

DATED: November 8, 2024  /s/ Brian R. Strange
                          Brian R. Strange