UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE GOOGLE INC. COOKIE PLACEMENT CONSUMER PRIVACY LITIGATION | Case No. 12-MD-2358 (JDW) |
| This Document Relates to:<br>**All Actions** | |

**DEFENDANT GOOGLE LLC'S STATUS REPORT**

Defendant Google LLC ("Google") respectfully files this status report in response to Plaintiffs' status report (D.I. 249) that was filed on November 8, 2024 without warning and without any attempt by Plaintiffs to confer with Google about the issues raised therein. Although Plaintiffs' status report attempts to paint an unflattering picture of Google's efforts to move this case forward, in fact, Google has been trying to do just that while bearing a disproportionate share of the work necessary to do so. Google has no reason to delay discovery in this case because it knows this case cannot succeed procedurally or on the merits. This statement explains (1) Google's unsuccessful efforts to meet and confer with Plaintiffs on key issues, (2) the lack of any discovery from Plaintiffs, and (3) Google's good faith efforts to get discovery rolling.

I. **GOOGLE'S UNSUCCESSFUL EFFORTS TO GET PLAINTIFFS TO DISCUSS THE KEY ISSUES IN THE CASE**

As explained at the prior status conference, this case was filed more than twelve years ago. It was dismissed in its entirety in 2013, and then revived in small part by the Third Circuit in 2015, after which the parties reached a settlement in 2016 that was alternatingly approved and rejected by the courts until it was finally rejected on ascertainability grounds in 2023. As the court stated in the order finally denying settlement approval, "[g]iven that class counsel concede that they

1

cannot meet the feasibility prong of the ascertainability prerequisite, the Court will deny final class certification." (D.I. 219.)

Consequently, the primary question in this case moving forward is, how do Plaintiffs plan to demonstrate that they personally have standing and that the class is ascertainable if there is no way to determine whether any specific person ever received the cookies at issue by the means alleged in the complaint? That question should be discussed and answered (if it even can be) before the parties waste any more time and money on discovery.

Since the last status conference, Google's counsel has repeatedly asked Plaintiffs' counsel to discuss this question so the parties can identify the relevant discovery and streamline the outstanding discovery tasks. Specifically, on September 25, 2024, Google's counsel emailed Plaintiffs' counsel and invited Plaintiffs to discuss "where [Plaintiffs] see this case going" and their plan "for how to tackle the difficult obstacles going forward" for standing and ascertainability of the class. On September 30, 2024, Google's counsel reached out to Plaintiffs' counsel again to discuss "how plaintiffs intend to demonstrate ascertainability" the answer to which "should enable us to shortcut the litigation." On October 22, 2024, Google's counsel again proposed a call to talk about "big picture [] where [Plaintiffs] see the case going" and specifically "how [Plaintiffs] see the class certification hurdles getting cleared."

Yet despite Google's repeated invitations, Plaintiffs' counsel has not responded to discuss these issues since the last status conference. In addition, separately from the threshold question of standing and ascertainability, the remaining privacy claims in the case require plaintiffs to prove (1) Google "intentionally" intruded (2) into a legally protected private matter as to which the plaintiff has "a reasonable expectation of privacy" (3) "in a manner highly offensive to a reasonable person" and "so serious in nature, scope, and actual or potential impact as to constitute

2

an egregious breach of the social norms." *In re Google Inc. Cookie Placement Consumer Privacy Litig.*, 806 F.3d 125, 149–51 (3d Cir. 2015). Those three elements, plus the standing/ascertainability question, represent the four key issues for discovery in this case. Because Google cannot see any way for Plaintiffs to make the required showing for these elements given the facts known to Google, the parties should discuss these facts, and Plaintiffs should explain their plan for proving the elements of their case so that the parties can tailor their discovery efforts to match this plan and avoid unnecessary discovery.

## II. PLAINTIFFS HAVE NOT PRODUCED ANY DISCOVERY

**Interrogatories.** In 2016, Google served interrogatories (Google's Interrogatories Nos. 1-7) on Plaintiffs, for which Plaintiffs responded to each one that "Plaintiff will provide responsive information to the extent he is reasonably able to do so." Yet, more than eight years later and almost two months after the last status conference, they have not provided a single substantive answer to a single interrogatory. The answers provided in 2016 were non-answers that are improper for interrogatories, as Rule 33 requires that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath" "within 30 days after being served with the interrogatories." Fed. R. Civ. P. 33 (b).

