# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE GOOGLE INC. COOKIE PLACEMENT CONSUMER PRIVACY LITIGATION | Case No. 12-MD-2358 (JDW) |
| This Document Relates to: **All Actions** | |

## JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER

**WHEREAS**, Plaintiffs and Defendant Google LLC ("Google," collectively with Plaintiffs, the "Parties") anticipate conducting discovery in this litigation.

**WHEREAS**, the Parties anticipate that discovery will involve production of confidential, proprietary, or private information ("Protected Information") for which special protection from public disclosure and from use for any purposes other than prosecuting this litigation may be warranted.

**WHEREAS**, the Parties wish to enter into the attached Protective Order to protect their interests in discovery. The Protective Order is attached as Exhibit A.

**WHEREAS,** the Parties submit that good cause exists for entry of the Protective Order because: (1) public disclosure of such Protected Information could result in an invasion of privacy interests; (2) the information in question will be sought for legitimate discovery purposes in this action; (3) public disclosure of the information could result in business harm as well as embarrassment; (4) this information is anticipated to have no bearing on public health or safety; and (5) the information to be disclosed in discovery will help promote fairness and efficiency as it

will allow the parties to develop their respective theories, claims, and defenses. *See In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d. 662, 671 (3d Cir. 2019). Additionally, no party to this case is a public entity or official, and this case does not involve issues that are of general public concern. *See id.*

**WHEREAS,** without the requested Protective Order, uncontrolled disclosure and use of such Protected Information "will work a clearly defined and serious injury" to the producing party as it could result in public access to sensitive and private information, or public disclosure of confidential technical and business information which may be used by competitors. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994). For example, the Parties expect that highly sensitive and proprietary technical and business information of Google and highly sensitive online access data of Plaintiffs may be produced in discovery, and unrestricted disclosure and use of such information will unnecessarily harm the producing party. *See id.* at 787.

The Parties, therefore, respectfully request the Court to enter the attached Protective Order concerning discovery to be disclosed in this litigation.

*[signatures on next page]*

Dated: November 27, 2024

Respectfully submitted,


*/s/ Brian Russell Strange*

**Strange LLP**
Brian Russell Strange
12100 Wilshire Boulevard, Suite 1550
Los Angeles, CA 90025
brian@strangellp.com


*Executive Committee Member*

*/s/ Anthony J Weibell*

**Mayer Brown LLP**
Anthony J Weibell
Two Palo Alto Square, Suite 300
Palo Alto, CA 94306
(650) 331-2030
aweibell@mayerbrown.com


*Attorneys for Defendant Google LLC*