# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE GOOGLE INC. COOKIE PLACEMENT CONSUMER PRIVACY LITIGATION<br><br>This Document Relates to:<br>**All Actions** | Case No. 12-MD-2358 (JDW)<br><br>**[PROPOSED] ORDER RE: PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL AND RULE 502(D)** |

The Plaintiffs and Defendant (collectively, the "Parties) to the captioned case, by and through their respective counsel, have jointly stipulated to the terms of the Order re: Production of Privileged or Otherwise Protected Material and Rule 502(d) (the "Order").

1. <u>PURPOSES</u>

Pursuant to Federal Rule of Evidence 502(d), any disclosure of communications, information, or documents covered by the attorney-client privilege or work-product protection is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Accordingly, the provisions of Federal Rule of Evidence 502(b) do not apply, and the disclosing party is not required to satisfy the elements of Rule 502(b) to properly assert the attorney-client privilege or work-product protection over disclosed communications, information, and documents.

Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of communications, information, or documents for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

2. <u>NOTICES AND OBLIGATIONS OF THE RECEIVING PARTY</u>

When a producing party gives notice to receiving parties that certain produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return or destroy the specified information and any copies it has and may not sequester, use or disclose the information until the claim is resolved. This includes a restriction against presenting the information to the court for a determination of the claim.

If, during a deposition, a producing party claims that a document being used in the deposition (e.g., marked as an exhibit, shown to the witness, or made the subject of examination) contains material that is privileged or protected work product, the producing party may (a) allow the document to be used during the deposition without waiver of any claim of privilege or other protection; (b) instruct the witness not to answer questions concerning the parts of the document containing privileged or protected material; or (c) object to the use of the document at the deposition to the extent the entire document is privileged or work-product-protected, in which case no testimony may be taken relating to the document during the deposition until the matter is resolved by agreement or by the Court. If the producing party allows the examination concerning the document to proceed consistent with this paragraph, all parties shall sequester all copies of the document(s) in dispute. As to any testimony subject to a claim of privilege or work product, the producing party may serve a notice pursuant to Section 2.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: November 27, 2024

| | |
|---|---|
| */s/ Brian Russell Strange* | */s/ Anthony J Weibell* |
| **Strange LLP** | **Mayer Brown LLP** |
| Brian Russell Strange | Anthony J Weibell |
| 12100 Wilshire Boulevard, Suite 1550 | Two Palo Alto Square, Suite 300 |
| Los Angeles, CA 90025 | Palo Alto, CA 94306 |
| brian@strangellp.com | (650) 331-2030 |
| | aweibell@mayerbrown.com |
| *Executive Committee Member* | *Attorneys for Defendant Google LLC* |

**PURSUANT TO STIPULATION, IT IS SO ORDERED** on this _____ day of

_____, 2024.

_____

Hon. Joshua D. Wolson

United States District Judge