IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: GOOGLE, INC. COOKIE PLACEMENT CONSUMER PRIVACY LITIGATION | Case No. 1:12-md-02358-JDW |

### ORDER

**AND NOW**, this 10th day of November, 2025, following a call with counsel, I note as follows.

1. On June 16, 2025, Plaintiffs filed a Motion To Compel (D.I. 280) seeking production of data field information and underlying data for logs preserved in this case. Plaintiffs requested descriptions of all preserved logs and their fields, as well as the same information for logs that were not preserved.

2. On June 24, 2025, I denied the Plaintiffs' Motion without prejudice and ordered Google to produce five sample values for each requested data field and to provide a sworn statement, describing the work performed and the selection of those samples I also asked the Parties to submit a joint letter addressing the issues they intended to raise in a subsequent telephonic status conference regarding this motion.

3. On July 31, 2025, following a telephone conference with the Parties, I ordered the Parties to submit the following materials:

   a. A copy of the materials Google produced to Plaintiffs on May 13, 2025, listing the logs and data fields Google preserved in this case;

    b. A copy of the transcript from Google's 30(b)(6) deposition regarding the data in the logs;

    c. A copy of the sample data Google produced to Plaintiffs in June 2025;

    d. A copy of the latest request Plaintiffs sent to Google regarding the data logs; and

    e. A list of the data logs that Google has preserved for this case.

4. On October 15, 2025, I held a Zoom discovery hearing with the Parties, and I ordered Plaintiffs to provide Google with a written statement specifying the information their expert(s) require for the ascertainability analysis and ordered that Google must respond indicating whether it can produce the requested information and, if not, identifying any anticipated burdens or limitations. I also directed the Parties to submit a joint letter to the Court, addressing their respective positions and any issues they intended to raise at the following discovery hearing.

5. On October 21, 2025, Plaintiffs provided Google with a statement of the information that they required and the reasons for it in the form of a Declaration from Dr. Zubair Shafiq. Dr. Shafiq explains in his Declaration that he can determine if there is a way to ascertain members of the class if Google provides him with the names of the data logs that have "GAIA identifiers," a list of the data logs with "Biscotti identifiers," and one day's data for each log. Google responded that it does not have any logs that

it preserved with GAIA identifiers, but Dr. Shafiq offers a declaration that claims Google's statement is untrue.

6. I have no basis to disbelieve Google's statement. Dr. Shafiq's rebuttal declaration is not expert analysis; it is either speculation or fact testimony for which he lacks a foundation. I therefore do not credit it.

7. In any event, it is unclear why it took Plaintiffs a year in discovery to make these requests to Google. I have issued several scheduling orders in the case indicating that discovery was ending, and Plaintiffs have known since before discovery began that ascertainability was a principal concern in the case. Yet for most of that year, Plaintiffs did not explain that they need this specific information, why they need it, or how it would advance their ascertainability analysis. Even now, Dr. Shafiq does not know if this data would permit him to ascertain who the members of the proposed class are.

8. While I did not require a formal expert declaration like the one from Dr. Shafiq, Plaintiffs should have provided Google a timely, specific explanation of the information they sought and their intended use much earlier in discovery. They failed to do so, instead waiting until the tail end of discovery to raise broad and ill-defined requests for additional data. Google, meanwhile, has represented that it conducted a reasonable search and found no preserved data logs from the relevant period. Reopening depositions or compelling further production at this stage would impose

disproportionate burdens on Google and serve no meaningful purpose, particularly considering Plaintiffs' belated and speculative approach.

9. Google is also not required to provide Plaintiffs with a list of preserved logs containing Biscotti identifiers or to produce additional information concerning Biscotti data. Plaintiffs may not advance new or different theories concerning Biscotti data at this stage. Plaintiffs' expert's failure to articulate a definitive methodology for the ascertainability analysis also diminishes the significance of this request and alters the proportionality analysis under Fed. R. Civ. P. 26(b)(1).

10. Discovery in this case has been ongoing for a year and must now come to an end.

Therefore, it is **ORDERED** as follows:

1. On or before November 14, 2025, the Parties shall confer and advise my Chambers via email which documents or materials they wish to have placed on the public docket, with any motion to filed by that date;

2. The Parties shall complete all discovery no later than November 14, 2025; and

3. On or before January 16, 2026, Plaintiffs shall file any motion for class certification.

4

**BY THE COURT:**

/s/ Joshua D. Wolson
JOSHUA D. WOLSON, J.