UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE GOOGLE INC. COOKIE PLACEMENT CONSUMER PRIVACY LITIGATION | Case No. 12-MD-2358 (JDW) |
| This Document Relates to:<br>**All Actions** | |

**<u>GOOGLE LLC'S MOTION TO SEAL DOCUMENTS</u>**

**<u>SUMBITTED IN CONNECTION WITH DISCOVERY DISPUTE</u>**

## TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................................. 1

BACKGROUND ................................................................................................................... 2

ARGUMENT ......................................................................................................................... 4

I.    APPLICABLE LEGAL STANDARD ...................................................................... 4

II.    CATEGORIES OF DOCUMENTS SOUGHT TO BE SEAL ......................................... 6

    A.    Google's Confidential Internal Information:  Exhibits 2, 5, 7, and 12 ................... 6

    B.    Portions of Google's 30(b)(6) Deposition Transcripts:  Exhibits 4 and 6 ............. 9

    C.    Narrowly Tailored Redactions for Additional Documents Containing Confidential Information ................................................................................... 11

CONCLUSION ..................................................................................................................... 13

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Avandia Marketing, Sales Practices and Prods. Liab. Litig.*,
  924 F.3d 662 (3d Cir. 2019)......................................................................................4, 5, 6

*Avco Corp. v. Turner*,
  Case. No. 2:20-cv-04073, 2021 WL 3487321 (E.D. Pa. Aug. 9, 2021) .....................................7

*Dobson v. Milton Hershey School*,
  434 F. Supp. 3d 224 (M.D. Pa. 2020)...............................................................................6

*Doe A.F. v. Lyft, Inc.*,
  Civ. No. 23-3990, 2024 WL 4466675 (E.D. Pa. Oct. 9, 2024).................................................6

*Leucadia, Inc. v. Applied Extrusion Technologies, Inc.*,
  998 F.2d 157 (3d Cir. 1993)...........................................................................................5, 6

*PACT XPP SCHWEIZ AG V. Intel Corp.*,
  Case No. 1:19-cv-01006, 2022 WL 22905010 (E.D. Pa. Aug. 10, 2022) ................................7

*Seattle Times v. Rhinehart*,
  467 U.S. 20 (1984).........................................................................................................5

*Veikos v. Trs of the Univ. of Pa.*,
  Case No. 2:20-cv-004408, 2021 WL 4306024 (E.D. Pa. Sept. 22, 2021)............................4, 5

**Other Authorities**

Federal Rule of Civil Procedure 5 ......................................................................................5

Federal Rule of Civil Procedure 26 ..................................................................................5, 6

## INTRODUCTION

On June 16, 2025, plaintiffs filed a Motion to Compel Production of Data Logs ("Motion to Compel"). Dkt. 280. At the time, plaintiffs were asking Google LLC ("Google") to produce voluminous data from logs in an effort to determine whether there is any feasible way for plaintiffs to satisfy the Third Circuit's ascertainability requirement to maintain a class action. On June 24, 2025, the Court denied the Motion to Compel without prejudice. Dkt. 282. The Court also Ordered Google to produce sample data similar to what Google previously offered plaintiffs and instructed the parties to make a joint submission by July 18, 2025. *Id*.

The Court held a preliminary informal hearing on this discovery dispute on July 31, 2025. After the hearing, the Court issued an Order directing the parties to submit to the Court (via email) certain information including, *inter alia*, confidential information Google produced to plaintiffs in this litigation and confidential deposition testimony from Google's 30(b)(6) witnesses. Dkt. 288. On August 8, 2025, the parties submitted to the Court – but did not file – a Joint Submission letter, which included 12 exhibits. At the time, Google had no expectation that any of these materials would be placed on the public docket for this case or otherwise made available for anything other than in camera review by the Court.

On October 15, 2025, the Court held another hearing on this discovery dispute. During the hearing, the Court indicated an intention to place these materials on the docket subject to any motion to seal Google wishes to file. The Court also instructed the parties to submit a joint letter with any supplemental information by October 29, 2025 and held a follow up hearing on October 31, 2025. After the hearing, the Court issued an Order resolving the discovery dispute. The Court reiterated an intention to place some or all of the parties' submissions on the public docket and indicated any motion to seal should be filed by November 14, 2025.

1

Google respectfully submits this Motion to Seal ("Motion") asking the Court to seal only limited portions of certain documents submitted in connection with this dispute.

