# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: GOOGLE, INC. COOKIE PLACEMENT CONSUMER PRIVACY LITIGATION | Case No. 1:12-md-02358-JDW |

## ORDER

**AND NOW**, this 12th day of December, 2025, upon consideration of Google LLC's Motion To Seal Documents Submitted In Connection With Discovery Dispute (D.I. 294), the Court notes as follows.

1. The common law presumes that the public has a right of access to judicial records. *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). "In the Third Circuit, the right is particularly robust." *In re Application of Storag Etzel GmbH for an Ord., Pursuant to 28 U.S.C. § 1782, to Obtain Discovery for Use in a Foreign Proceeding*, No. 19-cv-209, 2020 WL 2949742, at *7 (D. Del. Mar. 25, 2020), *report and recommendation adopted in part*, 2020 WL 2915781 (D. Del. June 3, 2020). "A 'judicial record' is a document that 'has been filed with the court … or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings.'" *Avandia*, 924 F.3d at 672 (quotation omitted). To overcome the strong presumption of access that attaches to judicial records, a movant must show that an interest in secrecy outweighs the presumption by demonstrating that the material is the kind of information that courts will

protect **and** that disclosure will work a clearly defined and serious injury to the party seeking closure. *See id.* (emphasis added).

  2.  A party seeking to file material under seal must make a specific showing; "[b]road allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *Id.* at 673 (quotation omitted). The Court "must 'conduct[ ] a document-by-document review'" to determine whether sealing is warranted. *Id.* (same). That standard does not vary depending on the level of public interest in a case or which members of the public might be interested in it. "Things that typically weigh against the necessity of sealing include that the information is old, or general, or already in the public record[.]" *Delaware Display Grp. LLC v. LG Elecs. Inc.*, 221 F. Supp. 3d 495, 497 (D. Del. 2016).

**Google's Confidential Internal Information:  Exhibits 2, 5, 7, and 12**

  3.  Google moves to seal select portions of Exhibits 2, 5, and 12, and all of Exhibit 7, which the Parties submitted with their Joint Submission Letter dated August 8, 2025. Exhibit 2 is a document that describes Google's data logs and includes two data logs. Exhibit 5 is a list of Google's logs and data field descriptions. Exhibit 7 is a sample of Google's log data. Exhibit 12 is a list of the data logs that Google preserved for this litigation.

  4.  Google argues that the designated materials contain highly sensitive information describing how Google stores and organizes data, including explanations of log types and structures, lists of log names and data fields, definitions of those fields,

2

samples of log entries, and a list of logs preserved for this litigation. According to Google, if this information were disclosed to the public, that disclosure would "provide Google's competitors, as well as potential malicious actors, with insight into the manner that Google collects, maintains, stores, and processes data." (D.I. 294 at 12.) Google further asserts that although the litigation concerns conduct from 2011 and 2012, the harm from disclosure remains substantial because the materials also reflect aspects of Google's current systems, both in how Google presently maintains and accesses data and in the continued relevance of certain operational practices from that period. Google supports its request with a Declaration explaining that disclosure would reveal the structure and contents of its data logs, the fields and formats they contain, sample values from log entries, and the scope of the logs preserved for this litigation.

5. Having reviewed the Exhibits and considered Google's arguments, I am persuaded that Google has rebutted the presumption of public access to judicial materials. The information that Google seeks to seal is clearly of the kind that courts will protect. *See J Morita Mfg. Corp. v. Dental Imaging Techs. Corp.,* No. CV 21-0663-KSM, 2021 WL 4078036, at *1 (E.D. Pa. June 1, 2021); *Nitto Denko Corp. v. Hutchinson Tech. Inc.,* No. CV 16-3595 (CCC/MF), 2017 WL 2782639, at *2 (D.N.J. Mar. 3, 2017). Google has also made specific showings that it would experience defined and serious injury if this information were public. The age of some underlying data does not eliminate that risk

because the materials describe foundational features of Google's systems that remain relevant to its current operations.

**Portions of Google's 30(b)(6) Deposition Transcripts:  Exhibits 4 and 6**

6. Google also moves to seal limited portions of Exhibits 4 and 6, the 30(b)(6) deposition transcripts of Benigne Deprey and Emil Ochotta, taken in May 2025. Google asserts that these transcripts contain "highly sensitive technical information and confidential business practices," including testimony regarding "Google's internal policies and procedures," "how Google maintains, structures, and uses data," "Google's technology and capability for searching and organizing existing data," "limited aspects of Google's processes for product development," and "portions of Google's business plans and internal strategy." (D.I. 294 at 12-13.) Because the data log issues were addressed throughout both depositions, Google submitted the full transcripts in response to my Order dated July 31, 2025.

