**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| **IN RE GOOGLE INC. COOKIE PLACEMENT CONSUMER PRIVACY LITIGATION** | **Case No. 12-MD-2358 (JDW)** |
| **This Document Relates to: All Actions** | |

## DECLARATION OF STEPHEN G. GRYGIEL IN SUPPORT OF <u>PLAINTIFFS' MOTION FOR CLASS CERTIFICATION</u>

**STRANGE LLP**

*/s/ Brian R. Strange*
Brian Russell Strange
12100 Wilshire Blvd., Suite 1550
Los Angeles, CA 90025
Tel: 310-207-5055
*brian@strangellp.com*

*Executive Committee Member*

**BARTIMUS, FRICKLETON, ROBERTSON, RADER, P.C.**

*/s/ James P. Frickleton*
James P. Frickleton
4000 W. 114th Street, Suite 310
Leawood, KS 66211
Tel: 913-266-2300
*jimf@bflawfirm.com*

*Executive Committee Member*

**GRYGIEL LAW, LLC**

*/s/ Stephen G. Grygiel*
Stephen G. Grygiel (DE Bar ID #4944)
127 Coventry Place
Clinton, NY 13323
Tel: 407-505-9463
*stephengrygiel122@gmail.com*

*Executive Committee Member*

I, Stephen G. Grygiel having first been duly sworn, declare:

1.      I am the sole lawyer in my own firm, Grygiel Law, LLC.  I am one of the lead counsel appointed by the Court in this MDL and am a member of the Executive Committee in this case.  This declaration is based on my own personal knowledge.  If called to testify, I could and would competently testify hereto under oath.

2.      I submit this declaration in support of Plaintiffs' Motion for Class Certification, which seeks certification of the Class under Rules 23(b)(2) and 23(b)(3), for the appointment of Plaintiffs Jose M. Bermudez and Mitchel Balmayne as Class Representatives, and for the appointment of Class Counsel to represent the Class.

3.      I graduated from Harvard Law School in 1986, clerked for the Chief Justice of Maine's Supreme Judicial Court for a year, and began practicing law in August 1987.

4.      Before founding my own firm, I was a partner in the nationally prominent plaintiffs' class action firm of Grant & Eisenhofer in Delaware, where I had very substantial first-chair roles in many large class actions, including in securities, pharmaceutical marketing, and employment cases.

5.      I subsequently handled class action work at Keefe Bartels (New Jersey), successfully leading a large class action to a settlement in a franchisee rights case.

6.      Later, as a partner in Baltimore's Silverman Thompson Slutkin & White, I played a lead role in class actions involving the misapplication of medicines by the National Football League ("NFL") and the NFL's member clubs.  While at Silverman Thompson, I was also a lead counsel in an MDL class action in the Federal District Court for Minnesota (St. Paul), against the National Hockey League ("NHL"), concerning head trauma and concussions.  I took many of the depositions (including those of the NHL's Commissioner, Deputy Commissioner and Senior

2

Vice President), successfully argued against the NHL's Motion to Dismiss, argued numerous other motions, argued (unsuccessfully) the motion for class certification, and played a central role in bringing the case to a successful resolution. *See In re National Hockey League Players' Concussion Litigation,* 0:15-cv-00472, MDL No. 14-2551 SRN/JSM.

7. Most recently, I was one of the two lead counsel and Executive Committee Member in a substantial privacy rights case, *In re Facebook Internet Tracking Litigation,* 5:12-md-02314-EJD (N.D. Cal.), which, after a decade of litigation, including an appeal, and Supreme Court briefing on the Defendant's petition for a writ of certiorari on a key issue in privacy rights litigation ("the party to the communication" defense), and some twenty (20) hours of mediation in which I played a lead role, we brought to a $90 MM settlement. I did a great deal of the briefing for both the Preliminary Settlement Approval and Final Settlement Approval, and argued both of those Settlement Approval Motions. Subsequently I played a direct role in responding to the Objectors' appeal to the Ninth Circuit, and wrote much of the brief requested by the United States Supreme Court to respond to the petition for certiorari filed by one objector. The Supreme Court denied that petition for a writ of certiorari. *See Eric Alan Isaacson v. Meta Platforms, Inc., FKA Facebook, Inc., et al.*, No.24-259.

8. As the preceding paragraphs demonstrate, I have extensive first-chair experience in large class actions, including plaintiffs' privacy rights cases. Besides that, I have taken what I conservatively estimate to be over 450 depositions, including those of senior corporate executives, board members and expert witnesses. I have briefed and argued countless dispositive motions, and personally tried approximately fifteen cases, including, for example, a two-week jury trial in a complex product liability case and a two-week jury trial in a non-competition/non-solicitation case.

3

9.      I have been intensely involved in this case from its outset.  As my Declaration of December 17, 2016 (D.I. 168-4) (incorporated, with previous Declarations, by reference here) shows, as of that date I had already worked some 994.7 hours on this case, and, since then, have devoted hundreds of additional hours to this case in briefing, discovery, court and counsel conferences and oral arguments.  Recently, and just for example, I prepared for and took the depositions of Google witnesses Lawrence You and Benigne Deprey.  I prepared one of the Named Plaintiffs, Jose Bermudez for his deposition and defended that deposition.

10.      I respectfully submit that the requirement of competent and vigorous representation is met.  This Court noted in appointing my firm (along with the other two members of the Executive Committee) as interim Class Counsel pursuant to Rule 23(g)(3) of the Federal Rules of Civil Procedure (D.I. 44.) our firms' "experience in large class actions and with substantial privacy rights litigation," our "impressive credentials and the underlying qualifications to serve as lead counsel," our "understanding of the legal issues," our "work to identify or investigate potential claims," and "the resources [we] will bring to bear on behalf of the putative class."  (*Id.* at 3–4.)

11.      I respectfully submit that the foregoing demonstrates that my experience and work in this case supports my appointment to represent the Class in this case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 16th day of January, 2026, at Clinton, New York.

 _/s/ Stephen G. Grygiel_
Stephen G. Grygiel