**Document Requests.** In 2016, Google served document requests (Google's Requests for Productions Nos. 1-15) on Plaintiffs, for which Plaintiffs responded that they would produce the nonprivileged responsive information. Yet, more than eight years later and almost two months after the last status conference, they have not produced a single document. This is surprising because there are only two plaintiffs left in the case, and they presumably have minimal documents and information. The day before Plaintiffs filed their unilateral status report with the court, they sent an email saying that some, but not all, of the Plaintiffs' computers were at their counsel's

office and would be made available for inspection. But they have not responded to Google's inquiry as to whether those devices have been preserved in their condition since the events at issue occurred. This question is important prior to inspection because if their computers have been used/updated since 2012, the cookie and browsing history on those devices will have been deleted, and the browser's default settings will have been updated. Google expressed this concern at the last status conference and in other correspondence with Plaintiffs' counsel but received no response other than counsel was not "aware of" evidence preservation issues.

**Depositions.** On September 30, 2024, Google noticed the depositions of both named Plaintiffs before any other depositions were noticed in this case. Yet not until November 7, 2024, the day before they filed their status report, did Plaintiffs offer a deposition date for either plaintiff. Even then, Plaintiffs' counsel only offered "an afternoon deposition" for one of the named Plaintiffs, with the date of deposition for the second Plaintiff still to be determined. There is no reason to prematurely limit these depositions to only half a day. And those depositions cannot move forward until all documents and interrogatories have been fully responded to.

### III.    GOOGLE HAS ENGAGED IN GOOD FAITH DISCOVERY EFFORTS

Contrary to what Plaintiffs suggest in their status report, Google has been cooperative, responsive, and transparent in its discovery efforts. Discovery in this case halted eight years ago in 2016 prior to any document reviews and document productions. Since that time, Google has experienced significant turnover in personnel, including among the legal staff who worked on this case over the years and also among the witnesses who previously provided information in this case. Despite these challenges, Google has been making good and timely efforts to get its discovery machine rolling again, as explained below.

**Document Production.** The volume of documents and data originally set aside and preserved for this case is incomprehensibly large. While Google expects that volume of preserved data to be largely non-responsive, it still needs to be reviewed for responsiveness and privilege before anything can be produced. Since the last status conference, Google has gone through great effort to identify and locate the preserved data and to prepare it so that it can be reviewed for production. Google has also undertaken to prepare a draft protective order, Rule 502 order, and ESI protocol that will be provided to Plaintiffs' counsel for review when ready. Such orders will need to be in place prior to any production of discovery. Once those orders are in place, Google should be in a position to begin producing documents on a rolling basis. Even so, this discovery will largely be duplicative of what Google is already willing to stipulate to about the events at issue. Accordingly, Google's counsel has asked Plaintiffs to discuss these issues to determine what discovery can be obviated through stipulation.

**Depositions.** Plaintiffs have noticed the deposition of Lawrence You and Google. Google had always expected in this case that Mr. You would be its designated Rule 30(b)(6) witness for most of the topics at issue. Google's counsel learned just a few weeks ago that Mr. You retired from the company earlier this year and would not likely be able to serve as a Rule 30(b)(6) witness. Upon learning this information, an investigation had to be conducted to both identify a replacement Rule 30(b)(6) witness and to locate Mr. You to discuss the deposition notice served by Plaintiffs for him personally. Due to the turnover of the team at Google and the highly technical facts that are more than 12 years old in this case, Google is still in the process of searching for an appropriate replacement for Mr. You. Google believes that by the time it has completed its document production in this case, it will also have identified and calendared the depositions of its witnesses on the schedule identified by the Court.

Dated: November 13, 2024           **MAYER BROWN LLP**

By: <u>/s/ Anthony J Weibell</u>

Two Palo Alto Square, Suite 300
Palo Alto, CA 94306
(650) 331-2030
aweibell@mayerbrown.com

*Attorney for Defendant Google LLC*

6