## BACKGROUND

The discovery dispute prompting this Motion to Seal relates solely to information purportedly needed by plaintiffs' expert to determine whether or not he could manufacture a methodology by which plaintiffs could ascertain a class. Plaintiffs demanded detailed information about Google's log data, even though Google had repeatedly explained that the data was not sufficient to reliably identify the individuals who are members of the putative class that Plaintiffs seek to certify for litigation. This Motion to Seal concerns documents prepared and/or submitted to the Court in the course of addressing the dispute, as described below.

At the January 21, 2025 status conference, the parties and the Court agreed that Google did not have to produce the log data at that time but could instead produce a description of the log data in its possession. Google produced this description along with sample data from the logs on February 5, 2025. *See* Joint Submission, Ex. 2. On March 14, 2025, Plaintiffs served document requests asking Google to produce voluminous, irrelevant log data. Google timely objected to those requests on April 14, 2025, and the parties thereafter began to meet and confer about the requests.

On May 2, 2025, Plaintiffs agreed that Google did not have to produce the requested log data at that time but could instead produce a description of potentially relevant data fields, stating "Plaintiffs agree that this is a reasonable first step, which will, we hope, allow the parties to narrow in on a more limited universe of data fields." Google thereafter produced the agreed-upon data field descriptions on May 13, 2025. On May 16, 2025, Plaintiffs asked for 100,000 rows of data

2

from 40 different data fields from three different time periods, seeking hundreds of thousands of rows of data.

On June 12, 2025, Google proposed producing sample data for each of the data logs identified. Four days later, on June 16, 2025, Plaintiffs' counsel responded that the proposed sample size was too small, rejecting Google's proposed compromise because "neither Plaintiffs' counsel nor their experts can 'know what they don't know' about the data's content."

On July 31, 2025, the Court held an informal discovery conference, after which the Court ordered that, by August 8, 2025, the parties jointly submit certain documents for in camera review: (1) materials Google produced on May 13, 2025, which lists the logs and data fields that Google has preserved in this case; (2) a copy of the transcript from Google's 30(b)(6) deposition about the data in the data logs; (3) the sample data Google produced in June 2025; (4) the latest request plaintiffs sent to Google regarding the data logs; and (5) a list of the data logs that Google has preserved for this case. Dkt. 288. On August 8, 2025, the parties submitted by email a Joint Submission letter and 12 exhibits.

On October 15, 2025, the Court held a hearing on this discovery dispute and stated that it would put the Joint Submission, and its exhibits, on the public docket. The Court invited Google to file a motion to seal to the extent Google wished to seal any portions of the Joint Submission and/or exhibits. The Court also "ordered Plaintiffs to provide Google with a written statement specifying the information their expert(s) require for the ascertainability analysis and ordered that Google must respond indicating whether it can produce the requested information and, if not, identifying any anticipated burdens or limitations." Dkt. #293 at ¶ 4. The Court also instructed the parties to submit a joint letter "addressing their respective positions and any issues they intended to raise at the following discovery hearing." *Id*.

3

On October 29, 2025, the parties made a joint submission. Plaintiffs, who refused to share their position with Google before the filing, submitted a ten-page letter along with an expert declaration and 12 additional exhibits, several of which included sensitive, confidential information.

After the Court's follow up informal discovery conference on October 31, 2025, the Court issued an Order holding: "Reopening depositions or compelling further production at this stage would impose disproportionate burdens on Google and serve no meaningful purpose, particularly considering Plaintiffs' belated and speculative approach." Dkt. #293 at ¶ 8. The Court ordered the parties to "complete all discovery no later than November 14, 2025" and file any motion to seal by the same date. *Id*. at Order ¶¶ 1-2 (p. 4).

## ARGUMENT

**I. APPLICABLE LEGAL STANDARD**

As set forth by the Third Circuit in *Avandia Marketing, Sales Practices and Prods. Liab. Litig.*, 924 F.3d 662 (3d Cir. 2019), courts "apply three distinct standards when considering various challenges to the confidentiality of documents." *Id*. at 670. Although "'there is a presumptive right of public access to pretrial motions of a **nondiscovery nature**, whether preliminary or dispositive, and the material filed in connection therewith,'" a lower standard applies to material submitted in connection with a discovery dispute. *Id*. at 672 (emphasis added) (citation omitted). Applying *Avandia*, this Court explained, "courts apply a different standard when they preserve the confidentiality of discovery materials and when they preserve the confidentiality of court documents." *Veikos v. Trs of the Univ. of Pa.*, Case No. 2:20-cv-004408, 2021 WL 4306024, at *2 (E.D. Pa. Sept. 22, 2021).