7. Google contends that disclosure of the material it seeks to seal would give competitors and other third parties insight into "Google's confidential business operations, including data maintenance, storage, and structure," and would "allow third parties to infer details regarding Google's operations and strategies." (*Id.* at 13.) According to Google, such disclosure would also enable competitors to gain an unfair advantage, including by tailoring their own products to divert business from Google. (D.I. 294-1 at 6.) As explained in the Declaration, Mr. Deprey's testimony "discusses sensitive technical

details regarding data that Google logs and maintains," the technical analyses Google performs, its analytical tools, "detailed information regarding how Google serves advertising," and other "sensitive business practices." (D.I. 294 at 13; D.I. 294-1 at 6.) The Declaration further states that Mr. Ochotta's testimony likewise "discloses highly sensitive and confidential details regarding data that Google logs and maintains, including how it processes and uses its data and how data can be accessed today," along with information about Google's analytical capabilities, advertising service systems, code-change processes, and related business practices. (D.I. 294 at 13; D.I. 294-1 at 6–7.)

8. Google has presented evidence that competitors could use this information to gain an unfair advantage and that disclosure could cause Google a significant competitive disadvantage. The proposed redactions of the 30(b)(6) deposition transcripts are warranted and are the least restrictive means available to protect Google's confidential information. See *PACT XPP Schweiz AG v. Intel Corp.,* No. 1:19-CV-01006-JDW, 2024 WL 3539018, at *2 (D. Del. May 9, 2024); *Avco Corp. v. Turner*, Case No. 2:20-cv-04073, 2021 WL 3487321, at *3 (E.D. Pa. Aug. 9, 2021).

**Narrowly Tailored Redactions for Additional Documents Containing Confidential Information**

9. Google requests redactions to an additional set of documents that occasionally refer to the same confidential information discussed above, including Google's technology, internal strategies, and practices, as well as how Google's data is stored, organized, and maintained. These documents include the Parties' Joint Submission

5

Letter dated August 8, 2025, and Exhibits 8–10 to that Letter, the Parties' Joint Submission Letter dated October 29, 2025, and Plaintiffs' Exhibits A and B to that submission, and the transcript from the hearing on October 15, 2025.

10. Google seeks to redact a few words or lines in the Joint Submission Letter dated August 8, 2025, to protect "the names of Google's internal data fields and a description of what is contained in one such data field" and information regarding the size of data and the costs of preserving it. (D.I. 294 at 14.) Exhibit 8, a declaration from a Google employee, contains redactions that protect internal data field names and the volume, structure, and content of Google's data. Exhibits 9 and 10 consist of an email from Google's counsel to Plaintiffs' counsel dated July 17, 2025, and a letter from Plaintiffs' counsel to Google dated July 21, 2025. These documents contain limited redactions of data field names, field values, and information about Google's data content, testing, and storage.

11. The Joint Submission Letter dated October 29, 2025, includes two lines that Google proposes to redact about "what data Google stores and how Google's data is maintained and organized." (*Id.* at 15.) Exhibits A and B follow the same approach. Exhibit A, the affidavit of Professor Shafiq, includes redactions of the data field names and definitions, the types and volume of data preserved, and the burden associated with maintaining and processing the data. (*Id.*) Exhibit B contains a small number of redacted lines about Google's internal structure, storage, and data processing. (*Id.*) The hearing

6

transcript contains redactions of the number and names of data logs discussed, which could reveal "what information Google maintains and how Google uses, processes, and stores data." (*Id.*)

12. Although Google does not provide a line-by-line justification for each redaction under the governing sealing standard, it has already explained—through the two categories described above and the supporting Declaration—why sealing should apply to each proposed redaction and why Google overcomes the presumption of public access. The redactions at issue concern the same types of confidential technical and business information previously identified, including Google's internal data structures and operational practices. Having reviewed the nature of this information and the narrow scope of the proposed redactions, I am satisfied that Google has met its burden. The redacted material falls within the category of sensitive information that courts routinely protect, and its disclosure could reasonably be expected to cause competitive harm by enabling competitors or third parties to capitalize on Google's work product, replicate aspects of its systems, or use the information to intercept or extract data or infer key business metrics. (D.I. 294-1 at 7; D.I. 296 at 9.)

Therefore, it is **ORDERED** that Google LLC's Motion To Seal Documents Submitted In Connection With Discovery Dispute (D.I. 294) is **GRANTED**.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.