Here, Google seeks to seal portions of documents submitted in connection with a discovery dispute, which are "[a]nalytically distinct" from judicial materials related to a merits-based decision. *Avandia*, 924 F.3d at 672; *Veikos*, 2021 WL 4306024, at *2 ("The standard for sealing documents is analytically distinct from, and more rigorous than, the standard for preserving confidentiality of discovery materials.").

In *Leucadia, Inc. v. Applied Extrusion Technologies, Inc.*, 998 F.2d 157, 164 (3d Cir. 1993), the Third Circuit was "reluctant for several reasons to extend the common law presumption of access [to discovery motions.]" First, the United States Supreme Court's decision in *Seattle Times v. Rhinehart*, 467 U.S. 20 (1984) noted that "'pretrial deposition and interrogatories are not public components of a civil trial. Such proceedings were not open to the public at common law and, in general, they are conducted in private as a matter of modern practice.'" *Leucadia*, 998 F.2d at 164.

A second factor was "a holding that discovery motions and supporting materials are subject to a presumptive right of access would make raw discovery, ordinarily inaccessible to the public, accessible merely because it had to be included in motions precipitated by inadequate discovery responses or overly aggressive discovery demands." *Id*. (noting, "we do not know what the effect would be on the discovery process itself of holding such discovery presumptively accessible").

With respect to the third factor, the *Leucadia* Court explained, "we see little need to extend the federal common law to discovery motions at this time when there is in existence a source of law for the normative rules governing public access to discovery materials, that is Rules 5(d) and 26(c) of the Federal Rules of Civil Procedure." *Id*. at 165. Accordingly, the Third Circuit clearly held that "there is a presumptive right to public access to all material filed in connection with

5

nondiscovery pretrial motions, . . . but no such right as to discovery motions and their supporting documents." *Id*.

As noted above, this holding was reconfirmed by the Third Circuit in *Avandia*, which limited presumptive public access to "nondiscovery" motions. 924 F.3d at 670; *see also Doe A.F. v. Lyft, Inc.*, Civ. No. 23-3990, 2024 WL 4466675, at *3 (E.D. Pa. Oct. 9, 2024) ("Lyft moves to seal documents that are filed with, and in opposition to, Plaintiff's motion to compel. So, the Court finds that the common law right of public access does not apply[.]").

When confidentiality is sought to be preserved under a protective order, the party seeking protection "must demonstrate that 'good cause' exists for the order." *Avandia*, at 671. As explained by one court, "[t]he lowest level of scrutiny attaches to requests to preserve, or to continue to preserve, the confidentiality of discovery materials pursuant to a protective order under Federal Rule of Civil Procedure 26." *Dobson v. Milton Hershey School*, 434 F. Supp. 3d 224, 232 (M.D. Pa. 2020).

Here, Google's Motion to Seal seeks to seal only limited portions of documents submitted to the Court in connection with the parties' discovery dispute. Accordingly, Google respectfully requests that the Court grant this Motion to Seal with respect to the documents discussed below.

## II. CATEGORIES OF DOCUMENTS SOUGHT TO BE SEAL

Google has carefully reviewed the numerous documents that plaintiffs submitted in connection with this discovery dispute and is only seeking to seal limited, narrowly-tailored portions of the submissions that disclose confidential information.

### A. Google's Confidential Internal Information: Exhibits 2, 5, 7, and 12

In connection with the August 8, 2025 joint submission, the parties submitted four exhibits (2, 5, 7, and 12) that contain confidential information relating to the data is collected, stored,

maintained, and structured by Google. *See* Declaration of Benjamin Kornacki in Support of Motion to Seal ("Kornacki Decl.") at ¶¶ 11-16. This Court has recognized that sealing is appropriate for documents containing "descriptions and references to source code, technical specifications, internal component descriptions, and architectural diagrams. This highly technical, non-public information is the type of confidential business information that courts will protect from disclosure." *PACT XPP SCHWEIZ AG V. Intel Corp.*, Case No. 1:19-cv-01006, 2022 WL 22905010, at *3 (E.D. Pa. Aug. 10, 2022). This Court held that Intel demonstrated that "making this information public and available to its rivals 'would provide Intel's competitors with otherwise confidential [information] regarding how Intel writes software and organizes data structures for its proprietary applications." *Id*.

Similarly, in another case, this Court held, "[t]rade secrets or other confidential research, development, or commercial information are the types of information that courts will protect." *Avco Corp. v. Turner*, Case. No. 2:20-cv-04073, 2021 WL 3487321, at *3 (E.D. Pa. Aug. 9, 2021) (granting motion to seal "engineering and internal testing information" because "it treats the information in these documents as confidential in the ordinary course of its business and that the disclosure of this information would permit Avco's competitors a shortcut around the arduous research-and-development process that Avco undertook to develop its products."). These cases support the very limited sealing proposed by Google on this discovery dispute. The under-seal versions of the documents submitted in connection with this Motion are highlighted to show the limited portions that Google asks to seal, with the exception of Exhibit 7, which consists entirely of highly confidential data.

- **Exhibit 2:** This document is a "Data Log Overview," which explains the manner in which Google stores data and includes descriptions of types of logs, discloses in detail the data

recorded in certain logs, and includes two samples of actual log entries. *See* Kornacki Decl. at ¶ 13 (document provides "detail regarding all of the kinds of data maintained for the specific logs, including what fields are maintained in which log, how each log is structured, the format of each data field, and the degree of detail maintained in the records.").

- **Exhibit 5**: This document contains detailed information concerning sensitive Google data, including specific log names, data fields, and descriptions of those fields. As with the other exhibits in this category, this document discloses highly-sensitive information regarding the manner in which Google maintains and stores data. *Id*. at ¶ 14 (document consists of "the names of data fields, data logs, and definitions for the data fields . . . provid[ing] direct and detailed insight into what information Google maintains, how it uses and organizes it, and how its advertising systems work.").

- **Exhibit 7:** This document contains Google's sample log data produced to plaintiffs on June 25, 2025 in connection with this discovery dispute. This document contains highly confidential information including: sample values from the actual data logs for the data fields requested. The document contains detailed technical information about Google's logs, the specific fields within the logs, the format of the fields, and the detail of the fields, all of which is highly confidential and sensitive. *Id*. at ¶ 15 (document is a data sample containing "detailed technical information about Google's logs, the specific fields within the logs, the format of the fields, and the detail of the fields is highly confidential and sensitive.").

- **Exhibit 12:** This document is a list of data logs preserved by Google for this litigation. The names of the data logs, and even the number of such logs, provides insight into the

manner in which Google maintains, stores, and classifies data. *Id*. at ¶ 16 (document containing data that "reflect how Google maintains and organizes data.").

Making these documents publicly available would provide Google's competitors, as well as potential malicious actors, with insight into the manner that Google collects, maintains, stores, and processes data. *Id*. at ¶ 12. While the litigation involves dated issues relating to alleged conduct in 2011 and 2012, information in these documents also relates to Google's current systems, both in that they reflect how Google currently maintains and accesses data and in that aspects of Google's operations in the 2011-2012 time period are still relevant to its operations today. *Id*. at ¶ 12.

Moreover, understanding the data itself is not important to the resolution of the discovery dispute, further undercutting any public interest in the documents at this stage of the litigation. The portions of these documents that Google seeks to seal contain highly technical information that will not be helpful to the vast majority of the public. Critically, Google has proposed very limited redactions to the parties' substantive arguments about the significance of the data and of the relevant exhibits.

### B. Portions of Google's 30(b)(6) Deposition Transcripts: Exhibits 4 and 6

In May 2025, Google provided two 30(b)(6) witnesses to testify on broad topics related to, among other things, Google's highly sensitive technical information and confidential business practices. *See* Joint Submission, Ex. 3. These depositions span over 300 pages each, disclosing highly sensitive information regarding Google's operations including, among other things, confidential information relating to: (1) Google's internal policies and procedures; (2) how Google maintains, structures, and uses data, including detailed discussion of specific data fields and data logs; (3) Google's technology and capability for searching and organizing existing data; (4) limited

9

aspects of Google's processes for product development; and (5) portions of Google's business plans and internal strategy. Kornacki Decl. ¶ 18. Many of the exhibits used during the depositions were confidential internal Google documents reflecting these categories of information. *Id.*

Because the data logs were an issue in each deposition, Google submitted both deposition transcripts in response to the Court's July 31, 2025 Order.

To the extent the limited information that Google seeks to seal in these transcripts were to become public, Google's competitors, potential business partners, and other third parties would gain detailed information and insight into Google's confidential business operations, including data maintenance, storage, and structure. *Id*. at ¶ 19. For example, as further discussed in the accompanying declaration of Benjamin Kornacki, "this information would provide insight into what data Google maintains and how Google uses, processes, and stores data as well as confidential business plans and strategies" and would "allow third parties to infer details regarding Google's operations and strategies." *Id.* Mr. Deprey's deposition (Exhibit 4), for example, "discusses sensitive technical details regarding data that Google logs and maintains; specific kind of technical analysis performed by Google, including how it is conducted, the results, their interpretation, and what analysis is used for; Google's analytical capabilities and tools; detailed information regarding how Google serves advertising; and sensitive business practices." *Id.* at ¶ 20. Mr. Ochotta's deposition (Exhibit 6), "discloses highly sensitive and confidential details regarding data that Google logs and maintains, including how it processes and uses its data and how data can be accessed today; Google's analytical capabilities and tools; technical information regarding how Google serves advertising; details regarding how Google implements code changes; and sensitive business practices." *Id.* ¶ 21.

10

### C. Narrowly Tailored Redactions for Additional Documents Containing Confidential Information

Google requests very narrow redactions to an additional set of documents containing occasional references to the same type of confidential information discussed above relating to Google's technology, strategies, and internal practices as well as how Google's data is stored, organized, and maintained. These documents include: (1) the parties' August 8, 2025 Joint Submission; (2) Exhibits 8-10 to the August Joint Submission; (3) the parties' October 29, 2025 Joint Submission; (4) plaintiffs' Exhibits A and B to the October Joint Submission; and (5) extremely narrow redactions to the October 15, 2025 hearing transcript. *See* Kornacki Decl. at ¶ 22.

**August Joint Submission Letter**: In this 12-page letter, Google respectfully requests the redaction of only a few words/lines to keep confidential: (1) the names of Google's internal data fields and a description of what is contained in one such data field; and (2) limited information regarding the size of data and costs incurred in connection with preserving data in this litigation. *Id*. at ¶ 24 (document contains references to confidential information relating to data field names and definitions, types and volume of data, and quantification of burden related to such data).

**Exhibit 8**: This document is a declaration submitted by a Google employee in connection with this discovery dispute. Google seeks only minimal redactions to keep confidential the names of Google's internal data fields, and the volume, structure, and content of Google's data. *Id*. at ¶ 25 (narrow redactions relate to confidential data logs).

**Exhibit 9**: This document is a July 17, 2025 email from Google's counsel to plaintiffs' counsel regarding this discovery dispute. Google respectfully requests limited redactions to maintain the confidentiality of information about the names of Google's internal data fields, the values of data contained within such fields, and the testing/storage of data. *Id*. at ¶ 26 (document contains

11

confidential information relating to data fields and values as well as data storage and product testing).

**Exhibit 10**: This document is a July 21, 2025 letter from plaintiffs' counsel to Google regarding this discovery dispute. Google respectfully requests limited redactions to maintain the confidentiality of the names of Google's internal data fields and the data contained therein including quotations from a confidential, internal Google document. *Id*. at ¶ 27 (letter discloses confidential log data to plaintiffs).

**October Joint Submission Letter**: Similar to the August Joint Submission Letter, Google only seeks to seal limited information, namely two lines providing details regarding what data Google stores and how Google's data is maintained and organized. *Id*. at ¶ 28 (narrow redactions relating to "details regarding what Google stores and how Google's data is maintained and organized.").

**Exhibit A (Affidavit of Professor Shafiq)**: Google seeks limited proposed redactions to preserve the confidentiality of: (1) data field names/definitions (e.g., pp. 6, 9, 10); (2) types/volume of data preserved by Google (e.g., pp. 5-6); and (3) quantified burden to Google associated with the maintenance and processing of the data (e.g., p. 12). *Id*. at ¶ 29 (affidavit discloses "data field names/definitions" as well as "types/volume of data preserved by Google" and the burden of maintaining the data).

**Exhibit B (Internal Google Document)**: Google's proposed redactions for this document are limited to a handful of lines discussing Google's confidential information relating to its internal structure, storage, and processing of data. *Id*. at ¶ 30 (document contains limited references to "Google's confidential information relating to its internal structure, storage, and processing of data.").

**October 15, 2025 Hearing Transcript**:   Google only seeks to redact the number and names of the data logs discussed.  As discussed above, this information would provide insight into what information Google maintains and how Google uses, processes, and stores data.  *Id*. at ¶ 31 (transcript contains references to "the number and names of the data logs . . . this information would provide insight into what information Google maintains and how Google uses, processes, and stores data.").

## CONCLUSION

For the reasons set forth above, Google respectfully requests that the Court grant this Motion to Seal.

Dated: November 14, 2025            **MAYER BROWN LLP**

By: /s/ *Anthony J Weibell*
Anthony J Weibell
Two Palo Alto Square, Suite 300
Palo Alto, CA 94306
(650) 331-2030
aweibell@mayerbrown.com
*Attorneys for Defendant Google LLC*

13